MICHAEL A. LADRA (Bar No. 64307)
mike.ladra@lw.com
MATTHEW RAWLINSON (Bar No. 231890)
matt.rawlinson@lw.com
ALLISON S. DAVIDSON (Bar No. 267964)
allison.davidson@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendants
(see signature page for complete list)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br>OKI SEMICONDUCTOR AMERICA, INC.; OKI ELECTRIC INDUSTRY CO., LTD.; OKI DATA AMERICAS, INC.; OKI ELECTRIC AMERICA, INC.; LAPIS SEMICONDUCTOR CO., LTD.; ROHM SEMICONDUCTOR USA, LLC, and DOES ONE THROUGH TEN inclusive,<br>                                    Defendants. | Case No. 5:12-cv-04175-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>**Date**:       November 30, 2012<br>**Time**:       9:00 a.m.<br>**Courtroom**: 4, 5th Floor<br>**Judge**:      Hon. Edward J. Davila |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED .................................................................... 3

III. PLAINTIFFS' ALLEGATIONS OF FACTS ........................................................................ 3

IV. ARGUMENT ......................................................................................................................... 4

    A. Legal Standard Governing Fraudulent Joinder ........................................................ 4

    B. Plaintiffs Have Failed To State A Cause Of Action Against The Fraudulently Joined Defendants ............................................................................... 6

        1. Plaintiffs Have Failed to State a Claim for Breach of Contract Against the Fraudulently Joined Defendants ............................. 6

        2. Plaintiffs' Allegations Against the Fraudulently Joined Defendants Are Insufficient To State a Claim .......................................... 6

        3. The "Evidence" Cited By Plaintiff In Their Motion To Remand Does Not Support Remand ............................................................ 9

V. CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Addison v. Allstate Ins. Co.*,
 58 F. Supp. 2d 729 (S.D. Miss. 1999) ............................................................................... 7

*Appling v. Wachovia Mortgage, FSB*,
 745 F. Supp. 2d 961 (N.D. Cal. 2010) ........................................................................... 1, 6

*Asher v. Pacific Power & Light Co.*,
 249 F. Supp. 671 (N.D. Cal. 1965) ..................................................................................... 9

*Brown v. Allstate Ins. Co.*,
 17 F. Supp. 2d 1134 (S.D. Cal. 1998) .............................................................................. 5, 8

*Cava v. NetVersant-National, Inc.*,
 No. C 07-3224 SBA, 2007 WL 4326754 (N.D. Cal. Dec. 7, 2007) ...................................... 5

*Cavallini v. State Farm Mutual Auto Ins. Co.*,
 44 F.3d 256 (5th Cir. 1995) ............................................................................................. 10

*Clemens v. American Warranty Corp.*,
 193 Cal. App. 3d 444 (1987) ................................................................................... 6, 7, 8

*Doe v. Unocal Corp.*,
 248 F.3d 915 (9th Cir. Cal. 2001) .................................................................................. 11

*Gomes v. Michael Stores, Inc.*,
 No. CIV. S-06-1921 LKK/KJM, 2006 U.S. Dist.
 LEXIS 81354 (E.D. Cal. Oct. 26, 2006) ........................................................................ 5, 7

*Lipman v. Rice*,
 213 Cal. App. 2d 474 (1963) ............................................................................................ 9

*McCabe v. General Foods Corp.*,
 811 F.2d 1336 (9th Cir. 1987) ................................................................................. 4, 5, 6

*Mireles v. Wells Fargo Bank N.A.*,
 845 F. Supp. 2d 1034 (C.D. Cal. 2012) ............................................................................. 8

*Morris v. Princess Cruises, Inc.*,
 236 F.3d 1061 (9th Cir. 2001) ............................................................................. 1, 2, 5, 10

*Plute v. Roadway Package Sys.*,
 141 F. Supp. 2d 1005 (N.D. Cal. 2001) ............................................................................ 10

*Ritchey v. Upjohn Drug Co.*,

139 F.3d 1313 (9th Cir. 1998) .................................................................................................5

*Roman Catholic Archbishop of San Francisco v. Sup. Ct.*,
    15 Cal. App. 3d 405 (Cal. App. 1st Dist. 1971) ..................................................................... 11

*Sessions v. Chrysler Corp.*,
    517 F.2d 759 (9th Cir. 1975) .............................................................................................. 5, 6

*Soliman v. Philip Morris, Inc.*,
    311 F.3d 966 (9th Cir. 2002) ....................................................................................... 2, 9, 11

*Spanish Hills Surgery Ctr., LLC v. Aetna Health of Cal.*,
    Case No. CV 09-06384 MMM (FMOx), 2009 U.S. Dist. LEXIS 109322 (C.D.
    Cal. Nov. 4, 2009) ...................................................................................................................5

*U.S. v. Bestfoods*,
    524 U.S. 51 (1998) ............................................................................................................... 11

*United Computer Sys., Inc. v. AT&T Corp.*,
    298 F. 3d 756 (9th Cir. 2002) ................................................................................................ 8

**STATUTES**

28 U.S.C. § 1332(a) .......................................................................................................................2

28 U.S.C. § 1441(a) .......................................................................................................................2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANTS' OPPOSITION TO MOTION TO REMAND
Case No. 5:12-cv-04175-EJD

iii

## I. INTRODUCTION

On June 22, 2012, Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere" and, collectively, "Plaintiffs) filed this action in California Superior Court for Santa Clara County against Defendants Oki Semiconductor America, Inc. ("OSA"), Oki Electric Industry Co., Ltd. ("Oki Japan"), Oki Data Americas, Inc. ("ODA"), Oki Electric America, Inc. ("OEA"), Lapis Semiconductor Co., Ltd. ("LSC") and Rohm Semiconductor USA, LLC ("RSU" and, collectively, "Defendants"). Plaintiffs assert a single cause of action in their Complaint: breach of contract against all Defendants arising from a Customized GPS RF Chipset Development and Purchase Agreement ("Agreement") that Plaintiff NavCom entered into with Oki Semiconductor Co. on December 14, 2005. Dkt. 1-1, Compl. ¶ 16.

On August 8, 2012, Defendant Oki Japan removed this action to this Court on the ground that complete diversity exists among the proper parties to the lawsuit. Specifically, Oki Japan argues that each of the non-diverse defendants, LSC and ODA was "fraudulently" joined because Plaintiffs have failed to state a cause of action against any of them. Dkt. 1, Not. of Removal at 4 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.")). The only claim asserted against any of the Defendants is a breach of contract claim. In their Complaint, however, Plaintiffs failed to plead any facts that would support the existence of a contract between Plaintiffs and any of these Defendants – OSA, ODA, OEA, RSU and LSC (collectively, the "Fraudulently Joined Defendants") – much less any acts that would constitute a breach of contract by the Fraudulently Joined Defendants. *See Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 974 (N.D. Cal. 2010). Because the Complaint contains no such allegations, the Fraudulently Joined Defendants may not be considered for purposes of diversity jurisdiction, and should be dismissed from the lawsuit. *See, e.g. id*; *Morris*, 236 F.3d at 1067.

Plaintiffs' Motion to Remand ("Motion") does not – and cannot – contest Defendant Oki Japan's claim that the Complaint does not contain the basic allegations necessary to sustain a cause of action for breach of contract against any of the Fraudulently Joined Defendants.

Instead, Plaintiffs seek to distract the Court by citing various corporate relationships and attaching to their Motion "evidence" referring to various transactions that have occurred since the Agreement was entered into. This "evidence" cannot substitute for allegations that are not found in the Complaint, and even if it could be properly considered it fails to support remand on the merits.

At most, the material shows corporate relationships (in some instances, attenuated relationships) between the Fraudulently Joined Defendants and the signatory to the contract. Plaintiffs, however, make no effort in their Complaint to allege how these relationships are relevant to the Agreement or any claim for breach of contract. Rather, Plaintiffs admit in their Motion that they have simply alleged a breach of contract claim against any entity that *might* be liable. *See* Mot. at 2 (Plaintiffs plead allegations against "all *potentially* liable entities (including Doe defendants).") (emphasis added). But Plaintiffs clearly understand that the proper way to plead such hypothetical claims is to plead them against "Doe defendants" (*id*; Dkt. 1-1, Compl. ¶ 14 (asserting breach of contract claim against Defendants Does One through Ten)) – whose citizenship is disregarded for purposes of removal. *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[t]he citizenship of fictitious defendants is disregarded for removal purposes"). Plaintiffs cannot avoid this rule, and defeat diversity jurisdiction, merely by naming as defendants local members of the corporate "family" against whom it has no basis to allege a breach of contract claim.

Because Plaintiffs have failed to state a claim against the Fraudulently Joined Defendants, those parties must be disregarded for purposes of the diversity analysis in this case (*see Morris*, 236 F.3d at 1067), leaving Oki Japan – a Japanese corporation – as the only remaining defendant in this action[1]. As such, this action was properly removed to this Court where, as here, there is diversity of citizenship of all named parties not fraudulently joined. 28 U.S.C. §§ 1332(a); 1441(a) . Accordingly, the Court should deny Plaintiffs' Motion to Remand.

---

[1] Concurrent with this Opposition to Plaintiffs' Motion to Remand, the Fraudulently Joined Defendants are filing a Motion to Dismiss Plaintiffs' Complaint against Fraudulently Joined Defendants for failure to state a claim.

## II.  STATEMENT OF ISSUES TO BE DECIDED

Does Plaintiffs' Complaint fail to state a cause of action for breach of contract against OSA, ODA, OEA, RSU and LSC, such that they have been fraudulently joined and should be disregarded for purposes of diversity jurisdiction in this case?

## III.  PLAINTIFFS' ALLEGATIONS OF FACTS[2]

On December 14, 2005, Plaintiff NavCom entered into the Agreement with Oki Semiconductor Co., who is not a named defendant in this action. The Agreement related to efforts to design and build prototype chips based on a specification for the Nova RF ASIC provided by NavCom. Dkt. 1-1, Compl. ¶ 16. Plaintiffs' Complaint alleges that Oki Semiconductor Co. delivered the first prototype chips under the Agreement in April 2007, but, because these prototype chips had failures and were not usable, NavCom and Oki Semiconductor Co. determined that a major redesign was needed – and Oki Semiconductor Co. agreed to such a redesign. *Id.* ¶¶ 2, 20-21. Plaintiffs also allege that Oki Semiconductor Co. failed to deliver the prototypes to NavCom, and, on or about June 30, 2008, Oki Japan informed NavCom that it was abandoning the contract. *Id.* ¶ 2.

<u>Oki Electric Industry Co. Ltd. ("Oki Japan")</u>

Oki Japan is a Japanese corporation, with its principle place of business in Tokyo, Japan. Dkt. 1-1, Compl. ¶ 9. Oki Japan removed this action, and has not claimed that it has been fraudulently joined. Oki Japan does not dispute that it is the successor in liability to Oki Semiconductor Co.'s obligations under the Agreement, and it is prepared to dispute Plaintiffs' claims on the merits.

<u>Oki America Semiconductor, Inc. ("OSA")</u>

The Complaint does not allege that OSA was a party to the Agreement. *See* Dkt. 1-1, Compl ¶¶ 8, 16. Nor does the Complaint allege any facts that would support the conclusion that

---

[2] The factual allegations, including the descriptions of the various corporate relationships set forth below, are taken from Plaintiffs' allegations in the Complaint. Defendants do not endorse these facts, nor necessarily accept their accuracy, but do not contest them for purposes of this Motion.

1  the Agreement imposes any obligation on OSA.  *Id*. ¶¶ 16-22.  Rather, Plaintiffs only specific
2  allegation with respect to OSA is that Oki Semiconductor Co. was an "operating group" of OSA
3  (under its previous name, Oki America, Inc.).  *Id*. ¶ 8.  OSA dissolved at the end of 2009.
4  Declaration of Allison S. Davidson, Ex. A.

5  <u>Oki Data Americas, Inc. ("ODA") and Oki Electric America, Inc. ("OEA")</u>
6  ODA is a Delaware corporation, with its principle place of business in Laurel, New
7  Jersey.  Dkt. 1-1, Compl. ¶ 10.  OEA is a California corporation with its principle place of
8  business in Sunnyvale, California.  *Id*. ¶ 11.  The Complaint does not allege that ODA or OEA
9  were parties to the Agreement.  *See id*. ¶¶ 10-11, 16.  Nor does the Complaint allege any facts
10 that would support the conclusion that that the Agreement imposes any obligation on ODA or
11 OEA.  *Id*. ¶¶ 16-22.  Plaintiffs only specific allegations with respect to ODA and OEA are that
12 they are both subsidiaries of Oki Japan.  *Id*. ¶¶ 10-11.

13 <u>Rohm Semiconductor USA, LLC ("RSU") and Lapis Semiconductor Co., Ltd. ("LSC")</u>
14 RSU is Delaware corporation with its principle place of business in California.  *Id*. ¶ 13.
15 LSC is a Japanese corporation with its primary place of business in Tokyo, Japan.  *Id*. ¶ 12.  The
16 Complaint does not allege that RSU or LSC were parties to the Agreement.  *See id*.  ¶¶ 12-13,
17 16.  Nor does the Complaint allege any facts that would support the conclusion that that the
18 Agreement imposes any obligation on RSU or LSC.  *Id*. ¶¶ 16-22.  Plaintiffs only specific
19 allegations with respect to RSU and LSC are that they operate as subsidiaries of Rohm Electric
20 Industry Co., Ltd. and Rohm Co., Ltd, respectively.  *Id*.  ¶¶ 12-13.

21 **IV.    ARGUMENT**
22 **A.  Legal Standard Governing Fraudulent Joinder**
23 "Fraudulent joinder is a term of art."  *McCabe v. General Foods Corp.*, 811 F.2d 1336,
24 1339 (9th Cir. 1987).  If a plaintiff fails to state a cause of action against a resident defendant,
25 and the failure is obvious according to the settled pleading rules of the state, the joinder of the
26 resident defendant is "fraudulent."  *Id*.  Under such circumstances, the citizenship of such
27 fraudulently joined parties will be disregarded for purposes of diversity analysis.  *Spanish Hills*
28 *Surgery Ctr., LLC v. Aetna Health of Cal.*, Case No. CV 09-06384 MMM (FMOx), 2009 U.S.

1  Dist. LEXIS 109322, *5-7 (C.D. Cal. Nov. 4, 2009); *see also Morris*, 236 F.3d at 1067 (where a
2  non-diverse defendant is fraudulently joined, there is an exception to the requirement of
3  complete diversity); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)
4  ("fraudulently joined defendants will not defeat removal on diversity grounds").

5  Though defendants' bear the "burden" of demonstrating fraudulent joinder[3], *id.*, it is well
6  settled that they may do so simply by showing that the allegations in the complaint against the
7  non-diverse defendants are facially deficient.  *See McCabe*, 811 F.2d at 1339 (defendants
8  fraudulently joined when, on the basis of the complaint, no cause of action had been stated
9  against them); *see also Gomes v. Michael Stores, Inc.*, No. CIV. S-06-1921 LKK/KJM, 2006
10 U.S. Dist. LEXIS 81354, *5-7 (E.D. Cal. Oct. 26, 2006) (defendant fraudulently joined when
11 bare assertions in the complaint, without any specific factual allegations, were insufficient to
12 state a claim under California law).

13 Furthermore, as with a motion to dismiss, a plaintiff's claims must stand or fall based on
14 the allegations in the complaint that existed at the time of removal, not later identified or
15 extraneous claims: "Whether an action should be remanded must be resolved by reference to the
16 complaint at the time the petition for removal was filed."  *Brown v. Allstate Ins. Co.*, 17 F. Supp.
17 2d 1134, 1137 (S.D. Cal. 1998); *see also Cava v. NetVersant-National, Inc.*, No. C 07-3224
18 SBA, 2007 WL 4326754, *2 (N.D. Cal. Dec. 7, 2007) ("[t]he propriety of removal is determined
19 solely on the basis of the pleadings filed in state court, *i.e.,* by looking 'to the complaint at the
20 time the removal petition was filed.'")

21 Applying this standard to Plaintiffs' Complaint, it is clear that Plaintiffs have failed to
22 allege facts that could sustain a cause of action against any of the Fraudulently Joined
23 Defendants.  Therefore, they should be disregarded for purposes of determining whether federal
24 diversity jurisdiction exists.

---

[3] Plaintiffs make much ado of a defendant's burden on a claim of fraudulent joinder, but the burden here is analogous to the burden on a motion to dismiss (*see Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. Cal. 1998) (citing *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760-61 (9th Cir. 1975) – a standard that the Fraudulently Joined Defendants can clearly meet with respect to the claims against them.

**B. Plaintiffs Have Failed To State A Cause Of Action Against The Fraudulently Joined Defendants**

1. Plaintiffs Have Failed to State a Claim for Breach of Contract Against the Fraudulently Joined Defendants

California law is clear: in order to state a claim for breach of contract, a plaintiff must plead facts establishing (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *See Appling*, 745 F. Supp. 2d at 974. Moreover, "[u]nder California law, only a signatory to a contract may be liable for any breach." *Clemens v. American Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987); *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760 (9th Cir. Cal. 1975) (California law supports the view that only the signatory to the contract in question – and none of the other defendants joined in the action – could be liable to plaintiff for any breach).

In the Complaint, Plaintiffs do not come close to stating a claim for breach of contract against any of the Fraudulently Joined Defendants. The Complaint contains no allegations that a contract existed between any of the Fraudulently Joined Defendants and Plaintiffs, nor do they allege that any of the Fraudulently Joined Defendants were signatories to the contract in question, nor that the contract imposed obligations on any of them. Dkt. 1-1, Compl. ¶ 16 ("NavCom and Oki Semiconductor Co. entered into the….Agreement."); Dkt. 13, Ex. A at 3 (executed version of the Agreement showing Oki Semiconductor Co. as the only signatory to the Agreement). On this basis alone, it is clear that no cause of action has been stated against the Fraudulently Joined Defendants. *McCabe*, 811 F.2d at 1339 (concluding that the district court "could rightly conclude that no cause of action had been stated against" the non-diverse defendants based "[o]n the basis of the complaint alone" because the complaint did not make the requisite allegations for the stated cause of action).

2. Plaintiffs' Allegations Against the Fraudulently Joined Defendants Are Insufficient To State a Claim

In their Motion, Plaintiffs counter that they have properly pleaded allegations against the Fraudulently Joined Defendants because they have ***asserted their breach of contract claims***

*against them*: "[t]he sole cause of action asserted in the Complaint, for breach of contract, is asserted against all Defendants." Mot. at 6.  But Plaintiffs' position directly contradicts the relevant case law, which holds that "a bare assertion…without any specific factual allegation, is [not] sufficient to state a claim under California law."  *Gomes*, 2006 U.S. Dist. LEXIS 81354 at *5-7.  Rather, "a plaintiff 'must plead specific facts, not mere conclusory allegations' to defeat a charge of fraudulent joinder."  *Id*. (citing *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 734 (S.D. Miss. 1999)).  In *Addison*, the court acknowledged that, "[w]hile the burden is on defendant to establish that [the non-diverse defendant's] joinder was fraudulent, the court has uncovered no case where a defendant was required to present evidence when attacking a complaint which, on its face, failed to include the factual allegations necessary to state a claim…" *Addison*, 58 F. Supp. at 733, n.3.  Plaintiffs fail to meet this pleading requirement where, on its face, their Complaint fails to include *any* factual allegations necessary to state a claim for breach of contract against the Fraudulently Joined Defendants.  *Id*.

In the Complaint, Plaintiffs only factual allegation of the "existence of a contract" is against Oki Semiconductor Co. (Dkt. 1-1, Compl. ¶ 16) – an entity not listed as a defendant in the Complaint.  The only factual allegations of "defendant's breach" are also against Oki Semiconductor Co.  *Id*. ¶ 27 ("*Oki Semiconductor Co*. was obligated under the Agreement to…develop and deliver functional engineering protoypes of the Nova RF ASIC and to supply the RF ASICs to Navcom.  *Oki Semiconductor Co*. breached its obligations under the Agreement by…failing to deliver functional engineering prototypes, failing to supply the RF ASICs, and by abandoning the Agreement.") (emphasis added).  Plaintiffs make no similar allegations against the Fraudulently Joined Defendants.

Plaintiffs also try to save their deficient Complaint by arguing that they plead allegations against entities that have a "connection to the contract between NavCom and the contracting Oki entity." Mot. at 6.  But merely pleading some sort of "connection" does not meet the pleading requirement necessary to state a claim for breach of contract under California law.  *See, e.g., Clemens*, 193 Cal. App. at 452 (where a contract recited the appointment of a named defendant as administrator of the agreement, the involvement of that administrator in the agreement "did

7

DEFENDANTS' OPPOSITION TO MOTION TO REMAND
Case No. 5:12-cv-04175-EJD

1  not rise to the level of [it] being [a] part[y] to the contract," which meant it could not be liable for
2  breach of that contract); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F. 3d 756, 761-
3  762 (9th Cir. 2002).

4  The courts have applied this rule consistently. For instance, in *United Computer Sys.*, the
5  court found that the "district court's order dismissing [the non-diverse defendant] contained all
6  the findings requisite to placing this case squarely within our fraudulent joinder doctrine." *Id*. In
7  reaching that conclusion, the court noted the district court's finding that the non-diverse
8  defendant "is not a party to any relevant contract on which plaintiff could predicate a claim
9  against her" and also noted that "it is readily apparent that all three claims against [the non-
10 diverse defendant] are predicated (frivolously) on the Agreement between [plaintiff] and [the
11 diverse defendant]," but that "[u]nder California law, 'only a signatory to a contract may be
12 liable for breach.'" *Id*. (citing *Clemens*, 193 Cal. App. at 452); *see also Mireles v. Wells Fargo*
13 *Bank N.A.*, 845 F. Supp. 2d 1034, 1066 (C.D. Cal. 2012) ("plaintiffs' breach of contract claim
14 does not allege that plaintiffs had a contract with [the non-diverse defendant]…[a]s the existence
15 of a contract is one of the elements of a breach of contract claim, it appears that this claim cannot
16 proceed against [the non-diverse defendant].").

17 The same is true here – where Plaintiffs have failed to make any factual allegations
18 supporting a breach of contract claim against the Fraudulently Joined Defendants. *See Brown*,
19 17 F. Supp. 2d at 1137 ("[t]he complaint as it existed at removal does not allege any wrongdoing
20 by the [non-diverse] defendants. Therefore, these defendants are fraudulently joined and are
21 hereby dismissed"). The only basis for a "connection" to the contract at issue offered by
22 Plaintiffs in their Complaint is the suggestion that Oki Semiconductor Co. was an "operating
23 group" of OSA. Dkt. 1-1, Compl. ¶¶ 1, 8. But this vague allegation falls well short of pleading a
24 fact that would give rise to liability on behalf of OSA and fails to even to identify what the legal
25 relationship between the two entities is, if any. Not only do Plaintiffs fail to make any factual
26 allegation that OSA is liable under the contract, they also fail to allege any facts that would
27 support imposing Oki Semiconductor Co.'s contract obligations on OSA.
28

The only additional allegation of a "connection" in Plaintiffs' Motion is the half-hearted suggestion that one of the Fraudulently Joined Defendants might be the "successor" to the contracting party. Mot. at 2. This theory is not supported by any factual allegations in the Complaint, nor even any substantive argument in Plaintiffs' Motion. This one-line suggestion merely highlights that Plaintiffs have even less of a basis to assert claims against these parties than they do against Doe Defendants One through Ten. Dkt. 1-1, Compl. ¶ 14 (alleging, on information and belief, that "Defendants Does One through Ten are successors-in-interest to and/or have assumed the liabilities of Oki Semiconductor Co., including the contract"). Plaintiffs' statement in their Motion that they have simply asserted claims against "all potentially liable entities (including Doe defendants)" (Mot. at 2) constitutes an admission that they have no present basis to allege claims for breach of contract against the Fraudulently Joined Defendants. Given that, the Fraudulently Joined Defendants should be dismissed, and certainly should be treated no differently than that Doe defendants for purposes of determining diversity. *Soliman*, 311 F.3d at 971 (citizenship of Doe defendants disregarded for removal purposes).[4] Plaintiffs cannot avoid the jurisdictional rules that apply to Doe defendants simply by asserting claims that are pre-mature at best (and most likely baseless) against non-diverse members of the corporate family, against whom it has no present basis to allege successor liability or any other cognizable theory of contract liability.

        3.    <u>The "Evidence" Cited By Plaintiff In Their Motion To Remand Does Not Support Remand</u>

In another tacit admission that the Complaint does not include allegations that would support claims against the Fraudulently Joined Defendants, Plaintiffs cite to additional "evidence" and make new allegations in their Motion that are not contained in the operative Complaint. But, "'piercing the pleadings' and considering summary judgment-type evidence" for

---

[4] *See, e.g., Asher v. Pacific Power & Light Co.*, 249 F. Supp. 671, 675, n.1 (N.D. Cal. 1965) ("[t]he purpose of the [California provision permitting the use of fictitious names] is to help a plaintiff who truly does not know the name of someone against whom he states a cause of action, in order to prevent running of the statute of limitations") (quoting *Lipman v. Rice*, 213 Cal. App. 2d 474 (1963))

fraudulent joinder claims (*Morris*, 236 F.3d at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)) is done only to "determine if the joinder was a sham." *See Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Such a procedure may not be used, however, as a vehicle to defeat removal by introducing new legal theories that are not made in the complaint. *See Cavallini*, 44 F.3d at 263. Rather, the courts have made it clear that plaintiffs may not use such evidence to support remand on a "legal theory not alleged in the state court complaint":

> [Plaintiffs] did not cite, nor have we found, any case in which [evidence outside of the pleadings] has been considered to determine whether a claim has been stated against the nondiverse defendant under a legal theory not alleged in the state court complaint. In short, [Plaintiffs] cannot rely on [such evidence] to state [their claim] against [the nondiverse defendant].

*See id.* Here, Plaintiffs make no allegations in the Complaint with respect to their theory of liability for the Fraudulently Joined Defendants, and their efforts to do so here are inapposite.

Even if Plaintiffs' "evidence" were properly considered for purposes of Plaintiffs' Motion (and it is not), it would not come close to justifying remand. Plaintiffs do not attempt to offer "evidence" of the existence of a contract or breach of any such contract between Plaintiffs and the Fraudulently Joined Defendants. Instead, Plaintiffs only offer "evidence" that allegedly shows that that the California-based companies named as defendants have a "connection to the contract between NavCom and the contracting Oki entity" by setting forth in greater detail these parties' alleged corporate relationship with Oki Semiconductor Co. Mot. at 6-7.[5]

---

[5] Specifically, Plaintiffs attach to their Motion "evidence" that allegedly supports the claim that Oki Semiconductor Co. was an operating group of OSA (Dkt. 1-1, Compl. ¶ 8; Dkt. 13 at 4.); that ODA and OEA are subsidiaries of Oki Japan – which in turn held an interest in Oki Semiconductor Co. (Dkt. 1-1, Compl. ¶¶ 9-11; Dkt. 13 at 4); that LSC is a subsidiary of Rohm Co., Ltd (Dkt. 1-1, Compl. ¶ 12; Dkt. 13 at 4); and that RSU is a subsidiary of Rohm Electric Industry Co., Ltd. – which in turn holds an interest in OSA (under which Oki Semiconductor Co. was an operating group). Dkt. 1-1, Compl. ¶ 13; Dkt. 13 at 4. Plaintiffs also submit evidence about corporate transactions that have occurred since the Agreement between NavCom and Oki Semiconductor was executed, *e.g.*, that Oki Japan purportedly spun off its semiconductor operations into a new company and transferred a 95% ownership interest in the new company to an entity of Rohm Company. Mot. at 4. But this "evidence" of a corporate transaction does not support any allegations made in the Complaint. *See supra* at II (the only allegation in the Complaint that references any "Rohm Company" (which is not a named

None of the evidence even purports to address the contract at issue (*id.*), and as noted above, merely showing evidence of a corporate relationship between parties is not enough to allege that that party is liable for breach of contract. *See, e.g, U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998). Only in instances where the court determines that the parent is the "alter ego" of the subsidiary will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary. *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. Cal. 2001). Plaintiffs have not alleged that any of the California-based companies named as defendants are the alter ego of Oki Semiconductor Co., nor any facts to infer such a relationship.

In any event, the "alter ego" theory "makes a 'parent' liable for the actions of a 'subsidiary' which it controls, but it does not mean that where a 'parent' controls several subsidiaries each subsidiary then becomes liable for the actions of all other subsidiaries. There is not respondent superior between the subagents." *See Roman Catholic Archbishop of San Francisco v. Sup. Ct.*, 15 Cal. App. 3d 405, 412 (Cal. App. 1st Dist. 1971). As such, Plaintiffs' allegations and "evidence" provide no basis for holding the California-based companies named as defendants – nor any of the other Fraudulently Joined Defendants – liable for a breach of contract by Oki Semiconductor Co.

As noted above, the only other basis for a "connection" offered by Plaintiffs in their Motion is the half-hearted suggestion that one of the Fraudulently Joined Defendants might be the "successor" to the contracting party (Mot. at 2) – a theory not alleged in the Complaint. But Plaintiffs cannot defeat diversity by naming related parties against whom it cannot state a claim, on theory that it might, at some point, have a basis to state a claim against them. Rather, as discussed above, claims against such parties should be treated the same as Plaintiffs' claims against the Doe defendants (*see supra* at III.B.2) – who are disregarded for purposes of determining diversity. *Soliman, Inc.*, 311 F.3d at 971.

---

defendant) is with respect to RSU; Plaintiffs allege that RSU operates as a subsidiary of Rohm Electric Industry Co., Ltd. Dkt. 1-1, Compl. ¶ 13.).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied, and this action should proceed in this Court, to which it was properly removed.

Dated: September 21, 2012

Respectfully submitted,

LATHAM & WATKINS, LLP

By: _____/s/ Michael A. Ladra_____
Michael A. Ladra (Bar No. 64307)
mike.ladra@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Email: mike.ladra@lw.com

Attorneys for Defendants
Oki Electric Industry Co., Ltd.
Oki Electric America, Inc.
Rohm Semiconductor USA, LLC
Oki Data Americas, Inc.
Lapis Semiconductor Co., Ltd.