| | |
|---|---|
| 1 | MICHAEL A. LADRA (Bar No. 64307) |
| | mike.ladra@lw.com |
| 2 | MATTHEW RAWLINSON (Bar No. 231890) |
| | matt.rawlinson@lw.com |
| 3 | ALLISON S. DAVIDSON (Bar No. 267964) |
| | allison.davidson@lw.com |
| 4 | LATHAM & WATKINS LLP |
| | 140 Scott Drive |
| 5 | Menlo Park, CA 94025 |
| | Telephone: (650) 328-4600 |
| 6 | Facsimile: (650) 463-2600 |
| 7 | Attorneys for Defendants |
| 8 | (see signature page for complete list) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY, | Case No. 5:12-cv-04175-EJD |
| Plaintiffs, | **DEFENDANTS OKI DATA AMERICAS, INC., OKI ELECTRIC AMERICA, INC., LAPIS SEMICONDUCTOR CO., LTD. AND ROHM SEMICONDUCTOR USA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| OKI SEMICONDUCTOR AMERICA, INC.; OKI ELECTRIC INDUSTRY CO., LTD.; OKI DATA AMERICAS, INC.; OKI ELECTRIC AMERICA, INC.; LAPIS SEMICONDUCTOR CO., LTD.; ROHM SEMICONDUCTOR USA, LLC, and DOES ONE THROUGH TEN inclusive, | |
| Defendants. | **Date**: November 30, 2012<br>**Time**: 9:00 a.m.<br>**Courtroom**: 4, 5th Floor<br>**Judge**: Hon. Edward J. Davila |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 30, 2012 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 4, Fifth Floor of the above-entitled Court located at 280 South First Street, San Jose, California, Defendants Oki Data Americas, Inc. ("ODA"), Oki Electric America, Inc. ("OEA"), Lapis Semiconductor Co., Ltd. ("LSC") and Rohm Semiconductor USA, LLC ("RSU" and, collectively, the "Fraudulently Joined Defendants") will and hereby do move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiffs' NavCom Technology, Inc. and Deere & Company ("Plaintiffs") Complaint for Damages for Breach of Contract against the Fraudulently Joined Defendants.

The Fraudulently Joined Defendants move to dismiss Plaintiffs' Complaint for Damages for Breach of Contract on the ground that Plaintiffs fail to state a claim upon which relief can be granted. This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities in support thereof, all records and pleadings on file with the Court in this matter, all matters of which the Court may take judicial notice, and upon such other matters as may be presented to the Court at the time of hearing on the motion.

Dated:  September 21, 2012               Respectfully submitted,

                                         LATHAM & WATKINS, LLP


                                         By:        /s/  Michael A. Ladra
                                         Michael A. Ladra (Bar No. 64307)
                                         mike.ladra@lw.com
                                         140 Scott Drive
                                         Menlo Park, CA 94025
                                         Telephone: (650) 328-4600
                                         Email: mike.ladra@lw.com

                                         Attorneys for Defendants
                                         Oki Electric America, Inc.
                                         Rohm Semiconductor USA, LLC
                                         Oki Data Americas, Inc.
                                         Lapis Semiconductor Co., Ltd.

## I. INTRODUCTION

On June 22, 2012, Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere" and, collectively, "Plaintiffs") filed this action in California Superior Court for Santa Clara County against Defendants Oki Semiconductor America, Inc. ("OSA"), Oki Electric Industry Co., Ltd. ("Oki Japan"), Oki Data Americas, Inc. ("ODA"), Oki Electric America, Inc. ("OEA"), Lapis Semiconductor Co., Ltd. ("LSC") and Rohm Semiconductor USA, LLC ("RSU").  Plaintiffs assert a single cause of action in their Complaint: breach of contract against all defendants arising from a Customized GPS RF Chipset Development and Purchase Agreement ("Agreement") that Plaintiff NavCom entered into with Oki Semiconductor Co. on December 14, 2005.  Dkt. 1-1, Compl. ¶ 16.

On August 8, 2012, Oki Japan (who is not a party to this Motion) removed this action to this Court on the ground that complete diversity exists among the proper parties to the lawsuit. Specifically, Oki Japan argues that each of the non-diverse defendants was "fraudulently" joined because Plaintiffs have failed to state a cause of action against any of them.  Dkt. 1, Notice of Removal at 4 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.")).  For the same reason, ODA, OEA, RSU and LSC (collectively, the "Fraudulently Joined Defendants") are moving to dismiss Plaintiffs' claims against them[1].  In Plaintiffs' Complaint for Damages for Breach of Contract ("Complaint"), the only claim asserted against any of the defendants is a breach of contract claim.  In their Complaint, however, Plaintiffs failed to plead any facts that would support the existence of a contract between Plaintiffs and any of the Fraudulently Joined Defendants, much less any acts that would constitute a breach of contract by the Fraudulently Joined Defendants.  *See Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 974 (N.D. Cal. 2010).  Because the Complaint contains no such allegations, Plaintiffs' Complaint against

---

[1] Plaintiffs' Complaint also fails to state a claim for breach of contract against Defendant OSA – and the same arguments made herein apply to OSA with equal force.  However, OSA is dissolved and no longer exists and has not made an appearance in this action.

the Fraudulently Joined Defendants should be dismissed for failure to state a cause of action.

The core premise of Plaintiffs' Complaint is that NavCom and Oki Semiconductor Co. (who is not a named defendant in this action) entered into a contract (Dkt. 1-1, Compl. ¶¶ 1, 16, 24); Oki Semiconductor Co. failed to deliver products under the contract (*id*. ¶¶ 2, 27); and Oki Semiconductor Co. abandoned the contract. *Id*. But Plaintiffs do not allege that they entered into a contract with any of the Fraudulently Joined Defendants. Nor do they allege facts with respect to the Fraudulently Joined Defendants that would support any basis for liability against a non-signatory. Nor do they allege any specific conduct or actions by the Fraudulently Joined Defendants that they claim constituted a breach of any contractual obligation.

California law, however, is clear: in order to state a cause of action for breach of contract, plaintiffs must plead facts establishing (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *Appling,* 745 F. Supp. 2d at 974. Plaintiffs have failed to plead – with respect to each Fraudulently Joined Defendant – at least two of the elements required to establish a breach of contract cause of action: existence of a contract, and defendant's breach. Accordingly, Plaintiffs' breach of contract cause of action against each of the Fraudulently Joined Defendants fails.

**II.     STATEMENT OF ISSUES TO BE DECIDED**

Does Plaintiffs' Complaint fail to state a cause of action for breach of contract against ODA, OEA, RSU and LSC?

**III.    PLAINTIFFS' ALLEGATIONS OF FACTS**

On December 14, 2005, Plaintiff NavCom entered into the Agreement with non-party Oki Semiconductor Co. The Agreement related to efforts to design and build prototype chips based on a specification for the Nova RF ASIC provided by NavCom. Dkt. 1-1, Compl. ¶ 16.

Plaintiffs allege that "[o]n or about December 14, 2005, NavCom and Oki Semiconductor Co. entered into the…Agreement" (*id*.), and that "Oki Semiconductor Co. was obligated under the Agreement to, among other things, develop and deliver functional engineering prototypes of the Nova RF ASIC and to supply the RF ASICs to NavCom." *Id*. ¶ 27. Plaintiffs further allege

that "Oki Semiconductor Co. breached its obligations under the Agreement by, among other things, failing to deliver functional engineering prototypes, failing to supply the RF ASICs, and by abandoning the Agreement." *Id*.

As noted above, however, Oki Semiconductor Co. is not a named defendant in this matter, and Plaintiffs do not allege that any of the Fraudulently Joined Defendants signed or otherwise entered into the Agreement with NavCom.  Nor do Plaintiffs allege that the Fraudulently Joined Defendants had any obligations – or breached any obligations – under the Agreement.  Instead, Plaintiffs only specific allegations with respect to the Fraudulently Joined Defendants are as follows:

<u>Oki Data Americas, Inc. ("ODA")</u>

The Complaint does not allege that ODA was a party to the Agreement.  *Id*. ¶¶ 10, 16.  Nor does the Complaint allege any facts that would support the conclusion that the Agreement imposes any obligation on ODA.  *Id*. ¶¶ 16-22.  Rather, Plaintiffs only specific allegations with respect to ODA are that it is a Delaware corporation, with its principle place of business in Laurel, New Jersey, and that it is a subsidiary of Oki Japan.  *Id*. ¶ 10.

<u>Oki Electric America, Inc. ("OEA")</u>

The Complaint does not allege that OEA was a party to the Agreement.  *Id*. ¶ 11, 16.  Nor does the Complaint allege any facts that would support the conclusion that the Agreement imposes any obligation on OEA.  *Id*. ¶¶ 16-22.  Rather, Plaintiffs only specific allegations with respect to OEA are that it is a California corporation with its principle place of business in Sunnyvale, California, and that it is a subsidiary of Oki Japan.  *Id*. ¶ 11.

<u>Rohm Semiconductor USA, LLC ("RSU")</u>

The Complaint does not allege that RSU was a party to the Agreement.  *Id*. ¶¶ 13, 16.  Nor does the Complaint allege any facts that would support the conclusion that the Agreement imposes any obligation on RSU.  *Id*. ¶¶ 16-22.  Plaintiffs only specific allegations with respect to RSU are that it is a Delaware corporation with its principle place of business in California, and that it is a subsidiary of Rohm Electric Industry Co., Ltd., which holds an interest in OSA.  *Id*. ¶ 13.

1    Lapis Semiconductor Co., Ltd. ("LSC")

2    The Complaint does not allege that LSC was a party to the Agreement. *Id*. ¶¶ 12, 16.
3    Nor does the Complaint allege any facts that would support the conclusion that the Agreement
4    imposes any obligation on LSC. *Id*. ¶¶ 16-22. Rather, Plaintiffs only specific allegations with
5    respect to LSC are that it is a Japanese corporation with its primary place of business in Tokyo,
6    Japan, and that it operates as a subsidiary of Rohm Co., Ltd. *Id*. ¶ 12.

7    **IV.   ARGUMENT**

8    **A.  Legal Standard Governing Motion To Dismiss**

9    A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the
10   legal sufficiency of the claims asserted in the complaint. *Ferretti v. Pfizer Inc.,* Case No. 11-CV-
11   04486, 2012 U.S. Dist. LEXIS 119115, *10 (N.D. Cal. Aug. 22, 2012).  A claim may be
12   dismissed when there is an "absence of sufficient facts alleged under a cognizable legal theory."
13   *Id*.  Thus, "a motion to dismiss will be granted if the complaint does not proffer enough facts to
14   state a claim for relief that is plausible on its face." *Ally Bank v. Castle*, Case No. 11-CV-895
15   YGR, 2012 U.S. Dist. LEXIS 118452, *17 (N.D. Cal. Aug. 20, 2012).  For purposes of a motion
16   to dismiss, the court must accept the facts alleged in the complaint as true, but is not required to
17   "accept as true pleadings that are no more than legal conclusions or the 'formulaic recitation of
18   the elements' of a cause of action." *Feretti*, 2012 U.S. Dist. LEXIS at *11; *Ally Bank*, 2012 U.S.
19   Dist. LEXIS at * 16-17 ("A plaintiff's obligation to provide the ground of his entitlement to
20   relief 'requires more than labels and conclusions'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.
21   544, 555 (2007)).  In ruling on a motion to dismiss under Rule 12(b)(6), the court may not
22   consider evidence outside the pleadings, except for "documents attached to the complaint,
23   documents incorporated by reference in the complaint, or matters of judicial notice." *United*
24   *States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

25   **B.  Plaintiffs Fail To State A Claim For Breach Of Contract Against The**
26   **Fraudulently Joined Defendants**

27   In order to state a claim for breach of contract under California law, a plaintiff must plead
28   facts establishing (1) the existence of the contract; (2) plaintiff's performance or excuse for

nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *Appling*, 745 F. Supp. 2d at 974. Moreover, "[u]nder California law, only a signatory to a contract may be liable for any breach." *Clemens v. American Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987); *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760 (9th Cir. Cal. 1975) (California law supports the view that only the signatory to the contract in question – and none of the other defendants joined in the action – could be liable to plaintiff for any breach).

### 1. Plaintiffs' Complaint Fails To Allege The Key Elements Of A Claim For Breach of Contract Against The Fraudulently Joined Defendants

In the Complaint, Plaintiffs do not come close to alleging facts that would state a claim for breach of contract against any of the Fraudulently Joined Defendants. The Complaint contains no allegations that a contract existed between any of the Fraudulently Joined Defendants and Plaintiffs. Nor do they allege that any of the Fraudulently Joined Defendants were signatories to the contract at question, or any facts that would justify holding a non-signatory liable for breach of the contract. Dkt. 1-1, Compl. ¶ 16 ("NavCom and Oki Semiconductor Co. entered into the….Agreement."); Request for Judicial Notice, Ex. A at 3 (executed version of the Agreement showing Oki Semiconductor Co. as the only signatory to the Agreement).

On this basis alone, it is clear that no cause of action has been stated against the Fraudulently Joined Defendants. *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034, 1065 (C.D. Cal. 2012) ("Plaintiffs' breach of contract claim does not allege that plaintiffs had a contract with [the defendant]…[a]s the existence of a contract is one of the elements of a breach of contract claim, it appears that this claim cannot proceed against [the defendant]"); *Mora v. U.S. Bank N.A.*, Case No. 11-6598 SC, 2012 U.S. Dist. LEXIS 79357, * 18 (N.D. Cal. June 7, 2012) (dismissing breach of contract cause of action because plaintiffs do not allege "the basics of contract formation; what the terms of the contract were; or under what circumstances [defendant] allegedly breached the contract."); *Soares v. ReconTrust Co., N.A.*, Case No. 12-00070, 2012 U.S. Dist. LEXIS 73383, * 13 (N.D. Cal. May 25, 2012) (dismissing breach of contract cause of action because the complaint failed to identify how defendants breached the

contract); *Coppes v. Wachovia Mortg. Corp.*, Case No. 2:10-cv-01689-GEB-DAD, 2010 U.S. Dist. LEXIS 115865, *15-16 (E.D. Cal. Oct. 29, 2010) (dismissing breach of contract claim where plaintiff's claim was "wholly conclusory and contains no allegation specifying what terms of the contract [defendant] breached or how [defendant] breached the contract.").

In the Complaint, Plaintiffs assert that "[t]his is an action for damages resulting from Defendants' breach of contract with NavCom." Dkt. 1-1, Compl. ¶ 1. But "a bare assertion…without any specific factual allegation, is [not] sufficient to state a claim under California law." *Gomes v. Michael Stores, Inc.*, No. CIV. S-06-1921 LKK/KJM, 2006 U.S. Dist. LEXIS 81354, *5-7 (E.D. Cal. Oct. 26, 2006); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, Plaintiffs' legal conclusions must be supported by factual allegations. *Id.*; *Mora*, 2012 U.S. Dist. LEXIS 79357 at *19. Here, Plaintiffs' Complaint fails to include *any* factual allegations necessary to state a claim for breach of contract against the Fraudulently Joined Defendants.

The only factual allegation of the "existence of a contract" is against Oki Semiconductor Co. Dkt. # 1-1, Compl. ¶ 16 ("On or about December 14, 2005, NavCom and *Oki Semiconductor Co*. entered into the [Agreement].") (emphasis added). The only factual allegations of "defendant's breach" are also against Oki Semiconductor Co. *Id.* ¶ 27 ("*Oki Semiconductor Co*. was obligated under the Agreement to…develop and deliver functional engineering prototypes of the Nova RF ASIC and to supply the RF ASICs to NavCom. *Oki Semiconductor Co*. breached its obligations under the Agreement by…failing to deliver functional engineering prototypes, failing to supply the RF ASICs, and by abandoning the Agreement.") (emphasis added). Without similar allegations against the Fraudulently Joined Defendants, Plaintiffs have failed to state a claim for breach of contract against them. *See Int'l Union of Operating Eng'rs, Local 3 v. Zurich N. Am.*, No. CIV. S-06-0957 WBS KJM, 2006 U.S. Dist. LEXIS 70011, *11 (E.D. Cal. Sept. 26, 2006).

### 2. The Allegations Plaintiffs Do Assert Against The Fraudulently Joined Defendants Are Insufficient To State a Breach of Contract Claim

Plaintiffs only specific allegations with respect to the Fraudulently Joined Defendants – other than alleging their residency – are that each Fraudulently Joined Defendant has, in one way or another, a corporate relationship (in some instances, attenuated relationships) to Oki Semiconductor Co. Plaintiffs allege that ODA and OEA are subsidiaries of Oki Japan – which in turn held an interest in Oki Semiconductor Co. (*id*. ¶¶ 9-11); that LSC is a subsidiary of Rohm Co., Ltd (*id*. ¶ 12)[2]; and that RSU is a subsidiary of Rohm Electric Industry Co., Ltd. – which in turn holds an interest in OSA (under which Oki Semiconductor Co. was an operating group). *Id*. ¶ 13. None of these allegations even purport to address the contract at issue (*id*.), and merely showing evidence of a corporate relationship between parties is not enough to allege that that party is liable for breach of contract. *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.").

Indeed, courts applying California law have routinely rejected contract claims that are based on nothing more than allegations that a defendant is a member of the same corporate family as the signatory to the relevant contract. For instance, in *Int'l Union*, plaintiffs alleged breach of contract against nine defendants based on an insuring agreement concerning fidelity bonds. *Int'l Union of Operating Eng'r, Local 3*, 2006 U.S. Dist. LEXIS at *1. All but one defendant moved to dismiss the claim for failure to state a claim because the agreement at issue was only signed by one of the defendants (the one that did not move to dismiss). *Id*. at *2. The court agreed, and granted defendants' motion to dismiss. *Id*. at *11. Although the plaintiffs had alleged that each of the defendants were "corporations, subsidiaries of corporations, parent corporations, partners and/or other organizational classifications licensed to conduct the business

---

[2] It is unclear from Plaintiffs' Complaint what LSC's alleged connection to Oki Semiconductor Co. is, as the Complaint does not explain Rohm Co., Ltd.'s connection to any of the other parties referenced.

8

DEFENDANTS' MOTION TO DISMISS
Case No. 5:12-cv-04175-EJD

of issuing fidelity bonds," and that "each defendant is the agent and/or partner of the other and each were acting in the course and scope of said agency and/or partnership," the court concluded that "[w]ith only these conclusory allegations as a basis for their breach of contract claim, plaintiffs have failed to state a claim against defendants other than the [defendant that signed the contract], and the complaint must be dismissed as against them." *Id*. at *3, *11. Plaintiffs' allegations here are even more conclusory – where they allege no basis for liability against any of the Fraudulently Joined Defendants with respect to the contract at issue.

## V.  CONCLUSION

For the foregoing reasons, the Fraudulently Joined Defendants respectfully request that the Court dismiss the Complaint against the Fraudulently Joined Defendants with prejudice.

Dated:  September 21, 2012              Respectfully submitted,

                                                      LATHAM & WATKINS, LLP

By:       */s/  Michael A. Ladra*
Michael A. Ladra (Bar No. 64307)
mike.ladra@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Email: mike.ladra@lw.com

Attorneys for Defendants
Oki Electric America, Inc.
Rohm Semiconductor USA, LLC
Oki Data Americas, Inc.
Lapis Semiconductor Co., Ltd.