| | |
|---|---|
| 1 | MICHAEL A. LADRA (Bar No. 64307) |
|  | mike.ladra@lw.com |
| 2 | MATTHEW RAWLINSON (Bar No. 231890) |
|  | matt.rawlinson@lw.com |
| 3 | ALLISON S. DAVIDSON (Bar No. 267964) |
|  | allison.davidson@lw.com |
| 4 | LATHAM & WATKINS LLP |
|  | 140 Scott Drive |
| 5 | Menlo Park, CA 94025 |
|  | Telephone: (650) 328-4600 |
| 6 | Facsimile: (650) 463-2600 |
| 7 | Attorneys for Defendants |
| 8 | (see signature page for complete list) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY, | Case No. 5:12-cv-04175-EJD |
| Plaintiffs, | **DEFENDANTS OKI DATA AMERICAS, INC., OKI ELECTRIC AMERICA, INC., LAPIS SEMICONDUCTOR CO., LTD. AND ROHM SEMICONDUCTOR USA, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)** |
| vs. | |
| OKI SEMICONDUCTOR AMERICA, INC.; OKI ELECTRIC INDUSTRY CO., LTD.; OKI DATA AMERICAS, INC.; OKI ELECTRIC AMERICA, INC.; LAPIS SEMICONDUCTOR CO., LTD.; ROHM SEMICONDUCTOR USA, LLC, and DOES ONE THROUGH TEN inclusive, | |
| Defendants. | **Date**: November 30, 2012<br>**Time**: 9:00 a.m.<br>**Courtroom**: 4, 5th Floor<br>**Judge**: Hon. Edward J. Davila |

# I. INTRODUCTION

Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company's ("Deere" and, collectively, "Plaintiffs") Opposition offers three arguments in response to Defendants Oki Data Americas, Inc. ("ODA"), Oki Electric America, Inc. ("OEA"), Lapis Semiconductor Co., Ltd. ("LSC") and Rohm Semiconductor USA, LLC's ("RSU" and, collectively, the "Fraudulently Joined Defendants") Motion to Dismiss ("Motion").  For the reasons set forth below, each of these arguments fail.

First, Plaintiffs' claim that the Court lacks jurisdiction to consider this Motion ignores a wealth of case law demonstrating that federal courts routinely consider motions to remand and related motions to dismiss simultaneously.  *See, e.g., Nga Do v. Wells Fargo Bank, N.A.*, No. CV 12-5645 PA AGRx, 2012 U.S. Dist. LEXIS 126768 *1, *17 (C.D. Cal. Aug. 27, 2012).  These decisions make it clear that a motion to dismiss is the proper procedure to dispense with "fraudulently" joined defendants.  *See, e.g., id.*  The authority cited by Plaintiffs in their Opposition is not to the contrary; it merely holds that if a court concludes the parties are not improperly joined and grants a plaintiff's motion to remand, an accompanying motion to dismiss is moot.  Opp. at 4.  Nothing in this holding suggests that this Court does not have jurisdiction to consider the Fraudulently Joined Defendants' Motion To Dismiss.

Second, Plaintiffs argue that they have adequately alleged a claim for breach of contract against each of the Fraudulently Joined Defendants because each is named "as successors to liability under the contract" in their Complaint.  Opp. at 5.  This claim is not true.  The Complaint does not allege that any of the Fraudulently Joined Defendants are successors to the contracting entity, nor does it allege any facts that would support such a conclusion.  Plaintiffs' assertions in their Opposition cannot cure this failure, as it is well settled that the assertion of facts in Plaintiffs' Opposition cannot substitute for facts not pled in their Complaint.

Third, Plaintiffs argue that the Court should give them leave to amend their Complaint to add allegations that the Fraudulently Joined Defendants are successors to the contract at issue.  Plaintiffs admit, however, that they have no factual basis to plead *which* of the specific

Fraudulently Joined Defendants is the successor to the contract – or that *any of them are*. Instead, Plaintiffs admit that they intend to name any and all "potential" successors as defendants. But this merely underscores that Plaintiffs do not have a good faith basis to plead that *any* of the Fraudulently Joined Defendants is the successor to the contract at issue. This conclusion is further supported by Plaintiffs' decision to name ten "Doe" defendants, each of which they allege may also be the "successor" to the same contract. In other words, Plaintiffs name more than a dozen parties, none of which they have any specific basis to believe is actually the successor to the contract that is the basis for their claim.

Thus, Plaintiffs' request for leave to amend amounts to asking for the Court's permission to plead successor claims against several defendants even though Plaintiffs have no good faith factual basis to support such allegations. Federal law, however, does not permit Plaintiffs to name parties to the suit with no basis, and then use the lawsuit as a vehicle to investigate potential claims against them. Here, Plaintiffs' request is particularly problematic because it would destroy federal jurisdiction for Oki Japan, which does not dispute that it is the successor to the obligations under the Agreement here.

Accordingly, the Court should dismiss the Complaint against the Fraudulently Joined Defendants with prejudice.

## II. ARGUMENT

### A. This Court May Properly Consider The Fraudulently Joined Defendants' Motion To Dismiss

This Court has jurisdiction to hear the Fraudulently Joined Defendants' instant Motion. Defendant Oki Japan properly removed the action to this Court on the ground that complete diversity exists among the proper parties to the lawsuit. Dkt. 1, Not. of Removal at 4. Federal courts routinely consider a defendant's motion to dismiss simultaneously with a plaintiff's motion to remand. *See, e.g., Nga Do*, 2012 U.S. Dist. LEXIS 126768 at *1, *17 (upon consideration of the motion to remand filed by plaintiff and motion to dismiss filed by defendants, the court denied plaintiff's motion to remand and granted defendant's motion to

dismiss); *Hearns v. Wells Fargo Bank, N.A.*, No. CV 12-3363-GHK MANx, 2012 U.S. Dist. LEXIS 76434 *1, *7 (C.D. Cal. June 1, 2012) (same); *Nantes v. New London County Mut. Ins. Co.*, No. CV 09-07161 RGK JCx, 2010 U.S. Dist. LEXIS 128124 *1, *17 (C.D. Cal. Feb. 3, 2010) (same); *Marshall v. Cargill, Inc.*, No. C 08-02422 WHA, 2008 U.S. Dist. LEXIS 106165 *1, *17 (N.D. Cal. June 20, 2008) (same). Plaintiffs ignore this authority and offer no reason why it does not apply here.

The cases cited by Plaintiffs are not to the contrary. Rather, the decisions cited by Plaintiffs stand only for the proposition that the instant Motion would be moot if the Court were to grant Plaintiffs' Motion to Remand. Opp. at 4. This conclusion does not suggest that the Court lacks jurisdiction to consider the Motion in the first instance. Rather, Oki Japan's Notice of Removal – and the opposition to Plaintiffs' Motion to Remand – is based on the assertion that the Fraudulently Joined Defendants have been fraudulently joined because Plaintiffs cannot state a cause of action against them. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."). As the decisions cited above attest, not only may the Court consider Defendants' Motion, but if the Court finds fraudulent joinder, then the instant Motion – premised on the same grounds – logically follows. *See Nga Do*, 2012 U.S. Dist. LEXIS 126768 at * 11 ("[f]or the same reasons that the Court finds that [defendant] was fraudulently joined, the Court grants [defendant's] Motion to Dismiss, and dismisses Plaintiff's claims against [defendant] with prejudice").

**B. Plaintiffs Fail To State A Claim For Breach Of Contract Against The Fraudulently Joined Defendants**

Plaintiffs' sole response to the Fraudulently Joined Defendants' substantive argument – namely, that Plaintiffs have failed to state a claim for breach of contract against any of them – is that Plaintiffs have met their pleading burden because they "properly named [the Fraudulently Joined Defendants] as successors to liability under the contract[.]" Opp. at 5. This assertion is simply not true. A review of Plaintiffs' Complaint yields *no* allegation that any of the

Fraudulently Joined Defendants are successors to liability under the contract.[1] Dkt. 1-1, Compl. ¶¶ 10-13.[2] Assertions to the contrary in their Opposition cannot substitute for Plaintiffs' failure to allege these necessary facts in the Complaint. *Select Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2012 U.S. Dist. LEXIS 85607, *8-9 (N.D. Cal. June 20, 2012) (in reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court "may not look beyond the complaint to [the] plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (citing *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)); *Ford v. Lehman Bros. Bank, FSB*, No. C 12-00842 CRB, 2012 U.S. Dist. LEXIS 85600, *16, n.5 (N.D. Cal. June 20, 2012) (same).

Plaintiffs insist that all of the Fraudulently Joined Defendants are "properly named as successors to liability under the contract, since the contracting entity, Oki Semiconductor, Inc., was absorbed into a different company." Opp. at 5. This argument fails for two independent reasons. First, Plaintiffs do not make this allegation in their Complaint. The only specific allegations – other than jurisdictional allegations – made with respect to each of the Fraudulently Joined Defendants are (1) ODA is a subsidiary of Oki Japan ( Dkt. 1-1, Compl. ¶ 10); (2) OEA is a subsidiary of Oki Japan (*id.* ¶ 11); (3) LSC operates as a subsidiary of Rohm Co. Ltd. (*id.* ¶ 12); and (4) RSU is a subsidiary of Rohm Electric Industry Co., Ltd. which, in turn, holds an interest in Oki Semiconductor America, Inc. *Id.* ¶ 13. These allegations are a far cry from an allegation that "the contracting entity, Oki Semiconductor, Inc., was absorbed into a different company", Opp. at 5, much less that the "different company" was any of the Fraudulently Joined Defendants.

---

[1] Plaintiffs expressly allege successor liability against Doe Defendants One through Ten. Dkt. 1-1, Compl. ¶ 14 (alleging, on information and belief, that "Defendants Does One through Ten are successors-in-interest to and/or have assumed the liabilities of Oki Semiconductor Co., including the contract"). As the Doe claims demonstrate, Plaintiffs clearly understood how to allege that a party is a successor-in-interest to a contract. They simply did not do so with respect to the Fraudulently Joined Defendants.

[2] Moreover, Plaintiffs implicitly admit that they have *not* plead that the Fraudulently Joined Defendants are liable for breach of contract as successors to the contract by stating that they "can plead" those allegations, "if necessary," in an amended complaint. Opp. at 7.

1  Second, even if Plaintiffs' Complaint did allege that "Oki Semiconductor, Inc., was
2  absorbed into a different company" – which it does not – this allegation would fall well short of
3  meeting the standard necessary to sustain a claim of successor liability.  The very case law
4  Plaintiffs cite to on this point confirms the inadequacy of their argument.  Opp. at 5 (citing cases
5  that held defendants to be successors where they were "mere continuation" companies).  As the
6  court in *Craigslist, Inc. v. Mesiab* explained, "[a] '[p]laintiff must plead facts alleging that only
7  one corporation remained after the transfer of assets and that there is an identity of stock,
8  stockholders, and directors between the two corporations in order to assert successor liability
9  under the mere continuation exception.'"  *Craigslist, Inc. v. Mesiab*, 2010 U.S. Dist. LEXIS
10 134411, *22 (N.D. Cal. Nov. 15, 2010) (citing *Ferguson v. Arcata Redwood Co., LLC*, No. C 03-
11 05632 SI, 2004 U.S. Dist. LEXIS 23613, *14-15 (N.D. Cal. Nov. 12, 2004).  In *Ferguson*, the
12 Court determined that plaintiff had not stated a claim of successor liability under the "mere
13 continuation" theory because it had failed to plead these requisite facts.  *Ferguson*, 2004 U.S.
14 Dist. LEXIS 23613 at *14-15.  In short, Plaintiffs' allegations did not "name potential successors
15 to liability under the contract between NavCom and Oki Semiconductor Co.," and even the new
16 allegations asserted for the first time in their Opposition are insufficient to state a claim for
17 successor liability.

**C. Plaintiffs' Attempt To Amend The Complaint Would Be Futile**

19 Plaintiffs may only file an amended complaint with the Court's leave.  FRCP Rule
20 15(a)(2).[3]  The Court should not allow Plaintiffs leave to amend the Complaint where, as here,

---

[3] Plaintiffs' assertion that they may amend their complaint once as a matter of course before the filing of a "responsive pleading," and that the Fraudulently Joined Defendants' motion to dismiss does not constitute a "responsive pleading," Opp. at 6, is also incorrect as applied to the facts of the present case.  Rule 15(a) does allow a party to amend its complaint as a matter of course once, but that right terminates 21 days after service of a responsive pleading *or* 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  FRCP Rule 15(a)(1)(B); *Rivera v. Smith*, No. 1:10-CV-01015 AWI GSA, 2011 U.S. Dist. LEXIS 26460, *5-6 (E.D. Cal. Mar. 15, 2011) (finding that plaintiffs' FAC, filed in violation of Rule 15, was without legal effect when it was filed beyond 21 days after defendant had filed its motion to dismiss).  The Fraudulently Joined Defendants filed their Motion to Dismiss on September 21, 2012; Plaintiffs right to file an amended complaint without leave of this Court terminates on October 12, 2012 – the date of this instant fling.

such an amendment would be futile. *Luce v. Dalton*, 166 F.R.D. 457, 458 (S.D. Cal. 1996) ("Reasons justifying denial of a motion to amend under Rule 15(a) include…futility of amendment"). The standard for determining whether an amended complaint is legally sufficient to overcome an argument of futility is the same as determining the legal sufficiency of that complaint under a 12(b)(6) motion. *See id*.

Here, Plaintiffs admit that the "true successor to the contract" is unknown to them. Opp. at 7. Plaintiffs articulate no specific reason to believe **which** of the specific Fraudulently Joined Defendants is the successor, nor do they even claim to have reason to believe it is any of them at all. To the contrary, Plaintiffs have also named ten Doe defendants as well, and Oki Japan has indicated it is the successor under the contract for the matters at issue in this lawsuit. Dkt. 1-1, Compl. ¶ 14; Dkt. 31. This merely confirms that Plaintiffs do not even know if any of the Fraudulently Joined Defendants is the successor to the contract.

Plaintiffs nevertheless argue that they intend to re-plead and name each of the Fraudulently Joined Defendants as successors in liability. Opp. at 7. This argument fails for two reasons. First, Plaintiffs' proposed amendments would still not be sufficient to state a breach of contract claim against the Fraudulently Joined Defendants. Specifically, Plaintiffs' attempt to allege that the Fraudulently Joined Defendants are successors to liability under the "mere continuation" exception would fail to state a claim. As discussed above, the "mere continuation" exception cannot be alleged as a basis for asserting successor liability without pleading facts "alleging that only one corporation remained after the transfer of assets and that there is an identity of stock, stockholders, and directors between the two corporations[.]'" *Craigslist, Inc.*, 2010 U.S. Dist. LEXIS 134411 at *22; *Ferguson*, 2004 U.S. Dist. LEXIS 2613 at *14-15. Plaintiffs do not propose to allege these facts – nor indicate that they have any good faith basis to believe such facts exist.

Likewise, Plaintiffs' proposal to allege that the Fraudulently Joined Defendants are successors to liability under the *de facto* merger doctrine would also fail to state a claim. Opp. at 7. The *de facto* merger doctrine applies under California law when "one corporation takes all of

another's assets without providing any consideration that could be made available to meet claims of the other's creditors" or when "the consideration consists wholly of shares of the purchaser's stock which are promptly distributed to the seller's shareholders in conjunction with the seller's liquidation[.]" *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28-29 (1977); *Schwartz v. Pillsbury, Inc.*, 969 F.2d 840, 846 (9th Cir. Cal. 1992); *Myers v. United States*, 297 B.R. 774, 785 (S.D. Cal. 2003) (granting motion to dismiss where plaintiff failed to plead a valid claim based on successor liability under a *de factor* merger or a mere continuation theory.). Again, Plaintiffs do not propose to allege such facts, and have indicated no good faith basis for believing such facts exist. Absent such factual allegations, any attempt to amend the pleadings would be futile.[4] *See Luce*, 166 F.R.D. at 459 (amendment futile when plaintiffs' amended complaint would be insufficient to state a claim).

Second, even if Plaintiffs' bare allegations of successor liability based on "mere continuation" or *de factor* merger were sufficient, Plaintiffs do not propose to make such allegations with respect to any of the named Fraudulently Joined Defendants specifically, and cannot do so in good faith. As discussed, Plaintiffs admit that the true successor to the contract at issue is unknown to them. Opp. at 7. Plaintiffs' admission that they do not really know who the successor is, coupled with their desire to indiscriminately assert "successor liability" claims against more than a dozen defendants, including ten "Does", confirms that Plaintiffs cannot in good faith fulfill their pleading requirement. Federal law is clear that:

> Plaintiff shall not name individuals as defendants unless he presently has a good faith basis for believing they should be so named – and plaintiff's belief that future discovery *might* reveal a basis for naming a given individual as a defendant is not a present good faith basis.

---

[4] Aside from the "mere continuation" and *de facto* merger exceptions – both of which Plaintiffs are unable to plead – the only other instances where California law imposes successor liability based on a transfer of assets is when (1) there is an express or implied agreement of assumption of liability or (2) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts. *Ray*, 19 Cal. 3d at 28; *Craigslist, Inc.,* 2010 U.S. Dist. LEXIS 134411 at *21. Plaintiffs do not propose to allege either of those instances here, nor is there any indication that either would be applicable to the Fraudulently Joined Defendants.

*See Harris v. Harris,* No. 2:11-cv-2186 GEB KJN PS, 2012 U.S. Dist. LEXIS 58147, *20-21, *32-33 (E.D. Cal. Apr. 24, 2012) (also noting that "[f]ederal pleading standards require the presentation of factual allegations sufficient to state a plausible claim for relief *as to each defendant*.") (emphasis added)).

A plaintiff is not permitted under federal pleading rules to simply name a host of different defendants without stating plausible claims for liability against each of them. *See id.; see also Tilley v. Ampro Mortg.,* Civ. No. S-11-1134 KJM CKD, 2011 U.S. Dist. LEXIS 136096, *25-26 (E.D. Cal. Nov. 23, 2011) (finding plaintiffs' allegations insufficient to state a claim when they "lump[] all the defendants together, failing to identify which of them" met one of the elements for the claim asserted); *Gomez v. World Savings Bank FSB*, No. 1:10-cv-01463-OWW-DLB, 2010 U.S. Dist. LEXIS 131674, *11-12 (E.D. Cal. Dec. 10, 2010) ("the FAC fails to allege which Defendants receive what monies and thus fails to provide fair notice of the nature of Plaintiff's unjust enrichment claim."); *Basham v. Pac. Funding Group*, No. 2:10-cv-96 WBS GGH, 2010 U.S. Dist. LEXIS 81588, *20 (E.D. Cal. July 21, 2010) (dismissing plaintiffs' claim as insufficient to inform defendant as to its liability where "[p]laintiffs' claim lumps all defendants together and fails to identify any specific act taken by any one of the named defendants.").

Plaintiffs attempt to do so here is even more troubling in the face of federal pleading standards because Plaintiffs **admit** that they would be making these allegations against the Fraudulently Joined Defendants only as "potential" successors to liability under the contract. Such guesswork is not permitted, and is especially unacceptable in light of the governing standard made clear most recently by *Twombly* and confirmed in *Iqbal*: allegations must rise "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Timmons v. Linvatec Corp.*, 263 F.R.D. 582 (C.D. Cal. 2010). In *Timmons*, plaintiffs sued the defendant moving to dismiss as one of eight "defendant anesthetic manufacturers," but failed to allege that the moving defendant had manufactured the particular medication that caused plaintiffs' harm. *Id*. at 584. The court characterized plaintiffs'

allegations as "merely speculating" with respect to the moving defendant – and pointed to plaintiffs' admission in their opposition that they did not known which defendant actually made the particular drug that harmed plaintiffs. *Id*. at 584-85.  The court concluded that plaintiffs' claim against the moving defendant did not "rise above the speculative level and must be dismissed." *Id*. at 585.  The court further held that, in light of plaintiffs' opposition, "Plaintiffs admit that they do not have the requisite evidentiary support to permit them in good faith to amend their Complaint to state a claim against [the moving defendant].  Consequently, leave to amend would be futile." *Id*. at 585-86.  The same is true here – where Plaintiffs admit that they do not know which of the Fraudulently Joined Defendants is the successor to the contract.  Opp. at 5, 7.

This rule is particularly important in this context, where Plaintiffs' shotgun approach to naming defendants is proposed as the basis for defeating federal jurisdiction. *See Chapman v. Kroger Ltd. P'ship,* Civil Action No. 3:11-cv-688 HTW-LRA, 2012 U.S. Dist. LEXIS 30180, *11 (S.D. Miss. Mar. 7, 2012) (dismissing a defendant that the court found to have been fraudulently joined because "Plaintiffs have no proof that [defendant] was either directly or indirectly involved" in the alleged wrong).  Indeed, Plaintiffs propose to name all "potential successors" to the contract, even though they have no facts to support this bare allegation, and in the face of Defendant Oki Japan conceding that it is the successor. *See* Dkt. 31; *see Chapman*, 2012 U.S. Dist. LEXIS 30180 at *10-11.  Plaintiffs' insistence on ignoring Oki Japan's concession is especially confusing in light of the fact that the only connection Plaintiffs allege between the contracting entity and any of the Fraudulently Joined Defendants is their common relationship to Oki Japan.  Dkt. 1-1, Comp. ¶¶ 8-13.

Accordingly, Plaintiffs should not be given leave to amend, where such amendment would not only be futile, but would also call into question the good faith basis of Plaintiffs' allegations.

## III. CONCLUSION

For the foregoing reasons, the Fraudulently Joined Defendants respectfully request that the Court dismiss the Complaint against the Fraudulently Joined Defendants with prejudice.

Dated: October 12, 2012

Respectfully submitted,

LATHAM & WATKINS, LLP

By: /s/ Michael A. Ladra
Michael A. Ladra (Bar No. 64307)
mike.ladra@lw.com
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Email: mike.ladra@lw.com

Attorneys for Defendants
Oki Electric America, Inc.
Rohm Semiconductor USA, LLC
Oki Data Americas, Inc.
Lapis Semiconductor Co., Ltd.