NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone:  877-401-8855
Facsimile:   877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:   +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone:  650-242-1560
Facsimile:   650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT OKI ELECTRIC'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(A) PRECLUDING PLAINTIFFS FROM CLAIMING DAMAGES WHICH ARE PRECLUDED BY THE EXPRESS TERMS OF THE CONTRACT; AND**<br><br>**(B) DISMISSING DEERE WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Hearing Date:  November 15, 2013 |

TABLE OF CONTENTS

I.  INTRODUCTION ……………………………………………………………………1

II. BACKGROUND ……………………………………………………………………2

   A.  There Are Only Two Parties To The Contract ……………………………2

   B.  The Contract Language is Indisputable ……………………………………...2

   C.  Requested Ruling ……………………………………………………………4

III. LEGAL STANDARDS …………………………………………...……………………5

IV. DEFENDANT OKI ELECTRIC IS ENTITLED TO SUMMARY
    JUDGMENT AS A MATTER OF LAW…………………………………………6

   A.  Plaintiffs' Claimed Damages Are Precluded By The Express
       Terms Of The Contract ……………………………………………………..6

       i.   Recovery of the $300,000 Initial Payment is Precluded …………………7

       ii.  Recovery of Incidental Damages Is Precluded ..………………………...8

       iii. Recovery of Consequential Damages is Precluded …………………..9

   B.  Because Consequential And Other Indirect Damages
       Are Precluded Under The Contract, Plaintiff Deere
       Fails To State A Claim Upon Which Relief May Be Granted          11

V.  CONCLUSION ……………………………………………………………………..12

TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) .................................................. 5

*Beta Sys., Inc. v. United States* (Beta Sys.) 838 F.2d 1179, 1183 (Fed. Cir. 1988) ..................... 6

*Brandon & Tibbs v. George Kervorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 455-56 (1990) .......... 9

*Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 278-79 (9th Cir. 1992) ........ 7

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) ................. 5

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ....................................................... 5

*CW Gov't Travel, Inc. v. United States*, 63 Fed. Cl. 369, 390 (2004) ...................................... 6

*Esbensen v. Userware International, Inc.* 11 Cal.App.4th 631, 637 (1993) .................................. 6

*Intel Corp. v. Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991) ....................... 5

*McKell v. Washington Mutual, Inc.* 142 Cal.App.4th 1457, 1489 (Cal. App. 2006) .......................... 11

*Mount Vernon Fire Ins. Corp. v. Oxnard Hospitality Enter., Inc.*,
Los Angeles County Super. Ct. No. BC461268, pp. 7-8 (Cal. App., 2013) .................................... 7

*RRX Industries, Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 548-49 (9th Cir. 1985) ............................ 6, 8

*Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.App.4th 1004, 1031 (Cal. App., 2009) ..... 11, 12

Fed. R. Civ. P. 56(a)   ……………………………………………………………………...5

Fed. R. Civ. P. 56(c)(1)(A)   ……………………………………………………………....5

California Code of Civ. P. § 1856   ……………………………………………………….....5

Cal. Comm. Code § 2719   …………………………………………………………………...6

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT at 9:00 a.m., on November 15, 2013, in Courtroom 4, located at 280 South First Street, San Jose, California, or as soon thereafter as the matter may be heard, Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") will move the court for an order granting summary judgment that Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") are precluded from obtaining the damages sought by the plain language of the contract, and that Plaintiff Deere has failed to state a cause of action on which relief can be granted.

This motion is based on this Notice, the Memorandum of Points and Authorities below, the accompanying declaration of Patrick J. Hoeffner, as well as the all pleadings and papers on file in this case, and upon any such other matters as may be presented to the Court at the time of hearing on this motion.

## I.   INTRODUCTION

Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") hereby moves for summary adjudication that it owes no damages to Plaintiffs Navcom Technology, Inc. ("Navcom") and Deere & Company ("Deere")(collectively "Plaintiffs"). The Complaint[1] in this action contains a single cause of action for the purported breach of a contract between Navcom and Oki Semiconductor, Co. ("Oki Semiconductor")[2] that was entered into on December 14, 2005 ("Contract").[3] *See*, Complaint at ¶¶23-28; *see also*, Exh. 1.[4] Navcom and Oki Semiconductor are referred to herein collectively as the "Parties."

---

[1]   All references to "Complaint" refer to the complaint filed on June 22, 2012, a copy of which is attached as Exhibit A to the Notice Of Removal filed on August 8, 2012 (Docket Entry # 1). References to the Complaint do not indicate Defendant's agreement with the contents thereof, but merely reliance for the purpose of this motion alone. Oki reserves the right to contest each and every statement contained in the Complaint, without exception.

[2]   Defendant Oki Electric is the successor to Oki Semiconductor under the contract at issue in the Complaint, for matters at issue in the above-captioned action.  *See*, Docket Entry # 50.

[3]   Although the Contract was substantively amended on November 29, 2006, the relevant language of the Contract with respect to the issues raised in this motion was not changed.  As such, for the purposes of this motion only,

The basis for this motion is that each of the three categories of damages that Plaintiffs seek is explicitly unavailable under the plain language of the Contract. Since the Contract includes an integration clause, Plaintiffs cannot rely on parol evidence to change the plain language of the Contract, and there is no purpose in further continuing this litigation. Oki respectfully requests that the Court rule that no damages are available to Plaintiffs in this case so that this litigation can be ended.

## I. BACKGROUND

### A. There Are Only Two Parties To The Contract

In early 2005, Navcom and Oki Semiconductor (the "Parties") began negotiating a development contract for the development of an integrated circuit ("IC") called the Nova RF ASIC (referred to herein as "Chipset"). It is undisputed that on or about December 14, 2005, the Parties entered into the Contract. *See*, Exh. 1. It is also undisputed that Deere is not a party to the Contract. *See* Complaint at ¶25; Exh. 2 at Response To RFA Nos. 1 and 2. Moreover, when asked during the negotiations whether Deere should be or wanted to be named as a party to the contract, Deere declined. *See,* Exh. 2 at Response To RFA Nos. 3-10 and 16. Deere is only alleged to be a third party beneficiary. *See* Complaint at ¶25; Exh. 2 at Response To RFA Nos. 1 and 2. Thus, Deere has no independent basis for its claims – Deere's claims fail if Navcom's claims fail.

### B. The Contract Language is Indisputable

There are three clear and unambiguous provisions in the agreement that are indisputable and prevent Plaintiffs from recovering the damages it seeks in this action.

---

reference is made only to the Oki Semiconductor Customized Advanced GPS RF Chipset Development and Purchase Agreement entered into on December 14, 2005, a copy of which is referenced herein as Exh. 1.

[4] Reference to the exhibits to the Declaration of Patrick J. Hoeffner in Support of Defendant Oki Electric's Motion for Summary Judgment are referred to herein as "Exh. #".

First, there is the integration clause, which identifies the eight (8) attachments comprising the entire agreement. The integration clause reads as follows:

> 7.0 ENTIRE AGREEMENT. This Agreement and the attachments listed below, each of which is incorporated fully and is made a part of this Agreement by this reference, contains the entire agreement of the Parties relative to the Products listed in Schedule D hereto and supersedes and replaces all prior or contemporaneous agreements, written or oral, between the Parties regarding such Products. Any addition to or modification of this Agreement shall not be binding unless in writing, signed by an authorized representative of both Parties hereto.
>
>    a. Schedule A: Items to be Supplied by Buyer
>    b. Schedule B: Statement of Work
>    c. Schedule C: Development (NRE) Charges, Estimated Development Time and Estimated Engineering Prototype Turnaround Time
>    d. Schedule D: Product Description and Pricing Schedule
>    e. Oki Semiconductor Customized Advanced GPS RF Chipset Terms And Conditions
>    f. Nova RF ASIC Specification Version 19
>    g. Navcom 5008 Patent Application
>    h. Navcom 5009 Patent Application

Exh. 1 at OKI_LW_008258.

Second, there is the non-refundable payment clause found in Schedule C of the Contract (*i.e.,* attachment "c" in the above-mentioned integration clause), which sets forth the Payment Terms, and states in relevant part:

> Initial payment of $300K immediately due and payable at the time of signing this Agreement. ***This initial payment is non cancelable and non refundable under any circumstances***.

Exh. 1 at OKI_LW_008262 (emphasis added). As demonstrated by the emphasized text above, the initial $300,000 payment was "non cancelable and non refundable under any circumstances." *Id.*[5]

Third, there is the "Limitation of Liability" clause found in attachment "e" to the Contract – the Oki Semiconductor Customized Advanced GPS RF Chipset Terms and Conditions ("Terms & Conditions"). Section 16.0 of the Terms & Conditions reads:

---

[5] It is undisputed that Navcom made the initial $300,000 payment subsequent to the execution of the Contract. *See* Exh. 3 at Response to Interrogatory No. 1.

> 16.0 <u>LIMITATION OF LIABILITY</u>. Notwithstanding any other provisions in this Agreement, **neither party shall be liable with respect to its obligations under this Agreement for *consequential*, exemplary, special, or *incidental* damages, including, without limitation, *lost profits***, even if it has been advised of the possibility of such damages, except in the case of fraud; malicious, willful, or intentional tortious acts; breaches of confidentiality; obligations to indemnify under these Terms and Conditions; violation of either party's intellectual property rights; or claims arising out of or relating to personal injury and/or death.

*See,* Exh. 1 at OKI_LW_008272 (emphasis added). As noted in the emphasized text, the plain language of Section 16.0 of the Terms & Conditions precludes any claim for "***consequential* … *or incidental damages, including, without limitation, lost profits.***" *Id.*

Neither the language of the non-refundable clause in Schedule C nor the language of the limitation of liability of Section 16.0 of the Terms & Conditions is disputed. To the contrary, Plaintiffs' agreed in its verified interrogatory responses that "███████████████████████████████████████████████████████████████████████████." *See*, Exh. 3 at Response to Interrogatory No. 8.[6]

### C. Requested Ruling

Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") respectfully submits there are no genuine issues as to any material fact and, as such, Oki Electric is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56 as follows:

1. The $300,000 payment Navcom made to Oki Semiconductor under the Contract, was "non refundable under any circumstances." As such, Navcom is precluded as a matter of law from recovering the $300,000 as damages in this case;

2. The express language of the Contract precludes any claim for incidental damages. As such, Navcom is precluded as a matter of law from recovering its alleged incidental expenses as damages in this case;

---

[6] Plaintiffs' responses to the interrogatories identified herein are identical. In an effort to reduce the burden upon the Court, Oki has appended only the one copy (*i.e.,* Navcom's Responses), but relies upon same as applying to both Navcom and Deere.

3. The express language of the Contract precludes any claim for consequential damages including, specifically, lost profits. As such, Navcom is precluded as a matter of law from obtaining an award for and/or recovery of any alleged lost profits as damages in this case; and

4. Deere has failed to state a claim for which relief may be granted. California law requires proof of damages as an element of a claim for breach of contract. Deere is not a party to the Contract, but instead, Deere's alleged damages are based upon a third-party beneficiary theory, under which Deere seeks to recover its alleged loss of profits resulting from Oki Semiconductor's alleged breach. However, consequential damages are precluded by the express terms of the Contract. As such, Deere's claims must be dismissed in their entirety.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). In support of its factual positions, Oki may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Once the moving party has met the initial burden of showing the absence of any genuine dispute, the burden shifts to the opposing party to present "'significant probative evidence tending to support its claim or defense.'" *See, C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000), quoting *Intel Corp. v.*

*Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991). In contrast, where the nonmovant has the ultimate burden of proof, the movant may prevail on a motion for summary judgment simply by pointing to the nonmovant's failure "to make a showing sufficient to establish the existence of an element essential to [the nonmovant's] case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Under California contract law, parties may contract for limitations on damages. *See* Cal. Comm. Code § 2719. Section 2719 of the California Commercial Code "allows the parties to a contract to provide for alternative remedies, or to limit the amount of damages that may be awarded, or to do both." *RRX Industries, Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 548-49 (9th Cir. 1985).

Section 1856 of the California Code of Civil Procedure provides:

(a) Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.

(b) The terms set forth in a writing described in subdivision (a) may be explained or supplemented by evidence of consistent additional terms **unless the writing is intended also as a complete and exclusive statement of the terms of the agreement**.

Section 1856(b) prohibits using parol evidence to interpret any provision of the Contract. *See also Esbensen v. Userware International, Inc*. (1993) 11 Cal.App.4th 631, 637 (when a contract is fully integrated, "parol evidence is inadmissible even to add terms NOT inconsistent with the writing.").

The "[i]nterpretation of the clear and unambiguous language of a contract is a question of law that may be resolved by summary judgment." *CW Gov't Travel, Inc. v. United States*, 63 Fed. Cl. 369, 390 (2004) (citing *Beta Sys., Inc. v. United States* (Beta Sys.), 838 F.2d 1179, 1183 (Fed.

Cir. 1988)); *see also Mount Vernon Fire Ins. Corp. v. Oxnard Hospitality Enter., Inc.*, Los Angeles County Super. Ct. No. BC461268, pp. 7-8 (Cal. App., 2013).

## IV. DEFENDANT OKI ELECTRIC IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

### A. Plaintiffs' Claimed Damages Are Precluded By The Express Terms Of The Contract

According to Plaintiffs' verified responses to interrogatories (Exh. 3 at Response to Interrogatory numbers 1 and 2) and, in addition, Plaintiffs' expert's report (Exh. 4), Plaintiffs' damages claim consists of three components:

1. The amounts Navcom paid to Oki Semiconductor pursuant to the terms of the Contract;

2. Incidental expenses Plaintiffs allegedly incurred during the development project with Oki Semiconductor; and

3. The consequential damages (*i.e.*, alleged lost profits) alleged to be caused by Oki Semiconductor's alleged breach of contract.

As described in detail herein, however, Plaintiffs' alleged damages are precluded by the express terms of the Contract.

### ii. Recovery of the $300,000 Initial Payment is Precluded

The first component of Plaintiffs' damages claim is payments made to Oki pursuant to the Contract. *See*, Exh. 4 at ¶¶12 and 14.

The Contract expressly states, however, that the initial $300,000 payment made by Navcom is "***non cancelable and non refundable under any circumstances***." *See*, Exh. 1 at OKI_LW_008262 (emphasis added). This provision cannot be read out of the Contract. It is settled law that in interpreting contractual language, the court must give reasonable meaning to all parts of the contract and avoid rendering portions of the contract meaningless. *Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 278-79 (9th Cir. 1992). To allow

Plaintiffs to recover the initial payment would read out and render the "***non cancelable and non refundable under any circumstances***" language meaningless.

The validity and enforceability of the terms of the contract is also undisputed. *See*, Exh. 3 at Response to Interrogatory No. 8.

Thus, pursuant to the express terms of the Contract, the $300,000 initial payment may not be recovered by NavCom "***under any circumstances***." There being no genuine issues of material fact, judgment to such effect is required as a matter of law.

### iii. Recovery of Incidental Damages Is Precluded

The second component of Plaintiffs' damages claim is identified as internal costs allegedly incurred by Plaintiffs during the course of the development project with Oki Semiconductor. *See,* Exh. 4 at ¶14. As succinctly described by Plaintiffs' expert:



*See*, Exh. 4 at ¶14 (emphasis added). The Contract, however, contains an express limitation of liability specifically excluding, *inter alia*, incidental damages. As noted above, Section 16.0 of the Terms & Conditions provides in relevant part:

> 16.0 LIMITATION OF LIABILITY. Notwithstanding any other provisions in this Agreement, **neither party shall be liable with respect to its obligations under this Agreement for** consequential, exemplary, special, or **incidental damages,** including, without limitation, lost profits, even if it has been advised of the possibility of such damages, ...

*See,* Exh. 1 at OKI_LW_008272 (emphasis added).

Section 2719 of the California Commercial Code "allows the parties to a contract to provide for alternative remedies, or to limit the amount of damages that may be awarded, or to do both." See also, *RRX Industries*, 772 F.2d at 548-49. In the present case, the Parties negotiated and the contract includes an unambiguous limitation of liability. Section 16.0 of the Terms &

Conditions unequivocally precludes any claim for incidental damages. *See,* Exh. 1 at OKI_LW_008272. Moreover, as noted above, Plaintiffs' have stated in verified interrogatory responses that they do not contend "any provision of the Contract is void, inoperative, nullified or unenforceable." *See*, Exh. 3 at Response to Interrogatory No. 8.[7]

Accordingly, Plaintiffs' damages claim for incidental expenses associated with the RF ASIC development must be precluded as a matter of law.

### iv. Recovery of Consequential Damages is Precluded

The third component of Plaintiffs' damages claim is for consequential damages arising out of Oki Semiconductor's alleged failure to perform / breach. *See,* Exh. 4 at ¶15. Plaintiffs assert that "***but for***" Oki's alleged failure/breach ***Navcom's*** costs would have been lower and ***Plaintiffs'*** profits would have been higher. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

(See Exh. 4 at ¶30). ████████████████████

████████████████████████████████████████. Exh. 4 at ¶21.

It is clear from the foregoing that Plaintiffs' asserted lost profit damages are, by definition, a consequence of the alleged breach. "NavCom's increased costs" and any resulting loss of profits are by definition consequential damages; not direct damages. Direct damages are confined to those which naturally arise from the breach. See *Brandon & Tibbs v. George Kervorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 455-56 (1990). Consequential damages, on the other

---

[7] Section 16.0 was reviewed and approved by Deere and NavCom. *See*, Exh. 2 at Response To Request For Admission Nos. 11 and 16; and Exh. 5 at Deere's Response To Request For Admission Nos. 7, 8, and 12.

hand, are those consequences of the breach that cause an injury to a party beyond the direct acts of the breaching party. *Id.* at 455-56.

In addition to their experts' report, Plaintiffs' 30(b)(6) witness testified that their calculated damages were the cost savings Plaintiffs would have allegedly enjoyed "***but for***" Oki's alleged failure to deliver the Chipset.



*See*, Exh. 6, Galyean 30(b)(6) Depo. Tr., at 186:4-24 (emphasis added).[8]

To summarize: as articulated by Plaintiffs' expert and Plaintiffs' 30(b)(6) witness, these increased costs would not have occurred "***but for***" (*i.e.,* as a consequence of) Oki's alleged breach of contract. However, as stated above, the unambiguous and undisputed language of Section 16.0 precludes consequential damages, including "lost profits." *See*, Exh. 1 at OKI_LW_008272.

---

[8] Reference to the deposition transcript of Plaintiffs' corporate witness, Paul Galyean's, testimony provided pursuant to Fed.R.Civ.P., 30(b)(6), are referred to herein as "Exh. 3, Galyean 30(b)(6) Depo. Tr. at [page]:[line]". Since that deposition transcript has been designated confidential, we have redacted any portions of the transcript that are not relied on in this motion.

As such, pursuant to the terms of the Contract, NavCom is precluded from recovering damages for increased costs (*i.e.,* lost profits) and judgment to this effect must be entered in Oki Electric's favor.

### C. Because Consequential And Other Indirect Damages Are Precluded Under The Contract, Plaintiff Deere Fails To State A Claim Upon Which Relief May Be Granted

"A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach **and damage to plaintiff resulting therefrom**." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.App.4th 1004, 1031 (Cal. App., 2009) (citing *McKell v. Washington Mutual, Inc.* 142 Cal.App.4th 1457, 1489 (Cal. App. 2006) (emphasis added). Deere has failed to state a claim for which relief can be granted because, for the reasons demonstrated herein, it has no enforceable damage claim.

It is undisputed that Deere is not a party to the contract, but instead its claims are based on a third-party beneficiary theory. *See* Complaint at ¶25; Exh. 2 at Response To RFA Nos. 1 and 2. Deere did not make any payments to Oki whatsoever and, as such, has no direct damages under the Contract, but instead its asserted damages are limited to the alleged loss of profits. As discussed above, direct damages are confined to those naturally arising from the breach. *See Brandon & Tibbs,* 226 Cal. App. 3d at 455-56.

Deere's asserted damages do not follow directly and immediately from the breach, but instead, follow from the consequences of the alleged breach—that is, the increased costs (*i.e,* the lost profits), which would not have been incurred "***but for***" the alleged breach. In fact, Deere's "damages" are even further removed – they are described in terms of *NavCom's* alleged lost profits. *See*, Exh. 4 at ¶¶ 15-33.

Because consequential and other indirect damages are explicitly excluded by the express terms of the Contract and the fact that Deere has no direct damages, it has failed to assert a

required element of a claim for breach of contract. *Spinks,* 171 Cal.App.4th at 1031 ("A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach **and damage to plaintiff resulting therefrom**.") (emphasis added). Thus, Deere does not have a valid claim for breach of contract under California law.

There being no genuine issue of material fact, Defendant is entitled to judgment as a matter of law with the above claimed damages being precluded and Plaintiff Deere being dismissed from the case with prejudice.

## V.    CONCLUSION

For the reasons set forth hereinabove, Defendant respectfully submits that judgment as a matter of law should be GRANTED in its favor.

Dated: October 11_, 2013                                         Respectfully submitted,


By: /s/ *Marc R. Labgold*
        Marc R. Labgold (*pro hac vice*)

Attorneys for Defendant
OKI ELECTRIC INDUSTRY CO., LTD.