NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone:  877-401-8855
Facsimile:   877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:   +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone:  650-242-1560
Facsimile:   650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT OKI ELECTRIC'S MOTION FOR SUMMARY JUDGMENT OF**<br><br>**(A) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AND/OR**<br><br>**(B) RESCISSION / ABANDONMENT OF THE SUBJECT CONTRACT BY MUTUAL CONSENT**<br><br>Hearing Date:  November 15, 2013 |

## TABLE OF CONTENTS

I.     INTRODUCTION …………………………………………………….. 1

II.    QUESTIONS PRESENTED ……………………………………………… 2

III.   LEGAL STANDARD FOR SUMMARY JUDGMENT ……………………… 3

IV.   DEFENDANT OKI ELECTRIC IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ………………………. 4

    A.    The Complaint Fails to State a Claim Upon Which Relief Can Be Granted ………………………………………………… 4

    B.    Summary Judgment Should Be Granted Because The Amended Contract Was Rescinded, Abandoned And Terminated By Mutual Consent Prior To The Date Of The Alleged Breach ……………………………………………… 6

        i.   Background …………………………………………………… 6

        ii.  Oki is Entitled To Judgment As A Matter Of Law …………………… 9

        iii. Deere's Third Party Beneficiary Claims are Barred By Rescission ………13

V.    CONCLUSION ………………………………………………………… 13

# TABLE OF AUTHORITIES

*Acoustics, Inc. v. Trepte Constr. Co.,* 14 Cal. App. 3d 887, 913 (1971) — 5

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) — 3

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) — 4

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). — 4

*Griffin v. Beresa*, 143 Cal. App. 2d 299 (Cal. App. 3 Dist. 1956) — 10

*Honda v. Reed*, 156 Cal.App.2d 536 (Cal. App. 2 Dist., 1958) — 9,10

*Intel Corp. v. Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991) — 4

*Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1360 (Fed. Cir. 2005) — 10

*McCreary v. Mercury Lumber Distributors*, 124 Cal.App.2d 477, 486 (Cal. App. 3 Dist., 1954) — 9

*Schertzinger v. Williams*, 17 Cal. Rptr 719 (Cal. App. 4 Dist. 1962) — 10

Fed. R. Civ. P. 56(a) — 2, 3

Fed. R. Civ. P. 56(c)(1)(A) — 3, 6

Cal. Civ. Code §§ 1530-31 — 5

Cal. Civ. Code § 1559 — 5

Cal. Code Civ. Proc., §337 — 12

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT at 9:00 a.m., on November 15, 2013, in Courtroom 4, located at 280 South First Street, San Jose, California, or as soon thereafter as the matter may be heard, Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") will move the court for an order granting summary judgment that Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") have failed to state a claim upon which relief can be granted and/or that the subject contract that forms the basis of all claims asserted in this action is rescinded.

This motion is based on this Notice, the Memorandum of Points and Authorities below, the accompanying declaration of Marc. R. Labgold, as well as the all pleadings and papers on file in this case, and upon any such other matters as may be presented to the Court at the time of hearing on this motion.

## I.   INTRODUCTION

Plaintiffs Navcom Technology, Inc. ("Navcom") and Deere & Company ("Deere")(collectively "Plaintiffs") have alleged breach of a joint development contract between Navcom and Oki Semiconductor, Co. ("Oki Semiconductor")[1](collectively the "Parties") that was entered into on December 14, 2005 (the "Original Contract"). Their case is fatally flawed because, as Plaintiffs' own 30(b)(6) witness admits, the agreement that Plaintiffs sued on, *i.e.*, the only agreement identified in the Complaint,[2] was extinguished and superseded by novation, on or around November 29, 2006 with a different agreement (the "Amended Contract."). The

---

[1]   Defendant Oki Electric is the successor to Oki Semiconductor under the contract at issue in the Complaint, for matters at issue in the above-captioned action.  *See*, Docket Entry # 50.

[2]   All references to "Complaint" refer to the complaint filed on June 22, 2012, a copy of which is attached as Exhibit A to the Notice Of Removal filed on August 8, 2012 (Docket Entry # 1). References to the Complaint do not indicate Defendant's agreement with the contents thereof, but merely reliance for the purpose of this motion alone. Oki reserves the right to contest each and every statement contained in the Complaint, without exception.

| 5:12-cv-04175 EJD | 1 | DEFENDANT OKI ELECTRIC'S MOTION FOR SUMMARY JUDGMENT |
|---|---|---|

Complaint contains a single cause of action for breach of the Original Contract. *See*, Complaint at ¶¶23-28; *see also*, Exh. 1.[3]

The Original Contract concerned the development of a three-chip integrated circuit ("IC") chipset referred to herein as "Version 19", while the Amended Contract was for a different three-chip IC chipset referred to herein as "Version 25." Even if Plaintiffs are permitted to amend their complaint at this late date to assert breach of the Amended Contract, the case still fails because the Amended Contract was rescinded as a matter of law no later than May of 2008 in favor of negotiating a contract for the development of a new 4-chip chipset design (which the parties recognized was not covered by the Amended Contract), doing so at least a month prior to date of the asserted breach and more than four years before the Complaint in this action was filed.

## II. QUESTIONS PRESENTED

Defendant Oki Electric Industry Co., Ltd. ("Oki") moves pursuant to Fed. R. Civ. P. 56(a) for judgment as a matter of law on two grounds:

1. The Complaint fails to state a claim for which relief can be granted because the Original Contract was rescinded, abandoned, terminated and superseded by mutual agreement in November 2006 in favor of the Amended Contract. The undisputed facts demonstrate the Parties' intent and understanding that the substantive amendment rendered the Amended Contract the operative agreement. Plaintiffs do not allege any breach of the Amended Contract, but have only pled breach of the Original Contract. As such, the Complaint on its face fails to state a claim for which relief can be granted since (a) a claim for breach of contract ***cannot*** be based upon an act which occurred ***after*** the termination of a contract, and (b) a claim for breach of contract must be brought within four years of any breach, and the Original Contract was

---

[3] Reference to the exhibits to the Declaration of Marc R. Labgold in Support of Defendant Oki Electric's Motion for Summary Judgment of (a) Failure to State a Claim Upon Which Relief Can Be Granted, and/or (b) Rescission / Abandonment of the Subject Contract By Mutual Consent, are referred to herein as "Exh. #".

abandoned, rescinded, and/or ceased to exist nearly six years prior to the Complaint in this action.

   2. Even if Plaintiffs were permitted to amend their pleadings to assert breach of the Amended Contract, Defendant respectfully submits that any such claim would also fail as a matter of law. As set forth in detail *infra*, it is undisputed that by no later than May 2008, the Parties agreed to abandon the development of the 3-chip Version 25 chipset, after which they began negotiating the terms of a new development agreement for the development of a new chipset having a 4-chip architecture. Thus here too, any claim by Plaintiffs that Oki Semiconductor breached the Amended Contract on or about June 30, 2008, must fail as a matter of law since in a claim for breach of contract (a) the alleged breach ***cannot*** occur ***after*** the termination of the contract and (b) the claim must be brought within four years of the breach, and the Amended Contract was abandoned, rescinded, and/or ceased to exist more than four years prior to the Complaint in this action.

## III. LEGAL STANDARD FOR SUMMARY JUDGMENT

   Federal Rule of Civil Procedure 56(a) provides that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In support of its factual positions, Oki may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Once the moving party has met the initial burden of showing the absence of any genuine dispute, the burden shifts to the opposing party to present "'significant probative

evidence tending to support its claim or defense.'" *See, C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.,* 213 F.3d 474, 480 (9th Cir. 2000), quoting *Intel Corp. v. Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991). Where the nonmovant has the ultimate burden of proof, the movant may prevail on a motion for summary judgment simply by pointing to the nonmovant's failure "to make a showing sufficient to establish the existence of an element essential to [the nonmovant's] case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

As demonstrated herein, there is no genuine issue as to any material fact and, as such, Oki is entitled to judgment as a matter of law.

IV. **DEFENDANT OKI ELECTRIC IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW**

   A. **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

The Complaint contains a single cause of action – First Cause of Action (Breach of Contract) – alleging "Oki Semiconductor Co. breached its obligations under the Agreement." *See,* Complaint at ¶¶23-28. The term "Agreement" is defined in the Complaint as the Customized Advanced GPS RF Chipset Development and Purchase Agreement entered into "[o]n or about December 14, 2005" – *i.e,* the Original Contract (Exh. 1). *See,* Complaint at ¶16. However, it is undisputed that the Original Contract was amended by Amendment 1 entered in November 29, 2006 (Exh. 2), after which, the Amended Contract became the operative contract.




*See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 19:13-17.[4] It is also undisputed that the Original Contract was directed to the Version 19 chipset, whereas the Amended Contract was directed to

---

[4] Reference to the deposition transcript of Plaintiffs' corporate witness, Paul Galyean's, testimony provided pursuant to Fed.R.Civ.P., 30(b)(6), are referred to herein as "Exh. 3, Galyean 30(b)(6) Depo. Tr. at [page]:[line]". Since that deposition transcript has been designated confidential, we have redacted any portions of the transcript that are not relied on in this motion.

the Version 25 chipset – the difference being significant enough to require a formal amendment of the agreement. *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 188:22-199:6. As such, the Amended Contract is a novation, which, pursuant to Cal. Civ. Code §§ 1530-31, extinguishes the Original Contract.

The Complaint is silent with respect to Amendment 1. *See,* Complaint, *passim*. The Complaint is completely silent with respect to the Amended Contract. *Id.* Instead, the Complaint is drawn to, and the sole cause of action alleges the breach of, the agreement entered into by Navcom and Oki Semiconductor on or about December 14, 2005 – *i.e.,* the Original Contract. *See,* Complaint at ¶¶23-28.

A breach of contract claim under California law requires the existence of a valid and enforceable contract. *See, Acoustics, Inc. v. Trepte Constr. Co.,* 14 Cal. App. 3d 887, 913 (1971). It is axiomatic that a contract **cannot** be breached at a time **after** said contract ceased to exist. *Id.* Plaintiffs' corporate witness testified without objection and without equivocation that once Amendment 1 was entered, the Amended Contract became the operative agreement. *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 19:13-17. Thus, the sole cause of action in the Complaint, that Defendant breached the Original Contract by its actions allegedly taken in or around June 30, 2008, fails to state a claim upon which relief can be granted.[5]

There being no genuine issue of material fact, Defendant is entitled to judgment as a matter of law with all claims against it being dismissed and Plaintiffs taking nothing under the Complaint.

---

[5] Even if one assumes *arguendo* that Plaintiffs could bring an action for breach of the Original Contract, any such breach would have necessarily had to occur before the Amended Contract superseded the Original Contract in November 2006. However, the statute of limitations on any such breach would have expired in November 2010. *See,* Cal. Code Civ. Proc., §337.

B.  **Summary Judgment Should Be Granted Because The Amended Contract Was Rescinded, Abandoned And Terminated By Mutual Consent Prior To The Date Of The Alleged Breach**

Even if Plaintiffs' were permitted to amend their defective pleadings at this late date to assert breach of the Amended Contract, under the applicable law and in view of the undisputed facts, the Amended Contract was rescinded, abandoned and terminated by mutual consent prior to the alleged date of breach and more than four years before this lawsuit was filed. As discussed *supra*, it is axiomatic that a contract **cannot** be breached at a time **after** said contract ceased to exist; the elements of a breach of contract claim under California law requires the existence of a valid and enforceable contract. *See, Acoustics,* 14 Cal. App. 3d at 913.

i.  **Background**

Pursuant to F. R. Civ. P. 56(c)(1)(A) the following facts have been established in discovery cannot be disputed:

1.  The operative specification for the target product to be developed pursuant to the Original Contract was "Nova RF ASIC Specification, Version 19" ("Version 19"). *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 15:3-19; Exh. 1 at OKI_LW_008379-8394. Version 19 was based upon a 3-chip chipset architecture, as depicted in Figure 1 of that Specification. *See*, Exh. 1 at OKI_LW_008380; *see also*, Exh. 4, Galyean Personal Depo, Tr. at 56:25-57:2.

2.  In November 2006, the Original Contract was amended in writing to, *inter alia*, replace Version 19 with Nova RF ASIC Specification Version 25 ("Version 25"). *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 17:11-24, 19:13-17; *see also,* Exh. 2. Version 25 was based upon a 3-chip chipset architecture as depicted in Figure 1 of that specification. *See,* Exh. 2 at NAV0065261; *see also*, Exh. 4 at 56:25-57:2. The Parties agreed that Version 25 was sufficiently different from Version 19 that it was necessary to amend the Original Contract in writing. *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 118:22-119:6.

3. Oki first provided samples of the Version 25 Chipset to Navcom in April 2007. By July 2007, those samples had been tested and determined to be not workable. *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 41:24-42:2. Once agreement was reached concerning the corrective measures to be taken, Oki once again prepared samples of the Version 25 chipset, and sent them to Navcom in December 2007. These too were tested and determined to be not workable.

4. The parties met several times and agreed that a significant redesign of the Version 25 chipset was required. *See,* Exh. 5 at Plaintiffs' Response to Interrogatory No. 5.[6] It is undisputed that as of the Design Review meeting that took place on or around March 26, 2008, the Parties' had concluded "█████████████████████." *See,* Exh. 3, Galyean 30(b)(6) Depo. Tr. at 105:12-16.[7]

5. As shown in the notes from a Design Review meeting on or around April 18, 2008, the parties had begun discussing various designs including a design based upon a new 4-chip architecture (as opposed to the 3-chip architectures of Versions 19 and 25) as well as the proposed pricing for the 4-chip architecture. *See*, Exh. 6 at ¶4 █████████████████████████████████████████████████████████████).

6. It is undisputed and reflected in the contemporaneous notes and action items from the May 15, 2008 Design Review meeting, Oki proposed a finished chipset price of $35 per chipset, in response to which Navcom "decided to go with the 4 chip design after OKI quoted no

---

[6] Plaintiffs Deere and Navcom provided identical responses to the interrogatories identified herein. In an effort to reduce the burden upon the Court, Oki has appended only the one copy (*i.e.,* Navcom's Responses), but relies upon the responses as applying to both Navcom and Deere because Deere submitted identical responses.

[7] While not pertinent to the disposition of the instant motion, the following undisputed facts are provided for the Court's understanding and background. In addition to the contracting parties (Navcom and Oki Semiconductor), three companies referenced in the record as Peregrine Semiconductor, ACCO and Tahoe RF assisted in the development of the Nova RF ASIC chipset. Again, this information is provided simply to avoid any confusion concerning reference to these entities in the record citations.

change in price." *See,* Complaint at ¶21 ("████████████████████

████████████"); Exh. 8 at Navcom's Response to RFA 121 ("████████

████████████████████████████████████████

████████████████████████████████████████); Exh. 9 at NAV0070479 ████

████████████████████████████████████████) and at 70482

("████████████████████████████████████████

████████████████████████████████████████);

*see also*, Exh. 3, Galyean 30(b)(6) Depo. Tr. at 207:17-209:21.

  7. The contemporaneous documentary evidence demonstrates that Navcom and Oki understood and agreed that ***the development of the new 4-chip chipset would not be covered by the Amended Contract***. (*See,* Exh. 10 at last page ¶6 ████████████████████);
Exh. 11 at NAV0045202 ████████████████████████████████

████████████). Plaintiff's 30(b)(6) witness confirmed this understanding and agreement. Exh. 3, Galyean 30(b)(6) Depo. Tr. at 119:7-18, 120:2-121:12.

  8. On May 30, 2008, Oki presented two offers to Navcom concerning the development of the new 4-chip chipset, each of which included Navcom having to pay a portion of the development cost of the 4-chip chipset. *See,* Navcom's Response to RFA 127. Navcom, rejected Oki's offers. *See,* Navcom's Response to RFA 130 ████████████████

████████████████████████████████████████

████████). Navcom made no counter-offer. Thereafter, on or about June 30, 2008, Oki provided notice of its termination of its involvement in the RF ASIC development project. *See*, Complaint at ¶22; Exh. 3, Galyean 30(b)(6) Depo. Tr. at 128:18-129:24.

  9. On June 22, 2012, Plaintiffs' filed the Complaint for breach of contract. *See,* Complaint.

### ii. Oki is Entitled To Judgment As A Matter Of Law

"A contract rescission is a statutorily governed event that extinguishes a contract as if it never existed. Rescission is effected by the parties' mutual consent or mistake, failure of consideration, illegality, or other public purpose. (Civ.Code, §§ 1688, 1689)." *Asmus v. Pacific Bell*, 23 Cal. 4th 1 at Footnote 2 (Cal., 2000). Thus, when both parties to an agreement abandon that agreement by mutual consent, the agreement is rescinded and extinguished as if it never existed. As discussed *supra,* it is axiomatic that a contract **cannot** be breached at a time **after** said contract ceased to exist. *See, e.g., Acoustics,* Cal. App. 3d at 913 (1971). Any claim for breach of contract, must arise during the existence of the contract. *Id.*

It is well established under California law that a rescission (or abandonment) of a contract may be implied from the acts of the parties and may be accomplished by the repudiation of the contract by one of the parties with the acquiescence of the other party in that repudiation. *McCreary v. Mercury Lumber Distributors*, 124 Cal.App.2d 477, 486 (Cal. App. 3 Dist., 1954). In *McCreary*, one party sent a notice of rescission, but the other party alleged they had not received it. Thereafter, they entered negotiations in an attempt "either for a new contract or a modification of the old one." *Id. at* 481. No new contract or amendment, however, was ever executed. *Id.* 482. The Court ruled that it **not** necessary that the parties say, in so many words, that they mutually rescind the contract; instead, rescission may be proved by other words and acts, including for example the negotiation of a new contract. *Id.; Honda v. Reed*, 156 Cal.App.2d 536 (Cal. App. 2 Dist., 1958) ("Abandonment of a contract may be implied from the acts of the parties in negotiating for a new and different contract concerning the same property or subject

matter.").[8] The negotiation of the new contract is sufficient to create a rescission; whether the parties reach agreement on a new contract is immaterial. *Honda* at 536.

The undisputed facts demonstrate that, by no later than May 2008, Navcom and Oki Semiconductor reached a mutual agreement to abandon the development of the subject matter of the Amended Contract (*i.e.,* the 3-chip Version 25 chipset) in favor of negotiating a development agreement for the new 4–chip chipset. *See,* Complaint at ¶21 ("The redesigned RF ASIC was to include four chips instead of three, …"). Indeed, Navcom's responses to Requests for Admission ("RFA") confirm this mutual abandonment (*i.e.,* rescission) of the Amended Contract by no later than May of 2008. *See*, Exh. 8 at Navcom's Response to RFA 121 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). The law is clear – the parties to a contract do not have to "say, in so many words, that they do mutually rescind the contract; rescission may be proved by other words and acts". *McCreary*, 124 Cal.App.2d at 486. Navcom's admissions that the parties agreed to abandon the subject matter of the Amended Contract (*i.e.,* the Version 25 chipset) in favor of the 4-chip chipset constitutes a rescission, abandonment and termination of the Amended Contract. *Id.*

While Navcom's admissions are dispositive, they are not the only evidence that the Parties had abandoned the development of the subject of the Amended Contract (*i.e.,* the 3-chip Version 25 chipset). The contemporaneous evidence demonstrates that the Parties understood and agreed that ***the development of the new 4-chip chipset would not be covered by the Amended Contract***. *See,* Exh. 10 at last page ¶6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exh. 11 at NAV0045202 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[8] California and Federal Courts have consistently relied upon the *McCreary* case from issuance to the present. See, e.g., *Griffin v. Beresa*, 143 Cal. App. 2d 299 (Cal. App. 3 Dist. 1956)(finding that a contract was rescinded by mutual abandonment); *Schertzinger v. Williams*, 17 Cal. Rptr 719 (Cal. App. 4 Dist. 1962)(finding that a contract was rescinded by mutual abandonment); *Lamle v. Mattel, Inc*., 394 F.3d 1355, 1360 (Fed. Cir. 2005).

). In fact, by no later than April 18, 2008, the Parties understood and agreed that the development of *any new design* would not be covered by the Amended Contract, but instead would require a new agreement. *See*, Exh. 3, Galyean 30(b)(6) Depo. Tr. at 119:7-18, 120:2-121:12; Exh. 6 at ¶9 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"); Exh. 7 at ¶3 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Thus, the record is clear that there are no genuine issues of fact – the Parties agreed to abandon the development of the subject matter of the Amended Contract, thereby rescinding the contract by mutual consent. *McCreary*, 124 Cal.App.2d at 486. If Plaintiffs did not consent to the rescission of the contract, they were required to have filed their complaint within four years of the date that the development of the Version 25 chipset was mutually abandoned – *i.e.,* by no later than May 15, 2008. Their failure to do so bars any alleged claim under the applicable statute of limitations

The rescission of the Amended Contract is further demonstrated by the fact that, after agreeing to abandon the development of the 3-chip Version 25 chipset, and after recognizing that the Amended Contract would not cover any new design including the 4-chip design, the parties actively negotiated the terms of a new contract. Rescission may be proved by other words and acts, including for example the negotiation of a new contract, without needing to explicitly use the word rescission. *Id.; Honda v. Reed*, 156 Cal.App.2d 536, 539 (Cal. App. 2 Dist., 1958) ("Abandonment of a contract may be implied from the acts of the parties in negotiating for a new and different contract concerning the same property or subject matter.").

As admitted by Navcom, its acceptance of the proposal to pursue the 4-chip design was subject to "certain conditions." *See*, Exh. 8 at Navcom's Response to RFA 121. One such

condition was negotiating the price per *finished* 4-chip chipset (should the development effort be successful and the resulting chipset be produced). *See*, Exh. 6 at ¶4 ███████; Exh. 3, Galyean 30(b)(6) Depo. Tr. at 208:8-211:21; Exh. 9 at NAV0070479 ███████ and at 70482 ███████). Navcom made no counter-offer.

Another condition was the proposed delivery date of the 4-chip chipsets. *See,* Complaint at ¶21. The negotiations of a new contract, however, failed with Navcom rejecting the development cost proposals for the 4-chip chipsets that Oki Semiconductor presented on May 30, 2008 and no new or amended agreement being entered. *See,* Navcom's Response to RFA 130 ███████). Navcom made no counter-offer.

The parties' mutual agreement to abandon the development of the subject of the Amended Contract (*i.e.,* the 3-chip Version 25 chipset) in favor of negotiating for a new agreement to develop a new 4-chip chipset rendered the Amended Contract rescinded, abandoned and terminated by mutual consent no later than May 15, 2008. *McCreary*, 124 Cal.App.2d at 486; *Honda*, 319 P.2d at 731.

As such, Oki's actions on or about June 30, 2008 (*i.e.,* after the Amended Contract ceased to exist), cannot constitute a breach of contract as a matter of law. Moreover, the statute of limitations for breach of contract in California is four years—therefore, any action based on the Amended Contact needed to be filed within four years of the date of mutual rescission, *i.e.*, by no later than May of 2012.

### iii. Deere's Third Party Beneficiary Claims are Barred By Rescission

Cal. Civ. Code § 1559 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time *before* the parties thereto rescind it." (Emphasis added.) This enforcement action was filed more than four years *after* rescission. Therefore, if the Court should rule that there was rescission, it should also dismiss the Third Party Beneficiary Claims.

There being no genuine issue of material fact, Defendant is entitled to judgment as a matter of law with all claims against it being dismissed and Plaintiffs taking nothing under the Complaint.

## V. CONCLUSION

For the reasons set forth hereinabove, Oki Electric respectfully submits that judgment as a matter of law should be granted in its favor.

Dated:  October 11, 2013                              Respectfully submitted,


By: /s/ *Marc R. Labgold*
        Marc R. Labgold (*pro hac vice*)

Attorneys for Defendant
OKI ELECTRIC INDUSTRY CO., LTD.