*E-Filed: November 26, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES 1 through 10 inclusive,<br><br>Defendants.<br>_____/ | No. C12-04175 EJD (HRL)<br><br>**ORDER ON DDJR #1**<br><br>**[Re: Docket No. 87]** |

Plaintiffs Navcom Technology, Inc. and Deere & Company sue Defendant Oki Electric Industry Co., Ltd. for an alleged breach of a contract to design a custom integrated circuit for use in Navcom and Deere products. The parties' Discovery Dispute Joint Report #1 (DDJR #1, dkt. 87) addresses two alleged violations of the parties' stipulated protective order (SPO, dkt. 59). First, Oki contends that Plaintiffs violated the SPO by impermissibly disclosing confidential information to a consultant. Second, Plaintiffs contend that Oki violated the SPO by indiscriminately designating all of its produced material as confidential or highly confidential.

I. Impermissible Disclosure of Protected Material

Oki contends that Plaintiffs impermissibly disclosed confidential information to a consultant, Paul Galyean, when they allowed him to attend confidential depositions in Tokyo in June.[1]

---

[1] The SPO expressly provides that in the event of disclosure disputes the parties are to comply with the undersigned's Standing Order re Civil Discovery Disputes, which permits the filing of a DDJR only after a meet and confer between the parties' lead counsel and requires that it be filed within

1  According to Plaintiffs, Galyean is a former Navcom employee who managed the project that forms
2  the basis of the suit, and he has been designated their person most knowledgeable. Galyean retired
3  from Navcom in April 2012, but he was retained by Navcom as a consultant shortly after this
4  lawsuit was filed in June 2012.

5        The SPO permits disclosure of protected to material only to specific categories of persons.
6  Paragraph 7.2(b) permits disclosure to "the officers, directors, and employees (including House
7  Counsel) of the Receiving Party." Paragraph 7.2(c) permits disclosure to "Experts (as defined in
8  this Order)." An "Expert" is defined as "a person with specialized knowledge or experience in a
9  matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an
10 expert witness or as a consultant in this action, [and] (2) is not a past or current employee of a Party
11 . . . ." SPO ¶ 2.6. The SPO also permits disclosure of confidential information to "professional jury
12 or trial consultants." SPO ¶ 7.2(e).

13       Oki argues that "employee" as used in ¶ 7.2(b) does not include consultants because the SPO
14 distinguishes between the two when it defines "Party" as "any party to this action, including all of
15 its officers, directors, *employees*, *consultants*, retained experts, and Outside Counsel." SPO ¶ 2.11
16 (emphasis added). On the other hand, Plaintiffs counter that "employee" in ¶ 7.2(b) includes past
17 employees because it does not to distinguish between current and past employees as is done
18 elsewhere in the SPO. *See* SPO ¶ 7.2(c) (defining Expert). Plaintiffs also contend that ¶ 7.2(e)
19 permits disclosure for consultants generally. Oki asserts that it is limited to professional jury
20 consultants and professional trial consultants, of which Galyean is neither.

21       Strictly construing the terms of the SPO, the Court thinks Oki has the better interpretation.
22 The SPO does not expressly permit disclosure of protected material to Galyean. However, neither
23 does the SPO contemplate someone of Galyean's unique status as he seems to fall within a grey area
24 somewhere between employee, Expert, and professional trial consultant. He is not an "employee"
25 because he retired two months before the litigation began and was rehired by Navcom only as a

26
27 ─────────────────────────────────────────────
28 five days thereof. Here, even if the Court credits Oki's attestation that lead counsel did meet and confer on this issue on June 25, which Plaintiffs deny, the DDJR was still filed over one month late. Nonetheless, the Court will consider this issue on the merits.

consultant. He is precluded from being an Expert because he *was* an employee. And he is not a professional trial consultant because this is the only matter on which he is a consultant.

However, despite that disclosure of protected material to Galyean may not have been permitted by the terms of the SPO, the Court will not grant relief to Oki because the practical difference between Galyean and an employee who is permitted to access protected material is negligible, Oki has been less than diligent in seeking relief, and Oki has suffered no prejudice. Oki even stipulated to, and the Court ordered, Galyean's presence at the Tokyo depositions. Oki does allege that it only did so because it was misled by Plaintiffs as to Galyean's corporate status. However, before the Tokyo depositions, Galyean attended a previous deposition in New Jersey where he introduced himself as a "consultant." Oki did not object at that time; counsel for Oki only asked whether Galyean had signed onto the "Acknowledgement and Agreement to be Bound" by the SPO, which he had. Thus, there is no evidence that Plaintiffs intentionally misled Oki and no reason to believe that Galyean will not abide by the terms of the agreement. Accordingly, Plaintiffs need not comply with the procedures of ¶ 10 of the SPO for their disclosure of protected information to Galyean, and Galyean will not be precluded from any ongoing access to confidential information where "disclosure is reasonably necessary for this litigation." SPO ¶ 7.2.

II. Improper Designations

Plaintiffs allege that Oki designated as confidential or highly confidential all material it produced in discovery in violation of ¶ 5.1 of the SPO. Oki does not dispute that all material it produced received some form of protected designation. It argues that all the material it produced is protectable and the fact that some material was designated confidential and others highly confidential indicates that its designations were not indiscriminate.

Paragraph 5.1 of the SPO provides that the designating party "must take care to limit any such designation to specific material that qualifies under the appropriate standards. . . . Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose . . . expose the Designating Party to sanctions." The SPO also provides procedures for challenging a party's designations, which among other things, requires the designating party to seek relief within 21 days of notice of the challenge.

This second disputed issue received little attention in DDJR #1, and the Court does not have enough information to make a determination on the propriety of Oki's designations. However, it does seem highly unlikely that any party could designate all the material it produces as protected and still maintain compliance with ¶ 5.1.

Oki indicated that it needed more time to thoroughly review all the material it produced to determine whether its designations were proper because Plaintiffs did not specify which designations they were challenging. Presumably it has been doing so while this DDJR was pending, and it is the Court's hope that Oki has withdrawn its improper designations or is at least prepared to do so. *See* SPO ¶ 5.1 ("If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation."). However, if this dispute is still ongoing, then within 14 days from the date of this order, the parties' lead counsel "shall meet in person for as long as and as often as is needed to reach full agreement." Standing Order re: Civil Discovery Disputes, at ¶ 2(C). If after meeting and conferring the parties still cannot come to an agreement on their own, then within five days they shall file a supplemental DDJR describing the challenged designations with particularity.

**IT IS SO ORDERED.**

Dated: November 26, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C12-04175 EJD (HRL) Notice will be electronically mailed to:**

David Alan Makman    david@makmanlaw.com

Jessica Rene Gioia    jgioia@cov.com

Marc Robert Labgold    mlabgold@labgoldlaw.com

Patrick Joseph Hoeffner    phoeffner@labgoldlaw.com

Rachel Melissa Walsh    rwalsh@morganlewis.com, mthomasian@morganlewis.com, rlapena@morganlewis.com, sgillen@morganlewis.com

Ryan Lindsay Scher    rscher@morganlewis.com, bmullins@morganlewis.com, tmajidian@morganlewis.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**