NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone:  877-401-8855
Facsimile:   877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:   +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone:  650-242-1560
Facsimile:   650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD**<br><br>Date: March 21, 2014<br>Time: 11:00 am<br>Place: Courtroom 4, San Jose<br>Judge: Honorable Edward J. Davila<br><br>**Trial Date: April 8, 2014** |

5:12-cv-04175 EJD

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

PLEASE TAKE NOTICE that on March 21, 2014 at 11:00 a.m., before the Honorable Edward J. Davila, United States District Court for the Northern District of California, Courtroom 4, San Jose, Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") will, and hereby does move this Court for an order precluding testimony and evidence relating to allegations of fraud under Rules 401 and/or 403 of the Federal Rules of Evidence.

## INTRODUCTION

Defendant Oki Electric hereby submits its Motion in Limine Number 1 to preclude Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") (collectively "Plaintiffs") from presenting evidence and advancing arguments concerning their untimely fraud in the inducement claim or any other assertion of fraud by Oki Electric as irrelevant under FED. R. EVID. 401 and/or as more prejudicial than probative under FED. R. EVID. 403.

The Complaint in this litigation includes a single cause of action: breach of contract. Fraud in the inducement was *not* pled in the Complaint, and Plaintiffs have not been granted leave to amend their Complaint to include any such claim or cause of action. In fact, no cause of action for fraud was pled. Instead, on November 1, 2013, more than five months after the court-ordered deadline to amend pleadings, over a month after the close of discovery, and after motions for summary judgment had been filed, Plaintiffs suddenly filed a motion for leave to amend their Complaint to add a cause of action for fraud in the inducement. (Dkt. ## 131, 132, 134). In their proposed Amended Complaint, Plaintiffs for the first time alleged facts they contend establish their right to pursue their fraud claim. (Dkt. # 132-2 at ¶¶ 17-21, 25, 27, 29, and 37-43). Aside from the procedural defects of Plaintiffs' motion to amend, which defects are detailed in Oki Electric's opposition (Dkt. # 150), the facts averred in support of fraud do not relate *at all* to the allegation of breach of contract. Thus, Plaintiffs' untimely fraud allegations and the evidence in support thereof are **not relevant** to the sole claim of breach of contract and, therefore, not admissible under FED. R. EVID. 401.

| 5:12-cv-04175 EJD | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD |
|---|---|
| 1 | |

Moreover, even if *arguendo* the Court were to find that those facts have some limited relevance, any arguments or evidence relating to Plaintiffs' untimely fraud claim should be precluded from trial because they would be far more prejudicial to Oki Electric than probative of anything relevant to Plaintiffs' breach of contract claim and likely to confuse and mislead the jury. Therefore, the Court should preclude such arguments and evidence pursuant to FED. R. EVID. 403.

## STATEMENT OF LAW

Motions *in limine* provide a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Under appropriate circumstances, a motion *in limine* may be used to exclude inadmissible or prejudicial evidence before it is offered at trial. See, *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

Evidence is ***relevant*** if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; ***and***

(b) the fact is of consequence in determining the action.

FED. R. EVID. 401 (2014) (emphasis added). It is axiomatic that, in order for a fact to be of consequence in determining an action, that fact must relate to one of the elements of the causes of action or defenses and, hence, the issues to be resolved at trial. Because Plaintiffs' evidence and arguments supporting Plaintiffs' allegations of fraud cannot meet this test, they have no relevance, are inadmissible and are properly excluded.

Moreover, even relevant evidence can be excluded. Specifically:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403 (2014).

5:12-cv-04175 EJD — 2 — DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD

The balancing of probative value against prejudicial effect is left to the discretion of the court. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417-8 (9th Cir. 2009) (upholding District Court's decision to exclude prejudicial evidence that might mislead or confuse the jury). However, "the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d).

## ARGUMENT

Because Plaintiffs' motion to amend has not been granted and Plaintiffs have agreed not to seek consequential damages in this action, Plaintiffs should be precluded from putting on evidence and advancing arguments concerning fraud. Such claims are irrelevant to the sole breach of contract claim in this case and should be excluded pursuant to FED. R. EVID. 401. Plaintiffs' witness list for trial, however, lists six (6) witnesses whom Plaintiffs anticipate will testify on "Oki's fraud." See Exh. 9.[1]

The Complaint in this action was filed on or around June 22, 2012 in Santa Clara Superior Court. The case was removed to the Court, without any amendment to the Complaint. (Dkt. # 1-1). The Complaint contains a single cause of action for Breach of Contract, indicating that Plaintiffs seek to enforce a December 14, 2005 development agreement between NavCom and Oki Semiconductor Co.[2] *Id.* at ¶¶ 23-28. The Complaint also contains a single sentence indicating that "Deere was an intended third party beneficiary of the agreement between NavCom and Oki Semiconductor Co.," which is the sole basis for Deere's presence as a party.

The Court entered the Case Management Order on November 26, 2012. (Dkt. # 57). That Order provides, among other things, that the deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty (60) days after entry of the Case Management Order, *i.e.,* January 25, 2013 (Dkt. # 57 at 1:22-23), and the fact discovery cutoff on September 13, 2013 (Dkt. # 57 at 2:2).

---

[1] Reference to the exhibits to the Declaration of Patrick J. Hoeffner in Support of Defendant Oki Electric's Motions in Limine, are referred to herein as "Exh. #".

[2] Defendant Oki Electric is the successor to Oki Semiconductor under the contract at issue in the Complaint for matters at issue in the above-captioned action. *See*, Docket Entry # 50.

5:12-cv-04175 EJD     3     DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD

On November 1, 2013, almost ten months after the deadline for amending pleadings and more than a month after the close of fact discovery, Plaintiffs filed their motion seeking leave to amend the Complaint. Along with that motion, Plaintiffs provided their proposed Amended Complaint, in which they aver their allegations of fraud in the inducement based upon, *inter alia*, Oki Electric's purported representation to NavCom that the desired RF ASIC chipset would be designed by Peregrine and misrepresented any role by ACCO. (Dkt. # 132-2 at ¶¶ 17-21, 25, 27, 29, and 37-43).

It is undisputed that the alleged evidence of fraud bears no relevance to the breach of contract claim. If the facts relating to fraud were relevant to breach of contract, Plaintiffs were required to include such facts in the Complaint and, at a minimum, in their discovery responses. However, a simple review of the Complaint reveals it makes no mention or suggestion of any allegation of fraud. *Id.* Nor is there any reference to or any mention of, much less reliance upon any now alleged critical role of the third party design company, Peregrine Semiconductor Corp. ("Peregrine"), despite Plaintiffs' newly asserted contention they relied upon Peregrine to actually design the product of the development agreement. (Dkt. # 132-2 at ¶ 42). Nor is there any mention of the French company ACCO, S.A. ("ACCO").

Plaintiffs' discovery responses are similarly lacking.[3] Plaintiffs provided initial responses to Defendant's First Set of Interrogatories in May 2013. On the last day of the discovery period, September 13, 2013, Plaintiffs supplemented their discovery responses, including their prior responses in context. Interrogatory No. 4 asked NavCom and Deere to "[s]tate in detail all actions by Defendants that are relied upon by Plaintiffs as evidence of a breach of contract by Defendants." (Exh.1). It is readily apparent that Plaintiffs' responses to Interrogatory No. 4 make no reference to the facts alleged in the proposed Amended Complaint, including *inter alia*, no reference to either Peregrine or ACCO. Additionally, none of the facts alleged in Plaintiffs' proposed fraud in the inducement claim were found in any of their discovery responses.

---

[3] NavCom's and Deere's responses to Defendant's interrogatories are identical and, as such, only one version is submitted to reduce any burden on the Court.

5:12-cv-04175 EJD

4

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD

Plaintiffs' failure to raise those facts in the discovery responses, which asked for any and all facts relating to breach of contract, demonstrates that the late pled cause of action for fraud is ***not*** relevant to their original and sole cause of action for breach of contract. As such, such arguments and evidence should be excluded as irrelevant pursuant to FED. R. EVID. 401.

Moreover, as explained in concurrently filed Motion in Limine No. 2 and in previous pleadings (*see, e.g.,* Dkt. # 102) "*consequential, exemplary, special, or incidental damages, including, without limitation, lost profits*" are not available in this lawsuit due to the plain language of the following provision of the development agreement:

> 16.0 LIMITATION OF LIABILITY. Notwithstanding any other provisions in this Agreement, **neither party shall be liable** with respect to its obligations under this Agreement **for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits**, even if it has been advised of the possibility of such damages, except in the case of fraud; malicious, willful, or intentional tortious acts; breaches of confidentiality; obligations to indemnify under these Terms and Conditions; violation of either party's intellectual property rights; or claims arising out of or relating to personal injury and/ or death.

(Exh. 2). Therefore, even if Plaintiffs' attempt to argue that allegations of fraud are admissible because fraud would render the limitation of liability provision unenforceable, that argument should be firmly rejected. In discovery, Oki Electric served a specific interrogatory asking whether Plaintiffs contended that any provision of the development agreement was unenforceable. At the close of discovery on September 14, 2013, NavCom and Deere supplemented their discovery responses and stated unequivocally that they did not "contend that any provision of the Contract is void, inoperative, nullified, or unenforceable." (Exh.1, at Responses to Interrogatory No. 4). Accordingly, Plaintiffs have acknowledged the limitation of liability provision of Section 16.0 is not void, inoperative, nullified, or unenforceable. Further, Plaintiffs explicitly confirmed that they are not seeking consequential damages in this case and have not changed that position in any supplemental response. (Exh. 1, Responses to Interrogatory No. 2).

Moreover, even if the Court were to rule that these contentions are somehow relevant, they should still be excluded pursuant to FED. R. EVID. 403 because they are both prejudicial to

5:12-cv-04175 EJD

5

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD

Oki Electric and more likely to mislead and/or confuse the jury than to help them accurately resolve Plaintiffs' breach of contract claim. The unrelated fraud claims are highly prejudicial in that they are calculated to bias the jury by leading them to believe Oki Semiconductor intentionally misled NavCom. Given that the Plaintiffs allege Oki Semiconductor breached the asserted contract in July 2008, any allegations of allegedly fraudulent conduct occurring prior to the execution of the Original Agreement in 2005, are far more prejudicial than probative of any issue the jury is required to resolve. Thus, any alleged probative value is far outweighed by their prejudicial effect and likelihood of jury confusion.

The prejudice to Oki Electric is compounded in this case because Plaintiffs failed to timely disclose any claim for fraud or contend that they were asking for consequential damages during discovery. The untimely nature of the proposed Amended Complaint is made even more prejudicial by the proposed amendment's failure to provide critical information required under FED. R. CIV. P. Rule 9, including when exactly the purported representations were made, how they were allegedly relied upon and who allegedly relied upon them. Because discovery was closed and motions for summary judgment were filed *before* NavCom raised its fraud allegations, Oki Electric was deprived the opportunity to fully develop through discovery including, *inter alia*, (a) the facts relating to the fraud allegations, (b) the reasons, if any, that such claims would survive the amendment of the December 2005 agreement, which was made long ago with full knowledge that ACCO, not Peregrine, had a lead role in designing the product, (c) the evidence rebutting the baseless fraud allegations and, (d) the opportunity to cross-examine Plaintiffs' witnesses, including the declarants whose declarations were presented in support of the untimely motion to amend.

## **CONCLUSION**

In sum, the barriers to Plaintiffs presenting arguments or evidence relating to fraud in the inducement in this case are insurmountable. First, fraud in the inducement is not at issue in this case. Second, untimely fraud allegations and evidence relating thereto is not relevant to, nor required to resolve, the sole claim for beach of contract in this case rendering them inadmissible

5:12-cv-04175 EJD

6

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 1 – TO PRECLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF FRAUD

under FED. R. EVID. 401.  Third, even if one assumes *arguendo* the evidence is somehow relevant to the breach of contract claim despite it having not been identified as such in the Complaint or discovery responses, its probative value is substantially outweighed by the clear danger of unfair prejudice to Oki Electric, the substantial risk of confusing the issues and misleading the jury.

Accordingly, Oki Electric's motion should be GRANTED, precluding Plaintiffs from presenting any arguments or evidence relating to their unpled fraud claim on the grounds that such arguments and evidence are irrelevant, and/or more likely to prejudice, mislead and confuse the jury than to prove any relevant fact or resolve any issue in this case.

Dated: March 7, 2014                              Respectfully Submitted,

                                                  MAKMAN & MATZ LLP




                                                  By:  /s/ David A. Makman
                                                       DAVID A. MAKMAN,
                                                       Attorneys for Defendant
                                                       OKI ELECTRIC INDUSTRY CO., LTD.

5:12-cv-04175 EJD                                                                 DEFENDANT OKI ELECTRIC INDUSTRY CO.
                                                                                  LTD'S MOTION IN LIMINE NO. 1 – TO
                                            7                                     PRECLUDE TESTIMONY AND EVIDENCE
                                                                                  RELATING TO ALLEGATIONS OF FRAUD