NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY**<br><br>Date: March 21, 2014<br>Time: 11:00 am<br>Place: Courtroom 4, San Jose<br>Judge: Honorable Edward J. Davila<br><br>**Trial Date: April 8, 2014** |

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

PLEASE TAKE NOTICE that on March 21, 2014 at 11:00 a.m., before the Honorable Edward J. Davila, United States District Court for the Northern District of California, Courtroom 4, San Jose, Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") will, and hereby does move this Court for an order excluding evidence that Plaintiff Deere is a third party beneficiary under Rules 401 and/or 403 of the Federal Rules of Evidence.

## INTRODUCTION

Defendant Oki Electric Industry Co. Ltd. ("Oki Electric") hereby submits its Motion in Limine Number 3 to preclude Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") (collectively "Plaintiffs") from presenting evidence and advancing arguments concerning Deere's status as a third party beneficiary to the subject contract, a position explicitly precluded by the terms of the subject contract, on the grounds that (1) such evidence and arguments are irrelevant under FED. R. EVID. 401, and (2) such evidence and arguments are far more prejudicial than probative under FED. R. EVID. 403.

The Complaint in this litigation includes a single cause of action for breach of contract. Navcom and Deere have admitted in their responses to Oki Electric's requests for admission that Deere is not a party to the contract. Instead, Deere asserts it is a third-party beneficiary. (Exh. 5 at No. 1) The contract at issue is a development agreement that expressly states "*[n]othing in this Agreement shall inure to the benefit of or be deemed to give rise to any rights in any third party, whether by operation of law or otherwise*."[1] Exh. 2 at ¶ 24.0. It is obvious that where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered.

---

[1] Reference to the exhibits to the Declaration of Patrick J. Hoeffner in Support of Defendant Oki Electric Industry Co. Ltd.'s Motions in Limine, are referred to herein as "Exh. #."

| 5:12-cv-04175 EJD | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY |
|---|---|
| 1 | |

This motion is necessary because Plaintiffs intend to present evidence and arguments that relate solely to the legal issue of whether Deere is an intended third party beneficiary to the contract at issue, a proposition that is refuted as a matter of law by the plain terms of the contract itself.

Oki Electric respectfully submits that Plaintiffs should be precluded from offering evidence that Deere is an intended third party beneficiary of the contract, in contradiction to the contract's own language. Permitting Plaintiffs to present evidence that Deere is a third party beneficiary would be highly prejudicial to Oki Electric and is likely to mislead and confuse the jury.[2]

## STATEMENT OF LAW

Motions *in limine* provide a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Under appropriate circumstances, a motion *in limine* may be used to exclude inadmissible or prejudicial evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

Evidence is **relevant** if:

  **(a)**  it has any tendency to make a fact more or less probable than it would be without the evidence; and

  **(b)**  the fact is of consequence in determining the action.

FED. R. EVID. 401 (2014). It is axiomatic that, in order for a fact to be of consequence in determining an action, that fact must relate to at least one of the elements of the causes of action

---

[2] Deere's presence in this case is premised on its alleged third-party beneficiary status. Oki Electric filed a summary judgment motion related to this issue (Dkt. # 102), and briefed this issue in response to a summary judgment motion by Plaintiff (Dkt. #111-4, at 8-13). Those pleadings provide a full discussion of the reasons why Deere cannot be a third party beneficiary to the contract as a matter of law. However, if Deere is not dismissed, the evidentiary issue precipitated thereby must be addressed.

| 5:12-cv-04175 EJD | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY |
|---|---|
| 2 | |

or available defenses. If Plaintiffs' evidence regarding Deere's status as a third party beneficiary cannot meet this test, then that evidence is not relevant.

Even relevant evidence can be excluded when its probative value is outweighed by its prejudicial nature and/or likelihood to mislead or confuse the jury. Specifically,

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403 (2014).

The balancing of probative value against prejudicial effect is left to the discretion of the court. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417-8 (9th Cir. 2009) (upholding district court's decision to exclude prejudicial evidence that might mislead or confuse the jury). However, "the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d).

## ARGUMENT

Evidence and arguments by Plaintiffs regarding Deere's status as a third party beneficiary are irrelevant. The plain terms of the contract make clear that Deere is not and cannot be an intended third party beneficiary under California law.

The contract states that it is governed by the laws of the State of California. Exh. 2, at ¶ 22.0. Under California precedent, "[t]he test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1022 (2009); *see also Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993) ("If the parties to the contract had no intention to benefit a third party, that third party has no rights under the contract."); *Kalmanovitz v. Bitting* 43 Cal.App.4th 311, 315 (1996) ("[I]n order to recover as third party beneficiaries of [the] agreement, claimants must show the agreement was made expressly for their benefit. (Civ. Code, § 1559.)"). The California courts have held that "intent is

5:12-cv-04175 EJD

3

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY

pivotal," and "[u]ltimately, the determination turns on the manifestation of intent to confer a benefit on the third party." *Spinks*, 171 Cal. App. 4th at 1023.

The undisputed language of the subject contract clearly expresses the parties' intent to exclude third party beneficiaries: "Nothing in this Agreement shall inure to the benefit of or be deemed to give rise to any rights in any third party." Exh. 2, at ¶ 24.0. The Ninth Circuit and other courts have repeatedly held that such language prevents claims by third party beneficiaries. *See, e.g.*, *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008) (holding that a third party was not entitled to enforce a consent decree that "explicitly provide[d]" that "'[n]othing in this Consent Decree is intended either to create any rights in or grant any cause of action to any person not a party to this Consent Decree'"); *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003) (holding that contract excluded third party beneficiaries because it contained a section entitled "No Third Party Beneficiaries," which provided that "[t]his agreement [is] not intended to confer upon any person other than the parties any rights or remedies."); *Consolidated Edison, Inc. v. Northeast Utils.*, 426 F.3d 524, 528 (2d Cir. 2005) (holding that a contract prohibited recovery by third parties by stating that "[t]his Agreement [is] not intended to confer upon any person other than the parties any rights or remedies"); *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 977 (C.D. Cal. 2004) (dismissing a claim by an alleged third party in light of a provision stating that "[t]he provisions of this Agreement are for the benefit only of the parties hereto, and no third party may seek to enforce, or benefit from, these provisions," because "the Court has not found any authority that would allow it to abrogate an express no third-party beneficiary provision in direct contravention of the mandate of California Civil Code section 1559."); 9 Corbin on Contracts § 44.6, p. 68 (rev. ed. 2007) (stating that it is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered").

5:12-cv-04175 EJD

4

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY

The Ninth Circuit recently addressed a similar contract in *Balsam v. Tucows Inc.*, 627 F.3d 1158, 1161 (9th Cir. 2010). There, the Ninth Circuit affirmed the lower court's grant of a motion to dismiss claims by a third party beneficiary, where the contract contained a clause excluding claims by third party beneficiaries: "*No Third–Party Beneficiaries*: This Agreement shall not be construed to create any obligation by either [party] to any non-party to this Agreement, including any Registered Name Holder." Undeterred by language elsewhere in the contract granting rights to "Registered Name Holders," the court held that "the 'No Third Party Beneficiaries' clause unambiguously manifest[ed] an intent not to create any obligations to third parties through the [agreement]," and affirmed the lower court's dismissal of the third party's claims. *Id.* at 1163.

Here, despite the contract's unambiguous terms excluding the possibility of third party beneficiaries, Plaintiffs persist in offering evidence, arguments, and testimony to the effect that Deere is a third party beneficiary. Because the terms of the contract expressly exclude third party beneficiaries, evidence to the contrary is irrelevant under Fed. R. Evid. 401. Such evidence lacks "any tendency to make a fact more or less probable than it would be without the evidence," Fed. R. Evid. 401, because the language of the contract by itself is determinative of this issue. Furthermore, because there can be no third party beneficiaries under the contract, any facts other than the language of the contract are of no consequence in determining the action. Fed. R. Evid. 401. Plaintiffs should be precluded from offering it at trial. *See Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 456 (Cal. Ct. App. 1987) (affirming lower court's determination that contract evidenced "no express intent" to benefit plaintiff, and holding that "the trial court properly granted the motion *in limine* to exclude reference to [Plaintiff] as a third-party beneficiary").

In addition to being irrelevant, any evidence or testimony that Plaintiffs may present regarding Deere's status as a third party beneficiary of the contract is highly prejudicial to Oki Electric, and Oki Electric respectfully requests that the Court exclude this evidence under FED. R.

5:12-cv-04175 EJD

5

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY

EVID. 403. Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, the alleged damages to Deere, which it claims solely on the basis of it being a third-party beneficiary, greatly exceed (by more than 30 times) the amount Navcom actually paid Oki Semicondutor under the contract.  Oki Electric would be significantly prejudiced if the Court permits Plaintiffs to present Deere's impermissible alleged lost profit damages figures to the jury since Navcom will unfairly benefit from the "shock value" of these irrelevant damages numbers, which is likely to mislead and confuse the jury and result in reversible error.

Additionally, arguments and evidence regarding alleged injury to Deere lack any probative value and may bias jurors against Oki Electric.  Deere is a well-known American company, while Oki Electric is a lesser-known Japanese company.  The accusation by a well-known and highly respected international company like Deere that Oki has caused it millions and millions of dollars in damages is not only likely to wrongly influence the jury on the damages issue, but may also influence the jury on the liability issue.  Such bias far outweighs the probative value of the evidence and cannot be cured by a limiting instruction.

Presentation of evidence and arguments relating to Deere's alleged status as a third party beneficiary will also cause confusion among the jury and will waste the time of the parties and the Court.  The jury is tasked with deciding Navcom's damages; additional damages numbers regarding only Deere are likely to be misconstrued, with the jury being mislead and confused as to which damages numbers are relevant.  Further, because evidence regarding Deere's status as a third party and damages has no probative value with regard to the breach of contract claim, the only claim in the case, a presentation of such evidence is a waste of time, and will needlessly waste the Court's resources and extend the duration of the trial.

5:12-cv-04175 EJD

6

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY

**CONCLUSION**

Oki Electric's motion should be **GRANTED**, and Plaintiffs should be precluded from offering arguments, evidence and testimony regarding Deere's status as a third party beneficiary to the contract.

Dated: _March 7, 2014                              Respectfully Submitted,

                                                    MAKMAN & MATZ LLP


                                                    By:  /s/ David A. Makman

                                                    DAVID A. MAKMAN,
                                                    Attorneys for Defendant
                                                    OKI ELECTRIC INDUSTRY CO., LTD.

5:12-cv-04175 EJD

7

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY AND EVIDENCE THAT PLAINTIFF DEERE IS A THIRD PARTY BENEFICIARY