NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,

Plaintiffs,

v.

OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,

Defendants.

Case No. 5:12-cv-04175 EJD

**DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE TESTIMONY OF YOKO GOTO**

Date: March 21, 2014
Time: 11:00 am
Place: Courtroom 4, San Jose
Judge: Honorable Edward J. Davila

**Trial Date: April 8, 2014**

**INTRODUCTION**

Plaintiffs' second motion *in limine* seeks to preclude Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") from offering testimony at trial from Yoko Goto, who Plaintiff deposed as a Rule 30(b)(6) representative of Oki Electric. Plaintiffs allege that Oki Electric did not disclose Ms. Goto in its Rule 26 initial disclosures, that Ms. Goto lacks personal knowledge of the "events underlying this litigation" and, as such, should be excluded under FED. R. EVID. 602, and that Ms. Goto's testimony would constitute "inadmissible hearsay" if presented as a corporate representative under Rule 30(b)(6). Plaintiffs' motion, however, is overbroad and should be denied.

Oki Electric was not required to disclose Ms. Goto in its initial disclosures and, even if it had been, Plaintiffs have failed to present any evidence of harm. Rule 26(a) does not require the disclosure of Rule 30(b)(6) witnesses. Moroever, Rule 26(e) excuses supplementation of initial disclosures if the identity and purpose of the witness has "otherwise been made known to the other parties during the discovery process." Here, Plaintiffs deposed Ms. Goto as a 30(b)(6) witness. Plaintiffs do not assert any prejudice resulting from any alleged failure to supplement the initial disclosures.

Additionally, contrary to Plaintiffs' assertions, Ms. Goto is a competent and essential fact witness due to her personal knowledge. In addition to her role in the collection of documents for the case from sources including third parties who no longer work for the company or third parties which were dismissed from the case, Ms. Goto "spent several months collecting information in response to the Deposition Notice and preparing for the [30(b)(6)] deposition," as Plaintiffs admit. Dkt.# 182-4 at 1. As such, Ms. Goto has personal knowledge sufficient to testify. She could provide, for example, testimony in her capacity as custodian of certain documents, or foundational testimony relating to the collection and retention of documents should Plaintiffs seek to object on such grounds. Ms. Goto's personal knowledge is more than adequate to defeat Plaintitffs objections under FED. R. EVID. 602 and potential hearsay issues are unfounded. Moreover, the scope of her relevant personal knowledge was explored by Plaintiffs on deposition, so they will suffer no prejudice here.

**ARGUMENT**

**1. Oki Electric Will Offer Ms. Goto Only As A Fact Witness**

Plaintiffs' arguments regarding Fed. R. of Evid. 602 are misplaced. In their brief, Plaintiffs admit that Ms. Goto "spent several months collecting information in response to the Deposition Notice and preparing for the [30(b)(6)] deposition." (Dkt.# 182-4 at 1.) Ms. Goto, if called, will testify only to those portions of her 30(b)(6) testimony to which she has personal knowledge. These subjects include, for example, testimony in her capacity as custodian of certain documents, or foundational testimony relating to the collection and retention of documents. Such testimony is permissible under FED. R. EVID. 602. *Cf. Woods v. Austal, U.S.A., LLC,* CIV.A. 09-0699-WS-N, 2011 WL 1380054, at *4-5 (S.D. Ala. Apr. 11, 2011) (denying motion to strike portions a Rule 30(b)(6) deponent's declaration on personal knowledge grounds, where "aspects of the . . . Declaration are properly couched as addressing present-day Austal policies, and events occurring at Austal after [deponent] began working there, as to which he would logically be expected to have personal knowledge."). Her role in this regard has been particularly important given the fact that the contracting party – Oki Semiconductor – no longer exists and its former employees having any involvement in the underlying matter have moved on.

**2. Oki Electric Provided Sufficient Notice of Ms. Goto as a Trial Witness**

**a. Oki Electric Was Not Required to Identify Ms. Goto In Its Rule 26 Initial Disclosures**

Rule 26(a) requires a party to disclose "the name . . . of each individual ***likely to have discoverable information***--along with the subjects of that information--that the disclosing party may use to support its claims or defenses . . . ." (emphasis added). Although Ms. Goto "had no personal involvement with the NavCom RF ASIC project" she has been involved in Oki Electric's defense since the inception of the case, (Dkt.# 182-4 at 1.) In fact, given Ms. Goto's lack of knowledge at that time, it would have been misleading to identify her as an "individual likely to have discoverable information." Thus, under the plain language of Rule 26(a), Oki Electric was not required to disclose Ms. Goto in its initial disclosures.

Additionally, parties are not required to disclose Rule 30(b)(6) witnesses in their initial disclosures. *Moore v. Computer Associates Int'l, Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009) (holding that Rule 26 does not require the disclosure of Rule 30(b)(6) corporate representatives); *see also Medpace, Inc. v. Biothera, Inc.*, 1:12-CV-179, 2013 WL 6158181, at *2 (S.D. Ohio Nov. 25, 2013) (citing *Moore*) (stating that Rule 26 does not require disclosure of corporate entities). Additionally, one Northern District of California court has suggested that offering a witness as a 30(b)(6) deponent negates the requirement to disclose the witness in a party's Rule 26 initial disclosures altogether. *See Turner Const. Co. v. Nat'l Am. Ins. Co., Inc.*, C-03-1227 SBA, 2004 WL 6066675, at *9 (N.D. Cal. Sept. 20, 2004) ("If Turner intended to offer these witnesses at trial it should have disclosed them pursuant to FRCP 26 or designated them as 30(b)(6) deponents."). At the time, Ms. Goto was testifying in her capacity as a corporate representative, not as an individual. Oki Electric was not required to include her in its initial Rule 26(a) disclosures.

Likewise, Rule 26(e) did not require Oki Electric to supplement its initial disclosures after Ms. Goto's 30(b)(6) deposition. Ms. Goto was not selected to serve as a corporate representative until after Plaintiffs' Rule 30(b)(6) deposition notice. Following Ms. Goto's Rule 30(b)(6) deposition, Plaintiffs were well aware of her existence and relevance. Rule 26(e) requires a party to supplement its initial Rule 26(a) disclosures only if the identity and purpose of the witness has "not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e). *See Nuance Commc'ns, Inc. v. ABBYY Software House*, C 08-02912 JSW MEJ, 2012 WL 2838431, at *1-2 (N.D. Cal. July 10, 2012) (refusing to exclude witnesses where opposing party did not allege that they were unaware of the witnesses, and holding that it "is not the law" that "a party can never rely on witnesses who were only disclosed during the discovery process and not officially identified through supplemental disclosures."); *Vieste, LLC v. Hill Redwood Dev.*, C-09-04024 JSW DMR, 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011) (holding that mention of two witnesses at a deposition "discharged Defendants' duty to supplement their disclosures with respect to these two individuals."); *Goodworth Holdings Inc. v. Suh*, 239 F. Supp. 2d 947, 967 (N.D. Cal. 2002) aff'd, 99 F. App'x 806 (9th Cir. 2004) (holding that failure to

disclose a witness was harmless where opposing party had deposed the witness). Plaintiffs admit that they have been aware of Ms. Goto, and aware of the substance of her Rule 30(b)(6) testimony, since her Rule 30(b)(6) deposition on September 9 and 10, 2013. Moreover, the function of Rule 26 initial disclosures is "not [the] identification of testifying witnesses at trial," but rather to enable discovery by the parties. *El Camino Res. Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2009 WL 1228680, at *3 (W.D. Mich. Apr. 30, 2009). Thus, there was no need or requirement for Oki to supplement its initial disclosures under Rule 26(e).

**b. Any Failure by Oki Electric to Identify Ms. Goto Was Harmless**

Moreover, even assuming *arguendo* that Oki Electric was required by Rules 26(a) and (e) to disclose Ms. Goto in its initial disclosures, its failure to do so was harmless under Rule 37 and Plaintiffs have not identified any alleged prejudice. Rule 37 provides an exception where the failure "was substantially justified or is harmless." This exception is directly applicable here, where Ms. Goto was known to all parties: according to the 1993 Advisory Committee notes to Rule 37, "Limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness ***known to all parties*** . . ."

The Ninth Circuit has held that in analyzing whether a failure "was substantially justified or is harmless," a court should consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Plaintiffs' do not allege, in their motion, any prejudice as a result of Oki Electric's alleged failure to disclose Ms. Goto in its initial disclosures. Nor could they; Plaintiffs have been on notice of Ms. Goto

Case5:12-cv-04175-EJD Document202 Filed03/11/14 Page6 of 7

ever since they took her Rule 30(b)(6) deposition.[1] Earlier notice would not have afforded Plaintiffs any increased opportunities to prepare for trial, and the allegedly late disclosure will not disrupt the trial in any way. All told, Plaintiffs have effectively conceded that they will suffer no prejudice whatsoever if Ms. Goto is allowed to testify.

Furthermore, Ms. Goto's testimony is primarily expected to address matters relating to her Rule 30(b)(6) deposition to which she has personal knowledge, such as testimony in her capacity as custodian of certain documents, or foundational testimony relating to the collection and retention of documents. Courts have held that allowing testimony supporting previously disclosed documents in this manner is not prejudicial. *See Ashman v. Solectron, Inc.*, CV 08-1430 JF, 2010 WL 3069314, at *4-5 (N.D. Cal. Aug. 4, 2010) ("To the extent that Ek is testifying as a custodian of records, the Court perceives no prejudice to Ashman."); *Johnson v. Fed. Exp. Corp.*, 1:12-CV-444, 2014 WL 65761, at *3-4 (M.D. Pa. Jan. 8, 2014) (allowing undisclosed witnesses to testify at trial where "the witnesses merely acted as substitutes for properly disclosed corporate witnesses to authenticate FedEx's business records in accordance with the Federal Rules of Evidence. . . . FedEx does not introduce new evidence through the witnesses; rather, the witnesses simply explain the previously disclosed business records."); *cf. Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1120 (N.D. Cal. 2011) (allowing a witness declaration that "merely authenticates payroll records and W–2 forms that Plaintiffs already knew existed."). This is true particularly where, as here, Plaintiffs have not asserted any prejudice. *See, e.g.*, *Moore v. BASF Corp.*, CIV.A. 11-1001, 2012 WL 4344583, at *3 (E.D. La. Sept. 21, 2012) ("[T]he Court finds that the failure to disclose was harmless if the witness's role at trial is limited to the authentication of documents. The witness is necessary to the defendant's ability to admit other evidence, and plaintiffs have not asserted any potential prejudice.").

---

[1] The fact that it was a Rule 30(b)(6) deposition, and not a fact deposition, is irrelevant. *See Woods*, 2011 WL 1380054 at *4-5 ("Finally, with respect to Don Keeler, plaintiff cannot plausibly suggest that he was never identified as a witness with discoverable information. After all, [Defendant] designated him as its Rule 30(b)(6) witness in this case, and plaintiff deposed him. . . . Even if plaintiff could somehow fashion a viable failure-to-disclose argument concerning Keeler, any such failure would be harmless given that plaintiff had and availed himself of the opportunity to take Keeler's deposition at great length.")

5:12-cv-04175 EJD

5

DEFENDANT OKI ELECTRIC'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE THE TESTIMONY OF YOKO GOTO

**3. Oki Electric Is Not Presenting Ms. Goto As a 30(b)(6) Witness**

Finally, Plaintiffs complain that Oki Electric intends to offer Ms. Goto's testimony under the FRCP 30(b)(6) hearsay exception. That is incorrect. As described above, Oki Data intends to offer Ms. Goto to testify with regard to facts of which she has personal knowledge. Plaintiffs' arguments in this regard are misplaced.

**CONCLUSION**

Oki Electric was not required to disclose Ms. Goto as a trial witness under Rule 26 and, even if it had been, the alleged failure to do so is harmless under Rule 37. Despite Plaintiff's assertions to the contrary, to the extent Ms. Goto is called as a witness, it will be as a fact witness for the limited purposes identified above, not as a corporate representative.

Accordingly, Oki Electric respectfully requests that the Court **DENY** Plaintiffs' motion, and permit Ms. Goto to testify if called at trial.

Dated: March 11, 2014

Respectfully Submitted,

By: /s David A. Makman /s

DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547