MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     415.442.1000
Fax:    415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>                    Plaintiffs,<br><br>             vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive,<br><br>                    Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**PLAINTIFFS NAVCOM TECHNOLOGY, INC. AND DEERE & COMPANY'S OPPOSITION TO DEFENDANT OKI ELECTRIC INDUSTRY CO., LTD.'S MOTION IN LIMINE NO. 2 (RE: DAMAGES)**[1]<br><br>Date:  March 21, 2014<br>Time:  11:00 a.m.<br>Courtroom:  4<br>Judge:  Hon. Edward J. Davila |

---

[1] Pursuant to the Court's Standing Order (Dkt. No. 89) and Standing Order Re Pretrial Preparation, the above-captioned document is due on March 11, 2014.  In the early afternoon of March 11, 2014, the Court issued an Order (Dkt. No. 199) resolving a number of pending motions.  Plaintiffs have not had the opportunity to consider what changes, if any, should be made to this document in the light of the Court's Order (Dkt. No. 199).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

PLAINTIFFS' OPP. TO
OKI'S  MIL NO. 2
5:12-CV-04175 EJD

## I. INTRODUCTION.

Oki's Motion in Limine No. 2 (Dkt. No. 185-3) ("Oki MIL No. 2") is a needless re-hash of arguments presented in Oki's previously filed summary judgment briefing. *See, e.g.*, Dkt. No. 102. If Oki's summary judgment motion on the issue of damages is denied, as it should be, then Oki's MIL No. 2 should be denied as well. Oki makes no new arguments, and cites no new caselaw or evidence, that is not cited in Oki's prior summary judgment briefing in its MIL No. 2.

In Oki's MIL No. 2, as before, Oki mischaracterizes both the contract provision on which it relies and the damages Plaintiffs seek in this case.

First, on its face the relevant contract provision does not bar all claims for lost profits. Under well-established law, ignored completely by Oki, there are two types of lost profits damages: direct and indirect. Section 16.0 of the Agreement prohibits only indirect lost profits damages. Therefore, Oki's (mis)characterization of Plaintiffs' damages as "lost profits" does nothing to establish that those damages are precluded under the Agreement.

Second, Plaintiffs are not seeking lost profits or other consequential damages at all. Plaintiffs are seeking damages for the increased costs it was forced to incur as a direct result of Oki's breach, *i.e.*, the difference between what Plaintiffs would have paid Oki for the RF ASICs[2] that Oki promised to deliver and the cost of the "discrete solution" (made up of off-the-shelf discrete semiconductor and other components) that Plaintiffs were forced to use when Oki failed to deliver. Oki incorrectly claims that these increased costs constitute consequential and/or lost profits damages. Oki cites no caselaw supporting its attempt to characterize these damages as "lost profits." Instead, Oki relies on its own peculiar "logic." But under Oki's "logic," any costs incurred by Plaintiffs as a result of Oki's breach are "lost profits" because all costs necessarily affect profits of the end product. Oki's "logic" should be rejected.[3]

---

[2] An RF ASIC is a microchip (or set of microchips) that integrates the functions of a number of discrete semiconductor components into a single chip (or set of chips), thereby reducing cost and number of parts and increasing reliability.

[3] Plaintiffs are not claiming the profit margin, *i.e.*, the difference between its costs and the sale price, as damages. Plaintiffs' claims make no reference to sales at all — not sales price, not sales volumes, not missed sales — and therefore do not (and cannot) refer to any profit NavCom or Deere could have made. Dkt. No. 186-1, Ex. 3 (Hansen Report).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB2/ 24837196.3

1

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD

Lastly, Oki continues to ignore, and in fact fails to mention at all in its motion, that the limitation of liability provision will be inapplicable if the jury finds that Oki committed fraud.

Oki's MIL No. 2 should be denied.

## II. ARGUMENT.

### A. Section 16.0 Of The Agreement Does Not Bar Direct Damages, Including Direct Lost Profits Damages.

"Contractual damages are of two types — general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (2004). General damages are those damages that arise naturally from breach, or might have been reasonably contemplated or foreseen by the parties as the probable result of the breach. *Glendale Fed. Sav. & Loan Ass'n. v. Marina View Heights Dev. Co.*, 66 Cal. App. 3d 101, 125 (1977); CAL. CIV. CODE § 3300. Conversely, "[u]nlike general damages, special damages are those losses that do not arise directly and inevitably from any similar breach of any similar agreement." *Lewis Jorge*, 34 Cal. 4th at 968.

As a matter of well-established law, there are two types of lost profits damages: (1) general or direct lost profits, and (2) consequential or indirect lost profits damages. This is illustrated by a simple hypothetical transaction where A and B enter into a contract for the purchase of an automobile. A is the buyer and B is the seller. If A was planning to use the car to run a flower delivery business, the lost profits on the flowers that A could not sell are indirect lost profits damages. But if A is a car dealer that was planning to resell the car itself, the lost profits on the sale that A could not make because of B's breach are direct lost profits.

Courts interpreting contract provisions that are nearly identical to Section 16.0 of the Agreement have routinely concluded that a limitation of liability provision like Section 16.0 only prevents indirect or consequential lost profits damages for lost profits, not general or direct lost profits damages. *See In re First Magnus Financial Corp.*, No. AZ–10–1006–JuMkKi, 2010 WL 6452904 at *5 (9th Cir. Aug. 31, 2010) ("The plain language of Section 8.2 unambiguously

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

2

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD

restricts damages from lost profits in the context of incidental, punitive, indirect, special or consequential damages … [A] party's expectancy, or general damages, for loss of value due to a breach is a separate category of damages and legally distinct from consequential damages."); *Coremetrics, Inc. v. Atomic Park.com*, LLC, No. C-04-0222 EMC, 2005 WL 3310093 at *4 (N.D. Cal. Dec. 7, 2005) ("A reasonable jury, after having read this clause, could only conclude that Coremetrics and AtomicPark intended to bar recovery of indirect damages, of which lost profits is just one of several possible measures."); *Claredi Corp. v. SeeBeyond Technology Corp.*, No. 4:04CV1304 RWS, 2010 WL 1257946 at *6 (E.D. Mo. Mar. 26, 2010) (applying California law, the Court found "[a] plain reading of section 7.3 limits only *indirect* loss of profits and not lost profits which are direct damages").

In its MIL No. 2, Oki completely ignores this threshold contract interpretation issue and assumes, incorrectly, that if it can persuade the Court that Plaintiffs' damages may be characterized as "lost profits" then they are barred by Section 16.0 of the Agreement. Oki's assumption is wrong, and Plaintiffs' damages are not barred by the Agreement – notwithstanding Oki's mischaracterization of them as "lost profits."

### B. Plaintiffs Are Not Seeking "Lost Profits."

With little analysis and no supporting case law,[4] Oki simply mischaracterizes Plaintiffs' increased cost damages as impermissible "lost profits." Oki's argument is based on nothing more than Oki's "logic" that all costs in making a product may affect the profitability of the product and, therefore, all increased costs necessarily are "lost profits." Oki's argument would lead to the absurd result that Plaintiffs cannot recover *any* damages at all for Oki's breach of contract. Even the $860,000 that Oki contends elsewhere that Plaintiffs *should have paid* to mitigate Oki's breach, Dkt. No. 111-4 at 8:9-10, would not be recoverable because, according to Oki's MIL No.

---

[4] Oki cites only *Brandon & Tibbs v. George Kervorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 455-46 (1990), a case that did not address whether increased costs resulting from contract breach were general or consequential damages at all. In that case, the court affirmed an award of lost profits for the plaintiff, noting that there was no issue on appeal of the propriety of awarding lost profits damages because in the trial court "defense counsel acceded the point that if defendants, or any of them, were liable for breaching the contract, then lost profits was the proper measure of damages." *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

3

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD

2, "[b]y definition, any 'increased costs' can only be relevant to alleged damages to the extent they result in a loss of profit (i.e., the (price of product sold) – (cost of product sold))." Dkt. No. 185-3, at 4:17-18.

Plaintiffs are not seeking lost profits at all. Oki conducted no discovery, and has presented no evidence, regarding Plaintiffs' profits or profitability. Plaintiffs implemented the more costly discrete solution as a substitute for the RF ASICs that Oki was supposed to provide under the Agreement. It is undisputed by Oki that this discrete solution performs the same function as the planned RF ASIC, albeit at a greater cost. Plaintiffs are seeking only the increased costs they incurred for having to purchase over 500 additional parts, and to assemble those additional parts on a larger printed circuit board, because Oki failed to deliver the RF ASICs under the Agreement. Dkt. No. 186-1, Ex. 3 (Hansen Report) at ¶ 15.

Further, Plaintiffs' implementation of the discrete solution falls squarely within the definition of "cover" damages. "Cover" is defined under the U.C.C. as making in good faith, and without unreasonable delay, any reasonable purchase of substitute goods for those due from the seller. *See* CAL. COM. CODE §2712(1); *KGM Harvesting Co. v. Fresh Network*, 36 Cal. App. 4th 376, 380-81 (1995). The discrete solution represents a reasonable effort by Plaintiffs to purchase and use substitute goods to replace the RF ASICs that Oki failed to deliver under the Agreement. Under the U.C.C.,[5] the cost of "cover" is an item of general, not consequential damages. *See* CAL. COM. CODE § 2712(2) ("The buyer may recover from the seller as damages the difference between the cost of cover and the contract price *together with any incidental or consequential damages* . . . ." (emphasis added)); *see also* 24 WILLISTON ON CONTRACTS § 66:44 (4th ed.) ("The

---

[5] Oki conceded in previous briefing on this issue, the Agreement between the parties is governed by the Uniform Commercial Code. *See* Dkt. No. 102, at 8 (citing CAL. COM. CODE § 2719 and *RRX Indus., Inc. v. Lab-Con, Inc*., 772 F.2d 543, 548-49 (9th Cir. 1985) (applying U.C.C. to contract to supply software and services)). Apart from Oki's concession, it is clear the sale of goods, *i.e.*, the RF ASICs, is the predominant purpose of the Agreement. *See United States ex rel. Bartec Indus. v. United Pacific Co.*, 976 F.2d 1274, 1277 (9th Cir. 1992) (steel beams were "goods" under the California Commercial Code; fabrication and custom painting of beams were incidental to purpose of contract); *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 880 (6th Cir. 2007) (contract for custom parts for airbag sensors was primarily for goods, thus cost of cover damages were recoverable).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

4

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD

cost of cover is an item of 'general damage' at common law that is now recoverable under the Code, and does not fall within the category of special damage at common law that is now recoverable as consequential damage under the Code."); *KGM Harvesting*, 36 Cal. App. 4th at 380-81 (a buyer that effects cover in the face of a seller's breach of contract may also recover incidental and consequential damages, separate from cost of cover); *R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 274 (9th Cir. 1991) (same) (applying California law)); *Huntington Beach Union High Sch. Dist. v. Continental Info. Sys. Corp.*, 621 F.2d 353, 357 (9th Cir. 1980) (analyzing cost of cover under the category of "general damages," not consequential damages).

Finally, Oki's argument that Plaintiffs cannot recover damages that it would not have incurred "but for" Oki's breach confuses the distinct concepts of *causation* and *damages*. To be recoverable, *all* damages, including both direct and special damages, must be caused by the breach of contract, *i.e.*, they would not have been incurred "but for" the breach. This relates to causation. See JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS (CACI), § 352 (stating that for lost profits, plaintiff must prove it was reasonably certain that profits would have been earned "but for" breach); *Valenzuela v. ADT Sec. Servs., Inc.*, 820 F. Supp. 2d 1061, 1073 (E.D. Cal. 2010) (noting that the test for causation a breach of contract action is whether breach was a "substantial factor" in causing damages). Similarly, Oki's argument that Paul Galyean, plaintiffs' corporate witness, admitted that the damages were "but for" damages misses the point in the same way. See Dkt. No. 185-3 at 5:6-17 (citing Galyean Dep. Tr. at 186:4-24).[6]

---

[6] Oki's assertion that Plaintiffs are seeking damages that they indicated they were not seeking in verified discovery responses is false. Oki points out that in response to Interrogatory No. 2, Plaintiffs indicated that they are not seeking "consequential damages," which of course is true. Dkt. No. 186-1 (Hoeffner Decl.), Ex. 1 at 6. Oki fails to mention, however, that in response to preceding interrogatory, Interrogatory No. 1, which ask for information relating to "direct damages" sought by Plaintiffs, Plaintiffs set forth all of the damages that are in its expert's report. *Id.* at 4-6. Furthermore, Oki's citation to Plaintiffs' supplemental interrogatory responses, which it notes "were served on the last day of discovery," is deliberately misleading. Plaintiffs did not change the substance of its responses to Interrogatory Nos. 1 or 2 in those supplemental responses.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

5

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD

### C. Oki's Fraud Prohibits Oki From Limiting Its Liability.

The limitation of liability provision that Oki invokes (Section 16.0 of the Terms & Conditions section of the Agreement) specifically prevents application of any limitation of liability in the event of "fraud; malicious, willful, or intentional tortious acts; breaches of confidentiality; obligations to indemnify under these Terms and Conditions; violation of either party's intellectual property rights; or claims arising out of or relating to personal injury and/or death." Dkt. No. 186-1, Ex. 2 (Agreement) at OKI_LW_008272, § 16.0. Here, Plaintiffs intend to prove at trial that Oki committed fraud, which, if established, would preclude Oki from invoking the limitation of liability provision[7].

Plaintiffs intend to prove at trial that NavCom's decision to enter into the Agreement with Oki was the result of a classic "bait and switch" maneuver by Oki. Before the Agreement was signed, Oki repeatedly misrepresented to NavCom that Peregrine Semiconductor Corp., a company with significant experience and expertise in RF design, would design, together with Oki, the RF ASICs under the Agreement. Those were knowingly false representations. At the time, Oki knew that Peregrine had no interest in working on the design of the NavCom RF ASICs, and that this critical design work would be outsourced. Had NavCom been told the truth about Peregrine's role in the project, it would not have selected Oki or entered into the Agreement with Oki. The evidence at trial will show that, if Peregrine had been involved, Oki likely would

---

[7] It should be noted that Plaintiffs were not required to plead a fraud claim in order to present evidence that this case falls within the exception to Section 16.0 for fraud, etc. *See Civic Center Drive Apartments, Ltd. v. Southwestern Bell Video Servs.*, 295 F. Supp. 2d 1091, 1106 (N.D. Cal. 2003) ("Defendant asks this Court to hold that a limitation of liability provision may be enforced – even if it insulated a party from damages resulting from its own fraudulent acts – where a plaintiff alleges only breach of contract claims and does not assert a tort cause of action. Such a result is not required by the plain language of § 1668 . . ."); CAL. CIV. CODE § 1668 (forbidding contracts that exempt anyone from liability for fraud or willful injury). Further, Plaintiffs' position is consistent with their discovery responses. Omnibus Declaration of Brett M. Schuman in Supp. of Plaintiffs' Oppositions to Oki's Motions in Limine, Ex. 16 (NavCom's Resp. to 1st Revised RFAs) at 6 (RFA No. 17) ("Admit Deere & Co. has not asserted that Oki Semiconductor committed fraud with respect to the December 14, 2005 Agreement." "***Denied***.") (emphasis added); Ex. 17 (Deere's Resp. to 1st Revised RFAs) at 5 (RFA No. 13) (same). Plaintiffs' claim of fraud in the inducement falls squarely within the exceptions listed in Section 16.0 itself, and Plaintiffs need not argue that Section 16.0 is void, inoperable, nullified, or unenforceable to be entitled to recover the full extent of their damages.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

6

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD

have been able to design and deliver the RF ASICs to NavCom under the Agreement.

## III. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that Oki's MIL No. 2 be denied.

Dated: March 11, 2014            MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
BRETT M. SCHUMAN
Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24837196.3

7

PLAINTIFFS' OPP. TO
OKI'S MIL NO. 2
5:12-CV-04175 EJD