| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP | NAGASHIMA & HASHIMOTO |
| | BRETT M. SCHUMAN (SBN 189247) | MARC R. LABGOLD (*pro hac vice*) |
| 2 | bschuman@morganlewis.com | mlabgold@labgoldlaw.com |

MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:    415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere &
Company

NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone:     877-401-8855
Facsimile:     877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:     +81-3-3239-5750
Facsimile:     +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone:     650-242-1560
Facsimile:     650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY, | Case No. 5:12-cv-04175 EJD |
| Plaintiffs, | **JOINT SUBMISSION RE: PROPOSED JURY INSTRUCTIONS**[1] |
| vs. | Judge:  Hon. Edward J. Davila |
| OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive, | Courtroom:  4 |
| Defendants. | |

---

[1] Pursuant to the Court's Standing Order (Dkt. No. 89) and Standing Order Re Pretrial Preparation, the above-captioned document is due on March 11, 2014.  In the early afternoon of March 11, 2014, the Court issued an Order (Dkt. No. 199) resolving a number of pending motions.  The parties have not had the opportunity to consider what changes should be made to this document in the light of the Court's Order (Dkt. No. 199).  In submitting these instructions, neither party waives any rights relating to the Court's Order (Dkt. No. 199).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    Pursuant to the Court's Standing Order Re: Preliminary and Final Pretrial Conferences

2  and Trial Preparation In Civil Cases, Section 2(F), the parties hereby submit the proposed jury

3  instructions set forth herein in the following sections:

4          I.       Joint Set of Standard Preliminary and Closing Jury Instructions (p. 2); and

5          II.      Joint Set of Substantive Case-Specific Instructions (p. 56).

6

7  Dated:  March 11, 2014                          MORGAN, LEWIS & BOCKIUS LLP

8

9                                                   By:  /s/ Brett M. Schuman
                                                         BRETT M. SCHUMAN
10                                                       Attorneys for Plaintiffs
                                                         NavCom Technology, Inc. and Deere &
11                                                       Company

12 Dated:  March 11, 2014                          NAGASHIMA & HASHIMOTO

13

14                                                  By:  /s/ Marc R. Labgold
                                                        MARC R. LABGOLD (*pro hac vice*)
15                                                      Attorneys for Defendant
                                                        Oki Electric Industry Co., Ltd.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

## I.      Joint Set of Standard Preliminary and Closing Jury Instructions

2

**JOINT REQUESTED INSTRUCTION NO. 1:**

3

### Duty of Jury

4

      Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on

5

the law.

6

      You must not infer from these instructions or from anything I may say or do as indicating

7

that I have an opinion regarding the evidence or what your verdict should be.

8

      It is your duty to find the facts from all the evidence in the case. To those facts you will

9

apply the law as I give it to you. You must follow the law as I give it to you whether you agree

10

with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

11

prejudices, or sympathy. That means that you must decide the case solely on the evidence before

12

you. You will recall that you took an oath to do so.

13

      In following my instructions, you must follow all of them and not single out some and

14

ignore others; they are all important.

15

16

      AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.1B (April

17

2007).

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' REQUESTED INSTRUCTION NO. 2:**

2                              <u>**Claims and Defenses**</u>

3           To help you follow the evidence, I will give you a brief summary of the positions of the

4    parties:

5           Plaintiff Deere & Company, referred to in these instructions as Deere, is the parent

6    company of Plaintiff NavCom Technology, Inc., referred to in these instructions as NavCom.  In

7    December 2005, NavCom and Defendant entered into a contract for the development and

8    purchase of certain microchips for use in Deere's products.  NavCom claims that Defendant

9    breached the contract in July 2008 by unilaterally terminating the contract, thereby causing

10   Plaintiffs to suffer damages.  Deere claims it is a third-party beneficiary of the contract between

11   NavCom and Defendant and that Defendant's breach caused Deere damages.  In a few moments,

12   I will instruct you regarding the meaning of the term "third-party beneficiary."

13          *[NavCom also claims that it suffered damages as a result of its reliance on Defendant's*

14   *intentional misrepresentation prior to entering into the contract that Peregrine Semiconductor*

15   *Corp. would assist Defendant in designing the microchips.]*[2]

16          Plaintiffs have the burden of proving these claims.

17          Defendant denies these claims.

18

19          AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.2 (April

20   2007).

21

22

23

24

25

26   _____

27   [2] Plaintiffs have highlighted in yellow and bracketed/italicized all instructions relating to
     Plaintiffs' fraud claim.  If the Court denies Plaintiffs' pending motion for leave to amend, the
28   fraud instructions would still be relevant in that a finding of fraud would preclude any need for
     the Court to later apply the limitation of liability provision.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 2:**

Oki Electric objects to Plaintiffs' Proposed Preliminary instruction on the following grounds and has proposed its version of this instruction to address these points:

1.   At the outset the instructions should identify NavCom first and then Deere (subject to Deere's being dismissed from the case).  The case is captioned with Navcom as the primary plaintiff and, as such, Navcom should be introduced first.  The initial reference to Deere when NavCom is the primary plaintiff is prejudicial since Deere's presence in the case is as an asserted third-party beneficiary, a contested issue on which Plaintiffs bear the burden of proof.

2.  The language "for use in Deere's products" is prejudicial for the same reason.

3.  Plaintiffs proposed instruction makes reference to a preliminary instruction concerning "the meaning of the term 'third party beneficiary'", however, no preliminary instruction on this point is necessary or required.  Moreover, for the reasons addressed in the primary instructions, this instruction fails to fairly instruct the jury, to the prejudice of Defendant, in the case. Moreover, having a separate instruction on this point, overemphasizes the issue, which can prejudice the Defendant since similar instructions are not given as to the other substantive issues or defenses.

4.  Plaintiffs' proposed instruction should more properly identify an alleged beneficiary, as an "intended third-party beneficiary."  California law clearly distinguishes between "intended third party beneficiaries" and "incidental beneficiaries."  CAL. CIV. CODE § 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement as such, with a clear definition of the difference, the instruction should at least make clear the "intended" requirement.  *See also*, *Jones v. Aetna Casualty & Surety Co*. (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a beneficiary who is not an intended beneficiary.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

5.   The Ninth Circuit model Jury Instruction § 1.2 includes the insertion of Defendants defenses, which Plaintiffs' instruction entirely omits.  Oki Electric would be highly prejudiced by Plaintiffs omission.  Oki Electric's concise statement of its defenses is both beneficial to the jury's understanding and necessary to avoid prejudice to Defendant.

6.   The identification of the parties to the contract is incorrect and therefore, likely to lead to jury confusion. Defendant, Oki Electric, is not a party to the contract, and to indicate otherwise will likely lead to jury confusion.  The parties have agreed the following fact is undisputed: "NavCom and Oki Semiconductor Co. entered into the Customized Advanced GPS RF Chipset." Joint Pretrial Conference Statement at Undisputed Fact #3.  As such, the instruction should accurately reflect this undisputed fact.

7.   The term "microchips" is not used in the contracts, documents or testimony and, as such, is inaccurate, lacks foundation and is likely to lead to jury confusion.  It is more accurate to refer to the subject of the development as a RF ASIC, Nova RF ASIC, integrated circuits, or chipsets.

8.   Oki Electric objects to the inclusion of any accusation or defense based on fraud or misrepresentation.  See also, Oki Electric's objections to Plaintiffs' inclusion of references to fraud or misrepresentation, which objections are incorporated in their entirety into this objection.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 3:**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Deere & Company, referred to in these instructions as Deere, is the parent company of Plaintiff NavCom Technology, Inc., referred to in these instructions as NavCom.  In December 2005, NavCom and Oki Semiconductor entered into a contract for the development and purchase of certain integrated circuits referred to as a RF ASIC.   NavCom claims that Oki Semiconductor breached the contract in July 2008 by unilaterally terminating the contract, thereby causing Plaintiffs to suffer damages.  [Deere claims it is a third-party beneficiary of the contract between NavCom and Defendant and that Defendant's breach caused Deere damages.][3]

Plaintiffs have the burden of proving these claims.

Defendant denies these claims and has raised affirmative defenses summarized as follow:

In December of 2005, Navcom and Oki Semiconductor entered into an agreement to develop a RF ASIC chipset, which was defined by a specification incorporated into the contract and referred to as Specification Version 19.  Defendant refers to this as the Original Contract.  It is undisputed that Navcom and Oki Semiconductor are the only parties to the Original Contract. Oki claims that Deere is not an intended third-party beneficiary and that the parties expressly agreed that there could be no third party beneficiaries under the contract.

Defendant claims that in November 2006, NavCom and Oki Semiconductor mutually agreed not to develop or produce the RF ASIC defined by Specification Version 19, and instead, the parties entered into an Amended Contract, which substituted any obligation to develop the RF ASIC defined by Specification Version 19, with a new obligation to develop RF ASIC defined by Specification Version 25 (the "Amended Contract").  Defendant also claims that any claim for breach of the Original Contract is barred by the statute of limitations.

Defendant contends that the Amended contract was for the development of the specification that in February 2008, Navcom and Oki Semiconductor agreed that a "major

---

[3]  Remove if Deere is dismissed prior to trial with remaining instructions amended accordingly.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

redesign" of the RF ASIC defined by Specification Version 25 would be required, and at that time, they once again mutually agreed not to develop or produce the RF ASIC defined by Specification Version 25.   Defendant claims that following their mutual agreement, Navcom and Oki Semiconductor engaged in negotiations concerning the development of a new redesigned RF ASIC, which included four chips as distinguished from the prior designs, all of which were based on a 3-chip design.  Defendant claims that mutual agreement not to develop or produce the Nova RF ASIC, as defined by Specification Version 25 and the negotiations and conduct of the parties that followed prove the Amended Contract was rescinded/abandoned by mutual agreement and, as such, there can be no breach of contract.  Defendant also claims that any claim for breach of the Amended Contract is barred by the statute of limitations.

Defendant also claims that NavCom and Oki Semiconductor never entered into a contract to develop the four-chip chipset and, as such, any failure to produce the 4-chip chipset cannot be a breach of a contract since no such contract existed.

Additionally, Defendant claims that Oki Semiconductor had a right to terminate the agreement both under the language of the contract and because of Navcom's failure to perform its obligation and, therefore, its termination of its involvement in the development project could not be a breach of contract.

While Defendant denies any liability, it is required to respond to Plaintiffs' damages claims.  Defendant claims that Plaintiffs' damages are limited by the language of the contract and also because Plaintiffs failed to take reasonable steps to limit the damage they allege.

Defendant has the burden of proving its affirmative defenses.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.2 (April 2007).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 3:**

2

      Model Instruction §1.2 is, by its own terms, intended to give the jury a "brief summary of

3

the positions of the parties."  Defendant's proposed instruction is neither brief, nor does fairly set

4

forth the positions of *both* parties.  In fact, two-thirds of the instruction consists of contested facts

5

and arguments regarding Defendant's affirmative defenses, many of which Defendant did not

6

even plead.

7

      Plaintiffs submit that its version of Model Instruction §1.2 is fair to both parties.  In

8

addition, Plaintiffs agree that any affirmative defense that the Court permits to go to the jury

9

should be identified in Model Instruction §1.2.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 4:**

### <u>Burden of Proof – Preponderance of Evidence</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.3 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 5:**

**<u>Burden of Proof – Clear and Convincing Evidence</u>**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.


AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.4 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1 **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 5:**

2     Oki Electric objects to this instruction as irrelevant to the issues to be tried.

3     *See also*, Oki Electric's objections to Plaintiffs' inclusion of references to fraud or

4 misrepresentation, which objections are incorporated in their entirety into this objection.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 6:**

<u>**What is Evidence**</u>

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.6 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

12

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 7:**

**<u>What is Not Evidence</u>**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) During the trial, each side may also use charts, diagrams, summaries or other demonstrative aids.  These demonstrative aids are not evidence and cannot be relied upon as evidence unless I instruct you otherwise and then only for the purpose for which it is admitted.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.7 (April 2007); (modified); *see also, Id.* at §2.12.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

13

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 8:**

## **Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.8 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

14

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 9:**

**<u>Direct and Circumstantial Evidence</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.9 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

15

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 10:**

**<u>Ruling on Objections</u>**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.  Do not consider why an objection is made and do not consider my overruling or sustaining an objection as any indication of my opinion of the case or of my view of the substance of the evidence.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.10 (April 2007) (modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 11:**

## <u>Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.11 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 11:**

2           Oki Electric has proposed a simple modification to Plaintiffs' requested instruction, which

3    will neither waste time, nor prejudice Plaintiffs.  The requested modification, however, seeks to

4    address the possible prejudice to Defendant due to the particular factual circumstances of this

5    case.

6           Oki Electric respectfully submits that Plaintiffs' proposed instruction does not adequately

7    address the issue of the number of witnesses.  In this case, the absence of a thorough and

8    complete instruction could severely prejudice Oki Electric since the actual party to the contract(s)

9    with NavCom – Oki Semiconductor – no longer exists and, as a result, most of the individuals

10   having relevant knowledge are no longer employed by Oki Electric, are not under its control

11   and/or unavailable.  As such, unless fully instructed as proposed in Oki Electric's corresponding

12   proposed instruction, which derives from CACI §107, Oki Electric could be highly prejudiced by

13   a significantly lower number of witnesses.  Given that Plaintiffs will not be prejudiced and the

14   insertion of a single clarifying sentence will not impose any increased burden of the jury, Oki

15   Electric respectfully requests its instruction be used.

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 12:**

**<u>Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  Do not make any decision simply because there were more witnesses on one side than on the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.11 (April 2007)(modified); *see also*, Judicial Council of California, Civil Jury Instructions, § 107 (2014).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 12:**

2

  Plaintiffs object to this instruction on the ground that Defendant has unnecessarily

3

modified Model Instruction § 1.11 to include the language: "Do not make any decision simply

4

because there were more witnesses on one side than on the other.  If you believe it is true, the

5

testimony of a single witness is enough to prove a fact."  That sentence is unnecessary in that it

6

merely repeats the message of the preceding sentence, which states: "The weight of the evidence

7

as to a fact does not necessarily depend on the number of witnesses who testify about it."

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 13:**

<u>**Conduct of the Jury**</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   evidence that each party has had an opportunity to address. A juror who violates these restrictions

2   jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

3   entire trial process to start over. If any juror is exposed to any outside information, please notify

4   the court immediately.

5

6         AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.12 (October

7   2009).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

22

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 14:**

<u>**No Transcript Available to Jury**</u>

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.13 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

**JOINT REQUESTED INSTRUCTION NO. 15:**

**<u>Taking Notes</u>**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.14 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 16:**

**<u>Jury to Be Guided by Official English Translation</u>**

   Languages other than English may be used during this trial.  Although some of you may know Japanese, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation provided by the official court interpreter. You must disregard any different meaning.

   AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.16 and § 2.7 (April 2007) (Modified).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

25

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 17:**

2

**<u>Use of Interpreters in Court</u>**

3

     You must not make any assumptions about a witness or a party based solely upon the use

4

of an interpreter to assist that witness or party.

5

6

     AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.17 (April

7

2007).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 17:**

2

Oki Electric objects to Plaintiffs' instruction on the following grounds and has proposed

3

its version of this instruction to address these points.

4

Plaintiffs are both U.S. companies and all of their witnesses are Americans that speak

5

English. Conversely, Oki Electric is a Japanese company and all of its witnesses, with the

6

exclusion of one former employee, require an interpreter. The corresponding version offered by

7

Oki Electric, seeks to minimize any prejudice, by clearly instructing the jury that the witness has

8

a right to speak in their native language. The simple addition will not impose any additional

9

burden on the Court or the jury, and can reduce the risk of prejudice to Oki Electric. Moreover,

10

there is no possible prejudice to Plaintiffs by the clarifying language. *Cf., Oracle USA, Inc. et al.*

11

*v. SAP AG, et al.*, Case No. 4:07-cv-01658-PJH (N.D. Cal. 2007), Dkt. #1188 at Preliminary

12

Instruction No. 14.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 18:**

**<u>Use of Interpreters in Court</u>**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

All witnesses are entitled to testify in their native language regardless of their ability, or lack thereof, to speak English and, as such, the use of a translator should not in any way be a factor in your consideration of the witness' truthfulness and should not in any way influence your assessment of the substance or weight of their testimony.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.17 (April 2007)(modified); *Cf., Oracle USA, Inc. et al. v. SAP AG, et al.*, Case No. 4:07-cv-01658-PJH (N.D. Cal. 2007), Dkt. #1188 at Preliminary Instruction No. 14.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 18:**

2   Plaintiffs object to this instruction on the ground that Defendant has modified Model

3   Instruction § 1.17 without any authority for the additional language.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

29

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 19:**

## **Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.18 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 20:**

## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After all of the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.19 (April 2007)(modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 21:**

**<u>Stipulations of Fact</u>**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.2 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

32

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 22:**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.4 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 22:**

2

      Oki Electric objects to Plaintiffs' instruction on the following grounds and has proposed

3

its version of this instruction to address these points.

4

      As phrase, the jury may wonder why a corporate witness that is sitting in the room is not

5

being called to testify, but instead their deposition is being played or read by the opposing party.

6

The instruction limits the use of the deposition to witnesses that are not available in court, which

7

while a proper statement of law, does not account for 30(b)(6) witnesses of a party opponent. Oki

8

Electric also requests its proposed language to ensure the jury understands that the manner in

9

which it the deposition is presented, whether introduced by video or live, should not in and of

10

itself affect the weight of the evidence.

11

      Not only will Plaintiffs not be prejudiced by Defendant's proposed version, it will benefit

12

from it equally.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 23:**

2

<u>**Deposition in Lieu of Live Testimony**</u>

3

A deposition is the sworn testimony of a witness taken before trial. The witness is placed

4

under oath to tell the truth and lawyers for each party may ask questions. The questions and

5

answers are recorded in writing in what is called a transcript of the deposition.   The deposition

6

may also be recorded on video.  When a person is unavailable to testify at trial, the deposition of

7

that person may be used at the trial.  The deposition of an opposing party's corporate

8

representative may be used at trial and the witness does not have to be called live even if

9

available or in the courtroom.

10

You should consider deposition testimony, presented to you in court in lieu of live

11

testimony in the same way as if the witness had been present to testify.

12

The deposition can be presented to you by reading the transcript or by playing a video of

13

the questions.  You should give equal weight to the substance of the testimony regardless of its

14

method of presentation.  If the deposition is read, do not place any significance on the behavior or

15

tone of voice of any person reading the questions or answers.

16

17

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.4 (April

18

2007)(modified); *see also*, Judicial Council of California, Civil Jury Instructions, § 208 (2014).

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 23:**

2          Plaintiffs object solely to the sentence added by Defendant to this instruction that: "The

3   deposition of a party's corporate representative may be used at trial and the witness does not have

4   to be called live even if available or in the courtroom."  This is not an accurate statement of the

5   law.  *See TIG Ins. Co. v. Tyco Intern. Ltd.*, 919 F.Supp.2d 439, 454 (M.D.Pa. 2013) ("Although

6   Rule 30(b)(6) allows a corporate designee to testify to matters within the corporation's knowledge

7   during deposition, at trial the designee may not testify to matters outside his own knowledge to

8   the extent that information [is] hearsay not falling within one of the authorized exceptions.")

9   (internal punctuation and citations omitted).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' REQUESTED INSTRUCTION NO. 24:**

2                                    <u>**Expert Opinion**</u>

3           Some witnesses, because of education or experience, are permitted to state opinions and

4   the reasons for those opinions.

5           Opinion testimony should be judged just like any other testimony. You may accept it or

6   reject it, and give it as much weight as you think it deserves, considering the witness's education

7   and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9           AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.11 (April

10  2007).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 24:**

2          Oki Electric objects to Plaintiffs' instruction on the following grounds and has proposed

3   its version of this instruction to address these points.

4          First, Oki Electric has moved *in limine* to preclude the testimony of Plaintiffs' expert and

5   incorporates its motion in its entirety.  To that end, if Mr. Ward is precluded, the instruction will

6   be unnecessary since, if its motion is granted, Oki Electric does not intend to offer expert

7   testimony as it does not believe such opinions are relevant to the issues that the jury must resolve.

8          Second, Oki Electric submits Plaintiffs' proposed instruction does not adequately instruct

9   the witness concerning the factors to be considered with respect to expert testimony.  Oki Electric

10  respectfully submits that its proposed instruction, which corresponds to CACI § 219, avoids

11  prejudice to Oki Electric who does not seek to waste time and burden the jury with unnecessary

12  expert testimony.  As such, the jury should be fully instructed per Oki Electric's proposal to avoid

13  jury confusion and prejudice to Oki Electric.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 25:**

**Expert Witness Testimony[4]**

During the trial you may hear testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

a.  The expert's training and experience with respect to the specific topic about which they testified;

b.  The facts the expert relied upon;

c.  The methodology used by the expert to analyze the facts;

d.  The assumptions, if any, the expert relied upon;

e.  The reasons for the expert's opinions;

f.  The reliability of the information supporting the expert's opinions;

g.  As well as the factors I have previously mentioned for weighing testimony of any other witness.

There is no obligation upon any party to present an expert on any topic. The fact that one party chose to present expert testimony on a particular topic and the other did not should not affect your decision.  You should not speculate concerning the reasons why a party chose to present expert testimony or why they chose not to do so.  Also, the fact that an expert testified concerning a specific topic and not others should not affect your decision.  Like with any other witness, you should only consider the factors I have provided in deciding what, if any weight you afford the testimony that was given.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 219 (2014)(modified)

---

[4] Defendant reserves the right to amend, or delete, as necessary based on the Court's decisions with respect to pending motions for summary judgment and motions in limine.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 25:**

2          Plaintiffs object to this instruction on the ground that there is no reason to depart from

3   Model Instructions 2.11 (Expert Opinion), as proposed by Plaintiffs.  Moreover, it should be

4   noted that Defendant has substantially and unnecessarily modified CACI 319 in its proposed

5   instruction.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 26:**

## <u>Duty to Deliberate</u>

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.1 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

41

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 27:**

<u>**Consideration of Evidence – Conduct of the Jury**</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.1A (December 2012).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 28:**

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.2 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

43

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 29:**

## **Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.3 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 30:**

<mark>**Use of Interrogatories of a Party**</mark>

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.   You should consider the answers in the same way as if they were made from the witness stand.

AUTHORITY:   Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.10 and 2.2 (April 2007) (modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 30:**

2

Plaintiffs object to the instruction on the grounds that Defendant has modified Model

3

Instruction § 2.2 (Use of Interrogatories by a Party) by removing the phrase "insofar as possible"

4

in the last sentence.  The last sentence of Model Instruction § 2.2 reads: "You should consider the

5

answers, insofar as possible, in the same way as if they were made from the witness stand."

6

(underline added)

7

Plaintiffs have no objection to using Model Instruction § 2.2 without modification in the

8

event that evidence is presented in the form of interrogatory responses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S REQUESTED INSTRUCTION NO. 31:**

2                                    **Admissions of a Party**

3              Evidence will be presented to you in the form of answers of one of the parties' request for

4   admission submitted by the other side.  Before trial, each party has the right to ask another party

5   to admit in writing that certain matters are true. If the other party admits those matters, you must

6   accept them as true. No further evidence is required to prove them.

7              However, these matters must be considered true only as they apply to the party who

8   admitted they were true.

9              AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 210 (2014); *see*

10  *also*, Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.10 (April 2007).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 31:**

2           Plaintiffs object to the instruction on the ground that it is not, in fact, one of the Ninth

3    Circuit's model instruction.  Model Instruction § 2.2 relates to interrogatory responses, not

4    requests for admission.  Plaintiffs further object to the proposed instruction on the ground that

5    while CACI 210 is an accurate statement of California law, it may or may not be accurate under

6    federal law.  *See* Fed. R. Civ. P. 36(b) (admissions may be withdrawn or amended with court

7    permission, in which case they are not conclusively established).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 32:**

**Bias**

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 113

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

49

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 32:**

2        Plaintiffs object to the instruction on the grounds that it is not one of the Ninth Circuit's

3    model instruction, and it is unnecessary and duplicative of Model Jury § 1.1B.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

50

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 33:**

**Failure to Explain or Deny Evidence**

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

AUTHORITY:   Judicial Council of California, Civil Jury Instructions, § 209 (2014).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

51

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 34:**

2

<u>**Removal of Parties**</u>

3

Certain parties are no longer involved in this case.   Oki Semiconductor America, Inc.,

4

Oki Data Americas, Inc., Oki Electric America, Inc., Lapis Semiconductor Co., Ltd. and Rohm

5

Semiconductor USA, LLC are no longer a party to this case for procedural reasons that do not

6

relate to or have any impact on the issues you will be asked to decide.  Do not speculate as to why

7

these entities are no longer involved in this case. You should not consider this during your

8

deliberations.

9

10

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 109 (2014)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

52

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 34:**

2          Plaintiffs object to the instruction on the grounds that it is not one of the Ninth Circuit's

3   model instructions.  Plaintiffs also object to this instruction on the ground that it modifies CACI

4   109 by adding an explanation as to why the dismissed parties are no longer in the case.  The

5   pattern instruction does not call for the parties to insert such an explanation.  In fact, it instructs

6   the jury: "Do not speculate as to why these entities are no longer involved in this case."  In

7   addition, the instruction is unnecessary and likely to confuse or mislead the jury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

53

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 35:**

**<u>Exercise of Attorney-Client Privilege</u>**

A witness or party has an absolute right not to disclose what they discussed, told or were told by their attorney in confidence because the law considers this information privileged.  Do not consider, for any reason at all, the fact that a witness or party did not disclose what they discussed, told or were told by their attorney.  Do not consider or discuss any assertion of privilege during your deliberations or let it influence your decision in any way as an opening or closing instruction.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 215 (2014)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

54

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 35:**

2         Plaintiffs object to the instruction on the grounds that it is not one of the Ninth Circuit's

3    model instructions.   Plaintiffs also object to the instruction on the ground that CACI 215 states

4    in its directions for use: "This instruction must be given upon request, if appropriate and the court

5    has determined that the privilege has not been waived."  At this moment, the instruction seems

6    unnecessary in that Plaintiffs are not aware of any attorney-client privilege issues that will arise at

7    trial.  Thus, while an instruction similar to CACI 215 may at some point become appropriate, it is

8    not a standard instruction that should automatically be given to the jury as an opening or closing

9    instruction.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

55

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

## II.   Joint Set of Substantive Case-Specific Instructions

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 36:**

### Transition Instruction

*[There are two claims being made in this case.  Both Plaintiffs are making a claim for breach of contract.  NavCom is also making a claim for intentional misrepresentation, also known as fraud.]*[5]

I will now give you instructions on Plaintiffs' breach of contract claim.

---

[5] Plaintiffs have highlighted in yellow and bracketed/italicized all instructions relating to Plaintiffs' fraud claim.  If the Court denies Plaintiffs' pending motion for leave to amend, the fraud instructions would still be relevant in that a finding of fraud would preclude any need for the Court to later apply the limitation of liability provision.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 36:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation for the reasons presented in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. Fraud or misrepresentation is not an asserted claim in this case;

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation. To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract. Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages". Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages." Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

57

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2  Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3          Further, their assertion that the limitation of liability provision is rendered void,

4  inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5  misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6  of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7  explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8  Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

9  is in full force and effect.

10          As such Plaintiffs should not now on the eve of trial recast their case and take

11  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

12  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

13  trial to use some back-door attempt to assert a previously unasserted damages claim which they

14  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

15  highly prejudicial to Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

58

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 37:**

**<u>Breach of Contract—Introduction</u>**

NavCom and Defendant entered into a contract for the development and purchase of certain microchips for use in Deere's products.

Plaintiffs claim that Defendant breached this contract by unilaterally terminating the contract in July 2008.

Plaintiffs also claim that Defendant's breach of this contract caused harm to Plaintiffs for which Defendant should pay.

Defendant denies breaching the contract.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 300 (September 2013) (modified).

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

59

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 37:**

Oki Electric objects to Plaintiffs' Proposed Preliminary instruction on the following grounds and has proposed its version of this instruction to address these points:

1.   The language "for use in Deere's products" unfairly prejudices Oki Electric by implying Deere is a third-party beneficiary – a contested issue on which Plaintiffs bear the burden of proof.

2.   Plaintiffs proposed instruction makes reference to a preliminary instruction concerning "the meaning of the term 'third party beneficiary'", however, no preliminary instruction on this point is necessary or required.  Moreover, for the reasons addressed in the primary instructions, this instruction fails to fairly instruct the jury, to the prejudice of Defendant, in the case. Moreover, having a separate instruction on this point, overemphasizes the issue, which can prejudice the Defendant since similar instructions are not given as to the other substantive issues or defenses.

3.   Plaintiffs' proposed instruction should more properly identify an alleged beneficiary, as an "intended third-party beneficiary."  California law clearly distinguishes between "intended third party beneficiaries" and "incidental beneficiaries." CAL. CIV. CODE § 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement as such, with a clear definition of the difference, the instruction should at least make clear the "intended" requirement. *See also*, *Jones v. Aetna Casualty & Surety Co*. (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a beneficiary who is not an intended beneficiary.")

4.   The Ninth Circuit model Jury Instruction § 1.2 includes the insertion of Defendants defenses, which Plaintiffs' instruction entirely omits.  Oki Electric would be highly prejudiced by Plaintiffs omission.  Oki Electric's concise statement of its defenses is both beneficial to the jury's understanding and necessary to avoid prejudice to Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

60

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

5.  The identification of the parties to the contract is incorrect and therefore, likely to lead to jury confusion. Defendant, Oki Electric, is not a party to the contract, and to indicate otherwise will likely lead to jury confusion.  The parties have agreed the following fact is undisputed: "NavCom and Oki Semiconductor Co. entered into the Customized Advanced GPS RF Chipset." Joint Pretrial Conference Statement at Undisputed Fact #3.  As such, the instruction should accurately reflect this undisputed fact.

6.  The term "microchips" is not used in the contracts, documents or testimony and, as such, is inaccurate, lacks foundation and is likely to lead to jury confusion.  It is more accurate to refer to the subject of the development as a RF ASIC, Nova RF ASIC, integrated circuits, or chipsets.

7.  Oki Electric objects to the inclusion of any accusation or defense based on fraud or misrepresentation.  See also, Oki Electric's objections to Plaintiffs' inclusion of references to fraud or misrepresentation, which objections are incorporated in their entirety into this objection.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

61

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S REQUESTED INSTRUCTION NO. 38:**

2    <u>**Breach of Contract—Introduction**</u>

3        This is a case for breach of contract. A contract is an agreement to do or not to do

4    something.

5        It is undisputed that Navcom and Oki Semiconductor entered into a contract in December

6    2005 (the "Original Contract" or "Original Agreement"). The Original Contract was for the

7    development of what was identified as the Nova RF ASIC, as defined by Specification Version

8    19.

9        It is also undisputed that Navcom and Oki Semiconductor entered into an amended

10   contract in November 2006 (the "Amended Contract" or "Amended Agreement"). The Amended

11   Contract was for the development of what was identified as the Nova RF ASIC, as defined by

12   Specification Version 25.

13       It is undisputed that NavCom and Oki Semiconductor agreed that a major engineering

14   redesign was needed, and that the parties decided upon a redesigned RF ASIC, which included

15   four chips instead of three.[6]

16       Navcom claims that Oki Semiconductor is in breach of contract because it abandoned the

17   project and the contract, failing to provide the redesigned 4-chip prototypes.[7]

18       Navcom also claims that Oki Semiconductor's breach of contract caused harm to Navcom

19   for which Oki Electric should pay.

20       Oki Electric denies that Oki Semiconductor committed any breach of contract. Oki has

21   also asserted the following affirmative defenses:

22   (1)    Navcom and Oki Semiconductor mutually agreed not to develop or produce the Nova
            RF ASIC, as defined by Specification Version 19 and, as such, there can be no breach
23          of the Original Contract;

24   (2)    In addition, the Original Contract cannot be enforced because the parties agreed to
            extinguish the obligations of the Original Contract and, substitute the obligations of
25          the Amended Contract – the development of the Nova RF ASIC, as defined by

26

27   [6]  Complaint ¶21.

28   [7]  Complaint ¶21.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

62

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    Specification Version 25;

2    (3)    Any claim for breach of the Original Contract is barred by the statute of limitations;

3    (4)    Navcom and Oki Semiconductor mutually agreed not to develop or produce the Nova
4           RF ASIC, as defined by Specification Version 25 and, as such, there can be no breach
            of the Amended Contract;

5    (5)    Any claim for breach of the Amended Contract is barred by the statute of limitations;

6
7    (6)    Following the mutual agreement not to develop or produce the Nova RF ASIC, as
            defined by Specification Version 25, Navcom and Oki Semiconductor engaged in
8           negotiations concerning the development of the redesigned RF ASIC, which included
            four chips instead of three.  The mutual agreement not to develop or produce the Nova
9           RF ASIC, as defined by Specification Version 25 and the negotiations and conduct of
            the parties that followed, prove the Amended Contract was rescinded/abandoned and,
10          as such, there can be no breach of contract;

11   (7)    Navcom and Oki Semiconductor never entered into a contract to develop a redesigned
            RF ASIC, which included four chips instead of three and, as such, any failure to
12          produce the 4-chip RF ASIC cannot be a breach of a contract since no such contract
13          existed;

14   (8)    Additionally, Oki Semiconductor had a right to terminate the agreement under Section
            1.0 of the contract and, therefore, its termination of its involvement in the Nova RF
15          ASIC project cannot be a breach of contract;

16   (9)    Alternatively, Navcom's refusal to pay any development expenses as required under
            Section 2.3.1 of the Terms & Conditions, was an anticipatory breach that excused
17          further performance by Oki Semiconductor; and

18   (10)   Any claim for damages was limited by the language of the contract and/or Navcom
19          failed to mitigate its damages.

20   I will now instruct you concerning the elements of a contract, its formation, the interpretation
     of its terms and each of the defenses raised in this case.

21
22   AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 300 (September 2013)
     (modified).

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

63

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 38:**

2          The directions for use provided by the California Judicial Council for CACI 300 state:

3    "This instruction is designed to introduce the jury to the issues involved in the case."  Defendant's

4    modifications to CACI 300 create an instruction that is far more than an introduction to the issues

5    involved in this case.  The instruction unnecessarily and unfairly emphasizes Defendant's

6    affirmative defenses and arguments relating thereto.  The instruction also misstates the alleged

7    breach as Defendant abandoning the project and failing to provide the 4-chip prototypes as

8    opposed to Defendant's unauthorized termination of the contract.  Conversely, the version of

9    CACI 300 proposed by Plaintiffs more closely tracks pattern instruction and fairly identifies, in

10    an introductory manner, the issues involved in this case.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' REQUESTED INSTRUCTION NO. 39:**

2   **<u>Third-Party Beneficiary</u>**

3        Deere is not a party to the contract. However, Deere may be entitled to damages for

4   breach of contract if it proves that NavCom and Defendant intended for Deere to benefit from

5   their contract.

6        It is not necessary for Deere to have been named in the contract. In deciding what

7   NavCom and Defendant intended, you should consider the entire contract and the circumstances

8   under which it was made.

9

10       AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 301 (September

11  2013).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

65

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 39:**

Oki Electric objects to Plaintiffs' proposed instructions for the following reasons and has proposed its alternative version to address these points.

First, Oki Electric contends that this issue should be resolved as a matter of law. Oki Electric maintains that Deere is not a third-party beneficiary as a matter of law. In the present case, the plain language of the contract specifically states "nothing in this agreement shall inure to the benefit of or give rise to any rights in any third party." As such the issue should not be submitted to the jury. *See, e.g.,* Third-party beneficiary status may be determined as a question of law if there is no conflicting extrinsic evidence. (*Kalmanovitz v. Bitting* (1996) 43 Cal.App.4th 311, 315 [50 Cal.Rptr.2d 332]); *see also, U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin on Contracts* § 44.6, p. 68 (Rev. ed. 2007) (stating that it is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered"); *see also*, (Dkt. #'s 100, 102, 104, 107, 111, 130 and 145).

Without prejudice to the forgoing, the proposed instruction is insufficient in this case due to the lack of emphasis on the actual language of the contract. California law clearly distinguishes between "intended third party beneficiaries" and "incidental beneficiaries." CAL. CIV. CODE § 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement as such, with a clear definition of the difference, the instruction should at least make clear the "intended" requirement. *See also*, *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a beneficiary who is not an intended beneficiary.")

As noted above, the plain language of the contract specifically states "nothing in this agreement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

66

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   shall inure to the benefit of or give rise to any rights in any third party." Thus, absent a clear

2   instruction regarding the effect of such a statement, the jury is likely to be confused, mislead and

3   Oki Electric prejudiced. It would be legal error to no instruct the jury with respect to the legal

4   effect of such a clear and unequivocal statement of the parties' intention. *U.S. v. FMC Corp.*, 531

5   F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339

6   F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin on Contracts* § 44.6, p. 68 (Rev. ed. 2007)

7   (stating that it is "obvious" that, "where the terms of the contract expressly state the intention of

8   the promisee and promisor concerning the enforceable rights of third parties, the critical question

9   of whether the parties intended the third party to have such a right is easily answered").

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

67

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 40:**

**Third-Party Beneficiary**[8]

Deere is not a party to any contract in this case.  Deere claims it is an intended third-party beneficiary.

To be an intended third-party beneficiary, Deere must prove that Navcom and Oki Semiconductor both intended for Deere to independently benefit from the contract and such intent appears from the terms of the agreement.  Deere bears the burden of proving it is an intended third-party beneficiary.

Deere contends that Section 3.2.3 of the Terms & Conditions renders it a third-party beneficiary.

Oki Electric contends that Deere was not an intended third-party beneficiary and that the language of Section 24.0 of the Terms & Conditions makes this clear.

Deere must prove both:

1.  Navcom and Oki Semiconductor intended Deere to be a third-party beneficiary to the contract; and

2.  The intent that Deere would have legal rights appears in the agreement.

In deciding what Navcom and Oki Semiconductor intended, you should consider the entire contract and the circumstances under which it was made.

However, if the contract indicates that nothing in the parties' agreement shall inure to the benefit of or give rise to any rights in any third party, then Deere cannot be a third-party beneficiary.

---

[8]   Oki Electric maintains that Deere is not a third-party beneficiary as a matter of law.  As such the issue should not be submitted to the jury.  *See, e.g.,* Third-party beneficiary status may be determined as a question of law if there is no conflicting extrinsic evidence. (*Kalmanovitz v. Bitting* (1996) 43 Cal.App.4th 311, 315 [50 Cal.Rptr.2d 332]); *see also*, *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin on Contracts* § 44.6,  p.  68  (Rev. ed. 2007) (stating  that  it  is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered"); *see also*, (Dkt. #'s 100, 102, 104, 107, 111, 130 and 145).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

68

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

If you conclude that Deere is an intended third-party beneficiary, Deere may be entitled to damages.  I will instruct you concerning damages shortly.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 301 (2014)(modified); *see* also, Terms & Conditions of the asserted contracts at Sections, 3.2.3 and 24.0; *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003);  9 *Corbin on Contracts* § 44.6,  p.  68 (Rev. ed. 2007)  (stating  that  it  is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered");  Civil Code section 1559 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.";  Civil Code section 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement; *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302;  *Garcia v. Truck Insurance Exchange* (1984) 36 Cal.3d 426, 436 [204 Cal.Rptr. 435, 682 P.2d 1100 (The burden is on the third party "to prove that the performance [it] seeks was actually promised." ); *Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 348–349 [87 Cal.Rptr.2d 856].)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

69

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 40:**

2  Defendant has unnecessarily modified CACI 301 to include its arguments as to why it

3  believes the jury should *not* find Deere to be an intended third party beneficiary, but of course

4  does not include Plaintiffs' arguments as to why Deere is an intended third party beneficiary.

5  Both parties will have an opportunity to make these arguments to the jury during closing

6  arguments.  The instruction on this issue should just provide an impartial statement of the law, not

7  the parties' arguments.

8  In addition, Defendant's modifications to the instruction inaccurately reflect the law

9  regarding intended third party beneficiaries.  For example, it is not true that a clause disclaiming

10  the existence of any third party beneficiaries is dispositive.  *See Prouty v. Gores Technology*

11  *Group*, 121 Cal. App. 4th 1225 (2004); *Roche v. Zenith Ins. Co.*, 2009 WL 635503 (S.D.Ill. 2009)

12  (applying California law, "it is clear that the mere inclusion of a provision disclaiming the

13  existence of any third party beneficiaries is not, in and of itself, dispositive of the issue. Instead,

14  courts must look to the terms of the contract as a whole, in light of the circumstances under which

15  the parties entered into the agreement.").

16  Defendant also has added an additional requirement to the instruction that the contracting

17  parties must intend for the third party to "*independently* benefit from the contract."  (emphasis

18  added)  Defendant cite no authority to support this additional requirement, and Plaintiffs are

19  unable to locate any authority requiring a third party beneficiary to "independently" benefit from

20  the contract.

21  Plaintiffs request that the Court use CACI 301 without modification, as Plaintiffs have

22  proposed.

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   **DEFENDANT'S REQUESTED INSTRUCTION NO. 41:**

2   <u>**Incidental Beneficiary**</u>

3          An incidental beneficiary is a third party who benefits from a contract between two

4   other parties, but it is not intended that the third party benefit from the contract. Therefore, the

5   third party is an incidental beneficiary and does not have any legal rights under the contract.

6

7   AUTHORITY:

8   *Lucas v. Hamm* (1961) 56 Cal.2d 583, 590 [15 Cal.Rptr. 821, 364 P.2d 685] (Civil Code section

9   1559 excludes enforcement of a contract by persons who are only incidentally or remotely

10  benefited by the agreement);  *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson*

11  *HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin*

12  *on Contracts* § 44.6, p. 68  (Rev. ed. 2007)  (stating that it is "obvious" that, "where the terms of

13  the contract expressly state the intention of the promisee and promisor concerning the enforceable

14  rights of third parties, the critical question of whether the parties intended the third party to have

15  such a right is easily answered"); *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th

16  1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an

17  incidental beneficiary to the contract involves construction of the parties' intent, gleaned from

18  reading the contract as a whole in light of the circumstances under which it was entered.

19  [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a

20  beneficiary who is not an intended beneficiary.")

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

71

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 41:**

2

       Defendant has created a special instruction on the definition of incidental beneficiaries

3

because there is no CACI instruction on this topic.  The reason that there is no CACI instruction

4

on incidental beneficiaries is that such an instruction is unnecessary in light of CACI 301.  All the

5

jury needs to decide is whether Deere is an intended third party beneficiary.  It is immaterial what

6

legal term Deere may be called if it is not an intended third party beneficiary.  *See Prouty v.*

7

*Gores Technology Group*, 121 Cal. App. 4th 1225, 1233 (2004) ("The word 'expressly,' by

8

judicial interpretation, has now come to mean merely the negative of incidentally.").  Defendant's

9

additional instruction therefore risks confusing the jury.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

72

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 42:**

<u>**Third-Party Beneficiary – Condition Precedent**</u>[9]

If you conclude that Deere can be a third-party beneficiary, you must determine if there were any conditions that were required, and whether those conditions occurred.

Oki Electric claims that any possible third-party beneficiary status of Deere was subject to the occurrence of several conditional and unpredictable events that were not certain to occur. An obligation is conditional, when the rights or duties of any party thereto depend upon the occurrence of an uncertain event.

Deere claims that its rights as an intended third-party beneficiary are based upon the language of Section 3.2.3 of the Terms and Conditions of the contract.

Oki Electric claims that Section 3.2.3 pertains to the Production Phase of the contract.  It is undisputed that the Production Phase of the contract was to follow the completion of the Development Phase.[10]   Oki contends the Development Phase had to be completed before any obligations under the Production Phase could arise.   Oki contends the completion of the Development Phase required:

1. Delivery, to Navcom, of Engineering Prototypes which conformed to the written product specification agreed to by Navcom and Oki Semiconductor; **or**

2. Navcom submitted a production order or release for the Engineering Prototypes received.[11]

If Oki Electric proves the parties agreed to these conditions, then Plaintiffs must prove that at least one of these conditions (1) or (2) was satisfied.

If Plaintiffs do not prove that at least one of these conditions (1) or (2) were satisfied, then you must find that Deere was not an intended third-party beneficiary to the contracts.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, §§ 322-323 (2014)(modified)

---

[9]   *See* footnote 5.

[10]   Plaintiffs' responses to RFA #37.

[11]   Terms & Conditions, Sections 2.1, 2.4 and 3.1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

73

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1 **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 42:**

2       Plaintiffs maintain that an instruction on conditions precedent is inapplicable in this case.

3 This issue is the subject of Plaintiffs' pending motion for summary judgment on Defendant's

4 eighth affirmative defense for lack of standing.  As in its summary judgment briefing, Defendant

5 cites no authority here that supports its position that Deere could be a "conditional" third-party

6 beneficiary under the circumstances of this case.

7       Defendant has also created a special instruction here instead of the approved CACI

8 instruction (CACI 321, titled "Existence of Condition Precedent Disputed").  *See* Cal. Rule of

9 Court 2.1050(e) ("Use of the Judicial Council instructions is strongly encouraged … If the latest

10 edition of the jury instructions approved by the Judicial Council contains an instruction applicable

11 to a case and the trial judge determines that the jury should be instructed on the subject, it is

12 recommended that the judge use the Judicial Council instruction unless he or she finds that a

13 different instruction would more accurately state the law and be understood by jurors.").  While

14 Defendant cites CACI 322-323 as the authority for this instruction, those pattern instructions bear

15 little resemblance to what Defendant has proposed here.

16       In addition, Defendant's proposed instruction unnecessarily and unfairly argues

17 Defendant's position without setting forth Plaintiffs' position.  Specifically, Plaintiffs contends

18 that the entire purpose of the contract was to develop and sell RF ASICs  to Deere and NavCom

19 for use in Deere products.  Moreover, Defendant's position regarding the effect of Section 3.2.3

20 of the contract would lead to absurd results.  For example, Section 21.0 prohibits Defendant from

21 using the name of "John Deere & Company, Deere, [and] John Deere," including its "trademarks,

22 trade dress, [and] logos" in any advertising or sales materials or in any other manner without prior

23 written consent.  According to Defendant, if it had violated this restriction – by, for example,

24 announcing in a press release that it was engaged in a project to develop next-generation RF

25 ASICs for Deere – Deere would have no right to sue to enforce this restriction because the project

26 had not yet progressed to the Production Phase.

27       If Defendant's condition precedent argument survives summary judgment, Plaintiff

28 requests that the Court use CACI 321 without modification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

74

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 43:**

2

**Contract Formation—Essential Factual Elements**

3

In order to meet its burden of proof, Navcom must first prove that a contract was created.

4

Next Navcom must prove what it is that Oki Semiconductor was required to do under that

5

contract. That is called the object of the contract. And then Navcom must prove Oki

6

Semiconductor failed to perform the task required by that contract.

7

To prove that such a contract was created, Navcom has the burden of proving all of the

8

following:

9

1.  That the contract terms were clear enough that the parties could understand what each was required to do;

10

11

2.  That the parties agreed to give each other something of value (this is referred to as "consideration"); and

12

3.  That the parties agreed to the terms of the contract.

13

14

When you examine whether the parties agreed to the terms of the contract, ask yourself if,

15

under the circumstances, a reasonable person would conclude, from the words and conduct of

16

each party, that there was an agreement. You may not consider the parties' hidden intentions.

17

If Navcom did not prove all of the above, then a contract was not created.

18

19

20

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 302 (2014);

21

*see also,*  Civil Code section 1549 provides: "A contract is an agreement to do or not to do a

22

certain thing." Courts have defined the term as follows: "A contract is a voluntary and lawful

23

agreement, by competent parties, for a good consideration, to do or not to do a specified thing."

24

(Robinson v. Magee (1858) 9 Cal. 81, 83.);  Cal. Civ. Code, § 1595 ("The object of a contract is

25

the thing which it is agreed, on the part of the party receiving the consideration, to do or not to

26

do.").

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

75

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 43:**

2          There is no issue in this case regarding contract formation: the parties entered into the

3   Customized Advanced GPS RF Chipset Development and Purchase Agreement ("Agreement") in

4   December 2005, and amended it in writing in November 2006.  Thus, it is unclear why Defendant

5   has proposed an instruction on contract formation (CACI 302).  In a previous instruction (CACI

6   300), Defendant acknowledges it is "undisputed" that the parties entered into the Agreement and

7   an amendment to the Agreement.  Therefore, this proposed instruction is unnecessary and

8   duplicative.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

76

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 44:**

**<u>Breach of Contract--Essential Factual Elements</u>**

To recover damages from Defendant for breach of contract, NavCom must prove all of the following:

1. That NavCom and Defendant entered into a contract;

2. That NavCom did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing those things;

3. That Defendant failed to do something that the contract required it to do or did something that the contract prohibited it from doing; and

4. That NavCom was harmed by that failure.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 303 (September 2013).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

77

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 44:**

Oki Electric objects to Plaintiffs' proposed jury instruction on the following grounds and proposes its alternate version to address these points.

1. Plaintiffs' instruction does not accurate reflect the CACI § 303 model, but instead omits key elements, which result in a misstatement of law, is likely to lead to jury error and prejudice Defendant.

2. The omission of the proper legal standard, including for example, legal requirement from the CACI § 303 model "That the contract terms were clear enough that the parties could understand what each was required to do," in likely to lead to legal error and is particularly prejudicial to Oki Electric in this case given Plaintiffs shifting positions concerning which contract is allegedly breached (the complaint only mentions the Original Contract entered December 14, 2005, despite the fact the contract was amended, whereby the obligation to develop the identified RF ASIC – Version 19 – was replaced by the new obligation to develop the RF ASIC, Version 25.

3. Similarly, the foregoing omission affects the core allegation of the Complaint. The Complaint states that Oki Semiconductor failed to deliver "redesigned RF ASIC" which Plaintiffs describe as including "four chips instead of three." (Complaint at ¶21). However, Oki contends, *inter alia*, that no contract was ever formed for the development of the 4-chip chipset. As such, without the inclusion of the proper legal standard, there is a substantial risk of jury confusion, legal error and prejudice to Oki Electric.

4. Oki Electric will be further prejudiced if the jury is not properly instructed concerning the legal standard with respect to the object of the contract. Cal. Civ Code § 1595 states "The object of a contract is the thing which it is agreed, on the part of the party receiving the consideration, to do or not to do." There is a high risk of jury confusion, legal error and prejudice to Oki Electric if the jury is not properly charged on this point of law given Plaintiffs' assertions and Oki Electric's defenses concerning what was the subject matter the parties' agreed to develop under the contracts at issue.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

78

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 45:**

**Contract Formation—Rejection of Offer**

Both an offer and an acceptance are required to create a contract.

Oki Electric contends that a contract for the design and development of the 4-chip RF ASIC was not created because its offer was rejected. An offer is rejected by expressly rejecting the offer or making a counteroffer with changes or additions to the offered terms.

To overcome this contention, Navcom must prove both of the following:

1. That Navcom did not reject Oki Semiconductor's offer concerning the 4-chip RF ASIC; and

2. That Navcom did not make any additions or changes to the terms of Oki Semiconductor's offer.

If Navcom did not prove both of the above, then a contract for the design and development of the 4-chip RF ASIC was not created.

AUTHORITY: Judicial Council of California, Civil Jury Instructions, § 303 (2014)(modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

79

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 45:**

2           As stated previously, contract formation is not a disputed issue in this case.  Therefore, it

3    is again unclear why Defendant has proposed an instruction on contract formation – rejection of

4    offer (CACI 311).  Plaintiffs are claiming that Defendant breached the Customized Advanced

5    GPS RF Chipset Development and Purchase Agreement, dated December 14, 2005.  *See* Dkt. 1-1,

6    ¶¶ 24-28.  Defendant admits that it is "undisputed" that the parties entered into that contract.  *See*

7    Defendant's Requested Instruction No. 38.  Therefore, it is unnecessary to instruct the jury on

8    contract formation issues relating to some other contract that Plaintiffs are not claiming was

9    breached.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

80                                    JOINT SUBMISSION RE:  PROPOSED
                                      JURY INSTRUCTIONS
                                      5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 46:**

**Interpretation—Meaning of Ordinary Words**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 315 (September 2013).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

81

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 47:**

**<u>Interpretation—Meaning of Technical Words</u>**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 316 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

82

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 48:**

**<u>Interpretation—Construction of Contract as a Whole</u>**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 317 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

83

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**JOINT REQUESTED INSTRUCTION NO. 49:**

2

<u>**Interpretation—Construction by Conduct**</u>

3

  In deciding what the words in a contract meant to the parties, you may consider how the

4

parties acted after the contract was created but before any disagreement between the parties arose.

5

6

  AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 318 (September

7

2013).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 50:**

**<u>Affirmative Defense - Anticipatory Breach</u>**

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that it will not or cannot meet the requirements of the contract. This is called anticipatory breach.

If you have determined that a contract was formed for the development of the 4-chip RF ASIC, then you must decide if Navcom was in anticipatory breach before the time that Navcom claims Oki Semiconductor was in breach.

Oki contends that Section 2.3.1 requires Navcom to pay for changes made to the specification that cause additional work beyond what is required in the Statement of Work or repetition of the steps identified in the Statement of Work.  Oki contends that Section 2.3.1 requires Navcom to be responsible for any and all additional costs that Oki Semiconductor incurs in conjunction with the requested changes.

Oki contends that Navcom refused to pay any of the expense in conjunction with the redesign of the 4-chip chipset in anticipatory breach of Section 2.3.1.

To prove anticipatory breach, Oki Electric must prove that:

    1.   Navcom was obligated to pay for all or part of the expense of the redesign; and

    2.   Before the date that Navcom alleges Oki Semiconductor was in breach of contract, Navcom informed Oki Semiconductor that it would not pay for all or part of the expenses of the redesign.

If Oki Electric proves Navcom was in anticipatory breach, then Oki Semiconductor was not in breach of contract.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 324 (2014)(modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

85

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 50:**

2         Anticipatory breach is an excuse for nonperformance that must be pleaded by the

3   Defendant as an affirmative defense.  *See Richter v. Adams*, 19 Cal. App. 2d 572, 576 (1937)

4   (waiver or excuse for nonperformance of a contract is affirmative defense that must be pled in the

5   answer); *State Medical Educ. Bd. v. Roberson*, 6 Cal.App.3d 493, 501 (1970) (an excuse for

6   nonperformance must be pled in the defendant's answer).  Defendant did not plead an

7   anticipatory breach defense. Dkt. 49.  Therefore, an instruction on anticipatory breach should not

8   be given. Furthermore, there is no reason to charge the jury on anticipatory breach because there

9   is no evidence of anticipatory breach in this case.

10        In addition, Defendant's proposed instruction on anticipatory breach substantially departs

11  from the pattern instruction (CACI 324) and improperly injects Defendant's arguments into the

12  instruction.  If any instruction on anticipatory breach is given in this case, it should be CACI 324

13  without modification.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 51:**

**Mutual Consent to Rescind / Abandon (Original Contract)**

Oki Electric has raised a defense of rescission.  A contract is extinguished by its rescission or abandonment.  A contract may be rescinded or abandoned if all the parties to the contract consent.  This can be referred to as mutual consent.

The object of a contract is the thing that the parties agree must be performed or done.  If both parties agree that the performance required by the contract is no longer required, then the agreement is rescinded or abandoned.  The abandonment of a contract terminates the contract and the parties are released from any remaining obligations.

It is not necessary that the parties say, in so many words, that they mutually rescind or abandon the contract; instead, this may be implied by other words and acts, including for example the negotiation of a new contract.  Whether the parties reach agreement on a new contract does not affect their prior abandonment.

Oki Electric contends that the object of the Original Contract was the development of the Nova RF ASIC as defined by Version 19 of the specification.  Oki Electric contends that Navcom and Oki Semiconductor mutually agreed to discontinue the development of the Nova RF ASIC Specification, Version 19, after which they entered into the Amended Contract for the development of the Nova RF ASIC Specification, Version 25.

If Oki Electric proved that Navcom and Oki Semiconductor mutually agreed, as evidenced by words or acts, to abandon the development of the subject matter of the Original Contract, there can be no breach of contract.


AUTHORITY:

Cal. Civ. Code, §§ 1595, 1688, 1689; *Asmus v. Pacific Bell*, 23 Cal. 4th 1 at Footnote 2 (Cal., 2000); *McCreary v. Mercury Lumber Distributors*, 124 Cal.App.2d 477, 486 (Cal. App. 3 Dist., 1954); *Honda v. Reed*, 156 Cal.App.2d 536 (Cal. App. 2 Dist., 1958); *Acoustics, Inc. v. Trepte Constr. Co.,* 14 Cal. App. 3d 887, 913 (1971).  *See also*, *Griffin v. Beresa*, 143 Cal. App. 2d 299 (Cal. App. 3 Dist. 1956); *Schertzinger v. Williams*, 17 Cal. Rptr 719 (Cal. App. 4 Dist. 1962);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

87

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1360 (Fed. Cir. 2005).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

88

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 51:**

2            Abandonment of contract (also called mutual rescission) must be pleaded by the

3    Defendant as an affirmative defense.  *See* 3 Cal. Affirmative Def. § 61:7 (2013 Ed.); *Hagen v.*

4    *Sherman*, 147 Cal. App. 2d 28, 30 (1956).  Defendant did not plead an abandonment of contract

5    defense. Dkt. 49.  Therefore, an instruction on abandonment of contract should not be given.

6    Furthermore, there is no evidence of abandonment of contract in this case.  Moreover, rescission

7    is an equitable remedy, for which no right to a jury exists.  *Dollar Systems, Inc. v. Avcar Leasing*

8    *Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

9            The instruction crafted by Defendant is also an inaccurate statement of California law.

10   "Abandonment of a contract is a mutual election of all contracting parties to cease further

11   performance and terminate their rights under the contract." 3 Cal. Affirmative Def. § 61:1 (2013

12   Ed.).  "[A]bandonment is made up of two elements, act and intent, and the intent must be

13   gathered from all the facts and circumstances of the case …."  *Pearl v. Gulf Red Cedar Co.*, 15

14   Cal. App. 2d 196, 199 (1936).  In fact, "[m]utual rescission involves the formation of a new

15   contract, and the issues include the same questions of law and facts regarding offer and

16   acceptance that occur in any other problem of contract formation."  *Harriman v. Tetik*, 56 Cal. 2d

17   805, 810 (1961).

18           Defendant's proposed instruction makes no mention of the requirements that both parties

19   intended to terminate their rights under the contract and acted upon that intention by agreeing to

20   abandon the contract.  Rather, the instruction inaccurately suggests that merely agreeing to

21   modify a part of a contract, such as the specification for the development of the RF ASIC,

22   constitutes an abandonment of the contract.  Defendant cites no law that supports this untenable

23   position.

24           Furthermore, this instruction improperly injects Defendant's arguments into the

25   instruction.  If any instruction on abandonment of contract is given, it should not include

26   arguments.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

89

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 52:**

2

<u>Novation</u>

3

Novation is the substitution of a new obligation for an existing one.  Novation is made by

4

the substitution of a new obligation between the same parties, with the intent to extinguish the old

5

obligation.

6

Oki Electric also contends that the Original Contract with Navcom in December 2005 to

7

develop the RF ASIC Specification, Version 19, cannot be enforced because the parties agreed to

8

extinguish the obligations of the Original Contract and, substitute the obligations of the Amended

9

Contract in November 2006 to develop the RF ASIC Specification, Version 25.

10

To succeed, Oki Electric must prove that all parties agreed, by words or conduct, to

11

substitute the obligations of the Original Contract with the obligations of the Amended Contract.

12

If you decide that Oki Electric has proved this, then the original contract is not

13

enforceable.

14

15

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 337 (2014)

16

(modified).

17

*See also*, Civil Code section 1530; Civil Code section 1531; *Olympic Finance Co. v. Thyret*, 337

18

F.2d 62, 63 (9th Cir. 1964) ("novation extinguished all prior rights and obligations of the

19

parties"); *Silva v. Providence Hospital of Oakland* (1939) 14 Cal.2d 762, 773 [97 P.2d 798]

20

(Conduct may form the basis for a novation although there is no express writing or agreement);

21

*Howard v. County of Amador* (1990) 220 Cal.App.3d 962, 980 [269 Cal.Rptr. 807] ("When there

22

is conflicting evidence the question whether the parties to an agreement entered into a

23

modification or a novation is a question of fact.")

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 52:**

2         Novation must be pleaded by the Defendant as an affirmative defense.  *See* 3 Cal.

3    Affirmative Def. § 64.10 (2013 Ed.); *Alexander v. Angel*, 37 Cal. 2d 856, 860 (1951).  Defendant

4    did not plead a novation defense. Dkt. 49.  Therefore, an instruction on novation should not be

5    given.  Furthermore, there is no reason to charge the jury on novation because there is no

6    evidence of novation in this case.

7         In addition, Defendant's proposed instruction on novation substantially departs from the

8    pattern instruction (CACI 337) and improperly injects Defendant's arguments into the instruction.

9    If any instruction on novation is given in this case, it should be CACI 337 without modification.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

91

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 53:**

**Affirmative Defense—Statute of Limitations (Original Contract)**

Oki Electric contends that Navcom and Deere's lawsuit was not filed within the time set by law.  A claim for breach of contract cannot be filed more than four years after the claimed breach of contract. A contract cannot be breached after the contract ceased to exist or the obligation to perform was excused.

Navcom and Deere filed this lawsuit on June 22, 2012.  To succeed on this defense, Oki Electric must prove any _**one**_ of:

(a) the accused breach of the contract entered December 14, 2005, occurred prior to June 22, 2008;

(b) contract entered December 14, 2005, ceased to exist before June 22, 2008; **or**

(c) Oki Semiconductor's obligations under the terms of the December 14, 2005, ceased to exist before June 22, 2008.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 338 (2014) (modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

92

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 53:**

2          Plaintiffs have moved for summary judgment on Defendant's ninth affirmative defense

3    regarding the statute of limitations.  In the event that motion is denied, Plaintiffs do not object to

4    an instruction on the statute of limitations and have proposed an alternative instruction that tracks

5    CACI 338 without modification.  Defendant's proposed instruction on the statute of limitations

6    substantially departs from the pattern instruction and improperly injects Defendant's arguments

7    into the instruction.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

93

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' ALTERNATIVE INSTRUCTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 54:**

**Affirmative Defense--Statute of Limitations**

Defendant contends that Plaintiffs' lawsuit was not filed within the time set by law. To succeed on this defense, Defendant must prove that Plaintiffs' claimed harm occurred before June 22, 2008.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 338 (September 2013).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S OBJECTION TO PLAINTIFFS' ALTERNATIVE INSTRUCTION TO**
**DEFENDANT'S REQUESTED INSTRUCTION NO. 54:**

2

3       Oki Electric objects to Plaintiffs' proposed instruction pertaining to the statute of

4   limitations for breach of contract for the following reasons and proposes its alternative instruction

5   to address each of these points.

6       The Complaint alleges a single count for breach of the development contract between

7   NavCom and Oki Semiconductor entered December 14, 2005 ("Original Contract"). This despite

8   the fact that the contract was substantively amended in November 2006, whereby the prior subject

9   matter – the development of the RF ASIC defined by the Nova RF ASIC Specification, Version

10  19 – with the development of the RF ASIC defined by the Nova RF ASIC Specification, Version

11  25 ("Amended Contract") became the operative agreement. To the extent that Navcom intends to

12  assert the Original Contract was breached, the jury needs to be properly instructed that the

13  contract could not be breached after it was superseded by the Amended Contract and, as such,

14  concerning the applicable statute of limitations for that contract.

15      Similarly, Oki Electric contends that the parties mutually agreed to abandon the

16  development of the RF ASIC defined by the Nova RF ASIC Specification, Version 25. Thus any

17  breach of contract had to occur before the abandonment and/or the rescission of the Amended

18  Contract, and, as such, concerns the applicable statute of limitations for that contract. See also,

19  Defendant Oki Electric's Motion For Summary Judgment Of Rescission/Abandonment  (Dkt. #

20  100) and Defendant Oki Electric's Reply In Support Of Its Motion For Summary Judgment Of

21  Rescission/Abandonment (Dkt. # 128), which are incorporated in their entirety by reference.

22      To prevail on its claim for breach of contract, Plaintiffs' must establish (1) the existence

23  of a valid contract; (2) Navcom's performance or excuse for non-performance; (3) Defendant's

24  breach; and (4) resulting damage to Navcom. *Mattel Inc. v. MGA Ent. Inc*., 782 F.Supp.2d 911,

25  992 (C.D. Cal., 2011) citing *Acoustics, Inc. v. Trepte Constr. Co*., 14 Cal.App.3d 887, 913,  92

26  Cal.Rptr. 723 (1971). It is axiomatic that a contract *cannot* be breached at a time *after* said

27  contract or the obligation imposed by a contract ceased to exist.

28      Given the foregoing, Plaintiffs' proposed instruction, which fails to properly instruct the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

95

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  jury with respect to the law and, in particular, that Oki Electric can prevail under any one of the

2  three specified instances provided in Oki Electric's proposed instruction, is likely to mislead the

3  jury, lead to jury confusion and prejudice Oki Electric.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

96

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 55:**

**<u>Affirmative Defense—Statute of Limitations (Amended Contract)</u>**

Oki Electric contends that Navcom and Deere's lawsuit was not filed within the time set by law. A claim for breach of contract cannot be filed more than four years after the claimed breach of contract. A contract cannot be breached after the contract ceased to exist or the obligation to perform was excused.

Navcom and Deere filed this lawsuit on June 22, 2012. To succeed on this defense, Oki Electric must prove any <u>***one***</u> of:

    (a)     the accused breach of the Amended Contract occurred prior to June 22, 2008;

    (b)     the Amended Contract ceased to exist before June 22, 2008; <u>**or**</u>

    (c)     Oki Semiconductor's obligations under the terms of the Amended Contract ceased to exist before June 22, 2008.

AUTHORITY: Judicial Council of California, Civil Jury Instructions, § 338 (2014)(modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

97

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 55:**

2          As discussed above, Plaintiffs have moved for summary judgment on Defendant's ninth

3   affirmative defense regarding the statute of limitations.  In the event that motion is denied,

4   Plaintiffs do not object to an instruction on the statute of limitations and have proposed an

5   alternative instruction that tracks CACI 338 without modification.  Here, Defendant has proposed

6   a *second* instruction on the statute of limitations that also substantially departs from the pattern

7   instruction and improperly injects Defendant's arguments into the instruction.  In addition to

8   being duplicative, argumentative and unnecessary, this instruction also injects as fact the disputed

9   contention that the amendment signed by the parties to the Customized Advanced GPS RF

10  Chipset Development and Purchase Agreement, dated December 14, 2005, constitutes a different

11  contract.

12         Again, if the Court denies Plaintiffs' motion for summary judgment on Defendant's

13  statute of limitation defense, a single statute of limitation instruction should be given consisting of

14  CACI 338 without modification.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

98

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 56:**

**Mutual Consent to Rescind / Abandon (Amended Contract)**

Oki Electric has raised a defense of rescission.  A contract is extinguished by its rescission or abandonment.

A contract may be rescinded or abandoned if all the parties to the contract consent.  This can be referred to as mutual consent.

The object of a contract is the thing that the parties agree must be performed or done.   If both parties agree that the performance required by the contract is no longer required, then the agreement is rescinded or abandoned.  The abandonment of a contract terminates the contract and the parties are released from any remaining obligations.

It is not necessary that the parties say, in so many words, that they mutually rescind or abandon the contract; instead, this may be implied by other words and acts, including for example the negotiation of a new contract.  Whether the parties reach agreement on a new contract does not affect their prior abandonment.

Oki Electric contends that the object of the Amended Contract was the development of the Nova RF ASIC as defined by Version 25 of the specification.  Oki Electric contends that Navcom and Oki Semiconductor mutually agreed to discontinue the development of the Nova RF ASIC Specification, Version 25, after which they began negotiations concerning the development of the 4-chip RF ASIC.

If Oki Electric proved that Navcom and Oki Semiconductor mutually agreed, as evidenced by words or acts, to abandon the development of the subject matter of the Amended Contract, there can be no breach of contract.

AUTHORITY:

Cal. Civ. Code, §§ 1595, 1688, 1689; *Asmus v. Pacific Bell*, 23 Cal. 4th 1 at Footnote 2 (Cal., 2000); *McCreary v. Mercury Lumber Distributors*, 124 Cal.App.2d 477, 486 (Cal. App. 3 Dist., 1954); *Honda v. Reed*, 156 Cal.App.2d 536 (Cal. App. 2 Dist., 1958); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971).  *See also*, *Griffin v. Beresa*, 143 Cal. App. 2d 299

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

99

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   (Cal. App. 3 Dist. 1956); *Schertzinger v. Williams*, 17 Cal. Rptr 719 (Cal. App. 4 Dist. 1962);

2   *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1360 (Fed. Cir. 2005).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

100

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 56:**

2

Again, since abandonment of contract must be pleaded by the Defendant as an affirmative

3

defense and Defendant did not plead an abandonment of contract defense, an instruction on

4

abandonment of contract should not be given to the jury.  *See* Dkt. 493; Cal. Affirmative Def. §

5

61:7 (2013 Ed.); *Hagen v. Sherman*, 147 Cal. App. 2d 28, 30 (1956).  Moreover, rescission is an

6

equitable remedy, for which no right to a jury exists.  *Dollar Systems, Inc. v. Avcar Leasing*

7

*Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

8

This is also Defendant's second instruction on abandonment of contract, which like the

9

previous instruction improperly injects Defendant's arguments into the instruction and also states

10

as fact the disputed contention that the amendment signed by the parties constitutes a different

11

contract.  And again, there is no reason to charge the jury on abandonment of contract because

12

there is no evidence of abandonment of contract in this case.

13

Finally, if any instruction on abandonment of contract is given, it should not be

14

argumentative or include disputed facts.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 57:**

<u>**Right to Terminate**</u>

Oki Electric contends that the parties agreed to provide a unilateral right to terminate, which is reflected in Section 1.0 of the contract(s).  As such, independent of its remaining defenses, Oki contends that because of the asserted right to terminate, its termination could not be a breach of contract.

To succeed on this defense, Defendant must prove that Navcom and Oki Semiconductor agreed that Oki Semiconductor had a right to unilaterally terminate the contract.  If Defendant proved a right to terminate existed, and that Oki Semiconductor did, in fact, terminate in accordance with that right, there can be no breach of contract.

AUTHORITY:

*See, e.g.,* Cal. Civ. Code, §§ 1636; 1638; 1639; 1644; and 1650

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

102

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 57:**

2          Plaintiffs object to this instruction on the grounds that it is not a pattern instruction and

3   that it also incorrectly asserts as fact that the Agreement provides Defendant with a "unilateral

4   right to terminate."  Defendant's alleged unilateral right to terminate was also not asserted by

5   Defendant as an affirmative defense.  Dkt. 49.  Furthermore, the instruction seeks to enlist the

6   Court in presenting Defendant's arguments to the jury.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' REQUESTED INSTRUCTION NO. 58:**

2    *[Transition Instruction*

3    *I will now give you instructions on NavCom's intentional misrepresentation claim.]*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

104

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 58:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation for the reasons presented in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

1. Specifically, Oki Electric objects to this instruction because:

2. Fraud or misrepresentation is not an asserted claim in this case;

3. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

4. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation. To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract. Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages". Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages." Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

105

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2   Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3          Further, their assertion that the limitation of liability provision is rendered void,

4   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8   Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

9   is in full force and effect.

10          As such Plaintiffs should not now on the eve of trial recast their case and take

11   diametrically opposite positions than they have throughout discovery. While Defendant disagrees

12   with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

13   trial to use some back-door attempt to assert a previously unasserted damages claim which they

14   have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

15   highly prejudicial to Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 59:**

*[Fraud – Intentional Misrepresentation*

*NavCom claims that Defendant falsely represented the role of Peregrine Semiconductor Corporation in the Development Phase of the NavCom RF ASIC project.  To establish this claim, NavCom must prove all of the following:*

*1. That Defendant represented to NavCom that a fact was true;*

*2. That Defendant's representation was false;*

*3. That Defendant knew that the representation was false when it made it, or that it made the representation recklessly and without regard for its truth;*

*4. That Defendant intended that NavCom rely on the representation;*

*5. That NavCom reasonably relied on Defendant's representation;*

*6. That NavCom was harmed; and*

*7. That NavCom's reliance on Defendant's representation was a substantial factor in causing its harm.]*


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 1900 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

107

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 59:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation for the reasons presented in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement.  Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

    1.    Specifically, Oki Electric objects to this instruction because:

    2.    Fraud or misrepresentation is not an asserted claim in this case;

    3.    Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

    4.    Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation.  To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages".  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2   Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3          Further, their assertion that the limitation of liability provision is rendered void,

4   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8   Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

9   is in full force and effect.

10         As such Plaintiffs should not now on the eve of trial recast their case and take

11  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

12  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

13  trial to use some back-door attempt to assert a previously unasserted damages claim which they

14  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

15  highly prejudicial to Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

109

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 60:**

*[Reliance*

*NavCom relied on Defendant's misrepresentation if:*

*1. The misrepresentation substantially influenced NavCom to enter into the contract with Defendant; and*

*2. It would probably not have entered into the contract with Defendant without the misrepresentation.*

*It is not necessary for a misrepresentation to be the only reason for NavCom's conduct.]*

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 1907 (September 2013).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

110

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 60:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation for the reasons presented in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

1. Specifically, Oki Electric objects to this instruction because:

2. Fraud or misrepresentation is not an asserted claim in this case;

3. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

4. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation. To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract. Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages". Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages." Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

111

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2   Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3          Further, their assertion that the limitation of liability provision is rendered void,

4   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8   Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

9   is in full force and effect.

10         As such Plaintiffs should not now on the eve of trial recast their case and take

11  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

12  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

13  trial to use some back-door attempt to assert a previously unasserted damages claim which they

14  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

15  highly prejudicial to Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

112

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 61:**

*[Reasonable Reliance*

*In determining whether NavCom's reliance on the misrepresentation was reasonable, it must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.*

*If you decide that the matter is material, you must then decide whether it was reasonable for NavCom to rely on the misrepresentation. In making this decision, take into consideration NavCom's intelligence, knowledge, education, and experience.*

*However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within its observation show that it is obviously false.]*

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 1908 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

113

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 61:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation for the reasons presented in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. Fraud or misrepresentation is not an asserted claim in this case;

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation. To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract. Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages". Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages." Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2   Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3           Further, their assertion that the limitation of liability provision is rendered void,

4   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8   Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

9   is in full force and effect.

10          As such Plaintiffs should not now on the eve of trial recast their case and take

11  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

12  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

13  trial to use some back-door attempt to assert a previously unasserted damages claim which they

14  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

15  highly prejudicial to Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

115

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 62:**

**Transition Instruction**

I will now give you instructions on damages.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 63:**

**<u>Damages - Proof</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 5.1 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

117

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' REQUESTED INSTRUCTION NO. 64:**

2  **Introductory Instruction: Right to Recover Damages and Determination of Damages**

3      Every person who suffers a loss or harm as a result of another person's breach of contract

4  is entitled to be compensated in money for that loss or harm by the person who breached the

5  contract. This compensation is called "damages."

6      If you find that Defendant breached a contract that it made with NavCom, you must award

7  Plaintiffs damages for that breach. You must determine the amount of the damages to be awarded

8  to Plaintiffs according to the evidence, the rules of law on which I instruct you, and the other

9  instructions that I will give you on the subject of damages.

10

11      AUTHORITY:  Matthew Bender, California Forms of Jury Instruction, Ch. 1-3E, §

12  MB300E.01; Civ. Code §§ 3281, 3282, 3360; *Bergen v. Tulare Power Co.*, 173 Cal. 709, 721

13  (1916); *Parke v. Frank*, 75 Cal. 364, 369 (1888); *Hancock v. Hubbell*, 71 Cal. 537, 539 (1887);

14  *Browner v. Davis*, 15 Cal. 9, 11 (1860); *Ericson v. Playgirl, Inc.*, 73 Cal. App. 3d 850, 859

15  (1977); *Sweet v. Johnson*, 169 Cal. App. 2d 630, 632-633 (1959); *Steers v. City and County of*

16  *San Francisco*, 118 Cal. App. 361, 363 (1931); *Weaver v. Atlantian Constr. Co.*, 84 Cal. App.

17  154, 161 (1927); *Weichers v. Dehail*, 41 Cal. App. 547, 549 (1919); Restatement (Second) of

18  Contracts § 346.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

118

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 64:**

Oki Electric objects to this proposed instruction as cumulative of the prior instruction and therefore a waste of time.

Further, the instruction over-emphasizes the jury's obligation with respect to damages, without pointing out that damages are only available if Plaintiff proves breach of contract, and if damages are not precluded by Oki's defenses.  Without references to these two points, the instruction is likely to lead to jury confusion and prejudice to Oki Electric.  The agreement has very specific Limitations of Liability provisions of the contract, and those limitations are not acknowledged at all in this proposed instruction.  Rather than edit this instruction, Oki respectfully submits that the instruction is not necessary as there are already other instructions that adequately cover this subject matter.

Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above. Specifically, Oki Electric objects to this instruction because:

1.   The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2.   Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

3.   Plaintiffs have affirmatively stated no provision of the contract is void, inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract preclude the recovery of consequential, exemplary, special, or incidental damages, including, without limitation, lost profits. The limitation of liability provision may not be read out of the agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

119

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1        Further, Plaintiffs have consistently maintained that they are not seeking the types of

2   damages that are precluded by the Limitation of Liability provision of the contract.  Specifically,

3   Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not

4   seeking damages that it contends are consequential damages."  Plaintiffs' reaffirmed their prior

5   response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013,

6   the last day of discovery), stating again, "NavCom is not seeking damages that it contends are

7   consequential damages."  Under California law, "Contractual damages are of two types – general

8   damages (sometimes called direct damages) and special damages (sometimes called

9   consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796,

10   *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*,

11   34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.  Thus, Plaintiffs

12   interrogatory responses preclude seeking special damages as well.

13        In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void,

14   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

15   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

16   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

17   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

18        Accordingly, Plaintiffs should be precluded from recovering the consequential,

19   exemplary, special, or incidental damages, including, without limitation, lost profits encompassed

20   by this instruction.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

120

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' REQUESTED INSTRUCTION NO. 65:**

2                              <u>**General Measure of Damages**</u>

3         If you find that Defendant breached a contract that it made with NavCom, you must award

4    Plaintiffs damages in an amount that will fully compensate them for all losses and harm that the

5    breach caused them, unless the other rules of law on which I will instruct you limit the amount

6    that Plaintiffs are entitled to recover or the type of losses or harm for which you can award

7    damages to Plaintiffs.

8

9         AUTHORITY:  Matthew Bender, California Forms of Jury Instruction, Ch. 1-3E, §

10   MB300E.02; Civ. Code § 3300; *Coughlin v. Blair*, 41 Cal. 2d 587, 600 (1953); *Lisec v. United*

11   *Airlines, Inc.*, 10 Cal. App. 4th 1500, 1504 (1992); *DuBarry Internat., Inc. v. Southwest Forest*

12   *Industries, Inc.*, 231 Cal. App. 3d 552, 563 (1991); *Wickman v. Opper*, 188 Cal. App. 2d 129, 132

13   (1961); *Phalanx Air Freight v. National Skyway Freight Corp.*, 104 Cal. App. 2d 771, 776

14   (1951).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

121

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 65:**

Oki Electric objects to this proposed instruction as cumulative of the prior instruction and therefore a waste of time.

Further, the instruction over-emphasizes the jury's obligation with respect to damages, without pointing out that damages are only available if Plaintiff proves breach of contract, and if damages are not precluded by Oki's defenses.  Without references to these two points, the instruction is likely to lead to jury confusion and prejudice to Oki Electric.  The agreement has very specific Limitations of Liability provisions of the contract, and those limitations are not acknowledged at all in this proposed instruction.  Rather than edit this instruction, Oki respectfully submits that the instruction is not necessary as there are already other instructions that adequately cover this subject matter.

Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1.  The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2.  Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

3.  Plaintiffs have affirmatively stated no provision of the contract is void, inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract preclude the recovery of consequential, exemplary, special, or incidental damages, including, without limitation, lost profits. The limitation of liability provision may not be read out of the agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

122

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    Further, Plaintiffs have consistently maintained that they are not seeking the types of

2    damages that are precluded by the Limitation of Liability provision of the contract.  Specifically,

3    Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not

4    seeking damages that it contends are consequential damages."  Plaintiffs' reaffirmed their prior

5    response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013,

6    the last day of discovery), stating again, "NavCom is not seeking damages that it contends are

7    consequential damages."  Under California law, "Contractual damages are of two types – general

8    damages (sometimes called direct damages) and special damages (sometimes called

9    consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796,

10   *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*,

11   34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.  Thus, Plaintiffs

12   interrogatory responses preclude seeking special damages as well.

13       In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void,

14   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

15   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

16   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

17   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

18       Accordingly, Plaintiffs should be precluded from recovering the consequential,

19   exemplary, special, or incidental damages, including, without limitation, lost profits encompassed

20   by this instruction.

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

123

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' REQUESTED INSTRUCTION NO. 66:**

2   **<u>Damages to Buyer Who Has "Covered"</u>**

3       Plaintiffs claim damages for the increased costs they incurred in connection with having to

4   use a substitute for the microchips that Defendant was supposed to provide under the contract but

5   did not provide.  If you find in favor of Plaintiffs on their claim for breach of contract, you should

6   award Plaintiffs damages calculated as follows:

7       1. The difference between the cost to Plaintiffs of substitute goods and the contract price;

8       2. Plus Plaintiffs' incidental damages;

9       3. Minus any expenses Plaintiffs saved because of Defendant's breach;

10       4. Plus Plaintiffs' consequential damages; and

11       5. Plus amounts already paid to Defendant for the goods.

12

13       AUTHORITY:  Matthew Bender, California Forms of Jury Instruction, Ch. 2-3H, §

14   MB300H.256; Com. Code §§ 2711(1), (3), 2712(2); *KGM Harvesting Co. v. Fresh Network*, 36

15   Cal. App. 4th 376, 389 (1995); *R.B. Matthews v. Transamerica Transp. Services*, 945 F.2d 269,

16   274-276 (9th Cir. 1991).

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

124

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 66:**

2          Oki Electric objects to this instruction pertaining to "cover" for the reasons presented in

3    its opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment and Defendant

4    Oki Electric's Reply In Support Of Its Motion For Summary Judgment re: Damages (Dkt # 130 at

5    5-10). Oki Electric's objection incorporates by reference in their entirety all of the arguments and

6    positions asserted in the filings identified above.

7          Moreover, Oki Electric objects to this instruction because:

8          1.   "Cover" is a tool for limiting damages resulting from the breach of a contract under

9    the UCC. The asserted contract, however, does not fall under the UCC, nor have Plaintiffs ever

10   asserted it falls under the UCC (CAL. COM. CODE § 2712).   As explained in Defendant Oki

11   Electric's Reply In Support Of Its Motion For Summary Judgment re: Damages (Dkt # 130at 3-5,

12   the asserted contracts are not governed by the UCC because, *inter alia*, they are not for the sale of

13   goods.  *See also, Tk Power, Inc. v. Textron, Inc.*, 433 F.Supp.2d 1058 (N.D. Cal., 2006)("The

14   UCC applies to "transactions in goods." … "Goods" are defined in the Code as "all things

15   (including specially manufactured goods) which are movable at the time of identification to the

16   contract for sale ..." …. The UCC does not apply to transactions involving service.")(internal

17   citation omitted); *Phoenix Solutions, Inc. v. Sony Electronics, Inc*., 637 F.Supp.2d 683 (N.D. Cal.,

18   2009) (Both the California Commercial Code and the U.C.C. apply to the sale of goods not to

19   services); *See* CAL. COM. CODE § 2102.

20         2.   Plaintiffs' interrogatory responses are entirely devoid of any mention of the UCC or

21   "cover."  Plaintiffs never raised "cover" until after the close of expert discovery and then only in

22   their motion for partial summary judgment (Dkt. #97) and their opposition (Dkt. # 114-3) to Oki

23   Electric's motion for summary judgment (Dkt. # 102).  In fact, their damages expert's report does

24   not even mention "cover" or the UCC.

25         3.   "Cover" is expressly precluded by the terms of the contract's limitation of liability

26   provision, which reads: "neither party shall be liable with respect to its obligations under this

27   Agreement for **consequential,** exemplary, **special**, or **incidental damages**, including, without

28   limitation, lost profits" (*See, e.g.,* Terms and Conditions of the asserted contract at Section 16.0).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

125

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  Cover, is by definition, a consequential damage (also referred to as special damages in

2  California). *Unihan Corp. v. Max Group Corp.*, 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal.

3  2011) citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th

4  960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71. However, plaintiffs' stated in

5  their initial response to Defendants' interrogatory no. 2 and their Supplemental Response to

6  Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), "NavCom is not

7  seeking damages that it contends are consequential damages." As such Plaintiffs should not now

8  on the eve of trial recast their case and take diametrically opposite positions than they have

9  throughout discovery and seek expressly precluded damages.

10      4.  Moreover, even if, *arguendo*, one were to assume the UCC could apply to the

11  development contracts in this case, the instruction is nonetheless a misstatement of the law.

12  "Cover" under the UCC requires that buyer "purchase" replacement goods, "in substitution for"

13  those due from the seller.  Cal. Com. Code § 2712. Thus, the instruction fails to include the two

14  requirements of (1) purchasing replacement goods and (2) those replacement goods being a

15  substitute of the contracted for good.  This is particularly important given the fact that (a)

16  Plaintiffs did not purchase the replacement goods and (b) the alleged substitute did not "replace"

17  the RF ASIC product that Seller is alleged to have failed to deliver, but to the contrary, the RF

18  ASIC product was intended to "replace" the pre-existing so-called "discrete solution."

19      With respect to the first point, the UCC does not encompass the idea of a buyer

20  "purchasing" goods from *itself* to cover, and courts have roundly criticized this theory of "self-

21  cover." *See Chronister Oil Co. v. Unocal Ref. & Mktg. (Union Oil Co. of California)*, 34 F.3d

22  462, 465 (7th Cir. 1994) (Posner, J.) ("[Plaintiff] did not purchase any gasoline to take the place

23  of the lost 25,000 barrels. It decided not to purchase a substitute good but instead to use a good

24  that it already owned. You can't 'purchase,' whether in ordinary language or UCC speak (see § 1-

25  201(32)), what you already own."); *Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp. 2d 575,

26  596 (S.D.N.Y. 2004) (rejecting plaintiff's UCC cover argument, because "developing

27  manufacturing capacity for oneself, rather than purchasing a substitute manufacturing line from

28  another vendor, is no more cover than issuing goods from one's own inventory[.]").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

126

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    With respect to the second point, it is clear that damages under a "cover" theory are not

2  available where the plaintiff did not actually purchase a substitute product. *See Rash Ranco Corp.*

3  *v. B.L.B. Inc.*, 762 F. Supp. 1339, 1341 (N.D. Ill. 1991) ("[Plaintiff] concedes that it has not

4  purchased substitute goods. Accordingly, relief under § 2–712 is not available."); *Draper v.*

5  *Minneapolis-Moline, Inc.*, 100 Ill. App. 2d 324, 330 (Ill. App. Ct. 1968) (reversing award of

6  damages under cover theory where plaintiff did not purchase a replacement item after the alleged

7  breach).   Nor is cover available when the alleged substitute product was not purchased *in*

8  *response to* the breach.   *Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 670 F.2d 1304, 1309 (3d

9  Cir. 1982) (holding that plaintiff did not "cover" where the replacement product "wasn't

10  purchased with intent to replace the [original product] at the time of purchase."); *Lewis v. Nine*

11  *Mile Mines, Inc.*, 268 Mont. 336, 341 (1994) ("In this case [Plaintiff] did not purchase substitute

12  timber to cover for the loss of the Nine Mile timber. . . . The terms of the Midas contract were

13  negotiated prior to [Defendant's] alleged breach. The Midas contract was therefore intended as a

14  timber cutting project in addition to the [Defendant's] project, not to replace it.").

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

127

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 67:**

*[**General Damages for Fraud***

*If you find that NavCom is entitled to recover damages for intentional misrepresentation, those damages should be an amount that will reasonably compensate NavCom for all of its loss or harm to the extent that the loss or harm was caused by the Defendant's conduct, whether or not the loss or harm could have been anticipated by Defendant.*

*NavCom is entitled to recover only for the loss or harm actually suffered because of its reliance on the Defendant's conduct. You may not consider any loss or harm suffered by NavCom that was not caused by reliance on that conduct.]*

AUTHORITY:  Matthew Bender, California Forms of Jury Instruction, Ch. 3-19A, § MB1900A.50 (modified); Civ. Code §§ 1709, 3333; *Salahutdin v. Valley of Cal., Inc.*, 24 Cal. App. 4th 555, 565-568 (1994); *Kenly v. Ukegawa*, 16 Cal. App. 4th 49, 53-55 (1993); *Walker v. Signal Cos., Inc.*, 84 Cal. App. 3d 982, 995 (1978); *Barclay Kitchen Inc. v. California Bank*, 208 Cal. App. 2d 347, 354 (1962).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

128

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 67:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation for the reasons presented in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1.     Fraud or misrepresentation is not an asserted claim in this case;

2.     Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3.     Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation. To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract. Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages". Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages." Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

129

JOINT SUBMISSION RE: PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2  Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3          Further, their assertion that the limitation of liability provision is rendered void,

4  inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5  misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6  of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7  explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8  Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

9  is in full force and effect.

10         As such Plaintiffs should not now on the eve of trial recast their case and take

11  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

12  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

13  trial to use some back-door attempt to assert a previously unasserted damages claim which they

14  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

15  highly prejudicial to Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 68:**

**<u>Damages Arising in the Future – Discount to Present Cash Value</u>**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 5.4 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 68:**

Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1.      The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2.      Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

3.      Plaintiffs have affirmatively stated no provision of the contract is void, inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract preclude the recovery of consequential, exemplary, special, or incidental damages, including, without limitation, lost profits. The limitation of liability provision may not be read out of the agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")

Further, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2, "NavCom is not seeking damages that it contends are consequential damages."  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *See, e.g.*, *Unihan Corp. v. Max Group Corp.*, 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011) citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

2    Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

3         In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void,

4    inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

5    misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

6    of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

7    explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

8         Accordingly, Plaintiffs should be precluded from recovering the consequential,

9    exemplary, special, or incidental damages, including, without limitation, lost profits encompassed

10   by this instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 69:**

*[Punitive Damages--Entity Defendant--Trial Not Bifurcated]*

*If you decide that Defendant's conduct caused NavCom harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiffs and to discourage similar conduct in the future.*

*You may award punitive damages against Defendant only if NavCom proves that Defendant engaged in that conduct with malice, oppression, or fraud. To do this, NavCom must prove one of the following by clear and convincing evidence:*

*1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant;*

*2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendant; or*

*3. That one or more officers, directors, or managing agents of Defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.*

*"Malice" means that Defendant acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.*

*"Oppression" means that Defendant's conduct was despicable and subjected NavCom to cruel and unjust hardship in knowing disregard of its rights.*

*"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.*

*"Fraud" means that Defendant intentionally misrepresented or concealed a material fact and did so intending to harm NavCom.*

*An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decisionmaking such that his or her decisions*

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   *ultimately determine corporate policy.*

2            *There is no fixed formula for determining the amount of punitive damages, and you are*

3   *not required to award any punitive damages. If you decide to award punitive damages, you*

4   *should consider all of the following factors in determining the amount:*

5            *(a) How reprehensible was Defendant's conduct? In deciding how reprehensible*

6   *Defendant's conduct was, you may consider, among other factors:*

7                    *1. Whether the conduct caused physical harm;*

8                    *2. Whether Defendant disregarded the health or safety of others;*

9                    *3. Whether NavCom was financially weak or vulnerable and Defendant knew*

10          *NavCom was financially weak or vulnerable and took advantage of it;*

11                   *4. Whether Defendant's conduct involved a pattern or practice; and*

12                   *5. Whether Defendant acted with trickery or deceit.*

13           *(b) Is there a reasonable relationship between the amount of punitive damages and*

14  *NavCom's harm, or between the amount of punitive damages and potential harm to NavCom that*

15  *Defendant knew was likely to occur because of its conduct?*

16           *(c) In view of Defendant's financial condition, what amount is necessary to punish it and*

17  *discourage future wrongful conduct? You may not increase the punitive award above an amount*

18  *that is otherwise appropriate merely because Defendant has substantial financial resources.]*

19

20           AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 3945 (September

21  2013).

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

135

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 69:**

Oki Electric objects to this instruction as it is drawn to an issue, which was never pled or raised in its interrogatories.  At no time has Plaintiff indicated it was seeking punitive damages, despite having been asked interrogatories concerning its damages claims as addressed further below.

Specifically, Oki Electric objects to this instruction because:

1.   Fraud or misrepresentation is not an asserted claim in this case;

2.   Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3.   Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation, that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation, or that they were seeking punitive for any reasons.  To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract, and nowhere in their responses to interrogatories or their financial expert's report, did they assert punitive damages, nor have they alleged or identified or indicated they were seeking damages for "oppression, malice or fraud."

Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages".  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

2         Further, their assertion that the limitation of liability provision is rendered void,

3    inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

4    misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

5    of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

6    explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

7    Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

8    is in full force and effect.

9         As such Plaintiffs should not now on the eve of trial recast their case and take

10   diametrically opposite positions than they have throughout discovery. While Defendant disagrees

11   with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

12   trial to use some back-door attempt to assert a previously unasserted damages claim which they

13   have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

14   highly prejudicial to Defendant.

15        Oki Electric's objection incorporates by reference in their entirety all of the arguments and

16   positions asserted in its Motion in Limine No.1, Oki Electric's motion for summary judgment

17   (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary

18   judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint

19   to add a claim for fraud in the inducement.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

137

**DEFENDANT'S REQUESTED INSTRUCTION NO. 70:**

**<u>Limitation of Damages</u>**

Navcom and Oki Semiconductor agreed and Parties are allowed to agree to limit the amount of damages. This is referred to as a limitation of liability.  In this case, Navcom and Oki Semiconductor agreed to limit the damages that either party could seek in the event of a breach of contract or otherwise arising out of the parties' obligations under the contract.  Section 16.0 of the Terms & Conditions of the Original and Amended Contracts, provides:

> neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits, even if it has been advised of the possibility of such damages

As such, any damages you award must not include any of these types of damages.

I will explain the meaning of each type of damages that Navcom is not permitted to recover and will provide an explanation of the damages that Navcom may seek to recover.

AUTHORITY:

Customized Advanced GPS RF Chipset Development and Purchase Agreement, Terms & Conditions, Section 16.0.; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329] (Contractual language should be interpreted in a manner that gives force and effect to every clause rather than to one that renders clauses nugatory, inoperative, or meaningless); *Corp. v. Aetna Casualty and Surety Co.* (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

138

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 70**

2

Defendant is not basing this special instruction on any model instruction.  The reason for

3

that is that under California law, it is the court – not a jury – that decides whether to apply a

4

limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5

Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6

3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7

*Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8

*Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9

(N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10

(2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11

(N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12

246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13

*Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14

Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15

to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16

contract, and that the instruction improperly attempts to presuade the jury to accept Defendant's

17

limitation of liability defense.

18

Moreover, this instruction is also inaccurate and incomplete in that it omits the portion of

19

Section 16.0 of the contract which provides that there is no limitation of liability in the case of

20

fraud.  This instruction is also objectionable in that it injects Defendant's disputed contention that

21

the amendment to the Customized Advanced GPS RF Chipset Development and Purchase

22

Agreement constitutes a different contract.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 71:**

**<u>Limitation on Damages – Consequential Damages</u>**

Consequential damages are excluded by the contract. In calculating the amount of damages, you may not consider or include consequential damages.

Consequential damages are defined as those damages, which, in view of all facts known by the parties at the time of the making of the contract, may reasonably be foreseeable as a likely consequence of a breach in the ordinary course of events. Generally, this includes all the harm that would not have been incurred but for the breach, or which, in the ordinary course of things, would be likely to occur because of the breach.

You must not consider or include consequential damages in your calculation of any amount awarded.

AUTHORITY:

*Stevens Group Fund IV v. Sobrato Development Co.* (1991) 1 Cal.App.4th 886, 892 [2 Cal.Rptr.2d 460], *quoting* the Assembly Committee on Judiciary); *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011); ("Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages); *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

140

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 71:**

2         Defendant is not basing this special instruction on any model instruction.  The reason for

3    that is that under California law, it is the court – not a jury – that decides whether to apply a

4    limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5    Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6    3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.

7    Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,

8    Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9    (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10   (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11   (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12   246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13   *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14        Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15   to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16   contract.

17        Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18   of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19   fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

141

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 72:**

**<u>Limitation on Damages – Exemplary Damages</u>**

Exemplary damages are excluded by the contract. In calculating the amount of damages, you may not consider or include exemplary damages.

Exemplary damages are also known as punitive damages, and are awarded as a punishment and to set an example to others.

You must not consider or include exemplary or punitive damages in your calculation of any amount awarded.

AUTHORITY:  Black's Law Dictionary

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 72:**

2       Defendant is not basing this special instruction on any model instruction.  The reason for

3   that is that under California law, it is the court – not a jury – that decides whether to apply a

4   limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5   Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6   3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7   *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8   *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9   (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14      Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17      Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18  of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19  fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

143

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 73:**

**<u>Limitation on Damages – Special Damages</u>**

Special damages are excluded by the contract. In calculating the amount of damages, you may not consider or include special damages.

Special damages, sometimes called consequential damages, are damages not contemplated by the party, but which may in fact follow as a natural consequence of the breach and can include, for example, out-of-pocket expenses which are a direct result of a breach of contract and losses by a customer arising from the breach.  These can also be described as damages that result indirectly from, or that "flow from" the breach.

You must not consider or include special damages in your calculation of any amount awarded.

AUTHORITY:

*Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011)("Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages) citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71("Special damages, by contrast, are those losses that do not arise directly and inevitably from any similar breach of any similar agreement. Instead, they are secondary or derivative losses arising from circumstances that are particular to the contract or to the parties. Special damages are recoverable if the special or particular circumstances from which they arise were actually communicated to or known by the breaching party (a subjective test) or were matters of which the breaching party should have been aware at the time of contracting(an objective test)."); *see also*, Black's Law Dictionary.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

144

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 73:**

2         Defendant is not basing this special instruction on any model instruction.  The reason for

3    that is that under California law, it is the court – not a jury – that decides whether to apply a

4    limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5    Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6    3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7    *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8    *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9    (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10   (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11   (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12   246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13   *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14        Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15   to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16   contract.

17        Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18   of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19   fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 74:**

**<u>Limitation on Damages – Incidental Damages</u>**

Incidental damages are excluded by the contract. In calculating the amount of damages, you may not consider or include incidental damages.

Incidental damages include expenses that are typically associated with the manufacture or sale of products and include the expenses reasonably incurred in inspection, receipt, transportation and care and custody of returned or damaged goods, any commercially reasonable charges, expenses in connection with effecting replacement and any other reasonable expenses caused by delay or other breach.

You must not consider or include incidental damages in your calculation of any amount awarded.

AUTHORITY:  Black's Law Dictionary; *Cf.*, Cal. Comm. Code § 2715.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

146

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 74:**

2          Defendant is not basing this special instruction on any model instruction.  The reason for

3  that is that under California law, it is the court – not a jury – that decides whether to apply a

4  limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5  Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6  3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7  *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8  *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9  (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14          Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17          Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18  of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19  fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 75:**

**<u>Limitation on Damages – Lost Profit Damages</u>**

Lost Profit damages are excluded by the contract. In calculating the amount of damages, you may not consider or include lost profit damages.

The term "profit" means the excess of revenue over expenses in a business transaction. This can be represented by the following formula:

$$[\text{selling price}] - [\text{costs}] = \text{profit}$$

By way of simple example, if it costs \$1.00 to manufacture a product, and the product is sold for \$5.00, the profit would be \$4.00.  If, however, the cost is increased to \$2.00, but the selling price stays the same, the profit would be decreased to \$3.00.  In this simple example, Lost Profit would result from an increased cost while maintaining a constant selling price. Alternatively, if the cost is increased to \$2.00, but the selling price is increased to \$6.00, the profit would be \$4.00, unchanged from the first example.

You must not consider or include lost profit damages in your calculation of any amount awarded.

AUTHORITY:

Black's Law Dictionary; Webster's Online Dictionary (2014); *see e.g.*, *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1025 (9th Cir. 2000).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

148

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 75:**

2          Defendant is not basing this special instruction on any model instruction.  The reason for

3   that is that under California law, it is the court – not a jury – that decides whether to apply a

4   limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5   Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6   3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7   *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8   *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9   (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14          Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17          Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18  of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19  fraud.

20          In addition, the instruction crafted by Defendant is an inaccurate statement of California

21  law.  Lost profits may be <u>direct</u> or <u>indirect</u>.  *See Lewis Jorge Const. Management, Inc. v. Pomona*

22  *Unified School Dist.*, 34 Cal. 4th 960 (2004).  Even absent fraud, the contract still only precludes

23  indirect lost profits, not direct lost profits.  *See In re First Magnus Financial Corp.*, 2010 WL

24  6452904, 5 (9th Cir. BAP (Ariz.); *Coremetrics, Inc. v. Atomic Park.com*, LLC, 2005 WL

25  3310093, 4 (N.D.Cal. 2005); *Claredi Corp. v. SeeBeyond Technology Corp.*, 2010 WL 1257946,

26  6 (E.D.Mo. 2010).

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

149

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 76:**

**Limitation of Damages - Initial Payment**

Navcom and Oki Semiconductor agreed to additional limitations on damages.

The parties agreed that the "Initial Payment" (as defined in Schedule C of the contracts) in the amount of Three Hundred Thousand Dollars ($300,000) was not cancellable or refundable under any circumstances.

You must not include this amount in any damages calculation or award.


AUTHORITY:

Customized Advanced GPS RF Chipset Development and Purchase Agreement, Schedule C; CAL. CIVIL CODE §§1641-1644; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [71 Cal.Rptr.2d 830, 951 P.2d 399], internal citations omitted ("Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning"; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329](Contractual language should be interpreted in a manner that gives force and effect to every clause rather than to one that renders clauses nugatory, inoperative, or meaningless; *see also*, Titan Corp. v. Aetna Casualty and Surety Co. (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 76:**

2      Defendant is not basing this special instruction on any model instruction.  The reason for

3  that is that under California law, it is the court – not a jury – that decides whether to apply a

4  limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5  Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6  3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7  *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8  *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9  (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14      Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17      Furthermore, Plaintiffs object to this instruction on the ground that it improperly directs a

18  verdict for Defendant on this issue by instructing the jury: "You must not include this amount in

19  any damages calculation or award." The "not cancellable or refundable" language does not

20  preclude the jury from awarding Plaintiffs damages including this amount as a remedy for

21  Defendant's breach of contract.  *See, e.g., Kuish v. Smith*, 181 Cal. App. 4th 1419, 1428-29

22  (2010) (finding seller's retention of defaulting buyer's "non-refundable" deposit in rising market

23  to be improper forfeiture); *Cataphora, Inc. v. Parker*, No. C09-5749 BZ, 2010 WL 4791643, *2

24  (N.D. Cal. Nov. 17, 2010) (finding non-refundable fixed fee to be illegal penalty and denying

25  summary judgment).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 77:**

**<u>Limitation of Damages - Second Payment</u>**

As part of its damages claim, Navcom seeks to recover the amount of the "Second Payment" (as defined in Schedule C of the contracts) in the amount of One Hundred Twenty Thousand Dollars ($120,000).

Oki Electric contends that the second payment was what is called a milestone payment, and that Navcom approved the payment having confirmed the requirements for the payment had been met and, as such, the payment was made for goods and/or services Navcom received.

To establish this claim, Oki Electric must prove all of the following:

1.   That the receipt of the Second Payment was contingent upon Oki Semiconductor providing specified goods and/or services;

2.   That Oki Semiconductor provided the specified goods and/or services to Navcom; and

3.   Navcom made its payment in response to Oki Semiconductor providing the specified goods and/or services.

If Oki Electric proved that the Second Payment was a payment for goods and/or services provided to Navcom, you must not include the amount of the second payment in any damage award.

AUTHORITY:

Customized Advanced GPS RF Chipset Development and Purchase Agreement, Schedule C; CAL. CIVIL CODE §§1641-1644; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [71 Cal.Rptr.2d 830, 951 P.2d 399], internal citations omitted ("Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning"; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329](Contractual language should be interpreted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

152

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   in a manner that gives force and effect to every clause rather than to one that renders clauses

2   nugatory, inoperative, or meaningless; *see also*, Titan Corp. v. Aetna Casualty and Surety Co.

3   (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

153

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 77:**

Defendant is not basing this special instruction on any model instruction. The reason for that is that under California law, it is the court – not a jury – that decides whether to apply a limitation of liability clause. *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App. 3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v. Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118 (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091 (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*, 246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court to instruct the jury on the meaning of the limitation of liability provision or other provisions in the contract.

Furthermore, Defendant has failed to provide any applicable legal basis for the instruction. Civil Code section 1473, cited by Defendant, provides that "*[f]ull performance* of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf, and with his assert, if accepted by the creditor, extinguishes it." (italics added) Here, there is no question that Defendant failed to fully perform its obligations under the contract. Therefore, its obligations were not extinguished. Plaintiffs of course are entitled to recover the milestone payments it made to Defendant following Defendant's breach of contract. *See Asahi Kasei Pharma Corporation v. Actelion Ltd.*, 2014 WL 172514, 6 (Cal.App. 1 Dist.2014) (breach of contract damages awarded for "milestone payments").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

154

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S REQUESTED INSTRUCTION NO. 78:**

2   <u>**Mitigation of Damages**</u>

3       If Oki Semiconductor breached the contract and the breach caused harm, Navcom  [and

4   Deere] is [are] not entitled to recover damages for harm that Oki Electric proves Navcom [and

5   Deere] could have avoided with reasonable efforts or expenditures.

6       Oki Electric contends that Navcom [and Deere] failed to mitigate its damages by refusing

7   to pay the development cost proposed by Oki Semiconductor for the development of the agreed

8   upon 4-chip design.

9       You should consider the reasonableness of Navcom's [and Deere's] efforts in light of the

10   circumstances facing it [them] at the time.

11       If Navcom's [and Deere's] decision to reject Oki Semiconductor's offer was reasonable

12   and that it [they] made every reasonable effort to avoid harm, then your award should include

13   reasonable amounts that it [they] spent for this purpose, but do not include any form of damages

14   which I have instructed you to exclude.

15

16   AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 358 (2014) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

155

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 78:**

2        Plaintiffs have moved for summary judgment on Defendant's fifth affirmative defense for

3  failure to mitigate damages.  If summary judgment on that defense is denied, Plaintiffs object to

4  this instruction on the ground that Defendant has unnecessarily modified the pattern instruction

5  (CACI 358) by removing certain language and adding its own arguments.  In particular,

6  Defendant includes the sentence from the pattern instruction that "[y]ou should consider the

7  reasonableness of Navcom's [and Deere's] efforts in light of the circumstances facing it [them] at

8  the time," but removed the remainder of the sentence which reads "including [his/her/its] ability

9  to make the efforts or expenditures without undue risk or hardship."  Similarly, Defendant

10  substantially modified the sentence of the pattern instruction which reads: "If [ *name of plaintiff* ]

11  made reasonable efforts to avoid harm, then your award should include reasonable amounts that

12  [he/she/it] spent for this purpose."

13        In addition, Defendant improperly injects its own arguments into its proposed instruction.

14  Defendant's argument that, to mitigate Defendant's breach, NavCom was required to enter into a

15  "new agreement" with Defendant, pay Defendant an additional $860,000, and wait at least

16  another year for RF ASICs from Defendant should be rejected as a matter of law.  *See, e.g.*, *Yang*

17  *Ming Marine Transp. Corp. v. Okamoto Freighters Ltd.*, 259 F.3d 1086, 1095 (9th Cir. 2001);

18  *999 Corp. v. C.I.T. Corp.*, 776 F.2d 866, 870-1 (9th Cir. 1985).  Defendant cites no case law

19  holding that, to mitigate a party's breach, the non-breaching party is obliged to enter into a new

20  agreement *with the breaching party*.

21        If Plaintiffs' motion for summary judgment on Defendant's mitigation of damages defense

22  is denied, Plaintiffs do not object to an instruction on mitigation of damages and have proposed

23  an alternative instruction that tracks CACI 358 without modification.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

156

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' ALTERNATIVE INSTRUCTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 79:**

## <u>Mitigation of Damages</u>

If Defendant breached the contract and the breach caused harm, Plaintiffs are not entitled to recover damages for harm that Defendant proves could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 358 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

157

JOINT SUBMISSION RE:  PROPOSED
JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' ALTERNATIVE INSTRUCTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 79:**

Oki Electric objects to Plaintiffs' proposed instruction because it fails to instruct the jury that it must take into account the Court's instructions concerning any limitation of damages. This is incorporated in Oki Electric's counterproposal. Oki would be significantly prejudiced with the proper limiting instruction. Specifically,

Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

3. Plaintiffs have affirmatively stated no provision of the contract is void, inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract preclude the recovery of consequential, exemplary, special, or incidental damages, including, without limitation, lost profits. The limitation of liability provision may not be read out of the agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")

Further, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract. Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages." Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013,

MORGAN, LEWIS & BOCKIUS LLP ATTORNEYS AT LAW SAN FRANCISCO

JOINT SUBMISSION RE: PROPOSED JURY INSTRUCTIONS 5:12-CV-04175 EJD

1    the last day of discovery), stating again, "NavCom is not seeking damages that it contends are

2    consequential damages."  Under California law, "Contractual damages are of two types – general

3    damages (sometimes called direct damages) and special damages (sometimes called

4    consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796,

5    *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*,

6    34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.  Thus, Plaintiffs

7    interrogatory responses preclude seeking special damages as well.

8         In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void,

9    inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud claim

10   is completely contrary to Plaintiffs' position during the entire pendency of the litigation. Plaintiffs

11   cannot on the eve of trial flip their response to an interrogatory which explicitly stated no

12   provision of the contract is "void, inoperative, nullified or unenforceable."

13        Accordingly, Plaintiffs should be precluded from recovering the consequential,

14   exemplary, special, or incidental damages, including, without limitation, lost profits encompassed

15   by this instruction.

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

159                                    JOINT SUBMISSION RE:  PROPOSED
                                       JURY INSTRUCTIONS
                                       5:12-CV-04175 EJD

1

## **FILER'S ATTESTATION**

2          I, Brett M. Schuman, am the ECF user whose identification and password are being used

3  to file this Joint Submission Re: Proposed Jury Instructions.  Pursuant to L.R. 5-1(i)(3), I hereby

4  attest that concurrence in the electronic filing of this document has been obtained from each of

5  the other signatories.

6  Dated: March 11, 2014                    By _____ /s/ Brett M. Schuman
7                                                        Brett M. Schuman

8

9

10

11

12

13  DB2/ 24841403.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT SUBMISSION RE:  PROPOSED
                                                  JURY INSTRUCTIONS
                                                  5:12-CV-04175 EJD