MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:   415.442.1000
Fax:   415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER CLARIFYING ISSUES REMAINING FOR TRIAL**<br><br>Courtroom:  4<br>Judge:  Hon. Edward J. Davila |

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 24854410.4

ADMIN MOT. FOR ORDER
CLARIFYING ISSUES FOR TRIAL
5:12-CV-04175 EJD

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rule 7-11, Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere," together, "Plaintiffs") seek an Order clarifying the issues remaining for trial in the light of the Court's March 11, 2014 Order Denying Plaintiffs' Motion for Leave to Amend; Granting in Part and Denying in Part the Motions for Summary Judgment (Dkt. No. 199, the "Order").

## I.  INTRODUCTION.

This request for clarification does not seek to "alter or amend the judgment" or require a "substantive change of mind by the court." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (internal citation and quotation marks omitted).[1] Instead, Plaintiffs' request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Id.*; *see, e.g.*, *Wahl v. Am. Sec. Ins. Co.*, No. 08-0555, 2010 U.S. Dist. LEXIS 84878, at *9-10 (N.D. Cal. July 20, 2010) ("A court may clarify its order for any reason.").

In the light of the Court's Order, Plaintiffs respectfully seek clarification regarding the claims and damages theories remaining for the jury trial scheduled to begin on April 7, 2014. *See, e.g.*, *Espinoza v. County of Fresno*, No. 1:07-cv-01145, 2012 U.S. Dist. LEXIS 79279 (E.D. Cal. June 7, 2012) (issuing "Order Clarifying Issues Remaining for Trial" to resolve parties' disagreement of triable issues following summary judgment order).

## II.  SUMMARY OF PORTIONS OF THE ORDER RELEVANT TO THIS MOTION.

Although no party sought summary judgment on the issue of whether Oki breached any provision of the Customized Advanced GPS RF Chipset Development and Purchase Agreement ("Agreement"), the Order summarily adjudicated that Oki breached Section 1.0 of the Agreement by improperly terminating it.[2] Order at 15:14-16:2; *see id.* at 15:22-23 ("Nothing in the record indicates that Defendant continued working after the [termination] email was sent."). The Court then evaluated Plaintiffs' claimed damages in the light of *that* adjudicated breach and concluded that (1) payments NavCom made to Oki under the contract, and (2) expenses NavCom incurred,

---

[1] Plaintiffs do, however, reserve all rights with respect to the Order.
[2] For the Court's reference, the Agreement is attached as Exhibit 1 to the Declaration of Brett M. Schuman in Support of Plaintiffs' Administrative Motion ("Schuman Declaration"), filed concurrently herewith. Unless otherwise noted, all exhibits cited herein are attached to the Schuman Declaration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24854410.4

1

ADMIN MOT. FOR ORDER
CLARIFYING ISSUES FOR TRIAL
5:12-CV-04175 EJD

are not recoverable because "they do not flow directly and necessarily" from Oki's breach of Section 1.0, "and are not a natural result of a breach." Order at 18:24-26, *see id.* at 19:13-14 (tying this ruling to the finding that "Defendant breached the contract when it failed to provide timely notice of termination."). The Court ruled that Plaintiffs could not recover their increased costs associated with their use of the discrete solution (the so-called "third item" of claimed damages) "because they were not proximately caused by the breach" – reiterating that "Defendant's breach was that it failed to provide the required three months' notice prior to termination." *Id.* at 22:13-14, 22:23-24. The Court said: "Thus, the Court finds that Plaintiffs' third item of claimed damages is not recoverable as a matter of law." *Id.* at 23:10-11; *see also id.* at 23:22-24.

## III. REQUEST FOR CLARIFICATION REGARDING ISSUES TO BE TRIED.

The following is Plaintiffs' understanding of the remaining issues to be tried. Plaintiffs respectfully request the Court's confirmation or clarification as they prepare for trial.

### A. What Are Plaintiffs' Damages For The Adjudicated Breach Of Section 1.0 Of The Agreement?

In ruling that the three categories of damages addressed in the Order are not recoverable for Oki's breach of Section 1.0 of the Agreement, the Court noted that "[i]t is certainly plausible that Plaintiffs suffered some amount of damages as a proximate result of Defendant's breach (losing the benefit of three months to prepare for Defendant's termination, for example), but not nearly to the extent described in Plaintiffs' Expert Report." Order at 23:8-10. Thus, Plaintiffs plan to present evidence of the damages it incurred as a proximate result of Defendant's breach of Section 1.0 at trial. Plaintiffs also plan to present evidence regarding Oki's unjust enrichment from its improper termination.

### B. Did Oki Breach Sections 2.2, 2.6, & 2.8 Of The Agreement? If So, What Are Plaintiffs' Damages?

In the Order, the Court held that Oki breached Section 1.0. Whether Oki committed other breaches of the Agreement was not addressed by the parties' summary judgment briefing or discussed in the Order. Dkt. Nos. 97, 100, 102. As a result, the Court did not – and could not – resolve other breach theories or the damages proximately caused by those breaches. *Soriano v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24854410.4

2

ADMIN MOT. FOR ORDER
CLARIFYING ISSUES FOR TRIAL
5:12-CV-04175 EJD

*Countrywide Home Loans, Inc.*, No. 09-CV-02415, 2011 U.S. Dist. LEXIS 59714, at *8 (N.D. Cal. June 2, 2011) ("Nonetheless, there is no basis to find that CHL waived its right to make these arguments by failing to do so earlier. There is no requirement that a party move for summary judgment at all. Plaintiff has introduced no authority requiring that a party make every possible legal and factual argument at summary judgment.").

In their Complaint, Plaintiffs allege Defendant breached the Agreement in a number of ways, including by failing (repeatedly) to deliver Engineering Prototypes that met the agreed specification for the RF ASICs that were the subject of the Agreement:

> Oki Semiconductor Co. was obligated under the Agreement to, among other things, develop and deliver functional engineering prototypes of the Nova RF ASIC and to supply the RF ASICs to NavCom. **Oki Semiconductor Co. breached its obligations under the Agreement by, among other things, failing to deliver functional engineering prototypes**, failing to supply the RF ASICs, and by abandoning the Agreement.

Dkt. No. 1-1 (Complaint) ¶ 27 (emphasis added). Plaintiffs pursued these other breach theories aggressively throughout this litigation. *See* Dkt. No. 176 (Joint Final Pretrial Conf. Stmt.) 3:14-20 & fn 3; *see, e.g.*, Dkt. No. 88 (Joint Prelim. Pretrial Conf. Stmt.) 1:25-28; Dkt. No. 87 (DDJR #1) 7:3-8; Dkt. No. 56 (Joint Case Mgmt. Stmt.) 2:9-14. In response to Defendant's contention interrogatory requesting that Plaintiffs "State in detail all actions by Defendant that are relied upon by Plaintiffs as evidence of breach of contract by Defendants," Plaintiffs provided a full explanation of this theory. Ex. 2 (NavCom's Supp. Resp. to Oki's First Set of Interrog.) 7:21-8:5 (Resp. to Interrog. 4). The parties have taken myriad additional discovery regarding these breach theories in preparation for trial. *See, e.g.*, Ex. 3 (NavCom's Resp. to Oki's Second Set of Interrog.) 4:24-5:2 (Resp. to Interrog. 10); Ex. 4 (NavCom's Resp. to Oki's RFAs) 17:1-7 (RFA 61), 17:8-14 (RFA 62), 29:26-30:4 (RFA 113), 30:5-11 (RFA 114); Ex. 5 (Oki's Resp. to NavCom's RFAs) 3:11-16 (RFA 1), 4:14-19 (RFA 2); Ex. 6 (Inoue Depo. Tr.) 88:2-17; Ex. 7 (Oki FED. R. CIV. P. 30(b)(6) Depo. Tr.) 173:11-174:10.

The Court's ruling that "Defendant had a right to terminate the contract" (Order at 25:7) does not foreclose Plaintiffs from presenting these additional breach theories, as Oki's obligation to deliver working Engineering Prototypes (§§ 2.6 & 2.8) and to use "reasonable best efforts" to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24854410.4

3

ADMIN MOT. FOR ORDER
CLARIFYING ISSUES FOR TRIAL
5:12-CV-04175 EJD

conform to the timetable set forth in Schedule C (§ 2.2) continued until December 31, 2008, the end of the Term under Section 1.0. *See* Order at 15:22-23 ("Nothing in the record indicates that Defendant continued working after the [termination] email was sent.").[3] If Oki had not breached these other contractual obligations, upon Oki's July 2008 termination, Plaintiffs could have taken the prototypes to another foundry for production. Indeed, under Section 2.8 Oki was specifically obligated to repair or replace the defective prototypes it provided to NavCom until at least December 31, 2008. Oki's breach of these other contractual obligations proximately caused Plaintiffs' third item of damages, *i.e.*, the increased cost of using the replacement discrete solution. *See, e,g., Mann v. Jackson*, 141 Cal.App. 2d 6, 11-12 (1956) (affirming award of increased cost damages proximately caused by defendant's failure to provide working machine that would have decreased production costs); *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 877-80 (6th Cir. 2007) (affirming, in a case involving breach of an agreement to develop and produce ASICs, an award of damages for the plaintiff's replacement solution: "We cannot agree with Micrel that the existence of the conditions precedent necessarily excused its performance under the Supply Agreement, or established as a matter of law that the parties did not contemplate that damages for breach of the Development Agreement could include lost profits or unrealized savings resulting from the failure to purchase or supply production quantities of parts under the Supply Agreement . . . . In the end, it makes no difference whether the jury awarded TRW damages under the common law or the UCC because under either measure, TRW's damages are the same and supported by the evidence."); *HIFN, Inc. v. Intel Corp.*, No. 1835-VCS, 2007 WL 1309376, at *11-13 (Del. Ch. May 2, 2007) (in contract for development of custom microchips in which parties set "target date" of eight months, developer took over 27 months to produce functioning chips, which was unreasonable as a matter of law and constituted a material breach).[4]

---

[3] Section 1.0 provides that "[t]his Agreement shall automatically renew for successive one (1) year periods until Buyer or Seller terminates the Agreement with ***at least three (3) months written notice prior to the expiration of any then current term***." Schuman Declaration, Ex. 1 (Agreement) § 1 (emphasis added). Thus, even assuming Oki had the right to terminate under Section 1.0, by giving notice of termination in July 2008 Oki was still obligated to continue working on the RF ASICs through the end of the "then current term," *i.e.*, December 31, 2008.
[4] The reference to "lost profits" in these cases does not implicate Oki's defense based on the limitation of liability clause in the Agreement. As Plaintiffs have explained elsewhere, the clause

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24854410.4

4

ADMIN MOT. FOR ORDER
CLARIFYING ISSUES FOR TRIAL
5:12-CV-04175 EJD

Plaintiffs plan to present evidence supporting these other alleged breaches of the Agreement, and evidence of the damages proximately caused by those breaches. If the jury finds for Plaintiffs on these other breach theories, Plaintiffs' damages for Oki's summarily adjudicated breach of Section 1.0 are not limited to remaining term of the Agreement. *See, e.g.*, *County of L.A. v. Baker*, No. B160577, 2005 WL 1661986, at *17 fn 8 (Cal. App. July 18, 2005) (damages not limited to the notice of termination period: "it is not established that the jury found that the County's termination of the contract without following the notice provisions set forth in the contract was . . . the only breach of contract."); *Emplrs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 fn. 8 (9th Cir. 2003) (court may consider unpublished state court decisions).

### C. Whether Deere Is A Third-Party Beneficiary Of The Agreement?

The Court denied Oki's motion for summary judgment on Deere's third-party beneficiary claim. Order at 24:14-16. This is relevant to Oki's defense that the damages are recoverable, if at all, only by Deere. *See* Dkt. No. 185-4 at 6:11-12, Dkt. No. 196, 6:5-10. Accordingly, Plaintiffs intend to present evidence establishing that Deere was an intended third-party beneficiary of the Agreement. *See Prouty v. Gores Technology Group*, 121 Cal.App. 4th 1225, 1233-34 (2004).

### IV. CONCLUSION.

Plaintiffs respectfully request the Court's guidance on the issues to be tried. If the Court would like further briefing on any of these issues, Plaintiffs propose an expedited schedule so that these issues may be resolved before trial.

Dated: March 19, 2014                MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
Brett M. Schuman
Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

---

does not prevent recovery of general damages, including lost profits. *See* Dkt. No. 114-4 at 11:4-26, Dkt. No. 207 at 2:5-3:15. In the *Micrel* case, the Court did not hold that the plaintiff's increased cost damages were lost profits; it held only that they were the natural and probable result of the defendant's breach of the contract to develop the ASICs.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24854410.4

5

ADMIN MOT. FOR ORDER
CLARIFYING ISSUES FOR TRIAL
5:12-CV-04175 EJD