UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>            Plaintiffs,<br><br>   v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. And DOES ONE THROUGH TEN, inclusive,<br><br>            Defendants. | Case No.: 5:12-CV-04175-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CLARIFYING ISSUES FOR TRIAL**<br><br>**[Re: Docket No. 228]** |

In response to the Order issued by the Court on March 11, 2014, Plaintiffs have requested that the Court provide clarification regarding issues to be tried.

The Court reminds Plaintiffs that the Court's finding that Defendant breached the Agreement by failing to provide timely notice pursuant to the terms of Section 1.0 was made only for the purposes of deciding the parties' motions for summary judgment. The Court made this finding because Plaintiffs, through their motion papers, claimed that Defendant breached the

1

Case No.: 5:12-CV-04175-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CLARIFYING ISSUES FOR TRIAL

contract when Defendant provided notice of termination on July 8, 2008.[1]  The Court found that Defendant did have the right to terminate the Agreement but that Defendant did not appear to have terminated according to the Agreement's terms.  The Court previously found that Defendant may be liable for damages for its failure to provide timely notice of termination but is in no position to calculate what those damages might be.

In its Order, the Court analyzed the issues with the understanding that Plaintiffs' theory of breach was that Defendant breached when it terminated the Agreement. The Court's Order does not preclude Plaintiffs from presenting alternate theories of breach.

Plaintiffs' alternate theories of breach (breaches of Sections 2.2, 2.6, and 2.8) were not discussed in Plaintiffs' moving papers and Plaintiffs may still present these theories.  However, Plaintiffs should be aware of certain issues that may arise should Plaintiffs attempt to bring these theories of breach.

First, the Limitation of Liability Clause will continue to limit the damages Plaintiffs will be able to claim.  For every item of damages Plaintiffs might claim, Plaintiffs will need to show that they are not precluded by the Limitation of Liability Clause.  Second, Plaintiffs should be aware that issues regarding the statute of limitations may arise should they attempt to recover for any breaches that occurred more than four years prior to when the instant action commenced.  Cal. Civ. Proc. Code § 337.  In their moving papers, Plaintiffs had argued that their claim for breach of contract was outside the statute of limitations because Defendant breached when it provided notice of termination on July 8, 2008, and Plaintiffs had filed the instant action June 22, 2012.  Plaintiffs may need to show why the statute of limitations does not apply to their alternate theories of breach.

Finally, the Court remains uncomfortable with Plaintiffs' third item of damages.  Specifically, Plaintiffs contend that Defendant's alleged breach (or breaches) of Sections 2.2, 2.6, and/or 2.8 proximately caused Plaintiffs' third item of damages (the increased cost of using the

---

[1] Docket No. 114-4, Pl.'s Opp. to Def.'s Mot. for Sum. J. re Damages at 1 (". . .Oki simply quit.  It unilaterally terminated the Agreement.  A clearer case of breach of contract there could not be."); Docket No. 99-4, Pl.'s Memo ISO Mot. Partial Sum. J. at 9 ("Here, there is no evidence that Plaintiffs' claim for breach of contract accrued prior to July 8, 2008, when Oki delivered its notice of termination to NavCom").

2

Case No.: 5:12-CV-04175-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CLARIFYING ISSUES FOR TRIAL

replacement discrete solution). The Court disagrees and provides the following explanation to clarify its thinking regarding the third item of damages.

Damages are awarded in an action for breach of contract to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract. Coughlin v. Blair, 41 Cal. 2d 587, 602 (1953).

Plaintiff's third item of damages essentially seeks to place Plaintiffs in the position they would have occupied if Defendant had never exercised its termination right and assumes that 1) Defendant had been able to successfully create a prototype based on the specifications that both parties had a role in developing, which further assumes that it was actually possible to produce a working prototype based on the specifications provided, 2) Plaintiffs had ordered as much product as they felt they needed over the period of X years (as described in the sealed Expert Report), 3) Defendant actually accepted each one of those orders[2], 4) and this continued for the period of X years. Given that contract damages attempt to place the promisee in the same position had the promisor performed, this would be the maximum, or very close to the maximum, amount that Plaintiffs could reasonably claim as a measure of contract damages that are not the consequential, special, exemplary, etc. damages excluded by the Limitation of Liability clause.

Allowing Plaintiffs to recover this item of damages would render the termination right meaningless. It would mean that Defendant would have negotiated for a right to terminate the contract, exercised that right to terminate the contract (albeit without adhering to its notice requirements), yet still remain liable for the full extent of the benefit Plaintiffs would have received had the contract been performed indefinitely, successfully, and with no concern to whether Defendant would actually have filled every one of Plaintiffs' orders (as described in the Expert Report, eventually the cheaper ASICs would have been the same cost as the discrete solution, at which point Plaintiffs' would have received the full benefit of the contract with Defendant vs. going with the discrete solution).

---

[2] Agreement, Section 3.1 ("Seller *may* commence production of the units upon completion of the Development Phase and upon receipt of acceptable purchase orders," compared with "Buyer *agrees* to enter purchase orders against this Agreement during the term of the Agreement to achieve the annual commitment quantities set forth in Schedule D")

3

Case No.: 5:12-CV-04175-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CLARIFYING ISSUES FOR TRIAL

The Court does not read the Agreement as providing a promise by Defendant that Defendant would certainly succeed in developing the prototype and provide the exact quantities Plaintiffs would want to buy every year. Instead, the Court reads the Agreement as providing for a number of smaller promises, for example: Defendant's promise that it would use best efforts to meet the development schedule; Defendant's promise that it would warrant the prototypes; Defendant's promise that once Plaintiffs started placing orders, each order would be free of defects; Defendant's promise that, if it accepted an order from Plaintiffs, Defendant would ship the goods in the amount requested; Defendant's promise that if it terminated the agreement it would give 3 months' notice prior to the end of a term. Plaintiffs allege that Defendant breached in a number of ways (e.g., providing prototypes that violated the warranty). Since the contract never reached the stage where Plaintiffs were placing orders, Defendant's obligation to deliver the orders never triggered because the condition precedent to Defendant's obligation never occurred (Plaintiffs never placed the orders).

In other words, the Court reads the Agreement as providing that Defendant would become obligated to deliver each shipment only after certain conditions precedent were met (that the prototype was accepted by Plaintiffs, that Plaintiffs placed an order according to Agreement terms, that Defendant accepted order according to contract terms). Once the conditions precedent were met, Defendant would become liable for failure to deliver the particular shipment ordered by Plaintiffs. Because the conditions precedent to Defendant's obligation to deliver each shipment never occurred, Defendant was never obligated to deliver each shipment. It would violate the proximate cause requirement to award Plaintiffs for breaches of promises to provide X years worth of shipments when the actual breach is a failure to provide timely notice of termination or a failure to deliver a prototype that adheres to the warranty.

Furthermore, the above discussion assumes that Plaintiffs' third item of damages is not expressly precluded by the Limitation of Liability Clause. The Court had declined to rule on this issue because, although the Court found the parties' submissions on this topic helpful, the Court

4

Case No.: 5:12-CV-04175-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CLARIFYING ISSUES FOR TRIAL

did not reach this issue after identifying the more fundamental problem with awarding Plaintiffs these damages as discussed above.

Finally, with respect to the third-party beneficiary issue, the Court earlier declined to rule on the issue and both parties may still contest it.

**IT IS SO ORDERED**

Dated: March 20, 2014



EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:12-CV-04175-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER CLARIFYING ISSUES FOR TRIAL