1   NAGASHIMA & HASHIMOTO
    MARC R. LABGOLD (*pro hac vice*)
2   mlabgold@labgoldlaw.com
    PATRICK J. HOEFFNER (*pro hac vice*)
3   phoeffner@labgoldlaw.com
    12007 Sunrise Valley Drive, Suite 110
4   Reston, Virginia 20191
    Telephone:  877-401-8855
5   Facsimile:   877-401-8855

6   NAGASHIMA & HASHIMOTO
    TAKAAKI NAGASHIMA (*pro hac vice*)
7   nagashima@nandhlaw.com
    Hirakawa-cho, KS Bldg., 2nd Floor
8   2-4-14, Hirakawa-cho, Chiyoda-ku
9   Tokyo 102-0098 Japan
    Telephone: +81-3-3239-5750
10  Facsimile:   +81-3-3239-8538

11  MAKMAN & MATZ LLP
    DAVID A. MAKMAN (SBN 178195)
12  ROBERT C. MATZ  (SBN 217822)
    655 Mariner's Island Blvd. Suite 306
13  San Mateo, California 94404
    Telephone: 650-242-1560
14  Facsimile:   650-242-1547

15  Attorneys for Defendant
    Oki Electric Industry Co., Ltd.

16
17                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN JOSE DIVISION**
18

| | |
|---|---|
| 19   NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY, | Case No. 5:12-cv-04175 EJD |
| 20                    Plaintiffs, | **DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 6 TO PRECLUDE ISSUES AND TESTIMONY NOT PRESENTED PREVIOUSLY** |
| 21                    v. | |
| 22   OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive, | |
| 23                    Defendants. | Date: April 4, 2014 |
| 24   | Time: 10:00 am |
|      | Place: Courtroom 4, San Jose |
| 25   | Judge: Honorable Edward J. Davila |
| 26   | **Trial Date: April 22, 2014** |
| 27   | |
| 28   | |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE that on April 4, 2014 at 10:00 a.m., before the Honorable Edward J. Davila, United States District Court for the Northern District of California, Courtroom 4, San Jose, Defendant Oki Electric Industry Co., Ltd. ("Oki Electric") will, and hereby does move this Court for an order precluding Plaintiffs from asserting or presenting evidence concerning issues that were not identified previously.

**INTRODUCTION**

Defendant Oki Electric Industry Co. Ltd. ("Oki Electric") hereby submits its Motion in *Limine* Number 6 to preclude Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") (collectively "Plaintiffs") from asserting or presenting evidence concerning issues that were not identified during discovery.

Faced with an inability to succeed at trial in light of this Court's clear and unambiguous March 11, 2014 Order (Dkt. No. 199; the "Order"), Plaintiffs filed what they characterized as an "administrative motion clarifying issues remaining for trial." (Dkt. No. 228; "Motion"). In that Motion, Plaintiffs indicated their intent to raise issues that were either waived or never previously asserted, including a claim of unjust enrichment, new damages theories and alternative theories of breach of contract. Allowing Plaintiffs to inject never-before asserted or waived issues on the eve of trial is not permissible under the Federal Rules of Civil Procedure, would be manifestly unjust and highly prejudicial to Defendant.

Plaintiffs now state that they intend to assert alternative theories of breach of contract. They have never, however, asserted these new other breaches. Rather, they resisted any argument that they were asserting any breach or termination that occurred earlier because, if they had tried

5:12-cv-04175 EJD DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 6 TO PRECLUDE ISSUES AND TESTIMONY NOT PRESENTED PREVIOUSLY

1

to claim earlier breach, their claim would be barred by the four-year statute of limitations.[1] In their motion for partial summary judgment, Plaintiffs unequivocally stated,

> **There is no factual dispute as to when Plaintiffs' claim for breach of contract accrued**, or whether Plaintiffs' complaint was filed within the statute of limitations. Oki wrongfully terminated the contract by written notice dated and delivered to NavCom on **July 8, 2008**. Plaintiffs filed this action on June 22, 2012, within the applicable four-year statute of limitations. **Oki cannot show a triable issue of fact to the contrary**, and NavCom and Deere are entitled to summary judgment with respect to this affirmative defense.

(Dkt. No. 99-3 at 1:18-24) (emphasis added). In addition to this waiver, as discussed below, the new "other breaches" identified in their motion for clarification were never disclosed during discovery.

Similarly, the *only* damages Plaintiffs identified during discovery, including their responses to interrogatories and their expert's report, are those damages the Court held to be not recoverable. (Order at 18-23). Plaintiffs should not now be permitted to assert new damages theories; nor should they be permitted to play a semantic game and assert by yet another name, the same damages the Court already found unrecoverable.

### STATEMENT OF LAW

Motions in *limine* provide a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Under appropriate circumstances, a motion in *limine* may be used to exclude inadmissible or prejudicial evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

Federal Rule of Civil Procedure 26(e) requires a party to supplement interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…." FED. R. CIV. P. 26(e). "If a party fails to provide

---

[1] Oki Electric's statute of limitations defense was directed to breaches accruing prior to June 22, 2008. *See, e.g.,* Dkt. # 111-6 at 13-15; *see also*, Exh. 3, Oki Electric's Supp. Resp. to Plaintiffs' Interrogatory No. 9, at 13-16. As the Court recognized in its Order Granting Plaintiffs' Motion For Order Clarifying Issues For Trial, Plaintiffs asserting earlier dates of breach would run afoul of the statutes of limitations. (Dkt. No. 231 at 2).

| 5:12-cv-04175 EJD | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 6 TO PRECLUDE ISSUES AND TESTIMONY NOT PRESENTED PREVIOUSLY |
|---|---|
| 2 | |

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

These requirements are "not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001); *see also Hoffman v. Constr. Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## ARGUMENT

### A. New Unasserted Damages Theories

In Section III.A. of their Motion, Plaintiffs stated they intend to present "evidence of the damages it incurred as a proximate result of Defendant's breach of Section 1.0" and "evidence regarding Oki's unjust enrichment from its improper termination." (Motion at 2).

Plaintiffs, however, have ***never*** asserted "unjust enrichment." Unjust enrichment was not asserted or otherwise identified in (a) the Complaint, (b) their interrogatory responses (Exh. 1),[2] or even the (c) Joint Final Pretrial Conference Statement (Dkt. No. 176). Simply put, unjust enrichment has never been an issue in the case. This is an entirely new issue that Plaintiffs seek to raise on the eve of trial. Having not been identified, it is properly excluded.

In addition, Plaintiffs have neither asserted nor presented any evidence of any alleged harm other than the three damages components the Court has already found unrecoverable. (*See, e.g.*, Order at 18-23). Defendants served its first set of interrogatories on April 19, 2013. Interrogatory No. 1 reads:

> State in detail the direct damages each individual Plaintiff is seeking from Defendants and the factual and legal bases for such damages.

(Exh. 1 at 4). Plaintiffs' response identified only the three components of damages that the Court

---

[2] For simplicity, Oki Electric submits NavCom's Supplemental Responses, which include the interrogatory as well as Plaintiffs' responses and supplemental response. The interrogatory responses of Deere are identical, so only NavCom's responses are provided.

| 5:12-cv-04175 EJD | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 6 TO PRECLUDE ISSUES AND TESTIMONY NOT PRESENTED PREVIOUSLY |
|---|---|
| | 3 |

held unrecoverable. (*Id.* at 4-5). Plaintiffs supplemented their response on the last day of discovery, September 13, 2013, adding only the incorporation of their expert's report that, similarly, only identified the three components of damages that the Court held unrecoverable. (*Id.* at 6; *see also* Dkt. No. 189-1).

If Plaintiff is permitted to offer evidence of any alleged damages, it must be limited to evidence and theories that were properly identified during discovery, to the exclusion of the three components the Court has already held unrecoverable. (*See, e.g.*, Order at 18:24-26, 19:20-21, 22:3-5 and 23:10-11).

### B. Waived And Unasserted Breach Theories

Oki Electric submits that Plaintiffs have waived any alleged breach other than the July 8, 2008 termination. In their motion for partial summary judgment, Plaintiffs unequivocally stated "[t]here is no factual dispute as to when Plaintiffs' claim for breach of contract accrued," relying solely on the July 8, 2008 termination, and concluding, "Oki cannot show a triable issue of fact to the contrary" (see complete quote on page 2 *supra*). (Dkt. No. 99-3 at 1:18-24).[3] Despite their clear waiver, Plaintiffs now have stated they intend to assert new theories of breach under Sections 2.2, 2.6, and 2.8 of the Terms & Conditions of the asserted contract(s) ("Sections 2.2, 2.6 and 2.8"). These theories were ***never*** identified previously. Defendant's Interrogatory No. 4 reads:

> State in detail all actions by Defendants that are relied upon by Plaintiffs as evidence of a breach of contract by Defendants.

(Exh. 1 at 7). Nowhere in their response to Interrogatory No. 4 did Plaintiffs identify any reliance upon Sections 2.2, 2.6 or 2.8. (*Id.* at 7-8). Plaintiffs' supplemental response adds only the assertion

> ***Oki breached the Contract when it terminated the project in July 2008***, prior to completion of the Development Phase, in violation of ***section 2.7*** of the Contract.

(*Id.* at 8; emphasis added). These are entirely new theories which were raised in an attempt to

---

[3] The Court's Order is clear that the finding of breach was pursuant to FED.R.CIV.P. 56(e)(2). (Order at 16:1-2). Thus, contrary to Plaintiffs' assertions, the alleged breach still must be proven at trial and Oki Electric's defenses considered before any liability can be found.

obviate the effects of the Court's March 11. Order. There is no mystery why these alternative theories of breach were never raised during the twenty (20) months this case has been pending. Plaintiffs knew these claim were barred by the statute of limitations. Plaintiffs' new Sections 2.2, 2.6 and 2.8 theories, however, are an attempt to exploit the Court's dismissal of Defendant's Statute of Limitations defenses.[4] Section 2.2 (entitled "Development Schedule") and Section 2.6 (entitled "Delivery of Engineering Prototypes"), both refer to the *estimated* delivery times of Schedule C. (*See*, Exh. 2 at NAV0073925-26). Section 2.8 states in relevant part:

> 2.8 Warranty on Engineering Prototypes. Seller warrants that the **Engineering Prototypes** delivered pursuant to Section 2.0 (Development Phase) of the Terms and Conditions shall, *at the time of delivery*, be … free from defects in materials or workmanship, ….

(*Id.* at NAV0073926; emphasis added).

Plaintiffs intend to rely on time frame estimates provided in Schedule C – *i.e.,* 10 months from the sign-off of the Agreement.[5] (*Id.* at Schedule C, NAV0073923). Given the undisputed facts that the Original Agreement was entered on December 14, 2005, and the Amended Agreement entered on November 29, 2006, coupled with the undisputed facts that Oki Semiconductor delivered two sets of chips in April 2007 and December 2007 respectively, any alleged breach of Sections 2.2, 2.6 or 2.8, occurred ***more than four years before*** the filing of the Complaint on June 22, 2012. This is why Plaintiffs did not assert these defenses previously, but are only now doing so in an improper attempt to exploit the Court's Order with respect to Oki Electric's Statute of Limitations defense and to support a new claim for damages. Regardless of its motivation, the undeniable fact is that these theories were not identified as an asserted basis for breach during discovery. As such, they are are properly excluded under FED.R.CIV.P. 37(c)(1).

---

[4] The Court has already recognized the possibility of their theories running afoul of the statute of limitation. (Dkt. No. 231 at 2).

[5] The meaning of "sign-off" and the effect of an "estimated" date are contested issues. However, they are not relevant to the instant motion and, without waiver of its positions, Oki Electric need not burden the Court with those issues in this motion.

| 5:12-cv-04175 EJD | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 6 TO PRECLUDE ISSUES AND TESTIMONY NOT PRESENTED PREVIOUSLY |
|---|---|

## CONCLUSION

Oki Electric's motion should be **GRANTED**, and Plaintiffs should be precluded from raising any issue or presenting evidence concerning any issue that was not previously identified.

Dated: March 21, 2014

Respectfully Submitted,

By: ___/s/ Marc R. Labgold___
Marc R. Labgold (*pro hac vice*)

*Attorneys for Defendant*
*Oki Electric Industry Co., Ltd.*

5:12-cv-04175 EJD

6

DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S MOTION IN LIMINE NO. 6 TO PRECLUDE ISSUES AND TESTIMONY NOT PRESENTED PREVIOUSLY