1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     415.442.1000
Fax:     415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere &
Company

NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone:     877-401-8855
Facsimile:     877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:     +81-3-3239-5750
Facsimile:     +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone:     650-242-1560
Facsimile:     650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**REVISED JOINT SUBMISSION RE: PROPOSED JURY INSTRUCTIONS**<br><br>Judge:  Hon. Edward J. Davila<br>Courtroom:  4 |

1    Pursuant to the Court's Standing Order Re: Preliminary and Final Pretrial Conferences

2    and Trial Preparation In Civil Cases, Section 2(F), the parties hereby submit the revised set of

3    proposed jury instructions set forth herein in the following sections:

4        I.        Joint Set of Standard Preliminary and Closing Jury Instructions (p. 2); and

5        II.       Joint Set of Substantive Case-Specific Instructions (p. 56).

6

7        Note:  These instructions have been revised to account for Court Orders filed on or after

8    March 11, 2014 (Docket Nos. 199, 231 and 233).  The parties reserve the right to further revise

9    these jury instructions, if appropriate, after the Court resolves pending motions and/or makes

10   other rulings.  Furthermore, the parties reserve all rights with respect to the Orders and by

11   submitting revised instructions in accordance with the parties' current understandings of the

12   issues to be tried, they do not waive any rights to challenge the Orders on appeal.

13

14   Dated:  March 25, 2014                    MORGAN, LEWIS & BOCKIUS LLP

15

16                                             By:  /s/ Brett M. Schuman
                                                   BRETT M. SCHUMAN
17                                                 Attorneys for Plaintiffs
                                                   NavCom Technology, Inc. and Deere &
18                                                 Company

19   Dated:  March 25, 2014                    NAGASHIMA & HASHIMOTO

20

21                                             By:  /s/ Marc R. Labgold
                                                   MARC R. LABGOLD (*pro hac vice*)
22                                                 Attorneys for Defendant
                                                   Oki Electric Industry Co., Ltd.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

## I.    Joint Set of Standard Preliminary and Closing Jury Instructions

**JOINT REQUESTED INSTRUCTION NO. 1:**

### Duty of Jury

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.1B (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 2:**

**<u>Claims and Defenses</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Deere & Company, referred to in these instructions as Deere, is the parent company of Plaintiff NavCom Technology, Inc., referred to in these instructions as NavCom. In December 2005, NavCom and Defendant entered into a contract for the development and purchase of certain microchips for use in Deere's products. NavCom claims that Defendant breached the contract by failing to use its reasonable best efforts to timely develop the microchips, failing to deliver acceptable prototypes within a reasonable time and improperly terminating the contract in July 2008, thereby causing Plaintiffs to suffer damages. Deere claims it is a third-party beneficiary of the contract between NavCom and Defendant and that Defendant's breach caused Deere damages. In a few moments, I will instruct you regarding the meaning of the term "third-party beneficiary."

Plaintiffs have the burden of proving these claims.

Defendant denies these claims.


AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.2 (April 2007); *see* Dkt. No. 1-1 (Complaint) ¶ 27; Dkt. No. 176 (Joint Final Pretrial Conf. Stmt.) 3:14-20 & fn 3; Dkt. No. 88 (Joint Prelim. Pretrial Conf. Stmt.) 1:25-28; Dkt. No. 87 (DDJR#1) 7:3-8; Dkt. No. 56 (Joint Case Mgmt. Stmt.) 2:9-14; Dkt. No. 228-1, Ex. 2 (NavCom's Supp. Resp. to Oki's First Set of Interrog.), 7:21-8:5 (Resp. to Interrog. 4); Dkt. No. 228-1, Ex. 3 (NavCom's Resp. to Oki's Second Set of Interrog.), 4:24-5:2 (Resp. to Interrog. 10); Dkt. No. 228-1, Ex. 4 (NavCom's Resp. to Oki's RFAs) 17:1-7 (RFA 61), 17:8-14 (RFA 62), 29:26-30:4 (RFA 113), 30:5-11 (RFA 114); Dkt. No. 228-1, Ex. 5 (Oki's Resp. to NavCom's RFAs) 3:11-16 (RFA 1), 4:14-19 (RFA 2); Dkt. No. 228-1, Ex. 6 (Inoue Depo. Tr.) 88:2-17; Dkt. No. 228-1, Ex. 7 (Oki FED. R. CIV. P. 30(b)(6) Depo. Tr.) 173:11-174:10.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 2:**

Oki Electric objects to Plaintiffs' Proposed Preliminary instruction on the following grounds and has proposed its version of this instruction to address these points:

1.   At the outset the instructions should identify NavCom first and then Deere (subject to Deere's being dismissed from the case).  The case is captioned with Navcom as the primary plaintiff and, as such, Navcom should be introduced first.  The initial reference to Deere when NavCom is the primary plaintiff is prejudicial since Deere's presence in the case is as an asserted third-party beneficiary, a contested issue on which Plaintiffs bear the burden of proof.

2.  The language "for use in Deere's products" is prejudicial for the same reason.

3.  Plaintiffs proposed instruction makes reference to a preliminary instruction concerning "the meaning of the term 'third party beneficiary'", however, no preliminary instruction on this point is necessary or required.  Moreover, for the reasons addressed in the primary instructions, this instruction fails to fairly instruct the jury, to the prejudice of Defendant, in the case. Moreover, having a separate instruction on this point, overemphasizes the issue, which can prejudice the Defendant since similar instructions are not given as to the other substantive issues or defenses.

4.  Plaintiffs' proposed instruction should more properly identify an alleged beneficiary, as an "intended third-party beneficiary."  California law clearly distinguishes between "intended third party beneficiaries" and "incidental beneficiaries."  CAL. CIV. CODE § 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement as such, with a clear definition of the difference, the instruction should at least make clear the "intended" requirement.  *See also*, *Jones v. Aetna Casualty & Surety Co*. (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a beneficiary who is not an intended beneficiary.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

5. The Ninth Circuit model Jury Instruction § 1.2 includes the insertion of Defendants defenses, which Plaintiffs' instruction entirely omits. Oki Electric would be highly prejudiced by Plaintiffs omission. Oki Electric's concise statement of its defenses is both beneficial to the jury's understanding and necessary to avoid prejudice to Defendant.

6. The identification of the parties to the contract is incorrect and therefore, likely to lead to jury confusion. Defendant, Oki Electric, is not a party to the contract, and to indicate otherwise will likely lead to jury confusion. The parties have agreed the following fact is undisputed: "NavCom and Oki Semiconductor Co. entered into the Customized Advanced GPS RF Chipset." Joint Pretrial Conference Statement at Undisputed Fact #3. As such, the instruction should accurately reflect this undisputed fact.

7. The term "microchips" is not used in the contracts, documents or testimony and, as such, is inaccurate, lacks foundation and is likely to lead to jury confusion. It is more accurate to refer to the subject of the development as a RF ASIC, Nova RF ASIC, integrated circuits, or chipsets.

8. Oki Electric objects to the inclusion of new allegations of harm and new bases for alleged breach, other that the allegation of unilateral termination in July 2008. *See, e.g.,* Oki Electric's Motion in *Limine* #6 (Dkt. No. 238), which is incorporated herein by reference.[1]

---

[1] Oki Electric reserves the right to amend, replace and/or supplement its proposed jury instruction in light of the Court's decisions on pending motions and any other developments in the case.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 3:**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In December 2005, NavCom and Oki Semiconductor entered into a contract for the development and purchase of certain integrated circuits referred to as a RF ASIC.   NavCom claims that Oki Semiconductor breached the contract on July 8, 2008 by unilaterally terminating the contract, thereby causing Plaintiffs to suffer damages.  [Deere claims it is a third-party beneficiary of the contract between NavCom and Defendant and that Defendant's breach caused Deere damages.][2]

Plaintiffs have the burden of proving these claims.

Defendant denies these claims and has raised affirmative defenses summarized as follow:

In December of 2005, Navcom and Oki Semiconductor entered into an agreement to develop a RF ASIC chipset, which was defined by a specification incorporated into the contract and referred to as Specification Version 19.  Defendant refers to this as the Original Contract.  It is undisputed that Navcom and Oki Semiconductor are the only parties to the Original Contract. Oki claims that Deere is not an intended third-party beneficiary and that the parties expressly agreed that there could be no third party beneficiaries under the contract.

Defendant claims that in November 2006, NavCom and Oki Semiconductor mutually agreed not to develop or produce the RF ASIC defined by Specification Version 19, and instead, the parties entered into an Amended Contract, which substituted any obligation to develop the RF ASIC defined by Specification Version 19, with a new obligation to develop RF ASIC defined by Specification Version 25 (the "Amended Contract").[3]

Defendant contends that the Amended contract was for the development of the

---

[2]   Defendant maintains that Deere should be removed, and reserves the right to amend this and the remaining instructions accordingly.

[3]   Defendant has removed reference to its Statute of Limitations defense in accordance with the Court's March 11, 2014 Order (Dkt. No. 199), without any waiver of its right to assert these defenses in view of the Court's decisions on pending motions and as otherwise appropriate.

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    specification that in February 2008, Navcom and Oki Semiconductor agreed that a "major

2    redesign" of the RF ASIC defined by Specification Version 25 would be required, and at that

3    time, they once again mutually agreed not to develop or produce the RF ASIC defined by

4    Specification Version 25.   Defendant claims that following their mutual agreement, Navcom and

5    Oki Semiconductor engaged in negotiations concerning the development of a new redesigned RF

6    ASIC, which included four chips as distinguished from the prior designs, all of which were based

7    on a 3-chip design.  Defendant claims that mutual agreement not to develop or produce the Nova

8    RF ASIC, as defined by Specification Version 25 and the negotiations and conduct of the parties

9    that followed prove the Amended Contract was rescinded/abandoned by mutual agreement and,

10   as such, there can be no breach of contract.

11        Defendant also claims that NavCom and Oki Semiconductor never entered into a contract

12   to develop the four-chip chipset and, as such, any failure to produce the 4-chip chipset cannot be a

13   breach of a contract since no such contract existed.

14        Additionally, Defendant claims that Oki Semiconductor had a right to terminate the

15   agreement both under the language of the contract and because of Navcom's failure to perform its

16   obligation and, therefore, its termination of its involvement in the development project could not

17   be a breach of contract.

18        While Defendant denies any liability, it is required to respond to Plaintiffs' damages

19   claims.  Defendant claims that Plaintiffs' damages are limited by the language of the contract and

20   also because Plaintiffs failed to take reasonable steps to limit the damage they allege.

21        Defendant has the burden of proving its affirmative defenses.

22   AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.2 (April 2007).

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 3:**

2       Model Instruction §1.2 is, by its own terms, intended to give the jury a "brief summary of

3  the positions of the parties."  Defendant's proposed instruction is neither brief, nor does fairly set

4  forth the positions of *both* parties.  In fact, two-thirds of the instruction consists of contested facts

5  and arguments regarding Defendant's affirmative defenses, many of which Defendant did not

6  even plead.

7       Plaintiffs submit that its version of Model Instruction §1.2 is fair to both parties.  In

8  addition, Plaintiffs agree that any affirmative defense that the Court permits to go to the jury

9  should be identified in Model Instruction §1.2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 4:**

**<u>Burden of Proof – Preponderance of Evidence</u>**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.3 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 6:**

**<u>What is Evidence</u>**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.6 (April 2007).

1

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 6:**

2

3

4

5

6

Oki Electric submits an Alternative to Plaintiffs' Requested Instruction No. 6 because the Court has made factual findings in the Order Denying Plaintiffs' Motion For Leave To Amend; Granting In Part And Denying In Part The Motions For Summary Judgment (Dkt. # 199) and/or other Orders. The alternative instruction would allow the Court to advise the jury as to the effect of these factual findings.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S ALTERNATIVE TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 6:**

### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I instruct you as being established.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.6 (April 2007); *see also, Id*. at § 2.3 and
http://www.ded.uscourts.gov/sites/default/files/Chambers/GMS/Forms/PrelimJuryInstPatent.pdf
at 3 ("Evidence will also consist of documents and other things received into the record as exhibits, ***and any facts*** that the lawyers agree to or stipulate to or ***that I may instruct you to find***.") (emphasis added).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S ALTERNATIVE INSTRUCTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 6:**

2

3          The parties previously agreed to an unmodified version of Model Instruction §1.6.  *See*

4   Dkt. No. 212.  Defendant has now attempted to modify the pattern instruction by adding as

5   paragraph 4 "any facts that I instruct you as being established."  The Court has not established or

6   found any fact in its summary judgment order and any other order.  The facts relating to the issues

7   in this case must be decided by the jury.  Moreover, as discussed below with regards to

8   Defendant's requested instruction no. 36, Defendant has failed to identify any purported findings

9   of fact by the Court that warrant this modification.  Plaintiffs continue to agree to an unmodified

10  version of Model Instruction §1.6.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 7:**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) During the trial, each side may also use charts, diagrams, summaries or other demonstrative aids.  These demonstrative aids are not evidence and cannot be relied upon as evidence unless I instruct you otherwise and then only for the purpose for which it is admitted.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.7 (April 2007); (modified); *see also, Id.* at §2.12.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 8:**

### **Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.8 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 9:**

## **Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

AUTHORITY: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.9 (April 2007).

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

16

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **JOINT REQUESTED INSTRUCTION NO. 10:**

2                                    **Ruling on Objections**

3           There are rules of evidence that control what can be received into evidence. When a

4   lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

5   it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the

6   question may be answered or the exhibit received. If I sustain the objection, the question cannot

7   be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question,

8   you must ignore the question and must not guess what the answer might have been.  Do not

9   consider why an objection is made and do not consider my overruling or sustaining an objection

10  as any indication of my opinion of the case or of my view of the substance of the evidence.

11          Sometimes I may order that evidence be stricken from the record and that you disregard or

12  ignore the evidence. That means that when you are deciding the case, you must not consider the

13  evidence that I told you to disregard.

14

15          AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.10 (April

16  2007) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 11:**

<u>**Credibility of Witnesses**</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.11 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

18

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 11:**

2   Oki Electric has proposed a simple modification to Plaintiffs' requested instruction, which

3   will neither waste time, nor prejudice Plaintiffs.  The requested modification, however, seeks to

4   address the possible prejudice to Defendant due to the particular factual circumstances of this

5   case.

6   Oki Electric respectfully submits that Plaintiffs' proposed instruction does not adequately

7   address the issue of the number of witnesses.  In this case, the absence of a thorough and

8   complete instruction could severely prejudice Oki Electric since the actual party to the contract(s)

9   with NavCom – Oki Semiconductor – no longer exists and, as a result, most of the individuals

10  having relevant knowledge are no longer employed by Oki Electric, are not under its control

11  and/or unavailable.  As such, unless fully instructed as proposed in Oki Electric's corresponding

12  proposed instruction, which derives from CACI §107, Oki Electric could be highly prejudiced by

13  a significantly lower number of witnesses.  Given that Plaintiffs will not be prejudiced and the

14  insertion of a single clarifying sentence will not impose any increased burden of the jury, Oki

15  Electric respectfully requests its instruction be used.

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 12:**

**<u>Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  Do not make any decision simply because there were more witnesses on one side than on the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.11 (April 2007)(modified); *see also*, Judicial Council of California, Civil Jury Instructions, § 107 (2014).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

20

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 12:**

2        Plaintiffs object to this instruction on the ground that Defendant has unnecessarily

3   modified Model Instruction § 1.11 to include the language: "Do not make any decision simply

4   because there were more witnesses on one side than on the other.  If you believe it is true, the

5   testimony of a single witness is enough to prove a fact."  That sentence is unnecessary in that it

6   merely repeats the message of the preceding sentence, which states: "The weight of the evidence

7   as to a fact does not necessarily depend on the number of witnesses who testify about it."

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 13:**

## <u>Conduct of the Jury</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    evidence that each party has had an opportunity to address. A juror who violates these restrictions

2    jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

3    entire trial process to start over. If any juror is exposed to any outside information, please notify

4    the court immediately.

5

6          AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.12 (October

7    2009).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 14:**

<u>**No Transcript Available to Jury**</u>

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.13 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

24

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **JOINT REQUESTED INSTRUCTION NO. 15:**

2  <u>**Taking Notes**</u>

3      If you wish, you may take notes to help you remember the evidence. If you do take notes,

4  please keep them to yourself until you and your fellow jurors go to the jury room to decide the

5  case. Do not let note-taking distract you. When you leave, your notes should be left in the

6  courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

7      Whether or not you take notes, you should rely on your own memory of the evidence.

8  Notes are only to assist your memory. You should not be overly influenced by your notes or those

9  of your fellow jurors.

10

11      AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.14 (April

12  2007).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

<u>REVISED</u> JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 16:**

**<u>Jury to Be Guided by Official English Translation</u>**

     Languages other than English may be used during this trial.  Although some of you may know Japanese, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation provided by the official court interpreter. You must disregard any different meaning.

     AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.16 and § 2.7 (April 2007) (Modified).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

26

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **JOINT REQUESTED INSTRUCTION NO. 18:**

2    <u>**Use of Interpreters in Court**</u>

3        You must not make any assumptions about a witness or a party based solely upon the use

4    of an interpreter to assist that witness or party.

5        All witnesses are entitled to testify in their native language regardless of their ability, or

6    lack thereof, to speak English and, as such, the use of a translator should not in any way be a

7    factor in your consideration of the witness' truthfulness and should not in any way influence your

8    assessment of the substance or weight of their testimony.

9

10        AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.17 (April

11    2007)(modified); *Cf., Oracle USA, Inc. et al. v. SAP AG, et al.*, Case No. 4:07-cv-01658-PJH

12    (N.D. Cal. 2007), Dkt. #1188 at Preliminary Instruction No. 14.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 19**:

**<u>Bench Conferences and Recesses</u>**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.18 (April 2007).

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 20:**

## <u>Outline of Trial</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After all of the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.19 (April 2007)(modified).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

29

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 21:**

## **Stipulations of Fact**

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.2 (April 2007).

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 22:**

**<u>Deposition in Lieu of Live Testimony</u>**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.4 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 22:**

Oki Electric objects to Plaintiffs' instruction on the following grounds and has proposed its version of this instruction to address these points.

As phrased, the jury may wonder why a corporate witness that is sitting in the room is not being called to testify, but instead their deposition is being played or read by the opposing party. The instruction limits the use of the deposition to witnesses that are not available in court, which while a proper statement of law, does not account for 30(b)(6) witnesses of a party opponent. Oki Electric also requests its proposed language to ensure the jury understands that the manner in which the deposition is presented, whether introduced by video or live, should not in and of itself affect the weight of the evidence.

Not only will Plaintiffs not be prejudiced by Defendant's proposed version, it will benefit from it equally.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S REQUESTED INSTRUCTION NO. 23:**

2    <u>**Deposition in Lieu of Live Testimony**</u>

3        A deposition is the sworn testimony of a witness taken before trial. The witness is placed

4    under oath to tell the truth and lawyers for each party may ask questions. The questions and

5    answers are recorded in writing in what is called a transcript of the deposition.   The deposition

6    may also be recorded on video.  When a person is unavailable to testify at trial, the deposition of

7    that person may be used at the trial.  The deposition of an opposing party's corporate

8    representative may be used at trial and the witness does not have to be called live even if

9    available or in the courtroom.

10        You should consider deposition testimony, presented to you in court in lieu of live

11   testimony in the same way as if the witness had been present to testify.

12        The deposition can be presented to you by reading the transcript or by playing a video of

13   the questions.  You should give equal weight to the substance of the testimony regardless of its

14   method of presentation.  If the deposition is read, do not place any significance on the behavior or

15   tone of voice of any person reading the questions or answers.

16

17        AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.4 (April

18   2007)(modified); *see also*, Judicial Council of California, Civil Jury Instructions, § 208 (2014).

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

33

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 23:**

2

Plaintiffs object solely to the sentence added by Defendant to this instruction that: "The

3

deposition of a party's corporate representative may be used at trial and the witness does not have

4

to be called live even if available or in the courtroom."  This is not an accurate statement of the

5

law.  *See TIG Ins. Co. v. Tyco Intern. Ltd.*, 919 F.Supp.2d 439, 454 (M.D.Pa. 2013) ("Although

6

Rule 30(b)(6) allows a corporate designee to testify to matters within the corporation's knowledge

7

during deposition, at trial the designee may not testify to matters outside his own knowledge to

8

the extent that information [is] hearsay not falling within one of the authorized exceptions.")

9

(internal punctuation and citations omitted).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 24:**

<u>**Expert Opinion**</u>

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.11 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 24:**

2        Oki Electric objects to Plaintiffs' instruction on the following grounds and has proposed

3    its version of this instruction to address these points.

4        First, Oki Electric has moved *in limine* to preclude the testimony of Plaintiffs' expert and

5    incorporates its motion in its entirety.  To that end, if Mr. Ward is precluded, the instruction will

6    be unnecessary since, if its motion is granted, Oki Electric does not intend to offer expert

7    testimony as it does not believe such opinions are relevant to the issues that the jury must resolve.

8        Second, Oki Electric submits Plaintiffs' proposed instruction does not adequately instruct

9    the witness concerning the factors to be considered with respect to expert testimony.  Oki Electric

10   respectfully submits that its proposed instruction, which corresponds to CACI § 219, avoids

11   prejudice to Oki Electric who does not seek to waste time and burden the jury with unnecessary

12   expert testimony.  As such, the jury should be fully instructed per Oki Electric's proposal to avoid

13   jury confusion and prejudice to Oki Electric.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 25:**

**Expert Witness Testimony[4]**

During the trial you may hear testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

    a. The expert's training and experience with respect to the specific topic about which they testified;

    b. The facts the expert relied upon;

    c. The methodology used by the expert to analyze the facts;

    d. The assumptions, if any, the expert relied upon;

    e. The reasons for the expert's opinions;

    f. The reliability of the information supporting the expert's opinions;

    g. As well as the factors I have previously mentioned for weighing testimony of any other witness.

There is no obligation upon any party to present an expert on any topic. The fact that one party chose to present expert testimony on a particular topic and the other did not should not affect your decision.  You should not speculate concerning the reasons why a party chose to present expert testimony or why they chose not to do so.  Also, the fact that an expert testified concerning a specific topic and not others should not affect your decision.  Like with any other witness, you should only consider the factors I have provided in deciding what, if any weight you afford the testimony that was given.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 219 (2014)(modified)

---

[4] Defendant reserves the right to amend, or delete, as necessary based on the Court's decisions with respect to pending motions for summary judgment and motions in limine.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 25:**

2        Plaintiffs object to this instruction on the ground that there is no reason to depart from

3   Model Instructions 2.11 (Expert Opinion), as proposed by Plaintiffs.  Moreover, it should be

4   noted that Defendant has substantially and unnecessarily modified CACI 319 in its proposed

5   instruction.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 26:**

### <u>Duty to Deliberate</u>

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.1 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 27:**

<u>**Consideration of Evidence – Conduct of the Jury**</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.1A (December 2012).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 28:**

<u>**Communication with Court**</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.2 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 29:**

**<u>Return of Verdict</u>**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.3 (April 2007).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

42

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 30:**

<u>**Use of Interrogatories of a Party**</u>

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.   You should consider the answers in the same way as if they were made from the witness stand.

AUTHORITY:   Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.10 and 2.2 (April 2007) (modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 30:**

2          Plaintiffs object to the instruction on the grounds that Defendant has modified Model

3   Instruction § 2.2 (Use of Interrogatories by a Party) by removing the phrase "insofar as possible"

4   in the last sentence.  The last sentence of Model Instruction § 2.2 reads: "You should consider the

5   answers, insofar as possible, in the same way as if they were made from the witness stand."

6   (underline added)

7          Plaintiffs have no objection to using Model Instruction § 2.2 without modification in the

8   event that evidence is presented in the form of interrogatory responses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **DEFENDANT'S REQUESTED INSTRUCTION NO. 31:**

2  <u>**Admissions of a Party**</u>

3      Evidence will be presented to you in the form of answers of one of the parties' request for

4  admission submitted by the other side.  Before trial, each party has the right to ask another party

5  to admit in writing that certain matters are true. If the other party admits those matters, you must

6  accept them as true. No further evidence is required to prove them.

7      However, these matters must be considered true only as they apply to the party who

8  admitted they were true.

9      AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 210 (2014); *see*

10 *also*, Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.10 (April 2007).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

45

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 31:**

2         Plaintiffs object to the instruction on the ground that it is not, in fact, one of the Ninth

3    Circuit's model instruction.  Model Instruction § 2.2 relates to interrogatory responses, not

4    requests for admission.  Plaintiffs further object to the proposed instruction on the ground that

5    while CACI 210 is an accurate statement of California law, it may or may not be accurate under

6    federal law.  *See* Fed. R. Civ. P. 36(b) (admissions may be withdrawn or amended with court

7    permission, in which case they are not conclusively established).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 32:**

**Bias**

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 113

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

47

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 32:**

2       Plaintiffs object to the instruction on the grounds that it is not one of the Ninth Circuit's

3   model instruction, and it is unnecessary and duplicative of Model Jury § 1.1B.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

48

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 33:**

**<u>Failure to Explain or Deny Evidence</u>**

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

AUTHORITY:   Judicial Council of California, Civil Jury Instructions, § 209 (2014).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

49

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S REQUESTED INSTRUCTION NO. 34:**

2                                  <u>**Removal of Parties**</u>

3           Certain parties are no longer involved in this case.   Oki Semiconductor America, Inc.,

4    Oki Data Americas, Inc., Oki Electric America, Inc., Lapis Semiconductor Co., Ltd. and Rohm

5    Semiconductor USA, LLC are no longer a party to this case for procedural reasons that do not

6    relate to or have any impact on the issues you will be asked to decide.  Do not speculate as to why

7    these entities are no longer involved in this case. You should not consider this during your

8    deliberations.

9

10   AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 109 (2014)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 34:**

2        Plaintiffs object to the instruction on the grounds that it is not one of the Ninth Circuit's

3   model instructions.  Plaintiffs also object to this instruction on the ground that it modifies CACI

4   109 by adding an explanation as to why the dismissed parties are no longer in the case.  The

5   pattern instruction does not call for the parties to insert such an explanation.  In fact, it instructs

6   the jury: "Do not speculate as to why these entities are no longer involved in this case."  In

7   addition, the instruction is unnecessary and likely to confuse or mislead the jury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

51

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 35:**

**<u>Exercise of Attorney-Client Privilege</u>**

A witness or party has an absolute right not to disclose what they discussed, told or were told by their attorney in confidence because the law considers this information privileged.  Do not consider, for any reason at all, the fact that a witness or party did not disclose what they discussed, told or were told by their attorney.  Do not consider or discuss any assertion of privilege during your deliberations or let it influence your decision in any way as an opening or closing instruction.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 215 (2014)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

52

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 35:**

Plaintiffs object to the instruction on the grounds that it is not one of the Ninth Circuit's model instructions.    Plaintiffs also object to the instruction on the ground that CACI 215 states in its directions for use: "This instruction must be given upon request, if appropriate and the court has determined that the privilege has not been waived."  At this moment, the instruction seems unnecessary in that Plaintiffs are not aware of any attorney-client privilege issues that will arise at trial.  Thus, while an instruction similar to CACI 215 may at some point become appropriate, it is not a standard instruction that should automatically be given to the jury as an opening or closing instruction.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

53

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 36:**

<u>**Court's Findings of Fact**</u>

The Court has made certain determinations prior to trial with respect to the following facts [the parties to submit a listing of factual findings from Court's March 11, 2014 Order and any other orders as appropriate].

You must accept these facts as true.

AUTHORITY:  *Cf.,* Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.3 (April 2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

54

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 36**:

2         Plaintiffs object to this instruction on the ground that it is not one of the Ninth Circuit's

3  model instructions.  Rather, Defendant has unnecessarily modified Model Instruction § 2.3, which

4  relates to judicial notice, and created a new instruction on "Court's Findings of Fact" purportedly

5  made in the "Court's March 11, 2014 Order and any other orders as appropriate."  The Court has

6  not established or found any fact in its summary judgment order and any other order.  The facts

7  relating to the issues in this case must be decided by the jury.  Moreover, Defendant does not

8  identify any findings of fact that the Court made in its March 11, 2014 Order or any other order.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

## II.     Joint Set of Substantive Case-Specific Instructions

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 37**:

### Breach of Contract—Introduction

NavCom and Defendant entered into a contract for the development and purchase of certain microchips for use in Deere's products.

Plaintiffs claim that Defendant breached this contract by failing to use its reasonable best efforts to timely develop the microchips, failing to deliver acceptable prototypes within a reasonable time and improperly terminating the contract in July 2008.

Plaintiffs also claim that Defendant's breach of this contract caused harm to Plaintiffs for which Defendant should pay.

Defendant denies breaching the contract.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 300 (September 2013) (modified); *see* Dkt. No. 1-1 (Complaint) ¶ 27; Dkt. No. 176 (Joint Final Pretrial Conf. Stmt.) 3:14-20 & fn 3; Dkt. No. 88 (Joint Prelim. Pretrial Conf. Stmt.) 1:25-28; Dkt. No. 87 (DDJR#1) 7:3-8; Dkt. No. 56 (Joint Case Mgmt. Stmt.) 2:9-14; Dkt. No. 228-1, Ex. 2 (NavCom's Supp. Resp. to Oki's First Set of Interrog.), 7:21-8:5 (Resp. to Interrog. 4); Dkt. No. 228-1, Ex. 3 (NavCom's Resp. to Oki's Second Set of Interrog.), 4:24-5:2 (Resp. to Interrog. 10); Dkt. No. 228-1, Ex. 4 (NavCom's Resp. to Oki's RFAs) 17:1-7 (RFA 61), 17:8-14 (RFA 62), 29:26-30:4 (RFA 113), 30:5-11 (RFA 114); Dkt. No. 228-1, Ex. 5 (Oki's Resp. to NavCom's RFAs) 3:11-16 (RFA 1), 4:14-19 (RFA 2); Dkt. No. 228-1, Ex. 6 (Inoue Depo. Tr.) 88:2-17; Dkt. No. 228-1, Ex. 7 (Oki FED. R. CIV. P. 30(b)(6) Depo. Tr.) 173:11-174:10..

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

56

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 37:**

Oki Electric objects to Plaintiffs' Proposed Preliminary instruction on the following

grounds and has proposed its version of this instruction to address these points:

1.   The language "for use in Deere's products" unfairly prejudices Oki Electric by

implying Deere is a third-party beneficiary – a contested issue on which Plaintiffs bear the burden

of proof.

2.   Plaintiffs proposed instruction makes reference to a preliminary instruction concerning

"the meaning of the term 'third party beneficiary'", however, no preliminary instruction on this

point is necessary or required.  Moreover, for the reasons addressed in the primary instructions,

this instruction fails to fairly instruct the jury, to the prejudice of Defendant, in the case.

Moreover, having a separate instruction on this point, overemphasizes the issue, which can

prejudice the Defendant since similar instructions are not given as to the other substantive issues

or defenses.

3.   Plaintiffs' proposed instruction should more properly identify an alleged beneficiary,

as an "intended third-party beneficiary."  California law clearly distinguishes between "intended

third party beneficiaries" and "incidental beneficiaries."  CAL. CIV. CODE § 1559 excludes

enforcement of a contract by persons who are only incidentally or remotely benefited by the

agreement as such, with a clear definition of the difference, the instruction should at least make

clear the "intended" requirement.  *See also*, *Jones v. Aetna Casualty & Surety Co*. (1994) 26

Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary

or merely an incidental beneficiary to the contract involves construction of the parties' intent,

gleaned from reading the contract as a whole in light of the circumstances under which it was

entered. [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary

is a beneficiary who is not an intended beneficiary.")

4.   The Ninth Circuit model Jury Instruction § 1.2 includes the insertion of Defendants

defenses, which Plaintiffs' instruction entirely omits.  Oki Electric would be highly prejudiced by

Plaintiffs omission.  Oki Electric's concise statement of its defenses is both beneficial to the

jury's understanding and necessary to avoid prejudice to Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

57

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

5.  The identification of the parties to the contract is incorrect and therefore, likely to lead to jury confusion. Defendant, Oki Electric, is not a party to the contract, and to indicate otherwise will likely lead to jury confusion.  The parties have agreed the following fact is undisputed: "NavCom and Oki Semiconductor Co. entered into the Customized Advanced GPS RF Chipset." Joint Pretrial Conference Statement at Undisputed Fact #3.  As such, the instruction should accurately reflect this undisputed fact.

6.  The term "microchips" is not used in the contracts, documents or testimony and, as such, is inaccurate, lacks foundation and is likely to lead to jury confusion.  It is more accurate to refer to the subject of the development as a RF ASIC, Nova RF ASIC, integrated circuits, or chipsets.

7.  Oki Electric objects to the inclusion of new allegations of harm and new bases for alleged breach, other that the allegation of unilateral termination in July 2008.  *See, e.g.*, Oki Electric's Motion in *Limine* #6 (Dkt. No. 238), which is incorporated herein by reference.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

58

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 38:**

**<u>Breach of Contract—Introduction</u>**

This is a case for breach of contract.  A contract is an agreement to do or not to do something.

It is undisputed that Navcom and Oki Semiconductor entered into a contract in December 2005 (the "Original Contract" or "Original Agreement"). The Original Contract was for the development of what was identified as the Nova RF ASIC, as defined by Specification Version 19.

It is also undisputed that Navcom and Oki Semiconductor entered into an amended contract in November 2006 (the "Amended Contract" or "Amended Agreement"). The Amended Contract was for the development of what was identified as the Nova RF ASIC, as defined by Specification Version 25.

It is undisputed that NavCom and Oki Semiconductor agreed that a major engineering redesign was needed, and that the parties decided upon a redesigned RF ASIC, which included four chips instead of three.[5]

Navcom claims that Oki Semiconductor is in breach of contract because it abandoned the project and the contract, failing to provide the redesigned 4-chip prototypes.[6]

Navcom also claims that Oki Semiconductor's breach of contract caused harm to Navcom for which Oki Electric should pay.

Oki Electric denies that Oki Semiconductor committed any breach of contract and asserts that Plaintiff cannot meet its burden of proving it was harmed by any alleged breach.  Oki has also asserted the following affirmative defenses:

(1)     Navcom and Oki Semiconductor mutually agreed not to develop or produce the Nova RF ASIC, as defined by Specification Version 19 and, as such, Defendant contends there was no breach of the Original Contract;

(2)     In addition, Defendant contends the Original Contract cannot be enforced because the parties agreed to extinguish the obligations of the Original Contract and, substitute the

---

[5]   Complaint ¶21.

[6]   Complaint ¶21.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

obligations of the Amended Contract – the development of the Nova RF ASIC, as defined by Specification Version 25;

(3)     Navcom and Oki Semiconductor mutually agreed not to develop or produce the Nova RF ASIC, as defined by Specification Version 25 and, as such, Defendant contends there was no breach of the Amended Contract;

(4)     Following the mutual agreement not to develop or produce the Nova RF ASIC, as defined by Specification Version 25, Navcom and Oki Semiconductor engaged in negotiations concerning the development of the redesigned RF ASIC, which included four chips instead of three.  The mutual agreement not to develop or produce the Nova RF ASIC, as defined by Specification Version 25 and the negotiations and conduct of the parties that followed, prove the Amended Contract was rescinded/abandoned and, as such, Defendant contends there was no breach of contract;

(5)     Navcom and Oki Semiconductor never entered into a contract to develop a redesigned RF ASIC, which included four chips instead of three and, as such, Defendant contends any failure to produce the 4-chip RF ASIC cannot be a breach of a contract since no such contract existed;

(6)     Additionally, Oki Semiconductor had a right to terminate the agreement under Section 1.0 of the contract and, therefore, Defendant contends its termination of its involvement in the Nova RF ASIC project was not a breach of contract;

(7)     Alternatively, Defendant contends Navcom's refusal to pay any development expenses as required under Section 2.3.1 of the Terms & Conditions, was an anticipatory breach that excused further performance by Oki Semiconductor; and

(8)     .[Navcom failed to mitigate its damages.][7]

I will now instruct you concerning the elements of a contract, its formation, the interpretation of its terms and each of the defenses raised in this case.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 300 (September 2013) (modified).

---

[7]  The only claims for damages plaintiff has advanced in this case have been determined to be unrecoverable.  (Dkt. No. 199).  Defendant reserves the right to amend its contentions if Plaintiff is permitted to assert new claims for damages.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 38:**

2  　　　The directions for use provided by the California Judicial Council for CACI 300 state:

3  "This instruction is designed to introduce the jury to the issues involved in the case."  Defendant's

4  modifications to CACI 300 create an instruction that goes far beyond an introduction to the issues

5  involved in this case.  The instruction unnecessarily and unfairly emphasizes Defendant's

6  affirmative defenses and arguments relating thereto.  The instruction also states the alleged breach

7  as Defendant abandoning the project and failing to provide the 4-chip prototypes as opposed to

8  Defendant's failure to use its reasonable best efforts to timely develop the microchips, failure to

9  deliver acceptable prototypes within a reasonable time and improper termination of the contract

10  without notice.  Conversely, the version of CACI 300 proposed by Plaintiffs more closely tracks

11  pattern instruction and fairly identifies, in an introductory manner, the issues involved in this

12  case.

13  　　　Plaintiffs disagree with Defendant's assertion that "[t]he only claims for damages plaintiff

14  has advanced in this case have been determined to be unrecoverable."  Rather, the Court found

15  that the claimed damages were not proximately caused solely by Defendant's unlawful

16  termination of the Agreement.  *See* Dkt. Nos. 199 at 22:13-15.  The Court did not, either in its

17  Order on Plaintiffs' Motion to Clarify, or its order on summary judgment, hold that all of

18  Plaintiffs' damages were barred.  *See* Dkt. Nos. 199, 231.

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

61

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' REQUESTED INSTRUCTION NO. 39:**

2    **<u>Third-Party Beneficiary</u>**

3           Deere is not a party to the contract. However, Deere may be entitled to damages for

4    breach of contract if it proves that NavCom and Defendant intended for Deere to benefit from

5    their contract.

6           It is not necessary for Deere to have been named in the contract. In deciding what

7    NavCom and Defendant intended, you should consider the entire contract and the circumstances

8    under which it was made.

9

10          AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 301 (September

11   2013).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

<u>REVISED</u> JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 39:**

Oki Electric objects to Plaintiffs' proposed instructions for the following reasons and has proposed its alternative version to address these points.

Oki Electric objects to this instruction as it infers that Deere may be entitled to damages separate and apart from any alleged Damages that Navcom could recover. This is contrary to the Court's decision (*See, e.g.,* Dkt. No. 199 at 24).

Oki Electric objects to this instruction since the only damages previously asserted in this case have been deemed unrecoverable. *See, e.g.*, Dkt. No. 199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11; *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2. *See also*, Dkt. No. 238, which is incorporated by reference.

Oki Electric contends that this issue should be resolved as a matter of law. Oki Electric maintains that Deere is not a third-party beneficiary as a matter of law. In the present case, the plain language of the contract specifically states "nothing in this agreement shall inure to the benefit of or give rise to any rights in any third party." As such the issue should not be submitted to the jury. *See, e.g.,* Third-party beneficiary status may be determined as a question of law if there is no conflicting extrinsic evidence. (*Kalmanovitz v. Bitting* (1996) 43 Cal.App.4th 311, 315 [50 Cal.Rptr.2d 332]); *see also*, *U.S. v. FMC Corp*., 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin on Contracts* § 44.6, p. 68 (Rev. ed. 2007) (stating that it is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered"); *see also*, (Dkt. #'s 100, 102, 104, 107, 111, 130 and 145).

Without prejudice to the forgoing, the proposed instruction is insufficient in this case due to the lack of emphasis on the actual language of the contract. California law clearly distinguishes between "intended third party beneficiaries" and "incidental beneficiaries." CAL. CIV. CODE § 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement as such, with a clear definition of the difference, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

63

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

instruction should at least make clear the "intended" requirement. *See also*, *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a beneficiary who is not an intended beneficiary.")

As noted above, the plain language of the contract specifically states "nothing in this agreement shall inure to the benefit of or give rise to any rights in any third party." Thus, absent a clear instruction regarding the effect of such a statement, the jury is likely to be confused, mislead and Oki Electric prejudiced. It would be legal error to no instruct the jury with respect to the legal effect of such a clear and unequivocal statement of the parties' intention. *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin on Contracts* § 44.6, p. 68 (Rev. ed. 2007) (stating that it is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

64

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 40:**

**<u>Third-Party Beneficiary</u>**[8]

Deere is not a party to any contract in this case.  Deere claims it is an intended third-party beneficiary.

To be an intended third-party beneficiary, Deere must prove that Navcom and Oki Semiconductor both intended for Deere to independently benefit from the contract and such intent appears from the terms of the agreement.  Deere bears the burden of proving it is an intended third-party beneficiary.

Deere contends that Section 3.2.3 of the Terms & Conditions renders it a third-party beneficiary.

Oki Electric contends that Deere was not an intended third-party beneficiary and that the language of Section 24.0 of the Terms & Conditions makes this clear.

Deere must prove both:

1. Navcom and Oki Semiconductor intended Deere to be a third-party beneficiary to the contract; and

2. The intent that Deere would have legal rights appears in the agreement.

In deciding what Navcom and Oki Semiconductor intended, you should consider the entire contract and the circumstances under which it was made.

However, if the contract indicates that nothing in the parties' agreement shall inure to the benefit of or give rise to any rights in any third party, then Deere cannot be a third-party beneficiary.

---

[8]   Oki Electric maintains that Deere is not a third-party beneficiary as a matter of law.  As such the issue should not be submitted to the jury.  *See, e.g.,* Third-party beneficiary status may be determined as a question of law if there is no conflicting extrinsic evidence. (*Kalmanovitz v. Bitting* (1996) 43 Cal.App.4th 311, 315 [50 Cal.Rptr.2d 332]); *see also*, *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin on Contracts* § 44.6, p. 68 (Rev. ed. 2007) (stating that it is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered"); *see also*, (Dkt. #'s 100, 102, 104, 107, 111, 130 and 145).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

65

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 301 (2014)(modified); *see* also, Terms & Conditions of the asserted contracts at Sections, 3.2.3 and 24.0; *U.S. v. FMC Corp*., 531 F.3d 813, 823 (9th Cir. 2008); *McKesson HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003);  9 *Corbin on Contracts* § 44.6,  p.  68 (Rev. ed. 2007)  (stating  that  it  is "obvious" that, "where the terms of the contract expressly state the intention of the promisee and promisor concerning the enforceable rights of third parties, the critical question of whether the parties intended the third party to have such a right is easily answered");  Civil Code section 1559 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.";  Civil Code section 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by the agreement; *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th 1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]"); Restatement Second of Contracts, section 302;  *Garcia v. Truck Insurance Exchange* (1984) 36 Cal.3d 426, 436 [204 Cal.Rptr. 435, 682 P.2d 1100 (The burden is on the third party "to prove that the performance [it] seeks was actually promised." ); *Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 348–349 [87 Cal.Rptr.2d 856].)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

66

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 40:**

2         Defendant has unnecessarily modified CACI 301 to include its arguments as to why it

3    believes the jury should *not* find Deere to be an intended third party beneficiary, but of course

4    does not include Plaintiffs' arguments as to why Deere is an intended third party beneficiary.

5    Both parties will have an opportunity to make these arguments to the jury during closing

6    arguments.  The instruction on this issue should just provide an impartial statement of the law, not

7    the parties' arguments.

8         In addition, Defendant's modifications to the instruction inaccurately reflect the law

9    regarding intended third party beneficiaries.  For example, it is not true that a clause disclaiming

10   the existence of any third party beneficiaries is dispositive.  *See Prouty v. Gores Technology*

11   *Group*, 121 Cal. App. 4th 1225 (2004); *Roche v. Zenith Ins. Co.*, 2009 WL 635503 (S.D.Ill. 2009)

12   (applying California law, "it is clear that the mere inclusion of a provision disclaiming the

13   existence of any third party beneficiaries is not, in and of itself, dispositive of the issue. Instead,

14   courts must look to the terms of the contract as a whole, in light of the circumstances under which

15   the parties entered into the agreement.").

16        Defendant also has added an additional requirement to the instruction that the contracting

17   parties must intend for the third party to "*independently* benefit from the contract."  (emphasis

18   added)  Defendant cite no authority to support this additional requirement, and Plaintiffs are

19   unable to locate any authority requiring a third party beneficiary to "independently" benefit from

20   the contract.

21        Plaintiffs request that the Court use CACI 301 without modification, as Plaintiffs have

22   proposed.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 41:**

2

<u>Incidental Beneficiary</u>

3

An incidental beneficiary is a third party who benefits from a contract between two

4

other parties, but it is not intended that the third party benefit from the contract. Therefore, the

5

third party is an incidental beneficiary and does not have any legal rights under the contract.

6

7

AUTHORITY:

8

*Lucas v. Hamm* (1961) 56 Cal.2d 583, 590 [15 Cal.Rptr. 821, 364 P.2d 685] (Civil Code section

9

1559 excludes enforcement of a contract by persons who are only incidentally or remotely

10

benefited by the agreement); *U.S. v. FMC Corp.*, 531 F.3d 813, 823 (9th Cir. 2008); *McKesson*

11

*HBOC v. New York State Common Retirement*, 339 F.3d 1087, 1091-92 (9th Cir. 2003); 9 *Corbin*

12

*on Contracts* § 44.6, p. 68 (Rev. ed. 2007) (stating that it is "obvious" that, "where the terms of

13

the contract expressly state the intention of the promisee and promisor concerning the enforceable

14

rights of third parties, the critical question of whether the parties intended the third party to have

15

such a right is easily answered"); *Jones v. Aetna Casualty & Surety Co.* (1994) 26 Cal.App.4th

16

1717, 1725 [33 Cal.Rptr.2d 291] ("Whether a third party is an intended beneficiary or merely an

17

incidental beneficiary to the contract involves construction of the parties' intent, gleaned from

18

reading the contract as a whole in light of the circumstances under which it was entered.

19

[Citation.]"); Restatement Second of Contracts, section 302 ("An incidental beneficiary is a

20

beneficiary who is not an intended beneficiary.")

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 41:**

2   Defendant has created a special instruction on the definition of incidental beneficiaries

3   because there is no CACI instruction on this topic.  The reason that there is no CACI instruction

4   on incidental beneficiaries is that such an instruction is unnecessary in light of CACI 301.  All the

5   jury needs to decide is whether Deere is an intended third party beneficiary.  It is immaterial what

6   legal term Deere may be called if it is not an intended third party beneficiary.  *See Prouty v.*

7   *Gores Technology Group*, 121 Cal. App. 4th 1225, 1233 (2004) ("The word 'expressly,' by

8   judicial interpretation, has now come to mean merely the negative of incidentally.").  Defendant's

9   additional instruction therefore risks confusing the jury.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

69

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 42:**

**<u>Third-Party Beneficiary – Condition Precedent</u>**[9]

If you conclude that Deere can be a third-party beneficiary, you must determine if there were any conditions that were required, and whether those conditions occurred.

Oki Electric claims that any possible third-party beneficiary status of Deere was subject to the occurrence of several conditional and unpredictable events that were not certain to occur. An obligation is conditional, when the rights or duties of any party thereto depend upon the occurrence of an uncertain event.

Deere claims that its rights as an intended third-party beneficiary are based upon the language of Section 3.2.3 of the Terms and Conditions of the contract.

Oki Electric claims that Section 3.2.3 pertains to the Production Phase of the contract.  It is undisputed that the Production Phase of the contract was to follow the completion of the Development Phase.[10]   Oki contends the Development Phase had to be completed before any obligations under the Production Phase could arise.   Oki contends the completion of the Development Phase required:

1. Delivery, to Navcom, of Engineering Prototypes which conformed to the written product specification agreed to by Navcom and Oki Semiconductor; **or**

2. Navcom submitted a production order or release for the Engineering Prototypes received.[11]

If Oki Electric proves the parties agreed to these conditions, then Plaintiffs must prove that at least one of these conditions (1) or (2) was satisfied.

If Plaintiffs do not prove that at least one of these conditions (1) or (2) were satisfied, then you must find that Deere was not an intended third-party beneficiary to the contracts.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, §§ 322-323 (2014)(modified)

---

[9]   *See* footnote 5.

[10]   Plaintiffs' responses to RFA #37.

[11]   Terms & Conditions, Sections 2.1, 2.4 and 3.1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

70

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 42:**

Plaintiffs maintain that an instruction on conditions precedent is inapplicable in this case. This issue is the subject of Plaintiffs' pending motion for summary judgment on Defendant's eighth affirmative defense for lack of standing. As in its summary judgment briefing, Defendant cites no authority here that supports its position that Deere could be a "conditional" third-party beneficiary under the circumstances of this case.

Defendant has also created a special instruction here instead of the approved CACI instruction (CACI 321, titled "Existence of Condition Precedent Disputed"). *See* Cal. Rule of Court 2.1050(e) ("Use of the Judicial Council instructions is strongly encouraged … If the latest edition of the jury instructions approved by the Judicial Council contains an instruction applicable to a case and the trial judge determines that the jury should be instructed on the subject, it is recommended that the judge use the Judicial Council instruction unless he or she finds that a different instruction would more accurately state the law and be understood by jurors."). While Defendant cites CACI 322-323 as the authority for this instruction, those pattern instructions bear little resemblance to what Defendant has proposed here.

In addition, Defendant's proposed instruction unnecessarily and unfairly argues Defendant's position without setting forth Plaintiffs' position. Specifically, Plaintiffs contends that the entire purpose of the contract was to develop and sell RF ASICs to Deere and NavCom for use in Deere products. Moreover, Defendant's position regarding the effect of Section 3.2.3 of the contract would lead to absurd results. For example, Section 21.0 prohibits Defendant from using the name of "John Deere & Company, Deere, [and] John Deere," including its "trademarks, trade dress, [and] logos" in any advertising or sales materials or in any other manner without prior written consent. According to Defendant, if it had violated this restriction – by, for example, announcing in a press release that it was engaged in a project to develop next-generation RF ASICs for Deere – Deere would have no right to sue to enforce this restriction because the project had not yet progressed to the Production Phase.

If Defendant's condition precedent argument survives summary judgment, Plaintiff requests that the Court use CACI 321 without modification.

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 43:**

**Contract Formation—Essential Factual Elements**

In order to meet its burden of proof, Navcom must first prove that a contract was created. Next Navcom must prove what it is that Oki Semiconductor was required to do under that contract. That is called the object of the contract. And then Navcom must prove Oki Semiconductor failed to perform the task required by that contract.

To prove that such a contract was created, Navcom has the burden of proving all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value (this is referred to as "consideration"); and

3. That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Navcom did not prove all of the above, then a contract was not created.

AUTHORITY: Judicial Council of California, Civil Jury Instructions, § 302 (2014); *see also,* Civil Code section 1549 provides: "A contract is an agreement to do or not to do a certain thing." Courts have defined the term as follows: "A contract is a voluntary and lawful agreement, by competent parties, for a good consideration, to do or not to do a specified thing." (Robinson v. Magee (1858) 9 Cal. 81, 83.); Cal. Civ. Code, § 1595 ("The object of a contract is the thing which it is agreed, on the part of the party receiving the consideration, to do or not to do.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

72

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 43:**

2           There is no issue in this case regarding contract formation: the parties entered into the

3    Customized Advanced GPS RF Chipset Development and Purchase Agreement ("Agreement") in

4    December 2005, and amended it in writing in November 2006.  Thus, it is unclear why Defendant

5    has proposed an instruction on contract formation (CACI 302).  In a previous instruction (CACI

6    300), Defendant acknowledges it is "undisputed" that the parties entered into the Agreement and

7    an amendment to the Agreement.  Therefore, this proposed instruction is unnecessary and

8    duplicative.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

73

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 44:**

2

**<u>Breach of Contract--Essential Factual Elements</u>**

3

    To recover damages from Defendant for breach of contract, NavCom must prove all of the

4

following:

5

    1. That NavCom and Defendant entered into a contract;

6

    2. That NavCom did all, or substantially all, of the significant things that the contract

7

required it to do, or that it was excused from doing those things;

8

    3. That Defendant failed to do something that the contract required it to do or did

9

something that the contract prohibited it from doing; and

10

    4. That NavCom was harmed by that failure.

11

12

    AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 303 (September

13

2013).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

74

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 44:**

Oki Electric objects to Plaintiffs' proposed jury instruction on the following grounds and proposes its alternate version to address these points.

Oki Electric objects to the first line of this instruction since the only damages previously asserted in this case have been deemed unrecoverable. *See, e.g.*, Dkt. No. 199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11; *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2. *See also*, Dkt. No. 238, which is incorporated by reference.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

75

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S ALTERNATIVE REQUESTED INSTRUCTION NO. 44:**

2

**Breach of Contract--Essential Factual Elements**

3

To meet its burden of proving Defendant has committed a breach of contract, NavCom

4

must prove all of the following:

5

1. That NavCom and Defendant entered into a contract;

6

2. That NavCom did all, or substantially all, of the significant things that the contract

7

required it to do, or that it was excused from doing those things;

8

3. That Defendant failed to do something that the contract required it to do or did

9

something that the contract prohibited it from doing; and

10

4. That NavCom was harmed by that failure.

11

12

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 303 (September 2013)

13

(modified in accordance with the Court's March 11, 2014 Order (Dkt. No. 199)).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**PLAINTIFFS' OBJECTION TO DEFENDANT'S ALTERNATIVE INSTRUCTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 44:**

2

3

Plaintiffs object to Defendant's proposed alternative instruction on the ground that it

4

unnecessarily modifies CACI 303.  Consistent with an unmodified version of CACI 303, as

5

proposed by Plaintiffs, NavCom is entitled to damages if it proves that Defendant breached the

6

Agreement.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

77

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 45:**

**Contract Formation—Rejection of Offer**

Both an offer and an acceptance are required to create a contract.

Oki Electric contends that a contract for the design and development of the 4-chip RF ASIC was not created because its offer was rejected. An offer is rejected by expressly rejecting the offer or making a counteroffer with changes or additions to the offered terms.

To overcome this contention, Navcom must prove both of the following:

1.   That Navcom did not reject Oki Semiconductor's offer concerning the 4-chip RF ASIC; and

2.    That Navcom did not make any additions or changes to the terms of Oki Semiconductor's offer.

If Navcom did not prove both of the above, then a contract for the design and development of the 4-chip RF ASIC was not created.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 303 (2014)(modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

78

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 45:**

As stated previously, contract formation is not a disputed issue in this case.  Therefore, it is again unclear why Defendant has proposed an instruction on contract formation – rejection of offer (CACI 311).  Plaintiffs are claiming that Defendant breached the Customized Advanced GPS RF Chipset Development and Purchase Agreement, dated December 14, 2005.  *See* Dkt. 1-1, ¶¶ 24-28.  Defendant admits that it is "undisputed" that the parties entered into that contract.  *See* Defendant's Requested Instruction No. 38.  Therefore, it is unnecessary to instruct the jury on contract formation issues relating to some other contract that Plaintiffs are not claiming was breached.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

79

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 46:**

**<u>Interpretation—Meaning of Ordinary Words</u>**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 315 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

80

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 47:**

**<u>Interpretation—Meaning of Technical Words</u>**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 316 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**JOINT REQUESTED INSTRUCTION NO. 48:**

**<u>Interpretation—Construction of Contract as a Whole</u>**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 317 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

<u>REVISED</u> JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JOINT REQUESTED INSTRUCTION NO. 49:**

**<u>Interpretation—Construction by Conduct</u>**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 318 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

83

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 50:**

<u>**Affirmative Defense - Anticipatory Breach**</u>

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that it will not or cannot meet the requirements of the contract. This is called anticipatory breach.

If you have determined that a contract was formed for the development of the 4-chip RF ASIC, then you must decide if Navcom was in anticipatory breach before the time that Navcom claims Oki Semiconductor was in breach.

Oki contends that Section 2.3.1 requires Navcom to pay for changes made to the specification that cause additional work beyond what is required in the Statement of Work or repetition of the steps identified in the Statement of Work.  Oki contends that Section 2.3.1 requires Navcom to be responsible for any and all additional costs that Oki Semiconductor incurs in conjunction with the requested changes.

Oki contends that Navcom refused to pay any of the expense in conjunction with the redesign of the 4-chip chipset in anticipatory breach of Section 2.3.1.

To prove anticipatory breach, Oki Electric must prove that:

    1.  Navcom was obligated to pay for all or part of the expense of the redesign; and

    2.  Before the date that Navcom alleges Oki Semiconductor was in breach of contract, Navcom informed Oki Semiconductor that it would not pay for all or part of the expenses of the redesign.

If Oki Electric proves Navcom was in anticipatory breach, then Oki Semiconductor was not in breach of contract.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 324 (2014)(modified).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

84

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 50:**

Anticipatory breach is an excuse for nonperformance that must be pleaded by the Defendant as an affirmative defense.  *See Richter v. Adams*, 19 Cal. App. 2d 572, 576 (1937) (waiver or excuse for nonperformance of a contract is affirmative defense that must be pled in the answer); *State Medical Educ. Bd. v. Roberson*, 6 Cal.App.3d 493, 501 (1970) (an excuse for nonperformance must be pled in the defendant's answer).  Defendant did not plead an anticipatory breach defense. Dkt. 49.  Therefore, an instruction on anticipatory breach should not be given. Furthermore, there is no reason to charge the jury on anticipatory breach because there is no evidence of anticipatory breach in this case.

In addition, Defendant's proposed instruction on anticipatory breach substantially departs from the pattern instruction (CACI 324) and improperly injects Defendant's arguments into the instruction.  If any instruction on anticipatory breach is given in this case, it should be CACI 324 without modification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

85

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 51:**

**Mutual Consent to Rescind / Abandon (Original Contract)**

Oki Electric has raised a defense of rescission.  A contract is extinguished by its rescission or abandonment.  A contract may be rescinded or abandoned if all the parties to the contract consent.  This can be referred to as mutual consent.

The object of a contract is the thing that the parties agree must be performed or done.   If both parties agree that the performance required by the contract is no longer required, then the agreement is rescinded or abandoned.  The abandonment of a contract terminates the contract and the parties are released from any remaining obligations.

It is not necessary that the parties say, in so many words, that they mutually rescind or abandon the contract; instead, this may be implied by other words and acts, including for example the negotiation of a new contract.  Whether the parties reach agreement on a new contract does not affect their prior abandonment.

Oki Electric contends that the object of the Original Contract was the development of the Nova RF ASIC as defined by Version 19 of the specification.  Oki Electric contends that Navcom and Oki Semiconductor mutually agreed to discontinue the development of the Nova RF ASIC Specification, Version 19, after which they entered into the Amended Contract for the development of the Nova RF ASIC Specification, Version 25.

If Oki Electric proved that Navcom and Oki Semiconductor mutually agreed, as evidenced by words or acts, to abandon the development of the subject matter of the Original Contract, there can be no breach of contract.


AUTHORITY:

Cal. Civ. Code, §§ 1595, 1688, 1689; *Asmus v. Pacific Bell*, 23 Cal. 4th 1 at Footnote 2 (Cal., 2000); *McCreary v. Mercury Lumber Distributors*, 124 Cal.App.2d 477, 486 (Cal. App. 3 Dist., 1954); *Honda v. Reed*, 156 Cal.App.2d 536 (Cal. App. 2 Dist., 1958); *Acoustics, Inc. v. Trepte Constr. Co.,* 14 Cal. App. 3d 887, 913 (1971).  *See also*, *Griffin v. Beresa*, 143 Cal. App. 2d 299 (Cal. App. 3 Dist. 1956); *Schertzinger v. Williams*, 17 Cal. Rptr 719 (Cal. App. 4 Dist. 1962);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

86

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1360 (Fed. Cir. 2005).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

87

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 51:**

Abandonment of contract (also called mutual rescission) must be pleaded by the Defendant as an affirmative defense. *See* 3 Cal. Affirmative Def. § 61:7 (2013 Ed.); *Hagen v. Sherman*, 147 Cal. App. 2d 28, 30 (1956). Defendant did not plead an abandonment of contract defense. Dkt. 49. Therefore, an instruction on abandonment of contract should not be given. Furthermore, there is no evidence of abandonment of contract in this case. Moreover, rescission is an equitable remedy, for which no right to a jury exists. *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

The instruction crafted by Defendant is also an inaccurate statement of California law. "Abandonment of a contract is a mutual election of all contracting parties to cease further performance and terminate their rights under the contract." 3 Cal. Affirmative Def. § 61:1 (2013 Ed.). "[A]bandonment is made up of two elements, act and intent, and the intent must be gathered from all the facts and circumstances of the case …." *Pearl v. Gulf Red Cedar Co.*, 15 Cal. App. 2d 196, 199 (1936). In fact, "[m]utual rescission involves the formation of a new contract, and the issues include the same questions of law and facts regarding offer and acceptance that occur in any other problem of contract formation." *Harriman v. Tetik*, 56 Cal. 2d 805, 810 (1961).

Defendant's proposed instruction makes no mention of the requirements that both parties intended to terminate their rights under the contract and acted upon that intention by agreeing to abandon the contract. Rather, the instruction inaccurately suggests that merely agreeing to modify a part of a contract, such as the specification for the development of the RF ASIC, constitutes an abandonment of the contract. Defendant cites no law that supports this untenable position.

Furthermore, this instruction improperly injects Defendant's arguments into the instruction. If any instruction on abandonment of contract is given, it should not include arguments.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

88

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S REQUESTED INSTRUCTION NO. 52:**

2                                     <u>**Novation**</u>

3        Novation is the substitution of a new obligation for an existing one.  Novation is made by

4    the substitution of a new obligation between the same parties, with the intent to extinguish the old

5    obligation.

6        Oki Electric also contends that the Original Contract with Navcom in December 2005 to

7    develop the RF ASIC Specification, Version 19, cannot be enforced because the parties agreed to

8    extinguish the obligations of the Original Contract and, substitute the obligations of the Amended

9    Contract in November 2006 to develop the RF ASIC Specification, Version 25.

10       To succeed, Oki Electric must prove that all parties agreed, by words or conduct, to

11   substitute the obligations of the Original Contract with the obligations of the Amended Contract.

12       If you decide that Oki Electric has proved this, then the original contract is not

13   enforceable.

14

15       AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 337 (2014)

16   (modified).

17   *See also*, Civil Code section 1530; Civil Code section 1531; *Olympic Finance Co. v. Thyret*, 337

18   F.2d 62, 63 (9th Cir. 1964) ("novation extinguished all prior rights and obligations of the

19   parties"); *Silva v. Providence Hospital of Oakland* (1939) 14 Cal.2d 762, 773 [97 P.2d 798]

20   (Conduct may form the basis for a novation although there is no express writing or agreement);

21   *Howard v. County of Amador* (1990) 220 Cal.App.3d 962, 980 [269 Cal.Rptr. 807] ("When there

22   is conflicting evidence the question whether the parties to an agreement entered into a

23   modification or a novation is a question of fact.")

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

89

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 52:**

2      Novation must be pleaded by the Defendant as an affirmative defense. *See* 3 Cal.

3  Affirmative Def. § 64.10 (2013 Ed.); *Alexander v. Angel*, 37 Cal. 2d 856, 860 (1951).  Defendant

4  did not plead a novation defense. Dkt. 49.  Therefore, an instruction on novation should not be

5  given.  Furthermore, there is no reason to charge the jury on novation because there is no

6  evidence of novation in this case.

7      In addition, Defendant's proposed instruction on novation substantially departs from the

8  pattern instruction (CACI 337) and improperly injects Defendant's arguments into the instruction.

9  If any instruction on novation is given in this case, it should be CACI 337 without modification.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

90

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 56**:

**Mutual Consent to Rescind / Abandon (Amended Contract)**

Oki Electric has raised a defense of rescission.  A contract is extinguished by its rescission or abandonment.

A contract may be rescinded or abandoned if all the parties to the contract consent.  This can be referred to as mutual consent.

The object of a contract is the thing that the parties agree must be performed or done.   If both parties agree that the performance required by the contract is no longer required, then the agreement is rescinded or abandoned.  The abandonment of a contract terminates the contract and the parties are released from any remaining obligations.

It is not necessary that the parties say, in so many words, that they mutually rescind or abandon the contract; instead, this may be implied by other words and acts, including for example the negotiation of a new contract.  Whether the parties reach agreement on a new contract does not affect their prior abandonment.

Oki Electric contends that the object of the Amended Contract was the development of the Nova RF ASIC as defined by Version 25 of the specification.  Oki Electric contends that Navcom and Oki Semiconductor mutually agreed to discontinue the development of the Nova RF ASIC Specification, Version 25, after which they began negotiations concerning the development of the 4-chip RF ASIC.

If Oki Electric proved that Navcom and Oki Semiconductor mutually agreed, as evidenced by words or acts, to abandon the development of the subject matter of the Amended Contract, there can be no breach of contract.

AUTHORITY:

Cal. Civ. Code, §§ 1595, 1688, 1689; *Asmus v. Pacific Bell*, 23 Cal. 4th 1 at Footnote 2 (Cal., 2000); *McCreary v. Mercury Lumber Distributors*, 124 Cal.App.2d 477, 486 (Cal. App. 3 Dist., 1954); *Honda v. Reed*, 156 Cal.App.2d 536 (Cal. App. 2 Dist., 1958); *Acoustics, Inc. v. Trepte Constr. Co.,* 14 Cal. App. 3d 887, 913 (1971).  *See also*, *Griffin v. Beresa*, 143 Cal. App. 2d 299

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

91

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   (Cal. App. 3 Dist. 1956); *Schertzinger v. Williams*, 17 Cal. Rptr 719 (Cal. App. 4 Dist. 1962);

2   *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1360 (Fed. Cir. 2005).

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 56:**

2   Again, since abandonment of contract must be pleaded by the Defendant as an affirmative

3   defense and Defendant did not plead an abandonment of contract defense, an instruction on

4   abandonment of contract should not be given to the jury.  *See* Dkt. 493; Cal. Affirmative Def. §

5   61:7 (2013 Ed.); *Hagen v. Sherman*, 147 Cal. App. 2d 28, 30 (1956).  Moreover, rescission is an

6   equitable remedy, for which no right to a jury exists.  *Dollar Systems, Inc. v. Avcar Leasing*

7   *Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).

8   This is also Defendant's second instruction on abandonment of contract, which like the

9   previous instruction improperly injects Defendant's arguments into the instruction and also states

10  as fact the disputed contention that the amendment signed by the parties constitutes a different

11  contract.  And again, there is no reason to charge the jury on abandonment of contract because

12  there is no evidence of abandonment of contract in this case.

13  Finally, if any instruction on abandonment of contract is given, it should not be

14  argumentative or include disputed facts.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

93

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**JOINT REQUESTED INSTRUCTION NO. 57:**

2     The Court has determined that Defendant had a right to terminate the Agreement under

3  Section 1.0.  Plaintiffs contend that Defendant breached this section by not giving at least three

4  months notice prior to stopping work and by failing to finish the then-current term of the

5  Agreement.

6     Defendant denies these allegations.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' REQUESTED INSTRUCTION NO. 58:**

2   <u>**Transition Instruction**</u>

3        I will now give you instructions on NavCom's allegation that Defendant made intentional

4   misrepresentations.

5

6        <u>Plaintiffs' Position</u>:  The issue of whether Defendant committed fraud must remain in the

7   case and be decided by the jury until the Court denies Defendant's motion in limine no. 2 or

8   otherwise confirms that Section 16 of the Agreement does not apply to Plaintiffs' claimed

9   damages.  Moreover, under applicable California law, NavCom's continued performance of the

10   Agreement does not constitute a waiver of the fraud.  *See, e.g., Denevi v. LGCC*, 121 Cal.App.4th

11   1211, 1220 (2004).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

95

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 58:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation in view of the Court's Order denying Plaintiff's Motion to Amend (*see, e.g.*, Dkt. No. 199 at 8:1-3 and 9:9-10) and its holding that any claim of fraud or misrepresentation was waived (see, Dkt. No. 199 at 17:17-18:2).   Oki Electric further incorporates it positions set forth in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. *See also*, Dkt. No. 238.  Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. Fraud or misrepresentation is not an asserted claim in this case;

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation.  To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages".  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

96

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

2  *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

3  Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

4          Further, their assertion that the limitation of liability provision is rendered void,

5  inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

6  misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

7  of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

8  explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

9  Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

10  is in full force and effect.

11          As such Plaintiffs should not now on the eve of trial recast their case and take

12  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

13  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

14  trial to use some back-door attempt to assert a previously unasserted damages claim which they

15  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

16  highly prejudicial to Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

97

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 59:**

**<u>Fraud – Intentional Misrepresentation</u>**

NavCom claims that Defendant falsely represented the role of Peregrine Semiconductor Corporation in the Development Phase of the NavCom RF ASIC project.  To establish this claim, NavCom must prove all of the following:

1. That Defendant represented to NavCom that a fact was true;

2. That Defendant's representation was false;

3. That Defendant knew that the representation was false when it made it, or that it made the representation recklessly and without regard for its truth;

4. That Defendant intended that NavCom rely on the representation;

5. That NavCom reasonably relied on Defendant's representation;

6. That NavCom was harmed; and

7. That NavCom's reliance on Defendant's representation was a substantial factor in causing its harm.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 1900 (September 2013).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

98

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 59:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation in view of the Court's Order denying Plaintiff's Motion to Amend (*see, e.g.*, Dkt. No. 199 at 8:1-3 and 9:9-10) and its holding that any claim of fraud or misrepresentation was waived (see, Dkt. No. 199 at 17:17-18:2).   Oki Electric further incorporates it positions set forth in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. *See also*, Dkt. No. 238.  Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. Fraud or misrepresentation is not an asserted claim in this case;

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation.  To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages".  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

99

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71. Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

Further, their assertion that the limitation of liability provision is rendered void, inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable." Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision is in full force and effect.

As such Plaintiffs should not now on the eve of trial recast their case and take diametrically opposite positions than they have throughout discovery. While Defendant disagrees with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of trial to use some back-door attempt to assert a previously unasserted damages claim which they have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be highly prejudicial to Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

100

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 60:**

### <u>Reliance</u>

NavCom relied on Defendant's misrepresentation if:

1. The misrepresentation substantially influenced NavCom to enter into the contract with Defendant; and

2. It would probably not have entered into the contract with Defendant without the misrepresentation.

It is not necessary for a misrepresentation to be the only reason for NavCom's conduct.


AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 1907 (September 2013).

<u>REVISED</u> JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 60:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation in view of the Court's Order denying Plaintiff's Motion to Amend (*see, e.g.*, Dkt. No. 199 at 8:1-3 and 9:9-10) and its holding that any claim of fraud or misrepresentation was waived (see, Dkt. No. 199 at 17:17-18:2).   Oki Electric further incorporates it positions set forth in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. *See also*, Dkt. No. 238.  Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. Fraud or misrepresentation is not an asserted claim in this case;

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3. Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation.  To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages".  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

102

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71. Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

Further, their assertion that the limitation of liability provision is rendered void, inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable." Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision is in full force and effect.

As such Plaintiffs should not now on the eve of trial recast their case and take diametrically opposite positions than they have throughout discovery. While Defendant disagrees with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of trial to use some back-door attempt to assert a previously unasserted damages claim which they have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be highly prejudicial to Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

103

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 61:**

**<u>Reasonable Reliance</u>**

In determining whether NavCom's reliance on the misrepresentation was reasonable, it must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for NavCom to rely on the misrepresentation. In making this decision, take into consideration NavCom's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within its observation show that it is obviously false.

AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 1908 (September 2013).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

104

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 61:**

Oki Electric objects to this instruction pertaining to a claim of fraud or misrepresentation in view of the Court's Order denying Plaintiff's Motion to Amend (*see, e.g.*, Dkt. No. 199 at 8:1-3 and 9:9-10) and its holding that any claim of fraud or misrepresentation was waived (see, Dkt. No. 199 at 17:17-18:2).   Oki Electric further incorporates it positions set forth in its Motion in Limine No.1, Oki Electric's motion for summary judgment (Dkt. # 102), Oki Electric's opposition (Dkt. # 111-5) to Plaintiffs' motion for partial summary judgment, and Oki Electric's opposition (Dkt. # 150-5) to Plaintiffs' motion to amend complaint to add a claim for fraud in the inducement. *See also*, Dkt. No. 238.  Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1.   Fraud or misrepresentation is not an asserted claim in this case;

2.   Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2); as such the exception to the limitation of liability provision is not relevant;

3.   Plaintiffs have affirmatively stated no provision of the contract is "void, inoperative, nullified or unenforceable" (Response to Interrogatory No. 8), so the limitation of liability provision is in full force and effect.

At no time during the pendency of this case have Plaintiffs asserted their damages claim was based on fraud or misrepresentation or that they were based on any exception to the Limitation on Liability provision of the subject contract(s) due to any alleged fraud or misrepresentation.  To the contrary, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages".  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes

1   called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS

2   148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

3   *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

4   Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

5           Further, their assertion that the limitation of liability provision is rendered void,

6   inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

7   misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

8   of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

9   explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

10  Accordingly, consistent with Plaintiffs interrogatory response, the limitation of liability provision

11  is in full force and effect.

12          As such Plaintiffs should not now on the eve of trial recast their case and take

13  diametrically opposite positions than they have throughout discovery. While Defendant disagrees

14  with Plaintiffs' characterization of their damages, Plaintiffs' should not be permitted on the eve of

15  trial to use some back-door attempt to assert a previously unasserted damages claim which they

16  have either disavowed or never raised during discovery.  Allowing Plaintiffs' to do so would be

17  highly prejudicial to Defendant.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' REQUESTED INSTRUCTION NO. 62:**

2                            **Transition Instruction**

3         I will now give you instructions on damages.

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 62:**

2       Oki Electric objects to this instruction pertaining to damages in view of the Court's Order

3   in which it held that the Plaintiffs' asserted damages were not recoverable.  *See, e.g.*, Dkt. No.

4   199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11;  *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2.

5       Because Plaintiffs have not asserted any other forms of damages beyond those the Court

6   has held unrecoverable, Plaintiffs' should be precluded from asserting new forms of damages.

7   *See, e.g.,* Oki Electric's Motion in Limine # 6 (Dkt. No. 238), which is incorporated by reference.

8       Oki Electric reserves the right to modify, supplement and/or replace its proposed jury

9   instructions in view of the Court's decisions on pending motions and as otherwise appropriate.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' REQUESTED INSTRUCTION NO. 63:**

2  <u>**Damages - Proof**</u>

3       It is the duty of the Court to instruct you about the measure of damages. By instructing

4  you on damages, the Court does not mean to suggest for which party your verdict should be

5  rendered.

6       If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs

7  have the burden of proving damages by a preponderance of the evidence. Damages means the

8  amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find

9  was caused by the defendant.

10       It is for you to determine what damages, if any, have been proved.

11       Your award must be based upon evidence and not upon speculation, guesswork or

12  conjecture.

13

14       AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 5.1 (April

15  2007).

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

109

<u>REVISED</u> JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 63:**

2        Oki Electric objects to this instruction pertaining to damages in view of the Court's Order

3    in which it held that the Plaintiffs' asserted damages were not recoverable.  *See, e.g.*, Dkt. No.

4    199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11;  *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2.

5        Because Plaintiffs have not asserted any other forms of damages beyond those the Court

6    has held unrecoverable, Plaintiffs' should be precluded from asserting new forms of damages.

7    *See, e.g.,* Oki Electric's Motion in Limine # 6 (Dkt. No. 238), which is incorporated by reference.

8        Oki Electric reserves the right to modify, supplement and/or replace its proposed jury

9    instructions in view of the Court's decisions on pending motions and as otherwise appropriate.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

110

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 64:**

**<u>Introductory Instruction: Right to Recover Damages and Determination of Damages</u>**

Every person who suffers a loss or harm as a result of another person's breach of contract is entitled to be compensated in money for that loss or harm by the person who breached the contract. This compensation is called "damages."

If you find that Defendant breached a contract that it made with NavCom, you must award Plaintiffs damages for that breach. You must determine the amount of the damages to be awarded to Plaintiffs according to the evidence, the rules of law on which I instruct you, and the other instructions that I will give you on the subject of damages.

AUTHORITY:  Matthew Bender, California Forms of Jury Instruction, Ch. 1-3E, § MB300E.01; Civ. Code §§ 3281, 3282, 3360; *Bergen v. Tulare Power Co.*, 173 Cal. 709, 721 (1916); *Parke v. Frank*, 75 Cal. 364, 369 (1888); *Hancock v. Hubbell*, 71 Cal. 537, 539 (1887); *Browner v. Davis*, 15 Cal. 9, 11 (1860); *Ericson v. Playgirl, Inc.*, 73 Cal. App. 3d 850, 859 (1977); *Sweet v. Johnson*, 169 Cal. App. 2d 630, 632-633 (1959); *Steers v. City and County of San Francisco*, 118 Cal. App. 361, 363 (1931); *Weaver v. Atlantian Constr. Co.*, 84 Cal. App. 154, 161 (1927); *Weichers v. Dehail*, 41 Cal. App. 547, 549 (1919); Restatement (Second) of Contracts § 346.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

111

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 64:**

Oki Electric objects to this instruction pertaining to damages in view of the Court's Order in which it held that the Plaintiffs' asserted damages were not recoverable.  *See, e.g.*, Dkt. No. 199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11;  *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2.

Because Plaintiffs have not asserted any other forms of damages beyond those the Court has held unrecoverable, Plaintiffs' should be precluded from asserting new forms of damages. *See, e.g.,* Oki Electric's Motion in Limine # 6 (Dkt. No. 238), which is incorporated by reference..

Oki Electric reserves the right to modify, supplement and/or replace its proposed jury instructions in view of the Court's decisions on pending motions and as otherwise appropriate. Further, the instruction over-emphasizes the jury's obligation with respect to damages, without pointing out that damages are only available if Plaintiff proves breach of contract, and if damages are not precluded by Oki's defenses.  Without references to these two points, the instruction is likely to lead to jury confusion and prejudice to Oki Electric.  The agreement has very specific Limitations of Liability provisions of the contract, and those limitations are not acknowledged at all in this proposed instruction.  Rather than edit this instruction, Oki respectfully submits that the instruction is not necessary as there are already other instructions that adequately cover this subject matter.

Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment. Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1.     The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2.     Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

112

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

3.   Plaintiffs have affirmatively stated no provision of the contract is void, inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract preclude the recovery of consequential, exemplary, special, or incidental damages, including, without limitation, lost profits. The limitation of liability provision may not be read out of the agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")

Further, Plaintiffs have consistently maintained that they are not seeking the types of damages that are precluded by the Limitation of Liability provision of the contract.  Specifically, Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not seeking damages that it contends are consequential damages."  Plaintiffs' reaffirmed their prior response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013, the last day of discovery), stating again, "NavCom is not seeking damages that it contends are consequential damages."  Under California law, "Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.  Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void, inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

Accordingly, Plaintiffs should be precluded from recovering the consequential, exemplary, special, or incidental damages, including, without limitation, lost profits encompassed by this instruction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

113

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' REQUESTED INSTRUCTION NO. 65:**

2   <u>**General Measure of Damages**</u>

3       If you find that Defendant breached a contract that it made with NavCom, you must award

4   Plaintiffs damages in an amount that will fully compensate them for all losses and harm that the

5   breach caused them, unless the other rules of law on which I will instruct you limit the amount

6   that Plaintiffs are entitled to recover or the type of losses or harm for which you can award

7   damages to Plaintiffs.

8

9       AUTHORITY:  Matthew Bender, California Forms of Jury Instruction, Ch. 1-3E, §

10   MB300E.02; Civ. Code § 3300; *Coughlin v. Blair*, 41 Cal. 2d 587, 600 (1953); *Lisec v. United*

11   *Airlines, Inc.*, 10 Cal. App. 4th 1500, 1504 (1992); *DuBarry Internat., Inc. v. Southwest Forest*

12   *Industries, Inc.*, 231 Cal. App. 3d 552, 563 (1991); *Wickman v. Opper*, 188 Cal. App. 2d 129, 132

13   (1961); *Phalanx Air Freight v. National Skyway Freight Corp.*, 104 Cal. App. 2d 771, 776

14   (1951).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

114

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 65:**

Oki Electric objects to this instruction pertaining to damages in view of the Court's Order in which it held that the Plaintiffs' asserted damages were not recoverable.  *See, e.g.*, Dkt. No. 199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11;  *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2.

Because Plaintiffs have not asserted any other forms of damages beyond those the Court has held unrecoverable, Plaintiffs' should be precluded from asserting new forms of damages.  *See, e.g.,* Oki Electric's Motion in Limine # 6 (Dkt. No. 238), which is incorporated by reference.

Oki Electric reserves the right to modify, supplement and/or replace its proposed jury instructions in view of the Court's decisions on pending motions and as otherwise appropriate.  Further, the instruction over-emphasizes the jury's obligation with respect to damages, without pointing out that damages are only available if Plaintiff proves breach of contract, and if damages are not precluded by Oki's defenses.  Without references to these two points, the instruction is likely to lead to jury confusion and prejudice to Oki Electric.  The agreement has very specific Limitations of Liability provisions of the contract, and those limitations are not acknowledged at all in this proposed instruction.  Rather than edit this instruction, Oki respectfully submits that the instruction is not necessary as there are already other instructions that adequately cover this subject matter.

Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment.  Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1.     The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2.     Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

115

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

3.      Plaintiffs have affirmatively stated no provision of the contract is void,
        inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract

preclude the recovery of consequential, exemplary, special, or incidental damages, including,

without limitation, lost profits. The limitation of liability provision may not be read out of the

agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give

effect to every part, if reasonably practicable, each clause helping to interpret the other.")

Further, Plaintiffs have consistently maintained that they are not seeking the types of

damages that are precluded by the Limitation of Liability provision of the contract.  Specifically,

Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2, "NavCom is not

seeking damages that it contends are consequential damages."  Plaintiffs' reaffirmed their prior

response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013,

the last day of discovery), stating again, "NavCom is not seeking damages that it contends are

consequential damages."  Under California law, "Contractual damages are of two types – general

damages (sometimes called direct damages) and special damages (sometimes called

consequential damages)." *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796,

*70 (C.D. Cal. 2011 citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*,

34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.  Thus, Plaintiffs

interrogatory responses preclude seeking special damages as well.

In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void,

inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

Accordingly, Plaintiffs should be precluded from recovering the consequential,

exemplary, special, or incidental damages, including, without limitation, lost profits encompassed

by this instruction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

116

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' REQUESTED INSTRUCTION NO. 68:**

2   <u>**Damages Arising in the Future – Discount to Present Cash Value**</u>

3   Any award for future economic damages must be for the present cash value of those

4   damages.

5   Present cash value means the sum of money needed now, which, when invested at a

6   reasonable rate of return, will pay future damages at the times and in the amounts that you find

7   the damages will be incurred.

8   The rate of return to be applied in determining present cash value should be the interest

9   that can reasonably be expected from safe investments that can be made by a person of ordinary

10  prudence, who has ordinary financial experience and skill.

11

12  AUTHORITY:  Ninth Circuit Manual of Model Jury Instructions, Civil, § 5.4 (April

13  2007).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

117

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 68:**

Oki Electric objects to this instruction pertaining to damages in view of the Court's Order in which it held that the Plaintiffs' asserted damages were not recoverable. *See, e.g.*, Dkt. No. 199 at 18:24-25, 19:20-12, 22:3-5 and 23:10-11; *see also*, Dkt. No. 231 at 2:13-14 and 2:22-5:2.

Because Plaintiffs have not asserted any other forms of damages beyond those the Court has held unrecoverable, Plaintiffs' should be precluded from asserting new forms of damages. *See, e.g.,* Oki Electric's Motion in Limine # 6 (Dkt. No. 238), which is incorporated by reference.

Oki Electric reserves the right to modify, supplement and/or replace its proposed jury instructions in view of the Court's decisions on pending motions and as otherwise appropriate.

Further, Oki Electric objects to this instruction pertaining to damages for the reasons presented in its Motion in Limine No.2, Oki Electric's motion for summary judgment (Dkt. # 102), and Oki Electric's opposition (Dkt. # 111-6) to Plaintiffs' motion for partial summary judgment.

Oki Electric's objection incorporates by reference in their entirety all of the arguments and positions asserted in the filings identified above.

Specifically, Oki Electric objects to this instruction because:

1. The limitation of liability provision of the contract expressly provides "neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits." (Section 16.0).

2. Plaintiffs have affirmatively stated they are not seeking consequential damages (Supplemental Interrogatory Response, No. 2);

3. Plaintiffs have affirmatively stated no provision of the contract is void, inoperative, nullified or unenforceable (Response to Interrogatory No. 8).

Oki objects to this instruction for damages because the express terms of the contract preclude the recovery of consequential, exemplary, special, or incidental damages, including, without limitation, lost profits. The limitation of liability provision may not be read out of the agreement. Cal. Civ. Code §1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

118

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1        Further, Plaintiffs have consistently maintained that they are not seeking the types of

2  damages that are precluded by the Limitation of Liability provision of the contract.  Specifically,

3  Plaintiffs' stated in their initial response to Defendants' interrogatory no. 2,"NavCom is not

4  seeking damages that it contends are consequential damages."  Plaintiffs' reaffirmed their prior

5  response in their Supplemental Response to Interrogatory no. 2 (served on September 13, 2013,

6  the last day of discovery), stating again, "NavCom is not seeking damages that it contends are

7  consequential damages."  Under California law, "Contractual damages are of two types – general

8  damages (sometimes called direct damages) and special damages (sometimes called

9  consequential damages)." *See, e.g*., *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS

10  148796, *70 (C.D. Cal. 2011) citing *Lewis Jorge Const. Management, Inc. v. Pomona Unified*

11  *School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004); *Id.* at *70-71.

12  Thus, Plaintiffs interrogatory responses preclude seeking special damages as well.

13        In addition, Plaintiffs' assertion that the limitation of liability provision is rendered void,

14  inoperative, nullified or unenforceable by an unsupported and previously unasserted fraud or

15  misrepresentation claim is completely contrary to Plaintiffs' position during the entire pendency

16  of the litigation. Plaintiffs cannot on the eve of trial flip their response to an interrogatory which

17  explicitly stated no provision of the contract is "void, inoperative, nullified or unenforceable."

18        Accordingly, Plaintiffs should be precluded from recovering the consequential,

19  exemplary, special, or incidental damages, including, without limitation, lost profits encompassed

20  by this instruction.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

119

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 70:**

**<u>Limitation of Damages</u>**

Navcom and Oki Semiconductor agreed and Parties are allowed to agree to limit the amount of damages. This is referred to as a limitation of liability.  In this case, Navcom and Oki Semiconductor agreed to limit the damages that either party could seek in the event of a breach of contract or otherwise arising out of the parties' obligations under the contract.  Section 16.0 of the Terms & Conditions of the Original and Amended Contracts, provides:

> neither party shall be liable with respect to its obligations under this Agreement for consequential, exemplary, special, or incidental damages, including, without limitation, lost profits, even if it has been advised of the possibility of such damages

As such, any damages you award must not include any of these types of damages.


I will explain the meaning of each type of damages that Navcom is not permitted to recover and will provide an explanation of the damages that Navcom may seek to recover.


AUTHORITY:

Customized Advanced GPS RF Chipset Development and Purchase Agreement, Terms & Conditions, Section 16.0.; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329] (Contractual language should be interpreted in a manner that gives force and effect to every clause rather than to one that renders clauses nugatory, inoperative, or meaningless); *Corp. v. Aetna Casualty and Surety Co*. (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

120

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 70**

Defendant is not basing this special instruction on any model instruction.  The reason for that is that under California law, it is the court – not a jury – that decides whether to apply a limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App. 3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v. Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118 (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091 (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*, 246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court to instruct the jury on the meaning of the limitation of liability provision or other provisions in the contract, and that the instruction improperly attempts to persuade the jury to accept Defendant's limitation of liability defense.

Moreover, this instruction is also inaccurate and incomplete in that it omits the portion of Section 16.0 of the contract which provides that there is no limitation of liability in the case of fraud.  This instruction is also objectionable in that it injects Defendant's disputed contention that the amendment to the Customized Advanced GPS RF Chipset Development and Purchase Agreement constitutes a different contract.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 71:**

**<u>Limitation on Damages – Consequential Damages</u>**

Consequential damages are excluded by the contract. In calculating the amount of damages, you may not consider or include consequential damages.

Consequential damages are defined as those damages, which, in view of all facts known by the parties at the time of the making of the contract, may reasonably be foreseeable as a likely consequence of a breach in the ordinary course of events.  Generally, this includes all the harm that would not have been incurred but for the breach, or which, in the ordinary course of things, would be likely to occur because of the breach.

You must not consider or include consequential damages in your calculation of any amount awarded.

AUTHORITY:

*Stevens Group Fund IV v. Sobrato Development Co*. (1991) 1 Cal.App.4th 886, 892 [2 Cal.Rptr.2d 460], *quoting* the Assembly Committee on Judiciary); *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal. 2011); ("Contractual damages are of two types – general damages (sometimes called direct damages) and special damages (sometimes called consequential damages); *Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d 340, 102 P.3d 257 (2004)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

122

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 71:**

2         Defendant is not basing this special instruction on any model instruction.  The reason for

3  that is that under California law, it is the court – not a jury – that decides whether to apply a

4  limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5  Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6  3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7  *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8  *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9  (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10 (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11 (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12 246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13 *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14        Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15 to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16 contract.

17        Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18 of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19 fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 72:**

2

<u>**Limitation on Damages – Exemplary Damages**</u>

3

Exemplary damages are excluded by the contract. In calculating the amount of damages,

4

you may not consider or include exemplary damages.

5

Exemplary damages are also known as punitive damages, and are awarded as a

6

punishment and to set an example to others.

7

You must not consider or include exemplary or punitive damages in your calculation of

8

any amount awarded.

9

10

AUTHORITY:  Black's Law Dictionary

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 72:**

Defendant is not basing this special instruction on any model instruction.  The reason for that is that under California law, it is the court – not a jury – that decides whether to apply a limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App. 3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v. Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118 (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091 (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*, 246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court to instruct the jury on the meaning of the limitation of liability provision or other provisions in the contract.

Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion of Section 16.0 of the contract which provides that there is no limitation of liability in the case of fraud.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

125

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **DEFENDANT'S REQUESTED INSTRUCTION NO. 73:**

2  <u>**Limitation on Damages – Special Damages**</u>

3       Special damages are excluded by the contract. In calculating the amount of damages, you

4  may not consider or include special damages.

5       Special damages, sometimes called consequential damages, are damages not contemplated

6  by the party, but which may in fact follow as a natural consequence of the breach and can include,

7  for example, out-of-pocket expenses which are a direct result of a breach of contract and losses by

8  a customer arising from the breach.  These can also be described as damages that result indirectly

9  from, or that "flow from" the breach.

10      You must not consider or include special damages in your calculation of any amount

11 awarded.

12

13 AUTHORITY:

14      *Unihan Corp. v. Max Group Corp.,* 2011 U.S. Dist. LEXIS 148796, *70 (C.D. Cal.

15 2011)("Contractual damages are of two types – general damages (sometimes called direct

16 damages) and special damages (sometimes called consequential damages) citing *Lewis Jorge*

17 *Const. Management, Inc. v. Pomona Unified School Dist.*, 34 Cal.4th 960, 967, 22 Cal. Rptr. 3d

18 340, 102 P.3d 257 (2004); *Id.* at *70-71("Special damages, by contrast, are those losses that do

19 not arise directly and inevitably from any similar breach of any similar agreement. Instead, they

20 are secondary or derivative losses arising from circumstances that are particular to the contract or

21 to the parties. Special damages are recoverable if the special or particular circumstances from

22 which they arise were actually communicated to or known by the breaching party (a subjective

23 test) or were matters of which the breaching party should have been aware at the time of

24 contracting(an objective test)."); *see also*, Black's Law Dictionary.

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 73:**

2   Defendant is not basing this special instruction on any model instruction.  The reason for

3   that is that under California law, it is the court – not a jury – that decides whether to apply a

4   limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5   Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6   3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7   *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8   *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9   (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14  Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17  Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18  of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19  fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 74:**

**<u>Limitation on Damages – Incidental Damages</u>**

Incidental damages are excluded by the contract. In calculating the amount of damages, you may not consider or include incidental damages.

Incidental damages include expenses that are typically associated with the manufacture or sale of products and include the expenses reasonably incurred in inspection, receipt, transportation and care and custody of returned or damaged goods, any commercially reasonable charges, expenses in connection with effecting replacement and any other reasonable expenses caused by delay or other breach.

You must not consider or include incidental damages in your calculation of any amount awarded.

AUTHORITY:  Black's Law Dictionary; *Cf.*, Cal. Comm. Code § 2715.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

128

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 74:**

2        Defendant is not basing this special instruction on any model instruction.  The reason for

3   that is that under California law, it is the court – not a jury – that decides whether to apply a

4   limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5   Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6   3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7   *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8   *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9   (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14        Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17        Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18  of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19  fraud.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

129

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 75:**

**Limitation on Damages – Lost Profit Damages**

Lost Profit damages are excluded by the contract. In calculating the amount of damages, you may not consider or include lost profit damages.

The term "profit" means the excess of revenue over expenses in a business transaction. This can be represented by the following formula:

[selling price] – [costs] = profit

By way of simple example, if it costs $1.00 to manufacture a product, and the product is sold for $5.00, the profit would be $4.00. If, however, the cost is increased to $2.00, but the selling price stays the same, the profit would be decreased to $3.00. In this simple example, Lost Profit would result from an increased cost while maintaining a constant selling price. Alternatively, if the cost is increased to $2.00, but the selling price is increased to $6.00, the profit would be $4.00, unchanged from the first example.

You must not consider or include lost profit damages in your calculation of any amount awarded.


AUTHORITY:

Black's Law Dictionary; Webster's Online Dictionary (2014); *see e.g.*, *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1025 (9th Cir. 2000).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

130

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 75:**

2       Defendant is not basing this special instruction on any model instruction.  The reason for

3  that is that under California law, it is the court – not a jury – that decides whether to apply a

4  limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142

5  Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.

6  3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v.*

7  *Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal.,*

8  *Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902

9  (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118

10  (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091

11  (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*,

12  246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

14       Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court

15  to instruct the jury on the meaning of the limitation of liability provision or other provisions in the

16  contract.

17       Furthermore, this instruction is also inaccurate and incomplete in that it omits the portion

18  of Section 16.0 of the contract which provides that there is no limitation of liability in the case of

19  fraud.

20       In addition, the instruction crafted by Defendant is an inaccurate statement of California

21  law.  Lost profits may be <u>direct</u> or <u>indirect</u>.  *See Lewis Jorge Const. Management, Inc. v. Pomona*

22  *Unified School Dist.*, 34 Cal. 4th 960 (2004).  Even absent fraud, the contract still only precludes

23  indirect lost profits, not direct lost profits.  *See In re First Magnus Financial Corp.*, 2010 WL

24  6452904, 5 (9th Cir. BAP (Ariz.); *Coremetrics, Inc. v. Atomic Park.com*, LLC, 2005 WL

25  3310093, 4 (N.D.Cal. 2005); *Claredi Corp. v. SeeBeyond Technology Corp.*, 2010 WL 1257946,

26  6 (E.D.Mo. 2010).

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 76:**

**Limitation of Damages - Initial Payment**

Navcom and Oki Semiconductor agreed to additional limitations on damages.

The parties agreed that the "Initial Payment" (as defined in Schedule C of the contracts) in the amount of Three Hundred Thousand Dollars ($300,000) was not cancellable or refundable under any circumstances.

You must not include this amount in any damages calculation or award.

AUTHORITY:

Customized Advanced GPS RF Chipset Development and Purchase Agreement, Schedule C; CAL. CIVIL CODE §§1641-1644; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [71 Cal.Rptr.2d 830, 951 P.2d 399], internal citations omitted ("Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning"; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329](Contractual language should be interpreted in a manner that gives force and effect to every clause rather than to one that renders clauses nugatory, inoperative, or meaningless; *see also*, Titan Corp. v. Aetna Casualty and Surety Co. (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

132

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 76:**

Defendant is not basing this special instruction on any model instruction. The reason for that is that under California law, it is the court – not a jury – that decides whether to apply a limitation of liability clause. *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App. 3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v. Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118 (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091 (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*, 246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court to instruct the jury on the meaning of the limitation of liability provision or other provisions in the contract.

Furthermore, Plaintiffs object to this instruction on the ground that it improperly directs a verdict for Defendant on this issue by instructing the jury: "You must not include this amount in any damages calculation or award." The "not cancellable or refundable" language does not preclude the jury from awarding Plaintiffs damages including this amount as a remedy for Defendant's breach of contract. *See, e.g., Kuish v. Smith*, 181 Cal. App. 4th 1419, 1428-29 (2010) (finding seller's retention of defaulting buyer's "non-refundable" deposit in rising market to be improper forfeiture); *Cataphora, Inc. v. Parker*, No. C09-5749 BZ, 2010 WL 4791643, *2 (N.D. Cal. Nov. 17, 2010) (finding non-refundable fixed fee to be illegal penalty and denying summary judgment).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

133

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**DEFENDANT'S REQUESTED INSTRUCTION NO. 77:**

<u>**Limitation of Damages - Second Payment**</u>

As part of its damages claim, Navcom seeks to recover the amount of the "Second Payment" (as defined in Schedule C of the contracts) in the amount of One Hundred Twenty Thousand Dollars ($120,000).

Oki Electric contends that the second payment was what is called a milestone payment, and that Navcom approved the payment having confirmed the requirements for the payment had been met and, as such, the payment was made for goods and/or services Navcom received.

To establish this claim, Oki Electric must prove all of the following:

1.   That the receipt of the Second Payment was contingent upon Oki Semiconductor providing specified goods and/or services;

2.   That Oki Semiconductor provided the specified goods and/or services to Navcom; and

3.   Navcom made its payment in response to Oki Semiconductor providing the specified goods and/or services.

If Oki Electric proved that the Second Payment was a payment for goods and/or services provided to Navcom, you must not include the amount of the second payment in any damage award.

AUTHORITY:

Customized Advanced GPS RF Chipset Development and Purchase Agreement, Schedule C; CAL. CIVIL CODE §§1641-1644; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 [71 Cal.Rptr.2d 830, 951 P.2d 399], internal citations omitted ("Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning"; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 473 [80 Cal.Rptr.2d 329](Contractual language should be interpreted in a manner that gives force and effect to every clause rather than to one that renders clauses

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

134

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  nugatory, inoperative, or meaningless; *see also*, Titan Corp. v. Aetna Casualty and Surety Co.

2  (1994) 22 Cal.App.4th 457, 473–474 [27 Cal.Rptr.2d 476].)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUESTED INSTRUCTION NO. 77:**

Defendant is not basing this special instruction on any model instruction.  The reason for that is that under California law, it is the court – not a jury – that decides whether to apply a limitation of liability clause.  *See CAZA Drilling (Cal.), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453 (2006); *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App. 3d 234 (1987); *Wheeler v. Oppenheimer*, 140 Cal. App. 2d 497 (1956); *Thomas Kinkade Co. v. Hazlewood*, No. 06-cv-07034, 2007 WL 2088574 (N.D. Cal. July 6, 2007); *HealthNet of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2004); *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Cal. 2002); *Food Safety Net Servs. v. Eco. Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118 (2012); *Civic Ctr. Drive Apartments Ltd. P'Ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091 (N.D. Cal. 2003); *Farnham v. Sup. Ct.*, 60 Cal. App. 4th 69 (1997); *Klein v. Asgrow Seed Comp.*, 246 Cal. App. 2d 87 (1996); *City of Santa Barbara v. Sup. Ct.*, 41 Cal. 4th 747 (2007); and *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713 (1986).

Plaintiffs also object to this instruction on the grounds that it is unnecessary for the Court to instruct the jury on the meaning of the limitation of liability provision or other provisions in the contract.

Furthermore, Defendant has failed to provide any applicable legal basis for the instruction.  Civil Code section 1473, cited by Defendant, provides that "*[f]ull performance* of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf, and with his assert, if accepted by the creditor, extinguishes it."  (italics added)  Here, there is no question that Defendant failed to fully perform its obligations under the contract.  Therefore, its obligations were not extinguished.  Plaintiffs of course are entitled to recover the milestone payments it made to Defendant following Defendant's breach of contract.  *See Asahi Kasei Pharma Corporation v. Actelion Ltd.*, 2014 WL 172514, 6 (Cal.App. 1 Dist.2014) (breach of contract damages awarded for "milestone payments").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

136

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1    **PLAINTIFFS' REQUESTED INSTRUCTION NO. 80**:

2                              <u>**Nominal Damages**</u>

3           If you decide that Defendant breached the contract but also that Plaintiffs were not harmed

4    by the breach, you may still award them nominal damages such as one dollar.

5           AUTHORITY:  Judicial Council of California, Civil Jury Instructions, § 360 (September

6    2013).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>REVISED</u> JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1   **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 80:**

2         Oki Electric objects to this instruction on the grounds that Plaintiffs have never before

3   asserted any right to seek or recover nominal damages.  *See also*, Oki Electric's Motion in Limine

4   No. 6 (Dkt. No. 238), which is incorporated by reference.

5         Further, Oki Electric contends that the instruction is a misstatement of law since if, in fact,

6   the Plaintiff ***cannot*** prove that it was "***harmed***" then it fails to demonstrate an essential element

7   of a claim for breach of contract.  Plaintiffs' proposed instruction No. 44 acknowledges this

8   statement of law.  *See also*, the statutes and cases relied upon by the Judicial Council in support

9   of CACI § 303.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 81**:

## Unjust Enrichment

Unjust enrichment is a legal principle requiring a person who is unjustly enriched at the expense of another to provide compensation to the other in the amount of the unjust enrichment. NavCom claims that Defendant has been unjustly enriched as a result of its breach of contract. To establish this claim, NavCom must prove all of the following:

1. That Defendant received a benefit at the expense of NavCom; and

2. Under the circumstances, it is unjust for Defendant to retain that benefit.


AUTHORITY: *Michalov v. Syndicate Films International, LLC*, No. B228360, 2012 WL 2899603 at *7-8 (Cal.App. 2 Dist. , July 17, 2012); *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

139

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

1  **DEFENDANT'S OBJECTION TO PLAINTIFFS' REQUESTED INSTRUCTION NO. 81:**

2          Oki Electric objects to this instruction on the grounds that Plaintiffs have never before

3  asserted any right to seek or recover damages pursuant to an unjust enrichment claim.  *See also*,

4  Oki Electric's Motion in Limine No. 6 (Dkt. No. 238), which is incorporated by reference.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD

**FILER'S ATTESTATION**

I, Brett M. Schuman, am the ECF user whose identification and password are being used to file this Revised Joint Submission Re: Proposed Jury Instructions.  Pursuant to L.R. 5-1(i)(3), I hereby attest that concurrence in the electronic filing of this document has been obtained from each of the other signatories.


Dated: March 25, 2014                    By     /s/ Brett M. Schuman
                                                Brett M. Schuman

DB2/ 24867482.2

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

141

REVISED JOINT SUBMISSION RE:
PROPOSED JURY INSTRUCTIONS
5:12-CV-04175 EJD