MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:    415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive,<br><br>    Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**PLAINTIFFS NAVCOM TECHNOLOGY, INC. AND DEERE & COMPANY'S BENCH BRIEF IN RESPONSE TO DEFENDANT OKI ELECTRIC INDUSTRY CO., LTD.'S OBJECTIONS TO DEMONSTRATIVE EXHIBITS TO BE USED DURING THE TESTIMONY OF JOHN HANSEN**<br><br>Courtroom: 4<br>Judge:  Hon. Edward J. Davila |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24983160.4

PLAINTIFFS' BENCH BRIEF
RE: JOHN HANSEN
DEMONSTRATIVE EXHIBITS
5:12-CV-04175 EJD

Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") hereby submit this bench brief in response to Defendant Oki Electric Industry Co. Ltd.'s ("Oki") objections to demonstrative exhibits that Plaintiffs may use during the direct examination of Plaintiffs' damages expert John Hansen:

## I. Whether Plaintiffs' Increased-Cost Damages Were Proximately Caused by Oki's (A) Failure To Use Best Efforts, And/Or (B) Failure To Finish the Design of the RF ASICs and Deliver Working Prototypes, Is a Question of Fact for the Jury.

Plaintiffs' damages expert, John Hansen, CPA, has quantified and discounted to present value the increased costs to Deere and NavCom of not having the Oki RF ASICs in the Gen 5 receiver products. Mr. Hansen did this by subtracting the costs that Plaintiffs would have incurred if they had been using Oki's RF ASICs from Plaintiffs' actual costs of using the discrete solution in its Gen 5 receivers. He then discounted those increased costs to present value.

Oki asks the Court to preclude Mr. Hansen from testifying regarding these increased costs because, in Oki's view, such damages were not proximately caused by Oki's breaches.[1]

Under California law, proximate cause is a question of fact for the jury. *See Cardinal Health 301, Inc. v. Tyco Electronics Corp.*, 169 Cal. App. 4th 116, 146-47 (2008); *Metzenbaum v. R.O.S. Associates*, 188 Cal. App. 3d 202, 212 (1986). Therefore, it is for the jury to decide, based on all of the evidence that has and will be presented in this case, whether the increased-cost damages calculated by Mr. Hansen were proximately caused by Oki's failure to use best efforts and/or its failure to finish the design of the RF ASICs and deliver working prototypes.

## II. There Is No Evidence (Or Basis To Speculate) That Oki Would Have Terminated If It Had Finished the Design and Delivered Working Prototypes.

The jury in this case must decide what *would* have happened "but for" Oki's failure to

---

[1] Oki incorrectly claims that the Court already has ruled these damages were not proximately caused by Oki's breach of contract. As the Court clarified in its Order Granting Plaintiffs' Motion For Order Clarifying Issues for Trial, Dkt. No. 231, the statements about proximate cause in the Court's prior Order only related to Oki's breach of Section 1.0 of the Agreement. The Court was not addressing proximate cause with respect to any other alleged breaches.

1

DB2/ 24983160.4

PLAINTIFFS' BENCH BRIEF
RE: JOHN HANSEN
DEMONSTRATIVE EXHIBITS
5:12-CV-04175 EJD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

finish the design and deliver working prototypes of the RF ASICs. *See Greenfield v. Insurance Inc.*, 19 Cal. App. 3d 803, 810-11 (1971) ("The foundational element of legal cause is cause in fact. It is necessary to show that the conduct contributed in some way to the injury …, so that 'but for' the conduct the injury would not have occurred."). Here, there is no evidence that Oki would have terminated the Agreement in the "but-for" world, nor is there any reason to speculate that Oki would have done so. Both parties intended and expected to sell production versions of the RF ASICs after working prototypes had been delivered, and Oki stood to make more money from those sales (both by Deere, NavCom and Oki). In other words, if Oki had *not* breached its obligation to finish the design and provide working prototypes, Oki had a strong incentive to enter production and *not* to terminate the Agreement.

Mere "theoretical and hypothetical possibilities" about what Oki *might* or *could* have done does not limit Plaintiffs' damages. *See e.g., Hensler v. City of Los Angeles*, 124 Cal. App. 2d 71, 84-85 (1954). There must be evidence that Oki "would in fact have" exercised its termination rights under the Agreement in the "but for" world. *Id.*

In *Hensler*, the City of Los Angeles breached a construction contract by improperly cancelling approximately 20% of the work under the contract. When the plaintiff sought damages for all of the work that was cancelled, the City argued that because the contract permitted it to delete from the work order "any item other than major items found *unnecessary to the project*," the damage award must be reduced for all items that it *could have* properly cancelled. *Id.*, at 77 (italics in original). The Court rejected this argument: "There is no intimation in the record that, but for its failure to secure consent to put the new by-pass road in operation, defendant would have in fact made any omissions. The purported testimony would have consisted of mere speculations as to theoretical and hypothetical possibilities, unrelated to the considerations actuating defendant's purpose in ordering the deletions, and was properly rejected." *Id.*; *see also Oldenkott v. American Elec.*, 14 Cal. App. 3d 198, 203 (1971) (where plaintiff had option to renew employment agreement and had not exercised that option before the breach, damages were appropriate if the jury determined that plaintiff "would have exercised the option" but-for the

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 24983160.4

2

PLAINTIFFS' BENCH BRIEF
RE: JOHN HANSEN
DEMONSTRATIVE EXHIBITS
5:12-CV-04175 EJD

breach).

### III. If Oki Hadn't Breached Its Obligations To Use Best Efforts To Complete The Design And Deliver Working Engineering Prototypes Of The RF ASICs, Plaintiffs Would Have Been Able To Avoid Their Increased-Cost Damages – Even If Oki Chose Not To Supply Production-Versions Of The Chips.

Plaintiffs have not finished presenting their case. But they already have adduced evidence that Plaintiffs could have used working prototypes to avoid their increased-cost damages. Specifically, Plaintiffs have adduced evidence that they would have taken the design to another manufacturer to create production-versions of the RF ASICs, which Plaintiffs have done before, or made a last time buy of RF ASICs under the Agreement. *See* 4/23/14 Trial Tr. 316:1-12, 318:8-319:3, 319:20-322:13, 353:25-354:18; PX125 (admitted) at Section 10.0 at OKI_LW_008270 ("Seller will provide at least six months notice of discontinuance of manufacture of Products, and will offer a last time buy capability within three months before the date at which manufacturing of Products cease.").

Plaintiffs plan to present additional admissible evidence on these issues. Nevertheless, the evidence presented so far would be sufficient to allow jury to decide that the increased-cost damages calculated by Mr. Hansen were proximately caused by Oki's failure to deliver working prototypes.

### IV. The Limitation Of Liability Clause Does Not Defeat Plaintiffs' Increased-Cost Damages, Which Are Direct Damages.

Oki renews its attempt to characterize Plaintiffs' increased cost damages as "lost profits" barred by the limitation of liability clause in the Agreement. As Plaintiffs' have previously demonstrated, in opposition to Oki's Motion in Limine No. 2 (Dkt. No. 207), *first*, Plaintiffs' increased-cost damages are not "lost profits" at all; *second*, the limitation of liability clause only precludes consequential lost profits damages; and, *third*, even if they could be characterized as "lost profits," plaintiffs' damages are general – and not consequential – damages. Plaintiffs' increased-cost damages are the natural and probable consequence of Oki's failure to fulfill its contractual obligation to design and deliver the cost-reducing RF ASICs that were the subject of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24983160.4

3

PLAINTIFFS' BENCH BRIEF
RE: JOHN HANSEN
DEMONSTRATIVE EXHIBITS
5:12-CV-04175 EJD

the Agreement. Dkt. No. 266; *see also In re First Magnus Financial Corp.*, No. AZ–10–1006–JuMkKi, 2010 WL 6452904 at *5 (9th Cir. BAP Aug. 31, 2010); *Coremetrics, Inc. v. Atomic Park.com*, LLC, No. C-04-0222 EMC, 2005 WL 3310093 at *4 (N.D. Cal. Dec. 7, 2005); *Claredi Corp. v. SeeBeyond Technology Corp.*, No. 4:04CV1304 RWS, 2010 WL 1257946 at *6 (E.D. Mo. Mar. 26, 2010); *Lewis Jorge Construction Management, Inc. v. Pomona Unified School District*, 34 Cal. 4th 960 (2005).

In fact, other juries and courts have found increased-costs damages to be the natural and probable consequence of an ASIC designer's breach of an agreement to design and develop ASICs. In *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866 (6th Cir. 2007), TRW sought damages based on the increased cost of using ASICs from National Semiconductor in place of the ASICs that Micrel failed to finish designing under the development agreement. On appeal following a jury verdict for TRW, "Micrel argue[d] that the district court erred by allowing TRW to seek 'cover' damages under the [UCC], or 'expectancy' damages under the common law, which were based almost entirely on the unrealized savings it expected from the use of Micrel's lower-cost replacement parts." *Id.* at 877. The Sixth Circuit rejected the argument and affirmed the verdict under **both the UCC *and the common law***. *Id.* at 878, 880.

With respect to the common law, the jury was instructed under Ohio law that: "Damages for a breach of contract are those which are the natural or probable consequence of the breach of contract or damages resulting from the breach that were with the contemplation of both parties at the time of the making of the contract." *Id.* at 878, citing *The Toledo Group, Inc. v. Benton Indus., Inc.*, 87 Ohio App.3d 798, 623 N.E.2d 205, 211 (1993); *cf. Lewis Jorge*, 34 Cal. 4th at 968 (California law is the same). Micrel argued that "damages based on the failure to supply the replacement parts were not in the contemplation of the parties, and were not the natural or probable consequence of the breach of obligations under the Development Agreement." *Micrel*, 486 F.3d at 878. The Court found that, "although the jury was free to find that damages flowing from the failure to supply parts were not contemplated by the parties, the district court did not err in rejecting Micrel's argument that such damages were unavailable as a matter of law." *Id.*

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB2/ 24983160.4

4

PLAINTIFFS' BENCH BRIEF
RE: JOHN HANSEN
DEMONSTRATIVE EXHIBITS
5:12-CV-04175 EJD

### V. The Court Has Already Denied Oki's Objections to Mr. Hansen's Proposed Testimony.

Oki's objection to Mr. Hansen's proposed testimony already has been considered and overruled (or deferred) by this Court on multiple occasions:

1. Oki's Motion in Limine No. 6 asked the Court to exclude Plaintiffs' breach theories concerning Sections 2.2, 2.6, and 2.8 of the Agreement, along with "the same damages the Court already found unrecoverable." Dkt. No. 238 at 2:12-14. The Court denied Oki's Motion. Dkt. No. 226 (Order) at 2.

2. Oki's Objections to Plaintiffs' Designated Experts (Dkt. No. 273) asked the Court to exclude Plaintiffs' damages expert Mr. Hansen. See Dkt. No. 273. The Court overruled Oki's Objections: "Let me start with Docket 273, which was the Defendant's Objections to Plaintiffs' Experts, and I think this was the damages expert, Mr. Hansen . . . . Let me tell you I'm going to deny the Motion. Our discussion previously was that we were going to have a charging session. We'll instruct the jury pursuant to that charge meeting, and we'll see if, in fact, the jury does find a breach, what type of breach it is, and then subsequent to that then the court will make a decision as to how the jury would be instructed as to damages subsequent to their finding. So I think it's premature to grant this now. So I am going to deny this motion." Dkt. No. 280 (4/21/14 Trial Tr.) 4:7-22.

The last of these rulings was made jury prior to jury selection, less than a week ago. Oki's renewed objection presents no basis for the Court to depart from these prior rulings.

Dated: April 28, 2014

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
BRETT M. SCHUMAN
Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 24983160.4

5

PLAINTIFFS' BENCH BRIEF
RE: JOHN HANSEN
DEMONSTRATIVE EXHIBITS
5:12-CV-04175 EJD