NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile:  877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile:  +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile:  650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S BENCH BRIEF REGARDING ITS FRE 1006 OBJECTIONS**<br><br>Place: Courtroom 4, San Jose<br>Judge: Honorable Edward J. Davila<br><br>**Trial Date: April 22, 2014** |

I.      **INTRODUCTION**

Defendant Oki Electric objects to Plaintiffs' exhibit PX-244,[1] which consist of improper Fed. R. Evid. 1006 summaries of underlying material that was not produced or offered for inspection at any time during this action.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

The documents in question, including PX-244, were produced on August 30, 2014, less than two weeks before the close of fact discovery. Dkt. No. 51 at 1 (setting the procedural schedule). This production was made *after* Oki Electric's personal deposition of Paul Galyean, August 22, 2013, and the deposition of Plaintiffs' 30(b)(6) witness, on August 21, 2013, and just two weeks after a voluminous 27,539 page document production by Plaintiffs. That production occurred just *eleven hours* after the parties' filed their Joint Preliminary Pretrial Conference Statement, Dkt. No. 88, in which NavCom represented that it "will have substantially completed its document production by the date of this [pretrial] conference." Dkt. No. 88 at 5:3-6. On August 20, 2013, the Court issued its pretrial order, Dkt. No. 89. Upon initial review of NavCom's 27,539-page production, Oki Electric immediately filed a motion for reconsideration of the Court's pretrial order, requesting an additional 45 days to perform additional fact discovery[2] related to this last second document production.[3] Dkt. No. 91 (filed August 23, 2013). The Court denied this request. Dkt. No. 94.

Plaintiffs have not disputed that PX-244 is an FRE 1006 summary. Plaintiffs represented at trial on April 29, 2014 that the exhibit marked PX-244 is a summary of data from Deere's "Agile" accounting system, a database containing information apparently compiled from purchase orders or other records by Deere and/or NavCom. Plaintiffs, however, have not reported the existence of the "Agile" system prior to trial, and it was not mentioned in their initial disclosures, to Defendants' knowledge, in any other discovery in this action. Likewise, PX-244 was not

---

[1]     Similar issues apply with regard to PX-231 through PX-245.
[2]     Plaintiffs opposed this request, as described in Dkt. No. 91 at 4.
[3]     The additional document production was not made in response to any new requests for production from Oki Electric.

| 5:12-cv-04175 EJD | 1 | DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S BENCH BRIEF REGARDING ITS FRE 1006 OBJECTIONS |
|---|---|---|

marked or otherwise identified as an FRE 1006 exhibit, and Plaintiffs' exhibit list did not describe it as such. Plaintiffs have not identified exactly who it was that collected this information from their "Agile" database.

### III. LEGAL STANDARD

Under Fed. R. Evid. 1006, the proponent of a summary document must make available the underlying data:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. The Ninth Circuit has followed this rule closely. In *Amarel v. Connell*, the Ninth Circuit held set forth the standard for exclusion of evidence under Fed. R. Evid. 1006:

> A proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). The purpose of the availability requirement is "<u>to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial.</u>" Id. at 1261. *Accord Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir.1993) (under adversary system, opposing party entitled to see materials that form basis for summary). <u>Where a party fails to make available materials underlying a summary exhibit, that summary exhibit is inadmissible</u>. *United States v. Miller*, 771 F.2d 1219, 1238 (9th Cir.1985) (summaries inadmissible under Federal Rule of Evidence 1006 where government failed to provided defendants with copy of underlying documents before summary was introduced into evidence).

*Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) (emphasis added); *see also Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985) (affirming exclusion of summary evidence under FRE 1006 where the proponent "did not make available the summaries nor the underlying documents to the summaries, as required under Rule 1006, until just before trial."); *U.S. v. Miller*, 771 F.2d 1219, 1239 (9th Cir. 1985) (holding that the district court erred in admitting a summary of subscriber information because the proponent "failed to provide appellants with a copy of the underlying documents prior to the introduction of the summary"); *Icon Enters. Int'l, Inc. v. Am.*

*Prods. Co.*, No. CV 04-1240 SVW (PLAx), 2004 WL 5644805, at *2 (C.D. Cal. Oct. 7, 2004) (denying a plaintiff's motion to "admit financial summaries of business records produced by Defendants' distributor," even though the plaintiff did not have access to the underlying records (and therefore it could not have produced them); "as interpreted by the Ninth Circuit, Rule 1006 requires that the underlying materials be produced[.]").

The issue of whether the documents underlying an FRE 1006 exhibit must be produced during discovery has been addressed by other circuit courts as well. In *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 7 (1st Cir. 1996), the Court affirmed the exclusion of summary exhibits under FRE 1006 where the summaries had been produced a year and a half before trial, and not specifically designated as Rule 1006 summaries, and the opposing party had never asked to inspect the underlying data and had not raised the issue in their motions *in limine*. The First Circuit affirmed the lower court's exclusion of the documents, and hold that "to satisfy the 'made available' requirement, a party seeking to use a summary under Rule 1006 must identify its exhibit as such, provide a list or description of the documents supporting the exhibit, and state when and where they may be reviewed." *Air Safety, Inc.*, 94 F.3d at 8. Likewise, in *United States v. Modena*, the Sixth Circuit held that a lower court had erred by allowing the admission of FRE 1006 summaries which had been identified as such, but for which the underlying data had been offered only conditionally during discovery. *United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002). The Sixth Circuit pointed out that "Rule 1006 'operates independently of the discovery rules....'" *United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) (citing Air Safety, Inc., 94 F.3d at 8).

Other circuits have applied a strict interpretation of FRE 1006, prohibiting FRE 1006 exhibits where the underlying materials had not been produced or made available during discovery. *See, e.g.*, *Hackett v. Hous. Auth. of City of San Antonio*, 750 F.2d 1308, 1312 (5th Cir. 1985) (holding that a district court "abused its discretion in receiving and considering" a summary of housing data where the underlying records were never produced "because the original documents no longer existed"; "That failure rendered the exhibit inadmissible."); *U.S. v.*

*Kim*, 595 F.2d 755 (D.C. Cir. 1979) (where "[t]he underlying data is not available[,]"a summary "can not be admitted as a summary of those records"); *U.S. v. Hughes Helicopter Co.*, No. CV 89-5760 SVN (TX), 1993 WL 841192, at *16 n.7 (C.D. Cal. Aug. 25, 1993) (refusing to allow the introduction of "a summary of alleged damages at trial without having the summary completed pre-trial, and without providing [the defendant] before trial with the underlying documents used in preparing the summary"); *Powell v. Penhollow*, 260 F. App'x 683, 688 (5th Cir. 2007) (holding that a "magistrate judge abused his discretion" in admitting a summary spreadsheet where the proponent of the summary failed to produce the underlying documents).

## IV. ARGUMENT

Precedent from the Ninth Circuit and other courts makes clear that PX-244 and related exhibits are improper Fed. R. Evid. 1006 summaries and should be excluded. The underlying material for PX-244 consists of (1) the Agile system database and (2) the underlying purchase orders and other materials from which the Agile system database information was compiled. Plaintiffs provided access to neither. Instead, they rely on a spreadsheet prepared for the litigation, compiled from summary reports made for this litigation from the Agile system database. Oki Electric was not provided any opportunity to verify the veracity and accuracy of the underlying (whatever they may be) during discovery.

Because these documents, including PX-244, were produced just prior to the close of fact discovery and just after a nearly 30,000 page document production, Oki Electric was unable to identify the documents as improper summaries and request access to the underlying materials during fact discovery. Regardless, Oki Electric was ***not obligated*** to identify these exhibits as FRE 1006 exhibit, ***nor was it obligated*** to press Plaintiffs to provide access to the underlying information. *Modena*, 302 F.3d at 633 (because "Rule 1006 'operates independently of the discovery rules,'" the opposing party does not have an obligation to request the underlying material prior to the trial.).

These spreadsheets are plainly created for the litigation, and Plaintiffs do not dispute that. Thus, they are properly excludable under Fed. R. Evid. 1006. *Amarel v. Connell*, 102 F.3d 1494,

1516 (9th Cir. 1996); *see also* Gibson *v. Cnty. of Riverside*, 181 F. Supp. 2d 1057, 1069-70 (C.D. Cal. 2002) (finding that a summary chart attached to a declaration was inadmissible under Rule 1006 because the proponent "did not provide the results of [the underlying] investigation to Plaintiffs prior to their submission of the chart"; "For a summary of data to be admissible, the party seeking its admission must make the data underlying the summary available to the other party prior to its introduction.").

Plaintiffs claim that they provided the underlying data along with the exhibit. This is false. The exhibits themselves are the totality of the information that they provided. This information is an improper Fed. R. Evid. 1006 summary of the information in the Agile database, and Plaintiffs did not provide any opportunity during discovery or at any other time for Oki Electric to review or inspect the contents of this database. Nor did they even make Oki Electric aware of the database, or of the fact that these spreadsheets, produced in close proximity to a very voluminous document production, constituted FRE 1006 exhibits that required further verification.

The underlying issue with these exhibits is one of fairness and reliability. These exhibits were produced just prior to the close of fact discovery and without any opportunity for Oki Electric to review the underlying data or perform any other investigation into the reliability of these reports, and it was not obligated to. The ability to cross examine Mr. Steven Wilson, who Plaintiffs have represented has some relation to the data in these exhibits, cannot take the place of a proper review of the underlying documents.

## V. **CONCLUSION**

Because the information underlying these FRE 1006 exhibit was not produced, disclosed, or offered for inspection at any point during discovery, it is properly excluded.

Dated: April 29, 2014

Respectfully Submitted,

By: __/s/ *Marc R. Labgold*__
Marc R. Labgold (*pro hac vice*)

*Attorney for Defendant*
*Oki Electric Industry Co., Ltd.*