MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:   415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**PLAINTIFFS NAVCOM TECHNOLOGY, INC. AND DEERE & COMPANY'S BENCH BRIEF REGARDING OBJECTIONS RAISED TO EXHIBITS TO BE USED WITH STEVE WILSON**<br><br>Courtroom:  4<br>Judge:  Hon. Edward J. Davila<br><br>**Trial Date: April 22, 2014** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25061640.2

PLAINTIFFS' BENCH BRIEF RE
OBJECTIONS TO WILSON EXHIBITS
5:12-CV-04175 EJD

Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere") hereby submit this bench brief in response to Defendant Oki Electric Industry Co. Ltd's ("Oki") objections to trial exhibits that Plaintiffs intend to introduce during the direct examination of Steve Wilson on the basis of Fed. R. Evid. 803(6) and 1006.

## I. INTRODUCTION.

Oki's objections to PX-244, and similar documents,[1] based on Fed. R. Evid. 803(6) and 1006, should be overruled. Oki ignores controlling Ninth Circuit authority holding that documents such as PX-244 are not inadmissible under Fed. R. Evid. 1006 if Plaintiffs can meet the foundational requirements of Fed. R. Evid. 803(6) (the "business records" exception). Because Plaintiffs can establish meet the requirements of the business records exception, the documents are admissible.

Documents and spreadsheets generated from Plaintiffs' financial and inventory databases are admissible and not, as Plaintiffs contend, summaries of evidence subject to Fed. R. Evid. 1006. To the extent that Plaintiffs seek to admit documents that are summaries based on those business records (such as the first three pages of PX-244), Plaintiffs have made the underlying records on which those summaries are based available to Oki in compliance with Fed. R. Evid. 1006.

### A. Under Controlling Ninth Circuit Authority, PX-244 Is Not A Summary – It Is A Business Record.

The argument that a computer printout from a database is a "summary" under Fed. R. Evid. 1006 has been consistently rejected by the Ninth Circuit.[2] *See U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988); *see also Sea-Land Serv. Inc. v. Lozen Intern., LLC*, 285 F.3d 808, 819-20 (9th Cir. 2002) (finding electronically-generated bills of lading to be business records under

---

[1] For the reasons explained in this brief, Oki's objections to PX-231, PX-232, PX-233, PX-234, PX-235, PX-236, PX-237, PX-238, PX-239, PX-240, PX-241, and PX-243 also should be overruled.
[2] Defense counsel's abject failure to disclose this controlling authority is a violation of the duty of candor to the tribunal. *See* Cal. Rule of Prof. Conduct 5-200 ("In presenting a matter to a tribunal, a member . . . (B) Shall not seek to mislead the judge, judicial officer, or jury by an artifice of false statement of fact or law . . . (D) Shall not, knowing its invalidity, cite as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25061640.2

1

PLAINTIFFS' BENCH BRIEF RE OBJECTIONS TO WILSON EXHIBITS
5:12-CV-04175 EJD

Fed. R. Evid. 803(6)). As the Court held in *Catabran*, "[t]he use of a computer to create the ledger does not change the result." 836 F.2d at 457. The computer-generated inventory, payroll, and accounting data were admissible as business records, while summaries created from and based on those documents were admissible under Fed. R. Evid. 1006. *Id.* at 457-58.

The Ninth Circuit has squarely considered and rejected Oki's contention that Fed. R. Evid. 1006 applies to computer-generated business records. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Casualty Co.*, 576 F.3d 1040, 1045-46 (9th Cir. 2009). In *U-Haul*, computer-generated summaries reflecting indemnity payments and loss adjustment expense payments were held to be admissible as business records. *Id.* at 1043. That the summaries (but not the underlying data) were generated for the purpose of litigation had no effect on admissibility because "the company in this case kept the computerized data in the regular course of business and regularly compiled summaries of payment histories in the regular course of business." *Id.* at 1044; *see also* Weinstein's Fed. Evid. § 901.08 ("Printouts prepared specifically for litigation from databases that were compiled in the ordinary course of business are admissible as business records to the same extent as if the printouts were, themselves, prepared in the ordinary course of business. The important issue is whether the database, not the printout from the database, was compiled in the ordinary course of business."). Further, as noted in *U-Haul*,

> There is no merit to [Defendant's] argument that the exhibits constitute evidence prepared solely for the purposes of litigation and not kept in a company's regular course of business.

*Id.* at 1044. Finally, in rejecting the argument that the summaries were subject to Fed. R. Evid. 1006, the Ninth Circuit noted that "the summaries *themselves* constituted the business records. They were the writings at issue, not summaries of other evidence." *Id.* at 1046; *see also Smith v. Alternative Resources Corp.*, 128 Fed. App'x. 614, 615 (9th Cir. 2005) ("Because the spreadsheets are admissible as business records, and are therefore evidence in themselves, they are not 'summaries' as defined in Federal Rule of Evidence 1006.").

Thus, under controlling Ninth Circuit law, Plaintiffs can establish reliability and admissibility of documents such as PX-244 by showing they are business records admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25061640.2

2

PLAINTIFFS' BENCH BRIEF RE
OBJECTIONS TO WILSON EXHIBITS
5:12-CV-04175 EJD

under Fed. R. Evid. 803(6). Plaintiffs can provide testimony establishing that underlying data was entered into the database near the time of the event, the person who entered the data had knowledge of the event, the data was kept in the regular course of NavCom and Deere's business, and that the witnesses were qualified to testify to this information. *See* Fed. R. Evid. 803(6); *U-Haul*, 576. F.3d at 1044.[3]

### B. Out-Of-Circuit Authority Relied On By Oki Is Not Controlling And Distinguishable In Any Event.

The out-of-circuit authority cited by Defendant is distinguishable and inapposite. In *United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002), the Sixth Circuit reversed a lower court's ruling admitting summaries of a defendant's financial transactions. The precise nature of the underlying records was not described in the decision; there is no suggestion in the opinion that the underlying records were computer database printouts or business records. *See id.* at 633-34. The Sixth Circuit found that admission of the summaries was not "plain error," however, because there was additional evidence supporting the verdict, and because the defendant did not contend that the summaries inaccurately reported financial dealings. *Id.* at 633. In *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 7-8 (1st Cir. 1996), the First Circuit excluded summaries of the plaintiff's "overhead" expenses where the underlying records were not available. This decision did not concern whether the records in question were electronic records independently admissible under the business-records exception to the hearsay rule. Despite the exclusion, the plaintiff's damages expert was allowed to rely on the excluded summaries. *Id.* at 8. And despite Defendant's representations that these cases are "the law of the land," the Sixth Circuit follows the Ninth Circuit in holding that printouts from computer databases maintained in the regular course of business should be treated as business records, and not as summaries of evidence. *See U.S. v. Moon*, 513 F.3d 527, 545 (6th Cir. 2008) (citing *Catabran*, 836 F.2d at 453).

Finally, should the Court still be inclined to find that PX-244, and other exhibits generated from a database, are "summaries" under Fed. R. Evid. 1006, Plaintiffs respectfully request a

---

[3] Purported inaccuracies in computer printouts of business records go to the weight of the evidence, not to its admissibility. *See Catabran*, 836 F.2d at 458.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25061640.2

3

PLAINTIFFS' BENCH BRIEF RE
OBJECTIONS TO WILSON EXHIBITS
5:12-CV-04175 EJD

continuance to make available such underlying records should Oki wish to conduct an inspection of them.

## II. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Oki's objections to PX-244 and other documents identified at footnote 1 above.

Dated: April 29, 2014
MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
Brett M. Schuman
Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25061640.2

4

PLAINTIFFS' BENCH BRIEF RE OBJECTIONS TO WILSON EXHIBITS
5:12-CV-04175 EJD