NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone: 877-401-8855
Facsimile:  877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile:  +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone: 650-242-1560
Facsimile:  650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive, <br><br> Defendants. | Case No. 5:12-cv-04175 EJD <br><br> **DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD'S SECOND REVISED PROPOSED VERDICT FORM** <br><br> Judge: Honorable Edward J. Davila <br> Court: Courtroom 4, San Jose |

1     Pursuant to the Court's direction regarding a "bifurcated" verdict form, Defendant Oki

2  Electric Industry Co., Ltd. hereby submits its second revised proposed verdict form.

3

4  Dated:  May 5, 2014                     By:  /s/ Marc R. Labgold

5                                          Marc R. Labgold

6                                          *Attorney for Defendant*
                                           *OKI ELECTRIC INDUSTRY CO., LTD.*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

We answer the questions submitted to us as follows:

**A.** **Plaintiff NavCom's Claim**

1.    With regards to the Customized Advanced GPS RF Chipset Development and Purchase Agreement, entered December 14, 2005 (PX-125), did NavCom prove all of the following:

    a.  That NavCom and Defendant entered into a contract;

    b.  That NavCom did all, or substantially all, of the significant things that the contract required NavCom to do, or that NavCom was excused from doing those things;

    c.  That Defendant failed to do something that the contract required Defendant to do, and that Defendant was not excused from doing; and

    d.  That NavCom was harmed by Defendant's unexcused failure.

\_\_\_\_\_ Yes          \_\_\_\_\_ No

If your answer to Question No. 1 is "Yes", please place an "X" next to each section of the contract listed below that NavCom has proven Defendant breached, and write the date that NavCom proved the breach first occurred:

| Place An "X" Only If Breach Was Proven | Section of the Agreement | Date That Navcom Proved The Breach First Occurred |
|---|---|---|
| | Section 1.0 of the Agreement | |
| | Section 2.2 of the Terms & Conditions to the Agreement | |
| | Section 2.6 of the Terms & Conditions to the Agreement | |
| | Section 2.8 of the Terms & Conditions to the Agreement | |

2

2.  With regards to the December 14, 2005 Customized GPS RF Chipset Development and Purchase Agreement, as amended by Amendment 1 entered into on November 29, 2006 (DX-1004), did NavCom prove all of the following:

    a.  That NavCom and Defendant entered into a contract;

    b.  That NavCom did all, or substantially all, of the significant things that the contract required NavCom to do, or that NavCom was excused from doing those things;

    c.  That Defendant failed to do something that the contract required Defendant to do, and that Defendant was not excused from doing; and

    d.  That NavCom was harmed by Defendant's unexcused failure.

_____ Yes            _____ No

If your answer to Question No. 2 is "Yes", please place an "X" next to each section of the contract listed below that NavCom has proven Defendant breached, and write the date that NavCom proved the breach first occurred:

| Place An "X" Only If Breach Was Proven | Section of the Agreement | Date That Navcom Proved The Breach First Occurred |
|---|---|---|
| | Section 1.0 of the Agreement | |
| | Section 2.2 of the Terms & Conditions to the Agreement | |
| | Section 2.6 of the Terms & Conditions to the Agreement | |
| | Section 2.8 of the Terms & Conditions to the Agreement | |

3

DEFENDANT OKI ELECTRIC'S
SECOND REVISED PROPOSED
VERDICT FORM

3.   Did NavCom prove that Defendant was contractually obligated to develop the proposed 4-chip RF ASIC design?

_____ Yes            _____ No

4.   If your answer to Question No. 3 is "Yes", did NavCom prove that Defendant breached that contract?

_____ Yes            _____ No

5.   If your answer to Question No. 4 is "Yes", what was breach that occurred?

_____

6.   If your answer to Question No. 4 is "Yes", what was the date that the breach first occurred?

_____

**If your answer to Question Nos. 1 <u>and</u> 2 are both "NO" <u>and</u> your answer to either of Question Nos. 3 <u>or</u> 4 are "NO", then you have reached a final verdict and you do not need to continue.  Please sign the verdict form and notify the clerk that you have reached a verdict.**

4

**B.**     **Defendant Oki Electric's Defenses**

    7.    Did Oki Electric prove that NavCom and Oki Semiconductor agreed, by words or conduct, to substitute the obligation to develop an RF ASIC corresponding to Version 19 of the Specification with the obligation to develop an RF ASIC corresponding to Version 25 of the Specification?

            _____ Yes             _____ No

    8.    Did Oki Electric prove that the Original Contract (PX-125) was replaced by the Amended Contract (DX-1004)?

            _____ Yes             _____ No

    9.    Did Oki Electric prove that NavCom and Oki Semiconductor mutually agreed, as evidenced by words and/or actions, to abandon the development of the subject matter of the Amended Contract?

            _____ Yes             _____ No

    10.    Did Oki Electric prove that Oki Semiconductor, prior to June 22, 2008, informed Navcom that it would not prepare an RF ASIC corresponding to Version 25 of the Specification?

            _____ Yes             _____ No

    11.    Did Oki Electric prove that it satisfied the 3-month notice requirement with respect to its Right to Terminate provided for in Section 1.0 of the contract, or that any failure to do so was excused?

            _____ Yes             _____ No

DEFENDANT OKI ELECTRIC'S
SECOND REVISED PROPOSED
VERDICT FORM

**If your answer to Question No. 11 above is "NO" then, please answer Question No. 12 below.   Please sign the verdict form and notify the clerk that you have reached a verdict.**

12.   Did NavCom prove that it was harmed by Defendant's failure to satisfy the 3-month notice requirement with respect to its Right to Terminate provided for Section 1.0 of the contract?

_____ Yes                _____ No

6

1    Signed: _____

2    Presiding Juror

3

4    Dated: _____

5

6    After this verdict form has been signed, notify the clerk that you have reached a verdict.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28