1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11              SAN JOSE DIVISION

12   NAVCOM TECHNOLOGY, INC. and          Case No. 5:12-cv-04175 EJD
     DEERE & COMPANY,
13                                         **JURY INSTRUCTIONS**
                  Plaintiffs,
14
              vs.
15
     OKI ELECTRIC INDUSTRY CO., LTD. and
16   DOES ONE THROUGH TEN inclusive,

17               Defendants.

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 1

### DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

# JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, have said in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 6**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence had been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## JURY INSTRUCTION NO. 7

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit was received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.  Do not consider why an objection was made and do not consider my overruling or sustaining an objection as any indication of my opinion of the case or of my view of the substance of the evidence.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## JURY INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testified about it.

**JURY INSTRUCTION NO. 10**

**EXPERT OPINION**

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

## JURY INSTRUCTION NO. 11

## JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION

Languages other than English were used during this trial.  Although some of you may know Japanese, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation provided by the official court interpreter. You must disregard any different meaning.

## JURY INSTRUCTION NO. 12

## USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

All witnesses are entitled to testify in their native language regardless of their ability, or lack thereof, to speak English and, as such, the use of a translator should not in any way be a factor in your consideration of the witness' truthfulness and should not in any way influence your assessment of the substance or weight of their testimony.

**JURY INSTRUCTION NO. 13**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

2

### JURY INSTRUCTION NO. 14

### DEPOSITION IN LIEU OF LIVE TESTIMONY

3

4

5

6

    A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

7

8

    You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

9

10

    Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

## JURY INSTRUCTION NO. 15

### FAILURE TO EXPLAIN OR DENY EVIDENCE

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

**JURY INSTRUCTION NO. 16**

**BIAS**

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

2

### JURY INSTRUCTION NO. 17
### BENCH CONFERENCE AND RECESSES

3

4

5

6

7

8

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

9

10

11

12

Of course, we did what we could to keep the number and length of these conferences to a minimum. I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 18**

**BREACH OF CONTRACT - INTRODUCTION**

NavCom and Defendant entered into the Customized Advanced GPS RF Chipset Development and Purchase Agreement on December 14, 2005.

Plaintiffs claim that Defendant breached this contract by failing to use its reasonable best efforts to timely develop the RF ASICs, failing to deliver acceptable prototypes within a reasonable time and improperly terminating the contract in July 2008.

Plaintiffs also claim that Defendant's breach of this contract caused harm to Plaintiffs for which Defendant should pay.

Defendant denies breaching the contract and has asserted several affirmative defenses.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 19**

**THIRD-PARTY BENEFICIARY**

Deere is not a party to any contract in this case.  Deere claims it is an intended third-party beneficiary.

To be an intended third-party beneficiary, Deere must prove that Navcom and Oki Semiconductor both intended for Deere to individually benefit from the contract and such intent appears from the terms of the agreement.  Deere bears the burden of proving it is an intended third-party beneficiary.

You must decide whether Deere has proven that it is an intended third-party beneficiary. The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract.  If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person.  The parties are presumed to intend the consequences of a performance of the contract.

In contrast, a third party who is only incidentally benefited by performance of a contract is not entitled to enforce it.  The fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment.  It must appear to have been the intention of the parties to secure to him personally the benefit of its provisions.

Whether the third party is an intended beneficiary or merely an incidental beneficiary involves construction of the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered.

The parties direct your attention to Section 3.2.3 and Section 24.0 of the Terms & Conditions.  However, in considering these sections, you must also consider the entire contract and the circumstances under which it was made.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

# JURY INSTRUCTION NO. 20

## CONTRACT FORMATION – ESSENTIAL FACTUAL ELEMENTS

In order to meet its burden of proof, Navcom must first prove that a contract was created. Next Navcom must prove what it is that Oki Semiconductor was required to do under that contract. That is called the object of the contract. And then Navcom must prove Oki Semiconductor failed to perform the task required by that contract.

To prove that such a contract was created, Navcom has the burden of proving all of the following:

1.  That the contract terms were clear enough that the parties could understand what each was required to do;

2.  That the parties agreed to give each other something of value (this is referred to as "consideration"); and

3.  That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Navcom did not prove all of the above, then a contract was not created.

**JURY INSTRUCTION NO. 21**

**BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS**

To meet its burden of proving Defendant has committed a breach of contract, NavCom must prove all of the following:

1. That NavCom and Defendant entered into a contract;

2. That NavCom did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing those things;

3. That Defendant failed to do something that the contract required it to do or did something that the contract prohibited it from doing; and

4. That NavCom was harmed by that failure.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 22**

**INTERPRETATION – MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

**JURY INSTRUCTION NO. 23**

**INTERPRETATION – MEANING OF TECHNICAL WORDS**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 24**

**INTERPRETATION – CONSTRUCTION OF THE CONTRACT AS A WHOLE**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**JURY INSTRUCTION NO. 25**

**INTERPRETATION – CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 26**

**AFFIRMATIVE DEFENSE – ANTICIPATORY BREACH**

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that he or she will not or cannot meet the requirements of the contract.

If Defendant proves that it would have been able to fulfill the terms of the contract and that NavCom clearly and positively indicated, by words or conduct, that it would not or could not meet the contract requirements, then NavCom breached the contract.

**JURY INSTRUCTION NO. 27**

**AFFIRMATIVE DEFENSE – WAIVER**

Defendant claims that it did not have to produce chips under the Amended Agreement conforming to Version 25 of the Specification because NavCom gave up its right to have Defendant perform this obligation. This is called a "waiver."

To succeed, Defendant must prove both of the following by clear and convincing evidence:

1. That NavCom knew Defendant was required to produce chips under the Amended Agreement conforming to Version 25 of the Specification; and

2. That NavCom freely and knowingly gave up its right to have Defendant perform this obligation.

A waiver may be oral or written or may arise from conduct that shows that NavCom gave up that right.

If Defendant proves that NavCom gave up its right to Defendant's performance of Defendant's obligation to produce chips under the Amended Agreement conforming to Version 25 of the Specification, then Defendant was not required to perform this obligation.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 28**

**AFFIRMATIVE DEFENSE – NOVATION**

Defendant claims that the original contract with NavCom cannot be enforced because the parties substituted a new and different contract for the original.

To succeed, Defendant must prove that all parties agreed, by words or conduct, to cancel the original contract and to substitute a new contract in its place.

If you decide that Defendant has proved this, then the original contract is not enforceable.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 29**

**AFFIRMATIVE DEFENSE – MUTUAL CONSENT TO RESCIND/ABANDON**

Oki Electric has raised a defense of rescission.  A contract is extinguished by its rescission or abandonment.

A contract may be rescinded or abandoned if all the parties to the contract consent.

The object of a contract is the thing that the parties agree must be performed or done.   If both parties agree that the performance required by the contract is no longer required, then the agreement is rescinded or abandoned.  The abandonment of a contract terminates the contract and the parties are released from any remaining obligations.

It is not necessary that the parties say, in so many words, that they mutually rescind or abandon the contract; instead, this may be implied by other words and acts.  Abandonment of a contract is a matter of intent and is to be ascertained from the facts and circumstances surrounding the events alleged to give rise to the abandonment.

Oki Electric contends that the object of the Amended Contract was the development of the Nova RF ASIC as defined by Version 25 of the Specification.  Oki Electric contends that Navcom and Oki Semiconductor mutually agreed to discontinue the development of the Nova RF ASIC Specification, Version 25, after which they began negotiations concerning the development of the 4-chip RF ASIC.

If Oki Electric proved that Navcom and Oki Semiconductor mutually agreed, as evidenced by words or acts, to abandon the development of the subject matter of the Amended Contract, there can be no breach of contract.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

### JURY INSTRUCTION NO. 30

### CONTRACT FORMATION – REJECTION OF OFFER

Both an offer and an acceptance are required to create a contract.

Oki Electric contends that a contract for the design and development of the 4-chip RF ASIC was not created because its offer was rejected. An offer is rejected by expressly rejecting the offer or making a counteroffer with changes or additions to the offered terms.

To overcome this contention, Navcom must prove both of the following:

1. That Navcom did not reject Oki Semiconductor's offer concerning the 4-chip RF ASIC; and

2. That Navcom did not make any additions or changes to the terms of Oki Semiconductor's offer.

If Navcom did not prove both of the above, then a contract for the design and development of the 4-chip RF ASIC was not created.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 31**

     The Court has determined that Defendant had a right to terminate the Agreement under Section 1.0. Plaintiffs contend that Defendant breached this section by not giving at least three months notice prior to stopping work and by failing to finish the then-current term of the Agreement.

     Defendant denies these allegations.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 32**

**EVIDENCE OF DAMAGES**

As I mentioned during the trial, there are two discrete issues for you to decide in this case. One of those issues is liability and the other issue is damages.  Although you heard evidence of damages during the trial, you will first be given a verdict form that relates only to the issue of liability.  You are not to consider evidence of damages in reaching a verdict on the issue of liability.  If you return a verdict finding liability, you will then be instructed on the issue of damages and will be given a separate verdict form.

**JURY INSTRUCTION NO. 33**

**LIMITATION OF DAMAGES**

During this trial, you have heard references to Section 16.0 of the Agreement.  You must not speculate about the language of Section 16.0 or consider the possible existence or application of any limitation of liability provision during your deliberations.  If appropriate, the Court will address the application of any limitation of liability provision in the Agreement after you have returned your verdict.

### JURY INSTRUCTION NO. 34
### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

# JURY INSTRUCTION NO. 35

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 36**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD

**JURY INSTRUCTION NO. 37**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

FINAL JURY INSTRUCTIONS
5:12-CV-04175 EJD