EXHIBIT H

DECLARATION OF BRETT M. SCHUMAN IN SUPPORT OF PLAINTIFFS' NAVCOM TECHNOLOGY, INC. AND DEERE & COMPANY'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(b)

```
1            UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
2                   SAN JOSE DIVISION
3
     NAVCOM TECHNOLOGY INC., AND
4    DEERE & COMPANY,
                          CASE NO. CV-12-04175-EJD
5         PLAINTIFFS,
                          SAN JOSE, CALIFORNIA
6      VS.
                          MAY 7, 2014
7    OKI SEMICONDUCTOR AMERICA INC.,
     ET AL.,              VOLUME 11
8
          DEFENDANTS.     PAGES 1558 - 1710
9
10
                 TRANSCRIPT OF PROCEEDINGS
11       BEFORE THE HONORABLE EDWARD J. DAVILA
               UNITED STATES DISTRICT JUDGE
12
13              A-P-P-E-A-R-A-N-C-E-S
14
     FOR THE PLAINTIFFS:  MORGAN, LEWIS & BOCKIUS
15              BY:  BRETT M. SCHUMAN
                     RYAN L. SCHER
16              ONE MARKET, SPEAR STREET TOWER
                SAN FRANCISCO, CALIFORNIA 94105
17
18   FOR THE DEFENDANTS:  NAGASHIMA & HASHIMOTO
                BY:  MARC R. LABGOLD
19                   TAKAAKI NAGASHIMA
                     PATRICK J. HOEFNER
20              12007 SUNRISE VALLEY DRIVE, SUITE 110
                RESTON, VIRGINIA 20191
21
        (APPEARANCES CONTINUED ON THE NEXT PAGE.)
22
     OFFICIAL COURT REPORTER:  IRENE L. RODRIGUEZ, CSR, CRR
23              CERTIFICATE NUMBER 8074
                LEE-ANNE SHORTRIDGE, CSR, CRR
24              CERTIFICATE NUMBER 9595
25   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
     TRANSCRIPT PRODUCED WITH COMPUTER.
```

1
2
3   A P P E A R A N C E S: (CONT'D)
4
    FOR THE DEFENDANTS:
5
                MAKMAN & MATZ
6               BY: DAVID A. MAKMAN
                655 MARINER'S ISLAND BOULEVARD
7               SUITE 306
                SAN MATEO, CALIFORNIA 94404
8
                SHAW KELLER
9               BY: ANDREW E. RUSSELL
                300 DELAWARE AVENUE, SUITE 1120
10              WILMINGTON, DETROIT 19801
11
    ALSO PRESENT:      OKI ELECTRIC INDUSTRY CO., LTD
12              BY: ISAO GOTO
                1-7-12 TORANOMON MINATO-KU
13              TOKYO 105-8460 JAPAN
14
15
16
17
18
19
20
21
22
23
24
25

```
1
2                INDEX OF PROCEEDINGS
3
     PLAINTIFFS' CLOSING ARGUMENT        P. 1564
4
     DEFENDANTS' CLOSING ARGUMENT        P. 1611
5
     PLAINTIFFS' REBUTTAL ARGUMENT       P. 1658
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                              MAY 7, 2014 |
| 2 | P R O C E E D I N G S |
| 3 | (JURY OUT AT 8:53 A.M.) |
| 4 | THE COURT: WE'RE ON THE RECORD IN THE NAVCOM VERSUS |
| 5 | OKI MATTER. ALL COUNSEL ARE PRESENT AND THE JURY IS NOT |
| 6 | PRESENT. |
| 7 | I'VE JUST GONE THROUGH AND I DID RECEIVE THE JURY |
| 8 | INSTRUCTIONS, AND THANK YOU, COUNSEL, FOR PREPARING THOSE. AND |
| 9 | I JUST WENT THROUGH WITH COUNSEL OFF THE RECORD THE NEW |
| 10 | PAGINATION ORDER OF INSTRUCTIONS. |
| 11 | WE'LL PREPARE THOSE AND GET COPIES TO COUNSEL IN JUST A |
| 12 | MOMENT. |
| 13 | THERE WAS -- I DID RECEIVE A COPY OF AN E-MAIL THIS |
| 14 | MORNING REGARDING THE DISCUSSION OF THE PROPOSED VERDICT FORM. |
| 15 | I UNDERSTAND ANY QUESTION OR ISSUE ABOUT THE VERDICT FORM HAS |
| 16 | BEEN RESOLVED AND COUNSEL ARE GOING TO PREPARE AN AGREED UPON |
| 17 | VERDICT FORM? |
| 18 | MR. LABGOLD: IT HAS BEEN RESOLVED, YOUR HONOR. |
| 19 | THE COURT: ALL RIGHT. THANK YOU. |
| 20 | THE NEXT ISSUE IS IN REGARDS TO ARGUMENT, AND I WASN'T |
| 21 | SPECIFIC ON THIS YESTERDAY, AND WE DID HAVE A VERY LONG DAY AND |
| 22 | FULL DAY YESTERDAY. DURING CLOSING ARGUMENTS IT WAS MY |
| 23 | THOUGHT, BECAUSE OF THE BIFURCATION THAT WE WERE DOING, IT WAS |
| 24 | MY THOUGHT THAT I WAS GOING TO HAVE COUNSEL ARGUE LIABILITY |
| 25 | FIRST AND THEN IF LIABILITY WAS FOUND, WE WOULD MOVE TO THE |

1   SIGNED, THE OBLIGATION WAS TO MAKE VERSION 19, WHICH WOULD HAVE
2   BEEN DIFFICULT BECAUSE IT HAD THE TBD'S.
3       BUT MR. GALYEAN TESTIFIED THAT BY VERSION 25 IT
4   SUFFICIENTLY CHANGED BECAUSE IT HAD TO BE AMENDED, AND IT HAD
5   TO BE AMENDED BECAUSE IT WAS DIFFERENT AND THEY ENTERED INTO
6   THE CONTRACT WITH VERSION 25.
7       THIS, FOR PRACTICAL PURPOSES, AS MR. GALYEAN SAID, BECAME
8   THE OPERATIVE SPECIFICATION.
9       AND THIS AGREEMENT WAS NOT SIMPLY JUST A MINOR AMENDED
10  AGREEMENT. THIS IS A NEW AGREEMENT. THIS IS TO MAKE SOMETHING
11  DIFFERENT.
12      IF IT WASN'T DIFFERENT, THEY WOULDN'T HAVE HAD TO AMEND
13  IT. THEY DIDN'T AMEND IT FOR 20A OR 20B. HE SAID YOU ONLY
14  MAKE THE CHANGE IF IT'S ACTUALLY SIGNIFICANTLY DIFFERENT.
15      SO WE GOT THE AMENDMENTS TO THE AGREEMENT, AND THAT CAN'T
16  BE A BREACH BECAUSE BOTH PARTIES AGREED TO IT.
17      NOW, THE FIRST SET OF CHIPS ARE DELIVERED FOUR MONTHS
18  AFTER THAT, APRIL OF 2007. AND THERE'S NO DISPUTE THAT THEY
19  DIDN'T WORK. IT WASN'T TO ANYBODY'S SATISFACTION AND IT WAS TO
20  EVERYBODY'S DISAPPOINTMENT BECAUSE REMEMBER, OKI IS ACTUALLY
21  PAYING THE MAJORITY OF THE BILL AND THEY WANT THESE CHIPS, TOO.
22      NOW, WE WILL HEARD ABOUT PEREGRINE AND THAT PEREGRINE
23  DIDN'T WANT TO DO THIS AND PEREGRINE DIDN'T WANT TO DO THAT.
24      IRONICALLY, MR. KNIGHT SAID HE WAS THE ONE WHO CONTACTED
25  PEREGRINE IN THE FIRST PLACE AND PEREGRINE SAID GO TALK TO OKI

```
 1      AND THE TWO OF YOU SHOULD WORK TOGETHER.
 2          SO THEY ACTUALLY, ALTHOUGH I HADN'T HEARD ANY EVIDENCE OF
 3      THIS BEFORE, THEY ARE THE ONES WHO BROUGHT PEREGRINE INTO THE
 4      FOLD APPARENTLY.
 5          BUT MR. NOBBE TESTIFIED THAT "IF YOU SHOWED THIS BLOCK
 6      DIAGRAM TO ANY RF GUY AND ASKED IF THEY COULD BE 100 PERCENT
 7      SPEC COMPLIANT IN ONE SPIN, YOU WOULD FIND ZERO PERCENT WOULD
 8      SAY THAT THEY COULD."
 9          AND WHEN ASKED WHAT HE WAS REFERRING TO BY NAVCOM'S
10      COUNSEL, "I'M REFERRING TO THE BLOCK DIAGRAMS IN THE NAVCOM
11      CHIPSET."
12          THIS IS A FACT OF LIFE. WHEN YOU'RE DOING DEVELOPMENT,
13      IT'S ACTUALLY CALLED DEVELOPMENT. IF WE KNEW WHAT WE WERE
14      DOING, WE WOULDN'T CALL IT RESEARCH. IT'S THE SAME KIND OF
15      CONCEPT.
16          "THE FIRST SET OF CHIPS WERE DELIVERED IN APRIL 2007?"
17          GALYEAN CONFIRMED.
18          "FOUR MONTHS AFTER THE PARTIES HAVE AGREED TO THE
19      AMENDMENT?
20          "YES.
21          "THE PROTOTYPES, WE DON'T HAVE A DISPUTE, DID NOT PERFORM
22      AS ANYBODY WANTED THEM TO?
23          "CORRECT.
24          NOW, WAS IT YOUR BELIEF THAT WHEN OKI DELIVERED THOSE
25      FAILED PROTOTYPE CHIPS THAT THAT WAS A BREACH OF THE CONTRACT?
```

```
 1      AND THE COURT SAID THAT WITH THIS, THERE'S A TIMEFRAME --
 2   AND YOU CAN TAKE A LOOK AT IT -- FOR THEM TO FIND THAT THERE
 3   WAS A BREACH. THEY'RE GOING TO HAVE TO SHOW SOME HARM HAPPENED
 4   IN THAT TIMEFRAME, IN THIS THREE MONTHS THAT FOLLOW THE NOTICE
 5   PERIOD.
 6      THEY SAY IT SHOULD BE INTERPRETED AS AT THE END OF THE
 7   YEAR. WE SAY, AS WRITTEN, THAT IT'S A THREE MONTH DECISION, A
 8   THREE MONTH PERIOD.
 9      WHEN YOU TAKE A LOOK AT IT, WHETHER IT WAS THREE MONTHS
10   AFTER OR WHETHER IT GOES TO THE END OF THE YEAR, WE'RE GOING TO
11   SEE IT WOULDN'T HAVE MADE ANY DIFFERENCE ANYWAY, AND IT WOULD
12   SAVE THEM FROM HAVING TO SPEND ALL OF THAT EXTRA MONEY FOR
13   SOMETHING THAT THEY DIDN'T WANT TO DO.
14      "NOW, WAS OKI'S STATEMENT THAT THEY WANTED TO MAKE
15   SOMETHING OTHER THAN THE VERSION 25 DESIGN, WAS THAT A BREACH
16   OF THE CONTRACT IN YOUR VIEW?
17      "NO. I DON'T THINK SO. I DON'T THINK I EVER THOUGHT
18   THAT."
19      SO NOW WHEN OKI SAYS WE DON'T WANT TO MAKE 25, WE'RE NOT
20   GOING TO MAKE 25, WE HAVE A SITUATION WHERE, WELL, THAT'S NOT A
21   BREACH EITHER.
22      SO NOW WE COME UP TO A POINT WHERE WE'RE IN MARCH AND WE
23   STILL HAVE NOT SEEN ANYTHING FROM MR. GALYEAN OR ANY OTHER
24   WITNESS THAT ANYONE COULD IDENTIFY AS A BREACH.
25      THE AGREEMENT TO DISCONTINUE. NOW, THIS IS GOING TO
```

1 ABANDONED.
2 WE HAVE ALL OF THE NEGOTIATIONS WHICH SUPPORTS SHOWING
3 THAT THEY BELIEVE THERE IS NOT A CONTRACT, OTHERWISE WHY ARE
4 THEY NEGOTIATING?
5 BY MAY 15TH, THEY MAKE THE DECISION TO GO WITH IT AND NO
6 CONTRACT IS REACHED, AND SO WE BELIEVE THAT THIS, THIS EVIDENCE
7 SHOWS THAT THE PARTIES ABANDONED AND NEVER, IMPORTANTLY, FORMED
8 A NEW CONTRACT TO MAKE VERSION FOUR CHIP.
9 BUT EVEN IF THAT IS NOT THE CASE, WE SUBMIT THAT AS OF
10 MARCH 26TH, OKI HAD SAID ON FEBRUARY 21ST, WE NEED TO DO A NEW
11 DESIGN, AND MARCH 26TH, WE'RE NOT GOING TO DO VERSION 25
12 ANYMORE AND THERE'S A THREE MONTH PERIOD OF WHICH THEY
13 TERMINATE.
14 THEY HAD NOTICE AS OF FEBRUARY 21ST, AND NO LATER THAN
15 MARCH 26TH THAT OKI EXPRESSLY SAID THAT WE'RE NOT GOING TO MAKE
16 VERSION 25.
17 WHILE WE THINK THIS IS ABSOLUTELY MUTUAL AND THE EVIDENCE
18 COMPLETELY SHOWS THAT, EVEN IF YOU SAID THAT NAVCOM NEVER
19 AGREED SOMEHOW, BECAUSE NONE OF THIS EVIDENCE SUPPORTS THAT, WE
20 CLEARLY TOLD THEM WE'RE NOT GOING TO MAKE IT AND MORE THAN
21 THREE MONTHS LATER WE TERMINATED. SO WE BELIEVE THAT THAT
22 ACTUALLY SATISFIES THE RIGHT TO TERMINATE.
23 NAVCOM FAILED TO PROVE HARM.
24 YOU'RE NOT GOING TO HEAR ABOUT THE COMPLETE DAMAGE CASE
25 BECAUSE WHAT IS GOING TO HAPPEN IS THAT IF YOU DECIDE THAT

1  THERE IS LIABILITY -- YOU'RE ONLY GOING TO DECIDE THE LIABILITY
2  ISSUES.
3      IF YOU DECIDE THAT THERE IS LIABILITY, THEN YOU WILL BE
4  ADVISED AS TO WHETHER OR NOT THERE ARE DAMAGES AND THEN YOU
5  WILL BE GIVEN A DIFFERENT VERDICT FORM AND THEN YOU WILL BE
6  ASKED TO CALCULATE THE DIFFERENT DAMAGES.
7      SO WE'RE NOT GOING INTO THE DAMAGES, BUT I SUBMIT TO YOU
8  THAT IT'S A REQUIREMENT FOR LIABILITY, WHEN YOU HEAR THE
9  INSTRUCTION, THAT THEY MUST PROVE HARM. THEY MUST PROVE THAT
10 THERE WAS A CONTRACT.
11     NAVCOM DID EVERYTHING THEY WERE SUPPOSED TO DO. OKI DID
12 SOMETHING THAT THEY WERE NOT SUPPOSED TO DO, OR FAILED TO DO
13 SOMETHING, AND THEY WERE HARMED.
14     IT CAN'T JUST BE THIS IDEA, WELL, THERE'S A PIECE OF PAPER
15 SAYING YOU DIDN'T DO SOMETHING, BUT IT DIDN'T GET DONE AND IT
16 DIDN'T HAVE ANY EFFECT.
17     THERE HAS TO BE A HARM. IT DOESN'T HAVE TO BE FINANCIAL.
18 THERE HAS TO BE A HARM.
19     BUT THERE'S NO HARM. GEN5, UNAFFECTED. GEN5 LAUNCHED
20 WITH DISCRETE. GEN5 LAUNCHED BELOW TARGET COST.
21     AND, AGAIN, YOU WOULD THINK IF THEY WERE HARMED, THEY
22 WOULD AT LEAST SENT A LETTER SAYING I CAN'T BELIEVE YOU GUYS
23 TERMINATED AND YOU HAVE CAUSED US A LOT OF HARM, AND YOU'RE IN
24 BREACH.
25     AND WE SAW THE BEST EVIDENCE THEY COULD COME UP WITH WAS

1  AND ACTUALLY ENTERED INTO A FORMAL CONTRACT, IT'S PRETTY CLEAR
2  THAT THEY WAIVED ANY OBLIGATION TO MAKE 19 OR ANYTHING BEFORE
3  THAT, AND IT'S RIDICULOUS TO THINK THAT THEY WOULD HAVE WANTED
4  IT JUST BECAUSE THEY WANTED 25.
5     SO THE PARTIES AGREED TO DISCONTINUE THE DEVELOPMENT OF
6  VERSION 25. WE BELIEVE THAT THE EVIDENCE SHOWS THAT THAT'S NOT
7  POSSIBLE.
8     AND THAT'S GOING TO BE THE CORRESPONDING WAIVER QUESTION.
9  DID THEY AGREE TO DISCONTINUE THE DEVELOPMENT OF VERSION 25?
10    THE EVIDENCE IS THERE. THAT'S WHY THEY STARTED TALKING
11 ABOUT A FOUR CHIP. THEY DECIDED THAT VERSION 25 WAS NOT GOING
12 TO WORK FOR THEM ANYMORE. THEY ALL MUTUALLY AGREED.
13    BUT, AGAIN, THIS IS IN THE CONTEXT OF WAIVER.
14    ABANDONMENT. THIS IS REALLY IMPORTANT, AND I'M GOING TO
15 RUN THROUGH SOME EVIDENCE VERY QUICKLY.
16    ABANDONMENT UNDER THE LAW, YOU'LL BE ADVISED, IS WHEN TWO
17 PARTIES MUTUALLY AGREE THAT THE SUBJECT OF THE CONTRACT DOES
18 NOT HAVE TO BE PERFORMED, THAT YOU DON'T HAVE TO CONTINUE THIS.
19    BUT IT HAS TO BE MUTUAL. YOU CAN'T HAVE ONE SIDE JUST
20 SAYING, UNDER THIS CONCEPT, I DON'T WANT TO DO THIS ANYMORE AND
21 THE OTHER SIDE NOT SAYING IT.
22    WELL, THE EVIDENCE IS ABSOLUTELY CLEAR THAT WHEN YOU LOOK
23 AT DX 1004, THAT'S THE AMENDMENT THAT AMENDED THE AGREEMENT
24 THAT CHANGED THE SPECIFICATION OF VERSION 25, THEY AGREED TO
25 DISCONTINUE THE DEVELOPMENT.

1     ANYTHING ELSE?
2         MR. SCHUMAN: NO, YOUR HONOR.
3         THE COURT: ALL RIGHT. THANK YOU. WE'LL JUST BE IN
4     RECESS. THANK YOU. WE'RE OFF THE RECORD, IRENE.
5         (RECESS WAS TAKEN PENDING THE DELIBERATIONS OF THE JURY.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25