NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone:  877-401-8855
Facsimile:   877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:   +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone:  650-242-1560
Facsimile:   650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**OKI ELECTRIC'S NOTICE OF MOTION AND RULE 50(B) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Place: Courtroom 4, San Jose<br>Judge: Honorable Edward J. Davila<br><br>**Hearing Date: September 12, 2014 9:00 am** |

PLEASE TAKE NOTICE THAT at 9:00 a.m. on at 9:00 a.m., on September 12, 2014, in Courtroom 4, located at 280 First South Street, San Jose, California, or as soon thereafter as the matter may be heard, Defendant Oki Electric Industry ("Oki Electric"), pursuant to FED. R. CIV. P. 50(b), will renew its pre-verdict FED. R. CIV. P. 50(a) motion with regard to all issues that were not decided by the jury's verdict, including but not limited to the affirmative defenses of novation and abandonment, and the issue of plaintiff Deere & Company's status as a third party beneficiary.

The grounds for this motion are set forth in Oki Electric's previously-filed Bench Brief Regarding Its Motion for Judgment as a Matter of Law Made in Open Court (Dkt. No. 300) ("Oki Electric's Bench Brief"), which is incorporated herein by reference in its entirety.[1] This motion is based on Oki Electric's Bench Brief and on all pleadings and papers on file in this case, all trial transcripts and exhibits and upon such matters as may be presented to the Court at the time of the hearing on this motion. Oki Electric presents this motion to preserve all rights to present arguments regarding the above-identified issues, and further reserves its rights to present arguments regarding the sufficiency of the evidence relating to those issues in response to any Rule 50(b) motion that may be made by Navcom Technology, Inc. and Deere & Company ("Plaintiffs").

Oki Electric is filing this motion out of an abundance of caution based on Plaintiffs' apparent position that a Rule 50(b) motion is necessary at this stage in connection with the jury's verdict. Because both parties declined to ask the jury to complete the verdict form (Dkt. No. 318), the right to a jury trial on the issues represented by unanswered questions (4) through (12) are deemed waived. *See*, Trial Transcript at 1715:11-24. *Goodwall Const. Co. v. Beers Const. Co.*, 991 F.2d 751, 757 (Fed. Cir. 1993) ("[A] motion on an issue unresolved by the jury is a motion for judgment under Rule 49(a), not Rule 50(b)."). The Court may decide these issues are moot in light of the verdict, or proceed to resolve them as provided by the Federal Rules of Civil

---

[1] Oki Electric hereby incorporates the evidence of record to the extent that it is not otherwise specifically cited in its Rule 50(a) brief.

Procedure and the applicable substantive law. *See Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012) ("[T]here was no need for the officers to renew their [Rule 50(a) motion regarding an affirmative defense] because they were the prevailing parties, having obtained a jury verdict in their favor. *See* Advisory Committee Notes to Rule 50 (noting that 'a jury verdict for the moving party ***moots the issue***'). It would waste time and resources to require a party to move for judgment as a matter of law under Rule 50(b), formerly denominated 'judgment notwithstanding the verdict,' if that party has obtained a jury verdict in its favor." (emphasis added)).

Dated: June 5, 2014                                         Respectfully Submitted,


                                                            By:   /s/ *Marc R. Labgold*
                                                                  Marc R. Labgold (*pro hac vice*)

                                                                  *Attorney for Defendant*
                                                                  *Oki Electric Industry Co., Ltd.*