NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia  20191
Telephone:  877-401-8855
Facsimile:   877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:   +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California  94404
Telephone:  650-242-1560
Facsimile:   650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF MOTION FOR ATTORNEY FEES, BILL OF COSTS, AND SUPPORTING DOCUMENTS**<br><br>Hearing Date:  September 12, 2014<br>Time: 9:00 am<br>Judge:  Honorable Edward J. Davila<br>Court: Courtroom 4, San Jose |

Pursuant to Civil Local Rule 79-5(e), Defendant Oki Electronic Industry Co., Ltd. ("Oki Electric") is filing this administrative motion to seal.

A party seeking to seal a document attached to a dispositive motion, or a document that is deemed to be a "judicial document," must meet a "compelling reasons" standard; that is, they must provide compelling reasons for placing the document under seal.  *See, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  A party seeking to seal a document attached to a non-dispositive motion, on the other hand, only needs to meet the "good cause" standard set forth in Federal Rule of Civil Procedure 26(c).  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (discussing *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002)); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Since neither the motion for attorney fees nor the bill of costs is a dispositive motion, the documents should be sealed on a finding of good cause.

Here, the documents that Oki Electric would like to seal consist of:

- Oki Electric Industry Co. Ltd's Motion for Attorney's Fees and Costs
- Declaration of Marc R. Labgold in Support of Oki Electric Industry Co. Ltd's Motion for Attorney's Fees and Costs
- Exhibits B, C, D, E, F, and G to the Declaration of Marc R. Labgold in Support of Oki Electric Industry Co. Ltd's Motion for Attorney's Fees and Costs
- Exhibits A, B, C, D, E, F, G, and H to the Declaration of Marc R. Labgold in Support of Oki Electric Industry Co., Ltd's Bill of Costs.

These contain detailed confidential information regarding the billing and costs in this action.  These documents contain highly confidential and sensitive information that is not generally known, and that derives from the attorney-client relationship between Oki Electric and its various attorneys in this case.  There is no public interest in knowing this information at a detailed level, and Oki Electric and its counsel would be harmed by having their private information made public.

Submissions of costs and fees can be sealed in the Northern District of California, *see*, *e.g.*

*Wi-LAN, Inc. v LG Electronics, Inc.*, 2011 WL 3648531 Case No. 10–mc–80254–JF (N.D. Cal. August 18, 2011) (sealing cost and fee information submitted in connection with motion for attorney fees and bill of costs).  Even with the information redacted as requested by Oki Electric, the public will be able to determine the total amount at issue and the methodology used to calculate fees and costs, which is sufficient information to satisfy any public interest in these non-dispositive motions.

       Therefore, this Administrative Motion to Seal should be GRANTED.

       Respectfully submitted,

Dated: June 11, 2014                                By: /s/ *David A. Makman*
                                                                              David A. Makman

                                                    Attorneys for Defendant
                                                    OKI ELECTRIC INDUSTRY CO., LTD.