MORGAN, LEWIS & BOCKIUS LLP
BRETT M. SCHUMAN (SBN 189247)
bschuman@morganlewis.com
RACHEL M. WALSH (SBN 250568)
rwalsh@morganlewis.com
RYAN L. SCHER (SBN 244706)
rscher@morganlewis.com
JEREMY N. LATEINER (SBN 238472)
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Plaintiffs
NavCom Technology, Inc. and Deere & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD. and DOES ONE THROUGH TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO STAY BRIEFING ON OKI'S MOTIONS FOR FEES & COSTS [DKT. NOS. 333-3 & 333-22] PURSUANT TO CIV. L.R. 6-3**<br><br>Courtroom: 4<br>Judge: Hon. Edward J. Davila |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25151893.2

ADMIN MOT. TO STAY BRIEFING
5:12-CV-04175 EJD

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rule 6-3, Plaintiffs NavCom Technology, Inc. ("NavCom") and Deere & Company ("Deere," together, "Plaintiffs") seek an Order to stay the briefing on Oki Electric Industry Co., Ltd.'s ("Oki") motions for fees and costs (Dkt. Nos. 333-3 (Attorneys' Fees) & 333-22 (Bill of Costs)).

On May 28, 2014, the Court entered judgment in favor of Oki. Dkt. No. 328. On June 5, 2014, Plaintiffs filed their Renewed Motion for Partial Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b). Dkt. No. 330. Plaintiffs also intend to file a motion for new trial by June 25, 2014, in accordance with Rule 59 of the Federal Rules of Civil Procedure (together with Plaintiffs' Rule 50(b) motion, the "Post-Trial Motions"). The filing of Plaintiffs' Rule 50(b) motion tolled the deadline for Oki to file an attorneys' fees as a matter of law. *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005) (a "Rule 54(d)(2)(B) motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion").

As the Ninth Circuit explained, Plaintiffs' Post-Trial Motions toll the timing for a fees/costs motion because the judgment is not yet final:

> The issue is whether the Rule 54(d)(2)(B) time limit is tolled pending the outcome of post-trial motions under Rule 50 or Rule 59. This is an issue that has not yet been expressly resolved in this Circuit, although it has been addressed in others. We agree with their holdings.
>
> The other circuits to reach this question have held that the requirement that the motion for attorneys' fees "must be filed no later than 14 days after entry of judgment" is tolled pending the outcome of post-trial motions under Rule 50 or Rule 59. *See Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001) (per curiam); *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999). This is because those motions operate to suspend the finality of the district court's judgment. A "judgment" for purposes of the Federal Rules of Civil Procedure includes a decree or order "from which an appeal lies." Fed. R. Civ. P. 54(a); *see also Weyant*, 198 F.3d at 314. The judgment was not appealable during the pendency of the post trial motions in this case. *See Weyant*, 198 F.3d at 314. Therefore, the Rule 54(d)(2)(B) motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion.

*Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005). Plaintiffs' request that the briefing on Oki's motions be stayed until the Court resolves the Post-Trial Motions is directly in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25151893.2

1

ADMIN MOT. TO STAY BRIEFING
5:12-CV-04175 EJD

line with the Ninth Circuit's rationale. *Id.*; *see, e.g.*, *ExperExchange, Inc. v. DocuLex, Inc.*, No. C-08-03875, 2010 U.S. Dist. LEXIS 54530 (N.D. Cal. May 10, 2010) (holding that defendant's attorneys' fees motion filed while plaintiffs' Rule 59 motion was pending was timely because "the Ninth Circuit has held that where a post-trial motion is filed under Rule 59(e), as is the case here, the deadline for filing a motion for attorneys' fees is 14 days from the date on which that motion is decided.").

As early as May 27 – the day before the Court entered judgment – Plaintiffs have attempted to secure Oki's agreement that the briefing on Oki's motions for fees and costs be deferred until after the Court rules on the Post-Trial Motions. Declaration of Brett M. Schuman in Support of Plaintiffs' Administrative Request to Stay Briefing ("Schuman Decl.") Ex. 1; *see* Civ. L.R. 54-5(a) (stating deadline for attorneys' fees motion may be extended by stipulation or by motion). Oki refused, and filed its motions on June 11, 2014. *See* Dkt. No. 333. On June 13, 2014, Plaintiffs again asked that Oki stipulate to defer the remaining briefing until the Court ruled on the Post-Trial Motions, but Oki declined to so stipulate. Schuman Decl., Ex. 1.

Good cause exists to grant Plaintiffs' request to stay the briefing, and to adopt the schedule provided by the Ninth Circuit (briefing to resume within 14 days of the Court's resolution of the Post-Trial Motions). The basis for Oki's fees request is the attorneys' fees clause in the contract-at-issue, which permits fees to be awarded to "the prevailing party." PX125 at OKI_LW_008274; *see* Dkt. No. 333-3 at 9 (quoting attorneys' fees clause). Likewise, the basis for Oki's costs request – Fed. R. Civ. P. 54(d)(1) – requires that Oki be "the prevailing party." FED. R. CIV. P. 54(d)(1). While the jury returned a verdict in Oki's favor, Oki's status as the prevailing party depends on the outcome of the Post-Trial Motions. *See* Dkt. No. 327 at 1-2 (Objections to Oki's Proposed Judgment) (requesting that the Court strike "As the prevailing party" from Oki's [Proposed] Judgment on this ground); Dkt. No. 328 (Judgment) ("As the prevailing party" language stricken from Judgment); *see also Bailey*, 414 F.3d at 1025. A ruling in Plaintiffs' favor on the Post-Trial Motions would likely moot Oki's motions for fees and costs and, therefore, neither the parties nor the Court should be required to devote time and resources to Oki's motions until the Post-Trial Motions are resolved. *See* Civ. L.R. 54-5(a) (expressly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25151893.2

2

ADMIN MOT. TO STAY BRIEFING
5:12-CV-04175 EJD

contemplating changing the timing for attorneys' fees motions). Plaintiffs therefore would be prejudiced by having to respond to Oki's motions now.

In light of the foregoing, Plaintiffs respectfully request that the briefing on Oki's motions for fees and costs be stayed until after the Court rules on the Post-Trial Motions.

Dated: June 13, 2014　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
　　Brett M. Schuman
　　Attorneys for Plaintiffs
　　NavCom Technology, Inc. and Deere & Company

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25151893.2

3

ADMIN MOT. TO STAY BRIEFING
5:12-CV-04175 EJD