NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone:  877-401-8855
Facsimile:  877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:  +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ  (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile:  650-242-1547

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD.; and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DEFENDANT OKI ELECTRIC INDUSTRY CO. LTD.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO STAY BRIEFING ON THE ISSUE OF ATTORNEY FEES & COSTS (DKT. NO. 336)**<br><br>Place: Courtroom 4, San Jose<br>Judge: Honorable Edward J. Davila |

Plaintiffs seek to stay briefing on Oki Electric's attorney's fees motion on the grounds that the deadline for the fees motion was "tolled" in light of their Rule 50(b) motion, on alleged grounds of judicial economy and that it would be more convenient for them if the briefing were stayed. (*See*, Dkt. No. 336). It is, however, the latter that appears to be driving the requested relief. As discussed herein, all of the legitimate factors favor the timely briefing and consideration of Oki Electric's motion. Moreover, at the close of trial, Plaintiffs' counsel suggested that Oki Electric's motion for attorney fees be briefed on the *same* schedule as the contemplated Rule 50(b) motion. (*See* Trial Transcript at 1735:15-19). When the undersigned attempted to reach a stipulation to that effect, however, Plaintiffs' counsel first delayed in responding and then changed positions once again. (*See* Dkt. No. 336-2). Having suggested concurrent briefing, Plaintiffs' complaints should fall on deaf ears.

Plaintiffs' tolling argument is of no moment. A "tolled" deadline only means that Oki Electric *may* elect to postpone their attorney's fees motion – it does not mean that Oki Electric is somehow not entitled to file its motion or required to delay. Now that Oki Electric has properly filed its motion, under the deadline contemplated by the Federal Rules of Civil Procedure, Plaintiffs should not be permitted to evade their obligation to brief the issue in response merely because they think that Oki Electric may not ultimately be the prevailing party. That is, even if Oki's deadline to file its motion for attorney fees was tolled, that tolling does not affect the deadline for opposing that motion once filed. Because the tolling issue is irrelevant, the true relief requested by Plaintiffs' is an open-ended extension of time to file its opposition.

Plaintiffs suggest that the Ninth Circuit has established some kind of "schedule" for attorney's fees motions, but that is incorrect. The cases cited by Plaintiffs, including *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005), establish only that the **deadline** for filing an attorney's fees motion may be tolled under some circumstances; they say nothing to suggest that a prevailing party ***cannot*** file its attorney's fees motion within 14 days as provided by the rules. There is absolutely no support in the cases Plaintiffs' rely upon (or elsewhere) for the proposition that Oki Electric's motion is actually untimely, and Plaintiffs do not argue otherwise. To the contrary, the Federal Rules explicitly require motions for attorney fees to be

| 5:12-cv-04175 EJD | OKI ELECTRIC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION |
|---|---|
| | 1 |

filed within 14 days of the entry of judgment, with Rule 50/59 motions being due within 28 days of judgment. Thus, if any issue is to be prioritized, it is Oki Electric's motion, not Plaintiffs.

Further, Plaintiffs' motion utterly fails to address the applicable factors that this Court must consider on a motion to stay, including: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Avago Techs. U.S. Inc. v. IPtronics, Inc.*, C.A. No. 5:10-cv-02863-EJD, 2013 WL 623042, at *2 (N.D. Cal. Feb. 15, 2013) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Weighing "the competing interests which will be affected by the granting or refusal to grant a stay," as is required, immediately reveals that Plaintiffs' stay request is unfounded in fact or in law. *See CMAX, Inc.*, 300 F.2d at 268 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 154-55 (1936)).

First, Plaintiffs articulate **no** prejudice that would result from the Court's timely consideration of Oki Electric's motion. The fact that Plaintiffs are obligated to pay fees to Oki Electric, as the prevailing party, is not a prejudice. Nor are their arguments concerning possible outcomes. Following Plaintiffs' logic that everything should be stayed because of the possibility that a judgment could be altered, motions would be delayed indefinitely while issues were appealed and so forth. As the Court is well-aware, judicial economy favors early resolution of all issues so as to permit a timely appeal of any and all issues.

Second, a stay of Oki's attorney's fees motion will not result in the simplification of any issues before the Court, the simplification of manners of proof by the parties, or the resolution of any legal question. All of the currently-pending motions are scheduled for argument on the same day. Judicial efficiency and economy favor disposing of all outstanding issues in the case at one time, as currently scheduled, and thereby avoid the unnecessary expense for counsel (located on the East Coast) to travel to multiple hearings. The current schedule will also allow for a complete resolution of all remaining issues without any further delay of any possible appeal Plaintiff may file. There is simply no justification for staying Oki's motion in favor of the proposed *seriatim* consideration of the issues in the sequence that Plaintiffs prefer, and there certainly is no legal

mandate to such effect. To the contrary, courts routinely rule upon motions for attorney's fees in conjunction with Rule 50(b)/Rule 59 motions. *See, e.g., Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C. 06-3359 JF, 2010 WL 1691869, at *1 (N.D. Cal. Apr. 23, 2010) (breach of contract action); *compare Designing Health, Inc. v. Erasmus*, Nos. CV 98-4758 LGB, 99-9088 LGB, 2003 WL 25902463, at *1 (C.D. Cal. May 1, 2003) (ruling on two Rule 50(b)/59 motions and three motions for attorney's fees).

A delay in the consideration of Oki Electric's timely-filed attorney's fees motion will unnecessarily prolong these proceedings, delay appeal, and prejudice Oki Electric's ability to collect its fees in a timely manner. Under the Rules, the Court should not ordinarily delay the time for appeal in order to award fees. FED. R. CIV. P. 58(e). If the Court grants Plaintiffs' requested stay, the time for appeal will necessarily be tolled pending the court's consideration of Oki Electric's timely-filed attorney's fees motion after it disposes of Plaintiffs' Rule 50(b) and Rule 59 motions. *See id.;* FED. R. APP. P. 4(a)(4). This delay will prejudice Oki Electric, which will continue to be deprived of the fees and costs to which it is entitled under the verdict. Oki Electric will additionally be prejudiced if a stay is granted because Plaintiffs will have months to respond to Oki Electric's fees motion, and both parties will be prejudiced by the fact that Oki Electric will have to incur yet more fees, which it will be entitled to recover, in order to re-fight this attorney's fees battle after the Court disposes of Plaintiffs' Rule 50(b) and Rule 59 motions.

In sum, Plaintiffs' desire to delay its payment of attorney fees as provided for under the contract does not tip any of the applicable factors towards a stay, and Plaintiffs' motion may be motivated more by their own strategic concerns than by any noble desire for judicial economy. Plaintiffs have not pointed to any case in which a court has stayed consideration of one post-trial motion in favor of resolving the post-trial motions in waves. Because no applicable factor favors a stay of briefing, Oki Electric respectfully requests that the Court deny Plaintiffs' motion, and address all of the post-trial motions concurrently under the present schedule.

1
2    Dated:  June 17, 2014                                  By:  /s/ *Marc R. Labgold*
3                                                                 Marc R. Labgold

4                                                                 *Attorney for Defendant*
                                                                  *OKI ELECTRIC INDUSTRY CO., LTD.*
5
6
7
...
28