1    MORGAN, LEWIS & BOCKIUS LLP
     BRETT M. SCHUMAN (SBN 189247)
2    bschuman@morganlewis.com
     RACHEL M. WALSH (SBN 250568)
3    rwalsh@morganlewis.com
     RYAN L. SCHER (SBN 244706)
4    rscher@morganlewis.com
     JEREMY N. LATEINER (SBN 238472)
5    jlateiner@morganlewis.com
     One Market, Spear Street Tower
6    San Francisco, CA  94105-1126
     Tel:    415.442.1000
7    Fax:    415.442.1001

8    Attorneys for Plaintiffs
     NavCom Technology, Inc. and Deere & Company
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13

14   NAVCOM TECHNOLOGY, INC. and          Case No. 5:12-cv-04175 EJD
     DEERE & COMPANY,
15                                         **PLAINTIFFS' OPPOSITION TO
                 Plaintiffs,               DEFENDANT'S RULE 50(b) MOTION
16                                         FOR JUDGMENT AS A MATTER OF
           vs.                             LAW**
17
     OKI ELECTRIC INDUSTRY CO., LTD. and   Date:        September 12, 2014
18   DOES ONE THROUGH TEN inclusive,       Time:        9:00 a.m.
                                           Courtroom:   4
19               Defendants.               Judge:       Hon. Edward J. Davila

20                                         **Trial Date:  April 22, 2014**

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
 ATTORNEYS AT LAW
 SAN FRANCISCO
                                                     PLAINTIFFS' OPPOSITION TO
     DB2/ 25145157.4                          DEFENDANT'S RULE 50(B) JMOL
                                                            5:12-CV-04175 EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION.

Defendant Oki Electric Industry Co., Ltd. ("Oki")'s three-page Rule 50(b) motion, Dkt. No. 332, should be denied in its entirety.

*First*, while the paper is captioned as a Rule 50(b) motion, Oki's primary argument is that Rule 50(b) does not apply to any of the issues addressed in Oki's Rule 50(b) motion. Oki argues that Fed. R. Civ. Proc. 49(a) controls now but, curiously, Oki does not ask the Court to take any action under Rule 49(a). *See* Dkt. No. 332 at 1:20-24.

*Second*, Oki's Rule 50(b) motion is procedurally deficient because it does include any argument or points and authorities in support of any relief and it is impermissibly vague on whether it seeks relief on anything other than Oki's novation and abandonment defenses, and on the issue of whether Plaintiff Deere & Company ("Deere") is a third-party beneficiary of the Agreement. Oki purports to "incorporate[] . . . by reference in its entirety" its brief in support of its Rule 50(a) motion, which was denied as moot. *See* Dkt. Nos. 323, 332 at 1:8-10; 5/8/2014 Trial Tr. at 1732:25-1733:8. To the extent the Court permits this procedure, Plaintiffs likewise incorporate by reference the responsive arguments and evidence in support of Plaintiffs' Rule 50(b) motion and Plaintiffs' Opposition to Oki's Rule 50(a) motion. *See* Dkt. Nos. 301, 330.

Finally, Plaintiffs understand Oki to be taking the position that all parties (including Oki) waived any right to a jury trial they may have had on issues that the jury did not reach. *See* Dkt. No. 332 at 1:20-22. While Plaintiffs disagree with Oki's position regarding the applicability of Fed. R. Civ. Proc. 49(a)(3), and waiver, Plaintiffs do not oppose resolution by the Court, as fact-finder, of any remaining factual issues following disposition of Plaintiffs' Rule 50(b) and Rule 59 motions.

## II. ARGUMENT.

### A. Oki's Motion Should Be Denied On Procedural Grounds On All Issues Other Than Novation, Abandonment, and Third-Party Beneficiary.

Oki's Rule 50(b) motion is procedurally flawed in that it purports to seek judgment as a matter of law on "all issues that were not decided by the jury's verdict, *including but not limited to the affirmative defenses of novation and abandonment, and the issue of plaintiff Deere & Company's*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25145157.4

1

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S RULE 50(B) JMOL
5:12-CV-04175 EJD

1    status as a third party beneficiary." *See* Dkt. No. 332 at 1:1-7 (italics added).  It is unclear what

2    Oki's "including but not limited to" reference encompasses. *See* Fed. R. Civ. P. 7(b)(1) (motion

3    must state "with particularity the grounds for seeking the order").  Accordingly, at a minimum,

4    Oki's motion should be denied on all issues raised in its Rule 50(a) motion other than novation,

5    abandonment, and third-party beneficiary.

6    **B.      Oki's Argument That The Parties Waived Their Right To A Jury Trial On**
     **Issues The Jury Did Not Reach Is Incorrect.**

7

8    Rule 49(a)(3) provides:

9    > A party waives the right to a jury trial on any issue of fact raised by
     > the pleadings or evidence but not submitted to the jury unless,
10   > ***before the jury retires***, the party demands its submission to the
     > jury. If the party does not demand submission, the court may make
11   > a finding on the issue. If the court makes no finding, it is considered
     > to have made a finding consistent with its judgment on the special
12   > verdict.

13   Fed. R. Civ. P. 49(a)(3) (emphasis added).

14       Here, Plaintiffs indisputably complied with Rule 49(a)(3) and preserved their right to a jury

15   trial on the issue of whether Deere is a third party beneficiary as well as Oki's affirmative defenses of

16   novation and abandonment, among others. *See e.g.,* Dkt. No. 211, 248, 303. In fact, in light of those

17   demands, as well as the demands of Oki, *see e.g.,* Dkt. Nos. 217, 246, 304, the special verdict form

18   submitted to the jury included questions on all of those issues. *See* Dkt. No. 318 (Verdict Form) at

19   Question #5, 6, 8.

20       Oki contends, however, that all parties waived a jury trial on the third party beneficiary,

21   novation and abandonment issues by failing to demand, ***after the jury had returned a verdict***,

22   that the verdict form be resubmitted to the jury to answer questions on those issues even though

23   the jury had been previously instructed not to answer those questions if it found no breach of

24   contract. *See* Dkt. No. 332 at 1:20-24.  Rule 49(a)(3) is focused exclusively on submission of

25   issues before the jury retires and does not address at all potential re-submission after the jury

26   returns its verdict.  Oki's reliance on *Goodwall Const. Co. v. Beers Const. Co.*, 991 F.2d 751 (Fed.

27   Cir. 1993), is misplaced.  *Goodwall* is a patent case from the Federal Circuit (where the Federal

28   Circuit was applying 11th Circuit procedural law) in which the jury found infringement based on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25145157.4

2

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S RULE 50(B) JMOL
5:12-CV-04175 EJD

1   literal infringement and therefore did not reach the issue of infringement under the doctrine of

2   equivalents. *Id.* at 754. The jury was instructed to answer "no" to all doctrine of equivalent questions

3   if it found literal infringement. *Id.* at 756-57. After the trial, out of concern for possible reversal on

4   literal infringement, the district court granted JMOL to the plaintiff on the doctrine of equivalents. *Id.*

5   at 754. On appeal, the Federal Circuit affirmed the district court's decision, but stated in dicta that the

6   district court should have invoked Rule 49(a) instead of Rule 50(b). *Id.* at 757.

7          *Goodwall* is not controlling and should not be followed for several reasons. *First*, *Goodwall*

8   is not the law in the Ninth Circuit. It has never been cited on this point by the Ninth Circuit or any

9   court in the Circuit. Indeed, on the issue Oki cites it for, it has only been cited once, by a subsequent

10  Federal Circuit case. *See Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1358 (Fed.

11  Cir. 2012). As such, this Court is not bound to follow it. *See O'Keefe v. Gillespie*, No. 2:11–CV–

12  02109–GMN, 2012 WL 367048, at *3 (D.Nev. Feb. 2, 2012) (district courts in the Ninth Circuit are

13  "bound to follow the holdings of the Ninth Circuit, not dicta from other circuits.").

14         *Second*, *Goodwall* was decided at a time when the procedural mechanism for a post-trial

15  motion to obtain judgment on a jury issue not decided by a verdict was, at least to some, unclear. In

16  2006, however, Rule 50 was amended to provide a deadline for a Rule 50(b) "motion [that] addresses

17  a jury issue not decided by the verdict." *See* Advisory Committee Notes for 2006 Amendments to

18  Fed. R. Civ. P. 50 ("an explicit time limit is added for making a post trial motion when the trial ends

19  without a verdict or with a verdict that does not dispose of all issues suitable for resolution by

20  verdict."). Thus, to the extent the Federal Circuit found the proper procedure for a motion such as this

21  to be unclear in 1993, the 2006 Amendment to Rule 50 clarified that Rule 50 is the proper procedure.

22         *Third*, *Goodwall* misinterprets Rule 49(a). The effect of Rule 49(a) is that: "A party's

23  omission of a fact issue in the special verdict form waives the right to a trial by jury on that issue

24  (unless, **before the jury retires to deliberate**, the party recognizes the error and demands

25  submission of the issue)." *See* Fed. Civ. Trials & Evid. (The Rutter Group 2013) § 18:40, pp. 8-

26  14–15 (emphasis added; citations omitted). This understanding of Rule 49(a) is consistent with

27  *Therrell v. Georgia Marble Holdings Corp.*, 960 F.2d 1555 (11th Cir. 1992), which *Goodwall*

28  cites for the proposition that "where neither party demands that an issue be presented to the jury,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25145157.4

3

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S RULE 50(B) JMOL
5:12-CV-04175 EJD

1    the parties consent to the court acting as a trier of fact on that issue and the court '[does] not issue

2    the equivalent of a directed verdict.'" *Goodwall*, 991 F.2d at 757 (quoting *Therrell*, 960 F.2d at

3    1563) (brackets in original).  That passage from *Therrell* states in its entirety: "Neither party

4    demanded that the statute of limitations issue be presented to the jury. They therefore consented

5    to the court acting as trier of fact on this issue, and the court ruled on the issue as a trier of fact; it

6    did not issue the equivalent of a directed verdict." *Therrell*, 960 F.2d at 1563.

7         As discussed previously, unlike *Therrell*, both parties in this case demanded that the third

8    party beneficiary, novation and abandonment issues be presented to the jury, and in fact they were

9    presented to the jury.  *See* Dkt. Nos. 211, 217, 246, 248, 303, 304 and 318.  Accordingly, there was

10   no waiver under Rule 49(a).

11       **C.    Oki's Motion Should Be Denied On The Merits For the Reasons Set Forth in**
         **Plaintiffs' Rule 50(b) Motion and Plaintiffs' Opposition to Oki's Rule 50(a)**
12       **Motion.**

13       Oki's motion simply incorporates by reference its brief in support of its Rule 50(a) motion

14   without further argument or support.  *See* Dkt. No. 332 at 1:8-10.  Plaintiffs likewise incorporate

15   by reference the responsive arguments and evidence discussed in Plaintiffs' Rule 50(b) motion

16   and Plaintiffs' Opposition to Oki's Rule 50(a) motion.  *See* Dkt. Nos. 301, 330.

17       Oki's Rule 50(b) motion mentions only its novation and abandonment defenses, and the

18   issue of Deere's status as a third-party beneficiary.  Dkt. No. 332 at 1:5-7.  Oki's motion should

19   be denied as to each issue:

20       • Novation.  Oki's argument that the 2006 amendment to the Agreement was a

21           "novation" fails as a matter of law.  *See* Dkt. No. 330 (Plaintiffs' Rule 50(b)

22           motion) at 16:16-17:2 (citing *Stinnett v. Damson Oil Corp.*, 648 F.2d 576 (9th Cir.

23           1981)); *see also* Dkt. No. 301 (Plaintiffs' Opposition to Oki's Rule 50(a) motion)

24           at 24:11-22;

25       • Abandonment.  Oki failed to adduce any evidence of a mutual intent to abandon

26           the Agreement.  Indeed, the evidence establishes that Oki unilaterally terminated

27           the Agreement long after the various dates when Oki contends the parties mutually

28           abandoned it.  *See* Dkt. No. 331-22 (PX 165, Oki's July 8, 2008 termination

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                                                  PLAINTIFFS' OPPOSITION TO
                                                                  DEFENDANT'S RULE 50(B) JMOL
                                                                  5:12-CV-04175 EJD

letter); Dkt. No. 330 at 17:3-21:3 (establishing that Plaintiffs, not Oki, are entitled

to JMOL on this purported defense); *see also* Dkt. No. 301 at 23:10-24:10.

- Deere's status as third-party beneficiary.  Plaintiffs adduced overwhelming

    evidence that Deere was the intended third-party beneficiary of the Agreement and

    that Oki knew this prior to entering into the Agreement.  Contrary to Oki's

    argument, Section 24 of the Agreement does not defeat Deere's status as a third-

    party beneficiary.  *See* Dkt. No. 301 at 17:1-18:19 (citing *Prouty v. Gores*

    *Technology Group*, 121 Cal.App.4th 1225 (2004)).

Again, to the extent Oki's Rule 50(b) motion purports to address other issues not

specifically addressed in Dkt. No. 332, and to the extent the Court is willing to consider those

issues, Plaintiffs respectfully incorporate and refer the Court to Plaintiffs' Opposition to Oki's

Rule 50(a) motion, which addresses all issues raised by Oki in its Rule 50(a) motion, and to

Plaintiffs' Rule 50(b) motion.  *See generally* Dkt. Nos. 301, 330.

## III.    CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Oki's Rule

50(b) motion.

Dated: June 19, 2014                                    MORGAN, LEWIS & BOCKIUS LLP


                                                        By: /s/ Brett M. Schuman
                                                            Brett M. Schuman
                                                            Attorneys for Plaintiffs
                                                            NavCom Technology, Inc. and Deere &
                                                            Company

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25145157.4

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S RULE 50(B) JMOL
5:12-CV-04175 EJD