1   MORGAN, LEWIS & BOCKIUS LLP
    BRETT M. SCHUMAN (SBN 189247)
2   bschuman@morganlewis.com
    RACHEL M. WALSH (SBN 250568)
3   rwalsh@morganlewis.com
    RYAN L. SCHER (SBN 244706)
4   rscher@morganlewis.com
    JEREMY N. LATEINER (SBN 238472)
5   jlateiner@morganlewis.com
    One Market, Spear Street Tower
6   San Francisco, CA  94105-1126
    Tel:    415.442.1000
7   Fax:    415.442.1001

8   Attorneys for Plaintiffs
    NavCom Technology, Inc. and Deere & Company
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14  NAVCOM TECHNOLOGY, INC. and         Case No. 5:12-cv-04175 EJD
    DEERE & COMPANY,
15                                      **PLAINTIFFS' OPPOSITION TO OKI**
                 Plaintiffs,            **ELECTRIC INDUSTRY CO., LTD.'S**
16                                      **MOTION FOR ATTORNEYS' FEES**
             vs.                        **AND COSTS**
17
    OKI ELECTRIC INDUSTRY CO., LTD. and
18  DOES ONE THROUGH TEN inclusive,     Courtroom:  4
                                        Judge:  Hon. Edward J. Davila
19               Defendants.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................. 1

II.  OKI IS NOT THE PREVAILING PARTY ..................................................... 1

III. OKI'S ATTORNEYS' FEES REQUEST IS UNSUPPORTED AND MUST BE
     DENIED .......................................................................................................... 1

     A.   Oki Fails To Provide Time Records Justifying The Hours Claimed To
          Have Been Expended And Its Motion Should Be Denied On That Basis
          Alone ...................................................................................................... 2

     B.   Oki Failed To Carry Its Burden To Prove That Its Attorneys' Rates Are
          Reasonable ............................................................................................. 8

IV.  OKI CANNOT RECOVER COSTS OUTSIDE OF CAL. CODE CIV. PROC.
     1033.5. ......................................................................................................... 11

V.   EVIDENTIARY OBJECTIONS PURSUANT TO CIV. L.R. 7-3(A) ........... 15

     A.   Declaration of Marc R. Labgold (Dkt. No. 333-5) ............................. 15

     B.   Declaration of David A. Makman (Dkt. No. 333-40) ......................... 16

VI.  CONCLUSION ............................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*APL Co. Pte. Ltd. v. UK Aerosols Ltd.*
   540 Fed. Appx. 692 (9th Cir. 2013)..........................................................................4

*Autodesk, Inc. v. Flores*
   No. 10-1917, 2011 U.S. Dist. LEXIS 11687 (N.D. Cal. Jan. 31, 2011)....................3

*Bailey v. County of Riverside*
   414 F.3d 1023 (9th Cir. 2005)..................................................................................1

*Blum v. Stenson*
   465 U.S. 886 (1984)...........................................................................................8, 10

*Bussey v. Affleck*
   225 Cal. App. 3d 1162 (1990)..........................................................................12, 13

*Cantrell v. Barnhart*
   No. 04-0645, 2005 U.S. Dist. LEXIS 46971 (N.D. Cal. Sept. 16, 2005)................15

*Carwash of America-Po v. Windswept Ventures No. 1*
   97 Cal. App. 4th 540 (2002)...................................................................................12

*Cataphora Inc. v. Parker*
   No. 09-5749, 2012 U.S. Dist. LEXIS 6449 (N.D. Cal. Jan. 20, 2012)...................13

*Chalmers v. City of Los Angeles*
   796 F.2d 1205 (9th Cir. 1986).........................................................................2, 4, 6

*Chemical Bank v. City of Seattle*
   19 F.3d 1291 (9th Cir. 1994)....................................................................................4

*Clarke v. American Commerce Nat'l Bank,*
   974 F.2d 127 (9th Cir. 1992)....................................................................................5

*Creative Design FZ, LLC v. Brown*
   No. 2:11-cv-08876, 2012 U.S. Dist. LEXIS 43739 (C.D. Cal. March 29, 2012) ....13

*Disney Enters. Inc. v. Stephen Slesinger, Inc.*
   499 Fed. Appx. 707 (9th Cir. 2012)..........................................................................3

*Dugan v. Lloyds TSB Bank*
   No. 12-02549, 2014 U.S. Dist. LEXIS 60852 (N.D. Cal. Apr. 24, 2014)................7

*Fischer v. SJB-P.D. Inc.*
   214 F.3d 1115 (9th Cir. 2000)..................................................................................1

*Gates v. Deukmejian*
   987 F.2d 1392 (9th Cir. 1992)..................................................................................2

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*GeoTag, Inc. v. Zoosk, Inc.*
   No. 13-0217, 2014 U.S. Dist. LEXIS 24782 (N.D. Cal. 2014) .................................................. 4

4

*Gibson v. Bobroff*
   49 Cal. App. 4th 1202 (1996) ...................................................................................................... 14

5

6

*Gonzalez v. City of Maywood*
   729 F.3d 1196 (9th Cir. 2013) ...................................................................................................... 4

7

*Gracie v. Gracie*
   217 F.3d 1060 (9th Cir. 2000) ...................................................................................................... 3

8

9

*Henderson v. J.M. Smucker Co.*
   No. 10-4524, 2013 U.S. Dist. LEXIS 87030 (E.D. Cal. June 19, 2013) ...................................... 5

10

*Hensley v. Eckerhart*
   461 U.S. 424 (1983) ................................................................................................................ 1, 2

11

12

*Herson v. City of Richmond*
   No. 09-2516, 2012 U.S. Dist. LEXIS 49761 (N.D. Cal. Mar. 9, 2012) ................................... 3, 8

13

*Hsu v. Semiconductor Systems, Inc.*
   126 Cal. App. 4th 1330 (2005) ............................................................................................ 11, 12

14

15

*Ibrahim v. Dep't of Homeland Sec.*
   No. 06-00545, 2014 U.S. Dist. LEXIS 53239 (N.D. Cal. Apr. 16, 2014) .................................... 7

16

*J & J Sports Prods., Inc. v. Constantino et al.*
   No. 10-4171, 2013 U.S. Dist. LEXIS 116238 (N.D. Cal. Aug. 15, 2013) ............................. 4, 10

17

18

*J&J Sports Prods. v. Lee Duong*
   No. 13-02002, 2014 U.S. Dist. LEXIS 52079 (N.D. Cal. Apr. 14, 2014) ............................. 8, 16

19

*James v. UMG Recordings, Inc.*
   No. C 11-1613 SI (MEJ), 2013 WL 5402045 (N.D. Cal. Sep. 26, 2013) .................................... 6

20

21

*Johannson v. Wachovia Mortgage, FSB*
   No. C 11-02822 WHA, 2012 WL 2793204 (N.D. Cal. July 9, 2012) .......................................... 2

22

*Jordan v. Multnomah County*
   815 F.2d 1258 (9th Cir. 1987) .................................................................................................... 11

23

24

*Ketchum v. Moses*
   24 Cal. 4th 1122 (2001) ................................................................................................................ 6

25

*Knight v. Virga*
   No. 10-00276, 2014 U.S. Dist. LEXIS 81655 (N.D. Cal. June 16, 2014) .................................... 3

26

27

*Krug v. Wells Fargo Bank, N.A.*
   No. 11-CV-5190, 2012 U.S. Dist. LEXIS 111594 (N.D. Cal. Apr. 8, 2012) ............................... 6

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Ladas v. California State Auto. Assn.*
    19 Cal. App. 4th 761 (1993) ............................................................. 14

*Lucasfilm, Ltd. v. Toys*
    11-01639, 2012 U.S. Dist. LEXIS 28095 (N.D. Cal. Mar. 2, 2012) ....................... 13

*MGIC Indem. Corp. v. Weisman*
    803 F.2d 500 (9th Cir. 1986) ............................................................. 4

*MRO Communs., Inc. v. AT&T Co.*
    197 F.3d 1276 (9th Cir. 1999) ............................................................ 11

*Perko's Enterprises, Inc. v. RRNS Enterprises*
    4 Cal. App. 4th 238 (1992) .............................................................. 14

*Postier v. La.-Pac. Corp.*
    No. 09-cv-03290, 2014 U.S. Dist. LEXIS 33611 (N.D. Cal. March 13, 2014) ................ 3, 8

*RD Legal Funding, LLC v. Erwin & Balingit, LLP*
    No. 08-597, 2011 U.S. Dist. LEXIS 2137 (S.D. Cal. Jan. 10, 2011) ...................... 12

*Ripley v. Pappadopoulos*
    23 Cal. App. 4th 1616 (1994) ........................................................... 14

*Science Applications Internat. Corp. v. Superior Court*
    39 Cal. App. 4th 1095 (1995) ........................................................... 14

*Sorenson v. Mink*
    239 F.3d 1140 (9th Cir. 2001) ........................................................... 7

*Stenzor v. Leon*
    130 Cal. App. 2d 729 (1955) ............................................................ 15

*Stonebrae, L.P. v. Toll Bros.*
    No. 08-221, 2011 U.S. Dist. LEXIS 39832 (N.D. Cal. Apr. 7, 2011) .................. 9, 11, 13

*Toll Bros., Inc. v. Chang Su-O Lin*
    No. 08-987, 2009 U.S. Dist. LEXIS 58041 (N.D. Cal. June 25, 2009) ..................... 13

*Trs. ex rel. Teamsters Ben. Trust v. Coastside Scavenger Co.*
    No. 11-05316, 2012 U.S. Dist. LEXIS 42125 (N.D. Cal. Mar. 26, 2012) ................... 10

*United States v. 1. $ 1,379,879.09 Seized from Bank of Am.*
    374 Fed. Appx. 709 (9th Cir. 2010) ...................................................... 5

*United States v. Amlani*
    169 F.3d 1189 (9th Cir. 1999) ........................................................... 5

*United Steelworkers of America v. Phelps Dodge Corp.*
    896 F.2d 403 (9th Cir. 1990) ............................................................ 8

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Welch v. Metro. Life Ins. Co.*
   480 F.3d 942 (9th Cir. 2007) .................................................................................... 2

*Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co.*
   No. C–97–2208 MHP, 1998 WL 196472 (N.D. Cal. April 9, 1998) ...................................... 14

*Winterrowd v. Am. Gen. Annuity Ins. Co.*
   556 F.3d 815, 825 (9th Cir. 2009) ............................................................................ 7

*Zynga Game Network Inc. v. Erkan et al.*
   No. 09-3264, 2010 U.S. Dist. LEXIS 97676, *5 (N.D. Cal. Aug. 31, 2010) ......................... 3, 7

**Statutes**

Cal. Code Civ. Proc. 1033.5 .................................................................................. passim

**Other Authorities**

28 U.S.C. § 1746(2) ............................................................................................ 15

**Rules**

Civ. L.R. 11-3(A)(1) ............................................................................................ 7

Civ. L.R. 54-5 ..............................................................................................2, 3, 8, 15

Civ. L.R. 7-3(**a**) ............................................................................................. 15

FED. R. CIV. P. 36 ............................................................................................... 6

FED. R. CIV. P. 54 ............................................................................................... 1

FED. R. EVID. 402 .............................................................................................. 16

FED. R. EVID. 602 ........................................................................................... 15, 16

FED. R. EVID. 701-703 ..................................................................................... 15, 16

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

## I.      INTRODUCTION.

Defendant Oki Electric Industry Co. Ltd.'s ("Oki") bloated and unsupported motion for attorneys' fees and costs (Dkt. No. 333-3) should be denied.  *First*, Oki is not the prevailing party, and if Plaintiffs' pending post-trial motions are granted in any respect Oki's motion is most likely moot.  *Second*, Oki seeks a whopping $3,380,688 in attorneys' fees and $297,405 in nontaxable costs (on top of the $186,453.22 in purportedly taxable costs it seeks separately (Dkt. No. 333-21)), yet fails to provide even the most basic evidentiary support for this request.  Oki failed to provide any of the documentation or affidavits required by controlling caselaw or the Local Rules.  *Third*, Oki's motion seeks fees and costs that are barred by law.

## II.     OKI IS NOT THE PREVAILING PARTY.

The basis for Oki's fees request is the attorneys' fees clause in the contract-at-issue, which permits fees to be awarded to "the prevailing party."  PX125 at OKI_LW_008274; *see* Dkt. No. 333-3 at 9 (quoting attorneys' fees clause).  Likewise, the basis for Oki's costs request – Fed. R. Civ. P. 54(d)(1) – requires that Oki be "the prevailing party."  FED. R. CIV. P. 54(d)(1).  While the jury returned a verdict in Oki's favor, Oki's status as the prevailing party depends on the outcome of Plaintiffs' post-trial motions for judgment as a matter of law, and for a new trial.  *See* Dkt. No. 327 at 1-2 (Objections to Oki's Proposed Judgment) (requesting that the Court strike "As the prevailing party" from Oki's [Proposed] Judgment on this ground); Dkt. No. 328 (Judgment) ("As the prevailing party" language stricken from Judgment); *see also Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005).

## III.    OKI'S ATTORNEYS' FEES REQUEST IS UNSUPPORTED AND MUST BE DENIED.

To determine reasonable attorneys' fees, the court should "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To determine a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours claimed by the applicant were

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

1

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1   unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th

2   Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the

3   award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable

4   rate for each attorney, the court must look to the rate prevailing in the community for similar

5   work performed by attorneys of comparable skill, experience and reputation. *Chalmers*, 796 F.2d

6   at 1210-11.

### A.  Oki Fails To Provide Time Records Justifying The Hours Claimed To Have Been Expended And Its Motion Should Be Denied On That Basis Alone.

8   As the party seeking fees, Oki has the burden of proving the number of hours reasonably

9   expended in the litigation. *See Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992);

10  *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("The initial determination of

11  reasonable attorney's fees is calculated by multiplying the number of hours reasonably expended

12  on litigation by a reasonable hourly rate. In determining reasonable hours, counsel bears the

13  burden of submitting detailed time records justifying the hours claimed to have been expended.")

14  (internal citation omitted). The evidence submitted by the fee applicant must be sufficient to

15  permit the Court to determine how much time was spent on particular activities. *Welch v. Metro.*

16  *Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007); *see also* Civ. L.R. 54-5.

17  Local Rule 54-5(b) requires a motion for attorneys' fees to be supported by a declaration

18  or affidavit containing, inter alia, "[a] statement of the services rendered by *each person* for

19  whose services fees are claimed together with a summary of the time spent by each person, and a

20  statement describing the manner in which time records were maintained." Civ. L.R. 54-5(b)(2)

21  (emphasis added). Oki fails to satisfy any of these requirements. Oki's minimal, unexplained

22  chart (Dkt. No. 333-5 (Labgold Decl.) ¶ 11), and its empty statement that its "time records were

23  maintained in the accepted and customary manner so as to allow for the timely billing of fees

24  incurred" fall far short of the local rule requirements. Dkt. No. 333-5 (Labgold Decl.) ¶ 12.

25  Oki's failure to comply with Local Rule 54-5(b) warrants denial of Oki's motion. *Johannson v.*

26  *Wachovia Mortgage, FSB*, No. C 11-02822 WHA, 2012 WL 2793204, at *1 (N.D. Cal. July 9,

27  2012) (denying motion for attorneys' fees for failure to comply with Civ. L.R. 54-5); *Herson v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

2

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1  *City of Richmond*, 09-2516, 2012 U.S. Dist. LEXIS 49761, at *13-14 (N.D. Cal. Mar. 9, 2012)

2  (magistrate's recommendation to deny Plaintiffs' motion "based on their failure to comply with

3  the local rules" where court listed requirements of Civ. L.R. 54-5, and noted that "Plaintiffs

4  provided none of this information and did not offer any explanations for their failure to do so.  A

5  court may impose sanctions for a failure to comply with the local rules."), *report and*

6  *recommendation adopted*, 2012 U.S. Dist. LEXIS 49728 (N.D. Cal. Apr. 6, 2012).

7        Further, Oki's motion should be denied because it failed to submit *any* documentation

8  supporting its fee request.  Neither Plaintiffs nor the Court can assess the reasonableness of Oki's

9  fee request given the lack of any supporting documentation.  *See Autodesk, Inc. v. Flores*, No. 10-

10  1917, 2011 U.S. Dist. LEXIS 11687, at *29 (N.D. Cal. Jan. 31, 2011) (denying plaintiff's request

11  for attorneys' fees and costs because plaintiff "has not submitted billing records or a table of costs

12  for the Court's review.  Without this information, the Court cannot determine whether the fees

13  and costs requested are reasonable.") (citing *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir.

14  2000) (requiring district court to analyze time records and make specific findings at to the

15  reasonableness of the rates and hours awarded)); *Zynga Game Network Inc. v. Erkan et al.*, No.

16  09-3264, 2010 U.S. Dist. LEXIS 97676, at *5 (N.D. Cal. Aug. 31, 2010) (denying motion for fees

17  and costs "for lack of clarity and specificity" where plaintiff failed to attach "actual billing

18  records"); *Postier v. La.-Pac. Corp.*, No. 09-cv-03290, 2014 U.S. Dist. LEXIS 33611, at *7-8

19  (N.D. Cal. March 13, 2014) (denying motion for attorneys' fees and costs for failure to provide

20  required evidence: "The evidence submitted in support of the Motion for Attorneys' Fees and

21  Costs is insufficient.  The evidence merely provides a one-sentence summary of the tasks

22  performed by each attorney who worked on the case and the hourly rate normally charged by that

23  attorney.  There are no billing records, which makes it impossible for the Court to determine

24  whether the hours expended on the litigation were reasonable. . . .  Accordingly, LP has not met

25  its burden of establishing any particular award of reasonable attorneys' fees.); *Disney Enters. Inc.*

26  *v. Stephen Slesinger, Inc.*, 499 Fed. Appx. 707, 708 (9th Cir. 2012) (unpublished)[1] (affirming

27  

28  

---

[1] "Under Ninth Circuit Rule 36-3(a), unpublished appellate decisions are not precedential but may be cited as persuasive authority."  *Knight v. Virga*, No. 10-00276, 2014 U.S. Dist. LEXIS 81655, *10 fn 5 (N.D. Cal. June 16, 2014) (citing numerous unpublished Ninth Circuit opinions); *see*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25162091.6

3

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1   district court's refusal to permit defendant to submit additional billing records and denial of

2   defendant's fee application in its entirety "because the application was vague and overreaching").

3       Oki has plainly failed to carry its burden to prove the reasonableness of its fee request.

4   "In determining reasonable hours, counsel bears the burden of submitting detailed time records

5   justifying the hours claimed to have been expended." *J & J Sports Prods., Inc. v. Constantino et

6   al.*, No. 10-4171, 2013 U.S. Dist. LEXIS 116238, at *3 (N.D. Cal. Aug. 15, 2013) (denying

7   request for fees because fee applicant "failed to sustain its burden to demonstrate that the fee

8   award is reasonable") (citing *Chalmers*, 796 F.2d at 1210); *see also Gonzalez v. City of Maywood*,

9   729 F.3d 1196, 1202 (9th Cir. 2013) ("The prevailing party has the burden of submitting billing

10  records to establish that the number of hours it has requested are reasonable."); *Chemical Bank v.

11  City of Seattle*, 19 F.3d 1291, 1305-1306 (9th Cir. 1994) ("The party petitioning for attorneys'

12  fees bears the burden of submitting detailed time records justifying the hours claimed to have

13  been expended. . . . Thus, the Berger firm bore the risk of failing to provide adequate back-up

14  documentation for its fee request. . . .  It also follows that the district court was neither obligated

15  to explain what type of records should be submitted, nor to request additional information. The

16  burden of presenting the appropriate fee documentation rests squarely on the shoulders of the

17  attorneys seeking the award.") (internal quotation and citation omitted).

18      Oki's offer to provide the Court (but not Plaintiffs) with its attorneys' time sheets for *in

19  camera* review fails to satisfy the Federal and Local Rules and ***violates controlling Ninth Circuit***

20  ***law requiring that time sheets be provided to the party opposing the motion for fees***.  Dkt. No.

21  333-3 (Mot.) 19:12-14; *see MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986)

22  (finding error where district court made fee determination upon review of time sheets *in camera*

23  alone without providing them to party opposing fee motion); *APL Co. Pte. Ltd. v. UK Aerosols

24  Ltd.*, 540 Fed. Appx. 692, 693 (9th Cir. 2013) (unpublished) ("The district court awarded attorney

25

26  *also GeoTag, Inc. v. Zoosk, Inc.*, No. 13-0217, 2014 U.S. Dist. LEXIS 24782, *9 (N.D. Cal.

27  2014) ("While unpublished and thus not-binding on this Court, the Ninth Circuit's order in
    Pittman may be used as persuasive authority and indicates how the Ninth Circuit applies binding

28  authority.") (internal quotation and citation omitted) (discussing unpublished Ninth Circuit
    opinion).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

4

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

fees to APL after conducting an in camera review of APL's billing records. However, the district court conducted its in camera review without ruling that the records were privileged. The district court abused its discretion by reviewing the billing records in camera and denying Valley Forge the opportunity to raise specific objections to those records."); *United States v. 1. $ 1,379,879.09 Seized from Bank of Am.*, 374 Fed. Appx. 709, 711 (9th Cir. 2010) (unpublished) (vacating fee award, finding the "district court abused its discretion when it reviewed the billing records in camera and denied the government the opportunity to raise specific objections to the billing records," remanding because "the government must have access to the billing records underlying the fee request, including the specific descriptions of services rendered . . . . The government then must have an opportunity to object to the fee request."); *see also United States v. Amlani*, 169 F.3d 1189, 1194 (9th Cir. 1999) ("The attorney billing records requested in the challenged subpoenas are not protected by the attorney-client privilege. This Court has stated that 'our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.'") (quoting *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 130 (9th Cir. 1992)). Oki's refusal to provide Plaintiffs with *any* detailed information regarding the requested fees deprives Plaintiffs of the ability to adequately evaluate, respond, and object to Oki's motion.

In arguing that "the number of hours that Oki Electric's attorneys spent defending this case is reasonable," Oki provides its own (inaccurate) version of the history of this case, and vaguely references aspects of the case for which Oki suggests it spent many hours on. *See generally*, Mot. at 13-18. But the question is *not* whether the *total* number of hours spent by Oki's attorneys is "reasonable." The question is whether the number of hours that Oki's attorneys spent on *individual tasks* is reasonable. *Henderson v. J.M. Smucker Co.*, No. 10-4524, 2013 U.S. Dist. LEXIS 87030, at *4 (E.D. Cal. June 19, 2013) ("At this time, however, we cannot determine whether the requested fee amount is reasonable, given that the billing records are organized by timekeepers, rather than by tasks. *As a result, we cannot determine the total hours spent on a particular task, much less decide whether the hours are reasonable in light of the complexity of*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

5

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

*the task.*") (emphasis added); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986) (in determining a reasonable fee award, evaluating hours expended *by task*, and downward-adjusting hours based on whether the hours spent were reasonable in light of the *task*); *Krug v. Wells Fargo Bank, N.A.*, No. 11-CV-5190, 2012 U.S. Dist. LEXIS 111594, at *5 (N.D. Cal. Apr. 8, 2012) ("In calculating a reasonable number of hours, the applicant must justify his or her claim by submitting detailed time records.").[2]

Even though Oki failed to provide detailed support for its fee request, it is clear from what little detail Oki did provide that at least some of the claimed fees are not recoverable as a matter of law.  For example, Oki retained *__four__* law firms in this case, the last one (Shaw Keller LLP) as recently as March 2014 – one month before trial.  Dkt. No. 333-5 (Labgold Decl.) ¶ 10, Dkt. No. 243 (3/24/2014 Order granting Pro Hac Vice App.).  Shaw Keller's attorneys and paralegals purportedly worked on the case for 941.5 hours on the eve of trial through trial.  *See* Dkt. No. 333-5 (Labgold Decl.), Ex. B.  Oki does not contend, nor could it, that Shaw Keller's five attorneys and two paralegals did not spend time "getting up to speed" on a case that had been pending for years, and was about to go to trial in less than a month.  Such time is duplicative, and not recoverable.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or

---

[2]  Plaintiffs disagree with Oki's claim that "this was not a simple contract case, but instead was difficult and contentious, and Plaintiffs were responsible for much of its contentious nature." Dkt. No. 333-3 (Mot.) 14:10-11.  Plaintiffs did not pursue "frequently-shifting theories of the case" (Mot. at 14:25), as the Court previously recognized in denying Oki's Motion in Limine No. 6 (Dkt. No. 238), which made the same baseless claim.  Dkt. No. 266 (Order).  Oki's reference to time spent cross-examining witnesses regarding its statute of limitations defense (Mot. at 15:7-15), which Plaintiffs successfully *defeated*, also fails to justify its fee request.  Oki's claim that Plaintiffs raised and then abandoned an unjust enrichment theory (Mot. at 4:24-28) also fails to justify its fee request because (1) the claim was not abandoned, but rather reserved for closing argument and jury consideration during the separate damages phase under the Court's bifurcation, and (2) Oki has plainly failed to carry its burden of proving how much it spent responding to this claim.  Oki also cannot justify its fee request by pointing to a handful of Plaintiffs' responses to Oki's 173 Requests for Admission (Mot. at 15:16-17:7; *see* Dkt. No. 333-5 (Labgold Decl.) Exs. I-J (RFAs)) because (1) for many of the RFAs that Oki identifies, Plaintiffs provided qualified admissions or denials that comply with the rules, *see* FED. R. CIV. P. 36(a)(4); *James v. UMG Recordings, Inc.*, No. C 11-1613 SI (MEJ), 2013 WL 5402045, at *2 (N.D. Cal. Sep. 26, 2013) (finding RFA responses adequate where respondent made qualified, rephrased responses to RFAs asking them to admit to propounding parties interpretation of a contract); (2) Oki cannot establish that it proved anything that Plaintiffs wrongfully refused to admit, and (3) Oki fails to identify the amount of fees it reasonably incurred proving any fact that Plaintiffs allegedly should have but did not admit.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

6

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

duplicative efforts is not subject to compensation."); *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (remanding fee award "with instructions that the district court (1) make a finding concerning the number of hours that 'are documented inadequately and reflect duplicative efforts and excessive staffing,' (2) make a finding as to which lawyers billed those hours, and (3) deduct those hours from its calculation of the hours that Plaintiffs' counsel 'reasonably expended' on this action."). Yet, according to Oki's Motion, not a single minute of time was discounted from Shaw Keller LLP's bills. Dkt. No. 333-5 (Labgold Decl.) ¶ 22, Ex. C (Discounts); *see Ibrahim v. Dep't of Homeland Sec.*, No. 06-00545, 2014 U.S. Dist. LEXIS 53239, at *31 (N.D. Cal. Apr. 16, 2014) (ordering fee applicant to revise fee submissions "to account for good billing judgment" for inefficiencies and overstaffing); *Dugan v. Lloyds TSB Bank*, No. 12-02549, 2014 U.S. Dist. LEXIS 60852, at *15 (N.D. Cal. Apr. 24, 2014) ("fees for the seven non-partner attorneys must be reduced to account for getting up to speed, duplication, and inefficiencies").

As another example, Oki may not recover attorneys' fees for any work allegedly done by Messrs. Akashi and Yasutomo because they do not meet the legal qualifications to be admitted *pro hac vice* in the Northern District of California. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009) (recovery for attorneys' fees not permitted for attorneys who do not meet the legal qualifications to be admitted *pro hac vice*). Messrs. Akashi and Yasutomo are Japanese attorneys, admitted to the Japan Bar and the Second Tokyo Bar – but are not admitted to any bar in the United States. *See* Dkt. No. 333-5 (Labgold Decl.), Ex. H. Local Rule 11-3(A)(1), governing application for *pro hac vice*, requires that the applicant be "an active member in good standing of the bar of a United States Court or of the highest court of another State or the District of Columbia . . . ." Civ. L.R. 11-3(A)(1). Thus, Messrs. Akashi and Yasutomo do not meet the legal qualifications to be admitted *pro hac vice*, and Oki may not recover attorneys' fees for these attorneys. *Winterrowd*, 556 F.3d at 825.[3]

In sum, Oki's failure to provide any time records or the information required by Local Rule 54-5 merits wholesale denial of its motion for fees. *Zynga Game Network Inc. v. Erkan et*

---

[3] Because Oki did not provide proper supporting documentation, Plaintiffs cannot know if there are other unrecoverable fees in Oki's fee request. Plaintiffs reserve the right to object to other aspects of Oki's fee request.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25162091.6

7

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

*al.*, No. 09-3264, 2010 U.S. Dist. LEXIS 97676, at *5 (N.D. Cal. Aug. 31, 2010) (denying motion for fees and costs "for lack of clarity and specificity" where plaintiff failed to attach "actual billing records"); *Postier v. La.-Pac. Corp.*, No. 09-cv-03290, 2014 U.S. Dist. LEXIS 33611, at *7-8 (N.D. Cal. March 13, 2014) (denying motion for attorneys' fees and costs for failure to provide required evidence); *Herson v. City of Richmond*, No. 09-2516, 2012 U.S. Dist. LEXIS 49761, at *13-14 (N.D. Cal. Mar. 9, 2012) (magistrate's recommendation to deny Plaintiffs' motion based on failure to comply with Civ. L.R. 54-5), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 49728 (N.D. Cal. Apr. 6, 2012).

### B.   Oki Failed To Carry Its Burden To Prove That Its Attorneys' Rates Are Reasonable.

Oki failed to prove the reasonableness of its attorneys' hourly rates. Under the Local Rules, Oki was required (but failed) to provide an affidavit with a "brief description of the relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of services." Civ. L.R. 54-5(b)(3). Additionally, the "burden is on the fee applicant to produce satisfactory evidence *-- in addition to the attorney's own affidavits* -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984) (emphasis added). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Oki fails to provide a "brief description of the relevant qualifications and experience" of its timekeepers as required by the Local Rules. *See* Civ. L.R. 54-5(b)(3). Without this very basic information about each time-keeper's "relevant qualifications and experience," Plaintiffs cannot properly assess whether the rates set forth in Oki's chart (Mot. 5-6) are reasonable. To meet the minimum requirements of this rule, Oki *should* have provided a *curriculum vitae* of each timekeeper. *See, e.g.*, *Stonebrae, L.P. v. Toll Bros.*, No. 08-221, 2011 U.S. Dist. LEXIS 39832, at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25162091.6

8

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

*26 (N.D. Cal. Apr. 7, 2011).  Instead, however, Oki attached printouts of what Oki characterizes

as "biographical information," regarding its attorneys "as retrieved from their websites."  Dkt.

No. 333-5 (Labgold Decl.) ¶ 23, Ex. H (Printouts).[4]  These printouts fall far short of the

requirement of the Local Rules.  First, Oki does not even provide "printouts" for all of the

attorneys who purportedly worked on this matter.  *See* Ex. H (missing information for "J.

Zimmerman," a "litigation services attorney").[5]  Second, many of these printouts contain minimal

information regarding the attorneys' "relevant qualifications and experience."  For example, the

entirety of the information provided for Steven Bryan, a Tokyo-based attorney who billed 92.4

hours, is his educational background (degrees, dates, and schools), and that he is admitted to the

California bar.  *See* Dkt. No. 333-5 (Labgold Decl.), Ex. H.  There is no explanation of what his

"relevant qualifications and experience are," such as his employment history, his legal

experience, or even his experience working on U.S. litigation.  *Id.*[6]  Third, Oki fails to provide

*any* information regarding any of the **six** paralegals that billed over 1,500 hours to this case.  *See*

*Stonebrae, L.P. v. Toll Bros*., No. 08-221, 2011 U.S. Dist. LEXIS 39832, at *27 (N.D. Cal. Apr. 7

2011) (excluding hours spent by timekeepers whose qualifications were inadequately described

and fee seeker failed to provide *curriculum vitae*: "The Court finds that Stonebrae has failed to

meet its burden to present adequate records with respect to these timekeepers, and will remove

their time, 459.6 hours in total, from the lodestar").

The only descriptive information Oki provides regarding the <u>twenty-one</u> attorneys who

worked on this case is Mr. Labgold's declaration stating: "each of the attorneys involved is a

---

[4] Oki's unexplained chart listing its timekeepers and their purported years of "experience" (*see* Dkt. No. 333-5 (Labgold Decl.) ¶ 11) is particularly perplexing upon review of these printouts. For example, the chart in Mr. Labgold's own declaration states that Mr. Labgold has "23 years" of experience.  But Mr. Labgold's printout (Ex. H) states that he received his J.D. in 1995 – he has 19 years of experience *practicing law*.  Oki fails to explain why it included four years of non-legal experience for Mr. Labgold in the chart (and whether this is true for other timekeepers), what this experience pertained to, and why this experience should factor into the Court's reasonable fee determination.
[5] J. Zimmerman was not admitted pro hac vice to represent Oki in this case.  Decl. of Brett M. Schuman in Supp. of Plaintiffs' Opp. to Oki's Mot. for Attorneys' Fees ("Schuman Decl.") ¶ 2. Plaintiffs never interacted with him during the course of the litigation, and were unaware he/she did any work on the case prior to receipt of Oki's motion.  *Id.*
[6] Plaintiffs never interacted with Steven Bryan during the course of the litigation and were unaware he did any work on the case prior to receipt of Oki's motion.  Schuman Decl. ¶ 3.

9

1   skilled litigator with experience in complex civil litigation, and with trial experience in large

2   cases of this nature.  Many of the attorneys further possessed Japanese language skills, experience

3   in dealing with Japanese clients, and specialized knowledge relevant to the case which further

4   facilitated Oki Electric's successful defense."  Dkt. No. 333-5 (Labgold Decl.) ¶¶ 42-43.  It is not

5   credible that, for example, Mr. Stob, who only possessed *two years of experience* when working

6   on this case (*see* Mot. at 6), was a "skilled litigator with experience in complex civil litigation,

7   and with trial experience in large cases of this nature."[7]  Mr. Labgold's blanket statement, which

8   purports to describe all twenty-one attorneys that are the subject of Oki's fee request, is not

9   credible and does not satisfy the Local Rule requirements.

10       Oki also fails to provide any *competent* evidence establishing that these attorneys' rates

11   are reasonable and in line with those prevailing in the community for similar services by lawyers

12   of reasonably comparable skill, experience, and reputation.  *Blum v. Stenson,* 465 U.S. 886, 896

13   (1984).  Oki's self-serving declarations are insufficient to satisfy this burden.  *See* Dkt. No. 333-5

14   (Labgold Decl.) ¶ 43 ("The attorneys' charges (rates and amounts billed) are typical for

15   commercial litigation in California."); Dkt. No. 333-40 (Makman Decl.) ¶ 2 ("I have reviewed the

16   fees, hourly rates, and costs described in our Motion for Attorney Fees and our Bill of Costs and,

17   in my view, those fees and costs are reasonable and consistent with the fees ordinarily charged for

18   business litigation of this nature in this District and in San Jose, California."); *Trs. ex rel.*

19   *Teamsters Ben. Trust v. Coastside Scavenger Co.*, 11-05316, 2012 U.S. Dist. LEXIS 42125, at *3

20   (N.D. Cal. Mar. 26, 2012) ("an attorney's declaration regarding the reasonableness of his or her

21   own rate, standing alone, is insufficient to meet the fee applicant's burden."); *J & J Sports Prods.*

22   *v. Ulises Constantino Napuri*, 10-04171, 2013 U.S. Dist. LEXIS 116238, at *7 (N.D. Cal. Aug.

23   15, 2013) (denying fee award, in part, because: "Plaintiff has made no effort to demonstrate that

24   the hourly rates charged are reasonable in the Northern District of California. Plaintiff did not

25   submit an affidavit from any attorney that worked on this case or from any other attorney

26   attesting to the prevailing rates in the Northern District of California for 'similar services by

---

[7] Mr. Stob was not admitted pro hac vice to represent Oki in this case.  Schuman Decl. ¶ 4.
Plaintiffs never interacted with him during the course of the litigation, and were unaware he did
any work on the case prior to receipt of Oki's motion.  *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

10

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1  lawyers of reasonably comparable skill, experience and reputation.'"); *Jordan v. Multnomah*

2  *County*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee applicant has the burden of producing

3  satisfactory evidence, *in addition to the affidavits of its counsel*, that the requested rates are in line

4  with those prevailing in the community for similar services of lawyers of reasonably comparable

5  skill and reputation.") (emphasis added).  Mr. Labgold is not competent to testify regarding the

6  attorney rates that "are typical for commercial litigation in California" and, even if he was, his

7  conclusory statement is insufficient to carry Oki's burden of proof.[8]  Mr. Makman likewise fails

8  to provide any foundation for his conclusory and self-serving assertion that the hourly rates Oki is

9  seeking to have the Court approve are reasonable.

10  **IV.    OKI CANNOT RECOVER COSTS OUTSIDE OF CAL. CODE CIV. PROC.
           1033.5.**

11
12          Oki argues, incorrectly, that it is entitled to "all" of its costs in this action, totaling

13  $297,405 in nontaxable costs (on top of the $186,453.22 in purportedly taxable costs it seeks

14  separately (Dkt. No. 333-21)).  Mot. 10:6-16, 19:17-20.  This is a diversity action.  In diversity

15  actions state law determines whether non-taxable costs are recoverable.  *See MRO Communs.,*

16  *Inc. v. AT&T Co.,* 197 F.3d 1276, 1281-82 (9th Cir. 1999).  It is well-established that "an

17  undefined general contractual provision entitling the prevailing party to 'reasonable attorney's

18  fees and costs' must be interpreted in light of Code of Civil Procedure section 1033.5's limited

19  definition of costs."  *Hsu v. Semiconductor Systems, Inc*., 126 Cal. App. 4th 1330, 1341 (2005);

20  *see Stonebrae, L.P. v. Toll Bros.*, No. 08-0221, 2011 U.S. Dist. LEXIS 39832, at *58-64 (N.D.

21  Cal. Apr. 7, 2011) (construing Rule 68 offer for "[c]osts incurred by plaintiffs through the date of

22  this offer" to mean costs allowable under Section 1033.5 only, where the wording did not

23  disavow the application of § 1033.5, and contained only non-specific language referencing

24  "costs") (citing *Hsu*, 26 Cal. App. 4th at 1341), *aff'd*, 521 Fed. Appx. 592 (9th Cir. 2013)

25  (unpublished) ("Nothing in the language of the offer suggests that the parties intended to diverge

26  from the costs allowed by § 1033.5."); *see also RD Legal Funding, LLC v. Erwin & Balingit,*

27  ───────────────────
    [8] Mr. Labgold's declaration is insufficient for the additional reason his statement is not tailored to
28  the Northern District of California.  *See J&J Sports Prods. v. Lee Duong*, No. 13-02002, 2014
    U.S. Dist. LEXIS 52079, at *8-9 (N.D. Cal. Apr. 14, 2014) .

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

11

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1   *LLP*, No. 08-597, 2011 U.S. Dist. LEXIS 2137, at *14 (S.D. Cal. Jan. 10, 2011) ("The costs

2   recoverable pursuant to a contract provision under section 1717(a) are circumscribed by

3   California Code of Civil Procedure Section 1033.5, unless the requesting party proves at trial that

4   the contracting parties intended a broader scope of allowable costs").  Faced with similar contract

5   provisions permitting recovery of "all" costs, courts have limited recovery to costs allowable

6   under Section 1033.5.  *See, e.g.*, *Carwash of America-Po v. Windswept Ventures No. 1*, 97 Cal.

7   App. 4th 540, 542 (2002) (emphasis added) (limiting costs to those recoverable under Section

8   1033.5 where contract provision read: "In the event any dispute between Buyer and Seller should

9   result in litigation, the prevailing party shall be reimbursed for ***all*** reasonable costs incurred in

10  connection with such litigation, including, without limitation, reasonable attorneys' fees.")

11  (emphasis added).

12          Oki's reliance on *Bussey v. Affleck*, 225 Cal. App. 3d 1162 (1990) for the proposition that

13  it may recover costs outside of Section 1033.5 because they were "billed separately," per "the

14  prevailing practice in the community" is misplaced.  *See* Dkt. No. 333-3 (Mot.) at 10:10-14.  In

15  *Bussey*, the court reasoned that the parties to the contract assumed that costs that would not be

16  allowable under statute would, nonetheless, be available as a component of attorneys' fees to the

17  extent these expenses were customarily billed to the client.  *Bussey*, 225 Cal. App. 3d at 1167.

18  *Bussey* has been widely ***rejected*** by California courts and was ***disavowed*** by the same court that

19  decided it in *Hsu v. Semiconductor Systems, Inc.*, 126 Cal. App. 4th 1330, 1342 (2005).  Under

20  California law, costs beyond those allowed under Section 1033.5 are ***not*** recoverable as an

21  element of attorneys' fees:

22          Nor may the disputed costs be awarded to plaintiff as an element of
            attorney fees under the rationale that the expenses were disbursed
23          by the attorneys in the course of litigation.  We disavow this court's
            previous adoption of that view as an unwarranted conflation of fees
24          and costs. (*Bussey v. Affleck* (1990) 225 Cal.App.3d 1162, 1167
            [275 Cal. Rptr. 646].)  As persuasively argued by our colleagues in
25          the Third Appellate District in disagreeing with *Bussey*: "In the
            absence of some specific provision of law otherwise, attorney fees
26          and the expenses of litigation, whether termed costs, disbursements,
            outlays, or something else, are mutually exclusive, that is, attorney
27          fees do not include such costs and costs do not include attorney
            fees."

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6                              12                    OPP. TO OKI'S MOT. FOR
                                                                  ATTORNEYS' FEES & COSTS
                                                                  5:12-CV-04175 EJD

1   *Hsu,* 126 Cal. App. 4th at 1342; *see also Carwash of America-Po v. Windswept Ventures No. 1,*

2   97 Cal. App. 4th 540, 544 (2002) (stating that "[e]very subsequent reported decision considering

3   the issue has . . . rejected *Bussey*" and listing cases); *Toll Bros., Inc. v. Chang Su-O Lin,* No. 08-

4   987, 2009 U.S. Dist. LEXIS 58041, at *19-20 (N.D. Cal. June 25, 2009) (denying expert fees

5   where contract provision expressly provided for them but prevailing party failed to plead and

6   prove recovery for expert fees, and rejecting prevailing party's argument based on *Bussey*

7   because "that decision has been repeatedly rejected by subsequent decisions").  As recently as

8   2013, the Ninth Circuit affirmed a decision limiting costs pursuant to a contract, where nothing in

9   the language of the contract "suggests that the parties intended to diverge from the costs allowed

10  by § 1033.5." *Stonebrae L.P. v. Toll Bros.*, 521 Fed. Appx. 592, 594 (9th Cir. 2013)

11  (unpublished).[9]

12         Here, there "is no ambiguity as to the interpretation of Section 25, and there is no

13  negotiation history between the parties regarding this section . . . the language was initially in the

14  Oki form, and this provision was not negotiated at all." Dkt. No. 333-3 (Mot.) at 9:25-10:3.

15  There is *no evidence* that the parties intended to permit recovery of costs beyond those allowed by

16  Section 1033.5, and Section 1033.5 controls. *Stonebrae, L.P. v. Toll Bros.*, 2011 U.S. Dist.

17  LEXIS 39832, at *58-64 (N.D. Cal. Apr. 7, 2011), *aff'd*, 521 Fed. Appx. 592 (9th Cir. 2013).

18         Further, as with its request for attorneys' fees, Oki's request for costs in addition to those

19  allowed by statute is unsubstantiated.  Oki provided two general spreadsheets (Dkt. No. 333-5

20  (Labgold Decl.), Exs. F-G) that purport to document the costs incurred, but again Oki failed to

21  provide any detail to enable Plaintiffs to adequately assess and possibly object to any specific cost

22  items.  Oki's request for costs in addition to those allowed by statute should be denied on that

23  _____
    [9] Oki's citation to *Cataphora Inc. v. Parker*, No. 09-5749, 2012 U.S. Dist. LEXIS 6449 (N.D.

24  Cal. Jan. 20, 2012) is equally misplaced.  While favorably referencing *Bussey*, the court noted
    that "[w]hile an undefined general contractual provision entitling a prevailing party to 'reasonable

25  attorneys' fees and costs' may not extend to expert fees, that is not the situation presented here."
    *Id.* at *5.  Since *Cataphora*, both the Northern District of California, and the Ninth Circuit, have

26  continued to reject *Bussey*.  *See, e.g., Lucasfilm, Ltd. v. Toys*, 11-01639, 2012 U.S. Dist. LEXIS
    28095 (N.D. Cal. Mar. 2, 2012) (expressly finding evidence of the parties' intent "to expand the

27  definition of costs beyond Section 1033.5" required before awarding costs prohibited by Section
    1033.5 pursuant to contract clause) (issued after *Cataphora*); *Stonebrae L.P. v. Toll Bros.*, 521

28  Fed. Appx. 592, 594 (9th Cir. 2013) (affirming Northern District of California decision relying on
    *Hsu*, limiting costs to those recoverable under § 1033.5).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

13

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1   basis alone.  *See, e.g.*, *Creative Design FZ, LLC v. Brown*, No. 2:11-cv-08876, 2012 U.S. Dist.

2   LEXIS 43739, at *2-3 (C.D. Cal. March 29, 2012) (denying request for costs where plaintiff

3   failed to submit evidence substantiating its claimed costs).

4         Nevertheless, based on the meager evidence provided by Oki, it is once again clear that

5   Oki is seeking costs that are not recoverable.  For example, photocopying and printing charges are

6   generally not recoverable except for photocopies of exhibits "if they were reasonably helpful to

7   aid the trier of fact."  CAL. CODE CIV. PROC. § 1033.5(a)(13), (b)(3).  Oki has made no such

8   showing here.  Postage, including overnight delivery and other delivery or courier fees, is not

9   recoverable.  CAL. CODE CIV. PROC. § 1033.5(b)(3); *Ripley v. Pappadopoulos*, 23 Cal. App. 4th

10  1616, 1627 (1994).  Telephone charges are not recoverable.  Cal. Code Civ. Proc. § 1033.5(b)(3).

11  Travel expenses such as airfare and hotel accommodations (including additional rooms for "work

12  space") are not recoverable except to attend depositions.  *Id.*  Legal research costs are not

13  recoverable.  CAL. CODE CIV. PROC. § 1033.5(b)(2); *Ladas v. California State Auto. Assn.*, 19 Cal.

14  App. 4th 761, 776 (1993).  Fees for experts are not recoverable except where the expert was

15  ordered by the court.  CAL. CODE CIV. PROC. § 1033.5(b)(1).  Fees for interpreters are not

16  recoverable except for qualified interpreters authorized by the court for an indigent person.  CAL.

17  CODE CIV. PROC. § 1033.5(a)(12).  The costs of equipment and a technician to present evidence at

18  trial is not recoverable.  CAL. CODE CIV. PROC. § 1033.5(a)(12); *Science Applications Internat.*

19  *Corp. v. Superior Court*, 39 Cal. App. 4th 1095, 1104-05 (1995).  Mediation fees are recoverable

20  where the mediation was ordered by the court, not as here where the mediation was voluntary.

21  *Cf. Gibson v. Bobroff*,  49 Cal. App. 4th 1202, 1209 (1996).

22        Even for those costs that could be recoverable under Section 1033.5, Oki has failed to

23  demonstrate that the costs were reasonably necessary.   CAL. CODE CIV. PROC. § 1033.5(c)(2).

24  For example, while filing fees are generally recoverable, they must be "reasonably necessary to

25  the conduct of the litigation rather than merely convenient or beneficial to its preparation."

26  *Perko's Enterprises, Inc. v. RRNS Enterprises*, 4 Cal. App. 4th 238, 244 (1992).  As discussed in

27  Plaintiffs' Objection to Oki's Bill of Costs, filed contemporaneously herewith, *pro hac vice* filing

28  fees are not reasonably necessary.  *See Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

14

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1   *Co.*, No. C–97–2208 MHP, 1998 WL 196472, at \*5 (N.D. Cal. April 9, 1998). Similarly,

2   reporters' transcript fees may be recoverable, but Oki has made no showing why they were

3   reasonably necessary in this case. *See Stenzor v. Leon*, 130 Cal. App. 2d 729, 734-36 (1955).

4   The same is true for Oki's request for Pacer fees and "Document processing, production and

5   support" costs.

6   **V.     EVIDENTIARY OBJECTIONS PURSUANT TO CIV. L.R. 7-3(a).**

7        **A.     Declaration of Marc R. Labgold (Dkt. No. 333-5).**

8        Plaintiffs object to Mr. Labgold's declaration (Dkt. No. 333-5) *in its entirety* for failure to

9   comply with 28 U.S.C. § 1746(2). Conspicuously absent from Mr. Labgold's declaration is the

10  statutorily required clause: "I declare (or certify, verify, or state) under penalty of perjury that the

11  foregoing is true and correct" before the signature line. The absence of this oath is glaring by

12  comparison to (a) the contemporaneously-filed declaration by Mr. Makman that includes the

13  required oath (Dkt. No. 333-40), and (b) the prior declarations filed by Mr. Labgold in this case.

14  *See, e.g.*, Dkt. Nos. 107, 140-1, 169. This deficient declaration must be excluded.

15       In addition, Plaintiffs make the following specific objections to Mr. Labgold's declaration:

16       ¶ 12: "The time records were maintained in the accepted and customary manner so as to

17  allow for the timely billing of fees incurred." Objections: Fed. R. Evid. 602, 701-703; Civ. L.R.

18  54-5(b)(2). Mr. Labgold fails to establish that he has personal knowledge of how the time records

19  of *all four* law firms involved in this case were maintained, nor does he establish any basis or

20  qualifications for rendering his lay and/or "expert" opinion that the time records were maintained

21  "in the accepted and customary manner." Fed. R. Evid. 602, 701-703. Mr. Labgold fails to

22  identify what the "accepted and customary manner" of keeping time records is. *See* Civ. L.R. 54-

23  5(b)(2) (requiring statement describing manner in which time records were maintained); *Cantrell*

24  *v. Barnhart*, No. 04-0645, 2005 U.S. Dist. LEXIS 46971, at \*22 (N.D. Cal. Sept. 16, 2005)

25  (attorney's declaration providing only cursory information "failed to adequately describe the

26  maintenance of his time records as required by the local rules of this court.").

27       ¶ 43: "The attorneys' charges (rates and amounts billed) are typical for commercial

28  litigation in California." Objection: Fed. R. Evid. 602, 701-03, 402. Mr. Labgold, an attorney

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25162091.6

15

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

residing in Virginia, barred in Georgia and the District of Columbia, and appearing in this district

*pro hac vice* fails to establish that he has personal knowledge of what "typical" rates and amounts

billed are for "commercial litigation in California." FED. R. EVID. 602. Mr. Labgold fails to

provide any basis or qualifications for rendering his lay opinion and/or "expert" opinion that the

charges are "typical." Fed. R. Evid. 701-703. Further, this statement is irrelevant, as the relevant

inquiry is the prevailing rate in the Northern District of California – not California generally.

FED. R. EVID. 402; *see J&J Sports Prods. v. Lee Duong*, No. 13-02002, 2014 U.S. Dist. LEXIS

52079, at *8-9 (N.D. Cal. Apr. 14, 2014) (rejecting submission of evidence regarding prevailing

rates in Central District of California: "the Northern District of California—not the Central

District of California or the District of Columbia—is the 'relevant community' for purposes of

determining whether the hourly rates charged in this case are reasonable.").

### B.     Declaration of David A. Makman (Dkt. No. 333-40).

Plaintiffs make the following specific objections to Mr. Makman's declaration:

¶ 2:  "I have reviewed the fees, hourly rates, and costs described in our Motion for

Attorney Fees and our Bill of Costs and, in my view, those fees and costs are reasonable and

consistent with the fees ordinarily charged for business litigation of this nature in this District,

and in San Jose, California." Objection: FED. R. EVID. 602, 701-703. Mr. Makman fails to

establish that he has personal knowledge of what "fees and costs" are "consistent with the fees

ordinarily charged for business litigation of this nature in this District, and in San Jose,

California." FED. R. EVID. 602. Mr. Makman fails to provide any basis or qualifications for

rendering his lay opinion and/or "expert" opinion that the "fees and costs are reasonable." FED.

R. EVID. 701-703.

## VI.     CONCLUSION.

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Oki's

Motion for Attorneys' Fees and Costs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

16

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD

1 | Dated: June 25, 2014                    MORGAN, LEWIS & BOCKIUS LLP

2

3 | By: /s/ Brett M. Schuman
        Brett M. Schuman
4 |     Attorneys for Plaintiffs
        NavCom Technology, Inc. and Deere &
5 |     Company

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25162091.6

17

OPP. TO OKI'S MOT. FOR
ATTORNEYS' FEES & COSTS
5:12-CV-04175 EJD