MORGAN, LEWIS & BOCKIUS LLP
Brett M. Schuman, Bar No. 189247
bschuman@morganlewis.com
Rachel M. Walsh, Bar No. 250568
rwalsh@morganlewis.com
Ryan Lindsay Scher, Bar No. 244706
rscher@morganlewis.com
Jeremy N. Lateiner, Bar No. 238472
jlateiner@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:   415.442.1001

Attorneys for Plaintiffs
NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC. and DEERE & COMPANY,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>OKI ELECTRIC INDUSTRY CO., LTD., and DOES ONE THROUGH TEN, inclusive,<br><br>　　　　　　　Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RULE 59 MOTION FOR NEW TRIAL**<br><br>Date:　　　September 12, 2014<br>Time:　　　9:00 a.m.<br>Judge:　　 Hon. Edward J. Davila<br>Dept.:　　　4<br>Trial Date: April 22, 2014 |

# TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THE JURY'S SPECIAL VERDICT OF NO BREACH WAS AGAINST THE CLEAR WEIGHT OF THE EVIDENCE. | 2 |
| | A. The Clear Weight Of The Evidence Shows That Oki Breached Section 1.0. | 2 |
| | B. The Clear Weight Of The Evidence Shows That Oki Breached Section 2.6. | 4 |
| | C. The Clear Weight Of The Evidence Shows That Oki Breached Section 2.8. | 5 |
| | D. Plaintiffs Showed That Their Damages Were Proximately Caused By Oki's Breaches of Contract. | 6 |
| | E. Oki Cannot Rely On Its Affirmative Defenses To Defend The Jury's No-Breach Special Verdict. | 7 |
| III. | THE COURT'S UNPRECEDENTED BIFURCATION PREJUDICED PLAINTIFFS, AND NO FAIR READING OF THE RECORD SUPPORTS OKI'S ASSERTION THAT PLAINTIFFS WAIVED OR INVITED THIS ERROR. | 8 |
| IV. | OKI'S COUNSEL'S MISCONDUCT WARRANTS A NEW TRIAL. | 10 |
| | A. Oki's Counsel's Statement That the Jury Could "Go Home" If It Found For Oki On Liability Prejudiced Plaintiffs. | 11 |
| | B. Oki's Counsel's Misuse Of Section 16.0 Prejudiced Plaintiffs. | 12 |
| | C. Oki's Counsel's Multiple Statements About Matters Not In Evidence Prejudiced Plaintiffs. | 13 |
| V. | IMPROPER JURY INSTRUCTIONS AND SPECIAL VERDICT QUESTIONS CONFUSED AND MISLED THE JURY AND PREJUDICED PLAINTIFFS, WARRANTING A NEW TRIAL. | 14 |
| VI. | CONCLUSION | 15 |

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

i

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.H.D.C. v. City of Fresno*,
  No. CIV-F-97-5498 OWW SMS, 2004 WL 5866233 (E.D. Cal. Mar. 9, 2004) ...................... 7

*California Sansome Co. v. U.S. Gypsum*,
  55 F.3d 1402 (9th Cir. 1995) ................................................................................................ 10

*Cassim v. Allstate Ins. Co.*,
  33 Cal. 4th 780 (2004) ......................................................................................................... 11

*Citri-Lite Co. v. Cott Beverages, Inc.*,
  721 F. Supp. 2d 912 (E.D. Cal. 2010) ................................................................................... 7

*Clem v. Lomeli*,
  566 F.3d 1177 (9th Cir. 2009) ............................................................................................... 8

*Counts v. Burlington Northern R. Co.*,
  952 F.2d 1136 (9th Cir. 1991) ............................................................................................. 10

*Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*,
  742 F.3d 377 (9th Cir. 2014) ............................................................................................... 11

*Farra v. Stanley-Bostitch, Inc.*,
  838 F.Supp. 1021 (E.D.Pa. 1993) ........................................................................................ 14

*HIFN, Inc. v. Intel Corp.*,
  No. 1835-VCS, 2007 WL 1309376 (Del. Ch. May 2, 2007) ................................................. 5

*Hunter v. County of Sacramento*,
  652 F.3d 1225 (9th Cir. 2011) ............................................................................................... 9

*Martin v. U-Haul Co. of Fresno*,
  204 Cal.App.3d 396 (1988) ................................................................................................... 7

*Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.*,
  125 F.3d 468 (7th Cir. 1997) ............................................................................................... 10

*Sanders v. City of Newport*,
  657 F.3d 772 (9th Cir. 2011) ................................................................................................. 8

*Sweet v. Johnson*,
  169 Cal.App.2d 630 (1959) ................................................................................................... 4

*Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC*,
  185 Cal.App.4th 1050 (2010) ................................................................................................ 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Tortu v. Las Vegas Metropolitan Police Dept.*,
  556 F.3d 1075 (9th Cir. 2009) ............................................................................................... 2

*U.S. v. A. Lanoy Alston, D.M.D., P.C.*,
  974 F.2d 1206 (9th Cir. 1992) ............................................................................................. 11

*U.S. v. Johnson*,
  535 Fed.Appx. 902 (11th Cir. 2013) .................................................................................... 10

*Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.*,
  106 F.3d 894 (9th Cir. 1997) ........................................................................................... 8, 11

*Wharf v. Burlington N. R.R. Co.*,
  60 F.3d 631 (9th Cir. 1995) ................................................................................................. 12

**STATUTES**

Cal. Civ. Code
  § 1657 ..................................................................................................................................... 5

**RULES AND REGULATIONS**

Fed. R. Civ. P. 30(b)(6) ................................................................................................................. 8

Fed. R. Civ. P. 42(b) ..................................................................................................................... 9

Fed. R. Civ. P. 51 .......................................................................................................................... 9

**OTHER AUTHORITIES**

CACI 302 ..................................................................................................................................... 15

CACI 360 ....................................................................................................................................... 4

Restatement, 2d, of Contracts, § 373 ............................................................................................. 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

I. **INTRODUCTION**

As its opposition shows, Oki cannot defend the indefensible. The jury's no-breach special verdict is against the clear weight of the evidence and, contrary to Oki's opposition, cannot be salvaged based on affirmative defenses that the jury did not reach. No fair reading of the special verdict form supports Oki's twisted argument that "the only logical way for the jury to complete the verdict form if it found abandonment was to answer, as it did, that Plaintiffs did not prove breach of contract, and to omit the later answer to the specific question regarding abandonment." Dkt. No. 353, 21:4-6.

Oki also cannot muster any defense of the Court's novel bifurcation, which Plaintiffs argued against when the Court raised it *sua sponte* at the final pretrial conference. Instead, Oki puts all of its eggs in a non-existent waiver basket. No fair reading of the record supports Oki's argument that Plaintiffs assented to and promoted the Court's bifurcation.

Oki also is unable to defend its counsel's trial misconduct, including, but not limited to, its counsel's obviously improper appeal to the jury's self-interest in not returning for a separate damages phase and its counsel's transparent suggestion that Plaintiffs had suffered no harm because its damages were "lost profits" that were unrecoverable based on Section 16.0 of the Agreement. No fair reading of the record supports Oki's argument that Plaintiffs somehow invited these prejudicial errors by, for example, sponsoring PX-125, the Agreement on which Plaintiffs' claims are based, as a trial exhibit, or by disagreeing with Oki's purported mid-trial bifurcation proposal.

Finally, Oki is unable to defend the confusing special verdict form and jury instructions it requested. Notwithstanding Oki's trial theme, there never was any *bona fide* dispute in this case about multiple contracts. Plaintiffs consistently argued the Agreement, as amended, was the only contract they claimed was breached and that it obligated Oki to complete the development, including using Oki's 4-chip redesign. Oki disagreed that the Agreement obligated it to finish the design of the 4-chip chipset but, importantly, contended no new contract was formed covering the 4-chip design. No fair reading of the record supports Oki's argument that the jury could have been "required to determine whether a new contract was formed with respect to the four chip

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

design." Dkt. No. 353, p. 24 n. 19.

In short, the jury's no-breach special verdict is not sustainable. A new trial is warranted.

## II. THE JURY'S SPECIAL VERDICT OF NO BREACH WAS AGAINST THE CLEAR WEIGHT OF THE EVIDENCE.

Oki's opposition further underscores what has long been obvious: there is no evidentiary basis to support the jury's no-breach special verdict. As it does in opposition to Plaintiffs' Rule 50(b) motion, Oki again relies on its affirmative defenses, which cannot sustain the jury's no-breach special verdict.

### A. The Clear Weight Of The Evidence Shows That Oki Breached Section 1.0.

The evidence Plaintiffs adduced at trial establishes that Oki breached Section 1.0 of the Agreement by stopping work in July 2008, prior to the end of the 2008 Term. Under the Agreement, Oki had to provide at least three-months' notice of its intent to terminate at the end of a year-long term. Dkt. No. 331-20 (PX-125), § 1.0.[1] It is undisputed that Oki did no more work on the RF ASIC project after sending its July 8, 2008 termination letter. *See* Dkt. No. 331-5 (5/1/14 Trial Tr. (Ushida)) 1251:8-10; Dkt. No. 331-31 (PX-278 (Nobbe Dep. Tr.)) 172:13-173:5, 173:7-25; Dkt. No. 331-12 (PX-33); Dkt. No. 331-24 (PX-201).

Contrary to Oki's argument, the Agreement plainly required Oki to work until the end of each year-long term.[2] Section 1.0 states that, after the first year, it "shall automatically renew for successive one (1) year periods until Buyer or Seller terminates the Agreement with at least three (3) months written notice prior to the expiration of any then current term." Dkt. No. 331-20 (PX-

---

[1] Much of the evidence cited herein was previously submitted with Plaintiffs' Rule 50(b) or Rule 59 motions and, where appropriate, we cited to previously filed declarations. Additional evidence in support of this Reply is attached to the Declaration of Brett M. Schuman In Support of Plaintiffs' Reply In Support of Their Motion for New Trial, filed concurrently herewith, cited as "Reply Ex. __." Trial exhibits again retain their trial exhibit numbers – "PX-__" and "DX-__."

[2] Oki's further argument that the Court already ruled on this issue and cannot consider it in a new trial motion is incorrect. The Court provisionally agreed that Oki had breached Section 1.0 for purposes of summary judgment. *See* Dkt. No. 199, 15:14-16:2. The Court never ruled that the Agreement did not require Oki to finish the Term. Even if the Court had ruled on this issue, however, the authority on which Oki relies, *Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1075, 1085 (9th Cir. 2009), holds only that a question of law cannot be raised in a Rule 59 motion *by a party who failed to raise the issue in a Rule 50 motion*. *Id.* at 1085 n. 9. Plaintiffs raised this issue in their Rule 50 motions. *See* Dkt. No. 305, 12:18-21; Dkt. No. 330, 6:7-20.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

125). There is no provision allowing Oki to terminate in the middle of a Term. *See id.*

Oki presented <u>no evidence</u> at trial that it gave notice prior to July 8, 2008 of its intent to terminate the Agreement. Section 23.0 of the Agreement, setting forth the requirements for providing notices required under the Agreement, conclusively defeats Oki's *earlier-notice-by-PowerPoint* argument. Dkt. No. 331-20 (PX-125), § 23.0. Oki's July 8, 2008 termination letter is the only notice of termination in this case.

Plaintiffs adduced ample evidence of harm caused by Oki's breach of Section 1.0. Oki does not and cannot dispute that its continued work through the end of the 2008 Term would have resulted in value to NavCom, recoverable as expectation damages. At most, Oki argues that its redesign would not have been completely finished (due to Oki's own delays) by the end of the 2008 Term. The evidence adduced at trial, however, establishes that as late as March 2008 Oki projected delivery of Engineering Prototypes of the 4-chip design in **November 2008**, *i.e.*, before the end of the 2008 Term. *See* Dkt. No. 331-44 (DX-1169), NAV0081294 (dated Feb. 21, 2008); Dkt. No. 344-12 (DX-1022), NAV0043863 (dated March 10, 2008). As of May 2008, Oki projected tapeout in early January 2009. Dkt. No. 331-15 (PX-56), NAV0045201. Once Oki finished the Term, NavCom could then have taken the design to someone else. That Plaintiffs would have needed to do further testing at some point does not change the fact that Oki's foregone work had value to Plaintiffs.

In lieu of expectation damages, Plaintiffs could recover restitution in the form of reimbursement of payments that they made to Oki under the Agreement. Oki does not dispute that restitution is a proper alternative measure of damages, nor does it dispute that the Court's prior ruling regarding the recoverability of prior payments made under the Agreement does not foreclose restitution. Dkt. No. 343, 6:20-7:5; *id.*, p. 7 n. 3 (citing Dkt. No. 199, 18:5-19:21). Instead, Oki argues that Plaintiffs have not shown that they are entitled to a "complete" refund of all amounts paid under the Agreement as damages under a restitution theory.[3] Dkt. No. 353,

---

[3] Oki also argues that Plaintiffs should not "be entitled to a new trial based on a theory of restitution, when this theory of restitution was not argued at trial." Dkt. No. 353, p. 17 n. 11. Plaintiffs would have had the opportunity to argue for restitution during closing arguments on damages, if the jury had found liability for a breach of Section 1.0.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

16:12-18.  But that is exactly what Plaintiffs are entitled to: "the injured party is entitled to restitution for any benefit that he has conferred on the other party by way of part performance or reliance."  Restatement, 2d, of Contracts, § 373 (italics added).  Plaintiffs were not paying Oki for time and materials.  They were paying Oki for a defined deliverable product:  working Engineering Prototypes that Oki failed to produce.

Oki's argument against nominal damages likewise should be rejected.[4]  Oki mischaracterizes the basis of Plaintiffs' request for nominal damages – "in [Plaintiffs] view, they are entitled to nominal damages because there was a breach, and they can show that there was a breach because there were nominal damages" – and then calls it circular reasoning.  Dkt. No. 353, 17:15-16.  This is not Plaintiffs' position, as demonstrated above.  Further, under controlling California law, which Oki has now repeatedly ignored, Oki's breach of contract, by itself, constitutes "harm" justifying nominal damages.  See Sweet v. Johnson, 169 Cal.App.2d 630, 632-33 (1959).  Oki's claim of circular reasoning is defeated by the clear language of CACI 360, which states: "If you decide that [defendant] breached the contract *but also that [plaintiff] was not harmed by the breach, you may still award [it] nominal damages* such as one dollar."  See CACI 360 (citing Cal. Civ. Code § 3360 and Sweet, 169 Cal.App.2d at 632-33) (emphasis added).

**B.      The Clear Weight Of The Evidence Shows That Oki Breached Section 2.6.**

Plaintiffs established at trial that Oki breached Section 2.6 of the Agreement by failing to deliver working Engineering Prototypes at any time before Oki terminated.  Oki "does not dispute that working Engineering Prototypes were not delivered . . . ."  Dkt. No. 353, 18:1-2.

Unable to dispute the evidence of its breach of Section 2.6, Oki instead argues that it **never was** obligated to deliver working Engineering Prototypes under the Agreement because the Agreement did not provide a specific time period by which they were to be delivered and Oki exercised its right to terminate.  Dkt. No. 353, 18:1-6.  This is complete nonsense.  It simply is not a fair reading of the Agreement that the parties intended for Oki's right to terminate to absolve it

---

[4] Contrary to Oki's suggestion, Plaintiffs are not seeking a new trial solely to vindicate a right to nominal damages.  Dkt. No. 353, 17:18-20.  As discussed herein and in the Motion, Plaintiffs suffered quantifiable damages from Oki's breaches of Sections 1.0, 2.6 and 2.8, and they are seeking a new trial to recover those damages.

of any obligation to deliver anything of value to NavCom. As Oki admits elsewhere in its opposition, the "**Engineering Samples were the contracted-for materials** . . . ." Dkt. No. 353, 15:11-12 (emphasis added). If Oki had no obligation to deliver working Engineering Prototypes, why would Oki then provide a warranty that those Engineering Prototypes met the specifications? *See* Dkt. No. 331-20 (PX-125), § 2.8 (OKI_LW_008265).

Further, Oki's argument is defeated by California law and other case law. In *HIFN, Inc. v. Intel Corp.*, No. 1835-VCS, 2007 WL 1309376 (Del. Ch. May 2, 2007), Intel entered into a contract with Hifn, Inc. in which Intel promised to pay Hifn $2 million to develop ASICs. Although there was no firm deadline for performance, Hifn estimated the development phase would take eight months. *Id.* at *1. Hifn did not deliver the completed ASICs until 27 months after the contract was executed. *Id.* at *11. The *HIFN* court found, on summary judgment, that Hifn had materially breached the contract by not performing within a reasonable time. *Id.* at *13. Like California, Delaware law provides that "[w]hen time is not of the essence in a contract, a party still commits a material breach when it fails to perform within a reasonable time." *Id.* at *11; *see* Cal. Civ. Code § 1657 ("If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."). Here, the Agreement contains Oki's estimate that the development phase would take ten months. Dkt. No. 331-20 (PX-125), Schedule C. Oki materially breached the Agreement by failing to deliver working Engineering Prototypes within a reasonable time.

Oki also has the chutzpah to argue that the first set of chips was timely delivered. *See* Dkt. No. 353, 18:14-21. These are the same chips that Oki repeatedly admitted were total failures. *See* Dkt. No. 331-8 (5/7/14 Trial Tr. (Oki Closing Stmt.)) 1626:17-19. Oki's delivery of those chips cannot possibly sustain the jury's no-breach special verdict.

C. **The Clear Weight Of The Evidence Shows That Oki Breached Section 2.8.**

Oki also does not dispute that it failed to repair or replace the non-working Engineering Prototypes as it was required to do under Section 2.8 of the Agreement. Again, Oki argues that it did not breach Section 2.8 because that section (like Section 2.6) does not set a specific time for Oki's performance of its warranty obligation and Oki exercised its right to terminate. Dkt. No.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

353, 21:11-13.  Again, Oki's warranty that it would repair or replace non-conforming Engineering Prototypes is subject to the requirement that it perform within a reasonable time, and it is undisputed that Oki never fulfilled its warranty obligation.  Oki's argument reads Section 2.8 out of the Agreement entirely.

### D. Plaintiffs Showed That Their Damages Were Proximately Caused By Oki's Breaches of Contract.

Plaintiffs presented sufficient evidence that their damages were proximately caused by Oki's breaches.  Plaintiffs established that, even if Oki had quit after delivering working Engineering Prototypes, Plaintiffs could and would have taken the design to a different semiconductor manufacturer for production.  *See* Dkt. No. 331-2 (4/23/14 Trial Tr. (Galyean)) 316:1-12, 318:8-24, 320:4-322:22.  Oki never presented any evidence to the contrary.  It did not ask a single question of any witness on the subject.

The fact that there were some changes to the specification, as both parties to the Agreement plainly contemplated, *see, e.g.,* Reply Ex. PX-138 (at OKI_LW_003030); Dkt. No. 331-20 (PX-125), Schedule A, §§ 2.3.1, 2.5.2, Specification (at OKI_LW_008379), before the Engineering Prototypes were completed is irrelevant to Plaintiffs' showing that they could have taken a completed design to another manufacturer for production chips.  Similarly, the fact that Plaintiffs needed to do testing on the prototypes after they were completed has no bearing on whether Oki could have managed to successfully complete the design.  *See* Dkt. No. 331-15 (PX-56).  Furthermore, Oki's assertion that the Court has already found that there are "far too many conditions precedent" to NavCom's exercising Section 10.0's last-time buy provision is untrue.  Plaintiffs presented evidence – unrebutted by Oki – that they could have exercised this right, as was common in semiconductor contracts.  *See* Dkt. No. 331-2 (4/23/14 Trial Tr. (Galyean)) 316:1-12; Reply Ex. M, 4/23/14 Trial Tr. (Galyean) 319:22-320:3.  Oki's argument regarding its own manufacturing capacity – unsupported by the evidence – does not change the fact that that the clear weight of the evidence indicates Plaintiffs showed that their damages were proximately

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

6

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

caused by Oki's breach.[5]

### E. Oki Cannot Rely On Its Affirmative Defenses To Defend The Jury's No-Breach Special Verdict.

Oki demonstrates that the jury's no-breach special verdict is against the clear weight of the evidence by attempting to defend it based on Oki's affirmative defenses, which the jury did not reach. *See* Dkt. No. 353, 20:1-21:6; *see also id.*, 18:20-23, 19:3-6, 21:17-20.

First, it is undisputed that the jury did not reach the specific questions on the special verdict form regarding Oki's affirmative defenses. *See* Dkt. No. 318. Oki ties itself in knots trying to shoehorn its affirmative defenses into the questions the jury actually answered. Oki goes so far as to argue that "the only logical way for the jury to complete the verdict form if it found abandonment was to answer, as it did, that Plaintiffs did not prove breach of contract, and to omit the later answer to the specific question regarding abandonment." Dkt. No. 353, 21:4-6. In other words, according to Oki, the *only* way for the jury to express a finding of abandonment was to *not* check the box on the special verdict form indicating that Oki had proven its abandonment defense. This is no basis for sustaining the jury's no-breach special verdict. The use of a special verdict form eliminates the possibility of implied findings such as those urged by Oki here. *See A.H.D.C. v. City of Fresno*, No. CIV-F-97-5498 OWW SMS, 2004 WL 5866233, at *6 (E.D. Cal. Mar. 9, 2004) ("A jury's findings by special verdict should be construed in the context of surrounding circumstances and in connection with the pleadings, instructions, and the issues presented.").

---

[5] The cases cited by Oki for the purported proposition that its termination of the Agreement precludes a finding of proximate cause are inapplicable. In *Martin v. U-Haul Co. of Fresno*, 204 Cal.App.3d 396, 400 (1988), the only breach submitted to the jury was U-Haul's failure to provide sufficient notice of termination prior to terminating the contract. The *Martin* court did not address other breaches. *Citri-Lite Co. v. Cott Beverages, Inc.*, 721 F. Supp. 2d 912, 934-37 (E.D. Cal. 2010), expressly recognized that "[t]he *Martin* court's analysis of the termination clause, and its impact on recoverable damages, must be understood in light of the circumstances of the case." *Id*. at 935. The district court found that Citri-Lite could recover damages for loss of good will relating to Cott's conduct before termination so long as the calculation did not assume that Cott would continue to promote and sell the beverages past termination. *Id*. at 936. And in *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC*, 185 Cal.App.4th 1050, 1064-65 (2010), the court's holding was based on a limitation of liability provision in the agreement that barred all damages arising from the failure to complete construction of a store.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

Second, Oki's theory impermissibly shifts the burden of proof onto Plaintiffs to prove that the Agreement was not abandoned, rescinded, or waived, which is clear legal error. *See Clem v. Lomeli*, 566 F.3d 1177, 1182-83 (9th Cir. 2009); *Sanders v. City of Newport*, 657 F.3d 772, 781 (9th Cir. 2011). The Court instructed the jury on Oki's affirmative defenses, for which Oki had the burden of proof. The jury is presumed to have followed the Court's instructions. *See Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894, 902 (9th Cir. 1997). The jury's no-breach special verdict could not have properly been based on Oki's affirmative defenses.

Finally, even if Oki is correct that the jury's no-breach special verdict actually is based on a jury finding of abandonment, rescission or waiver, which it is not, the verdict still cannot be sustained because that hypothetical verdict would be contrary to the great weight of the evidence on these issues. Oki failed to adduce any substantial evidence of mutual abandonment, rescission or waiver. *See* Dkt. No. 330 (Plaintiffs' Rule 50(b) motion), 16:11-23:11. The evidence adduced at trial unambiguously establishes that the parties continued performing under the Agreement until Oki unilaterally terminated it in July 2008. The evidence shows that the parties discussed *amending* the Agreement to reflect Oki's redesign for the chips, not terminating it. *Id.* Oki's Rule 30(b)(6) witness testified that Oki's Yuki Ushida decided to terminate the Agreement in June 2008, and that decision was communicated to NavCom shortly thereafter. Dkt. No. 331-21 (PX-279 (Goto)) 72:12-73:13. This testimony is binding on Oki.

### III. THE COURT'S UNPRECEDENTED BIFURCATION PREJUDICED PLAINTIFFS, AND NO FAIR READING OF THE RECORD SUPPORTS OKI'S ASSERTION THAT PLAINTIFFS WAIVED OR INVITED THIS ERROR.

Plaintiffs discussed in detail in their Motion the prejudicial effect of the Court's novel bifurcation plan, particularly with regards to how the jury was asked to determine whether the Plaintiffs were "harmed" during the liability deliberations without having received any damages instructions regarding the legal definition of "harm" for purposes of a breach of contract. Dkt. No. 343, 12:2-14:4. Oki is unable to respond to any of this in its opposition, and Oki does not deny that Plaintiffs were prejudiced by how Oki's counsel took advantage of the Court's bifurcation. Instead, Oki's sole response is that Plaintiffs supposedly invited the error by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

allegedly failing to object to the Court's *sua sponte* bifurcation.[6]  Dkt. No. 353, 4:7-9.  No fair reading of the record supports Oki's waiver argument.

First, there is no formal objection by Plaintiffs to a bifurcation request in the record because Oki never requested bifurcation.  In the Joint Preliminary Pretrial Conference Statement, Plaintiffs and Oki agreed: "This case involves a single claim for breach of contract.  ***The Parties do not believe that there is a need for bifurcation or separate trials for specific issues***."  Dkt. No. 88, 5:21-23 (emphasis added).  Consistent with their joint understanding that there would be one unitary trial with one jury deliberation, both parties submitted proposed verdict forms with their pretrial submissions that each covered all issues relevant to liability and damages.  *See* Dkt. Nos. 211, 217 and 248.

At the final pretrial conference, the Court *sua sponte* raised the idea of bifurcating the verdict forms and asked the parties' counsel for their thoughts.  Reply Ex. K, 4/4/14 Tr., 48:22-49:19.  Plaintiffs' counsel argued against the Court's proposal, stating "I'm not really sure I see the efficiency or the benefits" of the Court's suggested approach.  Dkt. No. 344-1 (4/4/14 Tr.) 50:4-6; *see also id.*, 51:6-7 ("I'm further questioning whether a bifurcated trial is necessary here.").

Later, in the middle of the trial, Oki requested a hearing regarding its objections to certain demonstrative slides that Plaintiffs had disclosed to use with their damages expert John Hansen.  Dkt. No. 344-5 (4/25/14 Trial Tr.) 485:13-24.  During that hearing, the Court said it was considering two options: (1) traditional bifurcation of liability and damages such that no damages evidence would be received until after the jury found liability; or (2) the bifurcation that the Court outlined during the final pretrial conference.  Reply Ex. N, 4/25/14 Trial Tr. 497:12-498:18.  As between *those two options*, Plaintiffs argued against traditional bifurcation in part by suggesting that the Court stick with its original plan, but also argued again that this case was "just like any

---

[6] Oki offers no authority for its application of Fed. R. Civ. P. 51 to bifurcation rulings.  Dkt. No. 353, 3:17-4:6; *cf.* Fed. R. Civ. P. 42(b).  Nevertheless, Oki's contention that there is no "plain error" exception under Rule 51 in civil cases is no longer correct.  *See Hunter v. County of Sacramento*, 652 F.3d 1225, 1230 n. 5 (9th Cir. 2011) ("[I]n 2003, Rule 51 was amended to add subsection (d)(2), which permits plain error review even when a party failed to properly object before the district court if the error affects substantial rights.") (citations omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

1   other breach of contract case" and did not "warrant any particularly unique treatment." *Id.*,
2   498:19- 500:5.  Clearly, Plaintiffs did not at any time "promote" the Court's bifurcation, as Oki
3   wrongly argues in its opposition.

4         Pursuant to the Court's direction, Plaintiffs thereafter submitted revised, proposed jury
5   instructions limited to liability issues and in those instructions incorporated, for the Court's
6   convenience, a version of the limiting instruction that the Court itself gave before Plaintiffs' first
7   damages witness and that the Court indicated it would give again with the final instructions.  *See*
8   Reply Ex. O, 4/29/14 Trial Tr. 770:25-771:18; Reply Ex. R, 5/6/14 Trial Tr. 1519:5-24; Dkt. No.
9   309, 11.  Plaintiffs' submission of this instruction, Plaintiffs' Requested Instruction 84, cannot
10  fairly be understood as a waiver of Plaintiffs' objections to the Court's bifurcation.

11        The foregoing recapitulation of the record regarding the Court's bifurcation cannot fairly
12  be read as Plaintiffs inviting or arguing for bifurcation in any respect.  While Plaintiffs' counsel
13  may not have stated the magic words "I object," Plaintiffs satisfactorily brought their
14  disagreement with any sort of bifurcation to the Court's attention such that it may be properly
15  raised post-trial.  *See U.S. v. Johnson*, 535 Fed.Appx. 902, 910 (11th Cir. 2013) ("there is no
16  magic word requirement to preserve an objection for appeal."); *Orix Credit Alliance, Inc. v.*
17  *Taylor Machine Works, Inc.*, 125 F.3d 468, 478 (7th Cir. 1997); *Counts v. Burlington Northern R.*
18  *Co.*, 952 F.2d 1136, 1143-44 (9th Cir. 1991).

19  **IV.   OKI'S COUNSEL'S MISCONDUCT WARRANTS A NEW TRIAL.**

20        In its opposition, Oki does not dispute that it engaged in disruptive tactics that lengthened
21  the trial and wasted the jury's time, that its counsel then appealed to the jury's desire to "get to go
22  home," and that its counsel argued matters not in evidence during closing argument.  Oki also
23  does not dispute that its counsel invited the jury to find that Plaintiffs were not harmed because
24  Section 16.0 of the Agreement defeated their claimed damages.  Plaintiffs have shown that a new
25  trial is warranted because Oki's counsel's improper statements and arguments substantially
26  interfered with their interests, leading to the inexplicable and indefensible no-breach special
27  verdict.  *See California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1405 (9th Cir. 1995) (stating
28  that a new trial is warranted where the "moving party . . . demonstrates[s] [that] adverse counsel's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

misconduct . . . 'substantially interfered' with the moving party's interest.").

### A. Oki's Counsel's Statement That the Jury Could "Go Home" If It Found For Oki On Liability Prejudiced Plaintiffs.

Oki's counsel's statement that "[i]f you find that there's no breach, you are done. You sign the form and you get to go home" cannot fairly be characterized as a mere "recital of the jury instructions and verdict form instructions." *See* Dkt. No. 353, 4:14-15. Viewed with the trial record as a whole, Oki's counsel's remark was a cynical appeal to the jury's self-interest after Oki made the trial far longer than it needed to be through its frivolous tactics. *See Cassim v. Allstate Ins. Co.*, 33 Cal. 4th 780, 796 (2004) ("An attorney's appeal in closing argument to the juror's self-interest is improper and thus is misconduct because such arguments tend to undermine the jury's impartiality."). Oki's counsel took unfair advantage of the Court's novel bifurcation by referring to some extended, looming damages phase to take place after returning a verdict finding liability. *See* Dkt. No. 344-10 (5/7/14 Trial Tr. (Oki Closing Stmt.)) 1651:24-1652:4, 1658:5-13. Oki does not dispute the import or effect of its counsel's remarks.

Oki instead argues – based on an improper characterization of the record – that the prejudice from counsel's remarks was somehow Plaintiffs' own doing. This argument ignores that Plaintiffs disagreed with the Court's bifurcation, as explained above in Section III. Plaintiffs also immediately objected to Oki's counsel's improper appeal to juror self-interest. Dkt. No. 344-10 (5/7/14 Trial Tr.) 1682:16-1683:3.

Both of the cases relied on by Oki, *U.S. v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1212 (9th Cir. 1992), and *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 742 F.3d 377, 394 (9th Cir. 2014), are readily distinguishable. In both cases, (1) the Ninth Circuit affirmed a district court's new trial order, and (2) neither decision addressed prejudicial remarks by counsel.

Oki's assertion that any prejudice from its counsel remarks was ameliorated by a pattern jury instructions telling the jury that arguments and statements by lawyers are not evidence should be rejected. *See* Dkt. No. 314, 5; Ninth Cir. Model Civil Jury Instructions, § 1.7. First, the instruction does not address the problem with Oki's counsel's improper appeal to juror self-interest. Second, the case Oki cites is inapposite. *Westinghouse*, 106 F.3d at 902, did not deal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

with improper statements of counsel. Third, if Oki's logic were to be followed, namely, that the jury should be presumed to have ignored Oki's counsel's improper argument, there never would be a new trial based on misconduct of counsel. Such is not the case. *See Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637-38 (9th Cir. 1995) (granting new trial where counsel argued false facts to the jury).

### B. Oki's Counsel's Misuse Of Section 16.0 Prejudiced Plaintiffs.

The undisputed truth of the matter is that Oki's counsel improperly invited the jury to find that Plaintiffs' damages were lost profits and that Section 16.0 of the Agreement prohibited recovery of lost profits. *See* Dkt. No. 344-10 (5/7/14 Trial Tr. (Oki Closing Stmt.)) 1629:20-1630:1. Oki does not deny this in its opposition, nor does it deny that the issue of whether Section 16.0 precluded Plaintiffs' damages was an issue of law for the Court. Oki's counsel should not have invited the jury to conclude that Plaintiffs were not harmed because their claimed damages were unrecoverable lost profits.

Oki's invited error argument is not based on a fair reading of the record. First, Plaintiffs certainly cannot be faulted for agreeing that PX-125 – the Agreement that forms the basis for their claims – should be in evidence. *See* Dkt. No. 353, 7:11-17. Oki ignores that Plaintiffs requested that Section 16.0 be redacted from the Agreement, and requested a curative instruction, all before the Agreement went back to the jury. *See* Dkt. No. 344-8 (5/1/14 Trial Tr.) 1261:17-1262:10 (requesting curative instruction); Dkt. No. 308 (bench brief requesting redaction of Section 16.0). Second, Oki tries to deflect its counsel's improper statements by arguing that the issue likely would not have arisen at all if Plaintiffs had just gone along with Oki's purported proposal to completely bifurcate liability and damages.[7] Dkt. No. 353, 7:18-8:6. Plaintiffs were

---

[7] In the portions of the record relied on by Oki, Oki is arguing that Plaintiffs should not be permitted to put on a damages case at all, not that the evidence should be bifurcated. *See* Reply Ex. N, 4/25/14 Trial Tr. 490:7-11 ("[W]e believe that the Court's order was that these damages were not recoverable and that the law of the case, the Plaintiff [sic] should not be able to present this evidence because it's contrary to the law of the case."); Reply Ex. R, 5/6/14 Trial Tr. 1535:6-14 ("We [Oki] have our hands tied and the jury cannot even know that there's a potential that the parties knew that certain types of damages would not be available . . . . I believe the issue should be decided as a matter of law and I think that the jury shouldn't have any decision to be rendered with regard to damages as a whole."). Oki is essentially arguing that if Plaintiffs had only agreed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

not required to agree to bifurcation to avoid Oki's counsel's misconduct. Third, the fact that Plaintiffs supported their damages claim with business records did not invite Oki's counsel to suggest improperly that Section 16.0 barred Plaintiffs' damages. Plaintiffs' witnesses, Steve Wilson and John Hansen, testified that what Oki refers to as "lost profits" are costs that would have been avoided had Oki not breached the Agreement. Reply Ex. P, 4/30/14 Trial Tr. (Wilson) 890:24-892:1; Reply Ex. Q, 5/1/14 Trial Tr. (Hansen) 1076:22-1077:4, 1079:8-25.

Finally, Oki's argument that the Court's instruction cured any possible prejudice is misplaced. *See* Dkt. No. 309, 9; Dkt. No. 314, 33. The Court's instruction did not address the prejudice from Oki's counsel's repeated suggestion that Plaintiffs' damages were not recoverable.

### C. Oki's Counsel's Multiple Statements About Matters Not In Evidence Prejudiced Plaintiffs.

Plaintiffs have shown how they were prejudiced by Oki's counsel's baseless statements that (1) they could not have taken working Engineering Prototypes to another manufacturer for production chips, and (2) the Agreement was for nothing more than "research." Contrary to Oki's argument, the fact that the Court gave an instruction that attorney argument is "not evidence" does not immunize Oki's counsel's conduct from post-trial review. *See* Dkt. No. 353, 9:20-10:2.

Oki's argument, both at trial and again in its opposition, that Plaintiffs could not have obtained production chips from another manufacturer is unsupported by any evidence. The testimony from Dr. Galyean cited by Oki explains that "tapeout" happens "when all the simulations are done, the designs are complete, the package is all wrapped up and its ready to go to the fabrication line and build the chip." Dkt. No. 331-2 (4/23/14 Trial Tr. (Galyean)) 465:24-466:5. Plaintiffs' proximate cause argument rests on the idea that NavCom could have taken the completed design, once the Engineering Prototypes were completed, to another semiconductor fabrication facility. Again, Oki presented no evidence to the contrary, asked no questions of Plaintiffs' witnesses on cross-examination on the subject, and elicited no testimony from its own witnesses.

with Oki's argument that Plaintiffs have no viable damages claim, they would not have been prejudiced by Oki's arguments to the jury about supposedly unrecoverable lost profits.

1   And Oki's argument that the Agreement was "de facto research" is ridiculous. Dkt. No.
2   353, 11:3-9. Contrary to Oki's argument, the parties plainly "knew what the product should be"
3   (an ASIC with functionality partitioned between three chips, per Oki and its partners), knew "how
4   long it would take to make" (approximately 10 months, again per Oki), did in fact guarantee
5   success (in the form of Oki's warranty in Section 2.8), and knew the "cost of the project" (about
6   $1.48 million, per Oki). Contrary to Oki's argument that the Agreement had "so many
7   unknowns," the parties knew exactly what the project would entail.

## V. IMPROPER JURY INSTRUCTIONS AND SPECIAL VERDICT QUESTIONS CONFUSED AND MISLED THE JURY AND PREJUDICED PLAINTIFFS, WARRANTING A NEW TRIAL.

In its opposition, Oki does not even attempt to justify Jury Instruction 26 (Anticipatory Breach) and Jury Instruction 30 (Contract Formation – Rejection of Offer). Rather, Oki focuses entirely on Jury Instruction 20 (Contract Formation – Essential Factual Elements), arguing that it was properly given because Plaintiffs' counsel would not stipulate during the charging conference that "there was no contract for the four chip [solution]." Dkt. No. 353, 24:9-20 (citing 5/6/14 Trial Tr. 1443:11-20). Plaintiffs would not so stipulate because it was obvious that Oki was engaging in gamesmanship and would use such a stipulation to attempt to undercut Plaintiffs' position that the Agreement itself obligated Oki to deliver working RF ASICs, whether in a 1-chip, 3-chip or 4-chip configuration. *See* Dkt. No. 344-9 (5/6/14 Trial Tr.) 1441:22-1444:11; Dkt. No. 331-2 (4/23/14 Trial Tr. (Galyean)) 326:6-23. In its opposition, Oki uses an ellipses to cut off Plaintiffs' counsel's comments about the proposed stipulation and, in doing so, omits the next three sentences wherein Plaintiffs' counsel explains that the only contract Plaintiffs are claiming was breached was the Agreement. Dkt. No. 344-9 (5/6/14 Trial Tr.) 1443:21-1444:5.

Both parties agreed there was no separate contract covering the 4-chip design. *See* Reply Ex. L, 4/22/14 Trial Tr. (Oki Opening Stmt.) 164:2-3; Reply Ex. S, 5/7/14 Trial Tr. (Plf. Closing Stmt.) 1577:3-1578:11, 1605:22-1606:13. Thus, there was no *bona fide* contract formation issue at trial and contract formation jury instructions, regardless of whether they accurately reflected California law, should not have been given. *See Farra v. Stanley-Bostitch, Inc.*, 838 F.Supp. 1021, 1029 (E.D.Pa. 1993) ("Even if an instruction is legally correct, however, a court may not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD

give it unless the instruction is supported by evidence in the record."); *see also* CACI 302 ("**Directions for Use** [¶] This instruction should only be given if the existence of a contract is contested.").

Oki argues that the special verdict form properly asked about three different contracts because "Plaintiffs could not identify what constituted a breach and when it occurred." Dkt. No. 353, 25:1-4. Notwithstanding Oki's mischaracterization of the evidence,[8] any purported ambiguity about the breach or when it occurred did not justify confusing the jury with instructions and a special verdict form about contract formation disputes that did not exist. The presence of questions on the verdict form about contracts that neither party claimed existed or were breached, in conjunction with the unnecessary contract formation instructions, could only have confused and misled the jury and prejudiced Plaintiffs.

Finally, and perhaps most importantly, Oki is unable to muster any response to Plaintiffs' several challenges to the propriety of including Question 3 on the verdict form. *See* Dkt. No. 343, 23:18-24:13. The jury should not have been asked to decide whether Plaintiffs were correct that the Agreement obligated Oki to develop the RF ASICs, including using its 4-chip redesign. That was an issue of law for the Court. *Id.*

## VI. CONCLUSION

For the above-stated reasons, Plaintiffs' motion for a new trial should be granted.

Dated: July 16, 2014

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Brett M. Schuman*
Attorneys for Plaintiffs
NAVCOM TECHNOLOGY, INC. and
DEERE & COMPANY

---

[8] Contrary to Oki's mischaracterization, Dr. Galyean and Mr. Hansen both testified clearly that the breach was Oki's failure to deliver working Engineering Prototypes prior to termination. *See. e.g.,* Reply Ex. L, 4/22/14 Trial Tr. (Galyean) 285:8-12; Reply Ex. M, 4/23/14 Trial Tr. (Galyean) 431:12-14; Reply Ex. P, 4/30/14 Trial Tr. (Hansen) 1050:20-1051:1 ("I've relied on the breach being a failure to deliver working RF ASIC prototypes.").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

PLAINTIFFS' REPLY IN SUPPORT
OF THEIR RULE 59 MOTION FOR
NEW TRIAL 5:12-CV-04175 EJD