UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHONOLOGY, INC, et al., <br> Plaintiffs, <br> v. <br> OKI ELECTRIC INDUSTRY CO, LTD, <br> Defendant. | Case No. 5:12-cv-04175-EJD <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL** <br><br> Re: Dkt. No. 343 |

As explained in a companion order filed this same date denying renewed motions for judgment as a matter of law, a jury found against Plaintiffs Navcom Technology Inc. and Deere & Company (collectively, "Plaintiffs") on their sole claim that Defendant Oki Electric Industry Co., Ltd. ("Defendant") breached a written contract for the development and production of a component known as the "RF ASIC." Plaintiffs now move for a new trial under Federal Rule of Civil Procedure 59 (Dkt. No. 343), which relief Defendant opposes.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. On this motion, the court finds, concludes and orders as follows:

1. A new trial is appropriate under Rule 59 "only if the jury verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000)). A court may deny a motion for a new trial so long as there was "some reasonable basis" for the jury's verdict. Id. (citations omitted). "Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." Landes Constr. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987). However, "'the absolute absence of evidence to support the jury's verdict makes [refusal to grant a new trial] an error in law.'" Id. (alteration in original) (quoting Urti v. Transp.

1
Case No.: 5:12-cv-04175-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL

Commercial Corp., 479 F.2d 766, 769 (5th Cir. 1973)).

2. When determining whether a verdict is contrary to the clear weight of the evidence, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Landes Constr. Co., 833 F.2d at 1371. But "a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." Id. (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2806, at 48-49 (1973)).

3. Plaintiffs argue the jury's verdict is contrary to the clear weight of the evidence, citing many of the same arguments made in support of their Rule 50(b) motion. These arguments are no more successful here for the reasons detailed in the order addressing that motion. Even after weighing the evidence and assessing the credibility of the witnesses, the court is not left with a "firm conviction" the jury was mistaken to find that Plaintiffs failed to sustain their burden of proof to show breach of contract. As the court has explained in its ruling on the renewed motion for partial judgment as a matter of law, there was at the very least "some reasonable basis" in the record for the jury to reach the verdict that it did in this case.

4. Plaintiffs also argue they were prejudiced by a "novel" bifurcation of the jury's consideration of liability from the measure of damages. This argument appears to have been waived or precluded by the invited error doctrine since the court is unable to locate an objection on Plaintiffs' behalf. See Deland v. Old Republic Life Ins. Co., 758 F.2d 1331, 1336-37 (9th Cir. 1985). In any event, Plaintiffs offer only speculation and circumstantial statements from other cases and studies to support their conclusion that the "practical effect" of the bifurcation in this case was "to prejudice the jury against Plaintiffs' case." And having presided over this action at trial, the undersigned does not share Plaintiffs' opinion. Notably, the jury deliberated for at least two hours on the day it received the case, and deliberated for nearly three more hours the next day before announcing it had reached a unanimous verdict. The amount of time the jury spent deliberating - spread over two days - significantly undercuts any perception the jury was somehow

incentivized by the bifurcation to find against Plaintiff, avoid further deliberations, and end their service as soon as possible. Instead, the court perceived the members of the jury to take their function seriously.

5. This same observation defeats Plaintiffs' claim of prejudicial misconduct by Defendant's attorney when he suggested the jury could "go home" if no breach was found, referenced Section 16.0 of the Agreement, or when he purportedly made statements about matters not in evidence. "To grant a new trial because of attorney misconduct, 'the flavor of the misconduct must [have] sufficiently permeate[d][the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" Larez v. City of L.A., 946 F.2d 630, 637 (9th Cir. 1991). The court does not find any comments or references made by Defendant's counsel influenced the jury to the extent their duty to deliberate based on the admitted evidence  - as they were correctly instructed to do - was overcome by "passion and prejudice."

6. Plaintiffs final argument is that the jury was improperly instructed on contraction formation and that the verdict form inaccurately framed the issues for the jury. The court recognizes that "erroneous jury instructions, as well as the failure to give adequate instructions, are also bases for a new trial." Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990). But here, the instructions given on contract formation and the elements of breach of contract are each correct statements of California law, and the parties did not stipulate that Plaintiff was excused from proving each element of their claim. Furthermore, any error on the verdict form is harmless. Whether asked as one question or three, the result would be the same: the jury determined that Plaintiff did not sustain its burden to prove that a breach of contract occurred.

Based on the foregoing, Plaintiffs' Motion for New Trial (Dkt. No. 343) is DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2017

EDWARD J. DAVILA
United States District Judge