1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8     NAVCOM TECHNOLOGY, INC, et al.,         Case No.  5:12-cv-04175-EJD

              Plaintiffs,
9                                              ORDER GRANTING IN PART
      v.                                       MOTION FOR AWARD OF FEES AND
10                                             COSTS; DIRECTING PARTIES TO
                                               MEET AND CONFER RE AMOUNT;
11    OKI ELECTRIC INDUSTRY CO, LTD,           CONTINUING STATUS
                                               CONFERENCE
              Defendant.
12

13          Presently before the court is Defendant Oki Electric Industry Co., Ltd.'s ("Defendant")

14   motion for fees and costs.  Dkt. Nos. 333-2, 391.  For the reasons set forth below, Defendant's

15   motion for attorney's fees and costs is granted in part and the parties are directed to meet and

16   confer regarding the amount.

17   **I.    BACKGROUND**

18          After a ten day trial, a jury found against Plaintiffs Navcom Technology Inc. and Deere &

19   Company (collectively, "Plaintiffs") on their claim that Defendant breached a written contract for

20   the development and production of a component known as the "RF ASIC."  Dkt. No. 318.

21   Judgment was entered in favor of Defendant on May 28, 2014.  Dkt. No. 328.  In early June of

22   2014, the parties filed post-trial motions.  Dkt. Nos. 330, 332.  On June 11, 2014, Defendant filed

23   its motion for attorney's fees and costs.  Dkt. No. 333.  Defendant asserted it was the prevailing

24   party and entitled to fees and costs pursuant to California Code of Civil Procedure section 1032,

25   California Civil Code section 1717, and Section 25 of the Customized Advanced GPS RF Chipset

26   Development and Purchase Agreement ("Agreement") entered into on December 14, 2005

27

United States District Court
Northern District of California

1    between Navcom Technology, Inc. ("Navcom") and Oki Semiconductor Company.[1]  As of the

2    filing of Defendant's June 11, 2014 motion, Defendant had incurred fees in the amount of

3    $3,380,688.69 and costs in the amount of $484,242.26.  Def.'s Mot. for Att'y Fees and Costs 6

4    (Dkt. No. 333-3)

5         After the court issued rulings on the post-trial motions in June of 2017 (Dkt. Nos. 377,

6    378), but before the court ruled on Defendant's motion for fees and costs, Plaintiffs filed a timely

7    appeal.  Dkt. No. 379.  The Ninth Circuit affirmed the court's denial of Plaintiffs' Rule 50 and 59

8    motions.  Dkt. No. 382.  Pursuant to the Ninth Circuit's mandate, the judgment took effect

9    December 28, 2018.  Dkt. No. 383.

10        Defendant filed supplemental briefing in support of its motion for fees and costs to add a

11   request for pre-judgment interest on the original amount of fees and costs claimed in Defendant's

12   Motion from the date Defendant first filed its motion for fees and costs, June 11, 2014, through the

13   date the court issues a ruling on Defendant's motion.  Dkt. No. 391.  Defendant also seeks

14   reimbursement for three additional categories of fees and costs:  attorney's fees and costs incurred

15   at the trial court level after June 11, 2014 through June 16, 2017, when the Rule 50 and 59

16   motions were denied (Category 1—"Fees and Costs Billed Pre-Appeal"); attorney's fees and costs

17   incurred with respect to Plaintiffs' appeal (Category 2—"Fees and Costs Billed During Appeal");

18   attorney's fees and costs incurred after Plaintiffs' appeal (Category 3—"Fees and Costs Billed

19   Post-Appeal").  Finally, Defendant requests post-judgment interest on the total amount awarded to

20   Defendant.

21   **II.    STANDARDS**

22        In a diversity action, state law governs the award of attorney's fees.  *Hancock Labs., Inc. v.*

23   *Admiral Ins. Co.*, 777 F.2d 520, 525 (9th Cir. 1985).  California Civil Code section 1717 provides

24   that "the party who is determined to be the party prevailing on the contract . . . shall be entitled to

25

26   _____

27   [1] Defendant is the successor to Oki Semiconductor Company under the alleged agreement at issue
     in the complaint.
     Case No.: 5:12-cv-04175-EJD

28   ORDER GRANTING IN PART MOTION FOR AWARD OF FEES AND COSTS; DIRECTING
     PARTIES TO MEET AND CONFER RE AMOUNT
     2

United States District Court
Northern District of California

1  reasonable attorney's fees in addition to other costs," and that "the party prevailing on the contract

2  shall be the party who recovered a greater relief in the action on the contract."  Cal. Civ. Code §

3  1717(a), (b)(1).  California Code of Civil Procedure § 1032(b) provides that "a prevailing party is

4  entitled as a matter of right to recover costs in any action or proceeding," and § 1033.5(a)(10)(A)

5  provides that "costs" includes "[a]ttorney's fees, when authorized by . . . [c]ontract."  Under

6  section 1032, "prevailing party" is defined to include "a defendant as against those plaintiffs who

7  do not recover any relief against that defendant."  Cal. Code of Civ. Proc. § 1032(a)(4).

8          One well-accepted method of determining attorney's fees is the lodestar method.  *Morales*

9  *v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  The lodestar is calculated by multiplying

10  the number of attorney hours the prevailing party reasonably expended on the litigation by a

11  reasonable hourly rate.  *Id*.  "The reasonableness of an hourly rate should be determined based on

12  the rates prevailing in the community for 'lawyers of reasonably comparable skill, experience and

13  reputation.'"  *Lewis v. Silvertree Mohave Homeonwers' Ass'n, Inc.*, No. 16-3581 HWA, 2017 WL

14  5495816, at *3 (N.D. Cal. Nov. 16, 2017) (quoting *Blum v. Stenson*, 465 U.S. 886, n.11 (1984)).

15  **III.     DISCUSSION**

16          Section 25.0 of the Agreement reads as follows:

17          **25.0 ATTORNEY'S FEES.** If legal action should be necessary to enforce the terms of
        this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, and
18        all costs associated therewith, in addition to any other relief to which that party may be
        entitled.

19

20  *See*, PX-125 at OKI_LW_008274 ("Section 25").  Having prevailed at trial and on appeal,

21  Defendant is unquestionably the prevailing party and entitled to fees and costs pursuant to Section

22  25 and section 1717.  *See Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th

23  230, 249 (2012), *reh'g denied* (Dec. 7, 2012), *review denied* (Jan. 30, 2013) ("[H]aving defeated

24  [plaintiff's] only contract claims in the action[, defendant] 'is the party prevailing on the contract

25  under section 1717 as a matter of law.' . . . [Defendant] therefore has a right to recover the

26  attorney fees it reasonably incurred in defeating those claims, and the trial court had no authority

27  Case No.: 5:12-cv-04175-EJD
28  ORDER GRANTING IN PART MOTION FOR AWARD OF FEES AND COSTS; DIRECTING
    PARTIES TO MEET AND CONFER RE AMOUNT

to deny entirely its request for fees.").  Accordingly, Defendant's motion for fees and costs is granted, except as provided below.

### A.    Category 1—"Fees and Costs Billed Pre-Appeal"—June 11, 2014-June 16, 2017

Defendant seeks $242,282.50 in fees and $5,808.89 in costs billed pre-appeal.  Defendant's descriptive chart of the breakdown of fees in this matter consists of entries such as the one below.

| Date | Description of Services | Hours Expended | Fees |
|---|---|---|---|
| August 2012 | Legal research regarding removal to federal court; legal research regarding jurisdiction; draft notice of removal; review contract in suit; legal research regarding removal; correspondence with Plaintiffs' counsel regarding named defendants; draft notice to adverse party and court of filing of notice of removal; draft motion to dismiss named defendants (Rohm and OEA); draft answer to complaint; attend to effect of dissolution on diversity analysis; prepare extension of time stipulation; legal research regarding anticipated motion for remand; attend to factual issues regarding motion to remand. | Partner Peter M. Gilhuly 0.50 Partner Michael Ladra 27.20 Partner Mathew Rawlinson 0.10 Assoc. Michelle P. Woodhouse 37.10 Paralegal J. Nguyen 4.00 Paralegal Y. Ugay 11.60 Paralegal J. Zimmerman 2.70 | $48,068.37 |

Dkt. No. 404-1.  These types of entries lack sufficient information for the court to evaluate the reasonableness of the fee request.  The court cannot determine the amount of time spent by Defendant's attorneys on particular tasks, the rates charged for particular tasks, or whether the number and seniority of attorneys who performed the particular tasks were reasonable.  For example, it is unclear from the entry above whether a partner, associate or paralegal conducted legal research regarding removal.  It is also unclear how much time was required to conduct this research.

Case No.: 5:12-cv-04175-EJD
ORDER GRANTING IN PART MOTION FOR AWARD OF FEES AND COSTS; DIRECTING PARTIES TO MEET AND CONFER RE AMOUNT
4

To facilitate the court's review, the parties are ordered to engage in the following process. First, no later than September 27, 2019, Defendant shall file and serve a revised table that summarizes its fees by task in the format shown below:

| Date | Team Member | Title | Task/Description | Time | Rate | Amount |
|---|---|---|---|---|---|---|
| 9/1/2012 | J. Doe | Partner | legal research re limitation of liability issue | 1.0 | $1000 | $1000 |
| 9/1/2012- 9/15/2012 | S. Roe | Associate | legal research re limitation of liability issue | 5.0 | $500 | $2500 |
| 10/2012 | S. Roe | Associate | review opposition brief; draft reply brief for motion to dismiss | 25.60 | $500 | $12,800 |
| 10/2012 | J. Doe | Partner | review opposition brief; revise reply brief | 5.0 | $1000 | $5,000 |

Each entry should consist of work performed by a single Team Member. The entries should be grouped by major tasks, such as complaint and pre-filing investigation; answer/response to complaint; discovery related to (specify subject); motion practice (specify the motion); and other identifiable, groupable tasks. Defendant should avoid block billing disparate or unrelated subject matters. *See Loretz v. Regal Stone, Ltd.*, 756 F. Supp. 2d 1203, 1213 (N.D. Cal. 2010) ("The Court has 'authority to reduce hours that are billed in block format . . . because block billing makes it more difficult to determine how much time was spent on particular activities.'" (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007))).

Second, no later than October 18, 2019, the parties shall meet and confer in person to resolve or narrow their disputes over fees. During the meet and confer session(s), Plaintiffs' counsel shall (1) identify by line entry every item Plaintiffs object to and the basis for the objection(s) and (2) propose in good faith a reasonable reduction for every item to which Plaintiffs object.

Third, in the event any items remain in dispute after this process, the parties shall, on or before, November 1, 2019, file a joint statement which includes the following: (1) the total

United States District Court
Northern District of California

United States District Court
Northern District of California

amount of fees claimed by Defendant with a table in the format described above; (2) the total

amount of fees Plaintiffs agree should be awarded; and (3) a description of each specific item in

dispute in a table in the format below.

| Date | Team Member | Title | Task/ Description | Time | Rate | Objection and Basis for Objection | Requested Reduction | Response to Objection |
|------|-------------|-------|-------------------|------|------|-----------------------------------|---------------------|-----------------------|
| 9/1/2012 | S. Doe | Associate | prepare document binders | 3.0 | $500 | clerical work | apply paralegal rate of $150/hour | Defendant stipulates to reduction |
| 3/2013 | S. Doe | Partner | communication with trial team regarding litigation strategy | 5.0 | $1000 | vague and excessive | Full amount | Weekly meetings with entire Team |

If, after completing this process, there remain substantial disagreements regarding the calculation

of reasonable fees, the court may refer the matter to a special master at the expense of the parties.[2]

    To assist the parties in the meet and confer process, the court offers the following guidance

regarding the discrete issues raised in the motion.

### i.   Contemporaneous Billing Records

    As the party seeking an award of fees, Defendant "should submit evidence supporting the

hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To the extent

Defendant has not already done so, Defendant must provide "[a] statement of the services

rendered by each person for whose services fees are claimed together with a summary of the time

spent by each person, and a statement describing the manner in which time records were

maintained." Civil Local Rule 54-5. Defendant is not required to produce contemporaneously

maintained billing records at this time, but may be required to do so later. *Id*. ("Depending on the

circumstances, the Court may require production of an abstract of or the contemporary time

records for inspection, including *in camera* inspection, as the Judge deems appropriate."); *see also*

---

[2]   The court will not award any additional fees and costs to Defendant for time spent completing
the three-step process outlined above.

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) ("[i]n California, an attorney need not submit contemporaneous time records in order to recover attorney fees").

### ii.   Shaw Keller

Defendant added Shaw Keller to its team when it was clear that the case was going to trial. Def.'s Reply 9 (Dkt. No. 349). Plaintiffs object to time Shaw Keller's attorneys and paralegals spent "getting up to speed" on the case, citing *Dugan v. Lloyds TSB Bank*, No. 12-2549 WHA, 2014 WL 1647652 (N.D. Cal. April 24, 2014). In *Dugan*, the court reduced the requested fees of seven non-partner attorneys "to account for getting up to speed, duplication, and inefficiencies." *Id*. at *4. The *Dugan* court did not hold that fees for "getting up to speed" on a case are per se unreasonable or duplicative work. Therefore, the court overrules Plaintiffs' categorical objection to time Shaw Keller's attorneys and paralegals spent "getting up to speed" on the case in the month preceding trial. The parties shall meet and confer in the manner previously outlined above to resolve disputes over particular entries for work performed by Shaw Keller.

### iii.   Messrs. Akashi and Yasutomo

Plaintiffs' categorical objection to all fees incurred by Japanese attorneys Mr. Akashi and Mr. Yasutomo is overruled. In *Winterrowd*, the plaintiffs sought an award of attorney's fees pursuant to California Labor Code section 218.5. *Winterrowd*, 556 F.3d at 825. The district court determined that plaintiffs could not recover attorney's fees for the portion of work performed by an out-of-state attorney due to his alleged violation of the State Bar Act or the Central District of California's Local Rules. *Id*. at 820. The Ninth Circuit determined that the State Bar Act did not control, and looked instead to the Central District's rules (which allow for out-of-state attorneys to participate *pro hac vice*) and federal case law to determine whether the plaintiffs may recover for the attorney's work. *Id*. at 822. The Ninth Circuit observed that caselaw suggested "two ways" in which the plaintiffs could recover the attorney's fees: (1) if the attorney would have "certainly been permitted to appear *pro hac vice*"; and (2) if the attorney's conduct "did not rise to the level of 'appearing' before the district court." *Id*. at 823. The *Winterrowd* court characterized the out-

United States District Court
Northern District of California

1  of-state attorney's role as litigation support or consultant, and ultimately held that the plaintiffs

2  may recover for the attorney's work because his conduct did not rise to the level of "appearing"

3  before the district court.  *Id*. at 823-824.

4        Here, although Messrs. Akashi and Yasutomo were not admitted *pro hac vice*, Defendant

5  may recover fees for their work because their conduct did not rise to the level of appearing before

6  the court.  Messrs. Akashi and Yasutomo did not practice law in California in relation to this

7  action; they never appeared or argued before this Court, did not sign briefs, and had no contact

8  with the client or opposing counsel.  Supp. Decl. of Marc R. Labgold ¶ 15 (Dkt. No. 350).

9         **iv.**    **Declaration of Marc R. Labgold**

10        Plaintiffs object to Mr. Labgold's declaration in its entirety because it lacks the statutorily

11  required clause, "I declare (or certify, verify, or state) under penalty of perjury . . . that the

12  foregoing is true and correct."  17 U.S.C. § 1746(c).  Plaintiffs also contend that Mr. Labgold

13  lacks personal knowledge for his opinions that (1) the time records were maintained in the

14  accepted and customary manner and (2) the attorneys' rates and amounts billed are typical for

15  commercial litigation in California.

16        The objections are overruled.  Mr. Labgold's declaration is signed and explicitly states at

17  its outset that the statements therein are made "under penalty of perjury."  Dkt. No. 333-5.  As

18  such, the declaration substantially complies with section 1746.  In any event, Mr. Labgold

19  submitted a supplemental declaration which complies with section 1746 and provides additional

20  information to establish his personal knowledge for his proffered opinions.  Dkt. No. 350.

21         **v.**    **Declaration of David A. Makman**

22        Mr. Makman states in his declaration that he has reviewed the fees, hourly rates, and costs

23  described in Defendant's motion and, in his view, "those fees and costs are reasonable and

24  consistent with the fees ordinarily charged for business litigation of this nature in this District, and

25  in San Jose, California."  Decl. of David Makman ¶ 2.  Plaintiffs object to paragraph two,

26  asserting that Mr. Makman fails to establish personal knowledge for his opinion.

27

28

United States District Court
Northern District of California

The objection is overruled.  Mr. Makman submitted a supplemental declaration that provides additional information establishing his personal knowledge for his proffered opinion.

### vi.     Attorney and Paralegal Rates

Plaintiffs' objections to the rates of Defendant's attorneys and paralegals are overruled. Civil Local Rule 54-5(b)(3) requires "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services."  Defendant has provided each biller's title (partner, associate, paralegal, etc.), years of experience, and additional biographical information for some, but not all, of the attorneys.  These submissions, although thin, satisfy Local Rule 54-5(b)(3).

### B.     Category 2—"Fees and Costs Billed During Appeal"

Defendant seeks $346,589.75 in fees and $19,820.91 in costs incurred for work performed defending against Plaintiffs' appeal.  Plaintiffs contend that Defendant may not recover appellate fees and costs because Defendant failed to request such fees and costs from the Court of Appeals.

Ninth Circuit Rule 39–1.6 provides that a request for attorney's fees shall be filed with the Clerk within 14 days from the expiration of the period within which a petition for rehearing or suggestion for rehearing en banc may be filed, unless a timely petition for rehearing or suggestion for rehearing en banc is filed.  It is undisputed that Defendant did not file any request for fees and costs with the Ninth Circuit.  Nevertheless, Defendant contends it is entitled to fees and costs incurred on appeal, citing *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 884 (9th Cir. 2005) and *Yamada v. Snipes*, 786 F.3d 1182, 1208 (9th Cir. 2015).  Both cases are distinguishable.

In *Twentieth Century Fox*, the trial court granted summary judgment in favor of the plaintiff on both of its claims and awarded fees to the plaintiff as the prevailing party under 17 United States Code section 505.  The Ninth Circuit reversed the summary judgment ruling on one claim, vacated the award of fees, and remanded to the district court to recalculate fees after the

United States District Court
Northern District of California

remanded claim was resolved.  *Id*.  On remand, the court conducted a bench trial on the single claim, found in favor of the plaintiff, and again awarded plaintiff fees as the prevailing party.  The fee award included fees incurred in defending the summary judgment appeal.  The defendant appealed again, asserting among other things that the trial court was without jurisdiction to award appeal fees because the plaintiff did not first file its request for fees and expenses with the appellate court.  Ultimately, the Ninth Circuit held that the trial court did not abuse its discretion in awarding the appellate fees and expenses.  *Twentieth Century Fox Film Corp.*, 429 F.3d at 884.  The Ninth Circuit reasoned that the plaintiff was entitled to fees for an intermediate appellate stage of the litigation where it was unsuccessful, but later succeeded on the merits of its claim after trial.  *Id*.  Here, the appeal was not an intermediate stage before trial, but a final stage after a trial on the merits.

The *Yamada* case is similarly inapposite.  In *Yamada*, the trial court issued a preliminary injunction in favor of the plaintiffs.  The defendants appealed the preliminary injunction but dismissed the appeal before argument.  The trial court entertained cross- motions for summary judgment and converted the preliminary injunction to a permanent injunction.  The trial court also awarded fees and costs to the plaintiffs pursuant to 42 United States Code section 1988, but denied the plaintiffs' request for fees and costs incurred on appeal.  The trial court concluded that the plaintiffs became the prevailing party when the defendants abandoned their appeal, and therefore the trial court was not authorized to award appellate fees and costs, citing Ninth Circuit Rule 39-1.6 and *Cummings v. Connell*, 402 F.3d 936 (9th Cir. 2005).  The Ninth Circuit disagreed.  The Ninth Circuit reasoned that "[a] court may award attorney's fees under §1988 only to a 'prevailing party,' and a plaintiff prevails for purposes of §1988 only 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  *Yamada*, 786 F.3d at 1208.  The Ninth Circuit characterized the preliminary injunction order as an interlocutory order that could have been negated by the trial court and therefore did not confer prevailing party status to the plaintiffs

United States District Court
Northern District of California

1    at the time defendants dismissed their appeal.

2         Unlike in *Yamada*, this court entered a judgment on the merits in favor of Defendant

3    before any appeal was taken.  Dkt. No. 328.  Unlike in *Yamada*, Defendant's success on appeal

4    firmly established Defendant as the prevailing party.  Defendant failed to request its appellate fees

5    and costs from the Ninth Circuit and cannot belatedly recover those fees and costs now.

6    *Cummings v. Connell*, 402 F.3d 936, 947-948 (9th Cir. 2005); *Rodman v. Safeway Inc.*, No. 11-

7    3003 JST, 2018 WL 4030558 (N.D. Cal. Aug. 23, 2018).

8         **C.    Category 3—"Fees and Costs Billed Post-Appeal"**

9         Defendant contends it is entitled to $19,806.25 in fees and $48.20 in costs incurred for

10   work performed post-appeal in conjunction with enforcing its right to recover fees and costs.

11   There is insufficient information in the record for the court to evaluate the reasonableness of

12   Defendant's request.  The parties shall follow the meet and confer process previously outlined in

13   subsection "A" of this Order to resolve or narrow their disputes regarding Category 3.

14        **D.    Pre-Judgment Interest on Fees and Costs**

15        Defendant asserts that it is entitled to pre-judgment interest on fees and costs pursuant to

16   California Civil Code section 3287(a) at the rate of 10 percent starting June 11, 2014, the date

17   Defendant filed its motion for fees and costs, through the date the court issues a ruling on

18   Defendant's motion.  Section 3287(a) provides in pertinent part that "[a] person who is entitled to

19   recover damages certain, or capable of being made certain by calculation, and the right to recover

20   which is vested in the person upon a particular day, is entitled also to recover interest thereon from

21   that day."  Damages are deemed certain when, though the parties dispute liability, they essentially

22   do not dispute the computation of damages, if any.  *Cataphora Inc. v. Parker*, 848 F. Supp. 2d

23   1064, 1072 (N.D. Cal. 2012) (citing *Esgro Central, Inc. v. General Ins. Co.* 20 Cal. App. 3d 1054,

24   1060 (1971)).

25        Plaintiffs contend that there is no precedent for applying section 3287 as a basis for

26   imposing prejudgment interest on a post-judgment award of attorney's fees based on contract or

United States District Court
Northern District of California

Case No.: 5:12-cv-04175-EJD
ORDER GRANTING IN PART MOTION FOR AWARD OF FEES AND COSTS; DIRECTING
PARTIES TO MEET AND CONFER RE AMOUNT

1    statute.  In response, Defendant cites to *Scie LLC v. XL Reinsurance America, Inc.*, 397 Fed.

2    App'x 348,  352-53 (9th Cir. 2010), which held that the plaintiff, as the prevailing party in an

3    arbitration proceeding, was entitled to recover pre-judgment interest on fees under § 3287(a) from

4    the date of an arbitration award.  The Ninth Circuit reasoned that the award of fees and expenses

5    was fixed and made certain at the time of the arbitration award, and therefore pre-judgment

6    interest on the fees and expenses were recoverable under section 3287(a).

7         Unlike in *Scie*, Defendant did not pursue interest on fees and costs as an element of

8    damages at any time prior to entry of judgment.  *See* Defendant's Answer 7:2-7 (Dkt. No. 49)

9    (requesting dismissal of Plaintiffs' Complaint and "costs and expenses associated with defending

10   this action, including reasonable attorney fees").  To this day, Defendant's costs and fees have

11   never been fixed and made certain as they were in *Scie*.  Therefore, Defendant is not entitled to

12   pre-judgment interest on costs and fees.  *See Emp'rs Mut. Cas. Co. v. Phila. Indem. Ins. Co.*, 169

13   Cal. App. 4th 340, 355 (2008) (affirming denial of pre-judgment interest where amount of fees

14   was not certain or capable of being made certain by calculation).  Defendant cannot belatedly add

15   a post-judgment request for interest as an element of damages.  *See N. Oakland Med. Clinic v.*

16   *Rogers*, 65 Cal. App. 4th 824, 831 (1998) ("[R]equests for prejudgment interest under section

17   3287 by a successful [party] must be made by way of motion prior to entry of judgment, or the

18   request must be made in the form of a motion for new trial no later than the time allowed for filing

19   such a motion.").

20        The court also agrees with Plaintiffs that awarding pre-judgment interest to Defendant at

21   this late stage in the proceedings would be inequitable.  In *Ferrellgas, Inc. v. American Premier*

22   *Underwriters, Inc.*, 79 F. Supp. 2d 1160, 1164 (C.D. Cal.  1999), the court observed that the

23   primary purpose of prejudgment interest is to provide just compensation, but that this goal "has to

24   be tempered by the recognition that it is unfair to assess interest against a party who did not know,

25   and could not reasonably have ascertained, the amount owed."  California courts have construed

26   section 3287 to avoid such unfairness.  *Id.*

27

28

1    Here, Defendant seeks pre-judgment interest from June 11, 2014, the date Defendant filed

2    its motion for fees and costs.  On June 11, 2014, Plaintiffs did not know, and could not have

3    reasonably ascertained, the amount of fees and costs owed.  At most, Plaintiffs knew of their

4    potential liability for fees and costs.  The court has yet to calculate Defendant's recoverable fees

5    and costs.  Under these circumstances, it would be unfair to award Defendant pre-judgment

6    interest.  Defendant's belated request for pre-judgment interest from June 11, 2014 through the

7    date of final judgment on defendant's motion for fees and costs is denied.

8    **E.    Costs**

9    Pursuant to Section 25, Defendant seeks an award of "all costs" in the amount of

10   $484,242.26.  This amount includes $186,836.98, which is the subject of Defendant's Bill of Costs

11   (Dkt. No. 333-22) for the Clerk's review.  Plaintiffs object to any award of costs above and

12   beyond those that are allowed by California Code of Civil Procedure section 1033.5.

13   "[A]n undefined general contractual provision entitling the prevailing party to 'reasonable

14   attorney's fees and costs' must be interpreted in light of Code of Civil Procedure section 1033.5's

15   limited definition of costs."  *Hsu v. Semiconductor Sys., Inc.*, 126 Cal.App. 4th 1330, 1341 (2005)

16   (quoting *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 491

17   (1996)); *see also Stonebrae, L.P. v. Toll Bros.*, No. 08-221 EMC, 2011 WL 1334444, at *19 (N.D.

18   Cal. April 7, 2011) (construing Rule 68 offer for "costs" to mean only costs allowable under

19   section 1033.5), *aff'd*, 521 Fed. App'x. 592 (9th Cir. 2013); *RD Legal Funding, LLC v. Erwin &*

20   *Balingit, LLP*, No. 08-597 L (RBB), 2011 WL 90222, at *6 (S.D. Cal. Jan. 10, 2011) ("The costs

21   recoverable pursuant to a contract provision under section 1717(a) are circumscribed by California

22   Code of Civil Procedure Section 1033.5, unless the requesting party proves at trial that the

23   contracting parties intended a broader scope of allowable costs.").

24   Notwithstanding the authority summarized above, Defendant contends that it is not limited

25   to the costs listed in section 1033.5 because it has a contractual right to recover "all costs," citing

26   *Cataphora Inc. v. Parker*, No. 09-5749 BZ, 2012 WL 174817 (N.D. Cal. Jan. 20, 2012).  In

27

28

United States District Court
Northern District of California

1    *Cataphora*, the plaintiff sought reimbursement for expert witness fees, travel expenses, jury

2    consultant fees, deposition costs, printing/copying costs and postage/messenger costs.  The

3    contractual provision upon which the plaintiff relied stated that the "prevailing party in any legal

4    action ... shall be entitled ... to reimbursement for its costs and expense [sic] (including court costs

5    and reasonable fees for attorneys and expert witnesses) incurred with respect to the bringing and

6    maintaining of any such action." *Id*. at *1.  The *Cataphora* court awarded expert fees because the

7    contract expressly allowed for the award.  The *Cataphora* court awarded the remainder of the

8    costs, reasoning that parties are free to enter into contracts which shift attorney's fees and costs,

9    and that "[a] rule that limits parties that incorporate express cost-shifting provisions in their

10    contracts, to the costs permitted by section 1033.5 would negate the contract provision, since the

11    prevailing party is already entitled to statutory taxable costs." *Id*. at *2.

12           Here, the parties' contract provides for the recovery of "all costs," which could be

13    construed broadly to encompass costs beyond those permitted under section 1033.5.  However, it

14    does not necessarily follow that Defendant is entitled to all costs.   Under California law, "the

15    proper interpretation of a contractual agreement for shifting litigation costs is a question of fact

16    that 'turns upon the intentions of the contracting parties.'" *Hsu*, 126 Cal. App. 4th at 1341-42

17    (citing *First Nationwide Bank v. Mountain Cascade, Inc.*, 77 Cal. App. 4th 871, 879 (2000)).

18    Therefore, "the issue must be submitted to the trier of fact for resolution pursuant to a prejudgment

19    evidentiary proceeding, not a summary postjudgment motion." *Id*.  Having failed to plead and

20    prove its contractual right to "all costs," Defendant is precluded from recovering "all costs" at this

21    stage in the proceedings. *Carwash of America-Po LLC v. Windswept Ventures No. 1*, 97 Cal. App.

22    4th 540, 542 (2002) (holding that although prevailing defendant may have had contractual right to

23    "all reasonable costs," defendant was precluded from recovering expert witness fees because the

24    party failed to plead and prove a contractual right to such fees); *see also Toll Brothers, Inc. v.*

25    *Chang So-O Lin*, No. 08-987 SC, 2009 WL 1816993, at *7 (N.D. Cal. June 25, 2009) (holding that

26    even though defendants were prevailing party, defendants were not entitled to recover expert fees

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  as an element of costs because defendants did not plead and prove their contractual right to the

2  expert fees at trial) .

3       Defendant's reliance on *Kowalski v. Farella, Braun & Martel, LLP*, No. 06-3341 MMC,

4  2009 WL 2761321 (N.D. Cal. Aug. 27, 2009) is also misplaced.  In *Kowalski*, plaintiff sought fees

5  and costs under a federal statute, the Employment Retirement Income Security Act.  As such,

6  *Kowalski* has no bearing on Defendant's request for fees in this case. Recovery of costs provided

7  by contract must be specially pleaded and proven at trial, and not awarded posttrial.  *Hsu*, 126 Cal.

8  App. 4th at 1341.

9  **IV.   CONCLUSION**

10       For the reasons set forth above, the court orders as follows:

11  1.  Defendant's motion for fees and costs is GRANTED in part.  The parties shall meet

12      and confer to resolve or narrow their disputes regarding Category 1 and Category 3.

13  2.  Defendant's motion is DENIED as to Category 2.

14  3.  Defendant's request for pre-judgment interest is DENIED.

15  4.  Defendant's request for costs that are outside of those identified in California Code of

16      Civil Procedure section 1033.5 is DENIED.[3]

17  5.  The status conference set for September 26, 2019 is continued to 10:00 a.m. on

18      November 7, 2019.

19       **IT IS SO ORDERED.**

20  Dated:  September 5, 2019

21

22                         EDWARD J. DAVILA
                          United States District Judge

---

[3] The Bill of Costs will be reviewed by the Clerk of Court in accordance with Local Rule 54.
Case No.: 5:12-cv-04175-EJD
ORDER GRANTING IN PART MOTION FOR AWARD OF FEES AND COSTS; DIRECTING
PARTIES TO MEET AND CONFER RE AMOUNT
15