NAGASHIMA, HASHIMOTO & YASUKUNI
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Telephone:  877-401-8855
Facsimile:   877-401-8855

NAGASHIMA, HASHIMOTO & YASUKUNI
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:   +81-3-3239-8538

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
MICHAEL L. SMITH (SBN 160305)
mls@manningllp.com
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant
Oki Electric Industry Co., Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC.; and DEERE & COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO., LTD,<br><br>Defendants. | Case No. 5:12-cv-04175 EJD<br><br>**DECLARATION OF MARC R. LABGOLD IN SUPPORT OF OKI ELECTRIC INDUSTRY CO. LTD.'S BILL OF COSTS** |

I, Marc R. Labgold, hereby declare under penalty of perjury:

1. I am an attorney at Nagashima, Hashimoto, & Yasukuni, and represent Oki Electric Industry Co., Ltd. ("Oki Electric") in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, would be competent to testify thereto.

2. I submit this Declaration in support of Oki Electric's Bill of Costs. I have personal knowledge of the facts stated in this Declaration, and I would testify to them if called as a witness.

3. I have reviewed the costs set forth in the attached exhibits and Oki Electric's Bill of Costs. They are correctly stated, were necessarily incurred, and are allowable by law.

4. Plaintiff brought this action for breach of contract. (*See* Dkt. No. 1, Ex. 1, at ¶ 1 (stating that this is an action for breach of contract)). The contract at issue states:

> "**the prevailing party shall be entitled to** reasonable attorney's fees, and **all costs** associated therewith . . . ." (PX-125 at OKI_LW_008274) (emphasis added).

Oki Electric was the prevailing party, and is entitled to ALL of its costs. (D.I. 413 at 3 "Having prevailed at trial and on appeal, Defendant is unquestionably the prevailing party . . ."). The services for which fees have been charged were actually and necessarily performed.

5. Certain of the attached exhibits have been redacted to exclude financial account numbers under Federal Rule of Civil Procedure 5.2 and other confidential information.

6. Attached as Exhibit A is a true and correct copy of supporting documentation for costs associated with filing fees and docket fees. Recovery of filing fees is provided by Local Rule 54-3(a)(1) and 28 U.S.C. § 1920(1), and has been permitted by the Court. *See, e.g.*, *Frlekin v. Apple Inc.*, 2016 U.S. Dist. LEXIS 8396, at *11 (N.D. Cal. Jan. 25, 2016) (allowing recovery of pro hac fee and other filing fees under Local Rule 54-3(a)(1)). The notice of removal and pro hac filing fees were advanced by a vendor or counsel and charged to Oki Electric.

7.  Attached as Exhibit B is a true and correct copy of supporting documentation for costs associated with court transcripts. Recovery of the cost of trial transcripts is allowed under Local Rule 54-3(b) and 28 U.S.C. § 1920, and has been permitted by the Court. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 113 U.S.P.Q.2D (BNA) 1996, 1999, 2014 U.S. Dist. LEXIS 132830, at *75 (N.D. Cal. September 19, 2014) ("*Apple I*") (permitting recovery of the cost of a trial transcript). The trial transcripts were necessarily obtained for use in the case, including in post-trial motion briefing and in the subsequent appeal that was filed by Plaintiffs. *See* Local Rule 54-3(b) ("The cost of transcripts necessarily obtained for an appeal is allowable"). The Court has permitted recovery of real-time costs for trial transcripts where "they were necessary to avoid delay of objections and motions during trial, and because the transcripts were used for briefing and motions for judgment as a matter of law." *Newton v. Equilon Enters., LLC*, C.A. No. 17-cv-3961-YGR, 2019 U.S. Dist. LEXIS 159997, at *53 (N.D. Cal. Sep. 18, 2019) (citing *Golden Bridge Tech. v. Apple Inc.*, C.A. No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *6 (N.D. Cal. Dec. 21, 2015) (permitting recovery of real-time transcripts)). Here, the parties sought real-time and hourly transcripts both to immediately raise objections and for the purpose of filing motions during trial. *See, e.g.*, Trial Transcript ("Tr.") at 1236:21-1239:6 (the Court and the parties used real-time to resolve an objection by Oki Electric, where the Court asked Oki Electric "Do you have realtime going? . . . I can look at your real-time," and then reviewed the real-time transcript before resolving the objection); Dkt. No. 300 (Oki Electric's Rule 50(a) motion, filed during trial and included dozens of citations to transcript testimony from the in-progress trial).

8.  Attached as Exhibit C is a true and correct copy of supporting documentation for costs associated with deposition transcripts and video recording. Recovery of the cost of deposition transcripts is allowed under Local Rule 54-3(c)(1) and 28 U.S.C. § 1920(2), and has been permitted by the Court. *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010).

9.  Attached as Exhibit D1 is a true and correct copy of supporting documentation for costs associated with disclosure and discovery documents. Recovery of costs associated with

1  disclosure and discovery documents is allowed under Local Rule 54-3(d)(2) and 28 U.S.C.
2  § 1920(4), and has been permitted by the Court. *See, e.g.*, *Slaight v. Tata Consultancy Servs.*,
3  C.A. No. 15-cv-01696-YGR, 2019 U.S. Dist. LEXIS 141425, at *8-12 (N.D. Cal. Aug. 20, 2019);
4  *Apple I*, 2014 U.S. Dist. LEXIS 132830 at *88 (noting that "courts in the Northern District
5  routinely award ediscovery costs that are analogous to 'making copies,' as opposed to costs
6  incurred for the parties' convenience or attributable to the 'intellectual effort' involved in
7  document production."). Recoverable costs include those for tasks including "OCR of
8  documents, TIFF conversion, processing of native files, endorsing images, and branding" of files
9  "with unique sequential production numbers and confidentiality designations." *Slaight*, 2019
10 U.S. Dist. LEXIS 141425 at *8-9 (quotation marks and citations omitted); *Ebay Inc. v. Kelora
11 Sys., LLC*, C.A. No. C 10-4947 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *25-26 (N.D. Cal.
12 Apr. 5, 2013) (awarding costs for "scanning paper documents, electronic scanning and conversion
13 to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation,
14 blowback scanning paper documents, media hardware used for production, electronically
15 stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion").
16 Such costs "are not limited to documents introduced into the record or at a hearing or trial and
17 instead are allowed for 'the cost of reproducing disclosure or formal discovery documents when
18 used for any purpose in the case.'" *Id.* (quoting N.D. Cal. Civil L. R. 54-3(d)).

19    10.    Attached as Exhibit D2 is a true and correct copy of supporting documentation for
20 costs associated with trial exhibits. Recovery of the cost of reproduction of trial exhibits is
21 allowed under Local Rule 54-3(d) and 28 U.S.C. § 1920(4), and has been permitted by the Court.
22 *See Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 5:12-CV-00630-LHK, 2015 U.S. Dist. LEXIS
23 111276, at *114 (N.D. Cal. Aug. 20, 2015) ("*Apple II*") (holding that costs for exhibits and
24 witness binders are recoverable, collecting authority, and noting that "[r]ecovery for trial exhibits
25 has been routinely permitted by courts in this district" and that "courts in this district have
26 allowed recovery of costs associated with creating witness binders"); *Golden Bridge Tech. v.
27 Apple Inc.*, C.A. No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *7 (N.D. Cal. Dec.
28

21, 2015) (permitting recovery of costs associated with trial exhibits and witness binders). The costs in Exhibit D2 also include the costs for witness binders containing the exhibits. The witness binders were necessarily obtained in order to permit examination of the witnesses and to ensure the efficient conduct of trial, and they are recoverable even if certain portions were not ultimately used. *See Apple II*, 2015 U.S. Dist. LEXIS 111276 at *112-14 (holding that a party "may recover the full amount for . . . witness binders, and is not limited to recovering only for exhibits actually used."). To the extent that the witness binder costs are not recoverable under Local Rule 54-3(d)(4), they are permitted under Local Rule 54-3(d)(5), and Oki Electrics also requests recovery on that grounds. *Id.*

11. Attached as Exhibit D3 is a true and correct copy of supporting documentation for costs associated with visual aids. Recovery of the cost of creating and presenting visual aids is allowed under Local Rule 54-3(d)(5) and 28 U.S.C. § 1920, and has been permitted by the Court. *See, e.g.*, *Slaight*, 2019 U.S. Dist. LEXIS 141425 at *23; *Apple II*, 2015 U.S. Dist. LEXIS 111276 at *103-05; *Competitive Techs. v. Fujitsu Ltd.*, C.A. No. C-02-1673 JCS, 2006 U.S. Dist. LEXIS 98312, at *27-28 (N.D. Cal. Aug. 23, 2006). "Civil Local Rule 54-3(d) allows recovery for materials 'to be used' at trial and does not require actual use of each item so prepared." *Apple II*, 2015 U.S. Dist. LEXIS 111276 at *104. Recovery has also been permitted for "on-site support" by a trial graphics provider and the equipment used to present the graphics. *See, e.g., Golden Bridge Tech.*, 2015 U.S. Dist. LEXIS 170424 at *8 (allowing recovery of costs for the preparation of trial graphics and demonstratives, and the "'in-court technician time and the equipment' necessary to present the demonstratives"). Oki Electric seeks recovery of the actual costs invoiced by the vendor who created and presented the visual aids in anticipation of use at trial, not fees for the intellectual efforts of the attorneys in determining content. This was a complex litigation involving technical and contractual issues relating to semiconductor chips, ASIC manufacture, and numerous documents, and it was reasonably necessary for the parties to present evidence and argument in the form of demonstratives to assist the jury. *See Golden Bridge Tech.*, 2015 U.S. Dist. LEXIS 170424 at *8 (providing for recovery of costs for trial

graphics and demonstratives in a "complex litigation that require[d] high-quality demonstratives for the edification of the jury" (quotation marks and citation omitted)).  Oki Electric also seeks recovery for deposition clip reports, including those admitted as exhibits in this action.  A portion of the costs associated with visual aids are not recoverable under the local rules. Accordingly, Oki Electric has reduced the total amount invoiced by approximately 35% to account for non-recoverable costs.

12. Attached as Exhibit E is intentionally omitted so that the exhibit numbers correspond to the items listed on Clerk's office Form CAND 133.

13. Attached as Exhibit F is a true and correct copy of supporting documentation for costs associated with interpretation and translation. The cost of interpretation and translation is allowed under 28 U.S.C. § 1920(6), and has been permitted by the Court. *Hynix Semiconductor*, 697 F. Supp. 2d at 1150 ("The cost of translation is taxable where reasonably necessary."); *Competitive Techs.*, 2006 U.S. Dist. LEXIS 98312 at *33-34 ("The most reasonable interpretation of § 1920(6) is one which includes translation fees."). Mr. Yazaki's services as an interpreter were necessarily incurred.  Mr. Yazaki's services were necessary for Oki Electric's English-speaking attorneys to communicate with witnesses, and he also served as both a check translator and an affirmative interpreter at trial. This case involved complex technical subject matter in the area of semiconductors and application-specific integrated circuits ("ASICs"). An interpreter with experience in those areas is necessary to ensure that the complex technical- and contract-related subject matter at issue was properly translated between English and Japanese.  Additionally, services as a check translator are recoverable cost if necessarily incurred, and Oki Electric needed a check translator due to the complex technical nature of the language at issue, and because Oki Electric and its English-speaking attorneys could not rely on Plaintiffs to provide a translator with the proper experience.  *See Apple I*, 2014 U.S. Dist. LEXIS 132830 at *95 (noting that check translator fees could be recoverable if necessarily incurred).   Mr. Yazaki, the only interpreter whose fees are sought, has significant experience in interpretation and translation in the fields of electronics, semiconductors, and ASICs.   His services were necessarily incurred to prevent

mistranslations or incorrect interpretations of that complex subject matter, and due in part to his specific expertise, it was also reasonably necessary for him to travel to the locations of the depositions and trial. *See Hynix Semiconductor*, 697 F. Supp. 2d at 1155 (permitting recovery of "all of the expenses billed by the interpreter and paid by the party for the interpreter's services, including reasonable travel expenses, parking, and meals that were reasonably necessary in connection with the provision of services.").

14. Attached as Exhibit G is a true and correct copy of an itemized summary of taxable costs incurred by Defendants in this case, which also lists authority in support of allowance of the costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 4, 2019       NAGASHIMA & HASHIMOTO

By: /s/ *Marc R. Labgold*
      Marc R. Labgold

*Counsel for Defendant*
*Oki Electric Industry Co., Ltd.*

**ATTESTATION**

I, Andrew E. Russell, the CM/ECF filer of this document, attest that concurrence in the filing of the document has been obtained from each of the other signatories listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing attestation is true and correct.

Dated:  October 4, 2019               SHAW KELLER LLP

                                      By:  /s/ *Andrew E. Russell*
                                           Andrew E. Russell

                                      *Counsel for Defendant*
                                      *Oki Electric Industry Co., Ltd.*