# EXHIBIT A

**Ex. A to Plaintiffs' Objections to Oki's Bill of Costs (ECF 421-9)**
*NavCom Technology, Inc, et al. v. Oki Electric Industry Co., Ltd.,* Case No. 5:12-cv-04175 EJD

*Note:* Plaintiffs' decision not to object to any particular costs requested by Oki should not be interpreted as an admission that such costs of properly recoverable.

| Total Costs Claimed by Oki: | $157,007.24 | Total Deductions Requested by Plaintiffs: | $129,516.87 |
|---|---|---|---|

**Exhibit B: Transcripts, Civil LR 54-3(b)(1)**

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 5/7/14 | Irene Rodriguez, United States District Court for the Northern District of California | Trial transcript | $18,795.75 | Exh. A, Doc. No. 8 | LR 54-3(b); 28 U.S.C. § 1920; *Apple Inc. v. Samsung Elecs. Co*., 113 U.S.P.Q.2D (BNA) 1996, 1999, 2014 U.S. Dist. LEXIS 132830, at *75 (N.D. Cal. September 19, 2014); *Newton v. Equilon Enters., LLC*, C.A. No. 17-cv-3961-YGR, 2019 U.S. Dist. LEXIS 159997, at *53 (N.D. Cal. Sep. 18, 2019); *Golden Bridge Tech. v. Apple Inc.*, C.A. No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *6 (N.D. Cal. Dec. 21, 2015) | Reporters' transcripts are only recoverable where they were obtained for an appeal, to be reduced to a formal order prepared by counsel, or were pre-approved as recoverable by the Court or in a stipulation between the parties. *See* L.R. 54-3(b)(1)-(3). Costs of transcripts may be awarded only upon a showing that they were "necessarily obtained for use in the case." *See* L.R. 54-1(a); 28 U.S.C. § 1920(2). Whether a transcript or deposition is 'necessary' must be determined in light of the facts known at the time the expense was incurred. *See Sunstone Behavioral Health, Inc. v. Alameda Cty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1219 (E.D. Cal. 2009).<br><br>Oki has failed to submit evidence that any of the transcripts were *necessary for an appeal at the time they were obtained*. the transcripts were obtained in 2014, more than three years before Plaintiffs filed a notice of appeal in July 2017 (*compare* ECF 421-B (May 2014 transcript invoice) with ECF 379 (July 2017 notice of appeal). Oki has failed to submit any evidence that the other two L.R. 54-3(b) provisions is applicable. *Singson v. City of Millbrae*, Nos. C 09–5023 SI, C 11–1863 SI, 2012 WL 3731347, at *6 (N.D.Cal. Aug. 28, 2012). | $18,795.75 |

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | | | | | In addition to and without waiving the foregoing objections, Oki has failed to submit sufficient evidence that the increased cost of daily transcripts ($2,056.65), hourly transcripts ($9,352.60) and real-time services ($7,386.50), were "necessarily incurred" in this case. *See* L.R. 54-1(a); 28 U.S.C. § 1920(2). | |

**Exhibit C: Deposition transcript/video recording, Civil LR 54-3(c)(1)**

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 9/8/13 | MBreporting, Inc. | Original and certified copies of deposition of Paul Galyean fact deposition | $1,114.40 | Exh. C, Doc. No. 1 | LR 54-3(c)(1); 28 U.S.C. § 1920(2); *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010) | L.R. 54-3(c) permits the recovery of the cost of an original, a copy, and exhibits to a deposition. The additional cost of a rough draft of the deposition transcript ($308.75) is not recoverable. *See Ibrahim v. Department of Homeland Security*, No. C 06–00545 WHA, 2014 WL 1493541, at *3 (N.D.Cal. April 16, 2014). | $182.50 |
| 9/4/13 | MBreporting, Inc. | Original and certified copies of transcript of Paul Galyean 30(b)(6) deposition | $1,764.45 | Exh. C, Doc. No. 2 | LR 54-3(c)(1); 28 U.S.C. § 1920(2); *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010) | L.R. 54-3(c) permits the recovery of the cost of an original, a copy, and exhibits to a deposition. The additional cost of a rough draft of the deposition transcript ($308.75) is not recoverable. *See Ibrahim v. Department of Homeland Security*, No. C 06–00545 WHA, 2014 WL 1493541, at *3 (N.D.Cal. April 16, 2014). | $308.75 |
| 8/31/13 | Veritext | Certified transcript of Reedy & Inoue depositions; videographer for Inoue | $3,921.30 | Exh. C, Doc. No. 3 | 54-3(c)(1)<br><br>28 U.S.C. § 1920<br><br>*Hynix Semiconductor* | L.R. 54-3(c) permits the recovery of the cost of an original, a copy, and exhibits to a deposition. The additional cost of a rough draft of the deposition transcript ($441.00), CD Depo litigation package ($78.00) and cancellation fees ($243.00) are not | $762.00 |

2

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | deposition | | | *Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010) | recoverable. *See Ibrahim v. Department of Homeland Security*, No. C 06–00545 WHA, 2014 WL 1493541, at *3 (N.D.Cal. April 16, 2014). | |
| 7/30/13 | Veritext | Court reporter for Asahi & Balbuena, incl. transcript copies | $2,511.90 | Exh. C, Doc. No. 6 | 54-3(c)(1)<br><br>28 U.S.C. § 1920 | L.R. 54-3(c) permits the recovery of the cost of an original, a copy, and exhibits to a deposition. The additional costs of a rough draft of the deposition transcripts ($195.75), real-time services ($563.70), a "CD Depo Litigation Package" ($78.00), production and processing fees ($100.00), equipment rental fees ($50.00), and shipping and handling ($56.00) are not recoverable. *See Ibrahim v. Department of Homeland Security*, No. C 06–00545 WHA, 2014 WL 1493541, at *3 (N.D.Cal. April 16, 2014). | $1,043.45 |
| 7/18/13 | Planet Depos Asia | Court reporter for Ushida & Fujita depositions, incl. transcript copies | $6,826.75 | Exh. C, Doc. No. 7 | 54-3(c)(1)<br><br>28 U.S.C. § 1920 | L.R. 54-3(c) permits the recovery of the cost of an original, a copy, and exhibits to a deposition. The additional cost of real-time hook-up fees ($800.00) is not recoverable. *See Ibrahim v. Department of Homeland Security*, No. C 06–00545 WHA, 2014 WL 1493541, at *3 (N.D.Cal. April 16, 2014). | $800.00 |
| 10/9/13 | Planet Depos Asia | Transcript of Yoko Goto 30(b)(6) deposition | $3,711.25 | Exh. A, Doc. No. 11 | LR 54-3(b)<br><br>28 U.S.C. § 1920 | L.R. 54-3(c) permits the recovery of the cost of an original, a copy, and exhibits to a deposition. The additional cost of real-time hook-up fees ($400.00) is not recoverable. *See Ibrahim v. Department of Homeland Security*, No. C 06–00545 WHA, 2014 WL 1493541, at *3 (N.D.Cal. April 16, 2014). | $400.00 |
| 10/29/13 | Veritext | Transcript of Gutierrez Deposition | $964.00 | Exh. A, Doc. No. 12 | LR 54-3(b)<br><br>28 U.S.C. § 1920 | Oki failed to submit appropriate documentation to support these claimed costs. *See* L.R. 54-1(a). The documentation submitted does not itemize the costs such that it can be determined which costs, if any, are properly recoverable. The lack of itemization is of particular concern given that Oki is claiming non-recoverable costs for other depositions in this case. | $964.00 |

**Exhibit D1: Disclosure/formal discovery documents, Civil LR 54-3(d)(2)**

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 3/29/13 | evolvediscovery | Consulting and project management relating to e-discovery | $530.70 | Exh. D1, No. 17 | LR 54-3(d)(2); 28 U.S.C. § 1920(4); *Slaight v. Tata Consultancy Servs.*, C.A. No. 15-cv-01696-YGR, 2019 U.S. Dist. LEXIS 141425, at *17 (N.D. Cal. Aug. 20, 2019); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 11-CV-01846-LHK, 2014 U.S. Dist. LEXIS 132830, at *88 (N.D. Cal. Sep. 19, 2014) | Courts in this district have found that fees for the preparation and duplication of data for purposes of electronic discovery, such as .TIFF and OCR conversion, Bates stamping, load file and other physical media generation, are recoverable as copying fees under L.R. 54-3(d)(2) and 28 U.S.C. § 1920(4). *See eBay Inc. v. Kelora Systems,* LLC, 11–1548 CW (LB), 2013 WL 1402736, at *4 (N.D.Cal. April 5, 2013). Conversely, efforts incurred in assembling, collecting or processing data for purposes of electronic discovery are not recoverable. *Id.*<br><br>Here, Oki seeks to recover costs for "Project Management Consulting" performed by a third party vendor. The documentation submitted does not establish that these costs are recoverable. *See eBay*, 2013 WL 1402736, at *4 ("'intellectual efforts' involved in the production of discovery … are not taxable costs"). | $530.70 |
| 3/29/13 | Latham & Watkins LLP | Practice support services relating to document production | $4,131.00 | Exh. D1, No. 17 | LR 54-3(d)(2); 28 U.S.C. § 1920(4); *Slaight v. Tata Consultancy Servs.*, C.A. No. 15-cv-01696-YGR, 2019 U.S. Dist. LEXIS 141425, at *17 (N.D. Cal. Aug. 20, 2019); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 11-CV-01846-LHK, 2014 U.S. Dist. LEXIS 132830, at *88 (N.D. Cal. Sep. 19, | Courts in this district have found that fees for the preparation and duplication of data for purposes of electronic discovery, such as .TIFF and OCR conversion, Bates stamping, load file and other physical media generation, are recoverable as copying fees under L.R. 54-3(d)(2) and 28 U.S.C. § 1920(4). *See eBay Inc. v. Kelora Systems,* LLC, 11–1548 CW (LB), 2013 WL 1402736, at *4 (N.D.Cal. April 5, 2013). Conversely, efforts incurred in assembling, collecting or processing data for purposes of electronic discovery are not recoverable. *Id.*<br><br>Here, Oki appears to be seeking *all* "Practice | $4,131.00 |

4

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | | | | 2014) | *Technology Costs" charged by its prior attorneys in this case*. The documentation submitted does not establish that these costs are recoverable. *See eBay*, 2013 WL 1402736, at *4 ("'intellectual efforts' involved in the production of discovery … are not taxable costs"). | |
| 8/2/13 | Parcels, Inc. | Printing of electronic document production | $2,028.16 | Exh. D1, No. 24 | LR 54-3(d)(2); 28 U.S.C. § 1920(4); *Slaight v. Tata Consultancy Servs.*, C.A. No. 15-cv-01696-YGR, 2019 U.S. Dist. LEXIS 141425, at *17 (N.D. Cal. Aug. 20, 2019); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 11-CV-01846-LHK, 2014 U.S. Dist. LEXIS 132830, at *88 (N.D. Cal. Sep. 19, 2014) | Oki failed to submit any evidence to support its claim that the cost of printing out 16,068 pages of an electronic document production ($1,928.16) was reasonable or necessary. *See* 28 U.S.C. § 1920; L.R. 54-1(a); *see also Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914, at *9-10 (N.D. Cal. Aug. 23, 2006) (disallowing cost of printing out pages of electronic data where such information could be more easily manipulated and reviewed on a computer).<br><br>Oki's claim for the cost of "[t]echnical support for analyzing production volume & applying date values to attachments of emails" ($100.00) is also not recoverable. *See Plantronics, Inc. v. Aliph, Inc.*, C 09-01714 WHA LB, 2012 WL 6761576, at *13 (N.D. Cal. Oct. 23, 2012) ("'intellectual effort' involved in the production of documents or the research, analysis, and distillation of data" is not recoverable). | $2,028.16 |

**Exhibit D2: Trial exhibits, Civil LR 54-3(d)(4)**

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 5/9/14 | Advanced Discovery | Reproduction services for witness binders of exhibits used on the stand for each witness and/or provided to the Court, as required by the Court | $12,920.19 | Exh. D2, Doc. No. 25 | LR 54-3(d); 28 U.S.C. § 1920(4); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 5:12-CV-00630-LHK, 2015 U.S. Dist. LEXIS 111276, at *114 (N.D. Cal. Aug. 20, 2015); *Golden Bridge Tech. v. Apple Inc.*, C.A. No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *7 (N.D. Cal. Dec. 21, 2015) | L.R. 54-3(d)(4) makes recoverable "[t]he cost of reproducing trial exhibits … to the extent that a Judge requires copies to be provided." Judge Davila requires the parties to exchange trial exhibits and also provide the Court with three copies. *See* Standing Order for Pretrial Preparation, § 2.C. Here, Oki is not claiming the cost of exhibits it provided to the Court pursuant to the Standing Order, but rather additional copies of trial exhibits made for witness binders. Given that those additional copies were not required by the Court, they are not recoverable.<br><br>Even if the cost of witness binders was recoverable, which it is not, the cost Oki is claiming here is grossly excessive. There were six live witnesses who testified at trial, and Oki is claiming a remarkable *$12,920.19* for preparing witness binders. It appears from the evidence submitted that Oki made *seven copies of all of Plaintiffs' and Oki's trial exhibits*, much of which it copied in color for $0.89 per page, and then used those copies to make the witness binders. *See* Oki Exh. D2, Doc. No. 25 ("PX and DX exhibits for the witness binder x 7"). Oki does not meet its burden to explain why it did not copy only those exhibits that were to be used with the individual witness, nor does it explain why it made *seven copies* of the binders. *See* L.R. 54-1(a). Moreover, Oki's witness binders contained numerous documents that were never used with those witnesses. | $12,920.19 |

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 4/16/14 | Parcels, Inc. | Outside Duplication of Exhibits | $8,538.92 | Exh. D2, Doc. No. 26 | LR 54-3(d); 28 U.S.C. § 1920(4); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 5:12-CV-00630-LHK, 2015 U.S. Dist. LEXIS 111276, at *114 (N.D. Cal. Aug. 20, 2015); *Golden Bridge Tech. v. Apple Inc.*, C.A. No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at *7 (N.D. Cal. Dec. 21, 2015) | L.R. 54-3(d)(4) makes recoverable "[t]he cost of reproducing trial exhibits … to the extent that a Judge requires copies to be provided." Judge Davila requires the parties to exchange trial exhibits and also provide the Court with three copies. *See* Standing Order for Pretrial Preparation, § 2.C. Here, however, the parties agreed not to exchange paper copies of their exhibits. Thus, Oki could only properly claim the cost of *four copies of its own exhibits* – one for Oki and three for the Court. But, between this line item and the following line item, Oki is claiming the cost of *four copies* of *both Plaintiffs' and Oki's exhibits*. Plaintiffs provided the Court with three copies of their exhibits. Plaintiffs do not object to the cost of *four copies of Oki's exhibits* – but any copies of Plaintiffs' exhibits ($4,629.46 --- using half of the invoice as an approximation) are solely for the convenience of Oki and therefore not recoverable. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1153 (N.D.Cal. 2010) (permitting the recovery of the cost of three copies of trial exhibits – one for the Court and one for each party – but not extra copies for use by counsel). | $4,269.46 |
| 4/16/14 | Parcels, Inc. | Copies of Exhibits required by the Court to be provided to the Court and opposing counsel | $3,355.30 | Exh. D2, Doc. No. 27 | LR 54-3(d)(4); 28 U.S.C. § 1920(4); *Apple Inc. v. Samsung Elecs. Co.*, C.A. No. 5:12-CV-00630-LHK, 2015 U.S. Dist. LEXIS 111276, at *114 (N.D. Cal. Aug. 20, 2015); *Golden Bridge Tech. v. Apple Inc.*, C.A. No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, at | L.R. 54-3(d)(4) makes recoverable "[t]he cost of reproducing trial exhibits … to the extent that a Judge requires copies to be provided." Judge Davila requires the parties to exchange trial exhibits and also provide the Court with three copies. *See* Standing Order for Pretrial Preparation, § 2.C. Here, however, the parties agreed not to exchange paper copies of their exhibits. Thus, Oki could only properly claim the cost of *four copies of its own exhibits* – one for Oki and three for the Court. But, between this line item and the previous line item, Oki is claiming the cost of *four copies* of *both* | $1,677.65 |

7

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | | | | *7 (N.D. Cal. Dec. 21, 2015) | *Plaintiffs' and Oki's exhibits.* Plaintiffs provided the Court with three copies of their exhibits. Plaintiffs do not object to the cost of *four copies of Oki's exhibits* – but any copies of Plaintiffs' exhibits ($1,677.65 --- using half of the invoice as an approximation) are solely for the convenience of Oki and therefore not recoverable. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1153 (N.D.Cal. 2010) (permitting the recovery of the cost of three copies of trial exhibits – one for the Court and one for each party – but not extra copies for use by counsel). | |

## Exhibit D3: Visual aids, Civil LR 54(d)(5)

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 5/31/14 | inData | Fees for trial graphics developer, who created and presented visual aids and demonstratives at trial | $11,132.84 | Exh. F, Doc. No. 31 | LR 54-3(d)(5)  *Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) | Oki appears to be claiming the entire cost of hiring a technician to assist it during trial with the presentation of evidence. Technician fees are, however, not recoverable. *See American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*, No. C 04-3518 SBA, 2007 WL 832935, at *3 (N.D. Cal. March 19, 2007); *Plantronics, Inc. v. Aliph, Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576, at *9-10 (N.D.Cal. Oct. 23, 2012).  Oki has also not demonstrated what portion, if any, of these costs are related to preparing charts, diagrams, videotapes or other visual aids to be used as exhibits. *See* L.R. 54-3(d)(5); *Computer Cache* | $11,132.84 |

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | | | | | *Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL 5114002, at *2 (N.D. Cal. Dec. 18, 2009) ("Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable."). In addition, Oki has made no showing that any such exhibits were reasonably necessary to assist the jury or the Court in understanding the issues at trial. *See* L.R. 54-3(d)(5). | |
| 4/30/14 | inData | Fees for trial graphics developer, who created and presented visual aids and demonstratives at trial | $32,921.35 | Exh. F, Doc. No. 32 | LR 54-3(d)(5)<br><br>*Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) | Oki appears to be claiming the entire cost of hiring a technician to assist it during trial with the presentation of evidence. Technician fees are, however, not recoverable. *See American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*, No. C 04-3518 SBA, 2007 WL 832935, at *3 (N.D. Cal. March 19, 2007); *Plantronics, Inc. v. Aliph, Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576, at *9-10 (N.D.Cal. Oct. 23, 2012).<br><br>Oki has also has not demonstrated out what portion, if any, of these costs are related to preparing charts, diagrams, videotapes or other visual aids to be used as exhibits. *See* L.R. 54-3(d)(5); *Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL 5114002, at *2 (N.D.Cal. Dec. 18, 2009) ("Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable."). In addition, Oki has made no showing that any such exhibits were reasonably necessary to assist the jury or the Court in understanding the issues at trial. *See* L.R. 54-3(d)(5). | $32,921.35 |

**Exhibit F: Interpreters and special interpretation services, 28 USC §§ 1828, 1920(6)**

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 8/22/13 | Japanese Litigation Support Services | Travel expenses for interpreter, Toyu Yazaki, to Japanese language deposition in Tokyo | $5,721.41 | Exh. F, Doc. No. 28 | 28 U.S.C. § 1920(6)<br><br>*Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp. 2d 1139, 1150 (N.D. Cal. 2010) ("The cost of translation is taxable where reasonably necessary.")<br><br>*Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914, at *11 (N.D. Cal. Aug. 23, 2006) ("The most reasonable interpretation of § 1920(6) is one which includes translation fees.") | Oki is claiming travel expenses relating to hiring an interpreter who resides in San Francisco, California, to travel to Tokyo, Japan, to serve as a "check" interpreter for four days of depositions of Oki witnesses who speak Japanese. Expenses that were "reasonably necessary" in connection with the provision of interpretation services are recoverable. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1154 -55 (N.D.Cal. 2010). "Check" interpreters are, however, unnecessarily duplicative, and are therefore not recoverable, absent some reasonable basis for questioning the competence of the lead interpreter. *See Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *3-4 (W.D.Mich. Aug. 26, 2007). Here, Oki has submitted no evidence of any reason to doubt the competence of the lead interpreter.<br><br>Even if Oki's "check" interpreter was reasonably necessary, Oki has failed to make a showing that it was reasonably necessary to hire an interpreter in California for depositions in Toyko, and fly him to and from Toyko, rather than hiring an interpreter in the Tokyo area. | $5,721.41 |
| 8/22/13 | Japanese Litigation Support Services | Translation / interpretation fees relating to depositions | $10,800.00 | Exh. F, Doc. No. 28 | 28 U.S.C. § 1920(6)<br><br>*Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp. 2d 1139, | Oki is claiming interpretation fees relating to hiring a "check" interpreter for four days of depositions of Oki witnesses who speak Japanese. Expenses that were "reasonably necessary" in connection with the provision of interpretation services are recoverable. | $10,800.00 |

10

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | | | | 1150 (N.D. Cal. 2010) ("The cost of translation is taxable where reasonably necessary.")<br><br>*Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914, at *11 (N.D. Cal. Aug. 23, 2006) ("The most reasonable interpretation of § 1920(6) is one which includes translation fees.") | *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1154 -55 (N.D.Cal. 2010). "Check" interpreters are, however, unnecessarily duplicative, and are therefore not recoverable, absent some reasonable basis for questioning the competence of the lead interpreter. *See Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *3-4 (W.D. Mich. Aug. 26, 2007). Here, Oki has submitted no evidence of any reason to doubt the competence of the lead interpreter, beyond an *ipse dixit* declaration that "Oki Electric and its English-speaking attorneys could not rely on Plaintiffs to provide a translator with the proper experience."<br><br>In addition, Oki is claiming interpretation fees for five days of services whereas the depositions only lasted four days. It is also claiming "travel time" fees. Oki likewise has made no showing why these additional fees were reasonably necessary. | |
| 5/12/14 | Japanese Litigation Support Services | Translation / interpretation fees for interpretation during trial | $11,200.00 | Exh. F, Doc. No. 29 | 28 U.S.C. § 1920(6)<br><br>*Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150 (N.D. Cal. 2010) ("The cost of translation is taxable where reasonably necessary.")<br><br>*Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 | Oki is claiming interpretation fees relating to hiring an interpreter for a single witness who testified on one day at trial for less than four hours. Expenses that were "reasonably necessary" in connection with the provision of interpretation services are recoverable. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1154 -55 (N.D.Cal. 2010). Here, however, Oki has submitted no evidence that paying its interpreter for seven full days was reasonably necessary. In fact, the evidence submitted shows that interpreter is from the San Francisco area. *See* Doc. No. 29. Plaintiffs therefore object to the claimed interpretation fees to the extent they exceed one half day. | $10,400.00 |

11

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| | | | | | WL 6338914, at *11 (N.D. Cal. Aug. 23, 2006) ("The most reasonable interpretation of § 1920(6) is one which includes translation fees.") | | |
| 1/29/14 | Japanese Litigation Support Services | Travel expenses for interpreter, Toyu Yazaki, to Japanese language deposition in Tokyo | $7,727.66 | Exh. F, Doc. No. 30 | 28 U.S.C. § 1920(6)<br><br>*Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150 (N.D. Cal. 2010) ("The cost of translation is taxable where reasonably necessary.")<br><br>*Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914, at *11 (N.D. Cal. Aug. 23, 2006) ("The most reasonable interpretation of § 1920(6) is one which includes translation fees.") | Oki is claiming travel expenses relating to hiring an interpreter who resides in San Francisco, California to travel to Tokyo, Japan, to serve as a "check" interpreter for a two-day deposition of Oki's designated Rule 30(b)(6) witness, who speaks Japanese. Expenses that were "reasonably necessary" in connection with the provision of interpretation services are recoverable. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1154 -55 (N.D.Cal. 2010). "Check" interpreters are, however, unnecessarily duplicative, and are therefore not recoverable, absent some reasonable basis for questioning the competence of the lead interpreter. *See Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *3-4 (W.D.Mich. Aug. 26, 2007). Here, Oki has submitted no evidence of any reason to doubt the competence of the lead interpreter.<br><br>Even if Oki's "check" interpreter was reasonably necessary, Oki has failed to make a showing that it was reasonably necessary to hire an interpreter in California for depositions in Toyko, and fly him to and from Toyko, rather than hiring an interpreter in the Tokyo area. | $7,727.66 |

| Invoice or Action Date | Vendor | Oki's Description | Oki's Claimed Cost | Evidence Submitted by Oki | Authority Cited by Oki | Plaintiffs' Objections | Plaintiffs' Requested Deduction |
|---|---|---|---|---|---|---|---|
| 1/29/14 | Japanese Litigation Support Services | Translation / interpretation fees relating to depositions, after discount | $2,000.00 | Exh. F, Doc. No. 30 | 28 U.S.C. § 1920(6)<br><br>*Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150 (N.D. Cal. 2010) ("The cost of translation is taxable where reasonably necessary.")<br><br>*Competitive Technologies v. Fujitsu Ltd.*, C-02-1673 JCS, 2006 WL 6338914, at *11 (N.D. Cal. Aug. 23, 2006) ("The most reasonable interpretation of § 1920(6) is one which includes translation fees.") | Oki is claiming interpretation fees relating to hiring a "check" interpreter for a two-day deposition of Oki's designated Rule 30(b)(6) witness, who speaks Japanese. Expenses that were "reasonably necessary" in connection with the provision of interpretation services are recoverable. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139, 1154 -55 (N.D.Cal. 2010). "Check" interpreters are, however, unnecessarily duplicative, and are therefore not recoverable, absent some reasonable basis for questioning the competence of the lead interpreter. *See Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *3-4 (W.D.Mich. Aug. 26, 2007). Here, Oki has submitted no evidence of any reason to doubt the competence of the lead interpreter. | $2,000.00 |