# Exhibit FF

# Contested Fees

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-26-12 | Ladra | Partner | Review contracts and issues regarding jurisdiction and removal | 1.00 | $995.00 | $995.00 | | Associate work | 50% | $497.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a breach of contract litigation to review the contract. |
| 8-1-12 | Woodhouse | Associate | Research regarding removal and jurisdictional issues | 4.70 | $500.00 | $2,350.00 | | Excessive time | 33% | $775.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-2-12 | Ladra | Partner | Attend to notice of removal; analyze sale agreement and subsidiary involvement; conference call with Navcom's counsel regarding parties and service | 2.00 | $995.00 | $1,990.00 | | Block billed; vague litigation purpose | 33% | $656.70 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-2-12 | Zimmerman | Litigation Services Attorney | Assist J. Nguyen with sample notices of removal | 0.40 | $230.00 | $92.00 | | Excessive time | 33% | $30.36 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-3-12 | Ladra | Partner | Attend to agreement regarding parties with Navcom counsel, correspondence, and draft notice of remand | 1.50 | $995.00 | $1,492.50 | | Block billed; vague litigation purpose | 33% | $492.53 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-5-12 | Woodhouse | Associate | Draft notice of removal | 4.50 | $500.00 | $2,250.00 | | Excessive time | 33% | $742.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-6-12 | Woodhouse | Associate | Research and draft notice of removal | 6.60 | $500.00 | $3,300.00 | | Excessive time | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-7-12 | Ugay | Senior Paralegal | Research and confirm court rules regarding notice of removal filing; discussion with M. Woodhouse regarding same; review and analyze legal authority and factual information cited in same | 3.10 | $265.00 | $821.50 | | Excessive time | 33% | $271.10 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-7-12 | Woodhouse | Associate | Review and finalize notice of removal | 7.60 | $500.00 | $3,800.00 | | Excessive time | 50% | $1,900.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-8-12 | Ugay | Senior Paralegal | Finalize proof of service for filing of notice of removal; arrange documents and coordinate court filing regarding same; serve opposing counsel regarding same; research court rules regarding notification to state court regarding same | 4.00 | $265.00 | $1,060.00 | | Excessive time | 33% | $349.80 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-8-12 | Ladra | Partner | Attend to revisions to notice of removal; attention to filing same | 2.30 | $995.00 | $2,288.50 | | Excessive time ; associate work | 50% | $1,144.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-9-12 | Ugay | Senior Paralegal | Prepare notice to adverse party and court of filing of notice of removal; prepare proof of service regarding same; serve opposing counsel regarding same; facilitate court filing of same | 3.50 | $265.00 | $927.50 | | Block billed | 33% | $306.08 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 8-9-12 | Ladra | Partner | Attend to magistrate and calendaring issues; correspondence with Navcom's counsel | 1.00 | $995.00 | $995.00 | | Vague litigation purpose | 33% | $328.35 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-10-12 | Ugay | Senior Paralegal | Discussion with M. Woodhouse regarding local rules regarding chambers copy of notice of filing; send judge electronic copy of manually filed notice of removal and accompanying documents | 1.00 | $265.00 | $265.00 | | Block billed | 33% | $87.45 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-10-12 | Ladra | Partner | Attend to service issues and extension to plead; attend to motion to dismiss as to Rohm Semiconductor and Oki Electric America | 2.00 | $995.00 | $1,990.00 | | Block billed; vague litigation purpose | 33% | $656.70 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-13-12 | Ladra | Partner | Review and analyze notice of removal filing and timing of related events; analyze rule 8(c) issues; call with T. Nagashima | 3.00 | $995.00 | $2,985.00 | | Block billed; vague litigation purpose | 33% | $985.05 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-14-12 | Ladra | Partner | Attention to agreement regarding service and extension to respond; attention to effect of dissolution on diversity analysis | 1.50 | $995.00 | $1,492.50 | | Block billed; vague litigation purpose | 33% | $492.53 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-15-12 | Ladra | Partner | Attend to filing notice of removal; attention to waivers of service | 1.80 | $995.00 | $1,791.00 | | Excessive time ; block billed; vague litigation purpose | 33% | $591.03 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-16-12 | Ladra | Partner | Attend to analysis of dissolution and existence of corporation for service and diversity; correspond with T. Nagashima; attention to stipulation for extension of time | 2.30 | $995.00 | $2,288.50 | | Block billed; vague litigation purpose | 33% | $755.21 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-16-12 | Nguyen | Paralegal | Attend to file and case management; attention to court rules and preparation to file joint stipulations to extend time to respond to complaint | 2.10 | $265.00 | $556.50 | | Vague litigation purpose; block billed | 33% | $183.65 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-21-12 | Ladra | Partner | Attend to research for anticipated motion to remand | 1.60 | $995.00 | $1,592.00 | | Excessive time | 33% | $525.36 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-23-12 | Ladra | Partner | Attend to factual issues regarding motion to remand | 1.70 | $995.00 | $1,691.50 | | Excessive time | 33% | $558.20 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-28-12 | Ladra | Partner | Attend to research issues | 1.10 | $995.00 | $1,094.50 | | Vague litigation purpose; excessive time | 66% | $722.37 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-29-12 | Ladra | Partner | Attention to research issues | 0.80 | $995.00 | $796.00 | | Vague litigation purpose; excessive time | 66% | $525.36 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-4-12 | Davidson | Associate | Meet with M. Ladra to discuss research; review contract and complaint; research client question regarding contract law | 1.50 | $500.00 | $750.00 | | Vague litigation purpose | 33% | $247.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-4-12 | Ladra | Partner | Attention to limitation of liability issue | 0.90 | $995.00 | $895.50 | | Vague litigation purpose | 33% | $295.52 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-5-12 | Davidson | Associate | Research client question regarding contract law | 1.30 | $500.00 | $650.00 | | Vague litigation purpose | 33% | $214.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-5-12 | Kojiro Akashi | Associate | Reviewing correspondence, contract, etc.; Drafting facts memo | 1.20 | ¥30,000 | | ¥36,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥18,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-6-12 | Ladra | Partner | Attention to limitation of liability issues | 1.20 | $995.00 | $1,194.00 | | Vague litigation purpose | 33% | $394.02 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-6-12 | Davidson | Associate | Research client question regarding contract law; prepare draft memorandum discussing and analyzing same | 6.50 | $500.00 | $3,250.00 | | Vague litigation purpose; excessive time | 75% | $2,437.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-6-12 | Steve Bryan | Associate | Reviewing correspondence, contract, etc.; Drafting facts memo | 6.50 | ¥35,000 | | ¥227,500.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥113,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-6-12 | TNagashima | Partner | Reviewing Contract and complaint | 0.60 | ¥50,000 | | ¥30,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥15,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-7-12 | Rawlinson | Partner | Review filings regarding removal; brief discussion with M. Ladra regarding same; review memorandum regarding contract clause regarding restriction on damages | 0.70 | $790.00 | $553.00 | | Block billed; vague litigation purpose | 33% | $182.49 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-7-12 | Ladra | Partner | Review motion to remand; attention to response | 2.30 | $995.00 | $2,288.50 | | Excessive time | 25% | $572.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-7-12 | Davidson | Associate | Attend to correspondence regarding motion to remand | 0.20 | $500.00 | $100.00 | | Vague litigation purpose | 33% | $33.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-7-12 | Kojiro Akashi | Associate | Reviewing correspondence, contract, etc.; Drafting facts memo | 2.00 | ¥30,000 | | ¥60,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥30,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-7-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review; attend to file and case management | 2.40 | $265.00 | $636.00 | | Vague litigation purpose; excessive time; block billed | 66% | $419.76 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-9-12 | Steve Bryan | Associate | Reviewing correspondence, contract, etc.; Drafting facts memo | 6.50 | ¥35,000 | | ¥227,500.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥113,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-10-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review | 0.20 | $265.00 | $53.00 | | Clerical work | 100% | $53.00 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 9-10-12 | Davidson | Associate | Meet with M. Rawlinson to discuss motion to remand and next steps on same; research for opposition to motion to remand | 4.30 | $500.00 | $2,150.00 | | Excessive time | 50% | $1,075.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-10-12 | TNagashima | Partner | Reviewing e-mails from US attorneys re. motions to remand and opposition to motion to remand | 0.60 | ¥50,000 | | ¥30,000.00 | Vague litigation purpose | 66% | $0.00 | ¥19,800.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-10-12 | Zimmerman | Litigation Services Attorney | Update case calendar; review and organize recently filed documents | 0.40 | $230.00 | $92.00 | | Vague litigation purpose | 25% | $23.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-10-12 | Ladra | Partner | Attend to objection to magistrate and remand issues | 1.00 | $995.00 | $995.00 | | Vague litigation purpose; excessive time | 33% | $328.35 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-11-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review; draft notice of appearance for A. Davidson; draft and file declination to proceed before a magistrate judge and request for reassignment to a United States district judge | 2.90 | $265.00 | $768.50 | | Block billed; excessive time | 33% | $253.61 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-11-12 | Davidson | Associate | Research case law for opposition to motion to remand; prepare discussion and analysis of same for M. Rawlinson | 3.80 | $500.00 | $1,900.00 | | Excessive time | 50% | $950.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-11-12 | Kojiro Akashi | Associate | Reviewing e-mails from US attorneys re. motions to remand and opposition to motion to remand | 1.00 | ¥30,000 | | ¥30,000.00 | Vague litigation purpose | 66% | $0.00 | ¥19,800.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-11-12 | TNagashima | Partner | Reviewing emails from US attorneys re. motion to remand | 0.60 | ¥50,000 | | ¥30,000.00 | Vague litigation purpose | 66% | $0.00 | ¥19,800.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-11-12 | Ladra | Partner | Attend to remand motion; correspond with T. Nagashima | 2.20 | $995.00 | $2,189.00 | | Vague litigation purpose; excessive time | 66% | $1,444.74 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-11-12 | Steve Bryan | Associate | Revising Facts memo; corresponding with US attorneys | 8.00 | ¥35,000 | | ¥280,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥140,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-12-12 | Davidson | Associate | Correspond with M. Rawlinson regarding opposition to motion to remand; begin drafting same | 3.30 | $500.00 | $1,650.00 | | Excessive time | 25% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-12-12 | Kojiro Akashi | Associate | Corresponding with US attorneys re. opposition to motion to remand | 0.50 | ¥30,000 | | ¥15,000.00 | Vague litigation purpose | 50% | $0.00 | ¥7,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-12-12 | TNagashima | Partner | Reviewing draft Response to Motion to remand | 0.40 | ¥50,000 | | ¥20,000.00 | Vague litigation purpose | 50% | $0.00 | ¥10,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-12-12 | Ladra | Partner | Attend to response to motion to remand and upcoming Oki visit | 1.70 | $995.00 | $1,691.50 | | Vague litigation purpose; excessive time | 25% | $422.88 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-13-12 | Davidson | Associate | Attend to draft opposition to motion to remand; review materials sent from client and additional case law for same; correspond with M. Rawlinson regarding same | 6.50 | $500.00 | $3,250.00 | | Excessive time | 33% | $1,072.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-13-12 | TNagashima | Partner | Reviewing draft Facts memo | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose | 50% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-13-12 | Steve Bryan | Associate | Revising Facts memo; corresponding with US attornes | 6.00 | ¥35,000 | | ¥210,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥105,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-14-12 | Davidson | Associate | Attend to opposition to motion to remand; research case law for and draft motion to dismiss; meet and correspond with M. Ladra and M. Rawlinson regarding same | 6.30 | $500.00 | $3,150.00 | | Excessive time | 33% | $1,039.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-14-12 | Rawlinson | Partner | Meet with M. Ladra and A. Davidson to discuss factual background and opposition to motion to remand; draft and revise summary of opposition to remand and send to M. Ladra | 1.40 | $790.00 | $1,106.00 | | Excessive time | 33% | $364.98 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-14-12 | Ladra | Partner | Attend to supporting documents for opposition to motion to remand; prepare summary of opposition to remand for client | 2.50 | $995.00 | $2,487.50 | | Excessive time; associate work | 33% | $820.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-14-12 | Nguyen | Paralegal | Update calendar, attention to court rules in preparation for motion to remand filing | 0.60 | $265.00 | $159.00 | | Vague litigation purpose; block billed | 33% | $52.47 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 9-14-12 | Hirofumi Kato | Associate | Translating Japanese mails to English | 6.00 | ¥22,000 | | ¥132,000.00 | Vague litigation purpose; clerical work | 75% | $0.00 | ¥99,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 9-14-12 | Kojiro Akashi | Associate | Reviewing correspondence, contract, etc.; Drafting facts memo | 2.20 | ¥30,000 | | ¥66,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥33,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-14-12 | Steve Bryan | Associate | Revising Facts memo | 2.50 | ¥35,000 | | ¥87,500.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥43,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-15-12 | Hirofumi Kato | Associate | Drafting e-mails to US attorneys | 4.00 | ¥22,000 | | ¥88,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥44,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-16-12 | Davidson | Associate | Review factual materials sent by client; attend to research for and draft opposition to motion to remand; call and correspondence with M. Rawlinson regarding same | 3.80 | $500.00 | $1,900.00 | | Excessive time | 33% | $627.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-16-12 | Rawlinson | Partner | Revise and edit opposition to remand; briefly review documents received from client; discussion with A. Davidson regarding additional changes to opposition motion | 3.80 | $790.00 | $3,002.00 | | Excessive time | 33% | $990.66 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-16-12 | TNagashima | Partner | Reviewing documents sent from Oki | 1.10 | ¥50,000 | | ¥55,000.00 | Vague litigation purpose | 50% | $0.00 | ¥27,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-17-12 | Davidson | Associate | Attend to opposition to motion to remand and motion to dismiss; correspond with M. Rawlinson regarding same | 4.60 | $500.00 | $2,300.00 | | Excessive time | 33% | $759.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-17-12 | Ladra | Partner | Attend to draft opposition to plaintiffs' motion to remand | 1.50 | $995.00 | $1,492.50 | | Vague litigation purpose | 25% | $373.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-17-12 | Hirofumi Kato | Associate | translating Japanese e-mails into English | 4.20 | ¥22,000 | | ¥92,400.00 | Vague litigation purpose; clerical work | 75% | $0.00 | ¥69,300.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 9-18-12 | Davidson | Associate | Attend to revisions to opposition to motion to remand; meet with and correspond with M. Rawlinson regarding same; attend to disclosure and certificate of interested party statements | 2.60 | $500.00 | $1,300.00 | | Block billed; clerical work | 33% | $429.00 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 9-18-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review; prepare for opposition to remand filings; draft administrative motion file under seal | 1.70 | $265.00 | $450.50 | | Clerical work; block billed | 33% | $148.67 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 9-18-12 | Rawlinson | Partner | Revise and edit motion remand; draft and send e- mail correspondence to Latham team and client regarding same | 3.10 | $790.00 | $2,449.00 | | Excessive time | 33% | $808.17 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-18-12 | Steve Bryan | Associate | Corresponding with US attorneys re. Motion to Dismiss | 2.00 | ¥35,000 | | ¥70,000.00 | Excessive time; vague litigation purpose | 50% | $0.00 | ¥35,000.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-18-12 | TNagashima | Partner | Reviewing e-mails from US attorneys re. Motion to Dismiss | 2.00 | ¥50,000 | | ¥100,000.00 | Excessive time; vague litigation purpose | 50% | $0.00 | ¥50,000.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-19-12 | Davidson | Associate | Attend to revisions to opposition to motion to remand; correspond with M. Rawlinson regarding same; prepare declaration for opposition motion; attend to disclosure and certificate of interested party statements | 4.00 | $500.00 | $2,000.00 | | Block billed; clerical work | 33% | $660.00 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 9-19-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review; prepare for filings; draft administrative motion to file under seal, proposed orders, declarations, proof of service; review rules for filing | 9.40 | $265.00 | $2,491.00 | | Block billed; excessive time | 66% | $1,644.06 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-19-12 | Ladra | Partner | Attention to opposition to motion to remand; review fact documents | 2.10 | $995.00 | $2,089.50 | | Excessive time; duplicative work | 33% | $689.54 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-19-12 | Rawlinson | Partner | Revise and edit motion to remand | 3.20 | $790.00 | $2,528.00 | | Excessive time; duplicative work | 50% | $1,264.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-19-12 | Kojiro Akashi | Associate | Meeting with Client | 2.20 | ¥30,000 | | ¥66,000.00 | Excessive time; vague litigation purpose | 50% | $0.00 | ¥33,000.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-19-12 | TNagashima | Partner | Meeting with Client; reviewing documents received from Client | 3.90 | ¥50,000 | | ¥195,000.00 | Excessive time; vague litigation purpose | 50% | $0.00 | ¥97,500.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-20-12 | Ladra | Partner | Attention to opposition to motion to remand; attend to withdrawal of appearance on behalf of Oki Semiconductor America, Inc. | 2.80 | $995.00 | $2,786.00 | | Block billed | 33% | $919.38 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-20-12 | Rawlinson | Partner | Correspondence with client regarding factual background, including drafting and sending response to client questions regarding briefs to be filed 9/21; discussion with Latham team regarding same; review materials regarding same; revise and edit opposition to motion to remand; revise and edit motion to dismiss | 4.60 | $790.00 | $3,634.00 | | Block billed | 33% | $1,199.22 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-20-12 | Steve Bryan | Associate | Working on Motion to Dismiss; Opposition to Motion to Remand /Facts memo translations | 6.00 | ¥35,000 | | ¥210,000.00 | Block billed; clerical work (translation) | 33% | $0.00 | ¥69,300.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-20-12 | Davidson | Associate | Attend to revisions to opposition to motion to remand and motion to dismiss; attend to additional research for same; correspond with M. Rawlinson regarding same; attend to additional documents necessary for upcoming filing | 5.70 | $500.00 | $2,850.00 | | Excessive time; block billed | 33% | $940.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-20-12 | Nguyen | Paralegal | Prepare for motion to dismiss and opposition to remand filings; draft administrative motion to file under seal, proposed orders, declarations and proof of service; cite check; draft notice for withdrawal | 6.20 | $265.00 | $1,643.00 | | Excessive time; block billed | 66% | $1,084.38 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-20-12 | Ugay | Senior Paralegal | Review and analyze legal authority and factual information cited in motion to dismiss complaint and opposition to motion to remand | 6.00 | $265.00 | $1,590.00 | | Excessive time; vague litigation purpose | 66% | $1,049.40 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-21-12 | Rawlinson | Partner | Finalize and file opposition to motion to remand and related materials; discussion with M. Ladra regarding meetings on 9/24 and related issues | 1.60 | $790.00 | $1,264.00 | | Block billed | 25% | $316.00 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-21-12 | Nguyen | Paralegal | Update table of authorities and table of contents; finalize briefs, and supporting documents for filing; serve and file same; circulate court filing notifications to team for review | 9.50 | $265.00 | $2,517.50 | | Block billed; excessive time; clerical work | 66% | $1,661.55 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 9-21-12 | Zimmerman | Litigation Services Attorney | Update calendar; review and organize recently filed documents | 0.30 | $230.00 | $69.00 | | Clerical work | 33% | $22.77 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 9-21-12 | Kojiro Akashi | Associate | Obtaining information from Client; corresponding with US attorneys | 0.80 | ¥30,000 | | ¥24,000.00 | Vague litigation purpose | 33% | $0.00 | ¥7,920.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-21-12 | Davidson | Associate | Attend to finalizing documents for filing and filing | 1.80 | $500.00 | $900.00 | | Vague litigation purpose; excessive time | 50% | $450.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-23-12 | Rawlinson | Partner | Review background materials and prepare for client meetings 9/24 and related issues | 2.00 | $790.00 | $1,580.00 | | Vague litigation purpose | 75% | $1,185.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-23-12 | TNagashima | Partner | Reviewing case files. | 11.00 | ¥50,000 | | ¥550,000.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥412,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-24-12 | Zimmerman | Litigation Services Attorney | Review and organize recently filed documents | 0.20 | $230.00 | $46.00 | | Clerical work | 33% | $15.18 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 9-24-12 | Rawlinson | Partner | Prepare for and meet with client regarding Navcom case | 5.20 | $790.00 | $4,108.00 | | Vague litigation purpose | 75% | $3,081.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-24-12 | TNagashima | Partner | Meeting with Client and US attorneys in SF | 10.00 | ¥50,000 | | ¥500,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥250,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-25-12 | Rawlinson | Partner | Prepare for and participate in meetings with client regarding case background and strategy; discussion with opposing counsel regarding proposed stipulation | 2.70 | $790.00 | $2,133.00 | | Block billed | 33% | $703.89 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-25-12 | Zimmerman | Litigation Services Attorney | Review and organize recently filed documents | 0.40 | $230.00 | $92.00 | | Clerical work | 33% | $30.36 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 9-25-12 | Davidson | Associate | Research how citizenship is determined for dissolved corporation; research whether non diverse defendants dismissal affects jurisdiction; prepare analysis of research for M. Rawlinson | 4.20 | $500.00 | $2,100.00 | | Excessive time | 33% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-25-12 | TNagashima | Partner | Meeting with Client and US attorneys in SF | 10.00 | ¥50,000 | | ¥500,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥250,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-26-12 | Davidson | Associate | Prepare draft declaration for Oki japan; provide research and analysis regarding third party beneficiary claims to M. Rawlinson | 1.30 | $500.00 | $650.00 | | Block billed | 33% | $214.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-26-12 | Rawlinson | Partner | Discussion with A. Davidson regarding third party beneficiary issue; review results of research regarding same; exchange messages with opposing counsel regarding proposed stipulation | 0.80 | $790.00 | $632.00 | | Block billed | 33% | $208.56 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-1-12 | Zimmerman | Litigation Services Attorney | Review and organize recently filed documents | 0.20 | $230.00 | $46.00 | | Clerical work | 33% | $15.18 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 10-2-12 | Rawlinson | Partner | Correspondence with opposing counsel regarding location of discovery material; e-mail correspondence with Latham team regarding same; e-mail to client regarding same and regarding potential stipulation regarding discovery | 0.30 | $790.00 | $237.00 | | Block billed | 33% | $78.21 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-2-12 | Nguyen | Paralegal | File exhibit under seal per judge granting administrative motion; circulate court filing notifications to team for review | 0.80 | $265.00 | $212.00 | | Block billed; clerical work | 33% | $69.96 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 10-2-12 | Zimmerman | Litigation Services Attorney | Review and organize recently filed documents | 0.10 | $230.00 | $23.00 | | Clerical work | 33% | $7.59 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 10-2-12 | Ladra | Partner | Attend to discovery stipulation | 0.50 | $995.00 | $497.50 | | Vague litigation purpose | 33% | $164.18 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-3-12 | Zimmerman | Litigation Services Attorney | Review and organize recently filed documents | 0.10 | $230.00 | $23.00 | | Clerical work | 33% | $7.59 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 10-3-12 | Ladra | Partner | Attend to discovery issues | 1.40 | $995.00 | $1,393.00 | | Vague litigation purpose | 50% | $696.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 10-3-12 | TNagashima | Partner | Reviewing e-mails from US attorneys as to discovery | 0.50 | ¥50,000 | | ¥25,000.00 | Vague litigation purpose | 66% | $0.00 | ¥16,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-4-12 | Rawlinson | Partner | E-mail exchange re documents and potential stipulation; e- mail correspondence with A. Davidson regarding answer and upcoming briefing | 0.30 | $790.00 | $237.00 | | Block billed | 25% | $59.25 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-4-12 | Davidson | Associate | Attend to drafting answer to complaint; attend to correspondence with M. Rawlinson regarding same | 1.80 | $500.00 | $900.00 | | Vague litigation purpose | 33% | $297.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-5-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review; update calendar | 0.30 | $265.00 | $79.50 | | Clerical work | 33% | $26.24 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 10-5-12 | Kojiro Akashi | Associate | Reviewing e-mails from US attorneys re. oppositon from Navcom on Motion to Dismiss | 0.20 | ¥30,000 | | ¥6,000.00 | Vague litigation purpose | 100% | $0.00 | ¥6,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-5-12 | Steve Bryan | Associate | Reviewing emails re discovery | 0.50 | $35,000 | | ¥17,500.00 | Vague litigation purpose | 66% | $0.00 | ¥11,550.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-7-12 | Davidson | Associate | Attend to research for and draft of reply brief in support of motion to dismiss; phone call with M. Rawlinson regarding same | 5.50 | $500.00 | $2,750.00 | | Block billed; excessive time | 33% | $907.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-8-12 | Rawlinson | Partner | Draft and send e-mail to opposing counsel regarding proposed stipulation; follow up with client regarding same; review reply in support | 0.50 | $790.00 | $395.00 | | Block billed | 25% | $98.75 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-8-12 | Davidson | Associate | Attend to draft reply in support of motion to dismiss | 4.00 | $500.00 | $2,000.00 | | Excessive time | 33% | $660.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-8-12 | Ladra | Partner | Attend to discovery and stipulation issues | 1.60 | $995.00 | $1,592.00 | | Vague litigation purpose; block billed | 50% | $796.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-9-12 | Ladra | Partner | Attend to reply on motion to dismiss; attend to stipulation regarding discovery | 0.70 | $995.00 | $696.50 | | Block billed | 33% | $229.85 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-9-12 | Davidson | Associate | Attend to research and revisions to reply in support of motion to dismiss; attend to revisions to draft answer; correspond with M. Rawlinson regarding same | 4.30 | $500.00 | $2,150.00 | | Block billed; excessive time | 33% | $709.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-9-12 | Rawlinson | Partner | Revise and edit reply in support of motion to dismiss; e- mail to client regarding proposed stipulation; e-mail to team regarding same; review and edit draft answer | 3.40 | $790.00 | $2,686.00 | | Block billed; excessive time | 33% | $886.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-9-12 | Kojiro Akashi | Associate | Reviewing e-mails from US attorneys re. Reply to Motion to Dismiss | 0.70 | ¥30,000 | | ¥21,000.00 | Vague litigation purpose | 75% | $0.00 | ¥15,750.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-9-12 | TNagashima | Partner | Reviewing Reply on Motion to Dismiss | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose | 50% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-10-12 | TNagashima | Partner | Reviewing Reply on Motion to Dismiss | 0.50 | ¥50,000 | | ¥25,000.00 | Vague litigation purpose | 50% | $0.00 | ¥12,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-11-12 | Rawlinson | Partner | Revise and edit reply in support of motion to dismiss; revise answer; e-mail discussion with team regarding both documents | 2.30 | $790.00 | $1,817.00 | | Block billed | 33% | $599.61 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-11-12 | Davidson | Associate | Attend to draft reply in support of motion to dismiss; attend to draft answer; attend to correspondences regarding same | 3.70 | $500.00 | $1,850.00 | | Block billed | 33% | $610.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-11-12 | Nguyen | Paralegal | Cite check and factual check reply motion to dismiss, attention to court rules | 4.60 | $265.00 | $1,219.00 | | Excessive time | 50% | $609.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-11-12 | Kojiro Akashi | Associate | Cheking draft Reply on Motion to Dismiss | 1.20 | ¥30,000 | | ¥36,000.00 | Vague litigation purpose | 33% | $0.00 | ¥11,880.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-12-12 | Davidson | Associate | Attend to draft stipulation of dismissal; attend to filing of reply; correspond with M. Rawlinson regarding same | 1.90 | $500.00 | $950.00 | | Block billed | 33% | $313.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-12-12 | Kojiro Akashi | Associate | Reviewing draft Answer | 1.50 | ¥30,000 | | ¥45,000.00 | Vague litigation purpose | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-12-12 | Ladra | Partner | Attention to finalizing and filing reply on motion to dismiss | 1.10 | $995.00 | $1,094.50 | | Vague litigation purpose | 33% | $361.19 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-16-12 | Rawlinson | Partner | Review client comments; finalize and file answer, including discussion with A. Davidson regarding same; email to M. Ladra and A. Davidson regarding comments to answer and filing; review comments to proposed declaration and stipulation | 0.50 | $790.00 | $395.00 | | Block billed | 33% | $130.35 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-16-12 | Kojiro Akashi | Associate | Checking Affidavit and Stipulation of Dismissal | 1.20 | ¥30,000 | | ¥36,000.00 | Vague litigation purpose | 33% | $0.00 | ¥11,880.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-16-12 | TNagashima | Partner | Meeting with Client re. Answer to Complaint | 3.90 | ¥50,000 | | ¥195,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥97,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-18-12 | Ladra | Partner | Attention to stipulation and discovery issues | 0.70 | $995.00 | $696.50 | | Vague litigation purpose; block billed | 50% | $348.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-25-12 | TNagashima | Partner | Reviewing correspondence from US attorneys | 0.70 | ¥50,000 | | ¥35,000.00 | Vague litigation purpose | 50% | $0.00 | ¥17,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-26-12 | TNagashima | Partner | Reviewing correspondence from US attorneys | 0.50 | ¥50,000 | | ¥25,000.00 | Vague litigation purpose | 50% | $0.00 | ¥12,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-30-12 | Davidson | Associate | Attend to stipulation of dismissal and declaration; attend to correspondence regarding same | 0.60 | $500.00 | $300.00 | | Vague litigation purpose | 33% | $99.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-31-12 | Nguyen | Paralegal | Revise and file stipulation for dismissal | 1.20 | $265.00 | $318.00 | | Excessive time | 33% | $104.94 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-31-12 | Kojiro Akashi | Associate | Checking draft Stipulation of Dismissal and Affidavit | 0.60 | ¥30,000 | | ¥18,000.00 | Vague litigation purpose | 50% | $0.00 | ¥9,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-31-12 | TNagashima | Partner | Reviewing emails from US attorneys; e-mailing to Client | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose | 50% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-2-12 | Ladra | Partner | Attend to order on stipulation of dismissal | 0.50 | $995.00 | $497.50 | | Vague litigation purpose; excessive time | 33% | $164.18 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-5-12 | Davidson | Associate | Review items for upcoming meet and confer deadlines; phone call with M. Rawlinson regarding same | 0.60 | $500.00 | $300.00 | | Vague litigation purpose | 33% | $99.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-8-12 | Ladra | Partner | Attend to discovery and case issues | 0.80 | $995.00 | $796.00 | | Vague litigation purpose | 50% | $398.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-9-12 | NGuyen | Paralegal | File ADR certification by parties and counsel; circulate court filing notifications to team for review | 0.60 | $265.00 | $159.00 | | Excessive time | 33% | $52.47 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-9-12 | Zimmerman | Litigation Services Attorney | Discuss calendared deadlines regarding ADR certification with A. Davidson | 0.70 | $230.00 | $161.00 | | Excessive time | 50% | $80.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-12-12 | Kojiro Akashi | Associate | Reviewing Request for Navcom's Production of Documents | 1.20 | ¥30,000 | | ¥36,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥27,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-13-12 | Davidson | Associate | Attend to comments and revisions to joint case management conference statement and correspondence with M. Rawlinson regarding same; attend to draft requests for production of documents and correspondence with M. Rawlinson regarding same | 4.90 | $500.00 | $2,450.00 | | Excessive time; block billed | 50% | $1,225.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-13-12 | Rawlinson | Partner | Draft and revise discovery requests; review draft and revise case management conference statement; send to client with comments and questions | 2.70 | $790.00 | $2,133.00 | | Excessive time; block billed | 50% | $1,066.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-14-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review | 0.10 | $265.00 | $26.50 | | Clerical work | 33% | $8.75 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 11-14-12 | Davidson | Associate | Prepare draft initial disclosures; attend to revisions to joint case management conference statement; correspond with M. Rawlinson regarding same | 3.80 | $500.00 | $1,900.00 | | Excessive time; block billed | 50% | $950.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-14-12 | Ladra | Partner | Attend to case management statement and issues regarding same | 1.60 | $995.00 | $1,592.00 | | Vague litigation purpose; excessive time | 33% | $525.36 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-14-12 | Kojiro Akashi | Associate | Reviewing Draft Request for Oki's Production of Documents | 0.80 | $30,000 | | ¥24,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥18,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-14-12 | TNagashima | Partner | Reviewing case management statement and issues | 0.70 | ¥50,000 | | ¥35,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥26,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-15-12 | Kojiro Akashi | Associate | Reviewing Joint case management statement | 0.50 | $30,000 | | ¥15,000.00 | Vague litigation purpose | 75% | $0.00 | ¥11,250.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-16-12 | Davidson | Associate | Attend to joint case management statement draft; attend to research regarding laches; attend to request for document productions and service of same | 3.10 | $500.00 | $1,550.00 | | Block billed; clerical work | 50% | $775.00 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 11-16-12 | Nguyen | Paralegal | Update electronic file; attention to edit and serve request for production; create certificate of service for same | 2.40 | $265.00 | $636.00 | | Clerical work; excessive time; block billed | 50% | $318.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 11-16-12 | Kojiro Akashi | Associate | Reviewing Joint case management statement | 1.30 | $30,000 | | ¥39,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥29,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-16-12 | TNagashima | Partner | Reviewing Joint case management statement | 1.50 | ¥50,000 | | ¥75,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥56,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-17-12 | TNagashima | Partner | Review proposed initial disclosures | 1.10 | ¥50,000 | | ¥55,000.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥27,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-20-12 | Nguyen | Paralegal | Circulate court filing notifications to team for review | 0.10 | $265.00 | $26.50 | | Clerical work | 50% | $13.25 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 11-20-12 | Zimmerman | Litigation Services Attorney | Review and organize recently filed documents; update calendar | 0.20 | $230.00 | $46.00 | | Clerical work | 50% | $23.00 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-20-12 | Steve Bryan | Associate | Reviewing Draft Initial Disclosure | 1.50 | $35,000 | | ¥52,500.00 | Redundant work | 66% | $0.00 | ¥34,650.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-20-12 | TNagashima | Partner | Reviewing Draft Initial Disclosure | 3.20 | ¥50,000 | | ¥160,000.00 | Redundant work; excessive time | 66% | $0.00 | ¥105,600.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-20-12 | Kojiro Akashi | Associate | Meeting with Client | 1.80 | $30,000 | | ¥54,000.00 | Vague litigation purpose | 50% | $0.00 | ¥27,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-21-12 | Kojiro Akashi | Associate | Reviewing Draft Initial Disclosure | 0.80 | $30,000 | | ¥24,000.00 | Redundant work | 66% | $0.00 | ¥15,840.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-22-12 | Steve Bryan | Associate | Reviewing Draft Initial Disclosure | 2.50 | $35,000 | | ¥87,500.00 | Redundant work | 66% | $0.00 | ¥57,750.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-22-12 | TNagashima | Partner | Reviewing Draft Initial Disclosure | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work | 66% | $0.00 | ¥26,400.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-26-12 | Davidson | Associate | Correspond with M. Rawlinson regarding initial disclosures; make revisions to same; review court scheduling order and correspond with M. Rawlinson and client regarding same | 0.50 | $500.00 | $250.00 | | Block billed | 33% | $82.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-27-12 | Davidson | Associate | Attend to initial disclosures; draft objections and responses to plaintiffs' document request | 2.70 | $500.00 | $1,350.00 | | Block billed | 33% | $445.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-28-12 | Zimmerman | Litigation Services Attorney | Update calendar | 0.40 | $230.00 | $92.00 | | Clerical work; vague litigation purpose | 75% | $69.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 11-28-12 | Kojiro Akashi | Associate | Reviewing Draft Initial Disclosure | 1.20 | $30,000 | | ¥36,000.00 | Redundant work | 66% | $0.00 | ¥23,760.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-28-12 | TNagashima | Partner | Reviewing draft objections and responses to plaintiffs' document request | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥20,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-3-12 | Ladra | Partner | Attention to document production | 1.20 | $995.00 | $1,194.00 | | Vague litigation purpose | 33% | $394.02 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-5-12 | Kojiro Akashi | Associate | Reviewing Requests for Documents and drafting objections | 1.50 | $30,000 | | ¥45,000.00 | Redundant work | 66% | $0.00 | ¥29,700.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 12-6-12 | Steve Bryan | Associate | Reiviewing documents for production | 6.50 | $35,000 | | ¥227,500.00 | Excessive time | 33% | $0.00 | ¥75,075.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-10-12 | TNagashima | Partner | Reviewing response to Navcom's request for production | 1.80 | ¥50,000 | | ¥90,000.00 | Redundant work; excessive time | 66% | $0.00 | ¥59,400.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 12-11-12 | Kojiro Akashi | Associate | Reviewing Requests for Production of Documents and drafting objections | 0.40 | $30,000 | | ¥12,000.00 | Redudndant work | 66% | $0.00 | ¥7,920.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 12-11-12 | Steve Bryan | Associate | Attention to document discovery. | 5.00 | $35,000 | | ¥175,000.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥131,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-12-12 | Steve Bryan | Associate | Attention to document discovery. | 1.50 | $35,000 | | ¥52,500.00 | Vague litigation purpose | 66% | $0.00 | ¥34,650.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-12-12 | Kojiro Akashi | Associate | Reviewing Request for Production of Documents and Preparing for discoveries | 5.50 | $30,000 | | ¥165,000.00 | Vague litigation purpose; excessive time; redundant work | 75% | $0.00 | ¥123,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-13-12 | Rawlinson | Partner | Finalize and serve responses to discovery requests; discussion with A. Davidson regarding gathering and responding to document requests; discussion regarding third party subpoenas and other action items | 0.60 | $790.00 | $474.00 | | Block billed | 25% | $118.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 12-13-12 | Zimmerman | Litigation Services Attorney | Request for production of documents and things; attend to file and case management; update calendar; review and organize recent discovery | 0.20 | $230.00 | $46.00 | | Block billed | 25% | $11.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 12-13-12 | Kojiro Akashi | Associate | Preparation for Producing documents | 1.20 | $30,000 | | ¥36,000.00 | Vague litigation purpose | 50% | $0.00 | ¥18,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-13-12 | Regoli | Associate | Confer with counsel regarding discovery issues | 1.20 | $575.00 | $690.00 | | Vague litigation purpose | 75% | $517.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-13-12 | Steve Bryan | Associate | Working on Discoveries; | 1.00 | $35,000 | | ¥35,000.00 | Vague litigation purpose | 50% | $0.00 | ¥17,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-14-12 | Steve Bryan | Associate | Phone call with US attorney; emailing to Client summarizing the phone call | 0.90 | $35,000 | | ¥31,500.00 | Vague litigation purpose | 50% | $0.00 | ¥15,750.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-14-12 | Kojiro Akashi | Associate | Preparation for Producing documents | 4.50 | $30,000 | | ¥135,000.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥101,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-18-12 | Steve Bryan | Associate | Attention to document discovery. | 2.00 | $35,000 | | ¥70,000.00 | Vague litigation purpose | 50% | $0.00 | ¥35,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-19-12 | Kojiro Akashi | Associate | Preparation for Producing documents | 1.50 | $30,000 | | ¥45,000.00 | Vague litigation purpose | 50% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-19-12 | Regoli | Associate | Confer with counsel regarding discovery issues | 0.50 | $575.00 | $287.50 | | Vague litigation purpose | 75% | $215.63 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-20-12 | Nguyen | Paralegal | Draft pro hac vice and propose order; attention to rules regard same | 1.90 | $265.00 | $503.50 | | Excessive time | 50% | $251.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 12-20-12 | Ugay | Senior Paralegal | Review court rules and prepare pro hac vice for client's Japanese counsel | 2.50 | $265.00 | $662.50 | | Excessive time | 50% | $331.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 12-20-12 | Regoli | Associate | Confer with counsel regarding discovery issues | 0.40 | $575.00 | $230.00 | | Vague litigation purpose | 75% | $172.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-20-12 | TNagashima | Partner | Reviewing documents for discovery prior to Client meeting | 1.30 | ¥50,000 | | ¥65,000.00 | Vague litigation purpose | 33% | $0.00 | ¥21,450.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-20-12 | Kojiro Akashi | Associate | Preparation for Producing documents | 5.50 | $30,000 | | ¥165,000.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥123,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-20-12 | Steve Bryan | Associate | Emailing to US attorneys; preparation for production of documents | 7.00 | $35,000 | | ¥245,000.00 | Vague litigation purpose; excessive time; block billed | 75% | $0.00 | ¥183,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 12-21-12 | Kojiro Akashi | Associate | Meeting with Client | 2.50 | $30,000 | | ¥75,000.00 | Vague litigation purpose | 50% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-21-12 | TNagashima | Partner | Meeting with Client | 2.60 | ¥50,000 | | ¥130,000.00 | Vague litigation purpose | 50% | $0.00 | ¥65,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-26-12 | Kojiro Akashi | Associate | Meeting with Client | 1.80 | $30,000 | | ¥54,000.00 | Vague litigation purpose | 50% | $0.00 | ¥27,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-26-12 | TNagashima | Partner | Meeting with Client | 1.50 | ¥50,000 | | ¥75,000.00 | Vague litigation purpose | 50% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-4-13 | Regoli | Associate | Review case status; confer with counsel regarding case status; draft e-mail regarding case status; study and analyze relevant disclosures | 1.70 | $625.00 | $1,062.50 | | Vague litigation purpose; block billed | 50% | $531.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-7-13 | Kojiro Akashi | Associate | Reviewing Protective Order | 0.80 | $30,000 | | ¥24,000.00 | Vague litigation purpose; redundant work | 66% | $0.00 | ¥15,840.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-7-13 | TNagashima | Partner | Reviewing Protective Order | 0.60 | ¥50,000 | | ¥30,000.00 | Vague litigation purpose; redundant work | 66% | $0.00 | ¥19,800.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-8-13 | Kojiro Akashi | Associate | Contacting US attorneys and Rohm for discovery issues and documents | 1.20 | $30,000 | | ¥36,000.00 | Vague litigation purpose | 33% | $0.00 | ¥11,880.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-8-13 | Steve Bryan | Associate | Attending to Discovery, Emails to US attorneys | 4.50 | $35,000 | | ¥157,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥118,125.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-11-13 | Rawlinson | Partner | Attention to outstanding discovery issues, including es! and latest communication from client regarding document review and protective order; review e-mail exchange with client regarding settlement | 0.50 | $820.00 | $410.00 | | Block billed | 25% | $102.50 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 1-11-13 | Regoli | Associate | Study and analyze document production issues; confer with counsel regarding same; research and draft issues and evidence outline regarding case; research and analyze affirmative defenses | 7.80 | $625.00 | $4,875.00 | | Block billed; excessive time | 66% | $3,217.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 1-11-13 | Ladra | Partner | Correspondence to T. Nagashima; attention to protective order | 1.10 | $1,035.00 | $1,138.50 | | Vague litigation purpose | 33% | $375.71 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-14-13 | Rawlinson | Partner | Discussion with M. Ladra regarding status and settlement efforts; prepare for call with Japanese counsel; discussion with A. Regoli regarding status | 0.60 | $820.00 | $492.00 | | Vague litigation purpose | 33% | $162.36 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-14-13 | Regoli | Associate | Confer with counsel regarding discovery issues; study and analyze discovery issues; finalize protective order | 0.80 | $625.00 | $500.00 | | Vague litigation purpose | 50% | $250.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-15-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.70 | ¥22,000 | | ¥125,400.00 | Excessive time | 25% | $0.00 | ¥31,350.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-15-13 | Rawlinson | Partner | Prepare for and participate in phone conference with japan ese counsel regarding discovery issues and case status; finalize and file protective order | 1.20 | $820.00 | $984.00 | | Vague litigation purpose | 33% | $324.72 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-15-13 | Regoli | Associate | Confer with counsel regarding discovery issues; study and analyze discovery issues | 1.00 | $625.00 | $625.00 | | Vague litigation purpose | 50% | $312.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-16-13 | Regoli | Associate | Prepare for meet and confer with Navcom; confer with Navcom regarding discovery issues; confer with Oki counsel regarding discovery issues | 2.20 | $625.00 | $1,375.00 | | Block billed | 25% | $343.75 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-16-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.20 | ¥22,000 | | ¥136,400.00 | Excessive time | 25% | $0.00 | ¥34,100.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-17-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 7.10 | ¥22,000 | | ¥156,200.00 | Excessive time | 25% | $0.00 | ¥39,050.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-17-13 | Kojiro Akashi | Associate | Meeting with Client; going through documents for production | 2.20 | $30,000 | | ¥66,000.00 | Vague litigation purpose | 50% | $0.00 | ¥33,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-17-13 | Steve Bryan | Associate | Meeting with Client; e-mail to US Attorneys | 3.00 | $35,000 | | ¥105,000.00 | Vague litigation purpose | 50% | $0.00 | ¥52,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-17-13 | TNagashima | Partner | Meeting with Client; Correspondence with US Attorneys | 3.20 | ¥50,000 | | ¥160,000.00 | Vague litigation purpose | 50% | $0.00 | ¥80,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-18-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.00 | ¥22,000 | | ¥132,000.00 | Excessive time | 25% | $0.00 | ¥33,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-21-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 7.00 | ¥22,000 | | ¥154,000.00 | Excessive time | 25% | $0.00 | ¥38,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-22-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.80 | ¥22,000 | | ¥149,600.00 | Excessive time | 25% | $0.00 | ¥37,400.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-22-13 | Stob | Associate | Call with A. Regoli regarding research into deposition locations; research and analyze case law regarding international depositions; summarize same and email to A. Regoli; exchange follow-up emails with A. Regoli | 4.80 | $450.00 | $2,160.00 | | Excessive time | 50% | $1,080.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-22-13 | Regoli | Associate | Confer with counsel regarding discovery issues | 0.40 | $625.00 | $250.00 | | Vague litigation purpose | 33% | $82.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-23-13 | Ladra | Partner | Correspondence regarding deposition issues; attention to discovery issues | 0.40 | $1,035.00 | $414.00 | | Vague litigation purpose | 50% | $207.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-23-13 | Nguyen | Paralegal | Update case calendar reminder | 0.20 | $275.00 | $55.00 | | Vague litigation purpose; clerical work | 75% | $41.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 1-24-13 | Rawlinson | Partner | Review and send e-mail to opposing counsel regarding depositions; review e-mail from Japanese counsel regarding same; draft and send e-mail to Japanese counsel regarding Iron Mountain | 0.40 | $820.00 | $328.00 | | Block billed; vague litigation purpose | 33% | $108.24 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 1-24-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.60 | ¥22,000 | | ¥145,200.00 | Excessive time | 25% | $0.00 | ¥36,300.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-24-13 | Kojiro Akashi | Associate | Contacting US Attorneys for discovery issues | 1.20 | $30,000 | | ¥36,000.00 | Vague litigation purpose | 33% | $0.00 | ¥11,880.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-24-13 | Ladra | Partner | Call T. Nagashima regarding case planning | 0.40 | $1,035.00 | $414.00 | | Vague litigation purpose | 25% | $103.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-24-13 | TNagashima | Partner | Drafting e-mails to US attorneys | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-24-13 | Nguyen | Paralegal | Circulate court filing notifications to team for review | 0.30 | $275.00 | $82.50 | | Vague litigation purpose; clerical work | 75% | $61.88 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 1-25-13 | TNagashima | Partner | Reviewing e-mail from US attorney about deposition location | 0.60 | ¥50,000 | | ¥30,000.00 | Vague litigation purpose | 33% | $0.00 | ¥9,900.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-28-13 | Kojiro Akashi | Associate | Attending to Discovery | 1.20 | $30,000 | | ¥36,000.00 | Vague litigation purpose | 33% | $0.00 | ¥11,880.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-29-13 | Ladra | Partner | Attention to document production issues; attention to billing issues | 0.40 | $1,035.00 | $414.00 | | Block billed; clerical work | 50% | $207.00 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 1-29-13 | Kojiro Akashi | Associate | Attending to Discovery | 0.80 | $30,000 | | ¥24,000.00 | Vague litigation purpose | 33% | $0.00 | ¥7,920.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-7-13 | Rawlinson | Partner | Draft and send e-mail to client regarding deposition logistics; commission and review research regarding relationship between interpreter and length of depositions | 0.50 | $820.00 | $410.00 | | Vague litigation purpose | 33% | $135.30 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-7-13 | Stob | Associate | Research rules and cases regarding extensions of time where a deponent speaks through an interpreter; draft summary analysis of same and send to A. Regoli | 0.80 | $450.00 | $360.00 | | Vague litigation purpose | 33% | $118.80 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-8-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 4.20 | ¥22,000 | | ¥92,400.00 | Excessive time | 25% | $0.00 | ¥23,100.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-12-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 6.10 | ¥22,000 | | ¥134,200.00 | Excessive time | 25% | $0.00 | ¥33,550.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-13-13 | Stob | Associate | Compile, review, and analyze case materials from A. Regoli; review docket and answer to complaint | 1.00 | $450.00 | $450.00 | | Clerical work; vague litigation purpose | 66% | $297.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 2-13-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 4.90 | ¥22,000 | | ¥107,800.00 | Excessive time | 25% | $0.00 | ¥26,950.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-14-13 | Stob | Associate | Review and analyze additional background materials from A. Regoli; meet with A. Regoli regarding case background and document review; review document database and establish relevant tags in concordance; tag hard copy documents for privilege and confidentiality in concordance | 1.60 | $450.00 | $720.00 | | Vague litigation purpose; block billed | 50% | $360.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-18-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.80 | ¥22,000 | | ¥127,600.00 | Excessive time | 25% | $0.00 | ¥31,900.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-18-13 | Stob | Associate | Review and analyze planned production documents for privilege, relevance to key issues, and potential significance to case; email A. Regoli regarding preliminary results of same | 4.90 | $450.00 | $2,205.00 | | Redundant work | 25% | $551.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-18-13 | Regoli | Associate | Study and analyze documents provided by Oki; confer with counsel regarding same | 2.50 | $625.00 | $1,562.50 | | Vague litigation purpose | 33% | $515.63 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-19-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 3.60 | ¥22,000 | | ¥79,200.00 | Excessive time | 25% | $0.00 | ¥19,800.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-19-13 | Stob | Associate | Continue review and analysis of planned production documents for privilege, relevance to key issues, and potential significance to case | 3.50 | $450.00 | $1,575.00 | | Redundant work | 25% | $393.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-20-13 | Stob | Associate | Continue review and analysis of planned production documents for privilege, relevance to key issues, and potential significance to case; emails with A. Regoli regarding review progress | 8.30 | $450.00 | $3,735.00 | | Redundant work; excessive time | 50% | $1,867.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-21-13 | Stob | Associate | Continue review and analysis of planned production documents for privilege, relevance to key issues, and potential significance to case; call with A. Regoli regarding progress and issues arising | 3.50 | $450.00 | $1,575.00 | | Redundant work | 25% | $393.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-22-13 | Stob | Associate | Continue review and analysis of planned production documents for privilege, relevance to key issues, and potential significance to case; review privilege entries for accuracy and issues arising | 10.10 | $450.00 | $4,545.00 | | Redundant work; excessive time | 50% | $2,272.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-23-13 | Stob | Associate | Continue review of privilege entries for accuracy and issues arising; draft and send email to A. Regoli regarding same; retrieve documents reflecting draft version of agreement; review and analyze same to determine negotiation timeline and key issues; locate and analyze key documents in light of same; draft summary analysis of key documents; draft narrative summary analysis of key issues in case | 8.70 | $450.00 | $3,915.00 | | Redundant work; excessive time; block billed | 66% | $2,583.90 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 2-25-13 | Stob | Associate | Continue review of potential key documents and draft summary analyses of same; call with A. Regoli regarding redactions for privilege | 4.90 | $450.00 | $2,205.00 | | Redundant work; excessive time | 50% | $1,102.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-26-13 | Stob | Associate | Continue identifying and reviewing potential key documents and draft summary analyses of same; draft summary analysis of key issues to case | 10.20 | $450.00 | $4,590.00 | | Redundant work; excessive time | 50% | $2,295.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-27-13 | Stob | Associate | Continue to identify and review potential key documents and draft summary analyses of same; continue drafting summary analysis of key issues to case; review and revise entire summary document and send to A. Regoli for review | 9.60 | $450.00 | $4,320.00 | | Redundant work; excessive time | 50% | $2,160.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-28-13 | Stob | Associate | Emails with A. Regoli regarding summary and analysis chart and issues outline, as well as document production timeline; email M. Rawlinson regarding summary and analysis chart and outline; work with J. Nguyen to coordinate assembly, delivery of summary-and-analysis and key binders to A. Regoli and M. Rawlinson; redact document production | 4.80 | $450.00 | $2,160.00 | | Redundant work; excessive time; block billed | 66% | $1,425.60 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 2-28-13 | Nguyen | Paralegal | Attention to documents and create binders regarding Oki document review issues for attorneys' review | 2.90 | $275.00 | $797.50 | | Vague litigation purpose; clerical work | 66% | $526.35 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 3-1-13 | Stob | Associate | Finish redactions in preparation for document production; coordinate production timeline and events with P. Higgins; emails with A. Regoli regarding issues arising | 4.70 | $450.00 | $2,115.00 | | Block billed; vague litigation purpose | 50% | $1,057.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 3-2-13 | Stob | Associate | Address production issues raised by P. Higgins, including issues relating to privileged and placeholder documents; email P. Higgins regarding same | 1.20 | $450.00 | $540.00 | | Vague litigation purpose | 50% | $270.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-4-13 | Stob | Associate | Continue coordinating document production with P. Higgins, J. Nguyen, and A. Regoli | 0.50 | $450.00 | $225.00 | | Vague litigation purpose | 50% | $112.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-5-13 | Nguyen | Paralegal | Draft cover letter for production; file case management | 1.20 | $275.00 | $330.00 | | Excessive time; block billed | 50% | $165.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 3-5-13 | Regoli | Associate | Confer with counsel regarding discovery issues | 0.50 | $625.00 | $312.50 | | Vague litigation purpose | 33% | $103.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-5-13 | Stob | Associate | Continue coordinating document production with P. Higgins, J. Nguyen, and A. Regoli | 0.80 | $450.00 | $360.00 | | Vague litigation purpose | 50% | $180.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-6-13 | Rawlinson | Partner | Review e-mail exchange between M. Ladra and team; draft and send follow up e-mail regarding same; follow up regarding deposition dates | 0.50 | $820.00 | $410.00 | | Vague litigation purpose | 25% | $102.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-6-13 | Regoli | Associate | Confer with counsel regarding discovery issues | 0.40 | $625.00 | $250.00 | | Vague litigation purpose | 33% | $82.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-7-13 | Nguyen | Paralegal | Serve document production; attention to file and case management | 0.50 | $275.00 | $137.50 | | Clerical work | 33% | $45.38 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 3-8-13 | Rawlinson | Partner | Review summary of hot documents; draft questions regarding same | 0.80 | $820.00 | $656.00 | | Vague litigation purpose | 33% | $216.48 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-11-13 | Kojiro Akashi | Associate | Meeting with Client | 1.60 | $30,000 | | ¥48,000.00 | Vague litigation purpose | 50% | $0.00 | ¥24,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-11-13 | TNagashima | Partner | Meeting with Client; reviewing documents received from Client | 2.50 | ¥50,000 | | ¥125,000.00 | Vague litigation purpose | 50% | $0.00 | ¥62,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-13-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 5.40 | ¥22,000 | | ¥118,800.00 | Excessive time | 25% | $0.00 | ¥29,700.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-13 | TNagashima | Partner | Reviewing Privilege Log | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-14-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.20 | ¥22,000 | | ¥136,400.00 | Excessive time | 25% | $0.00 | ¥34,100.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-14-13 | MLabgold | Partner | Reviewing files including agreement, emails, presentations; outlining strategy and best defenses; possible affirmative causes of action | 5.00 | $700.00 | $3,500.00 | | Vague litigation purpose; associate work; excessive time; redundant work | 75% | $2,625.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-14-13 | TNagashima | Partner | Telephone Confenrece with US attorneys re strategies | 0.50 | ¥50,000 | | ¥25,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥18,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-14-13 | Hoeffner | Partner | Review Navcom/Oki Data contract | 2.00 | $550.00 | $1,100.00 | | Vague litigation purpose; redundant work; associate work | 75% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-15-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 5.90 | ¥22,000 | | ¥129,800.00 | Excessive time | 25% | $0.00 | ¥32,450.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-15-13 | TNagashima | Partner | Telephone conference with Client re. discovery | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-15-13 | Hoeffner | Partner | Review internal contract review and other email; call with MLabgold re contract; review Whittlestone case re contractual limitation of damages | 2.00 | $550.00 | $1,100.00 | | Vague litigation purpose; associate work; excessive time; redundant work | 75% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.` |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-15-13 | Ladra | Partner | Attention to mediation issues and document production | 0.60 | $1,035.00 | $621.00 | | Vague litigation purpose; block billed | 33% | $204.93 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 3-15-13 | MLabgold | Partner | Continued review of files and outlining strategy | 3.50 | $700.00 | $2,450.00 | | Vague litigation purpose; excessive time; redundant work | 75% | $1,837.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-16-13 | TNagashima | Partner | Discussion with MRL re. transferring the case | 0.20 | ¥50,000 | | ¥10,000.00 | Transition work | 100% | $0.00 | ¥10,000.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-16-13 | MLabgold | Partner | Discussion with PHoeffner re strategy for counterclaim/defense; discussion with potential local counsel candidates; developing strategy for attorney fee claim; discussion with TNagashima re transferring the case, local counsel and strategy issues; revising draft text to Michael Ladra re transfer of responsibilities to N&H | 4.00 | $700.00 | $2,800.00 | | Vague litigation purpose; excessive time; redundant work; transition work | 75% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-18-13 | Hoeffner | Partner | Review email correspondence and documents re agreement and product development | 7.50 | $550.00 | $4,125.00 | | Transition work | 100% | $4,125.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-18-13 | Stob | Associate | Prepare for and attend meeting with M. Rawlinson and A. Regoli for case assessment and analysis | 2.20 | $450.00 | $990.00 | | Vague litigation purpose; redundant work | 75% | $742.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-18-13 | Yasutomo | Associate | Preparing discovery documents for MRL | 4.00 | $25,000 | | ¥100,000.00 | Vague litigaton purpose; excessive time | 66% | $0.00 | ¥66,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-19-13 | Hoeffner | Partner | Review email correspondence and documents re agreement and product development; call with MLabgold | 7.50 | $550.00 | $4,125.00 | | Transition work | 100% | $4,125.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-20-13 | MLabgold | Partner | Discussion with TNagashima re strategy and transferring case responsibilities | 1.00 | $700.00 | $700.00 | | Transition work | 100% | $700.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-21-13 | TNagashima | Partner | Discussion with MRL re strategy and transferring case responsibilities | 0.80 | ¥50,000 | | ¥40,000.00 | Transition work | 100% | $0.00 | ¥40,000.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-21-13 | Hoeffner | Partner | Review email correspondence and documents re agreement and product development | 4.50 | $550.00 | $2,475.00 | | Vague litigation purpose; redundant work; associate work; excessive time | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-22-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.00 | ¥22,000 | | ¥110,000.00 | Excessive time | 25% | $0.00 | ¥27,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-22-13 | Ladra | Partner | Call with M. Labgold regarding transition of case | 0.30 | $1,035.00 | $310.50 | | Transition work | 100% | $310.50 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-22-13 | MLabgold | Partner | Call with Michael Ladra re current status, overview of case status, upcoming deadlines and file transfer; discussion with TNagashima re same | 1.00 | $700.00 | $700.00 | | Transition work | 100% | $700.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-22-13 | Yasutomo | Associate | Preparation for discovery | 4.50 | $25,000 | | ¥112,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥84,375.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-22-13 | Hoeffner | Partner | Prepare summary of important emails and documents; review email correspondence and documents re agreement and product development | 3.50 | $550.00 | $1,925.00 | | Vague litigation purpose; redundant work; associate work; excessive time | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-23-13 | Yasutomo | Associate | Preparation for discovery | 4.50 | $25,000 | | ¥112,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥84,375.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-25-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 6.10 | ¥22,000 | | ¥134,200.00 | Excessive time | 25% | $0.00 | ¥33,550.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-25-13 | Ladra | Partner | Attention to case transition | 0.60 | $1,035.00 | $621.00 | | Transition work | 100% | $621.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-25-13 | MLabgold | Partner | Call with David Makman re scheduling, issues of CA law and case transfer | 1.00 | $700.00 | $700.00 | | Transition work | 100% | $700.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-25-13 | Yasutomo | Associate | Preparation for discovery | 4.50 | $25,000 | | ¥112,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥84,375.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-25-13 | TNagashima | Partner | Reviewing email correspondence and documents re agreement and product development | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥33,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-25-13 | Hoeffner | Partner | Prepare summary of important emails and documents; review email correspondence and documents re agreement and product development | 3.75 | $550.00 | $2,062.50 | | Vague litigation purpose; redundant work; associate work; excessive time | 75% | $1,546.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-26-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 5.30 | ¥22,000 | | ¥116,600.00 | Excessive time | 25% | $0.00 | ¥29,150.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-26-13 | Ladra | Partner | Attention to case transition | 0.30 | $1,035.00 | $310.50 | | | Transition work | 100% | $310.50 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-26-13 | Hoeffner | Partner | Prepare summary of important emails and documents; review email correspondence and documents re agreement and product development; email correspondence with MLabgold re emails and documents | 1.75 | $550.00 | $962.50 | | Vague litigation purpose; associate work; redundant work | 75% | $721.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-26-13 | MLabgold | Partner | Continued file review; review of PHoeffner memo and discussion re same; evaluating possible counterclaims | 2.50 | $700.00 | $1,750.00 | | Vague litigation purpose; associate work; redundant work | 75% | $1,312.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-26-13 | TNagashima | Partner | Reviewing email correspondence and documents re agreement and product development | 0.70 | ¥50,000 | | ¥35,000.00 | Vague litigation purpose; associate work; redundant work | 75% | $0.00 | ¥26,250.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-26-13 | Kojiro Akashi | Associate | Preparation for discovery | 2.20 | ¥30,000 | | ¥66,000.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥49,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-26-13 | Yasutomo | Associate | Preparation for discovery | 4.50 | $25,000 | | ¥112,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥84,375.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-27-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.10 | ¥22,000 | | ¥112,200.00 | Excessive time | 25% | $0.00 | ¥28,050.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-27-13 | MLabgold | Partner | Retention of local counsel; legal research re counterclaims; continued document review | 3.00 | $700.00 | $2,100.00 | | Transition work | 100% | $2,100.00 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-27-13 | Nguyen | Paralegal | Meet with M. Ladra regarding transferring files to new counsel; attention to files regarding same | 0.40 | $275.00 | $110.00 | | Transition work | 100% | $110.00 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-27-13 | TNagashima | Partner | Reviewing email correspondence and documents re agreement and product development | 1.50 | ¥50,000 | | ¥75,000.00 | Vague litigation purpose; associate work; redundant work | 75% | $0.00 | ¥56,250.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-27-13 | Yasutomo | Associate | Preparation for discovery | 4.50 | $25,000 | | ¥112,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥84,375.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-28-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.90 | ¥22,000 | | ¥129,800.00 | Excessive time | 25% | $0.00 | ¥32,450.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-28-13 | Ladra | Partner | Attention to case transition | 0.40 | $1,035.00 | $414.00 | | Transition work | 100% | $414.00 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-28-13 | Makman | Attorney | Draft notice of substitution of counsel, review local rules, contact counsel. | 1.00 | $425.00 | $425.00 | | Transition work | 100% | $425.00 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-28-13 | MLabgold | Partner | Review of draft stipulation and order; communications with opposing counsel re same; review and edit substitution papers from local counsel | 0.75 | $700.00 | $525.00 | | Transition work | 100% | $525.00 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-28-13 | Nguyen | Paralegal | Attention to files in preparation for transfer to new counsel | 0.70 | $275.00 | $192.50 | | Transition work | 100% | $192.50 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-29-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.70 | ¥22,000 | | ¥125,400.00 | Excessive time | 25% | $0.00 | ¥31,350.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-29-13 | Nguyen | Paralegal | Attention to files in preparation for transfer to new counsel | 0.70 | $275.00 | $192.50 | | Transition work | 100% | $192.50 | $0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 3-29-13 | MLabgold | Partner | Discussion with opposition counsel re mediation, depositions, Navcom's demand, document productions; follow up discussions with PHoefner and TNagashima | 2.50 | $700.00 | $1,750.00 | | Vague litigation purpose | 25% | $437.50 | $0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-29-13 | Kojiro Akashi | Associate | Preparation for discovery | 2.00 | $30,000 | | ¥60,000.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥45,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-29-13 | Yasutomo | Associate | Preparation for discovery | 4.50 | $25,000 | | ¥112,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥84,375.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-30-13 | Yasutomo | Associate | Preparation for discovery | 1.50 | $25,000 | | ¥37,500.00 | Vague litigation purpose; excessive time | 75% | $0.00 | ¥28,125.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-1-13 | MLabgold | Partner | Call with Yasutomo and Kato re privilege document review; post call review of updated document file (email strings); review and finalize substitution papers; drafting interrogatories; discussion with PHoeffner re same; drafting RFAs | 5.50 | $700.00 | $3,850.00 | | Block billed; excessive time | 33% | $1,270.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 4-1-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.50 | ¥22,000 | | ¥121,000.00 | Excessive time | 25% | $0.00 | ¥30,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-1-13 | Hoeffner | Partner | Draft interrogatories for Navcom; review and edit requests for admissions; call with MLabgold re same | 3.75 | $550.00 | $2,062.50 | | Excessive time | 33% | $680.63 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-1-13 | TNagashima | Partner | Discussion with MRL as to suggestions for RFAs | 3.40 | ¥50,000 | | ¥170,000.00 | Excessive time; vague litigation purpose | 66% | $0.00 | ¥112,200.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-1-13 | Makman | Attorney | File substitutions of counsel, courtesy copies to court. | 1.00 | $425.00 | $425.00 | | Transition work | 100% | $425.00 | ¥0.00 | In addition to the General Responses, Oki assert the Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 4-2-13 | MLabgold | Partner | Review of new Lapis and SOS VU docs; corresponding with L&W re transfer of files; review of documents | 4.25 | $700.00 | $2,975.00 | | Block billed; transition work; excessive time; vague litigation purpose | 66% | $1,963.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 4-2-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 6.20 | ¥22,000 | | ¥136,400.00 | Excessive time | 25% | $0.00 | ¥34,100.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-3-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 5.90 | ¥22,000 | | ¥129,800.00 | Excessive time | 25% | $0.00 | ¥32,450.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-3-13 | MLabgold | Partner | Continued reviews of documents; drafting discovery | 3.25 | $700.00 | $2,275.00 | | Vague litigation purpose; excessive time | 33% | $750.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-4-13 | MLabgold | Partner | Document review; call with L&W re production; research re witness exclusion | 2.75 | $700.00 | $1,925.00 | | Block billed; transition work; vague litigation purpose | 66% | $1,270.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure.  The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 4-4-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.00 | ¥22,000 | | ¥132,000.00 | Excessive time | 25% | $0.00 | ¥33,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-4-13 | Makman | Attorney | Research regarding excluding consequential damages. | 4.00 | $425.00 | $1,700.00 | | Vague litigation purpose; excessive time | 66% | $1,122.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-5-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 6.30 | ¥22,000 | | ¥138,600.00 | Excessive time | 25% | $0.00 | ¥34,650.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-5-13 | MLabgold | Partner | Continued review of files including correspondence with opposing counsel | 3.00 | $700.00 | $2,100.00 | | Transition work; vague litigation purpose | 75% | $1,575.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 4-7-13 | MLabgold | Partner | Reviewing documents for production; overseeing preparation | 6.00 | $700.00 | $4,200.00 | | Associate work; excessive time | 66% | $2,772.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-8-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege, and confidentiality. Prepare privilege log. | 5.30 | ¥22,000 | | ¥116,600.00 | Excessive time | 25% | $0.00 | ¥29,150.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-8-13 | Kojiro Akashi | Associate | Reviewing privilege Log | 1.50 | $30,000 | | ¥45,000.00 | Vague litigation purpose | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-8-13 | TNagashima | Partner | Reviewing documents for privilege | 1.50 | ¥50,000 | | ¥75,000.00 | Vague litigation purpose | 33% | $0.00 | ¥24,750.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-8-13 | Hoeffner | Partner | Call with MLabgold re document review; correspondence with MLabgold re Navcom timeline; review documents for privilege | 6.25 | $550.00 | $3,437.50 | | Vague litigation purpose; excessive time | 66% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-8-13 | MLabgold | Partner | Teleconference with Kato and Yasutomo re document collection, review and organization; review files; review of Lapis timeline and correlating same to other events | 3.00 | $700.00 | $2,100.00 | | Vague litigation purpose; redundant work | 50% | $1,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-9-13 | MLabgold | Partner | Continued review of timeline and correspondence; preparing Japanese and JP-English documents for production; confirming privilege review | 3.50 | $700.00 | $2,450.00 | | Block billed; transition work; vague litigation purpose | 50% | $1,225.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure.   The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 4-9-13 | Hirofumi Kato | Paralegal | Review Japanese language documents for responsiveness, privilege,and confidentiality. Prepare privilege log. | 5.10 | ¥22,000 | | ¥112,200.00 | Excessive time | 25% | $0.00 | ¥28,050.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-9-13 | Hoeffner | Partner | Review documents for privilege; call with MLabgold re document review | 6.50 | $550.00 | $3,575.00 | | Excessive time; redundant work | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-9-13 | TNagashima | Partner | Review documents for privilege; call with MLabgold re document review | 1.70 | ¥50,000 | | ¥85,000.00 | Redundant work | 33% | $0.00 | ¥28,050.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-10-13 | Hoeffner | Partner | Review documents for privilege; call with MLabgold re document review | 7.00 | $550.00 | $3,850.00 | | Redundant work | 33% | $1,270.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-10-13 | MLabgold | Partner | Preparing Japanese and JP-English documents for production; confirming privilege review; finalizing stipulations and order re depositions | 2.75 | $700.00 | $1,925.00 | | Redundant work; associate work; block billed | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 4-10-13 | Makman | Attorney | Telephone conference with M. Labgold. | 0.20 | $425.00 | $85.00 | | Vague litigation purpose | 75% | $63.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-11-13 | MLabgold | Partner | Confirming privilege review; preparing Japanese and JP- English documents for production | 2.00 | $700.00 | $1,400.00 | | Redundant work; associate work | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 4-11-13 | Hoeffner | Partner | Review documents for privilege and upload documents to be produced; correspondence with MLabgold re document review and case strategy | 4.50 | $550.00 | $2,475.00 | | Redundant work; excessive time | 50% | $1,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-14-13 | MLabgold | Partner | Discussion of case-law with local counsel; reviewing cases re consequential damages clauses | 3.25 | $700.00 | $2,275.00 | | Vague litigation purpose; excessive time; associate work | 75% | $1,706.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-15-13 | Hoeffner | Partner | Call with local counsel; emails with local counsel; review case law regarding limitation of damages provisions and UCC in California | 5.50 | $550.00 | $3,025.00 | | Vague litigation purpose; excessive time; associate work | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-16-13 | Hoeffner | Partner | Review case law regarding limitation of damages provisions and UCC in California; review Navcom's demand letter | 3.50 | $550.00 | $1,925.00 | | Vague litigation purpose; associate work | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-17-13 | MLabgold | Partner | Finalizing interrogatories for service | 0.50 | $700.00 | $350.00 | | Associate work | 33% | $115.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a  litigation to review and edits interrogatories. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 4-17-13 | Hoeffner | Partner | Call with MLabgold re interrogatories; finalize interrogatories and email correspondence with local counsel re interrogatories | 3.00 | $550.00 | $1,650.00 | | Excessive time | 33% | $544.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-17-13 | TNagashima | Partner | Reviewing interrogatories | 1.60 | ¥50,000 | | ¥80,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥60,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-18-13 | Makman | Attorney | Revise, file and serve discovery. | 0.80 | $425.00 | $340.00 | | Redundant work | 75% | $255.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-19-13 | MLabgold | Partner | Review of Navcom production | 4.00 | $700.00 | $2,800.00 | | Associate work | 33% | $924.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a  litigation to review the documents provided by Plaintiff. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible for an associate perform the task when the firm had no associates. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 4-20-13 | MLabgold | Partner | Continued review of Navcom production | 4.50 | $700.00 | $3,150.00 | | Associate work | 33% | $1,039.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review the documents provided by Plaintiff. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 4-21-13 | MLabgold | Partner | Legal research and discussion with local counsel re mediation | 1.00 | $700.00 | $700.00 | | Associate work | 66% | $462.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to research the mediation procedure and discuss the process with local counsel. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 4-22-13 | MLabgold | Partner | Discussion with local counsel concerning mediation; legal research | 1.50 | $700.00 | $1,050.00 | | Associate work | 66% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to research the mediation procedure and discuss the process with local counsel. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 4-22-13 | Makman | Attorney | Specific performance research. | 1.50 | $425.00 | $637.50 | | Vague litigation purpose | 66% | $420.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-22-13 | Hoeffner | Partner | Review case law regarding warranty provision in contract; call with MLabgold re case strategy, deposition, and mediation | 3.25 | $550.00 | $1,787.50 | | Vague litigation purpose; associate work; excessive time | 75% | $1,340.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, in the absence of detailed time records. |
| 4-23-13 | Makman | Attorney | Research local rules regarding mediation. | 1.00 | $425.00 | $425.00 | | Excessive time | 33% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-23-13 | MLabgold | Partner | Discussion with local counsel re mediation; outlining motion for relief; discussion with TNagashima re same | 2.50 | $700.00 | $1,750.00 | | Excessive time | 33% | $577.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-23-13 | TNagashima | Partner | Discussion with MRL re motion for relief | 1.10 | ¥50,000 | | ¥55,000.00 | Excessive time | 33% | $0.00 | ¥18,150.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-24-13 | TNagashima | Partner | Discussion with MRL re motion for relief | 1.30 | ¥50,000 | | ¥65,000.00 | Excessive time; redundant work | 66% | $0.00 | ¥42,900.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-25-13 | MLabgold | Partner | Corresponding with opposing counsel re meet and confer; discussion with PHoeffner re same | 0.75 | $700.00 | $525.00 | | Excessive time | 33% | $173.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-25-13 | TNagashima | Partner | Reviewing motion for relief | 1.90 | ¥50,000 | | ¥95,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥71,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 4-26-13 | Makman | Attorney | Telephone conference with M. Labgold. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 75% | $159.38 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-26-13 | TNagashima | Partner | Reviewing correspondence and contract | 1.10 | ¥50,000 | | ¥55,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥41,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-29-13 | Hoeffner | Partner | Email correspondence re meet and confer conference for mediation; collect all documents evidencing Deere's involvement in negotiation of the contract | 3.50 | $550.00 | $1,925.00 | | Excessive time; associate work; block billed | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 4-29-13 | Makman | Attorney | Research regarding warranty law. | 2.50 | $425.00 | $1,062.50 | | Vague litigation purpose | 66% | $701.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-29-13 | TNagashima | Partner | Reviewing past correspondence | 1.00 | ¥50,000 | | ¥50,000.00 | Vague litigation purpose; redundant work | 100% | $0.00 | ¥50,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-30-13 | Hoeffner | Partner | Call with MLabgold re motion for relief from mediation; prepare motion | 6.75 | $550.00 | $3,712.50 | | Associate work; excessive time; vague litigation purpose | 75% | $2,784.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-1-13 | MLabgold | Partner | Preparing motion to postpone mediation | 2.00 | $700.00 | $1,400.00 | | Associate work; redundant work; vague litigation purpose | 66% | $924.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-1-13 | Hoeffner | Partner | Collect all documents evidencing Deere's involvement in negotiation of the contract | 3.50 | $550.00 | $1,925.00 | | Associate work; vague litigation purpose | 33% | $635.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-2-13 | Hoeffner | Partner | Review and edit motion to reschedule mediation; email correspondence with local counsel re motion to reschedule mediation; call with MLabgold re motion to reschedule mediation | 2.25 | $550.00 | $1,237.50 | | Associate work | 33% | $408.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner to review and edit a motion, discuss the mediation process with local counsel, and discuss the motion with lead counsel. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 5-2-13 | MLabgold | Partner | Finalizing motion; review of Navcom subpoena to Peregrine and scheduling issues relating to same; call to Peregrine's counsel | 1.50 | $700.00 | $1,050.00 | | Block billed; associate work; vague litigation purpose | 33% | $346.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-3-13 | Hoeffner | Partner | Correspondence with local counsel re motion to reschedule mediation; review deposition subpoena for Peregrine Semiconductor; prepare list of witnesses for Oki to depose; call with MLabgold re case strategy | 3.50 | $550.00 | $1,925.00 | | Block billed; excessive time | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-3-13 | Makman | Attorney | Revise motion to move mediation date; circulate revised motion; document review. | 1.00 | $425.00 | $425.00 | | Redundant work; vague litigation purpose | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-3-13 | MLabgold | Partner | Review case law on warranty, third party beneficiary claims and limitations of liability and related | 2.25 | $700.00 | $1,575.00 | | Vague litigation purpose; associate work | 66% | $1,039.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-6-13 | MLabgold | Partner | Drafting comprehensive set of RFA's; discussions with PHoeffner re facts and legal arguments; review of Navcom and OSC documents | 7.25 | $700.00 | $5,075.00 | | Associate work; block billed; excessive time | 66% | $3,349.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review documents and prepare requests for admissions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-13 | Hoeffner | Partner | Review and edit draft requests to admit; create folder of documents evidencing Deere's input during negotiation of the agreement; call and email correspondence with MLabgold re Deere's input during negotiation of the agreement | 7.00 | $550.00 | $3,850.00 | | Associate work; clerical work; block billed; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft discovery requests and compile evidence.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-6-13 | Makman | Attorney | Reserve hearing date; finalize and file motion. | 0.50 | $425.00 | $212.50 | | Clerical work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-7-13 | Hoeffner | Partner | Review documents produced by Peregrine | 6.00 | $550.00 | $3,300.00 | | Associate work; excessive time | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-7-13 | MLabgold | Partner | Tracking design changes in Navcom production; tracking Navcom internal contract drafts | 2.75 | $700.00 | $1,925.00 | | Vague litigation purpose; clerical work | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 5-8-13 | Hoeffner | Partner | Review documents produced by Peregrine | 7.00 | $550.00 | $3,850.00 | | Associate work; excessive time | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-9-13 | Hoeffner | Partner | Review documents produced by Peregrine | 6.50 | $550.00 | $3,575.00 | | Associate work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-9-13 | Hirofumi Kato | Paralegal | Preparation for discovery | 1.40 | ¥22,000 | | ¥30,800.00 | Vague litigation purpose | 66% | $0.00 | ¥20,328.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-10-13 | Hoeffner | Partner | Review documents produced by Peregrine | 6.50 | $550.00 | $3,575.00 | | Associate work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-11-13 | Hoeffner | Partner | Review documents produced by Peregrine | 6.50 | $550.00 | $3,575.00 | | Associate work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-13-13 | Hoeffner | Partner | Review documents produced by Peregrine | 5.50 | $550.00 | $3,025.00 | | Associate work; excessive time | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-14-13 | Hoeffner | Partner | Review documents produced by Peregrine | 5.50 | $550.00 | $3,025.00 | | Associate work; excessive time | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-14-13 | TNagashima | Partner | Reviewing doucments produced by Peregrin | 1.30 | ¥50,000 | | ¥65,000.00 | Redundant work | 50% | $0.00 | ¥32,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-15-13 | Hoeffner | Partner | Review documents produced by Peregrine | 6.00 | $550.00 | $3,300.00 | | Associate work; excessive time | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-15-13 | MLabgold | Partner | Conferring with local counsel re client's questions concerning motion to postpone mediation; responding to client's questions; discussion re consequential damages decisions | 1.50 | $700.00 | $1,050.00 | | Block billed; vague litigation purpose | 66% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-15-13 | MLabgold | Partner | Correspondence with witnesses re deposition scheduling; reviewing Peregrine-related issues | 3.25 | $700.00 | $2,275.00 | | Vague litigation purpose; block billed | 66% | $1,501.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-16-13 | Hoeffner | Partner | Review documents produced by Peregrine; call with MLabgold re Peregrine production and case strategy | 7.50 | $550.00 | $4,125.00 | | Associate work; excessive time | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-17-13 | Hoeffner | Partner | Review documents produced by Peregrine; call with MLabgold re Peregrine production | 6.00 | $550.00 | $3,300.00 | | Associate work; excessive time | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-17-13 | MLabgold | Partner | Correspondence with opposing counsel re depositions scheduling; call to Peregrine's counsel re upcoming deposition; edits to RFA's | 1.00 | $700.00 | $700.00 | | Block billed | 25% | $175.00 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-19-13 | Hoeffner | Partner | Prepare summary of the most important documents from the Peregrine production | 3.00 | $550.00 | $1,650.00 | | Associate work | 33% | $544.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner to review the documents provided by third party. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 5-19-13 | Makman | Attorney | Case research regarding contract formation; send case. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-20-13 | Hoeffner | Partner | Review Navcom's and Deere's responses to first sets of Interrogatories; review documents produced b Tahoe; prepare summary of the most important documents from the Peregrine production; call with MLabgold re interrogatory responses | 7.50 | $550.00 | $4,125.00 | | Block billed; associate work; excessive time | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-20-13 | MLabgold | Partner | Drafting RFA's; Navcom document review; reviewing Navcom and Deere responses to interrogatories; Conference call with Asahi-san re his deposition scheduling and general recollection of pertinent facts; Navcom document review; discussions with local counsel re same; legal research re CA law with respect to third party beneficiaries; conference call with Ruben Balbuena; preparing documents for deposition visa | 7.50 | $700.00 | $5,250.00 | | Block billed; associate work; excessive time | 66% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-21-13 | MLabgold | Partner | Finalizing documents for deposition visa; drafting RFA's; meeting with visa counsel at Japanese embassy; Navcom document review; attempts to locate and contact witness; reviewing Navcom and Deere responses to; discussion with local counsel re possible discovery strategies in light of responses and new documents; correspondence with opposing counsel re deposition scheduling | 6.75 | $700.00 | $4,725.00 | | Block billed; associate work; clerical work excessive time; vague litigation purpose | 66% | $3,118.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 5-21-13 | Hoeffner | Partner | Review and edit email correspondence with Plaintiff; review email correspondence re standing; review case law re third party beneficiaries; review case law re third party beneficiaries; call with MLabgold re case strategy; review subpoena for Scott Inoue; review documents produced by Navcom; email correspondence with MLabgold re same; review documents produced by Tahoe | 8.50 | $550.00 | $4,675.00 | | Block billed; associate work; clerical work; excessive time | 66% | $3,085.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 5-21-13 | Makman | Attorney | Comment regarding third party beneficiary issues; forward cases. | 2.00 | $425.00 | $850.00 | | Vague litigation purpose; excessive time | 66% | $561.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-23-13 | Hoeffner | Partner | Review and edit draft RFAs. Review documents produced by Tahoe, call with MLabgold re RFAs | 6.00 | $550.00 | $3,300.00 | | Associate work; block billed; excessive time | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review documents and prepare requests for admissions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-23-13 | MLabgold | Partner | Drafting RFA's; reviewing Navcom document production re same | 5.00 | $700.00 | $3,500.00 | | Associate work; block billed; excessive time | 66% | $2,310.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review documents and prepare requests for admissions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-23-13 | TNagashima | Partner | Reviewing draft RFAs | 1.60 | ¥50,000 | | ¥80,000.00 | Redundant work | 66% | $0.00 | ¥52,800.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-24-13 | Hoeffner | Partner | Review documents produced by Tahoe; call with MLabgold re RFAs and possible causes of action for Oki | 6.50 | $550.00 | $3,575.00 | | Associate work; block billed; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review documents and prepare requests for admissions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-26-13 | Yasutomo | Associate | Translating questions for Request for Admission | 1.00 | $25,000 | | ¥25,000.00 | Clerical work | 50% | $0.00 | ¥12,500.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 5-27-13 | Hoeffner | Partner | Review Balbuena and Asahi deposition subpoenas; review Navcom's first set of Interrogatories; review documents produced by Tahoe | 4.25 | $550.00 | $2,337.50 | | Block billed; associate work; excessive time | 50% | $1,168.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-27-13 | MLabgold | Partner | Review of subpoena's and Navcom's 1st set of Interrogatories;  discussion with TNagashima re document production issues | 3.00 | $700.00 | $2,100.00 | | Block billed; associate work; excessive time | 66% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-28-13 | Hoeffner | Partner | Review client's edits to draft RFAs; email correspondence with client re engineering samples provided to Navcom; review documents produced by Tahoe; call with MLabgold re RFAs and case strategy | 7.00 | $550.00 | $3,850.00 | | Block billed; associate work; excessive time | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-28-13 | MLabgold | Partner | Revising RFA's based upon new information; teleconference with opposing counsel re depositions and document productions; emails to client requesting additional input/information | 5.00 | $700.00 | $3,500.00 | | Block billed; associate work; excessive time | 66% | $2,310.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-29-13 | Hoeffner | Partner | Review and edit draft RFAs; correspondence with MLabgold re edits to RFAs; emails with MLabgold re engineering samples provided to Navcom; call and email correspondence with MLabgold re agreement with plaintiffs' counsel concerning discovery; review documents produced by Tahoe | 8.25 | $550.00 | $4,537.50 | | Block billed; associate work; excessive time | 50% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-29-13 | MLabgold | Partner | Discussion with local counsel re RFA's and possible summary judgment motions; revising RFA's per discussion; proofing and cross-checking RFA's against Navcom production; correspondence with opposing counsel re alleged deficiencies in Oki document production | 7.25 | $700.00 | $5,075.00 | | Block billed; associate work; excessive time; vague litigation purpose | 66% | $3,349.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-30-13 | Hoeffner | Partner | Correspondence and call with MLabgold re legal research; legal research re amending and Answer to add counterclaims; review documents produced by Tahoe | 8.00 | $550.00 | $4,400.00 | | Block billed; associate work; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 5-30-13 | Waiter | Paralegal | Prepare documents for Japan deposition visa ; assist with review of documents and categorizing document production | 20.00 | $150.00 | $3,000.00 | | Clerical work; block billed | 75% | $2,250.00 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 5-30-13 | TNagashima | Partner | Reviewing documents produced by Tahoe | 1.40 | ¥50,000 | | ¥70,000.00 | Redundant work | 66% | $0.00 | ¥46,200.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-30-13 | Hirofumi Kato | Paralegal | Meeting with Client; Requesting documents to be produced | 1.50 | ¥22,000 | | ¥33,000.00 | Vague litigation purpose | 33% | $0.00 | ¥10,890.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-31-13 | Hoeffner | Partner | Review documents produced by Tahoe | 4.00 | $550.00 | $2,200.00 | | Associate work; excessive time | 50% | $1,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 6-3-13 | Hoeffner | Partner | Review amended notice of deposition to Satoru Inoue; develop possible counterclaim and defense theories | 2.50 | $550.00 | $1,375.00 | | Block billed | 25% | $343.75 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-3-13 | MLabgold | Partner | Review of Navcom documents; preparation for upcoming depositions; discussion with Tnagashima re possible causes of action against Navcom | 3.50 | $700.00 | $2,450.00 | | Block billed; associate work | 66% | $1,617.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-4-13 | MLabgold | Partner | Discussion with Phoeffner re possible tort claims; review of Navcom documents re possible tortious conduct; preparing talking point memo for discussion with local counsel re possible tort claims under CA law. | 4.25 | $700.00 | $2,975.00 | | Vague litigation purpose; associate work; excessive time | 75% | $2,231.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-4-13 | Hoeffner | Partner | Review hypothetical for discussion on counterclaims; call with MLabgold re counterclaims; develop possible counterclaim and defense theories | 3.25 | $550.00 | $1,787.50 | | Vague litigation purpose; excessive time | 66% | $1,179.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-4-13 | TNagashima | Partner | Reviewing counterclaims by Navcom | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose; redundant work | 100% | $0.00 | ¥40,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-5-13 | MLabgold | Partner | Reviewing newly received Peregrine document production (with respect to target issues) | 2.25 | $700.00 | $1,575.00 | | Associate work | 50% | $787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for the  partner in a  litigation to review the documents provided by a third party. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 6-5-13 | Hoeffner | Partner | Email(s) with local counsel and MLabgold re Requests for Admission; conference call with local counsel re same; review and edit Requests for Admission; call with MLabgold re Requests for Admission | 4.50 | $550.00 | $2,475.00 | | Block billed; excessive time | 50% | $1,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-5-13 | Makman | Attorney | Reformat and serve Requests for Admission. | 1.00 | $425.00 | $425.00 | | Clerical work | 66% | $280.50 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 6-6-13 | Makman | Attorney | Reviewed fact pattern at request of M. Labgold. | 1.00 | $425.00 | $425.00 | | Vague litigation purpose; redundant work | 100% | $425.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-7-13 | Hoeffner | Partner | Call with local counsel and MLabgold re counterclaims; prepare draft responses to Navcom's interrogatories | 3.50 | $550.00 | $1,925.00 | | Associate work | 33% | $635.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review and edit interrogatories. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-7-13 | MLabgold | Partner | Deposition prep and scheduling related; conference call with PHoeffner and DMakman re possible tort claims | 1.75 | $700.00 | $1,225.00 | | Block billed; clerical work | 33% | $404.25 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 6-7-13 | Makman | Attorney | Brief discussion with M. Labgold regarding fact pattern and possible causes of action. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose; redundant work | 66% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-10-13 | Hoeffner | Partner | Prepare draft responses to Navcom's interrogatories; email(s) and conference call with MLabgold re same | 3.75 | $550.00 | $2,062.50 | | Associate work | 33% | $680.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review and edit interrogatories. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 6-10-13 | MLabgold | Partner | Preparing for Asahi deposition; drafting answers to Navcom's 1st set of interrogatories; conference with PHoeffner re same; document review; correspondence with client re request for information needed with respect to Interrogatories 2 & 11. | 4.50 | $700.00 | $3,150.00 | | Block billed; associate work | 50% | $1,575.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-11-13 | Hoeffner | Partner | Prepare draft responses to Navcom's interrogatories; email(s) and conference call with MLabgold re same | 3.25 | $550.00 | $1,787.50 | | Associate work | 33% | $589.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review and edit interrogatories. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 6-11-13 | MLabgold | Partner | Drafting objections and responses to Interrogatories 1, 2, 4- 6, 9, and 11; discussion with PHoeffner re draft responses and support for same; filing TNagashima pro hac vice motion; contact with chambers re same; deposition prep call with S. Inoue (1.0hrs); preparing deposition outline for same; reviewing collected materials for Asahi deposition preparation | 5.25 | $700.00 | $3,675.00 | | Block billed; associate work; clerical work; vague litigation purpose | 66% | $2,425.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure.   None of the work is clerical. |
| 6-12-13 | MLabgold | Partner | Preparation for Asahi deposition; document review; drafting interrogatory responses | 3.50 | $700.00 | $2,450.00 | | Block billed; associate work | 33% | $808.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-12-13 | TNagashima | Partner | Conference call with MRL re draft responses to Navcom's interrogatories | 0.40 | ¥50,000 | | ¥20,000.00 | Redundant work | 25% | $0.00 | ¥5,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-12-13 | Hoeffner | Partner | Conference call with MLabgold re draft responses to Navcom's interrogatories | 1.00 | $550.00 | $550.00 | | Vague litigation purpose; excessive time | 33% | $181.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-13-13 | MLabgold | Partner | Attending Asahi deposition; post deposition discussion with PHoeffner; drafting interrogatory responses | 6.00 | $700.00 | $4,200.00 | | Block billed | 25% | $1,050.00 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 6-13-13 | Hoeffner | Partner | Call with counsel for Peregrine; review all correspondence between Peregrine's and Navcom's counsel re deposition of Peregrine's Dan Nobbe; call with MLabgold re Peregrine deposition | 2.75 | $550.00 | $1,512.50 | | Block billed; associate work | 33% | $499.13 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-14-13 | Hoeffner | Partner | Review and edit draft responses to Navcom's interrogatories; email correspondence re interrogatory responses; review letter from Navcom's counsel re meet and confer; prepare response to Navcom's letter; review Joint Case Management Statement, Local Rules, and Judge's Standing Orders; call with MLabgold re objections to requests for admissions | 6.50 | $550.00 | $3,575.00 | | Block billed; associate work; excessive time | 66% | $2,359.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-14-13 | MLabgold | Partner | Drafting and editing interrogatory responses; legal research re CA contract law; preparing response to meet and confer letter | 5.75 | $700.00 | $4,025.00 | | Block billed; associate work; excessive time | 66% | $2,656.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-14-13 | Makman | Attorney | Review Schumann e-mail regarding RFAs; review Case Management Order, Judge Lloyd's standing order. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 25% | $53.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-16-13 | TNagashima | Partner | Reviewing draft letter responding to Navcom's meet and confer | 0.50 | ¥50,000 | | ¥25,000.00 | Redundant work | 33% | $0.00 | ¥8,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-13 | MLabgold | Partner | Drafting and finalizing letter to Opposing counsel re meet and confer; review Navcom/Deere documents selected by paralegal for review. | 5.00 | $700.00 | $3,500.00 | | Redundant work; excessive time | 33% | $1,155.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-17-13 | MLabgold | Partner | Continued review of Navcom/Deere documents selected by paralegal; legal research | 6.50 | $700.00 | $4,550.00 | | Excessive time; vague litigation purpose; associate work; block billed | 66% | $3,003.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-17-13 | TNagashima | Partner | Reviewing draft letter responding to Navcom's meet and confer | 0.40 | ¥50,000 | | ¥20,000.00 | Redundant work | 33% | $0.00 | ¥6,600.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-17-13 | Hoeffner | Partner | Review draft letter responding to Navcom's meet and confer letter; call with MLabgold re same | 1.50 | $550.00 | $825.00 | | Redundant work; excessive time | 33% | $272.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-17-13 | Makman | Attorney | Review correspondence. | 0.10 | $425.00 | $42.50 | | Vague litigation purpose | 50% | $21.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-18-13 | Makman | Attorney | Review correspondence, e-mail to counsel. | 0.30 | $425.00 | $127.50 | | Vague litigation purpose | 50% | $63.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-19-13 | Hoeffner | Partner | Prepare for deposition of Dan Nobbe; review select Dan Nobbe documents; review email summary of meet and confer. | 13.50 | $550.00 | $7,425.00 | | Excessive time | 50% | $3,712.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-19-13 | MLabgold | Partner | Meet and confer teleconference with opposing counsel; post-call discussion with PHoeffner; drafting interrogatory responses; legal research | 5.00 | $700.00 | $3,500.00 | | Excessive time; block billed associate work | 66% | $2,310.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-19-13 | TNagashima | Partner | Meeting with Client; reviewing interrogatory responses | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-19-13 | Yasutomo | Associate | Meeting with Client; reviewing interrogatory responses | 4.00 | $25,000 | | ¥100,000.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥50,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-20-13 | Hoeffner | Partner | Review email correspondence from Navcom re Oki's document production; deposition of Dan Nobbe. | 15.25 | $550.00 | $8,387.50 | | Block billed; excessive time | 33% | $2,767.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-20-13 | MLabgold | Partner | Drafting interrogatory responses; preparation for meeting with client; meeting with client | 7.50 | $700.00 | $5,250.00 | | Block billed; excessive time; vague litigation purpose; associate work | 66% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-20-13 | Yasutomo | Associate | Meeting with Client | 5.50 | $25,000 | | ¥137,500.00 | Vague litigation purpose; excessive time | 50% | $0.00 | ¥68,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-20-13 | TNagashima | Partner | Reviewing Interrogaory reseponses | 3.80 | ¥50,000 | | ¥190,000.00 | Vague litigation purpose; excessive time; associate work | 66% | $0.00 | ¥125,400.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-21-13 | Hoeffner | Partner | Review Peregrine's third production produced at deposition | 2.00 | $550.00 | $1,100.00 | | Associate work | 33% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review the documents provided by a third party. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 6-21-13 | MLabgold | Partner | Drafting interrogatory responses; Fujita deposition preparation | 7.25 | $700.00 | $5,075.00 | | Associate work; block billed; excessive time | 50% | $2,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft interrogatory responses and prepare for depositions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-21-13 | TNagashima | Partner | Prepartion for Mr. Fujita Deposition | 7.00 | ¥50,000 | | ¥350,000.00 | Redundant work | 50% | $0.00 | ¥175,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-21-13 | Yasutomo | Associate | Prepartion for Mr. Fujita Deposition | 4.50 | $25,000 | | ¥112,500.00 | Redundant work | 50% | $0.00 | ¥56,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-22-13 | MLabgold | Partner | Revising interrogatory responses based upon revised theories; addition of supporting evidentiary citations | 8.50 | $700.00 | $5,950.00 | | Redundant work; excessive time; associate work | 75% | $4,462.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-23-13 | Hoeffner | Partner | Edit draft interrogatory responses | 1.75 | $550.00 | $962.50 | | Redundant work; associate work | 50% | $481.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-23-13 | MLabgold | Partner | Editing interrogatory responses; meeting with TNagashima re interrogatory responses, Navcom documents and litigation strategy | 6.75 | $700.00 | $4,725.00 | | Redundant work; excessive time; associate work | 75% | $3,543.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-24-13 | MLabgold | Partner | Preparation for Ushida prep meeting; reviewing new Peregrine documents from deposition; Ushida deposition preparation; editing interrogatory responses | 8.50 | $700.00 | $5,950.00 | | Block billed; associate work | 50% | $2,975.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-24-13 | TNagashima | Partner | Preparation for Ushida prep meeting; | 8.00 | ¥50,000 | | ¥400,000.00 | Redundant work | 50% | $0.00 | ¥200,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-24-13 | Yasutomo | Associate | Preparation for Ushida prep meeting; | 4.50 | $25,000 | | ¥112,500.00 | Redundant work | 50% | $0.00 | ¥56,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-25-13 | MLabgold | Partner | Attend Ushida deposition; post deposition discussion; revisions to discovery responses; legal research. Review rough transcript | 9.25 | $700.00 | $6,475.00 | | Block billed; associate work | 50% | $3,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-25-13 | Hoeffner | Partner | Edit supplemental interrogatory responses; call with MLabgold re supplemental interrogatory responses; review Protective Order re Paul Galyean's access to confidential documents; email(s) with MLabgold re Protective Order; conference call with local counsel re translation of documents used in depositions; email correspondence with local counsel re motion to enforce Protective Order | 5.25 | $550.00 | $2,887.50 | | Block billed; associate work; vague litigation purpose | 66% | $1,905.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-25-13 | TNagashima | Partner | Attending Ushida Deposition | 8.50 | ¥50,000 | | ¥425,000.00 | Redundant work | 50% | $0.00 | ¥212,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-26-13 | MLabgold | Partner | Attend Uschida deposition; call with PHoeffner re same and related issues; review rough transcript; editing and finalizing interrogatory responses | 9.00 | $700.00 | $6,300.00 | | Block billed; associate work | 33% | $2,079.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-26-13 | Hoeffner | Partner | Review Ushida transcript; finalize interrogatory responses and send to local counsel; call with MLabgold re deposition of Ushida and interrogatory responses | 3.50 | $550.00 | $1,925.00 | | Block billed; associate work; excessive time | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-26-13 | TNagashima | Partner | reviewing interrogatory responses | 1.90 | ¥50,000 | | ¥95,000.00 | Redundant work | 50% | $0.00 | ¥47,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-27-13 | MLabgold | Partner | Attend Fujita deposition; meet and confer with opposing counsel; discussion with PHoeffner re meet and confer; emails with local counsel re same; review of rough transcript | 8.75 | $700.00 | $6,125.00 | | Redundant work | 33% | $2,021.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-27-13 | Hoeffner | Partner | Review Fujita transcript; review Globus case re Protective Order violation; call with local counsel re Protective Order violation; call with M. Labgold re Protective Order violation | 4.00 | $550.00 | $2,200.00 | | Vague litigation purpose; associate work | | $0.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-28-13 | Hoeffner | Partner | Review reduced set of admission requests; call with MLabgold re reduced set of admissions requests | 3.00 | $550.00 | $1,650.00 | | Associate work | 33% | $544.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review and edit requests for admission. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 6-28-13 | TNagashima | Partner | Attending Fujita Deposition | 2.20 | ¥50,000 | | ¥110,000.00 | Redundant work | 50% | $0.00 | ¥55,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-28-13 | MLabgold | Partner | Discussion with local counsel to meet and confer re PO violation issues; discussions with PHoeffner re same; attend Fujita deposition | 6.75 | $700.00 | $4,725.00 | | Redundant work; block billed | 50% | $2,362.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-28-13 | Makman | Attorney | Review briefs and case law regarding requests for admission; legal research. | 0.60 | $425.00 | $255.00 | | Redundant work; vague litigation purpose | 33% | $84.15 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-29-13 | MLabgold | Partner | Legal research re PO violations; Review potential deficiencies in Navcom production | 2.50 | $700.00 | $1,750.00 | | Associate work; block billed | 66% | $1,155.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review document production and perform legal research. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 6-29-13 | Waiter | Paralegal | Prepare for depositions; document prep; scheduling travel arrangements; schedule deposition services; review Navcom/Deere documents per MLabgold request | 60.00 | $150.00 | $9,000.00 | | Block billed; clerical work; vague litigation purpose; excessive time | 66% | $5,940.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 6-29-13 | TNagashima | Partner | Reviewing deficiencies in Navcom Production | 0.40 | ¥50,000 | | ¥20,000.00 | Redundant work | 25% | $0.00 | ¥5,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-1-13 | MLabgold | Partner | Legal research re PO violation; outlining brief; discussion with local counsel re same; preparing compromise sets of RFA | 5.00 | $700.00 | $3,500.00 | | Associate work; block billed | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform legal research and prepare requests for admissions. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-1-13 | TNagashima | Partner | Reviewing RFA | 0.90 | ¥50,000 | | ¥45,000.00 | Redundant work | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-2-13 | TNagashima | Partner | Reviewing reduced set of admission requests | 1.00 | ¥50,000 | | ¥50,000.00 | Redundant work | 33% | $0.00 | ¥16,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-2-13 | Hoeffner | Partner | Email(s) with local counsel re PO motion; emails with MLabgold re reduced set of admission requests; review reduced set of admission requests | 3.75 | $550.00 | $2,062.50 | | Redundant work; vague litigation purpose | 33% | $680.63 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-4-13 | TNagashima | Partner | Reviewing emails re PO motion | 1.10 | ¥50,000 | | ¥55,000.00 | Vague litigation purpose | 33% | $0.00 | ¥18,150.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-4-13 | Makman | Attorney | Research and draft motion regarding Galyean. | 6.00 | $425.00 | $2,550.00 | | Vague litigation purpose; excessive time | 33% | $841.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-5-13 | MLabgold | Partner | Corresponding with local counsel re PO issue; conference call with Ruben Balbuena re deposition preparation and scheduling; reviewing draft motion | 2.75 | $700.00 | $1,925.00 | | Excessive time; vague litigation purpose | 33% | $635.25 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-5-13 | Makman | Attorney | Revise draft of motion regarding Galyean and circulate. | 3.00 | $425.00 | $1,275.00 | | Vague litigation purpose; excessive time | 33% | $420.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-7-13 | Hoeffner | Partner | Email(s) with MLabgold re PO motion; review and edit draft PO motion | 7.50 | $550.00 | $4,125.00 | | Excessive time; vague litigation purpose; associate work | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-7-13 | MLabgold | Partner | Reviewing draft of motion; discussions with PHoeffner re same | 1.50 | $700.00 | $1,050.00 | | Redundant work | 33% | $346.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-8-13 | MLabgold | Partner | Editing motion re violation of PO; discussion with PHoffner re same; legal research Navcom's 2nd set of RFPs; corresponding with client re same; corresponding with opposing counsel re RFA compromise and PO violation meet and confer' correspondence with local counsel re sanctions available for PO violation under local practice | 6.00 | $700.00 | $4,200.00 | | Block billed; redundant work; associate work | 66% | $2,772.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-8-13 | Hoeffner | Partner | Edit PO motion; review cases re sanctions; call with MLabgold re motion | 7.00 | $550.00 | $3,850.00 | | Redundant work; excessive time; associate work | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-9-13 | Hoeffner | Partner | Review cases re sanctions; call with MLabgold re motion; review reduced set of RFAs; review and edit PO motion; call with MLabgold and local counsel re motion; review and edit draft email correspondence with Plaintiffs' counsel | 8.00 | $550.00 | $4,400.00 | | Block billed; associate work; redundant work; excessive time | 66% | $2,904.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-9-13 | MLabgold | Partner | Editing motion re violation of PO; discussion with PHoeffner re same; discussion with local counsel re same; correspondence with opposing counsel re requests to admit; preparation for Balbuena deposition | 7.25 | $700.00 | $5,075.00 | | Block billed; redundant work | 50% | $2,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-10-13 | MLabgold | Partner | Meeting with Ruben Balbuena for deposition preparation; meeting with local counsel re PO and RFA issue; discussion with PHoeffner re Balbuena preparation; discussion with TNagashima re Balbuena preparation; discussion with local counsel re Navcom's allegation that Oki has violated the PO; review of cases provided by same | 9.00 | $700.00 | $6,300.00 | | Block billed; associate work | 45% | $2,835.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-10-13 | Hoeffner | Partner | Review and edit PO motion; email(s) re Plaintiffs' counsel's allegation of violating the PO; review case law re designation of documents as confidential | 4.50 | $550.00 | $2,475.00 | | Block billed; redundant work; associate work | 66% | $1,633.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-11-13 | MLabgold | Partner | Meet with Ruben Balbuena before deposition; attend and defend Balbuena deposition; post deposition discussion with witness; discussion with TNagashima re deposition; emails to client re same; updating revised RFA definitions based upon recent PX citations; review cases provided by local counsel re confidentiality designations. | 9.50 | $700.00 | $6,650.00 | | Block billed; associate work | 45% | $2,992.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-11-13 | TNagashima | Partner | Discussion with MRL re deposition | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-12-13 | Hoeffner | Partner | Proofread RFAs; email(s) to local counsel re same | 0.75 | $550.00 | $412.50 | | Clerical work | 50% | $206.25 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of such "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 7-12-13 | TNagashima | Partner | Finalizing RFAs | 0.70 | ¥50,000 | | ¥35,000.00 | Redundant work | 33% | $0.00 | ¥11,550.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-12-13 | MLabgold | Partner | Updating revised RFA definitions based upon recent PX citations; correspondence with opposing counsel re upcoming depositions and inquiry re Kamei-san; corresponding with local counsel re service of compromise sets of RFA's (responses due 7/31) | 2.75 | $700.00 | $1,925.00 | | Redundant work; block billed; associate work | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-13-13 | MLabgold | Partner | Review of Balbuena rough transcript; follow up re documents | 2.00 | $700.00 | $1,400.00 | | Vague litigation purpose; block billed | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-13-13 | Hoeffner | Partner | Review Balbuena transcript | 1.50 | $550.00 | $825.00 | | Vague litigation purpose; redundant work | 75% | $618.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-15-13 | Hoeffner | Partner | Email(s) re Plaintiffs' expert witness; review expert's CV; Email(s) re deficiencies in document production | 0.75 | $550.00 | $412.50 | | Block billed | 25% | $103.13 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-15-13 | MLabgold | Partner | Meet and confer letter from Navcom re alleged document production deficiencies; reviewing production with paralegal re same; review of Navcom proposed expert; forwarding information to client re same; discussion with opposing counsel re deposition scheduling | 5.00 | $700.00 | $3,500.00 | | Block billed; associate work | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-17-13 | MLabgold | Partner | Drafting follow up correspondence re PO violation issues; review of draft 30(b)(6) topics from Navcom; review of Navcom's first set of RFA's and outlining responses to same | 5.50 | $700.00 | $3,850.00 | | Block billed; associate work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-17-13 | Hoeffner | Partner | Edit email to Plaintiffs re PO violation; draft letter to Plaintiff re relief from violation of PO; review 30(b)(6) deposition notice | 3.00 | $550.00 | $1,650.00 | | Block billed; excessive time | 50% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-18-13 | Hoeffner | Partner | Review Navcom's first set of RFAs; review MLabgold's draft responses to Navcom's RFAs' prepare draft responses to Navcom's RFAs; call and email(s) with counsel for third party Peregrine re PO violation; review email correspondence from Peregrine's counsel; prepare response to Plaintiffs' over-designation challenge; call with MLabgold re over-designation issue; email(s) with MLabgold re over-designation issue | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work | 33% | $998.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-19-13 | Hoeffner | Partner | Review case law to compel appearance of foreign 30(b)(6) witness; email(s) with MLabgold re over-designation issue; email(s) with Peregrine's counsel re PO violation; prepare email to Plaintiffs' counsel re violation of PO; review cases cited by Plaintiffs' counsel; call with MLabgold re over-designation issue | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work | 33% | $998.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-19-13 | MLabgold | Partner | Preparing response to Navcom re alleged over-designation; discussion with PHoeffner and local counsel re same; continuing meet and confer with Navcom re PO violations; lengthy correspondence re same; correspondence re deposition scheduling; preparation for Inoue deposition; preparing outline for 30(b)(6) deposition | 4.50 | $700.00 | $3,150.00 | | Block billed; associate work | 33% | $1,039.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-22-13 | MLabgold | Partner | Review of Peregrine's supplemental document production | 3.50 | $700.00 | $2,450.00 | | Associate work; excessive time | 66% | $1,617.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-22-13 | Hoeffner | Partner | Email(s) re over-designation issue and PO violation; edit letter to Plaintiffs' counsel; review handwritten notes from RBalbuena | 2.00 | $550.00 | $1,100.00 | | Block billed; associate work | 33% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-22-13 | Makman | Attorney | Review draft e-mail from M. Labgold to Schumann; review standing order looking for a way to take the case to Judge Davila. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-23-13 | MLabgold | Partner | Correspondence with client re 30(b)(6) depositions; corresponding with opposing counsel re (i) Oki's motion re violation of the protective order, (ii) Navcom's objections to Oki's designations; (iii) document production issues, and (iv) deposition scheduling; discussions with PHoeffner and DMakman re PO motion and related issues; review of Ruben Balbuena's notebook entries produced on July 22 | 7.50 | $700.00 | $5,250.00 | | Block billed; associate work; excessive time | 66% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-23-13 | Makman | Attorney | E-mail to opposing counsel regarding joint brief, review rules regarding in -person meet and confer, draft email re discovery disputes. | 1.20 | $425.00 | $510.00 | | Excessive time | 33% | $168.30 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-23-13 | TNagashima | Partner | Correspondence with client re 30 (b) (6) depositions | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-24-13 | Hoeffner | Partner | Email(s) with Peregrine's counsel re over-designation issue; edit stipulation re Japanese depositions; prepare letter brief re PO violation and the over-designation issue | 6.00 | $550.00 | $3,300.00 | | Block billed; associate work; excessive time | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-24-13 | MLabgold | Partner | Correspondence with client re 30(b)(6) depositions; corresponding with opposing counsel regarding deposition scheduling; drafting the stipulation or proposed order for the deposition | 5.75 | $700.00 | $4,025.00 | | Block billed; associate work; excessive time | 66% | $2,656.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-24-13 | Yasutomo | Associate | Meeting with Client | 0.50 | $25,000 | | ¥12,500.00 | Vague litigation purpose | 33% | $0.00 | ¥4,125.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-25-13 | Hoeffner | Partner | Edit email to Plaintiffs' counsel re meet and confer on PO issue; review and edit second set of RFP responses; email(s) with Peregrine's counsel re over-designation issue; review email(s) from Plaintiffs re discovery deficiencies; prepare letter brief re PO violation and over-designation issue; email(s) with Peregrine's counsel re over-designation issue; call with MLabgold re PGalyean; review Plaintiffs' proposal to Peregrine to resolve de-designation issue; review email from Plaintiffs' counsel re PGalyean's role as a corporate representative | 6.50 | $550.00 | $3,575.00 | | Block billed; associate work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-25-13 | MLabgold | Partner | Drafting responses and objections to Navcom's second set of RFPs; drafting responses and objections to Navcom's first set of RFA's; editing draft motion re PO; reviewing caselaw re same | 4.25 | $700.00 | $2,975.00 | | Block billed; associate work; redundant work | 66% | $1,963.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-26-13 | TNagashima | Partner | Reviewing email from US Counsel | 0.70 | ¥50,000 | | ¥35,000.00 | Vague litigation purpose | 75% | $0.00 | ¥26,250.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-27-13 | Hoeffner | Partner | Review case law re over-designation; review PO; email(s) with local counsel re PO | 1.50 | $550.00 | $825.00 | | Associate work; vague litigation purpose | 50% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-28-13 | Hoeffner | Partner | Review and edit Navcom's second set of RFPs; email(s) with Peregrine's counsel re over-designation and PO issues; edit joint discovery brief | 3.00 | $550.00 | $1,650.00 | | Block billed; associate work | 33% | $544.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-28-13 | Makman | Attorney | Draft Joint Discovery Brief. | 5.50 | $425.00 | $2,337.50 | | Excessive time | 33% | $771.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 7-29-13 | Hoeffner | Partner | Review draft joint discovery brief; call with MLabgold re discovery brief and schedule; review and edit 30(b)(6) notice to Navcom; email(s) re meet and confer with Plaintiffs' counsel | 4.75 | $550.00 | $2,612.50 | | Block billed; redundant work; excessive time | 50% | $1,306.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-29-13 | MLabgold | Partner | Review and edit draft letter brief re PO violations; drafting 30(b)(6) categories for Navcom; review and edit draft Commission and Order re 30(b)(6) deposition; outlining sections for preliminary pretrial statement; Peregrine deposition preparation | 6.50 | $700.00 | $4,550.00 | | Block billed; redundant work; excessive time | 50% | $2,275.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-29-13 | Makman | Attorney | Review changes to Joint Discovery Brief. | 0.50 | $425.00 | $212.50 | | Redundant work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-30-13 | MLabgold | Partner | Drafting responses to RFA's; discussion with PHoeffner re same; deposition preparation | 2.75 | $700.00 | $1,925.00 | | Block billed; associate work | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-30-13 | Hoeffner | Partner | Review and edit RFA responses; review document re changes to Specification(s); review CV of Plaintiffs' damages expert; call(s) with MLabgold re RFA responses | 6.00 | $550.00 | $3,300.00 | | Block billed; vague litigation purpose; excessive time | 66% | $2,178.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-30-13 | Shoemaker | Attorney | Review and proof Joint Discovery Brief. | 0.80 | $270.00 | $216.00 | | Redundant work | 33% | $71.28 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-30-13 | TNagashima | Partner | Reviewing RFA responses | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-31-13 | MLabgold | Partner | Addressing discovery issues raised concerning metadata alleged to be missing from Oki production; editing draft 30(b)(6) notice and forwarding draft to MLB pursuant to LR 30-1; review of Navcom edits to discovery brief and cases cited; amending Oki sections to address issues raised; negotiating with MLB re same; finalizing discovery brief for filing | 7.25 | $700.00 | $5,075.00 | | Block billed; associate work; clerical; excessive time | 66% | $3,349.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 7-31-13 | Hoeffner | Partner | Review email(s) re PGalyean deposition; review Plaintiffs' edits to joint discovery motion; review case law re exclusion of a person from a deposition; review and edit joint discovery motion brief; email(s) with Peregrine's counsel re designation issue; review Navcom's and Deere's RFA responses; call with MLabgold re joint discovery motion | 7.75 | $550.00 | $4,262.50 | | Block billed; associate work; excessive time | 50% | $2,131.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-31-13 | Waiter | Paralegal | Reviewing document production; review production re alleged deficiencies; discussion with MLabgold re same; assist with deposition preparation, scheduling and logistics | 96.00 | $150.00 | $14,400.00 | | Block billed; vague litigation purpose; excessive time | 75% | $10,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-31-13 | Makman | Attorney | Review changes, finalize and file Joint Discovery Brief. | 1.00 | $425.00 | $425.00 | | Redundant work | 33% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-31-13 | Shoemaker | Attorney | Research and file Joint Discovery Brief. | 2.40 | $270.00 | $648.00 | | Redundant work | 33% | $213.84 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-1-13 | MLabgold | Partner | Preparing 30(b)(6) materials; review NDCA cases re 30(b)(6); addressing discovery disputes with MLB; Reedy deposition preparation | 5.50 | $700.00 | $3,850.00 | | Block billed; associate work | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-1-13 | Hoeffner | Partner | Correspondence and discussion with Peregrine's counsel re Protective Order Issue; review Navcom and Deere's RFA responses; prepare chart analyzing Plaintiffs' RFA responses; review MLabgold's spreadsheet analyzing Plaintiffs' RFA response; call with MLabgold re Navcom and Deere's RFA responses | 7.00 | $550.00 | $3,850.00 | | Block billed; associate work; clerical work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 8-1-13 | Makman | Attorney | Review responses to Requests for Production, format, suggest change in language. | 0.75 | $425.00 | $318.75 | | Clerical work | 33% | $105.19 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 8-2-13 | MLabgold | Partner | Preparing for Reedy deposition; drafting deposition notices; preparing for Galyean deposition; dispute with MLB re Galyean deposition; legal research re same; addressing Navcom's refusal to make 30(b)(6) witness available; legal research re same; correspondence with opposing counsel re same | 6.75 | $700.00 | $4,725.00 | | Block billed; associate work | 50% | $2,362.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-3-13 | Hoeffner | Partner | Correspondence with Peregrine's counsel re Reedy deposition an related Protective Order issues; review Navcom and Deere's responses to Oki's RFAs; drafting additional interrogatories to Plaintiffs in view of RFA responses; review NDCA case law re scope and length of depositions | 6.25 | $550.00 | $3,437.50 | | Block billed; associate work | 50% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-3-13 | MLabgold | Partner | Compiling lists of Navcom discovery deficiencies; Reedy deposition preparation | 3.75 | $700.00 | $2,625.00 | | Vague litigation purpose; associate work; block billed | 33% | $866.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-4-13 | MLabgold | Partner | Reviewing and categorizing Plaintiffs' RFA deficiencies; editing draft responses to Plaintiffs' 2st set of RFA's; review cases local counsel identified re compelling Plaintiffs to produce their 30(b)(6) witness in the forum; 30(b)(6) deposition preparation including working with paralegal on selection criterion and document review; call with Y. Yasutomo re 30(b)(6) deposition preparation including document selection criterion and procedure for Japanese language documents | 7.00 | $700.00 | $4,900.00 | | Block billed; associate work; clerical work; excessive time | 66% | $3,234.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 8-4-13 | Hoeffner | Partner | Correspondence re deposition forum and scope; review NDCA case law re 30(b)(6) deposition forum; drafting additional interrogatories to Plaintiffs based on RFA responses | 6.50 | $550.00 | $3,575.00 | | Block billed; associate work; excessive time | 66% | $2,359.50 | | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-4-13 | Makman | Attorney | Research 30(b)(6) issue; revise and format Interrogatories; prepare Subpoena. | 2.00 | $425.00 | $850.00 | | Block billed; clerical work | 50% | $425.00 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 8-5-13 | Hoeffner | Partner | Edit second set of interrogatories to Navcom and Deere; review correspondence re Plaintiffs' alleged discovery production errors; correspondence re Galyean deposition; edit letter to Plaintiffs' counsel re Galyean deposition; draft discovery deficiency letter to plaintiffs; discussion with MLabgold re interrogatories to Navcom and Deere and other discovery deficiency related issues | 6.50 | $550.00 | $3,575.00 | | Block billed; associate work | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-5-13 | MLabgold | Partner | Preparation for 30(b)(6) including responding to Tanaka- san's questions; continued dispute/negotiation with opposing counsel re Galyean deposition; review Oki documents in support of 30(b)(6) categories; legal research | 6.75 | $700.00 | $4,725.00 | | Block billed; associate work; excessive time; vague litigation purpose | 66% | $3,118.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-5-13 | Makman | Attorney | Serve Interrogatories; propose changes to draft discovery letter regarding depositions. | 1.00 | $425.00 | $425.00 | | Clerical work; block billed | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 8-5-13 | Yasutomo | Associate | Telephone conference with MRLre. 30(b)(6) | 6.00 | $25,000 | | ¥150,000.00 | Excessive time; vague litigation purpose; redundant work | 75% | $0.00 | ¥112,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-5-13 | TNagashima | Partner | working on Interrogatories to Navcom and Deere | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-6-13 | MLabgold | Partner | Reviewing caselaw re RFA deficiencies; preparation for Inoue and Reedy deposition; work on 30(b)(6) preparation | 6.00 | $700.00 | $4,200.00 | | Block billed; associate work | 50% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-6-13 | Hoeffner | Partner | Drafting discovery deficiency letter to Plaintiffs; review NDCA case law re permissible objections and responses to RFAs; editing discovery deficiency letter to Plaintiffs; correspondence with Peregrine's counsel re Reedy deposition and related; review and edit Galyean deposition notice and subpoena; discussion with MLabgold re deficiency letter to Plaintiffs | 7.00 | $550.00 | $3,850.00 | | Block billed; associate work; vague litigation purpose | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-6-13 | Makman | Attorney | Revise and serve subpoena; prepare and serve 30(b)(6) and Galyean notices; revisions to e-mail about notices; correspond with Schuman. | 2.60 | $425.00 | $1,105.00 | | Block billed; clerical work | 50% | $552.50 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 8-6-13 | TNagashima | Partner | Working on 30(b)(6) depositions | 1.30 | ¥50,000 | | ¥65,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥48,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-6-13 | Yasutomo | Associate | Working on 30(b)(6) depositions | 6.00 | ¥25,000 | | ¥150,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥112,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-7-13 | Hoeffner | Partner | Review and edit draft joint preliminary pretrial conference statement; correspondence re Galyean deposition scope / time limits; drafting discovery deficiency letter to Plaintiffs' discussion with MLabgold re joint preliminary pretrial conference statement | 6.25 | $550.00 | $3,437.50 | | Block billed; associate work | 50% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-7-13 | MLabgold | Partner | Preparation for Inoue deposition; meeting with Inoue; work on category responses for upcoming 30(b)(6) deposition; preparing for Reedy deposition; drafting preliminary pretrial statement positions | 8.50 | $700.00 | $5,950.00 | | Block billed; associate work | 50% | $2,975.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-7-13 | Makman | Attorney | Review e-mail and respond. | 0.10 | $425.00 | $42.50 | | Vague litigation purpose | 33% | $14.03 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-7-13 | TNagashima | Partner | Meeting with Client | 1.50 | ¥50,000 | | ¥75,000.00 | Vague litigation purpose | 50% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-7-13 | Yasutomo | Associate | Working on 30(b)(6) depositions; Meeting with Client | 4.80 | ¥25,000 | | ¥120,000.00 | Vague litigation purpose; redundant work | 66% | $0.00 | ¥79,200.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-8-13 | Hoeffner | Partner | Correspondence re Inoue preparation and related; review client's edits to responses to Navcom's RFA; editing RFA responses accordingly; correspondence with local counsel re joint preliminary pretrial conference statement; correspondence and discussion with Peregrine's counsel re Reedy deposition and Protective Order issues; editing joint preliminary pretrial conference statement; discussions with MLabgold re RFA responses and Protective Order related issues | 6.75 | $550.00 | $3,712.50 | | Block billed; associate work; redundant work | 50% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-8-13 | MLabgold | Partner | Morning preparation meeting with Inoue; defending SInoue deposition; preparation for Reddy deposition; discussion with Peregrine's counsel re issues likely areas of inquiry at Reedy deposition and witnesses recollection; review of documents re Kamei-san's statements concerning cancellation discussion | 9.25 | $700.00 | $6,475.00 | | Block billed; vague litigation purpose | 33% | $2,136.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-8-13 | Makman | Attorney | Research regarding time limits for depositions. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-9-13 | Hoeffner | Partner | Correspondence re privileged documents issue; editing joint preliminary pretrial conference statement; discussions with MLabgold re privileged documents issue | 4.50 | $550.00 | $2,475.00 | | Block billed; redundant work; associate work; excessive time | 66% | $1,633.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-9-13 | TNagashima | Partner | reviewing joint preliminary pretral conference | 1.80 | ¥50,000 | | ¥90,000.00 | Vague litigation purpose; excessive time | 33% | $0.00 | ¥29,700.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-10-13 | TNagashima | Partner | reviewing joint preliminary pretral conference | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-11-13 | MLabgold | Partner | Editing draft deficiency letter to Plaintiffs re RFA responses; discussion with PHoeffner re same; editing Oki's sections for the preliminary pretrial statement; work on Oki 30(b)(6) category responses; finalizing visa application | 5.25 | $700.00 | $3,675.00 | | Block billed; associate work; clerical work; redundant work | 66% | $2,425.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 8-11-13 | Hoeffner | Partner | Review and edit draft correspondence to Plaintiffs re Galyean deposition; discussion with MLabgold re Galyean deposition and pretrial conference statement; editing pretrial conference statement; discussion with MLabgold re pretrial statement and Galyean deposition related | 3.00 | $550.00 | $1,650.00 | | Block billed; associate work; redundant work | 50% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-11-13 | Makman | Attorney | Review discovery correspondence; review comments regarding pretrial statement. | 0.30 | $425.00 | $127.50 | | Vague litigation purpose; redundant work | 33% | $42.08 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient relative to support an award of attorney fees, even in the absence of detailed time records. |
| 8-12-13 | Makman | Attorney | Review and revise Preliminary Pretrial Conference Statement; comment on letter regarding RFA deficiencies; correspondence regarding statement and discovery issues. | 2.50 | $425.00 | $1,062.50 | | Block billed; redundant work | 50% | $531.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-12-13 | MLabgold | Partner | Editing Oki's section of the preliminary pretrial statement; discussion with local counsel re same; work on Galyean deposition preparation; discussion with local counsel re potential privilege issue; review CV's of potential experts; corresponding with expert service (Intota) re potential candidates; finalizing and serving deficiency letter to Plaintiffs re RFA responses | 9.00 | $700.00 | $6,300.00 | | Block billed; redundant work; associate work | 50% | $3,150.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-12-13 | Hoeffner | Partner | Review email from MLabgold re Peregrine's achievements; follow up discussion with MLabgold re same; finalizing RFA deficiency letter to Plaintiffs' counsel; review CV of potential experts; correspondence re preliminary statement | 1.75 | $550.00 | $962.50 | | Block billed; vague litigation purpose; redundant work | 33% | $317.63 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient relative to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-12-13 | TNagashima | Partner | reviewing Oki's section of the preliminary pretrial statement | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient relative to support an award of attorney fees, even in the absence of detailed time records. |
| 8-13-13 | MLabgold | Partner | Submitting visa application at Japanese Embassy (DC); Galyean and 30(b)(6) deposition prep | 8.25 | $700.00 | $5,775.00 | | Block billed; clerical work | 50% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 8-13-13 | TNagashima | Partner | reviewing Oki's section of the preliminary pretrial statement | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient relative to support an award of attorney fees, even in the absence of detailed time records. |
| 8-14-13 | Hoeffner | Partner | Editing draft category 7 response; reviewing Oki's production for relevant documents; review and edit draft Oki's responses to Navcom's interrogatories | 6.25 | $550.00 | $3,437.50 | | Block billed; associate work | 50% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-14-13 | Makman | Attorney | Final review of Preliminary Pretrial Conference Statement; authorize filing of statement; serve subpoena by mail and e-mail. | 1.00 | $425.00 | $425.00 | | Block billed; clerical work | 33% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 8-14-13 | MLabgold | Partner | Galyean and 30(b)(6) deposition prep; preparing for Oki's 30(b)(6) deposition; finalizing PPCS | 7.75 | $700.00 | $5,425.00 | | Block billed; vague litigation purpose | 33% | $1,790.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient relative to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-14-13 | TNagashima | Partner | Reviewing draft Oki's responses to Navcom's interrogatories | 0.60 | ¥50,000 | | ¥30,000.00 | Redundant work | 33% | $0.00 | ¥9,900.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-15-13 | MLabgold | Partner | Reviewing Navcom's new document production; preparing amended PPCS; discussion with local counsel re actions to counter Navcom's late production; Galyean and 30(b)(6) deposition preparation | 9.25 | $700.00 | $6,475.00 | | Block billed; associate work | 50% | $3,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-15-13 | Hoeffner | Partner | Edit draft category 7 and category 3 responses; review Oki's production for relevant documents; discussions with MLabgold re draft response to deposition categories | 6.50 | $550.00 | $3,575.00 | | Block billed; redundant work; associate work | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-15-13 | TNagashima | Partner | Reviewing Oki's production for documents | 1.30 | ¥50,000 | | ¥65,000.00 | Redundant work; associate work | 66% | $0.00 | ¥42,900.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-16-13 | Hoeffner | Partner | Drafting and editing draft responses for 30(b)(6) categories; review documents selected for each category; drafting Amended Preliminary Pretrial Statement; discussion with MLabgold re proposed extension of discovery period and Navcom's latest document production; review documents produced by Navcom; correspondence with Plaintiffs' counsel re amended statement | 8.50 | $550.00 | $4,675.00 | | Block billed; associate work; excessive time | 50% | $2,337.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-16-13 | MLabgold | Partner | Galyean and 30(b)(6) deposition preparation; reviewing Navcom's new document production; preparing amended PPSC statement; discussion with local counsel re actions to counter Navcom's late production | 9.50 | $700.00 | $6,650.00 | | Block billed; associate work; excessive time | 50% | $3,325.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-16-13 | Makman | Attorney | Finalize and serve responses to Requests for Admission; revise amended Pretrial Conference Statement | 0.50 | $425.00 | $212.50 | | Block billed; clerical work | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 8-16-13 | TNagashima | Partner | Reviewing draft responses for 30(b)(6) | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-17-13 | Hoeffner | Partner | Review additional documents produced by Navcom | 3.00 | $550.00 | $1,650.00 | | Associate work; excessive time | 50% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-17-13 | MLabgold | Partner | Galyean and 30(b)(6) deposition preparation; objections to Navcom's deposition notice; work on Oki's deposition preparation | 8.25 | $700.00 | $5,775.00 | | Block billed; associate work; excessive time | 50% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-17-13 | TNagashima | Partner | Preparation for Oki Depositions | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work | 33% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-18-13 | Hoeffner | Partner | Review documents selected for 30(b)(6) categories; correspondence and legal research re statute of limitations; correspondence and discussion with MLabgold re issue of inherent risks associated with development agreements | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work; vague litigation purpose | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-18-13 | MLabgold | Partner | Galyean and 30(b)(6) deposition preparation; emails to client re Oki's 30(b)(6) preparation | 6.00 | $700.00 | $4,200.00 | | Excessive time | 33% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-18-13 | Makman | Attorney | Legal research regarding statute of limitations | 1.50 | $425.00 | $637.50 | | Vague litigation purpose | 50% | $318.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-19-13 | MLabgold | Partner | Galyean preparation; review cases identified by local counsel re statute of limitations; Oki 30(b)(6) preparation; discussion with local counsel lack of response to amended PPCS; reviewing new documents | 8.25 | $700.00 | $5,775.00 | | Block billed; associate work; excessive time | 50% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-19-13 | Hoeffner | Partner | Review selected documents of 30(b)(6) categories; correspondence with local counsel re amended preliminary pretrial conference statement; review Digital ASIC agreement and compare with RF ASIC agreement per discussion with MLabgold; call with MLabgold re Plaintiffs' possible inadvertent document production and responsive actions to be taken | 11.50 | $550.00 | $6,325.00 | | Block billed; associate work; vague litigation purpose; excessive time | 66% | $4,174.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-20-13 | Hoeffner | Partner | Edit amended preliminary pre-trial conference statement; call with MLabgold re same; review Digital ASIC agreement; email()s) with local counsel and MLabgold re amended statement; review 30(b)(6) category responses; review Pretrial Order; discussion with MLabgold re same; discussion with MLabgold re Galyean deposition | 5.25 | $550.00 | $2,887.50 | | Block billed; associate work; vague litigation purpose; excessive time | 66% | $1,905.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-20-13 | MLabgold | Partner | Drafting amended PPCS; discussion with PHoeffner re same; revisions to same; preparation for depositions; finalizing deposition outline | 7.50 | $700.00 | $5,250.00 | | Block billed; vague litigation purpose; associate work; excessive time | 66% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-20-13 | Makman | Attorney | Develop strategy regarding submitting an amended Pretrial Statement; review rules regarding motion for reconsideration of Preliminary pretrial conference statement | 2.50 | $425.00 | $1,062.50 | | Vague litigation purpose; excessive time | 66% | $701.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-20-13 | Yasutomo | Associate | Drafting documents for 30(b)(6) witness | 8.00 | ¥25,000 | | ¥200,000.00 | Vague litigation purpose; excessive time; clerical work | 75% | $0.00 | ¥150,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 8-21-13 | MLabgold | Partner | 30(b)(6) deposition; addressing issues relating to Plaintiffs' privilege assertions; preparation for Galyean personal deposition | 10.25 | $700.00 | $7,175.00 | | Block billed | 25% | $1,793.75 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-21-13 | Hoeffner | Partner | Review Ushida transcript with respect to ROI analysis; selecting documents re ROI analysis for 30(b)(6) deposition; review and edit Motion for Leave to File a Motion for Reconsideration of the Pretrial Order ;call with MLabgold re 30(b)(6) responses | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work; vague litigation purpose | 66% | $1,996.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-21-13 | Makman | Attorney | Draft Declaration and proposed order regarding motion for reconsideration of Preliminary Pretrial Conference statement; review motion. | 1.00 | $425.00 | $425.00 | | Vague litigation purpose | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-21-13 | Matz | Attorney | Draft Motion for Leave to File a Motion for Reconsideration and Proposed Order and review documents to ascertain background facts. | 4.30 | $370.00 | $1,591.00 | | Vague litigation purpose; excessive time | 66% | $1,050.06 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-21-13 | TNagashima | Partner | Reviewing 30(b)(6) responses | 0.70 | ¥50,000 | | ¥35,000.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥17,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-22-13 | MLabgold | Partner | Galyean deposition; privilege issue; legal discussion with local counsel re same; finalizing motion for leave to file motion for reconsideration and preparing declaration in support; preparation for Oki 30(b)(6) | 9.75 | $700.00 | $6,825.00 | | Block billed; associate work | 33% | $2,252.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-22-13 | TNagashima | Partner | Preparting for oki 30(b)(6) witness | 1.50 | ¥50,000 | | ¥75,000.00 | Redundant work | 50% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-22-13 | Matz | Attorney | Teleconference regarding filing and review edits. | 0.30 | $370.00 | $111.00 | | Vague litigation purpose | 66% | $73.26 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient to support an award of attorney fees, even in the absence of detailed time records. |
| 8-23-13 | MLabgold | Partner | 30(b)(6) deposition preparation; review of rough transcripts | 4.00 | $700.00 | $2,800.00 | | Block billed; vague litigation purpose | 25% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-23-13 | Hoeffner | Partner | Editing list of supporting documents for 30(b)(6) responses; drafting category 12 response; summarize Ushida's ROI testimony; review Galyean's deposition transcript; call(s) with MLabgold regarding 30(b)(6) answers; review Galyean's consulting agreement; review email to Plaintiffs' counsel re inadvertently produced documents and discussion with MLabgold re same | 8.25 | $550.00 | $4,537.50 | | Block billed; vague litigation purpose; associate work; excessive time | 66% | $2,994.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-23-13 | TNagashima | Partner | Preparing for 30(b)(6) depositions | 0.60 | ¥50,000 | | ¥30,000.00 | Redundant work | 50% | $0.00 | ¥15,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-23-13 | Makman | Attorney | Review revisions; finalize and file Motion for Leave to File Motion for Reconsideration of Preliminary Pretrial Conference Statement. | 1.20 | $425.00 | $510.00 | | Vague litigation purpose; clerical work | 66% | $336.60 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 8-24-13 | Hoeffner | Partner | Editing category 8 response; review Galyean's deposition transcript; drafting and editing Oki's objections to Navcom's 30(b)(6) notice | 8.25 | $550.00 | $4,537.50 | | Block billed; associate work; excessive time | 50% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-25-13 | MLabgold | Partner | 30(b)(6) deposition preparation; privilege document issue; continued review of newly produced Navcom documents | 3.00 | $700.00 | $2,100.00 | | Block billed; vague litigation purpose; associate work | 66% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-26-13 | Hoeffner | Partner | Drafting and editing category 3, 8 and 13 responses; call(s) with MLabgold re 30(b)(6) category responses; review Galyean deposition overview memo; review Plaintiffs' new damages related production; correspondence re damages production | 6.75 | $550.00 | $3,712.50 | | Block billed; associate work | 50% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-26-13 | MLabgold | Partner | Continued review of newly produced Navcom documents; 30(b)(6) deposition preparation; preparing update memo for client concerning depositions | 8.25 | $700.00 | $5,775.00 | | Block billed; associate work; vague litigation purpose | 66% | $3,811.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-27-13 | Hoeffner | Partner | Drafting category 13 response; edit category 3 response; edit category 11 response; prepare supplemental response re motion for reconsideration; call with MLabgold re 30(b)(6) category responses and motion for reconsideration; correspondence with Plaintiffs' counsel re latest document productions | 7.75 | $550.00 | $4,262.50 | | Block billed; associate work; vague litigation purpose | 66% | $2,813.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-27-13 | MLabgold | Partner | 30(b)(6) preparation | 8.00 | $700.00 | $5,600.00 | | Excessive time | 33% | $1,848.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-27-13 | Yasutomo | Associate | Preparing documents for 30 (b)(6) | 6.00 | ¥25,000 | | ¥150,000.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥75,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 8-28-13 | MLabgold | Partner | 30(b)(6) preparation; legal research; drafting letter responding to privilege issues; discussion with PHoeffner re same | 8.75 | $700.00 | $6,125.00 | | Block billed; associate work; excessive time | 66% | $4,042.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-28-13 | Hoeffner | Partner | Correspondence with Plaintiffs' counsel re latest document productions; editing response to 30(b)(6) category 1; call with MLabgold re same; review Plaintiffs' objections to Oki's 30(b)(6) notice; review Plaintiffs email re use of documents inadvertently produced by Plaintiffs and discussion with MLabgold re same; review cases cited by Plaintiffs re inadvertent production; prepare category 13 response; edit draft letter to Plaintiffs re inadvertent production letter | 8.25 | $550.00 | $4,537.50 | | Block billed; associate work; vague litigation purpose | 50% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-28-13 | TNagashima | Partner | Preparing documents for 30 (b)(6) | 0.50 | ¥50,000 | | ¥25,000.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥12,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-29-13 | MLabgold | Partner | 30(b)(6) preparation; legal research; editing draft letter responding to privilege issues | 5.50 | $700.00 | $3,850.00 | | Block billed; associate work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-29-13 | Hoeffner | Partner | Edit 30(b)(6) category 1 and 14 responses; call with MLabgold re 30(b)(6) category responses; review deposition transcript | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work; vague litigation purpose | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 8-30-13 | Hoeffner | Partner | Edit draft correspondence to Plaintiffs re inadvertent production issue; discussion with MLabgold re same | 1.00 | $550.00 | $550.00 | | Associate work | 33% | $181.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to communicate with opposing counsel. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 8-30-13 | MLabgold | Partner | 30(b)(6) preparation; working with Y Nagashima re same | 7.00 | $700.00 | $4,900.00 | | Excessive time | 33% | $1,617.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 8-31-13 | Waiter | Paralegal | Assist preparing materials for depositions; assist preparing for 30(b)(6) deposition; review new document production per categories provided by partner; deposition logistics; prepare and assist partner in depositions | 87.00 | $150.00 | $13,050.00 | | Block billed; excessive time; vague litigation purpose; clerical work | 75% | $9,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 9-1-13 | Hoeffner | Partner | Correspondence with MLabgold re Ward report; prepare response letter re deficient RFA responses | 3.50 | $550.00 | $1,925.00 | | Vague litigation purpose; block billed; excessive time; associate work | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  None of the work is clerical. |
| 9-2-13 | Hoeffner | Partner | Review documents produced by Navcom; discussion with MLabgold re same; correspondence re same; correspondence re damages calculation; prepare summary of important documents | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work; vague litigation purpose | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-2-13 | Makman | Attorney | Review expert reports and contract language. | 1.00 | $425.00 | $425.00 | | Block billed; vague litigation purpose | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-3-13 | Hoeffner | Partner | Review documents produced by Navcom; discussion with MLabgold re Navcom 30(b)(6) deposition categories; prepare summary of important documents ; prepare summary table of objections, responses, and possible replies to Navcom 30(b)(6) categories | 6.25 | $550.00 | $3,437.50 | | Block billed; associate work; vague litigation purpose | 50% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-4-13 | Hoeffner | Partner | Discussion with MLabgold re replies to Navcom 30(b)(6) categories; prepare summary table of objection, responses and possible replies to Navcom 30(b)(6) categories; review Order denying motion for leave to file motion for reconsideration | 4.50 | $550.00 | $2,475.00 | | Block billed; associate work | 50% | $1,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-4-13 | MLabgold | Partner | Reviewing documents selected for each category for statement | 8.25 | $700.00 | $5,775.00 | | Block billed; associate work; vague litigation purpose; excessive time | 66% | $3,811.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-4-13 | Hirofumi Kato | Paralegal | Translating responses to questions as to 30(b)(6) | 5.80 | ¥22,000 | | ¥127,600.00 | Excessive time | 33% | $0.00 | ¥42,108.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-4-13 | Shoemaker | Attorney | Legal research re defense of laches. | 0.50 | $270.00 | $135.00 | | Vague litigation purpose | 50% | $67.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-5-13 | Hoeffner | Partner | Prepare letter to Navcom's counsel re deficient RFA responses; discussion with local counsel re procedure to address deficiencies; discussion with MLabgold re same; discussion with local counsel re legal research on statute of limitations; review subject matter of Navcom's expert patents; review Laches cases | 6.50 | $550.00 | $3,575.00 | | Block billed; associate work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-5-13 | MLabgold | Partner | Tanaka deposition preparation; editing responses | 11.00 | $700.00 | $7,700.00 | | Block billed; vague litigation purpose | 33% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-5-13 | TNagashima | Partner | Tanaka Deposition Preparation | 7.50 | ¥50,000 | | ¥375,000.00 | Redundant work | 75% | $0.00 | ¥281,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-5-13 | Yasutomo | Associate | Tanaka Deposion Preparation | 9.10 | $25,000 | | ¥227,500.00 | Redundant work | 75% | $0.00 | ¥170,625.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-5-13 | Makman | Attorney | Review and confirm Shoemaker research regarding laches and breach of contract. | 0.20 | $425.00 | $85.00 | | Vague litigation purpose; redundant work | 75% | $63.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-5-13 | Shoemaker | Attorney | Legal research re breach of contract statute of limitations cases and related issues and co-counsel conferences re same. | 2.70 | $270.00 | $729.00 | | Vague litigation purpose; redundant work | 66% | $481.14 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-6-13 | MLabgold | Partner | Tanaka deposition preparation; editing responses | 9.75 | $700.00 | $6,825.00 | | Block billed; vague litigation purpose | 33% | $2,252.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-6-13 | TNagashima | Partner | Prepration for Deposition | 3.30 | ¥50,000 | | ¥165,000.00 | Redundant work | 75% | $0.00 | ¥123,750.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-6-13 | Yasutomo | Associate | Preparation for Deposition | 6.30 | ¥25,000 | | ¥157,500.00 | Redundant work | 75% | $0.00 | ¥118,125.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-7-13 | Hoeffner | Partner | Discussion with MLabgold re 30(b)(6) deposition category responses; edit 30(b)(6) deposition category responses; edit letter to Navcom's counsel re deficient RFA responses | 6.25 | $550.00 | $3,437.50 | | Block billed; associate work; excessive time | 50% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-7-13 | MLabgold | Partner | Editing responses; drafting supplemental interrogatory responses | 10.50 | $700.00 | $7,350.00 | | Block billed; excessive time; associate work; vague litigation purpose | 75% | $5,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-7-13 | TNagashima | Partner | Preparation for Deposition | 7.50 | ¥50,000 | | ¥375,000.00 | Redundant work | 75% | $0.00 | ¥281,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-7-13 | Yasutomo | Associate | Preparation for Deposition | 9.10 | ¥25,000 | | ¥227,500.00 | Redundant work | 75% | $0.00 | ¥170,625.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-7-13 | Hirofumi Kato | Paralegal | Preparaiton for Deposition for 30(b)(6) witness | 8.20 | ¥22,000 | | ¥180,400.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥135,300.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-8-13 | Hoeffner | Partner | Discussion with MLabgold re 30(b)(6) deposition category responses; edit 30(b)(6) deposition category responses | 4.75 | $550.00 | $2,612.50 | | Associate work; excessive time | 50% | $1,306.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-8-13 | MLabgold | Partner | Tanaka deposition preparation; editing responses | 11.75 | $700.00 | $8,225.00 | | Block billed; vague litigation purpose; excessive time | 50% | $4,112.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-8-13 | TNagashima | Partner | Preparation fro Deposition | 5.70 | ¥50,000 | | ¥285,000.00 | Redundant work | 75% | $0.00 | ¥213,750.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-8-13 | Yasutomo | Associate | Preparation for Deposition; | 7.20 | $25,000 | | ¥180,000.00 | Redundant work | 75% | $0.00 | ¥135,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-8-13 | Hirofumi Kato | Paralegal | Preparation for Deposition | 5.70 | ¥22,000 | | ¥125,400.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥94,050.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-9-13 | Hoeffner | Partner | Review Goto deposition transcript (Day 1); review Navcom responses to Oki's second set of interrogatories; correspondence re marking exhibits at Goto deposition; discussion and correspondence with Oki's expert; discussion with MLabgold re expert report and Goto deposition | 7.25 | $550.00 | $3,987.50 | | Block billed; associate work; vague litigation purpose; excessive time | 66% | $2,631.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-9-13 | MLabgold | Partner | Attend Tanaka deposition; post-deposition meeting with client; reviewing rough transcript; preparation for possible cross | 11.50 | $700.00 | $8,050.00 | | Block billed; excessive time; vague litigation purpose | 33% | $2,656.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-9-13 | TNagashima | Partner | Attending Tanaka Deposition; | 7.70 | ¥50,000 | | ¥385,000.00 | Redundant work | 75% | $0.00 | ¥288,750.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 9-9-13 | Yasutomo | Associate | Attending Tanaka Deposition; | 5.30 | ¥25,000 | | ¥132,500.00 | Redundant work | 75% | $0.00 | ¥99,375.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-10-13 | Hoeffner | Partner | Review Goto deposition transcript (Day 2); correspondence with MLabgold re expert; correspondence with local counsel and MLabgold re deficiency letter to Navcom's counsel; correspondence with Oki's expert; review timeline; discussion with MLabgold re same | 7.00 | $550.00 | $3,850.00 | | Block billed; associate work; vague litigation purpose; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-10-13 | MLabgold | Partner | Preparation for and attend Tanaka deposition; post- deposition meeting; drafting supplemental interrogatory responses | 10.00 | $700.00 | $7,000.00 | | Block billed; vague litigation purpose; associate work | 45% | $3,150.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-10-13 | TNagashima | Partner | Attending Tanaka Deposition; | 7.90 | ¥50,000 | | ¥395,000.00 | Redundant work | 75% | $0.00 | ¥296,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-10-13 | Yasutomo | Associate | Attending Tanaka Deposition; | 5.30 | ¥25,000 | | ¥132,500.00 | Redundant work | 100% | $0.00 | ¥132,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-10-13 | Makman | Attorney | Review Shoemaker case law research and draft e-mail. | 1.00 | $425.00 | $425.00 | | Vague litigation purpose; redundant work | 75% | $318.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-11-13 | MLabgold | Partner | Drafting supplemental interrogatory responses; teleconference with PHoeffner and G. Gutierrez (expert); outlining expert report; reviewing caselaw on rescission and statute of limitations | 10.75 | $700.00 | $7,525.00 | | Block billed; associate work; excessive time | 66% | $4,966.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 9-11-13 | Hoeffner | Partner | Review Oki's responses to Navcom's interrogatories and determine if any responses need to be supplemented; review and edit supplemental response to interrogatories; legal research re repudiation; edit email to Navcom's counsel re deficient RFA responses; discussion with Oki's expert; discussion with MLabgold re expert report; discussion with expert | 7.75 | $550.00 | $4,262.50 | | Block billed; associate work; excessive time; vague litigation purpose | 66% | $2,813.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-12-13 | Hoeffner | Partner | Review and edit supplemental response to interrogatories; prepare biography section of expert report; review first draft of expert report; discussion with MLabgold re expert report | 8.00 | $550.00 | $4,400.00 | | Block billed; associate work; excessive time | 66% | $2,904.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-12-13 | MLabgold | Partner | Editing supplemental interrogator responses; adding citations to P. Galyean deposition and related | 6.50 | $700.00 | $4,550.00 | | Block billed; associate work; excessive time | 66% | $3,003.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-12-13 | TNagashima | Partner | Reviewing supplemental interrogatory responses | 0.90 | ¥50,000 | | ¥45,000.00 | Vague litigation purpose; redundant work | 33% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-13-13 | Hoeffner | Partner | Discussion with local counsel re supplemental interrogatory responses; review and edit supplemental responses to interrogatories; review and edit draft of expert report; discussion with MLabgold re expert report | 5.50 | $550.00 | $3,025.00 | | Block billed; associate work; excessive time | 66% | $1,996.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-13-13 | MLabgold | Partner | Reviewing Navcom document production; editing supplemental interrogatory responses; editing draft expert report; finalizing supplemental interrogatory responses | 7.00 | $700.00 | $4,900.00 | | Block billed; associate work; excessive time | 66% | $3,234.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-13-13 | Makman | Attorney | Review, finalize and serve interrogatory responses. | 2.00 | $425.00 | $850.00 | | Clerical work; redundant work | 33% | $280.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 9-14-13 | Hoeffner | Partner | Review Navcom's supplemental interrogatory response; review and edit draft of expert report | 4.00 | $550.00 | $2,200.00 | | Block billed; associate work; excessive time | 66% | $1,452.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-14-13 | MLabgold | Partner | Editing draft G. Gutierrez expert report; discussions with PHoeffner re same | 3.50 | $700.00 | $2,450.00 | | Excessive time | 25% | $612.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-15-13 | MLabgold | Partner | Editing draft G. Gutierrez expert report; correspondence with PHoeffner re same; discussion with paralegal re inconsistencies in various financial documents produced by Navcom | 2.75 | $700.00 | $1,925.00 | | Block billed; vague litigation purpose | 25% | $481.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-16-13 | Hoeffner | Partner | Edit Gutierrez's expert report; conversation with expert re same; review documents in support of report; proofread expert report; discussion with MLabgold re expert report | 6.50 | $550.00 | $3,575.00 | | Excessive time; clerical work | 33% | $1,179.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 9-17-13 | TNagashima | Partner | Reviewing expert report | 0.40 | ¥50,000 | | ¥20,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥15,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-17-13 | MLabgold | Partner | Comparing inconsistencies in the financial documents produced by Navcom and those relied upon in expert report | 3.00 | $700.00 | $2,100.00 | | Vague litigation purpose; associate work | 50% | $1,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-18-13 | Hoeffner | Partner | Review RF design articles; edit expert report of German Gutierrez; discussion with MLabgold re expert report | 5.25 | $550.00 | $2,887.50 | | Excessive time; vague litigation purpose | 50% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-19-13 | Hoeffner | Partner | Correspondence with expert re edits to expert report; correspondence re mediation | 0.50 | $550.00 | $275.00 | | Block billed | 25% | $68.75 | ¥0.00 | In addition to the General Responses, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-20-13 | Hoeffner | Partner | Proofread expert report; discussion with MLabgold re expert report | 1.50 | $550.00 | $825.00 | | Clerical work; excessive time | 66% | $544.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 9-20-13 | MLabgold | Partner | Reviewing technical treatises identified b G. Gutierrez; finalizing and serving expert report; discussion with PHoeffner re edits to same concerning citations | 3.75 | $700.00 | $2,625.00 | | Excessive time; clerical work | 50% | $1,312.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-20-13 | Makman | Attorney | Review Guitterez report. | 0.50 | $425.00 | $212.50 | | Redundant work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-23-13 | Makman | Attorney | Review local rules regarding Summary Judgment Motions. | 1.00 | $425.00 | $425.00 | | Excessive time | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-23-13 | Hoeffner | Partner | Analyze facts to determine which issues should be the subject of motions for summary judgment; discussion with MLabgold re summary judgment motions; legal research re statute of limitation and rescission issues | 9.25 | $550.00 | $5,087.50 | | Excessive time; associate work; block billed | 75% | $3,815.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-23-13 | MLabgold | Partner | Legal research re mutual consistent to abandon or rescind contract; discussion with PHoeffner re possible topics for summary judgment motions; discussion with local counsel re same | 4.50 | $700.00 | $3,150.00 | | Excessive time; associate work; block billed | 75% | $2,362.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-24-13 | Hoeffner | Partner | Correspondence with expert re expert report; review case law re rescission and abandonment; legal research re statute of limitation and rescission issues | 7.50 | $550.00 | $4,125.00 | | Block billed; vague litigation purpose; associate work; excessive time | 75% | $3,093.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-24-13 | MLabgold | Partner | Legal research re mutual consent to abandon or rescind contract; discussion with PHoeffner re possible topics for summary judgment motions; preparation for Hansen deposition | 5.25 | $700.00 | $3,675.00 | | Excessive time; associate work; block billed | 75% | $2,756.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-25-13 | Hoeffner | Partner | Discussion with MLabgold re summary judgment motions; review brief re Navcom failure to state claim; review stipulation and order re rescheduling of mediation; draft summary judgment motion to preclude damages; gather exhibits to summary judgment motion; review Navcom damages expert report | 8.00 | $550.00 | $4,400.00 | | Associate work; clerical work; block billed; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions, review expert reports and review orders.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-25-13 | MLabgold | Partner | Drafting summary judgment motion; continued legal research; discussion with Phoeffner re same | 7.25 | $700.00 | $5,075.00 | | Associate work; excessive time | 50% | $2,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-26-13 | Hoeffner | Partner | Conference call with German Gutierrez and MLabgold re expert report; discussion with MLabgold re summary judgment motions; draft summary judgment motion to preclude damages; gather exhibits to summary judgment motion; review deposition transcripts of Galyean | 8.00 | $550.00 | $4,400.00 | | Associate work; clerical work; block billed; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to communicate with an expert, prepare motions and review deposition transcripts. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 9-26-13 | MLabgold | Partner | Drafting summary judgment motion; continued legal research; conference call with G. Gutierrez and PHoeffner | 5.50 | $700.00 | $3,850.00 | | Associate work; excessive time | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-27-13 | Hoeffner | Partner | Edit draft of summary judgment motion re rescission; review exhibits to motion; review Gutierrez's list of questions for Navcom expert; draft summary judgment motion to preclude damages; review Navcom RFA and interrogatory responses | 7.50 | $550.00 | $4,125.00 | | Associate work; block billed; excessive time | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions, review discovery and prepare for depositions. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-27-13 | MLabgold | Partner | Drafting summary judgment motion; continued legal research; review of memo prepared by G. Gutierrez re Ward report; Daubert research re possible deposition of Ward | 6.50 | $700.00 | $4,550.00 | | Associate work; block billed; vague litigation purpose; excessive time | 50% | $2,275.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions, review expert reports and perform legal research. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Reducing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 9-30-13 | Hoeffner | Partner | Legal research re damages; edit summary judgment motion to preclude damages; discussion with MLabgold re same | 7.50 | $550.00 | $4,125.00 | | Associate work; excessive time | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9-30-13 | Waiter | Paralegal | Review of financial documents for inconsistencies; discussions with MLabgold re same; assist with preparations of expert witnesses | 29.00 | $150.00 | $4,350.00 | | Block billed; excessive time; vague litigation purpose; redundant work | 75% | $3,262.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 9-30-13 | MLabgold | Partner | Review and analysis of Navcom's damages expert report re possible deposition | 4.75 | $700.00 | $3,325.00 | | Excessive time | 50% | $1,662.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-30-13 | TNagashima | Partner | Reviewing Navcom's expert report | 1.30 | ¥50,000 | | ¥65,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥48,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-1-13 | MLabgold | Partner | Editing draft SJ motion of rescission; editing draft SJ motion re damages, drafting summary judgment motions; review and analysis of Navcom's damages expert report. | 11.25 | $700.00 | $7,875.00 | | Associate work; block billed; excessive time | 50% | $3,937.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions and review expert reports. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-1-13 | Hoeffner | Partner | Legal research re rescission of contract; correspondence with MLabgold re same; edit SJ motion re damages; edit SJ motion re rescission; review correspondence from Ggutierrez; discussion with MLabgold re SJ motions | 8.50 | $550.00 | $4,675.00 | | Associate work; vague litigation purpose; block billed; excessive time | 66% | $3,085.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-2-13 | Hoeffner | Partner | Edit SJ motion re damages; discussion with MLabgold re same; legal research re motion; review Gutierrez deposition subpoena and schedule A | 8.00 | $550.00 | $4,400.00 | | Associate work; block billed; excessive time | 66% | $2,904.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions and perform legal research. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-2-13 | MLabgold | Partner | Editing draft SJ motion re damages; legal research; discussion with Phoeffner re same; correspondence with opposing counsel re deposition scheduling; continued analysis of Plaintiffs' damage expert report; correspondence with local counsel re rescission motion | 5.50 | $700.00 | $3,850.00 | | Associate work; block billed; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions, perform legal research, communicate with opposing counsel and review expert reports. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-2-13 | Makman | Attorney | Review Draft of Motion for Summary Judgment rescission. | 3.00 | $425.00 | $1,275.00 | | Redundant work | 50% | $637.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-3-13 | Hoeffner | Partner | Edit SJ motion re rescission; correspondence with Ggutierrez re deposition; discussion with MLabgold re same; edit SJ motion re damages | 7.75 | $550.00 | $4,262.50 | | Associate work; excessive time | 50% | $2,131.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-3-13 | MLabgold | Partner | Discussions with local counsel re draft motions and supporting evidence; editing drafts | 4.00 | $700.00 | $2,800.00 | | Excessive time; vague litigation purpose | 66% | $1,848.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-3-13 | Makman | Attorney | Further review of motion for summary judgment. | 1.00 | $425.00 | $425.00 | | Redundant work | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-4-13 | MLabgold | Partner | Editing draft SJ motion re damage; legal research; discussion with Phoeffner re same; expert deposition preparation | 4.25 | $700.00 | $2,975.00 | | Associate work; block billed; excessive time | 50% | $1,487.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions, perform legal research and prepare for depositions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-4-13 | Hoeffner | Partner | Edit SJ motion re damages; review case law re contract interpretation; prepare exhibits for motion; discussion with MLabgold re damages SJ motion | 8.00 | $550.00 | $4,400.00 | | Associate work; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-6-13 | Yasutomo | Associate | Reviewing draft Summary Judgment Motion | 3.50 | ¥25,000 | | ¥87,500.00 | Redundant work | 75% | $0.00 | ¥65,625.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-7-13 | MLabgold | Partner | Revising damages motion; reviewing relevant case law; discussion with local counsel re both motions | 5.00 | $700.00 | $3,500.00 | | Associate work; excessive time | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-7-13 | Hoeffner | Partner | Review and edit SJ motions; discussion with MLabgold re same | 4.25 | $550.00 | $2,337.50 | | Excessive time | 50% | $1,168.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-8-13 | Steve Bryan | Associate | Reviewing Summary Judgment motion | 2.70 | ¥35,000 | | ¥94,500.00 | Redundant work | 75% | $0.00 | ¥70,875.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-9-13 | Hoeffner | Partner | Edit SJ motion re damages; discussion with MLabgold re same | 4.00 | $550.00 | $2,200.00 | | Excessive time | 50% | $1,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-9-13 | MLabgold | Partner | Revising both motions to incorporate changes suggested by local counsel and Tnagashima; checking record support for damages motion; checking cases relied upon | 3.75 | $700.00 | $2,625.00 | | Excessive time; clerical work | 66% | $1,732.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 10-10-13 | Hoeffner | Partner | Prepare objections to deposition to Gutierrez; discussion with Ggutierrez re deposition; conference call with MLabgold and Ggutierrez re deposition | 7.50 | $550.00 | $4,125.00 | | Associate work; excessive time | 66% | $2,722.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-10-13 | MLabgold | Partner | Review and edit of current drafts of motions; discussion with local counsel re supporting documents; conference call with expert and Phoeffner in preparation for upcoming deposition | 4.75 | $700.00 | $3,325.00 | | Excessive time; block billed | 50% | $1,662.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-10-13 | Makman | Attorney | Review motion on damages; review drafts of Summary Judgment Motions. | 2.50 | $425.00 | $1,062.50 | | Redundant work | 50% | $531.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-10-13 | Steve Bryan | Associate | Reviewing Summary Judgment motions | 1.70 | ¥35,000 | | ¥59,500.00 | Redundant work | 75% | $0.00 | ¥44,625.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-11-13 | Hoeffner | Partner | Proofread motion for SJ re damages; proofread motion for SJ re rescission; gather exhibits; review MLabgold declaration; discussion with MLabgold re SJ motions; prepare Phoeffner declaration; edit proposed order for damages motion; review motion to seal | 13.25 | $550.00 | $7,287.50 | | Clerical work; associate work; excessive time | 75% | $5,465.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 10-11-13 | Makman | Attorney | Draft proposed order, finalize and file motions for summary judgment. | 9.00 | $425.00 | $3,825.00 | | Excessive time; clerical work | 75% | $2,868.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 10-12-13 | Makman | Attorney | Prepare courtesy copies of motions; review motions from opposing counsel. | 2.50 | $425.00 | $1,062.50 | | Clerical work; excessive time | 66% | $701.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 10-12-13 | Hoeffner | Partner | Review Plaintiffs' motion for partial SJ; correspondence with MLabgold re Plaintiffs' motion; review exhibits and declaration to Plaintiffs' motion | 5.50 | $550.00 | $3,025.00 | | Excessive time | 33% | $998.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|--------------------|-----------------|-----------------|---------------------------------------------|
| 10-12-13 | TNagashima | Partner | Reviewing Plaintiffs' motion for partial Summary Judgment | 3.60 | ¥50,000 | | ¥180,000.00 | Redundant work; excessive time | 75% | $0.00 | ¥135,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-14-13 | MLabgold | Partner | Drafting opposition brief; legal research | 6.50 | $700.00 | $4,550.00 | | Associate work | 33% | $1,501.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review caselaw and edit briefs. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 10-14-13 | Hoeffner | Partner | Discussion with MLabgold re Plaintiffs' SJ motion; review correspondence from Plaintiffs' counsel re PO; review overview of Plaintiffs' motion; review case law cited in Plaintiffs' SJ motion; review Plaintiffs' SJ motion | 7.75 | $550.00 | $4,262.50 | | Excessive time; associate work | 50% | $2,131.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-15-13 | MLabgold | Partner | Drafting opposition brief; legal research | 5.00 | $700.00 | $3,500.00 | | Associate work | 33% | $1,155.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review caselaw and edit briefs. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 10-15-13 | Hoeffner | Partner | Discussion with MLabgold and Gutierrez re deposition; review case law cited in Plaintiffs' SJ motion; finalize and serve objections to Plaintiffs' deposition notice; discussion with MLabgold re Plaintiffs' SJ motion; conference call with MLabgold and Gutierrez re deposition | 8.00 | $550.00 | $4,400.00 | | Block billed; associate work; excessive time; clerical work | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 10-15-13 | TNagashima | Partner | Reviewing Opposition brief | 2.40 | ¥50,000 | | ¥120,000.00 | Redundant work | 75% | $0.00 | ¥90,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-16-13 | MLabgold | Partner | Drafting opposition brief; legal research | 5.25 | $700.00 | $3,675.00 | | Associate work | 33% | $1,212.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review caselaw and edit briefs. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 10-16-13 | Hoeffner | Partner | Prepare for deposition; review case law cited in Plaintiffs' SJ motion | 8.50 | $550.00 | $4,675.00 | | Block billed; excessive time; associate work | 50% | $2,337.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-16-13 | TNagashima | Partner | Reviewing Opposition brief | 2.90 | ¥50,000 | | ¥145,000.00 | Redundant work; excessive time | 50% | $0.00 | ¥72,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 10-16-13 | Makman | Attorney | Legal research regarding implied terms. | 0.75 | $425.00 | $318.75 | | Vague litigation purpose | 33% | $105.19 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-17-13 | MLabgold | Partner | Drafting opposition brief; legal research | 4.75 | $700.00 | $3,325.00 | | Associate work; excessive time | 50% | $1,662.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-17-13 | Hoeffner | Partner | Meeting with Gutierrez re deposition preparation; defend deposition; discussions with MLabgold re deposition | 14.50 | $550.00 | $7,975.00 | | Excessive time; redundant work; vague litigation purpose | 50% | $3,987.50 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-18-13 | MLabgold | Partner | Drafting opposition brief; legal research | 7.00 | $700.00 | $4,900.00 | | Associate work; excessive time | 66% | $3,234.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-18-13 | Hoeffner | Partner | Review rough transcript of Gutierrez deposition; edit draft of opposition to Plaintiffs' SJ motion | 6.00 | $550.00 | $3,300.00 | | Block billed; excessive time | 33% | $1,089.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-19-13 | MLabgold | Partner | Drafting and editing opposition brief; legal research | 4.25 | $700.00 | $2,975.00 | | Associate work; excessive time | 50% | $1,487.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-20-13 | MLabgold | Partner | Drafting and editing opposition brief; legal research | 3.50 | $700.00 | $2,450.00 | | Associate work; excessive time | 50% | $1,225.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-20-13 | Hoeffner | Partner | Review case law re opposition brief; edit draft of opposition to Plaintiffs' Si motion; discussion with MLabgold re same | 3.50 | $550.00 | $1,925.00 | | Associate work; redundant work | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-21-13 | MLabgold | Partner | Drafting and editing opposition brief; legal research | 6.75 | $700.00 | $4,725.00 | | Associate work; excessive time | 50% | $2,362.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-21-13 | Hoeffner | Partner | Review and edit opposition to Plaintiffs' Si motion; discussion with M. Labgold re same | 6.00 | $550.00 | $3,300.00 | | Associate work; redundant work | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-22-13 | Hoeffner | Partner | Review and edit opposition to Plaintiffs' Si motion; discussion with M. Labgold re same | 5.50 | $550.00 | $3,025.00 | | Associate work; redundant work | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-22-13 | Steve Bryan | Associate | Reviewing Summary judgment opposition brief | 1.70 | ¥35,000 | | ¥59,500.00 | Redundant work | 75% | $0.00 | ¥44,625.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-23-13 | MLabgold | Partner | Editing brief; conference call with Tnagashima re proposed edits; conference call with opposing counsel re proposed motion to amend; discussion with local counsel re same | 7.50 | $700.00 | $5,250.00 | | Associate work; excessive time; block billed | 50% | $2,625.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-23-13 | Hoeffner | Partner | Legal research re rescission; review and edit opposition to Plaintiffs' Si motion; correspondence re Plaintiffs' request to add a claim of fraud; discussion with MLabgold re same | 7.50 | $550.00 | $4,125.00 | | Associate work; redundant work; excessive time | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-23-13 | Makman | Attorney | Further review Opposition to Navcom SJM. | 1.00 | $425.00 | $425.00 | | Redundant work | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 10-24-13 | Hoeffner | Partner | Prepare declaration in support of opposition brief; gather exhibits for declaration; discussion with MLabgold re same | 6.25 | $550.00 | $3,437.50 | | Associate work; clerical work; excessive time | 50% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 10-24-13 | MLabgold | Partner | Editing brief per Tnagashima comments; legal research; conference call with local counsel re motion to seal | 7.25 | $700.00 | $5,075.00 | | Associate work; excessive time; block billed | 50% | $2,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-25-13 | Hoeffner | Partner | Review and edit proposed order to be filed with opposition brief; proofread opposition to Plaintiffs' SJ motion; review redacted brief for confidential information; review Plaintiffs' opposition to Oki's motion for SJ re damages; discussion with MLabgold re opposition; correspondence with MLabgold re opposition; correspondence with MLabgold re Plaintiffs' opposition brief | 9.75 | $550.00 | $5,362.50 | | Associate work; clerical work; redundant work; excessive time | 66% | $3,539.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 10-25-13 | MLabgold | Partner | Finalizing and filing opposition and related papers; review of Navcom filings | 9.25 | $700.00 | $6,475.00 | | Associate work; excessive time | 66% | $4,273.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-25-13 | Makman | Attorney | Coordinate with L. Shoemaker re oppositions. | 0.50 | $425.00 | $212.50 | | Clerical work | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 10-25-13 | Shoemaker | Attorney | Prepare administrative motion to file under seal and supporting documents; Review documents to be filed under seal and edit same; Electronic filing under seal; Serve opposing party pursuant to local rules; Prepare documents to send to messenger company for reproduction and lodging of chambers' copies; Correspondence to messenger company re same; Co-counsel conferences re same. | 7.80 | $270.00 | $2,106.00 | | Clerical work; excessive time | 50% | $1,053.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 10-25-13 | Steve Bryan | Associate | Reviewing Opposition to Plaintiffs' Summary Judgment motion | 1.20 | ¥35,000 | | ¥42,000.00 | Redundant work | 75% | $0.00 | ¥31,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-25-13 | TNagashima | Partner | Reviewing Navcom's filing; | 5.20 | ¥50,000 | | ¥260,000.00 | Redundant work | 75% | $0.00 | ¥195,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-26-13 | Hoeffner | Partner | Review Plaintiffs' opposition to Oki's motion for SJ re damages | 1.75 | $550.00 | $962.50 | | Excessive time | 33% | $317.63 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-26-13 | Makman | Attorney | Review Navcom Oppositions. | 1.50 | $425.00 | $637.50 | | Redundant work | 50% | $318.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-26-13 | TNagashima | Partner | Review Plaintiffs' opposition to Oki's motion for SJ re damages | 3.40 | ¥50,000 | | ¥170,000.00 | Redundant work | 75% | $0.00 | ¥127,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-27-13 | MLabgold | Partner | Review of Navcom opposition; review of document productions for responsive evidence; outlining reply briefs | 5.25 | $700.00 | $3,675.00 | | Associate work; excessive time | 33% | $1,212.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-27-13 | Hoeffner | Partner | Review Plaintiffs' opposition to Oki's motion for SJ re rescission; discussion with MLabgold re same; correspondence with MLabgold re Plaintiffs' opposition brief | 4.00 | $550.00 | $2,200.00 | | Redundant work | 33% | $726.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-27-13 | TNagashima | Partner | Review of Navcom opposition; review of document productions for responsive evidence | 1.60 | ¥50,000 | | ¥80,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥60,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-27-13 | Makman | Attorney | Review case law on Fraud in the Inducement, tel re Navcom; keycite Rosenthal, review rough re fraud, review admissibility law. | 3.00 | $425.00 | $1,275.00 | | Vague litigation purpose; block billed | 50% | $637.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-28-13 | MLabgold | Partner | Outlining and drafting reply briefs; legal research re same | 9.00 | $700.00 | $6,300.00 | | Associate work; excessive time | 50% | $3,150.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-28-13 | Hoeffner | Partner | Prepare summary of points to rebut in reply to Plaintiffs' opposition; prepare summary of points not rebutted in Plaintiffs' opposition; prepare draft Reply to damages motion; review outline for rescission Reply; discussion with MLabgold re same | 8.50 | $550.00 | $4,675.00 | | Associate work; excessive time; redundant work | 50% | $2,337.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-28-13 | Makman | Attorney | Review novation research. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-28-13 | TNagashima | Partner | Telephone conference with Client | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 100% | $0.00 | ¥40,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-28-13 | Shoemaker | Attorney | Legal research and response to co-counsel inquiry re evidentiary objections; legal research re novation; Co-counsel conferences re same | 2.70 | $270.00 | $729.00 | | Vague litigation purpose; redundant work | 50% | $364.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-29-13 | MLabgold | Partner | Outlining and drafting reply briefs; legal research re same | 9.25 | $700.00 | $6,475.00 | | Associate work; excessive time | 50% | $3,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-29-13 | Hoeffner | Partner | Prepare draft Reply to damages motion; correspondence with expert Gutierrez re declaration for Daubert motion; declaration with MLabgold re Reply; review and edit draft Reply for rescission motion | 7.75 | $550.00 | $4,262.50 | | Block billed; associate work; redundant work; excessive time | 66% | $2,813.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-29-13 | Makman | Attorney | Calls with M. Labgold; draft objection to expert testimony, review research. | 1.00 | $425.00 | $425.00 | | Block billed; vague litigation purpose | 33% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-29-13 | Shoemaker | Attorney | Legal research and reply to co-counsel re inquiry re Black's dictionary definitions for two terms; legal research re Daubert motions; telephone court to reserve hearing date for Daubert motion and co-counsel conference re same; review expert report by Mr. German Gutierrez. | 4.10 | $270.00 | $1,107.00 | | Vague litigation purpose; excessive time | 50% | $553.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 10-30-13 | MLabgold | Partner | Outlining and drafting reply briefs; legal research re same | 9.00 | $700.00 | $6,300.00 | | Associate work; excessive time | 50% | $3,150.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-30-13 | Hoeffner | Partner | Prepare table of Goto testimony; review Micrel case cited by Plaintiff; review Micrel case documents on Pacer; review and edit draft Reply for rescission motion; discussion with MLabgold re Reply | 9.75 | $550.00 | $5,362.50 | | Associate work; redundant work; excessive time | 66% | $3,539.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-30-13 | Waiter | Paralegal | Prepare exhibits; review documents; travel preparations; review documents for organizing evidence by categories provided by partner; assist preparing exhibits re Si motion | 57.00 | $150.00 | $8,550.00 | | Block billed; excessive time; vague litigation purpose | 66% | $5,643.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 10-30-13 | Shoemaker | Attorney | Draft Daubert motion; Legal research re relation between motions for summary judgment and Daubert motions. | 5.70 | $270.00 | $1,539.00 | | Excessive time | 50% | $769.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-30-13 | Makman | Attorney | Call with M. Labgold, review draft of argument; comments. | 0.50 | $425.00 | $212.50 | | Redundant work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-31-13 | MLabgold | Partner | Outlining and drafting reply briefs; legal research re same; drafting objections to evidence; preparing exhibits | 11.25 | $700.00 | $7,875.00 | | Associate work; clerical work; excessive time | 66% | $5,197.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 10-31-13 | Hoeffner | Partner | Review and edit draft Reply for rescission motion; edit draft Reply to damages motion; review Nobbe notebook exhibit; discussion with MLabgold re Reply; correspondence re Daubert motion | 7.00 | $550.00 | $3,850.00 | | Associate work; redundant work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-31-13 | Shoemaker | Attorney | Edit draft of Daubert motion; create Gutierrez declaration; further legal research re Daubert motions and co-counsel conferences re same. | 8.40 | $270.00 | $2,268.00 | | Excessive time | 50% | $1,134.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 10-31-13 | Makman | Attorney | Review objections; telephone calls with M. Labgold. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-1-13 | Hoeffner | Partner | Prepare declaration in support of Reply; edit evidentiary objections to Plaintiffs' exhibits; edit draft Reply to damages motion; discussion with MLabgold re same | 7.00 | $550.00 | $3,850.00 | | Associate work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-1-13 | MLabgold | Partner | Finalizing and filing reply briefs; objections | 13.00 | $700.00 | $9,100.00 | | Associate work; excessive time | 50% | $4,550.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-1-13 | Shoemaker | Attorney | Preparation of administrative motion and supporting documents for filing under seal; review and editing of documents for filing under seal; filing of documents under seal; serving of documents by fax (to Peregrine's counsel) and email (to Peregrine's counsel and plaintiffs); preparation of filed stamped documents and unredacted and/or sealed documents for delivery to judge's chambers. | 10.30 | $270.00 | $2,781.00 | | Clerical work; excessive time | 66% | $1,835.46 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 11-1-13 | Steve Bryan | Associate | Reviewing final draft of the reply briefs | 1.70 | $35,000 | | ¥59,500.00 | Redundant work | 75% | $0.00 | ¥44,625.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-1-13 | TNagashima | Partner | Reviewing final draft of the reply briefs | 3.20 | ¥50,000 | | ¥160,000.00 | Redundant work | 75% | $0.00 | ¥120,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-1-13 | Makman | Attorney | Tell M. Labgold; coordinate with Liz Shoemaker regarding filing; review motion to amend. | 0.80 | $425.00 | $340.00 | | Vague litigation purpose; clerical work | 100% | $340.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 11-2-13 | Hoeffner | Partner | Review Plaintiffs' motion to amend; correspondence with MLabgold re same; review timeline of events | 5.00 | $550.00 | $2,750.00 | | Excessive time; associate work; vague litigation purpose | 50% | $1,375.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-3-13 | Hoeffner | Partner | Correspondence with MLabgold re Plaintiffs' motion to amend the Complaint; review Plaintiffs' interrogatory responses, Complaint, document production and admissions re fraud claim | 4.50 | $550.00 | $2,475.00 | | Excessive time; block billed; associate work; vague litigation purpose | 66% | $1,633.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-4-13 | Hoeffner | Partner | Review Plaintiffs' motion to amend; prepare legal section of opposition to Plaintiffs' motion to amend complaint; review preliminary pretrial statement; discussion with MLabgold re opposition brief | 8.50 | $550.00 | $4,675.00 | | Excessive time; associate work | 50% | $2,337.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-4-13 | MLabgold | Partner | Review Plaintiffs' reply briefs; drafting objections to new evidence; legal research re MTA; outlining opposition | 8.75 | $700.00 | $6,125.00 | | Excessive time; associate work; block billed; vague litigation purpose | 66% | $4,042.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-4-13 | Hirofumi Kato | Paralegal | Searching documents; corresponding with US attorneys | 0.90 | ¥22,000 | | ¥19,800.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥14,850.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-5-13 | Hoeffner | Partner | Prepare summary of the procedural dates for the opposition brief; review case law re motion for leave to amend; discussion with MLabgold re same; review timeline from Reedy deposition; correspondence re evidentiary objections to Plaintiffs' motion; correspondence re undue prejudice; review sample briefs re motions to amend; review redacted briefs for filing and email correspondence re the same; prepare legal section of opposition brief; review Rentz email re selection of Peregrine | 9.75 | $550.00 | $5,362.50 | | Associate work; excessive time; block billed; vague litigation purpose | 66% | $3,539.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-5-13 | MLabgold | Partner | Discussion with DMakman re MTA; drafting opposition to MTA; review timeline of Navcom knowledge; legal research | 9.25 | $700.00 | $6,475.00 | | Excessive time; associate work; vague litigation purpose | 66% | $4,273.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-5-13 | TNagashima | Partner | Reviewing oppositon to MTA | 2.50 | ¥50,000 | | ¥125,000.00 | Redundant work | 75% | $0.00 | ¥93,750.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-5-13 | Makman | Attorney | Review local rules regarding reply evidence; further review of motion to amend; double check regarding mediation schedule. | 0.50 | $425.00 | $212.50 | | Vague litigaiton purpose; redundant work | 66% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-5-13 | Hirofumi Kato | Paralegal | Searching documents; corresponding with US attorneys | 0.80 | ¥22,000 | | ¥17,600.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥8,800.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-6-13 | Shoemaker | Attorney | Legal research regarding motion to amend. | 1.10 | $270.00 | $297.00 | | Redundant work | 33% | $98.01 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-6-13 | TNagashima | Partner | Reviewing oppositon to MTA | 1.60 | ¥50,000 | | ¥80,000.00 | Redundant work | 75% | $0.00 | ¥60,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-6-13 | Makman | Attorney | Review objections. | 0.20 | $425.00 | $85.00 | | Vague litigation purpose | 50% | $42.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-6-13 | Hirofumi Kato | Paralegal | Searching documents; corresponding with US attorneys | 0.90 | ¥22,000 | | ¥19,800.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥9,900.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-7-13 | MLabgold | Partner | Continued work on drafting opposition to MTA; drafting mediation brief; review cases re MTA | 6.50 | $700.00 | $4,550.00 | | Associate work; block billed; excessive time | 50% | $2,275.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions and briefs and perform legal research. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-7-13 | Hoeffner | Partner | Prepare procedural delay section of opposition to Plaintiffs' motion to amend complaint; discussion with MLabgold re motion for leave to amend; review futility section of brief | 5.50 | $550.00 | $3,025.00 | | Associate work; excessive time | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-7-13 | TNagashima | Partner | Reviewng Opposition to MTA | 2.30 | ¥50,000 | | ¥115,000.00 | Redundant work | 75% | $0.00 | ¥86,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-8-13 | Hoeffner | Partner | Discussion with MLabgold re motion for leave to amend; edit futility section of brief; email correspondence re Plaintiffs' objections to Defendant's evidence | 6.50 | $550.00 | $3,575.00 | | Associate work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-8-13 | MLabgold | Partner | Editing draft Daubert motion; drafting mediation brief | 6.00 | $700.00 | $4,200.00 | | Excessive time; block billed; redundant work | 50% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-9-13 | Hoeffner | Partner | Edit futility section of opposition to Plaintiffs' motion to amend complaint; correspondence re Nobbe deposition excerpts; discussion with MLabgold re motion for leave to amend | 4.25 | $550.00 | $2,337.50 | | Associate work; excessive time; block billed | 50% | $1,168.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-9-13 | MLabgold | Partner | Revising opposition to motion to amend; drafting mediation brief; reviewing Navcom's objections to reply exhibits; reviewing caselaw | 8.75 | $700.00 | $6,125.00 | | Excessive time; block billed; associate work | 66% | $4,042.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-9-13 | Makman | Attorney | Review draft mediation brief. | 1.00 | $425.00 | $425.00 | | Redundant work | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-9-13 | TNagashima | Partner | Reviewing draft mediation brief | 2.20 | ¥50,000 | | ¥110,000.00 | Redundant work; excessive time | 75% | $0.00 | ¥82,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-10-13 | MLabgold | Partner | Revising opposition to motion to amend; drafting mediation brief | 10.25 | $700.00 | $7,175.00 | | Excessive time; block billed | 66% | $4,735.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-10-13 | Makman | Attorney | Revise mediation brief. | 5.50 | $425.00 | $2,337.50 | | Redundant work | 50% | $1,168.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-10-13 | TNagashima | Partner | Reviewing opposition to motion to amend and draft mediation brief | 1.30 | ¥50,000 | | ¥65,000.00 | Redundant work | 75% | $0.00 | ¥48,750.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-11-13 | Hoeffner | Partner | Edit futility section of opposition to Plaintiffs' motion to amend complaint; review opposition brief to Plaintiffs' motion to amend complaint; discussion with MLabgold re same | 4.50 | $550.00 | $2,475.00 | | Excessive time; associate work | 50% | $1,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-11-13 | MLabgold | Partner | Revising opposition to motion to amend; legal research re 9th Cirutility cases; drafting Oki declarations; discussion with Tnagashima re same | 11.25 | $700.00 | $7,875.00 | | Excessive time; associate work | 66% | $5,197.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|------------------|-----------------|----------------------------------------------|
| 11-11-13 | MLabgold | Partner | Discussion with local counsel re third party beneficiary issue; reviewing cases provided re same; discussion with Phoeffner re same; reviewing local counsel's proposed edits to brief; legal research on third party beneficiary issue; preparing final filing packages, briefs, exhibit and all associated papers for SJ motions | 11.25 | $700.00 | $7,875.00 | | Excessive time; block billed; associate work; clerical work | 75% | $5,906.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 11-11-13 | Makman | Attorney | Review M. Labgold changes to mediation brief. | 0.50 | $425.00 | $212.50 | | Redundant work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-11-13 | TNagashima | Partner | Reviewing Oppositin to MTA | 1.20 | ¥50,000 | | ¥60,000.00 | Redundant work | 75% | $0.00 | ¥45,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-11-13 | Hirofumi Kato | Paralegal | Corresponding with US attorneys | 0.80 | ¥22,000 | | ¥17,600.00 | Vague litigation purpose | 75% | $0.00 | ¥13,200.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-12-13 | Makman | Attorney | Finalize and serve mediation brief; review declaration regarding opposition to motion to amend; revisions to opposition to motion to amend. | 1.20 | $425.00 | $510.00 | | Block billed; vague litigation purpose | 50% | $255.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-12-13 | Hoeffner | Partner | Review table of facts rebutting Plaintiffs' motion; edit brief; discussion with MLabgold re motion for leave to amend | 2.75 | $550.00 | $1,512.50 | | Redundant work; excessive time | 50% | $756.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-12-13 | MLabgold | Partner | Reviewing Navcom filings; addressing deficiencies in their filing; outlining opposition | 5.00 | $700.00 | $3,500.00 | | Vague litigation purpose; excessive time; associate work | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-12-13 | MLabgold | Partner | Revising opposition; editing Goto Declaration | 9.50 | $700.00 | $6,650.00 | | Vague litigation purpose; excessive time; associate work | 66% | $4,389.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-13-13 | Hoeffner | Partner | Correspondence re opposition to Plaintiffs' motion to amend | 1.00 | $550.00 | $550.00 | | Excessive time | 25% | $137.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-13-13 | Makman | Attorney | Review revised declaration; review footnotes; comments regarding prejudice; telephone M. Labgold. | 1.20 | $425.00 | $510.00 | | Redundant work | 50% | $255.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-13-13 | TNagashima | Partner | Reviewing oppositon to MTA and sending comments to US attorneys | 1.80 | ¥50,000 | | ¥90,000.00 | Redundant work | 75% | $0.00 | ¥67,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-13-13 | MLabgold | Partner | Revising opposition; editing Goto Declaration | 8.50 | $700.00 | $5,950.00 | | Vague litigation purpose; excessive time; associate work | 66% | $3,927.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-14-13 | Shoemaker | Attorney | Legal research regarding Westlaw citation for Oracle v. Google (0.1); preparation of administrative motion and supporting documents for filing under seal; review of documents for filing and editing of exhibits | 2.30 | $270.00 | $621.00 | | Block billed; clerical work | 66% | $409.86 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 11-14-13 | MLabgold | Partner | Editing opposition; reviewing proposed edits from TNagashima, PHoeffner and DMakman; amending opposition accordingly; drafting declaration re exhibits | 6.75 | $700.00 | $4,725.00 | | Excessive time; vague litigation purpose; associate work | 66% | $3,118.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-14-13 | TNagashima | Partner | Reviewing oppositon draft to MTA and sending comments to US attorneys | 2.80 | ¥50,000 | | ¥140,000.00 | Redundant work | 75% | $0.00 | ¥105,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-15-13 | Shoemaker | Attorney | Filing of documents under seal; serving of documents by fax to Peregrine's counsel; email to Peregrine's counsel and plaintiffs; preparation of file stamped documents, unredacted documents and sealed documents for delivery to judge's chambers. | 3.00 | $270.00 | $810.00 | | Block billed; clerical work | 66% | $534.60 | ¥0.00 | In addition to the General Responses, Oki asserts that the description sufficiently identifies the general subject matter of the time expenditure. None of the work is clerical. |
| 11-15-13 | MLabgold | Partner | Finalizing filing; preparing for mediation and Hearing | 3.25 | $700.00 | $2,275.00 | | Block billed; excessive time | 33% | $750.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-15-13 | Makman | Attorney | Review and comment on brief. | 0.50 | $425.00 | $212.50 | | Redundant work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-15-13 | TNagashima | Partner | Preparation for Mediation | 0.90 | ¥50,000 | | ¥45,000.00 | Redundant work | 50% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-18-13 | MLabgold | Partner | Prep for mediation and Hearing | 6.00 | $700.00 | $4,200.00 | | Excessive time | 33% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-18-13 | TNagashima | Partner | Prep for mediation and Hearing. | 13.00 | ¥50,000 | | ¥650,000.00 | Redundant work; excessive time | 75% | $0.00 | ¥487,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-19-13 | Hoeffner | Partner | Review case law cited in Plaintiffs' motion for leave to amend; discussion with MLabgold re mediation | 1.50 | $550.00 | $825.00 | | Associate work; redundant work | 50% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.   In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-19-13 | MLabgold | Partner | Attend mediation; post-mediation discussion with DMakman re Hearing; discussion re cancellation | 6.00 | $700.00 | $4,200.00 | | Block billed; vague litigation purpose | 33% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-19-13 | TNagashima | Partner | Attending mediation | 10.00 | ¥50,000 | | ¥500,000.00 | Excessive time; redundant work | 75% | $0.00 | ¥375,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-19-13 | Makman | Attorney | Attend mediation. | 3.00 | $425.00 | $1,275.00 | | Redundant work | 33% | $420.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-20-13 | Hoeffner | Partner | Review draft of Daubert motion; review case law re Daubert motion; discussion with MLabgold re mediation and briefing on motions | 2.25 | $550.00 | $1,237.50 | | Associate work; block billed; redundant work | 50% | $618.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to draft motions.  Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Further, the description sufficiently identifies the general subject matter of the time expenditure. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-20-13 | MLabgold | Partner | Discussion with G. Gutierrez; discussion with PHoeffner re Daubert motion | 2.25 | $700.00 | $1,575.00 | | Excessive time; vague litigation purpose | 66% | $1,039.50 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-20-13 | TNagashima | Partner | Reviewing draft of Daubert motion | 0.50 | ¥50,000 | | ¥25,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥18,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 11-22-13 | MLabgold | Partner | Daubert motion; review Navcom's reply in support of MTA; discussion with PHoeffner re possible sur-reply | 2.00 | $700.00 | $1,400.00 | | Block billed; vague litigation purpose; excessive time | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 11-22-13 | Hoeffner | Partner | Review Plaintiffs' Reply brief | 2.50 | $550.00 | $1,375.00 | | Excessive time | 66% | $907.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-25-13 | Hoeffner | Partner | Edit draft of Daubert motion | 6.50 | $550.00 | $3,575.00 | | Excessive time; redundant work | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-25-13 | TNagashima | Partner | Reviewing Plaintiffs' Reply brief | 13.00 | ¥50,000 | | ¥650,000.00 | Redundant work; excessive time; vague litigation purpose | 90% | $0.00 | ¥585,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-25-13 | MLabgold | Partner | Discussion with DMakman re possible sur-reply | 0.50 | $700.00 | $350.00 | | Vague litigation purpose | 33% | $115.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-26-13 | Hoeffner | Partner | Review Order re discovery dispute; and discussion with MLabgold re discovery order and sur reply | 1.00 | $550.00 | $550.00 | | Vague litigation purpose | 33% | $181.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-27-13 | Hoeffner | Partner | Prepare draft sur reply to Plaintiffs motion for leave to amend | 6.75 | $550.00 | $3,712.50 | | Vague litigation purpose; associate work | 66% | $2,450.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-27-13 | Waiter | Paralegal | Prepare timeline re MLabgold request re Navcom; review documents for inaccuracies/contradictions | 15.00 | $150.00 | $2,250.00 | | Vague litigation purpose; excessive time | 75% | $1,687.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-4-13 | MLabgold | Partner | Review of Navcom's letter re confidentiality designations; discussion with local counsel re procedural issues; email to TNagashima re Magistrate's Discovery Order and discussion re same | 1.00 | $700.00 | $700.00 | | Block billed; vague litigation purpose | 33% | $231.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 12-4-13 | Makman | Attorney | Review meet and confer rules. | 0.10 | $425.00 | $42.50 | | Vague litigation purpose | 33% | $14.03 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-4-13 | Hoeffner | Partner | Correspondence re confidentiality designations | 0.50 | $550.00 | $275.00 | | Vague litigation purpose; associate work | 33% | $90.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-5-13 | MLabgold | Partner | Reviewing documents identified in letter re designations; advising client re same | 2.00 | $700.00 | $1,400.00 | | Associate work; vague litigation purpose | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-12-13 | MLabgold | Partner | Meet and confer re designations; pre and post call with local counsel; editing draft response; follow up discussions and emails re confidentiality concerns | 2.25 | $700.00 | $1,575.00 | | Block billed; associate work | 25% | $393.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 12-12-13 | Makman | Attorney | Meet and confer re confidentiality; e-mail correspondence regarding call. | 0.80 | $425.00 | $340.00 | | Redundant work; vague litigation purpose | 33% | $112.20 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-13-13 | MLabgold | Partner | De-designation review; emails and calls with local counsel re same | 6.50 | $700.00 | $4,550.00 | | Associate work; excessive time | 50% | $2,275.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 12-13-13 | Makman | Attorney | Correspondence regarding confidentiality designations. | 0.70 | $425.00 | $297.50 | | Redundant work; vague litigation purpose | 33% | $98.18 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-16-13 | MLabgold | Partner | De-designation review; emails and calls with local counsel re same; emails with opposing counsel re same | 2.00 | $700.00 | $1,400.00 | | Associate work | 33% | $462.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review the confidentiality designations of documents and to  communicate with opposing counsel and local counsel. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 12-16-13 | Makman | Attorney | Correspondence regarding confidentiality designations. | 0.70 | $425.00 | $297.50 | | Redundant work; vague litigation purpose | 33% | $98.18 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-17-13 | Makman | Attorney | Further correspondence regarding confidentiality. | 0.30 | $425.00 | $127.50 | | Redundant work; vague litigation purpose | 33% | $42.08 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-22-13 | MLabgold | Partner | De-designation review | 0.50 | $700.00 | $350.00 | | Associate work | 33% | $115.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review the confidentiality designations of documents. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12-23-13 | MLabgold | Partner | De-designation review emails and calls with local counsel re same; emails with opposing counsel re same; reviewing counter-proposal | 2.00 | $700.00 | $1,400.00 | | Associate work; vague litigation purpose | 33% | $462.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 12-26-13 | Hoeffner | Partner | Correspondence re confidentiality designations | 0.25 | $550.00 | $137.50 | | Redundant work; vague litigation purpose | 33% | $45.38 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-27-14 | MLabgold | Partner | Editing draft Daubert motion | 2.50 | $700.00 | $1,750.00 | | Redundant work | 33% | $577.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-28-14 | MLabgold | Partner | Initial pretrial preparation; reviewing Judge Davila's standing orders; discussion with local counsel re same | 4.25 | $700.00 | $2,975.00 | | Excessive time; vague litigation purpose | 25% | $743.75 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-29-14 | MLabgold | Partner | Initial pretrial preparation | 2.25 | $700.00 | $1,575.00 | | Excessive time | 25% | $393.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-30-14 | MLabgold | Partner | Reviewing discovery responses; reviewing deposition exhibits | 3.00 | $700.00 | $2,100.00 | | Vague litigation purpose; associate work | 33% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-1-14 | Hoeffner | Partner | Edits to Daubert motion; review Gutierrez transcript | 2.25 | $550.00 | $1,237.50 | | Redundant work; vague litigation purpose | 50% | $618.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-3-14 | Hoeffner | Partner | Edit Daubert motion; review Gutierrez transcript | 2.50 | $550.00 | $1,375.00 | | Redundant work; vague litigation purpose | 50% | $687.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-4-14 | Hoeffner | Partner | Edit Daubert motion; review Gutierrez transcript | 2.00 | $550.00 | $1,100.00 | | Redundant work; vague litigation purpose | 50% | $550.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-6-14 | MLabgold | Partner | Editing Daubert motion; reviewing J. Davilla's pretrial requirements and preparing schedule re same | 1.75 | $700.00 | $1,225.00 | | Redundant work; block billed | 50% | $612.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-8-14 | MLabgold | Partner | Pretrial preparation | 2.50 | $700.00 | $1,750.00 | | Excessive time | 25% | $437.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-9-14 | MLabgold | Partner | Pretrial preparation | 4.25 | $700.00 | $2,975.00 | | Excessive time | 25% | $743.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-10-14 | Hoeffner | Partner | Prepare list of issues, witnesses, documents, and discovery responses to be used at trial | 1.00 | $550.00 | $550.00 | | Associate work | 33% | $181.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review, organize and prepare evidence for trial. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 2-10-14 | MLabgold | Partner | Pretrial preparation; editing Daubert motion | 5.25 | $700.00 | $3,675.00 | | Excessive time; associate work | 33% | $1,212.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-11-14 | Hoeffner | Partner | Prepare exhibit list and deposition digest for Nobbe deposition; edit Daubert motion re Phillip Ward; discussion with MLabgold re same | 7.25 | $550.00 | $3,987.50 | | Associate work; clerical work; excessive time | 50% | $1,993.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 2-12-14 | Hoeffner | Partner | Prepare exhibit list and deposition digest for Nobbe deposition | 6.50 | $550.00 | $3,575.00 | | Associate work; clerical work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 2-12-14 | MLabgold | Partner | Work on exhibit list | 5.00 | $700.00 | $3,500.00 | | Associate work; clerical work; excessive time | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-13-14 | MLabgold | Partner | Pretrial preparation; editing Daubert motion; drafting declaration and finalizing exhibits for motion | 6.50 | $700.00 | $4,550.00 | | Excessive time; associate work | 33% | $1,501.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-13-14 | Hoeffner | Partner | Edit Daubert motion re Phillip Ward; discussion with MLabgold re Daubert motion; review case law re Daubert motions; review and edit proposed Daubert order | 5.50 | $550.00 | $3,025.00 | | Excessive time; redundant work; associate work; block billed | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 2-14-14 | Hoeffner | Partner | Edit Daubert motion re Phillip Ward; review proposed Daubert order | 3.50 | $550.00 | $1,925.00 | | Excessive time; redundant work | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-14-14 | MLabgold | Partner | Finalizing filing and exhibits for Daubert motion; deposition designations | 7.25 | $700.00 | $5,075.00 | | Excessive time; redundant work; clerical work; block billed | 75% | $3,806.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 2-16-14 | Hoeffner | Partner | Prepare exhibit list and deposition digest for Nobbe deposition | 4.00 | $550.00 | $2,200.00 | | Associate work; clerical work; excessive time | 50% | $1,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 2-17-14 | Hoeffner | Partner | Review deposition transcript of Ron Reedy; prepare digest of Reedy testimony and list of deposition exhibits; discussion with MLabgold re same; edit digest of Nobbe deposition | 7.00 | $550.00 | $3,850.00 | | Associate work; clerical work; excessive time | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-17-14 | MLabgold | Partner | Work on preliminary exhibit list; deposition designations | 8.75 | $700.00 | $6,125.00 | | Associate work; clerical work; excessive time | 50% | $3,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 2-18-14 | Hoeffner | Partner | Discussion with MLabgold re demonstratives, case schedule and deposition review; review Court's standing order re pre-trial schedule; correspondence re Daubert motion; email correspondence re jury instruction for rescission; review deposition transcript of Asahi; review deposition transcript of Ushida | 8.25 | $550.00 | $4,537.50 | | Excessive time; vague litigation purpose | 33% | $1,497.38 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-19-14 | Hoeffner | Partner | Review deposition transcript of Ushida; review deposition transcript of Inoue; discussion with MLabgold re deposition review | 6.75 | $550.00 | $3,712.50 | | Excessive time; vague litigation purpose | 33% | $1,225.13 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-20-14 | MLabgold | Partner | Initial selection of discovery responses for pretrial submission; pretrial preparation including exhibit list and deposition designations | 7.00 | $700.00 | $4,900.00 | | Excessive time; associate work | 50% | $2,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-20-14 | Hoeffner | Partner | Review deposition transcript of Balbuena; review and edit draft motion in limine to exclude evidence of fraud; discussion with MLabgold re motions in limine and deposition review; draft outline of motion in limine to exclude evidence of contractually prohibited damages; review and edit administrative motion to suspend page limit and allow reply brief for Daubert motion | 8.50 | $550.00 | $4,675.00 | | Excessive time; associate work; redundant work | 50% | $2,337.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-21-14 | MLabgold | Partner | Pretrial preparation including exhibit list and deposition designations | 7.50 | $700.00 | $5,250.00 | | Excessive time; associate work | 33% | $1,732.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-22-14 | MLabgold | Partner | Pretrial preparation including exhibit list and deposition designations | 6.00 | $700.00 | $4,200.00 | | Excessive time; associate work | 33% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-23-14 | Hoeffner | Partner | Discussion with MLabgold re motions in limine and witness deposition digests; review outline for MIL #3-lay witnesses; review case law in support of MIL #3; review Balbuena exhibits in support of MIL #3 | 2.75 | $550.00 | $1,512.50 | | Associate work | 33% | $499.13 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review motions-in-limine and review, organize and prepare evidence for trial. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys-- both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 2-23-14 | MLabgold | Partner | Pretrial preparation including exhibit list and deposition designations; email to client | 7.50 | $700.00 | $5,250.00 | | Excessive time; vague litigation purpose | 33% | $1,732.50 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-24-14 | MLabgold | Partner | Pretrial preparation including exhibit list and deposition designations | 3.00 | $700.00 | $2,100.00 | | Excessive time; associate work | 33% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-25-14 | Hoeffner | Partner | Review and edit Defendant's motion in limine #1-Fraud | 2.75 | $550.00 | $1,512.50 | | Associate work | 33% | $499.13 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review and edit motions-in-limine. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 2-25-14 | MLabgold | Partner | Discussions with DMakman re MIL#1; editing draft MIL#1; work on exhibit list, undisputed facts and deposition designations; drafting sections for pretrial statement | 7.25 | $700.00 | $5,075.00 | | Excessive time; associate work | 50% | $2,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-26-14 | Hoeffner | Partner | Prepare list of undisputed facts; edit Defendant's motion in limine #1-Fraud; review draft pretrial statement; edit MIL #2-damages; discussion with MLabgold re same | 5.25 | $550.00 | $2,887.50 | | Associate work | 33% | $952.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to review and edit motions-in-limine and pretrial statement. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. |
| 2-26-14 | MLabgold | Partner | Revising MIL #2; continued work on exhibit list, undisputed facts and deposition designations; drafting sections for pretrial statement; legal research re evidentiary issue | 7.00 | $700.00 | $4,900.00 | | Excessive time; associate work | 50% | $2,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-27-14 | Hoeffner | Partner | Edit MIL #2-damages | 2.50 | $550.00 | $1,375.00 | | Excessive time; associate work | 33% | $453.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-27-14 | MLabgold | Partner | Continued work on exhibit list, undisputed facts and deposition designations; drafting sections for pretrial statement; editing draft list of undisputed facts; selecting exhibits for damage expert cross-examination; legal research re evidentiary issues relating to same | 7.25 | $700.00 | $5,075.00 | | Excessive time; associate work | 50% | $2,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible when the firm had no associates to have an associate perform the task. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-28-14 | Hoeffner | Partner | Discussion with MLabgold re pretrial schedule; telephone conference with Plaintiffs' counsel; prepare summary of conference call; review Plaintiffs' summary of meet and confer; compare summary to Plaintiffs' summary of meet and confer; edit MIL #3 and MIL #2 | 8.00 | $550.00 | $4,400.00 | | Associate work; excessive time | 33% | $1,452.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-28-14 | MLabgold | Partner | Preparation for meet & confer; preparing pretrial submissions required by Standing Order and in accordance with agreed procedures and parameters | 8.50 | $700.00 | $5,950.00 | | Associate work; excessive time | 50% | $2,975.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-28-14 | Waiter | Paralegal | Preparing exhibit list; preparation for trial | 25.00 | $150.00 | $3,750.00 | | Block billed; excessive time | 50% | $1,875.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 2-28-14 | TNagashima | Partner | Meeting with Client | 0.50 | ¥50,000 | | ¥25,000.00 | Vague litigation purpose | 50% | $0.00 | ¥12,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-1-14 | Hoeffner | Partner | Edit motions in limine #1 | 1.75 | $550.00 | $962.50 | | Excessive time; associate work | 33% | $317.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-1-14 | MLabgold | Partner | Follow-up on meet and confer; drafting and editing motions in limine; preparing pretrial filings in accordance with Judge Davila's Standing Order | 10.00 | $700.00 | $7,000.00 | | Excessive time; associate work | 50% | $3,500.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-2-14 | Hoeffner | Partner | Prepare proposed jury instructions; discussion with MLabgold re schedule and jury instructions; prepare response to Plaintiff's summary of schedule determined during meet and confer | 8.00 | $550.00 | $4,400.00 | | Associate work; excessive time | 66% | $2,904.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-2-14 | MLabgold | Partner | Work on exhibit list and other sections of pretrial order; Drafting and editing motions in limine | 11.00 | $700.00 | $7,700.00 | | Excessive time; associate work | 50% | $3,850.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-3-14 | Hoeffner | Partner | Prepare proposed jury instructions; edit witness list; review Plaintiffs' witness list; edit Draft Undisputed Facts and Relief South | 12.50 | $550.00 | $6,875.00 | | Associate work; excessive time | 50% | $3,437.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-3-14 | Fanelli | Paralegal | Review trial exhibit list and prepare exhibits for trial per M. Labgold request | 5.20 | $150.00 | $780.00 | | Excessive time | 33% | $257.40 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-3-14 | MLabgold | Partner | Drafting and editing motions in limine; continued work preparing exhibit list and other sections of pretrial order; preparing cross-examination outlines | 14.00 | $700.00 | $9,800.00 | | Excessive time; associate work | 50% | $4,900.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-3-14 | Shaw | Partner | Telephone conference with M. Labgold regarding claims and jury instruction strategy | 0.25 | $700.00 | $175.00 | | Redundant work | 50% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-3-14 | TNagashima | Partner | Reviewing motions in limine | 0.60 | ¥50,000 | | ¥30,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-4-14 | Hoeffner | Partner | Prepare proposed jury instructions; review Plaintiffs' witness list; edit Undisputed Facts; edit motions in limine | 12.25 | $550.00 | $6,737.50 | | Associate work; excessive time | 50% | $3,368.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-4-14 | MLabgold | Partner | Drafting and editing motions in limine; preparing pretrial filings in accordance with Judge Davila's Standing Order; legal research preparing exhibit list; deposition designations; work on Hansen documents re inconsistencies in Navcom documents | 14.75 | $700.00 | $10,325.00 | | Associate work; excessive time; vague litigation purpose | 66% | $6,814.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-4-14 | Fanelli | Paralegal | Teleconference with M. Labgold regarding trial logistics; prepare trial exhibits for trial per M. Labgold request | 1.25 | $150.00 | $187.50 | | Excessive time; clerical work | 33% | $61.88 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-4-14 | Russell | Associate | Draft motion in limine re third-party beneficiaries; research re motion; call with M. Labgold re motion; e-mails to and from M. Labgold re motion | 6.50 | $400.00 | $2,600.00 | | Redundant work; excessive time | 50% | $1,300.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-4-14 | TNagashima | Partner | Reviewing draft motion in limine | 0.40 | ¥50,000 | | ¥20,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥15,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-5-14 | MLabgold | Partner | Drafting and editing motions in limine; preparing pretrial filings; legal research; discussions with local counsel; first draft of jury instructions; selecting documents for Hansen cross-examination, working with paralegal on same and work on Hansen cross-examination outline | 15.00 | $700.00 | $10,500.00 | | Associate work; excessive time; | 66% | $6,930.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-5-14 | Hoeffner | Partner | Prepare proposed jury instructions; review Plaintiffs' witness list; edit Undisputed Facts; edit motions in limine; edit list of disputed facts | 13.00 | $550.00 | $7,150.00 | | Associate work; excessive time; redundant work | 50% | $3,575.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-5-14 | Rigney | Paralegal | Conference with A. Russell re research for motions in limine; retrieve samples and case docket materials for A. Russell; update case docket files | 1.25 | $150.00 | $187.50 | | Clerical work | 33% | $61.88 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 3-5-14 | Makman | Attorney | Research re: actual and special damages for MILs. | 2.00 | $425.00 | $850.00 | | Excessive time | 33% | $280.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-5-14 | Russell | Associate | Draft motion in limine re cover; research re UCC cover; edits to draft motion in limine re third party beneficiaries; research re third party beneficiaries; call with M. Labgold and P. Hoeffner re motions; discussions with J. Castellano re motions; e-mails to and from J. Castellano, M. Labgold re draft motions | 8.50 | $400.00 | $3,400.00 | | Excessive time; redundant work | 33% | $1,122.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-5-14 | Castellano | Partner | Review and revise motion in limine regarding third party beneficiary evidence; emails re same; discussion re same; discussion re motion in limine under UCC cover provision | 0.50 | $500.00 | $250.00 | | Redundant work; vague litigation purpose | 66% | $165.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-6-14 | MLabgold | Partner | Drafting, editing and finalizing motions in limine; preparing pretrial filings; legal research; drafting and editing jury instructions | 15.00 | $700.00 | $10,500.00 | | Associate work; redundant work; excessive time | 66% | $6,930.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-6-14 | Russell | Associate | Draft motion in limine re cover; research re UCC cover; e-mails to and from M. Labgold, P. Hoeffner re draft motion in limine re cover | 8.75 | $400.00 | $3,500.00 | | Excessive time; redundant work | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-6-14 | Makman | Attorney | Review pretrial statement. | 0.80 | $425.00 | $340.00 | | Redundant work | 50% | $170.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-6-14 | Hoeffner | Partner | Edit motions in limine; review withdrawal of original Daubert motion; prepare declaration in support of motions in limine | 12.50 | $550.00 | $6,875.00 | | Redundant work; associate work; excessive time | 66% | $4,537.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-6-14 | Shoemaker | Attorney | Review and editing of five drafts of motions in limine, correspondence with co-counsel re same. | 4.00 | $270.00 | $1,080.00 | | Redundant work; excessive time | 33% | $356.40 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-7-14 | Shoemaker | Attorney | Review local rules and standing orders in response to inquiries, correspond with Labgold, editing and reformatting the witness list; Prepare administrative motion, declaration in support of administrative motion, and proposed order re administrative motion (approx. 1.9 hours); Review final motions in limine sent by co-counsel; Edit administrative motion, declaration in support of administrative motion, and proposed order re administrative motion to match redactions; Review and reformat exhibits 4 and 5, because the ECF system rejects files with electronic signatures or in PDF/A standard (see attached screenshots); Edit of notice paragraphs of motions in limine (per instructions); Co-counsel conference re preparing proposed orders for motions in limine and editing of same; Electronic filing (including editing PDFs to split them and splitting filing) of 24 documents under seal, two motions in limine not under seal, and notice of withdrawal of motion. | 7.00 | $270.00 | $1,890.00 | | Block billed; excessive time; clerical work; redundant work | 75% | $1,417.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.   None of the work is clerical. |
| 3-7-14 | Hoeffner | Partner | Edit motions in limine; review draft joint pretrial conference statement; prepare declaration in support of motions in limine | 10.75 | $550.00 | $5,912.50 | | Excessive time; redundant work | 66% | $3,902.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-7-14 | MLabgold | Partner | Finalizing motions in limine and exhibits in support; preparing pretrial filings; drafting and editing jury instructions; review Navcom motions in limine and outlining oppositions | 16.50 | $700.00 | $11,550.00 | | Excessive time; redundant work; clerical work | 66% | $7,623.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-7-14 | Fry | Associate | E-mails from/to J. Castellano re response to motion in limine to preclude the testimony of Isao Goto; research caselaw re same | 1.50 | $375.00 | $562.50 | | Redundant work | 33% | $185.63 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-7-14 | Makman | Attorney | Review Statement of the case, revise to comply with standing order re: substance of the action. | 2.50 | $425.00 | $1,062.50 | | Redundant work | 50% | $531.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-7-14 | Russell | Associate | E-mail to M. Labgold and P. Hoeffner re other authority for "cover" motion | 0.50 | $400.00 | $200.00 | | Vague litigation purpose | 50% | $100.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-8-14 | MLabgold | Partner | Drafting oppositions to Navcom Motions in limine; legal research re same | 10.00 | $700.00 | $7,000.00 | | Associate work; excessive time | 50% | $3,500.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-8-14 | Castellano | Partner | Emails re motion in limine responses; review motion in limine forwarded by M. Labgold; review draft response forwarded by D. Fry to motion in limine to exclude corporate introduction witness; emails with D. Fry re draft response and cases cited | 2.25 | $500.00 | $1,125.00 | | Associate work; redundant work; vague litigation purpose | 75% | $843.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-8-14 | Hoeffner | Partner | Review Plaintiffs' motions in limine; prepare response to Plaintiffs' MIL re Gutierrez; discussion with MLabgold re Plaintiffs' motions in limine | 4.00 | $550.00 | $2,200.00 | | Excessive time; associate work | 50% | $1,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-8-14 | Fry | Associate | Research caselaw re excluding a corporate-background witness who was not listed on initial disclosures; draft response to motion in limine re same; e-mails to/from M. Labgold re same; call with A. Russell re motion in limine work | 10.00 | $375.00 | $3,750.00 | | Excessive time; redundant work | 50% | $1,875.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-8-14 | Russell | Associate | Draft response to motion in limine; research re draft; e-mails and calls to and from M. Labgold re motion in limine response; call with D. Fry re motion in limine work | 9.75 | $400.00 | $3,900.00 | | Excessive time; redundant work | 66% | $2,574.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-9-14 | Hoeffner | Partner | Review Plaintiffs' motions in limine; prepare response to Plaintiffs' MIL re Gutierrez; discussion with MLabgold re Plaintiffs' motions in limine | 8.00 | $550.00 | $4,400.00 | | Associate work; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-9-14 | MLabgold | Partner | Drafting and editing jury instructions; drafting oppositions to Navcom Motions in limine; legal research re same | 10.00 | $700.00 | $7,000.00 | | Associate work; excessive time | 50% | $3,500.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-9-14 | Makman | Attorney | Draft proposed jury verdict form. | 2.00 | $425.00 | $850.00 | | Excessive time | 33% | $280.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-9-14 | Fry | Associate | Research caselaw re proper scope of expert testimony at trial; draft insert re same; e-mails from/to M. Labgold re same; research caselaw re prohibiting supplementation of an expert report after the close of expert discovery; e-mails from/to P. Hoeffner re same | 4.25 | $375.00 | $1,593.75 | | Excessive time; redundant work | 33% | $525.94 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-9-14 | Castellano | Partner | Emails re motion in limine drafts; review motion in limine regarding 30(b)(6) witness testimony at trial; emails with A. Russell re same; review draft motion response by A. Russell re 30(b)(6) witness; emails re research on expert disclosures; review email research re expert disclosures | 0.75 | $500.00 | $375.00 | | Redundant work; vague litigation purpose | 75% | $281.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-10-14 | Hoeffner | Partner | Prepare objection to Plaintiffs' proposed jury instructions; edit objections to Plaintiffs' proposed jury instructions; prepare response to Plaintiffs' motion in limine re Gutierrez; edit motions in limine; discussion with MLabgold re Plaintiffs' motions in limine and jury instructions | 9.25 | $550.00 | $5,087.50 | | Associate work; excessive time | 50% | $2,543.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-10-14 | MLabgold | Partner | Review, edit and revise jury instructions; preparing objections to Navcom jury instructions; preparing voir dire and jury verdict form; legal research; selecting documents for Hansen cross-examination | 14.00 | $700.00 | $9,800.00 | | Associate work; excessive time | 50% | $4,900.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-10-14 | Russell | Associate | Research re response to third motion in limine | 4.50 | $400.00 | $1,800.00 | | Excessive time | 66% | $1,188.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-11-14 | Hoeffner | Partner | Review Order regarding summary judgment motions; legal research re Rule 26 for opposition to motion in limine; edit proposed verdict form; prepare declaration in support of MIL response; edit motions in limine; discussion with MLabgold re Plaintiffs' motions in limine and jury instructions | 8.00 | $550.00 | $4,400.00 | | Associate work; redundant work; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-11-14 | Makman | Attorney | Review revised jury verdict form, finalize and file oppositions to motions in limine, review court's ruling. | 4.00 | $425.00 | $1,700.00 | | Clerical work | 33% | $561.00 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 3-11-14 | Russell | Associate | Research re exclusion of supplemental expert reports; e-mails to and from M. Labgold re exclusion of supplemental expert reports | 3.25 | $400.00 | $1,300.00 | | Excessive time | 33% | $429.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-11-14 | MLabgold | Partner | Finalizing jury instructions; finalizing voir dire; revising and finalizing verdict form; review Court order; advising client re same | 12.50 | $700.00 | $8,750.00 | | Redundant work; excessive time | 50% | $4,375.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-11-14 | Fry | Associate | E-mails from/to M. Labgold re cases and research project | 0.25 | $375.00 | $93.75 | | Vague litigation purpose | 50% | $46.88 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-12-14 | Hoeffner | Partner | Legal research re attorney fees; prepare memorandum re attorney fees; review and edit joint jury instructions; review Plaintiffs' oppositions to Defendant's motions in limine 1-5; discussion with MLabgold re Plaintiffs' motions in limine and jury instructions | 9.00 | $550.00 | $4,950.00 | | Associate work; redundant work; excessive time | 50% | $2,475.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-12-14 | MLabgold | Partner | Analyzing court order; research re attorney fees and nominal damages; draft letter to opposing counsel re dismissal; revising jury instructions re Court Order; memo to Tnagashima re attorney fees and nominal damages | 13.25 | $700.00 | $9,275.00 | | Associate work; vague litigation purpose; excessive time | 66% | $6,121.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-12-14 | TNagashima | Partner | Reviewing court order; reviewing memo from US attorney re attorney fees | 3.50 | ¥50,000 | | ¥175,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥131,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-12-14 | Makman | Attorney | Research standard for motion for reconsideration, discussions with Attorney Labgold about how to reach settlement, and about meaning of court's order. | 0.70 | $425.00 | $297.50 | | Vague litigation purpose | 75% | $223.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-12-14 | Shaw | Partner | Telephone conference with M. Labgold regarding SJ decisions and case strategy | 0.25 | $700.00 | $175.00 | | Vague litigation purpose | 50% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-13-14 | Hoeffner | Partner | Review and edit joint jury instructions; discussion with MLabgold re motions in limine and jury instructions | 6.75 | $550.00 | $3,712.50 | | Associate work; excessive time | 50% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-14 | MLabgold | Partner | Drafting Ushida direct examination; confirming no possible damages remaining; continued nominal damages attorney fee research; discussion with Tnagashima re Court ordered settlement conference | 10.00 | $700.00 | $7,000.00 | | Associate work; excessive time | 50% | $3,500.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-14 | TNagashima | Partner | Discussion with US attorney re court ordered settlement conference; reviewing draft joint jury instructions | 1.50 | ¥50,000 | | ¥75,000.00 | Redundant work | 50% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-14 | Russell | Associate | E-mail from M. Labgold; review opinion dismissing complaint | 0.75 | $400.00 | $300.00 | | Vague litigation purpose | 100% | $300.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-13-14 | Shaw | Partner | Meeting with A Russell re trial and strategy | 0.25 | $700.00 | $175.00 | | Vague litigation purpose | 33% | $57.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-14-14 | Hoeffner | Partner | Review Order re settlement conference; review and edit joint jury instructions; discussion with MLabgold re Plaintiffs' ordered mediation, pre-trial schedule, and witness testimony | 6.50 | $550.00 | $3,575.00 | | Excessive time; associate work | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-14-14 | TNagashima | Partner | Reviewing Order re settlement conference; reviewing joint jury instructions | 1.30 | ¥50,000 | | ¥65,000.00 | Redundant work | 50% | $0.00 | ¥32,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-14-14 | Makman | Attorney | Research regarding FRCP 56(e). | 3.50 | $425.00 | $1,487.50 | | Vague litigation purpose; excessive time | 66% | $981.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-15-14 | Hoeffner | Partner | Edit mediation conference statement; edit settlement letter | 1.00 | $550.00 | $550.00 | | Redundant work | 33% | $181.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-15-14 | MLabgold | Partner | Drafting Mediation Conference Statement; drafting Confidential Settlement Letter; Review of Plaintiffs' exhibits re ability to meet burden of proof continued work on examination outlines | 8.75 | $700.00 | $6,125.00 | | Redundant work; excessive time | 50% | $3,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-16-14 | Hoeffner | Partner | Edit settlement letter; edit settlement conference statement; discussion with MLabgold re settlement conference | 1.25 | $550.00 | $687.50 | | Redundant work | 33% | $226.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-16-14 | Makman | Attorney | Review proposed settlement papers for mediation. | 0.50 | $425.00 | $212.50 | | Redundant work | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-16-14 | TNagashima | Partner | Reviewing settlement papers | 1.70 | ¥50,000 | | ¥85,000.00 | Redundant work | 50% | $0.00 | ¥42,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-16-14 | MLabgold | Partner | Drafting settlement papers; work on Ushida direct examination; preparing cross outlines | 8.25 | $700.00 | $5,775.00 | | Redundant work; excessive time | 33% | $1,905.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-17-14 | MLabgold | Partner | Finalizing Settlement filings; discussion with Tnagashima re same; review of Navcom's filing; legal research; work on Ushida direct; discussion with Tnagashima re strategy; status letter to client | 9.50 | $700.00 | $6,650.00 | | Associate work; redundant work; excessive time | 50% | $3,325.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-17-14 | Makman | Attorney | Revisions to settlement documents; finalize and get courtesy copies delivered to the Court. | 1.50 | $425.00 | $637.50 | | Clerical work | 50% | $318.75 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 3-17-14 | Shaw | Partner | Telephone conference with M Labgold regarding strategy on mediation statement | 0.25 | $700.00 | $175.00 | | Redundant work | 50% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-17-14 | Hoeffner | Partner | Edit settlement conference statement; edit settlement letter; conference call with MLabgold re same; discussion with MLabgold and Dmakman re settlement conference; review Plaintiffs' settlement conference statement; review and edit Ushida direct outline | 7.75 | $550.00 | $4,262.50 | | Redundant work; excessive time | 33% | $1,406.63 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-17-14 | TNagashima | Partner | Reviewing the final draft of the settlement filings; strategy meeting with US Attorney | 4.50 | ¥50,000 | | ¥225,000.00 | Redundant work; vague litigation purpose | 50% | $0.00 | ¥112,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-17-14 | Russell | Associate | Review opinion dismissing complaint; review filings re MIL | 0.75 | $400.00 | $300.00 | | Vague litigation purpose | 75% | $225.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-18-14 | MLabgold | Partner | Preparing for Settlement Conference and Final Pretrial Conference; continued work on examinations | 5.00 | $700.00 | $3,500.00 | | Excessive time | 33% | $1,155.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-18-14 | Yasutomo | Associate | Witness preparation (Mr. Ushida) | 8.00 | ¥25,000 | | ¥200,000.00 | Excessive time | 25% | $0.00 | ¥50,000.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-18-14 | Russell | Associate | E-mails to and from M. Labgold re motion for directed verdict | 0.25 | $400.00 | $100.00 | | Redundant work | 50% | $50.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-18-14 | Hoeffner | Partner | Discussion with MLabgold re Ushida direct and settlement conference; review and edit Ushida direct outline | 6.50 | $550.00 | $3,575.00 | | Redundant work; excessive time | 33% | $1,179.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-19-14 | Hoeffner | Partner | Review case law re third-party beneficiary status in California; prepare case summaries of the third party cases; prepare response to Plaintiffs' motion | 9.75 | $550.00 | $5,362.50 | | Associate work; excessive time | 50% | $2,681.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-19-14 | Yasutomo | Associate | Witness preparation (Mr. Ushida) | 5.00 | ¥25,000 | | ¥125,000.00 | Excessive time | 25% | $0.00 | ¥31,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-19-14 | MLabgold | Partner | Preparing for Settlement Conference and Final Pretrial Conference; Reviewing Plaintiffs' motion for clarification; preparing opposition to same; legal research | 8.50 | $700.00 | $5,950.00 | | Excessive time; associate work | 50% | $2,975.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-19-14 | Russell | Associate | Research re motion in limine; call with DX Labgold re research | 5.00 | $400.00 | $2,000.00 | | Excessive time; vague litigation purpose | 50% | $1,000.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-19-14 | TNagashima | Partner | Preparing for Final Pretrial Conference | 1.50 | ¥50,000 | | ¥75,000.00 | Redundant work | 50% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-19-14 | Shaw | Partner | Meeting with A Russell regarding research | 0.25 | $700.00 | $175.00 | | Redundant work; vague litigation purpose | 75% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-20-14 | Yasutomo | Associate | Witness preparation (Mr. Ushida) | 5.00 | ¥25,000 | | ¥125,000.00 | Excessive time | 25% | $0.00 | ¥31,250.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-20-14 | Hoeffner | Partner | Edit response to Plaintiffs' motion; discussion with MLabgold re Plaintiffs' Administrative Motion for Clarification and Court's Order; review Court's Order re Administrative motion; review Order re motions in limine | 8.00 | $550.00 | $4,400.00 | | Excessive time; redundant work | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-20-14 | MLabgold | Partner | Preparing opposition to motion for clarification; review of Court's order re clarification; analysis of impact of same; discussions re same | 6.75 | $700.00 | $4,725.00 | | Excessive time; redundant work | 50% | $2,362.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-20-14 | Makman | Attorney | Revisions to opposition to motion for clarification, review order on said motion. | 1.00 | $425.00 | $425.00 | | Redundant work | 50% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-20-14 | TNagashima | Partner | Reviewing opposition draft to motion for clarification in view of Court's order re clarification | 14.30 | ¥50,000 | | ¥715,000.00 | Redundant work; excessive time; vague litigation purpose | 75% | $0.00 | ¥536,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-20-14 | Hirofumi Kato | Paralegal | Reviewing Plaintiffs' motion for clarification; corresponding with US attorneys | 0.50 | ¥22,000 | | ¥11,000.00 | Vague litigation purpose | 50% | $0.00 | ¥5,500.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-21-14 | Hoeffner | Partner | Discussion with MLabgold re settlement conference and motion in limine 6; edit motion in limine 6; edit motion in limine 6 declaration | 7.50 | $550.00 | $4,125.00 | | Redundant work | 33% | $1,361.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-21-14 | Makman | Attorney | Attend Settlement Conference, and First Final Pretrial Conference, file motion in limine No. 6. | 6.00 | $425.00 | $2,550.00 | | Redundant work | 33% | $841.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-21-14 | MLabgold | Partner | Preparing for settlement conference and final pretrial conference; attending same; preparing motion in limine #6 | 7.00 | $700.00 | $4,900.00 | | Redundant work | 33% | $1,617.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-21-14 | TNagashima | Partner | Preparing for settlement conference and final pretrial conference; attending same; preparing motion in limine #6 | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; excessive time | 66% | $0.00 | ¥330,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-22-14 | Hoeffner | Partner | Discussion with MLabgold re settlement conference, damages, and pending motions in limine | 1.00 | $550.00 | $550.00 | | Vague litigation purpose | 50% | $275.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-23-14 | TNagashima | Partner | Preparing for settlement conference and motion in limine | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; excessive time | 75% | $0.00 | ¥375,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-24-14 | MLabgold | Partner | Amending jury instructions per Court's orders; addressing other scheduling issues | 4.50 | $700.00 | $3,150.00 | | Associate work; excessive time; vague litigation purpose | 66% | $2,079.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-24-14 | Russell | Associate | Review new motion in limine, motion for clarification, ruling on motion for clarification; draft pro hac forms; e-mail re pro hac forms | 1.25 | $400.00 | $500.00 | | Redundant work; vague litigation purpose | 33% | $165.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-24-14 | TNagashima | Partner | Reviewing amended jury instructions | 1.50 | ¥50,000 | | ¥75,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥56,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-24-14 | Hoeffner | Partner | Prepare summary of summary judgment Order and clarification Order; discussion with MLabgold re motions in limine and orders | 5.75 | $550.00 | $3,162.50 | | Vague litigation purpose; associate work; excessive time | 66% | $2,087.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-25-14 | Hoeffner | Partner | Edit verdict form; edit jury instructions; discussion with MLabgold re verdict form and jury instructions | 6.50 | $550.00 | $3,575.00 | | Associate work; redundant work; excessive time | 50% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-25-14 | MLabgold | Partner | Amending jury instructions; amending proposed jury verdict form; legal research re waiver of nominal damages claims; finalizing revised jury instructions and verdict form | 6.00 | $700.00 | $4,200.00 | | Associate work; redundant work; excessive time | 50% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-25-14 | Makman | Attorney | Finalize and file amended proposed jury verdict form. | 0.50 | $425.00 | $212.50 | | Clerical work | 33% | $70.13 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 3-25-14 | Shaw | Partner | Telephone conference with M. Labgold regarding jury instructions; find sample for same | 0.25 | $700.00 | $175.00 | | Redundant work | 75% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-25-14 | TNagashima | Partner | Reviewing amended jury instructions and jury verdict form; discussions with US Attroneys | 13.50 | ¥50,000 | | ¥675,000.00 | Redundant work; vague litigation purpose; excessive time | 75% | $0.00 | ¥506,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-25-14 | Russell | Associate | Research re nominal damages; call with M. Labgold re research | 1.25 | $400.00 | $500.00 | | Vague litigation purpose | 33% | $165.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-26-14 | MLabgold | Partner | Review Navcom opposition to MIL#6; reviewing cases relied upon by Navcom and preparing arguments in response; preparing for final pretrial conference; revising deposition designations in light of new Navcom positions; revising cross-examination outlines | 8.00 | $700.00 | $5,600.00 | | Excessive time; associate work | 50% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-26-14 | Shaw | Partner | Telephone conference with M. Labgold on trial strategy | 0.25 | $700.00 | $175.00 | | Redundant work | 33% | $57.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-26-14 | Hoeffner | Partner | Edit offer of judgment; discussion with MLabgold re offer of judgment; review Plaintiff's opposition to motion in limine number 6; review exhibits to Plaintiff's opposition | 8.25 | $550.00 | $4,537.50 | | Redundant work; excessive time | 50% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-26-14 | Russell | Associate | Review motion in limine response; e-mails to and from M. Labgold, D. Fanelli re documents, research | 1.00 | $400.00 | $400.00 | | Redundant work; vague litigation purpose | 33% | $132.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-26-14 | Makman | Attorney | Research regarding attorney fees; draft offer of judgment. | 1.50 | $425.00 | $637.50 | | Vague litigation purpose | 33% | $210.38 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-27-14 | MLabgold | Partner | Negotiation with opposing counsel re handling of witnesses at trial; continued revision of deposition designations; preparing exhibit list for cross-examination; legal research | 8.00 | $700.00 | $5,600.00 | | Associate work; excessive time; vague litigation purpose | 50% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|--------------------|-----------------|-----------------|---------------------------------------------|
| 3-27-14 | Hoeffner | Partner | Edit correspondence with Plaintiffs' counsel re witnesses; prepare summary of Plaintiffs' response to motion in limine number 6; discussion with MLabgold re motion in limine 6 | 6.75 | $550.00 | $3,712.50 | | Associate work; vague litigation purpose; excessive time | 50% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-27-14 | Russell | Associate | Research re nominal damages, waiver | 2.25 | $400.00 | $900.00 | | Vague litigation purpose | 33% | $297.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-27-14 | TNagashima | Partner | Meeting with Client | 2.00 | ¥50,000 | | ¥100,000.00 | Vague litigation purpose | 75% | $0.00 | ¥75,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-28-14 | Hoeffner | Partner | Review Balbuena designations; discussion with ML re designations | 4.25 | $550.00 | $2,337.50 | | Excessive time; associate work | 50% | $1,168.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-28-14 | MLabgold | Partner | Negotiation with opposing counsel re handling of witnesses at trial; continued revision of deposition designations; preparing exhibit list for cross-examination; legal research | 5.00 | $700.00 | $3,500.00 | | Excessive time; associate work | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-28-14 | TNagashima | Partner | Reviewing revision of deposition designations | 1.70 | ¥50,000 | | ¥85,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥63,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-28-14 | Makman | Attorney | Research and draft memo regarding attorney fees issue. | 3.00 | $425.00 | $1,275.00 | | Vague litigation purpose; excessive time | 33% | $420.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-28-14 | Russell | Associate | Research re nominal damages, waiver; e-mail to M. Labgold re nominal damages, waiver | 4.75 | $400.00 | $1,900.00 | | Vague litigation purpose; redundant work; excessive time | 50% | $950.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-29-14 | MLabgold | Partner | Legal research re nominal damages and attorney fees issues; revising cross-examination outlines; proofing designations with paralegal | 3.50 | $700.00 | $2,450.00 | | Associate work; redundant work; vague litigation purpose | 50% | $1,225.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-29-14 | Hoeffner | Partner | Legal research re subject matter jurisdiction; review notice of removal; review stipulation of dismissal | 2.75 | $550.00 | $1,512.50 | | Associate work; vague litigation purpose | 75% | $1,134.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-30-14 | MLabgold | Partner | Proofing final designations with paralegal; work on demonstrative exhibits | 3.00 | $700.00 | $2,100.00 | | Clerical; excessive time; redundant work | 50% | $1,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-31-14 | MLabgold | Partner | Continued legal research on nominal damages issues; discussion with local counsel re same; preparing for Final Pretrial Conference; finalizing revised deposition designations | 6.75 | $700.00 | $4,725.00 | | Associate work; redundant work; excessive time | 50% | $2,362.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-31-14 | Waiter | Paralegal | Exhibit list; assist MLabgold with documents for Hansen cross examination; trial preparation; research local vendors for trial; trial logistics | 84.00 | $150.00 | $12,600.00 | | Block billed; excessive time; vague litigation purpose; clerical work | 66% | $8,316.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure.   None of the work is clerical. |
| 3-31-14 | Hoeffner | Partner | Review Inoue designations; review Fujita designations; review memorandum regarding attorney fees | 6.00 | $550.00 | $3,300.00 | | Excessive time; associate work | 50% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-31-14 | TNagashima | Partner | Preparing for Final Pretrial Conference an reviewing final revised draft of deposition designations | 2.40 | ¥50,000 | | ¥120,000.00 | Redundant work | 50% | $0.00 | ¥60,000.00 | In addition to the General Responses, Oki asserts these were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-31-14 | Russell | Associate | E-mail to M Labgold re nominal damages research; review nominal damages research; draft memo re nominal damages | 1.00 | $400.00 | $400.00 | | Vague litigation purpose | 33% | $132.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-31-14 | Makman | Attorney | Research, draft and circulate memo regarding attorney fees issue. | 3.50 | $425.00 | $1,487.50 | | Vague litigation purpose; excessive time | 50% | $743.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-1-14 | Hoeffner | Partner | Edit stipulations regarding witnesses and depositions; edit proposed order re use of depositions at trial; discussion with MLabgold re stipulations and order; prepare list of Requests for Admission proved by Defendant; legal research re unjust enrichment | 7.75 | $550.00 | $4,262.50 | | Associate work; redundant work; excessive time | 66% | $2,813.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-1-14 | MLabgold | Partner | Revising stipulation re use of depositions; review Navcom's counter-proposal re live witnesses and preparing response; drafting Galyean cross-examination; work on nominal damages issue | 4.00 | $700.00 | $2,800.00 | | Associate work; vague litigation purpose; excessive time | 33% | $924.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-1-14 | TNagashima | Partner | Reviewing e-mail from US attorney re. pretrial activities and telephone conference with Client | 0.60 | ¥50,000 | | ¥30,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥22,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-1-14 | Russell | Associate | Draft memo re nominal damages waiver research; addtional research on Rule 54(c); e-mail to M. Labgold re research; research re rescission; discussion with J. Shaw re unjust enrichment, rescission | 4.50 | $400.00 | $1,800.00 | | Vague litigation purpose; excessive time | 50% | $900.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-1-14 | Shaw | Partner | Telephone conference with M Labgold regarding causes of action; meeting with A Russell regarding unjust enrichment | 0.25 | $700.00 | $175.00 | | Vague litigation purpose; redundant work | 50% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-2-14 | MLabgold | Partner | Galyean cross examination; negotiation re live witnesses; preparation for Final Pretrial Conference; legal research re unjust enrichment | 3.25 | $700.00 | $2,275.00 | | Associate work; vague litigation purpose | 33% | $750.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-2-14 | Hoeffner | Partner | Discussion with MLabgold re unjust enrichment and attorney fees; prepare list of Requests for Admission proved by Defendant; legal research re unjust enrichment; prepare memorandum on unjust enrichment; review DMakman memorandum and supporting case law re attorney fees | 8.00 | $550.00 | $4,400.00 | | Redundant work; associate work; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-2-14 | TNagashima | Partner | Reviewing memo on unjust enrichment | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥30,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-2-14 | Russell | Associate | Research re unjust enrichment | 2.75 | $400.00 | $1,100.00 | | Vague litigation purpose | 33% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-2-14 | Shaw | Partner | Email from M Labgold with email string from plaintiff; review same and telephone conference with M Labgold re same | 0.25 | $700.00 | $175.00 | | Vague litigation purpose | 50% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-3-14 | Hoeffner | Partner | Legal research re unjust enrichment; prepare memorandum on unjust enrichment; discussion with Mlabgold re unjust enrichment claim | 7.00 | $550.00 | $3,850.00 | | Associate work; redundant work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-3-14 | MLabgold | Partner | Preparation for pretrial conference; preparation for oral argument; drafting cross-examinations; reviewing Judge Davila's prior decisions on unjust enrichment. | 7.50 | $700.00 | $5,250.00 | | Excessive time | 25% | $1,312.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-3-14 | TNagashima | Partner | Reviewing memo on unjust enrichment | 1.30 | ¥50,000 | | ¥65,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥48,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-3-14 | Russell | Associate | Research re unjust enrichment; review documents; check docket; discussion with J. Shaw re unjust enrichment | 3.50 | $400.00 | $1,400.00 | | Vague litigation purpose; clerical work; redundant work; excessive time | 66% | $924.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 4-4-14 | Hoeffner | Partner | Discussion with MLabgold re pre-trial hearing; review Plaintiffs' interrogatory responses | 2.50 | $550.00 | $1,375.00 | | Associate work; redundant work; vague litigation purpose | 66% | $907.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-4-14 | Makman | Attorney | Prepare for and attend Final Pretrial Conference. | 2.00 | $425.00 | $850.00 | | Redundant work | 33% | $280.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-4-14 | TNagashima | Partner | Discussion with US attorney and meeting with client | 1.00 | ¥50,000 | | ¥50,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥37,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-4-14 | MLabgold | Partner | Pretrial conference; post-conference discussion with local counsel; report to TNagashima and client; preparing cross-examination | 6.00 | $700.00 | $4,200.00 | | Redundant work; vague litigation purpose; excessive time | 33% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-5-14 | TNagashima | Partner | Reviewing e-mail from US attorney re. pretrial conference | 1.80 | ¥50,000 | | ¥90,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥67,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-6-14 | MLabgold | Partner | Work on Galyean cross-examination; revising designations in light of recent events | 9.25 | $700.00 | $6,475.00 | | Excessive time; redundant work | 33% | $2,136.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-6-14 | TNagashima | Partner | Reviewing Ushida direct testimony | 0.60 | ¥50,000 | | ¥30,000.00 | Vague litigation purpose; redundant work | 50% | $0.00 | ¥15,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-7-14 | Hoeffner | Partner | Correspondence with opposing counsel re discovery designations; review all discovery to determine what should be designated for use at trial; review all deposition designations | 7.75 | $550.00 | $4,262.50 | | Associate work; excessive time | 50% | $2,131.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-7-14 | Makman | Attorney | Order transcripts. | 0.20 | $425.00 | $85.00 | | Clerical work | 50% | $42.50 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 4-7-14 | MLabgold | Partner | Work on Galyean cross-examination; revising designations re damages issues; discussion with PHoeffner re discovery designations | 8.75 | $700.00 | $6,125.00 | | Redundant work; excessive time; associate work | 50% | $3,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-7-14 | TNagashima | Partner | Discussions with US attorney as to trial schedule | 1.80 | ¥50,000 | | ¥90,000.00 | Redundant work; vague litigation purpose | 50% | $0.00 | ¥45,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-7-14 | Fanelli | Paralegal | Prepare documents for trial per M. Labgold request | 2.25 | $150.00 | $337.50 | | Vague litigation purpose | 25% | $84.38 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-8-14 | Hoeffner | Partner | Review all discovery to determine what should be designated for use at trial; review and edit all deposition designations | 7.00 | $550.00 | $3,850.00 | | Associate work; excessive time | 50% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-8-14 | Makman | Attorney | Review and file deposition designations and discovery designations. | 0.50 | $425.00 | $212.50 | | Clerical work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 4-8-14 | MLabgold | Partner | Finalizing binders for submission to the Court; continued work on cross-examination outlines; preparing discovery designations submission per standing order; finalizing deposition designations; reviewing Plaintiffs' submissions; outlining objections to same | 8.50 | $700.00 | $5,950.00 | | Clerical work; associate work; excessive time | 50% | $2,975.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 4-8-14 | TNagashima | Partner | Reviewing cross-examination outlines | 1.20 | ¥50,000 | | ¥60,000.00 | Vague litigation purpose; redundant work | 75% | $0.00 | ¥45,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-9-14 | Russell | Associate | Review docket, documents re conference call; review of documents from Labgold FTP | 1.25 | $400.00 | $500.00 | | Clerical work; vague litigation purpose | 50% | $250.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 4-9-14 | Hoeffner | Partner | Review Plaintiffs' deposition designations and prepare list of counter-designations; review order re motions in limine | 7.50 | $550.00 | $4,125.00 | | Excessive time; associate work | 50% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-9-14 | Makman | Attorney | Review Second Order re: Motions in Limine. | 0.20 | $425.00 | $85.00 | | Redundant work; vague litigation purpose | 33% | $28.05 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-9-14 | TNagashima | Partner | Reviewing order re. motions in limine | 0.70 | ¥50,000 | | ¥35,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥26,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-9-14 | Hirofumi Kato | Paralegal | Searching docments for sending to US attorney | 1.50 | ¥22,000 | | ¥33,000.00 | Vague litigation purpose | 33% | $0.00 | ¥10,890.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-10-14 | Hoeffner | Partner | Edit Joint Neutral Statement; correspondence with opposing counsel re deposition designations; review Plaintiffs' deposition designations and prepare list of objections | 7.75 | $550.00 | $4,262.50 | | Associate work; excessive time; redundant work | 50% | $2,131.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 4-10-14 | MLabgold | Partner | Review of Court's decision on Motion in Limine and analyzing effect on scope of issues at trial; discussions with PHoeffner and TNagashima re same; drafting and editing court-ordered joint neutral statement; reviewing transcript from pretrial conference; discussions with opposing counsel re consolidated witness lists and objections to designations; preparing objections to Plaintiffs; deposition designations; work on draft Hansen cross-examination outline; reviewing relevant documents for same | 11.25 | $700.00 | $7,875.00 | | Associate work; redundant work; excessive time | 50% | $3,937.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-10-14 | TNagashima | Partner | Reviewing Court's decision on Motion in Limine discussions with US attorney | 1.20 | ¥50,000 | | ¥60,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥45,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-10-14 | Hirofumi Kato | Paralegal | Checking the translations done by Plaintiff | 3.00 | ¥22,000 | | ¥66,000.00 | Vague litigation purpose | 33% | $0.00 | ¥21,780.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-10-14 | Makman | Attorney | Review neutral statement. | 0.20 | $425.00 | $85.00 | | Vague litigation purpose | 50% | $42.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-10-14 | Russell | Associate | Review motions, orders for M. Labgold; e-mail to M. Labgold, P. Hoeffner re motions/orders; trial preparations; conference call with M. Labgold, P. Hoeffner, M. Rigney, and D. Fanelli re trial preparations | 5.00 | $400.00 | $2,000.00 | | Vague litigation purpose; excessive time | 33% | $660.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-11-14 | Hoeffner | Partner | Prepare list of objections to Plaintiffs' deposition designations; review Plaintiffs' discovery designations; review Plaintiffs' objections to discovery designations; edit trial stipulation number 7; edit objections to Plaintiffs' designated experts | 8.00 | $550.00 | $4,400.00 | | Associate work; excessive time | 50% | $2,200.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-11-14 | MLabgold | Partner | Review Plaintiffs' discovery designations; review Plaintiffs' objections to Oki's discovery designations; editing trial stipulation number 7; editing objections to Plaintiffs' designated experts. | 9.25 | $700.00 | $6,475.00 | | Excessive time; redundant work; associate work | 50% | $3,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-11-14 | TNagashima | Partner | Reviewing Plaintiffs' discovery designations | 1.50 | ¥50,000 | | ¥75,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥56,250.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-11-14 | Hirofumi Kato | Paralegal | Checking the translations done by Plaintiff | 1.50 | ¥22,000 | | ¥33,000.00 | Vague litigation purpose | 33% | $0.00 | ¥10,890.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-11-14 | Fanelli | Paralegal | Research and contact vendors to prepare documents and electronic production databases for trial per M. Labgold request | 1.00 | $150.00 | $150.00 | | Vague litigation purpose; clerical work | 33% | $49.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 4-11-14 | Rigney | Paralegal | Conference with D. Fanelli and A Russell re trial preparations and logistics; prepare trial materials for California; update case files and coordinate production databases | 2.50 | $150.00 | $375.00 | | Vague litigation purpose; clerical work | 33% | $123.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-11-14 | Russell | Associate | Review motions, orders; coordinate re document production databases; trial preparations | 2.50 | $400.00 | $1,000.00 | | Vague litigation purpose; clerical work | 50% | $500.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 4-12-14 | MLabgold | Partner | Preparing cross-examination outlines. | 8.25 | $700.00 | $5,775.00 | | Excessive time | 33% | $1,905.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-12-14 | TNagashima | Partner | Discussions with US attorney as to cross-examination | 0.80 | ¥50,000 | | ¥40,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥30,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-13-14 | MLabgold | Partner | Preparing cross-examination outlines. | 6.00 | $700.00 | $4,200.00 | | Excessive time | 33% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-13-14 | Russell | Associate | Review motions, orders, Hansen damages report, transcripts | 4.25 | $400.00 | $1,700.00 | | Vague litigation purpose; excessive time; redundant work | 50% | $850.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-14-14 | Rigney | Paralegal | Set-up war room; trial preparations | 13.00 | $150.00 | $1,950.00 | | Excessive time; clerical work | 66% | $1,287.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 4-14-14 | Hoeffner | Partner | Trial preparation; review Order re summary judgment; review clarification Order re summary judgment | 13.00 | $550.00 | $7,150.00 | | Excessive time; vague litigation purpose | 50% | $3,575.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-14-14 | TNagashima | Partner | Reviewing Trial materials | 1.60 | ¥50,000 | | ¥80,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥60,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-14-14 | Makman | Attorney | Contact court regarding exhibit binder. | 0.20 | $425.00 | $85.00 | | Vague litigation purpose; clerical work | 33% | $28.05 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 4-14-14 | Russell | Associate | Trial preparations; meeting with M. Labgold re trial strategy; discussions with M. Labgold and P. Hoeffner re trial strategy | 8.75 | $400.00 | $3,500.00 | | Vague litigation purpose; clerical work; redundant work; excessive time | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 4-15-14 | Hoeffner | Partner | Prepare outline of Opening Statement; review trial exhibits for use in opening statement | 12.00 | $550.00 | $6,600.00 | | Excessive time | 33% | $2,178.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-15-14 | MLabgold | Partner | Pretrial preparation including opening statement, cross- examination outlines and exhibits; preparing evidentiary arguments | 15.00 | $700.00 | $10,500.00 | | Excessive time | 33% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-15-14 | Rigney | Paralegal | Set-up war room; trial preparations | 15.50 | $150.00 | $2,325.00 | | Excessive time; clerical work | 66% | $1,534.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 4-15-14 | Russell | Associate | Review and outline deposition transcripts; discussions with M. Labgold and P. Hoeffner re trial strategy; miscellaneous tasks related to trial | 11.50 | $400.00 | $4,600.00 | | Excessive time; redundant work; vague litigation purpose | 66% | $3,036.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-15-14 | TNagashima | Partner | Discussing protective order issues with US attorney | 0.80 | ¥50,000 | | ¥40,000.00 | Vague litigation purpose | 50% | $0.00 | ¥20,000.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-16-14 | MLabgold | Partner | Pretrial preparation including opening statement, cross- examination outlines and exhibits; preparing evidentiary arguments | 15.00 | $700.00 | $10,500.00 | | Excessive time | 33% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-16-14 | Rigney | Paralegal | Set-up war room; trial preparations | 14.00 | $150.00 | $2,100.00 | | Excessive time; clerical work | 66% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 4-16-14 | O'Byrne | Partner | Review trial brief filed by Navcom; research cases cited therein; review same; drafting memo to A Russell re accuracy of citations to caselaw; drafting memo to A Russell re accuracy of Navcom trial brief citations; additional caselaw research re evaluating accuracy of legal propositions therein; review same; revise and complete memo on trial memo; sent to A Russell for review and comment; review cases from A Russell re untimeliness of late-filed Mils; email to A Russell re same | 6.00 | $500.00 | $3,000.00 | | Redundant work; associate work | 50% | $1,500.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-16-14 | Hoeffner | Partner | Review Plaintiffs' Trial Brief; Prepare Objections to Plaintiffs' Trial Brief; review and edit opening statement | 13.50 | $550.00 | $7,425.00 | | Redundant work; excessive time; associate work | 50% | $3,712.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-16-14 | TNagashima | Partner | Reviewing Plaintiffs' trial brief | 1.90 | ¥50,000 | | ¥95,000.00 | Redundant work; vague litigation purpose | 50% | $0.00 | ¥47,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-16-14 | Russell | Associate | Review transcripts, discussions with M. Labgold and P. Hoeffner re trial strategy, call with J. Castellano re response to trial brief; e-mails to and from S. O'Byrne, J. Shaw, D. Fry re trial brief; draft opening; review Galyean cross outline; miscellaneous tasks related to trial | 15.25 | $400.00 | $6,100.00 | | Vague litigation purpose; redundant work; excessive time | 50% | $3,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-17-14 | Hoeffner | Partner | Prepare Objections to Plaintiffs' Trial Brief; prepare design flow section for Ward cross-examination; trial preparation regarding order of witnesses and time constraints; review and edit opening statement | 13.50 | $550.00 | $7,425.00 | | Associate work; excessive time | 33% | $2,450.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-17-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 8.75 | $150.00 | $1,312.50 | | Excessive time | 33% | $433.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-17-14 | MLabgold | Partner | Pretrial preparation including opening statement, cross- examination outlines and exhibits; preparing evidentiary arguments | 15.00 | $700.00 | $10,500.00 | | Excessive time; associate work | 33% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-17-14 | Russell | Associate | Edits to draft Galyean cross; review NavCom's trial brief; edits to reply to NavCom's trial brief; e-mails to and from M. Labgold, P. Hoeffner re edits to trial brief; discussions with M. Labgold, P. Hoeffner, and D. Makman re trial strategy; miscellaneous tasks related to trial | 14.75 | $400.00 | $5,900.00 | | Excessive time; redundant work; vague litigation purpose | 50% | $2,950.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-17-14 | Makman | Attorney | Review trial brief, and file objections thereto. | 0.60 | $425.00 | $255.00 | | Redundant work | 33% | $84.15 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-17-14 | TNagashima | Partner | Reviewing Objections to Plaintiffs' Trial Brief | 1.60 | ¥50,000 | | ¥80,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥60,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-18-14 | O'Byrne | Partner | Email from A Russell re additional research needed into 9th Cir. cases; westlaw research re same; email to A Russell with results, questions and summary of cases reviewed; additional research on motions in limine on expert testimony, N.D. Cal. and Judge Davila; review cases; email summary and cases to A Russell | 3.50 | $500.00 | $1,750.00 | | Associate work; redundant work; vague litigation purpose | 75% | $1,312.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-18-14 | Makman | Attorney | File transcript order. | 0.20 | $425.00 | $85.00 | | Clerical work | 50% | $42.50 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 4-18-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 12.75 | $150.00 | $1,912.50 | | Excessive time | 33% | $631.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-18-14 | Hoeffner | Partner | Prepare design flow questions for Plaintiffs' expert Ward; review and edit Galyean cross-examination script | 11.00 | $550.00 | $6,050.00 | | Excessive time | 33% | $1,996.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-18-14 | MLabgold | Partner | Pretrial preparation including opening statement, cross- examination outlines and exhibits; preparing evidentiary arguments | 15.00 | $700.00 | $10,500.00 | | Excessive time; associate work | 33% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-18-14 | Russell | Associate | Draft cross questions for Hansen cross; review Ward and Hansen reports; discussions with M. Labgold and P. Hoeffner re realtime reporting setup; meet court reporter for realtime reporting setup; miscellaneous tasks related to trial | 15.25 | $400.00 | $6,100.00 | | Redundant work; excessive time; vague litigation purpose | 50% | $3,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-18-14 | TNagashima | Partner | Reviewing Objections to Plaintiffs' Trial Brief | 2.50 | ¥50,000 | | ¥125,000.00 | Redundant work; vague litigation purpose | 75% | $0.00 | ¥93,750.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-19-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 14.50 | $150.00 | $2,175.00 | | Excessive time | 33% | $717.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-19-14 | Hoeffner | Partner | Prepare design flow questions for Plaintiffs' expert Ward; review and edit Galyean cross-examination script | 12.75 | $550.00 | $7,012.50 | | Excessive time | 33% | $2,314.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-19-14 | MLabgold | Partner | Pretrial preparation including opening statement, cross- examination outlines and exhibits | 15.00 | $700.00 | $10,500.00 | | Excessive time | 33% | $3,465.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-19-14 | Russell | Associate | Draft Hansen cross; review Hansen report and attachments; discussions with M. Labgold and P. Hoeffner re trial strategy, demonstratives, cross examinations; miscellaneous tasks related to trial | 15.25 | $400.00 | $6,100.00 | | Redundant work; excessive time; vague litigation purpose | 50% | $3,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-19-14 | TNagashima | Partner | Reviewing opening statements, cross examination outlines | 15.00 | ¥50,000 | | ¥750,000.00 | Redundant work; vague litigation purpose; excessive time | 75% | $0.00 | ¥562,500.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-20-14 | Hoeffner | Partner | Object to Plaintiffs' trial exhibits; edit opening statement; review and prepare objections to Plaintiffs' opening demonstratives; Legal research re FRCP Rule 26 regarding Ward's expert report and testimony; provide Defendant's opening exhibit to Plaintiffs | 14.75 | $550.00 | $8,112.50 | | Associate work; redundant work; excessive time | 50% | $4,056.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-20-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 14.00 | $150.00 | $2,100.00 | | Excessive time | 33% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-20-14 | MLabgold | Partner | Pretrial preparation including opening statement. | 16.00 | $700.00 | $11,200.00 | | Excessive time | 33% | $3,696.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-20-14 | Russell | Associate | Draft Hansen cross; review trial exhibits for objections; review opposing demonstratives for objections; research re objections to demonstratives; discussions with M. Labgold, P. Hoeffner re trial strategy; miscellaneous tasks related to trial | 15.00 | $400.00 | $6,000.00 | | Redundant work; excessive time; vague litigation purpose | 50% | $3,000.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-20-14 | TNagashima | Partner | Pretrial preparation; discussions with US attorneys | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose; excessive time | 75% | $0.00 | ¥375,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-21-14 | Hoeffner | Partner | Jury selection; correspondence with Plaintiffs' counsel re deposition designations; prepare legal memorandum re objection to Plaintiffs' expert presenting a tutorial at trial; edit opening statement; correspondence and discussion with counsel for Peregrine re Plaintiffs' use of Confidential Peregrine documents | 15.00 | $550.00 | $8,250.00 | | Associate work; excessive time | 25% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-21-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 18.75 | $150.00 | $2,812.50 | | Excessive time | 33% | $928.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-21-14 | MLabgold | Partner | Final pre-trial issues before the Court; jury selection; finalizing opening arguments; finalizing Knight cross-examination | 16.00 | $700.00 | $11,200.00 | | Excessive time | 25% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-21-14 | Russell | Associate | Attend jury selection; assist in preparation for trial and jury selection; assist M. Labgold with development of opening statement; edits to Galyean cross; objections to NavCom exhibits; objections to NavCom opening demonstratives; e-mails to and from opposing counsel re exhibits, demonstratives, deposition designations; discussions with M. Labgold, P. Hoeffner re trial strategy; miscellaneous tasks related to trial | 16.50 | $400.00 | $6,600.00 | | Redundant work; excessive time | 25% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-21-14 | Makman | Attorney | Jury trial. | 4.00 | $425.00 | $1,700.00 | | Redundant work; vague litigation purpose | 100% | $1,700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-21-14 | TNagashima | Partner | Attending Jury trial | 10.00 | ¥50,000 | | ¥50,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥50,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-22-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 18.25 | $150.00 | $2,737.50 | | Excessive time | 33% | $903.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-22-14 | MLabgold | Partner | Attending trial; preparing cross-examination; review of daily transcript; various evidentiary issues and compliance with stipulations | 16.00 | $700.00 | $11,200.00 | | Excessive time | 25% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-22-14 | Hoeffner | Partner | Trial; prepare counter-designations to Plaintiffs' deposition designations | 13.50 | $550.00 | $7,425.00 | | Excessive time; associate work | 25% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-22-14 | Russell | Associate | Attend trial day; objections to plaintiffs' Ward and Hansen demonstratives; preparation for argument of objections; research re objections; discussions with M. Labgold and P. Hoeffner re trial strategy, objections, Galyean cross; prepare exhibits for Galyean cross; miscellaneous tasks related to trial | 16.25 | $400.00 | $6,500.00 | | Redundant work; excessive time | 25% | $1,625.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-22-14 | Makman | Attorney | Jury trial. | 8.00 | $425.00 | $3,400.00 | | Redundant work; vague litigation purpose | 100% | $3,400.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-22-14 | TNagashima | Partner | attending jury trial; reviewing transcripts; discussions with US attorneys | 15.00 | ¥50,000 | | ¥750,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥750,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-23-14 | Hoeffner | Partner | Trial; prepare Ward motion to exclude tutorial; prepare deposition counter-designations and objections | 11.25 | $550.00 | $6,187.50 | | Associate work; excessive time | 25% | $1,546.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-23-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 16.00 | $150.00 | $2,400.00 | | Excessive time | 25% | $600.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-23-14 | MLabgold | Partner | Attending trial; preparing cross-examination; review of daily transcript; various evidentiary issues and compliance with stipulations | 16.00 | $700.00 | $11,200.00 | | Excessive time | 25% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-23-14 | Russell | Associate | Attend trial day; discussions with M. Labgold and P. Hoeffner re objections; miscellaneous tasks related to trial | 11.50 | $400.00 | $4,600.00 | | Redundant work | 25% | $1,150.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-23-14 | Makman | Attorney | Jury trial. | 8.00 | $425.00 | $3,400.00 | | Redundant work; vague litigation purpose | 100% | $3,400.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-23-14 | TNagashima | Partner | Attending jury trial; reviewing transcripts; discussions with US attorneys | 12.00 | ¥50,000 | | ¥600,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥600,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-24-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 14.50 | $150.00 | $2,175.00 | | Excessive time | 25% | $543.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-24-14 | MLabgold | Partner | Preparing cross-examination; addressing and/or preparing for various evidentiary and procedural issues including compliance with stipulations; review of daily transcript | 13.00 | $700.00 | $9,100.00 | | Excessive time | 25% | $2,275.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-24-14 | Hoeffner | Partner | Prepare deposition designations, counter-designations, and objections to designations; prepare objection to Hansen; prepare Ward motion to exclude tutorial | 14.50 | $550.00 | $7,975.00 | | Excessive time; associate work | 25% | $1,993.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-24-14 | Russell | Associate | Prepare for Hansen exclusion argument; draft timeline, chart of Galyean testimony; research re right to terminate; discussions with M. Labgold and P. Hoeffner re trial strategy; e-mails to and from the Court re scheduling of Hansen hearing; review Galyean 30(b)(6) transcript designations; miscellaneous tasks related to trial | 14.00 | $400.00 | $5,600.00 | | Redundant work; excessive time | 25% | $1,400.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-24-14 | TNagashima | Partner | attending jury trial; reviewing transcripts; discussions with US attorneys | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-25-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend special hearing | 14.25 | $150.00 | $2,137.50 | | Excessive time | 25% | $534.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-25-14 | MLabgold | Partner | Preparing cross-examination; addressing and/or preparing for various evidentiary and procedural issues including compliance with stipulations; finalizing Ushida-san's direct testimony | 15.00 | $700.00 | $10,500.00 | | Excessive time | 25% | $2,625.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-25-14 | Hoeffner | Partner | Prepare counter-designations for Inoue, Fujita, Asahi, and Balbuena; prepare designations for Balbuena, Inoue, Reedy, Nobbe and Fujita; correspondence with Defendant's expert Gutierrez | 13.50 | $550.00 | $7,425.00 | | Excessive time; associate work | 25% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-25-14 | Russell | Associate | Attend hearing re Hansen demonstratives; preparation for hearing; discussion of result of hearing; edits to Galyean 30(b)(6) designations; miscellaneous tasks related to trial | 14.50 | $400.00 | $5,800.00 | | Redundant work; excessive time | 25% | $1,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-25-14 | TNagashima | Partner | attending jury trial; reviewing transcripts; discussions with US attorneys | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-26-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 13.50 | $150.00 | $2,025.00 | | Excessive time | 25% | $506.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-26-14 | MLabgold | Partner | Preparing for damages cross-examination; Uschida-san preparation; annotating trial transcript for closing | 14.00 | $700.00 | $9,800.00 | | Excessive time | 25% | $2,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-26-14 | Hoeffner | Partner | Prepare deposition designations for Defendant's witnesses; prepare a list of exhibits to be used with witnesses; review trial transcripts in preparation for closing | 13.00 | $550.00 | $7,150.00 | | Excessive time; associate work | 25% | $1,787.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-26-14 | Russell | Associate | Prepare deposition designations for Galyean 30(b)(6); revisions to Hansen cross; discussions with M. Labgold, P. Hoeffner re trial strategy; assist M. Labgold in drafting slides for closing arguments; miscellaneous tasks related to trial | 15.50 | $400.00 | $6,200.00 | | Redundant work; excessive time | 25% | $1,550.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-26-14 | TNagashima | Partner | reviewing transcripts; discussions with US attorneys | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-27-14 | Fanelli | Paralegal | Prepare documents and exhibits for trial | 14.75 | $150.00 | $2,212.50 | | Excessive time | 25% | $553.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-27-14 | MLabgold | Partner | Preparing for damages cross-examination; Uschida-san preparation; continued annotation of transcript and record for closing; preparing Gen-5 photo slides and comparisons with Sapphire board images | 15.00 | $700.00 | $10,500.00 | | Excessive time | 25% | $2,625.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-27-14 | Hoeffner | Partner | Meet with opposing counsel to photograph Gen5 circuit; prepare deposition designations for Defendant's witnesses; prepare list of exhibits to be used with witnesses | 12.50 | $550.00 | $6,875.00 | | Excessive time; associate work | 25% | $1,718.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-27-14 | Rigney | Paralegal | Trial preparations | 11.00 | $150.00 | $1,650.00 | | Excessive time; vague litigation purpose; redundant work | 50% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-27-14 | Russell | Associate | Prepare slides for closing arguments; assist M. Labgold in Ushida witness preparation; coordinate with opposing counsel re pictures of SF-3000 board for Ward cross examination; assist M. Labgold with drafting slides for closing; objections to revised Hansen slides; serving objections to revised Hansen slides; review of objections to exhibits; miscellaneous tasks related to trial | 14.75 | $400.00 | $5,900.00 | | Redundant work; excessive time | 25% | $1,475.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-27-14 | TNagashima | Partner | Preparation of witness Ushida | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; excessive time | 50% | $0.00 | ¥250,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-28-14 | MLabgold | Partner | Attending trial; preparing cross-examination; review of daily transcript; various evidentiary issues, including compliance with stipulations | 16.00 | $700.00 | $11,200.00 | | Excessive time | 25% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-28-14 | Hoeffner | Partner | Trial; review deposition designations; review videos of designated testimony for Fujita, Balbuena, Inoue, Reedy, and Nobbe; email correspondence with defendant's expert Gutierrez | 14.25 | $550.00 | $7,837.50 | | Excessive time; associate work | 25% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-28-14 | Rigney | Paralegal | Prepare documents and exhibits for trial | 19.00 | $150.00 | $2,850.00 | | Excessive time; redundant work | 50% | $1,425.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-28-14 | Russell | Associate | Attend trial day; discussions with M. Labgold and P. Hoeffner re schedule, objections, strategy; edits to draft Hansen cross; review deposition objections; miscellaneous tasks related to trial | 16.00 | $400.00 | $6,400.00 | | Excessive time; redundant work | 25% | $1,600.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-28-14 | Makman | Attorney | Jury trial. | 4.00 | $425.00 | $1,700.00 | | Redundant work; vague litigation purpose | 100% | $1,700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-28-14 | TNagashima | Partner | Attending jury trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-29-14 | Fry | Associate | Research caselaw re Fed. R. Evid. 1006; e-mails to A. Russell summarizing research results | 2.25 | $375.00 | $843.75 | | Excessive time | 25% | $210.94 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-29-14 | MLabgold | Partner | Attending trial; preparing cross-examination; review of daily transcript; various evidentiary issues, including compliance with stipulations | 16.00 | $700.00 | $11,200.00 | | Excessive time | 25% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-29-14 | Rigney | Paralegal | Prepare documents and exhibits for trial | 19.50 | $150.00 | $2,925.00 | | Excessive time | 33% | $965.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-29-14 | Hoeffner | Partner | Trial; review Plaintiffs' counter-designations and objections to Defendant's deposition designations; correspondence with defendant's expert Gutierrez | 14.00 | $550.00 | $7,700.00 | | Excessive time; associate work | 25% | $1,925.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-29-14 | Russell | Associate | Attend trial day; edits to deposition designations; draft brief re FRE 1006 issues; assist in compiling documents for binders for Hansen cross; research re brief; miscellaneous tasks related to trial | 15.75 | $400.00 | $6,300.00 | | Excessive time; redundant work | 25% | $1,575.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-29-14 | Makman | Attorney | Jury trial, research and file re metadata issues. | 9.00 | $425.00 | $3,825.00 | | Redundant work; vague litigation purpose | 75% | $2,868.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-29-14 | TNagashima | Partner | Attending jury trial | 11.00 | ¥50,000 | | ¥550,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥550,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-30-14 | Waiter | Paralegal | Conference calls re trial prep; prepare documents for trial; assist finalizing binders to be submitted to Court; trial preparation; war room set up; set up court room and break out room; prepare and attend daily trial; document prep; daily binder prep | 201.75 | $150.00 | $30,262.50 | | Block billed; excessive time; clerical work; redundant work | 75% | $22,696.88 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-30-14 | MLabgold | Partner | Attending trial; preparing cross-examination; review of daily transcript; various evidentiary issues, including compliance with stipulations | 16.00 | $700.00 | $11,200.00 | | Excessive time | 25% | $2,800.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-30-14 | Rigney | Paralegal | Prepare documents and exhibits for trial | 16.00 | $150.00 | $2,400.00 | | Excessive time | 33% | $792.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-30-14 | Hoeffner | Partner | Trial; revise deposition designations; review videos of designated testimony for Fujita, Balbuena, Inoue, Reedy, Nobbe and Galyean 30(b)(6); review trial transcripts in preparation for closing | 13.50 | $550.00 | $7,425.00 | | Excessive time; associate work | 25% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-30-14 | Russell | Associate | Attend trial day; prepare and serve documents re pictures of Sapphire and SF-3000; review Galyean 30(b)(6) video; assist M. Labgold in preparing Hansen cross examination; discussions with P. Hoeffner, M. Labgold re trial strategy; email to Shaw Keller attorneys re research on continuing breach; miscellaneous tasks related to trial | 16.25 | $400.00 | $6,500.00 | | Excessive time; redundant work | 25% | $1,625.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-30-14 | Makman | Attorney | Jury trial. | 8.00 | $425.00 | $3,400.00 | | Redundant work; vague litigation purpose | 100% | $3,400.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 4-30-14 | TNagashima | Partner | Attending jury trial | 11.00 | ¥50,000 | | ¥550,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥550,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-1-14 | O'Byrne | Partner | Caselaw research per A. Russell email re statute of limitations and "best efforts" clause in contract; review cases | 2.00 | $500.00 | $1,000.00 | | Associate work; redundant work | 75% | $750.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-1-14 | Hoeffner | Partner | Trial; review trial transcripts in preparation for closing | 10.50 | $550.00 | $5,775.00 | | Excessive time | 25% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-1-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 16.25 | $150.00 | $2,437.50 | | Excessive time | 33% | $804.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-1-14 | Russell | Associate | Attend trial day; discussions with M. Labgold, P. Hoeffner, others re strategy; scheduling; e-mails re research for Rule 50 motion; miscellaneous tasks related to trial | 11.75 | $400.00 | $4,700.00 | | Excessive time; redundant work | 25% | $1,175.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-1-14 | MLabgold | Partner | Trial | 16.00 | $700.00 | $11,200.00 | | Excessive time; vague litigation purpose | 50% | $5,600.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-1-14 | Makman | Attorney | Jury trial. | 9.00 | $425.00 | $3,825.00 | | Redundant work; vague litigation purpose | 100% | $3,825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-1-14 | TNagashima | Partner | Attening jury trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-2-14 | O'Byrne | Partner | Draft analysis on research question on "best efforts" clause for A. Russell; email same | 0.75 | $500.00 | $375.00 | | Associate work; redundant work | 75% | $281.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-2-14 | Hoeffner | Partner | Team meeting re Rule 50 motion; draft outline of motion; legal research re unjust enrichment; prepare section of Rule 50 motion re unjust enrichment | 11.00 | $550.00 | $6,050.00 | | Excessive time; associate work; redundant work | 33% | $1,996.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-2-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 13.50 | $150.00 | $2,025.00 | | Excessive time; redundant work | 50% | $1,012.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-2-14 | Russell | Associate | Draft Rule 50 motion; research re Rule 50 motion; discussions with M. Labgold re continuing breach theory, Rule 50 motion; e-mails to and from S. O'Byrne, J. Shaw re research for Rule 50 motion | 14.75 | $400.00 | $5,900.00 | | Excessive time; redundant work | 33% | $1,947.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-2-14 | MLabgold | Partner | Trial | 16.00 | $700.00 | $11,200.00 | | Excessive time; vague litigation purpose | 50% | $5,600.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-2-14 | Shaw | Partner | Consider issues on continuing breach; email to M Labgold, A Russell re same | 0.25 | $700.00 | $175.00 | | Redundant work; vague litigation purpose | 75% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-2-14 | TNagashima | Partner | Attending jury trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-3-14 | Hoeffner | Partner | Prepare Rule 50 motion | 14.50 | $550.00 | $7,975.00 | | Excessive time; associate work; redundant work | 50% | $3,987.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-3-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 13.75 | $150.00 | $2,062.50 | | Excessive time; redundant work | 50% | $1,031.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-3-14 | Russell | Associate | Edits to Rule 50 motion; research re Rule 50 motion at Santa Clara law library; discussions with M. Labgold and P. Hoeffner re Rule 50 motion; research re Rule 50 motion | 12.50 | $400.00 | $5,000.00 | | Excessive time; redundant work | 50% | $2,500.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-3-14 | MLabgold | Partner | Trial | 16.00 | $700.00 | $11,200.00 | | Excessive time; vague litigation purpose | 50% | $5,600.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-3-14 | TNagashima | Partner | Attending Jury Trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-4-14 | Hoeffner | Partner | Prepare Rule 50 motion; legal research re unjust enrichment and statute of limitations; prepare closing argument; revise deposition designations for PGalyean, RReedy, and DNobbe | 14.75 | $550.00 | $8,112.50 | | Excessive time; associate work; redundant work | 50% | $4,056.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-4-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 14.50 | $150.00 | $2,175.00 | | Excessive time; redundant work | 50% | $1,087.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-4-14 | Russell | Associate | Edits to Rule 50 brief; proofread Rule 50 brief; e-mails to and from M. Labgold, E. Garcia, M. Rigney, and D. Makman re filing Rule 50 brief; assist M. Labgold in drafting closing arguments; discussions with M. Labgold, P. Hoeffner re trial strategy; draft Visio drawings for timelines for closing arguments | 13.75 | $400.00 | $5,500.00 | | Excessive time; redundant work; clerical work | 33% | $1,815.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-4-14 | MLabgold | Partner | Trial | 16.00 | $700.00 | $11,200.00 | | Excessive time; vague litigation purpose | 50% | $5,600.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-4-14 | TNagashima | Partner | Reviewing draft Rule 50 motion | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-5-14 | Shaw | Partner | Emails with A Russell regarding research; research on statute of limitations | 1.00 | $700.00 | $700.00 | | Associate work | 50% | $350.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to research litigation issues and communicate with associates on the litigation team. |
| 5-5-14 | O'Byrne | Partner | Research re continuing breach caselaw per A. Russell emails (Rule 50 motion); review NavCom cases cited in answering brief; draft response to same for A. Russell review; team call re direction of research re JMOL reply brief; additional caselaw research on same; multiple team emails re caselaw and research on same | 5.75 | $500.00 | $2,875.00 | | Associate work; redundant work; excessive time | 75% | $2,156.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-5-14 | Hoeffner | Partner | Trial; Prepare opposition to Plaintiffs' Rule 50 motion | 16.00 | $550.00 | $8,800.00 | | Excessive time; associate work; vague litigation purpose | 50% | $4,400.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys--both Partners. It would have been impossible to have an associate perform the task when the firm had no associates.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-5-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 19.50 | $150.00 | $2,925.00 | | Excessive time; redundant work | 50% | $1,462.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-5-14 | MLabgold | Partner | Trial | 16.00 | $700.00 | $11,200.00 | | Excessive time; vague litigation purpose | 50% | $5,600.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-5-14 | Russell | Associate | Attend trial day; draft responses to Plaintiffs' answering Rule 50 brief; draft opposition to Plaintiffs' Rule 50(a) motion; assist M. Labgold in drafting closing slides; discussions with M. Labgold, P. Hoeffner re strategy, upcoming tasks; miscellaneous tasks related to trial | 20.00 | $400.00 | $8,000.00 | | Redundant work; excessive time; clerical work | 50% | $4,000.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  None of the work is clerical. |
| 5-5-14 | Makman | Attorney | Jury trial, legal research regarding best efforts. | 5.00 | $425.00 | $2,125.00 | | Redundant work; vague litigation purpose | 75% | $1,593.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-5-14 | TNagashima | Partner | Attending Jury Trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-6-14 | Hoeffner | Partner | Trial; Prepare opposition to Plaintiffs' Rule 50 motion; prepare demonstratives for closing; prepare jury instructions | 19.50 | $550.00 | $10,725.00 | | Excessive time; associate work; redundant work | 33% | $3,539.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 18.00 | $150.00 | $2,700.00 | | Excessive time; redundant work | 50% | $1,350.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-14 | Russell | Associate | Attend trial day; revisions to Rule 50 response; revisions to verdict form; assist with preparation of closing slides, argument; review jury instructions; discussions with M. Labgold and P. Hoeffner re trial strategy; miscellaneous trial tasks | 19.25 | $400.00 | $7,700.00 | | Excessive time; redundant work | 33% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-14 | MLabgold | Partner | Trial | 16.00 | $700.00 | $11,200.00 | | Excessive time; vague litigation purpose | 50% | $5,600.00 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-6-14 | O'Byrne | Partner | Review draft JMOL reply brief per A. Russell request - citations check | 0.75 | $500.00 | $375.00 | | Redundant work; associate work | 75% | $281.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-14 | TNagashima | Partner | Attending Jury Trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-7-14 | Hoeffner | Partner | Trial; review trial transcripts in preparation for closing | 11.25 | $550.00 | $6,187.50 | | Excessive time | 33% | $2,041.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-7-14 | Russell | Associate | Attend trial day; research re objection to rebuttal testimony; review of proposed jury instructions | 9.25 | $400.00 | $3,700.00 | | Excessive time; redundant work | 33% | $1,221.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-7-14 | Rigney | Paralegal | Prepare documents and exhibits for trial; set up courtroom; attend trial and track time and exhibits admitted | 11.00 | $150.00 | $1,650.00 | | Excessive time; redundant work; clerical work | 50% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-7-14 | Makman | Attorney | Jury trial | 4.00 | $425.00 | $1,700.00 | | Redundant work; vague litigation purpose | 100% | $1,700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-7-14 | TNagashima | Partner | Attending Jury Trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-8-14 | Rigney | Paralegal | Break down war room; coordinate with vendors; break down Courtroom and attend jury verdict readings | 10.50 | $150.00 | $1,575.00 | | Clerical work; excessive time | 75% | $1,181.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-8-14 | MLabgold | Partner | Trial | 7.50 | $700.00 | $5,250.00 | | Excessive time; vague litigation purpose | 33% | $1,732.50 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-8-14 | Makman | Attorney | Attend post verdict hearing. | 1.00 | $425.00 | $425.00 | | Redundant work; vague litigation purpose | 100% | $425.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-8-14 | TNagashima | Partner | Attending Jury Trial | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-9-14 | MLabgold | Partner | Transcript review; preparing documents for post-trial motions; legal research re attorney fees; war room breakdown | 7.00 | $700.00 | $4,900.00 | | Associate work; clerical work; excessive time; vague litigation purpose | 75% | $3,675.00 | ¥0.00 | In addition to the General Responses, it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-9-14 | Rigney | Paralegal | Break down war room; coordinate with vendors; break down Courtroom and attend jury verdict readings | 6.00 | $150.00 | $900.00 | | Clerical work; excessive time | 75% | $675.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-9-14 | Hoeffner | Partner | Search all filings and transcripts to prepare list of statements by Plaintiffs' counsel re Oki's discovery | 10.75 | $550.00 | $5,912.50 | | Excessive time; associate work; clerical work; vague litigation purpose | 66% | $3,902.25 | ¥0.00 | In addition to the General Responses, it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.   None of the work is clerical. |
| 5-9-14 | TNagashima | Partner | Review trial transcripts | 10.00 | ¥50,000 | | ¥500,000.00 | Redundant work; vague litigation purpose | 100% | $0.00 | ¥500,000.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-11-14 | Russell | Associate | E-mails to and from M. Labgold re transcripts | 0.25 | $400.00 | $100.00 | | Redundant work; vague litigation purpose | 100% | $100.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-12-14 | Hoeffner | Partner | Prepare summary of facts for Attorney Fees motion | 2.50 | $550.00 | $1,375.00 | | Associate work | 33% | $453.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner that just tried a case to gather and organize the evidence for a post-trial fees motion. |
| 5-12-14 | MLabgold | Partner | Legal research re attorney fees and rule 50 motions; jurisdictional research; drafting motions | 5.00 | $700.00 | $3,500.00 | | Associate work; excessive time | 66% | $2,310.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-12-14 | Shaw | Partner | Telephone conference with M Labgold, meeting with A Russell regarding attorneys fees research | 0.25 | $700.00 | $175.00 | | Associate work; redundant work | 75% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-13-14 | Hoeffner | Partner | Edit summary of facts for Attorney Fees motion; discussion with MLabgold re motion | 2.00 | $550.00 | $1,100.00 | | Associate work | 33% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner that just tried a case to gather and organize the evidence for a post-trial fees motion. |
| 5-13-14 | MLabgold | Partner | Outlining summary of record | 6.25 | $700.00 | $4,375.00 | | Excessive time; redundant work; associate work; vague litigation purpose | 75% | $3,281.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-13-14 | Russell | Associate | Research re fees motion, applicable statutes; e-mails to and from M. Labgold re fees motion | 1.50 | $400.00 | $600.00 | | Redundant work | 50% | $300.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-14-14 | MLabgold | Partner | Reviewing RFA responses for fees motion; outlining fees motion; legal research | 4.75 | $700.00 | $3,325.00 | | Associate work; redundant work; excessive time | 66% | $2,194.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-14-14 | Russell | Associate | Research re fees motion, applicable statutes, reasonableness of attorneys fees | 1.50 | $400.00 | $600.00 | | Redundant work | 50% | $300.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-15-14 | Russell | Associate | Research re fees motion, applicable statutes, reasonableness of attorneys fees | 3.50 | $400.00 | $1,400.00 | | Redundant work | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-19-14 | Makman | Attorney | Review separate written judgment issues and calendaring issues. | 0.50 | $425.00 | $212.50 | | Vague litigation purpose; clerical work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 5-20-14 | MLabgold | Partner | Drafting Judgment per Court's Order (Docket 324); Rule 50 research; discussion with PHoeffner and DMakman; outlining 50b issues; meet and confer with opposing counsel re scheduling briefing | 3.25 | $700.00 | $2,275.00 | | Associate work | 33% | $750.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner that just tried a case to gather and organize the evidence for a post-trial  motion and perform research regarding post-trial motions. |
| 5-20-14 | Russell | Associate | Draft fees motion; research re fees motion | 7.25 | $400.00 | $2,900.00 | | Excessive time; redundant work | 50% | $1,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-20-14 | Hoeffner | Partner | Review Orders re Rule 50 motion and proposed judgment; discussion with MLabgold re Orders | 0.75 | $550.00 | $412.50 | | Redundant work | 33% | $136.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-21-14 | MLabgold | Partner | Discussion with ARussell re motion for attorney fees; legal research re bill of costs; organizing categories of costs; review draft motion | 3.25 | $700.00 | $2,275.00 | | Associate work; redundant work; clerical work | 50% | $1,137.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  None of the work is clerical. |
| 5-21-14 | Russell | Associate | Draft fees motion; research re fees motion; review transcripts, docket, discovery re fees motion; call with M. Labgold re fees motion; e-mails to and from M. Labgold, P. Hoeffner re fees motion | 8.00 | $400.00 | $3,200.00 | | Redundant work; excessive time | 50% | $1,600.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-22-14 | Hoeffner | Partner | Review case law re attorney fees; review draft judgment; review and edit attorney fees motion; review Lansmont case briefing re attorneys fees motion before Judge Davila | 3.50 | $550.00 | $1,925.00 | | Associate work; redundant work | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-22-14 | Russell | Associate | Research re motion for fees, costs; call from M. Labgold re motion; e-mails to and from M. Labgold, P. Hoeffner re motion; review M. Labgold's edits to motion | 3.25 | $400.00 | $1,300.00 | | Associate work; redundant work | 50% | $650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-22-14 | MLabgold | Partner | Continued work on fees motion; reviewing caselaw | 2.00 | $700.00 | $1,400.00 | | Associate work; redundant work; excessive time | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-23-14 | Russell | Associate | Revisions to draft fees motion; research re Rule 37; e-mails to and from M. Labgold, P. Hoeffner re fees motion | 2.75 | $400.00 | $1,100.00 | | Redundant work | 50% | $550.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-27-14 | Makman | Attorney | File draft form of judgment. | 0.50 | $425.00 | $212.50 | | Clerical work | 50% | $106.25 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 5-27-14 | Russell | Associate | Review fees motion; edits to fees motion; e-mails to and from M. Labgold, P. Hoeffner re fees motion | 0.50 | $400.00 | $200.00 | | Redundant work | 50% | $100.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-27-14 | Hoeffner | Partner | Edit attorney fees motion; discussion with MLabgold re motion | 3.50 | $550.00 | $1,925.00 | | Redundant work; excessive time | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-27-14 | MLabgold | Partner | Discussion with L&W re fees and costs; reviewing fees motion; meet and confer emails with opposing counsel re briefing schedule | 1.75 | $700.00 | $1,225.00 | | Vague litigation purpose; redundant work | 50% | $612.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-28-14 | Hoeffner | Partner | Review Navcom's objections to proposed judgment; review judgment Order; discussion with MLabgold re Rule 50 and attorney fee motions | 2.00 | $550.00 | $1,100.00 | | Excessive time | 25% | $275.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-28-14 | MLabgold | Partner | Meet and confer with opposing counsel re post trial briefing; post meet and confer discussion; discussion with PHoeffner re Rule 50 motion; editing draft briefs | 2.00 | $700.00 | $1,400.00 | | Excessive time | 25% | $350.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|-------------|-------|------------------|------|------|-------------------|-------------------|-----------------------------------------------|---------------------|-----------------|-----------------|---------------------------------------------|
| 5-28-14 | Russell | Associate | Call with M. Labgold re post trial strategy; attend meet- and-confer re fees motion; call with M. Labgold, P. Hoeffner re meet and confer; research re waiver of arguments by prevailing party; e-mail to M. Labgold, P. Hoeffner re research; e-mails to and from M. Labgold, P. Hoeffner re post-trial strategy | 3.50 | $400.00 | $1,400.00 | | Excessive time; redundant work | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-29-14 | Makman | Attorney | Compile summary of hours and disbursements. | 0.50 | $425.00 | $212.50 | | Clerical work; vague litigation purpose | 66% | $140.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 5-29-14 | MLabgold | Partner | Meeting with Paralegal re cost breakdown and categorization; revising charges for same; coordination with team re same | 2.50 | $700.00 | $1,750.00 | | Redundant work; clerical work; excessive time | 50% | $875.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-29-14 | Russell | Associate | Research re waiver for failing to file a Rule 50(b) motion | 1.25 | $400.00 | $500.00 | | Vague litigation purpose; excessive time | 33% | $165.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-29-14 | Shaw | Partner | Email from M Labgold regarding fees motion; meeting with A Russell re same | 0.25 | $700.00 | $175.00 | | Vague litigation purpose; redundant work | 75% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-30-14 | Waiter | Paralegal | Trial; document preparation; break down war room/court room/break out rooms after trial conclusion; coordinate with vendors | 137.50 | $150.00 | $20,625.00 | | Block billed; excessive time; clerical work; vague litigation purpose | 75% | $15,468.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  Further, the description sufficiently identifies the general subject matter of the time expenditure.  None of the work is clerical. |
| 5-30-14 | Russell | Associate | Research re waiver of appeal for failing to file a Rule 50(b) motion; appealability of fees motion; waiver of Rule 59 motion for failing to contest verdict form; e-mail to M. Rigney, P. Hoeffner re research | 3.50 | $400.00 | $1,400.00 | | Excessive time; vague litigation purpose; redundant work | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-3-14 | Makman | Attorney | Correspondence re calendaring. | 0.10 | $425.00 | $42.50 | | Clerical work | 66% | $28.05 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 6-3-14 | Russell | Associate | E-mails to and from M. Labgold re fees motion research | 0.25 | $400.00 | $100.00 | | Redundant work | 50% | $50.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-4-14 | Russell | Associate | Research re costs and fees motion; e-mails to and from M. Labgold, B. Schuman, and P. Hoeffner re briefing; research re NavCom's Rule 50 and 59 motion timing; e-mails to and from J. Shaw, M. Labgold re NavCom's Rule 50 motion | 1.75 | $400.00 | $700.00 | | Excessive time; vague litigation purpose; redundant work | 50% | $350.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-4-14 | Shaw | Partner | Email from M Labgold concerning Rule 50 motion timing; emails with M Labgold, A Russell re same; research re same | 1.00 | $700.00 | $700.00 | | Redundant work; vague litigation purpose; associate work | 75% | $525.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable.  Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-5-14 | MLabgold | Partner | Legal research re Rules 50(b) and 49(a); editing draft Rule 50(b)/49(a) motion; discussion with JShaw re same | 2.00 | $700.00 | $1,400.00 | | Associate work; redundant work | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-5-14 | Shaw | Partner | Meeting with A Russell regarding post-trial briefing dates; research regarding interplay of Rules 49, 50, 52; research re same; meetings with A Russell and S O'Byrne re same; meeting with A Russell regarding motion and strategy; revise draft motion; telephone conference with M Labgold regarding same and regarding strategy on fees motion; revise draft motion and meeting with A Russell regarding revisions; further emails with team regarding same | 2.50 | $700.00 | $1,750.00 | | Associate work; redundant work | 50% | $875.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-5-14 | Makman | Attorney | Review draft motion, Correspond with clerk to obtain hearing date. | 0.70 | $425.00 | $297.50 | | Clerical work; excessive time | 50% | $148.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-5-14 | Hoeffner | Partner | Review Navcom's Rule 50(b) motion; review Oki's Rule 50 motion | 3.00 | $550.00 | $1,650.00 | | Excessive time | 50% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-5-14 | Russell | Associate | Research re NavCom's Rule 50 and 59 motion timing; discussions with S. O'Byrne, J. Shaw re research, strategy; draft form Rule 50(b) motion; revisions to Rule 50(b) motion; calls to and from D. Makman re date for hearing, draft of motion | 6.25 | $400.00 | $2,500.00 | | Excessive time; vague litigation purpose; clerical work; redundant work | 66% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   None of the work is clerical. |
| 6-5-14 | O'Byrne | Partner | Research re waiver based on omitted issues on special verdict form (affirmative defenses not reached); review caselaw re same; met with J. Shaw and A Russell re case status, anticipated JMOL motion and strategy re same; complete research re procedural aspects of Rule 49 motion; email from A Russell re draft motion reserving rights; review same; met with J. Shaw and A Russell re strategy and motion language; review additional draft of same and propose revisions to same | 5.00 | $500.00 | $2,500.00 | | Redundant work; associate work; excessive time | 66% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-6-14 | Makman | Attorney | File motion JMOL, correspond with Court. | 0.60 | $425.00 | $255.00 | | Clerical work | 50% | $127.50 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 6-6-14 | MLabgold | Partner | Review of NavCom Rule 50(b) motion; outlining opposition; discussion with PHoeffner re same | 3.00 | $700.00 | $2,100.00 | | Excessive time | 33% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-6-14 | Russell | Associate | Research re bill of costs; e-mails to and from M. Labgold re bill of costs | 3.50 | $400.00 | $1,400.00 | | Excessive time | 50% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-7-14 | Russell | Associate | Draft bill of costs; research re bill of costs; e-mails to and from M. Labgold re bill of costs, draft exhibit | 3.25 | $400.00 | $1,300.00 | | Excessive time | 33% | $429.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-7-14 | Hoeffner | Partner | Review Bill of Costs and Exhibit | 0.75 | $550.00 | $412.50 | | Redundant work | 66% | $272.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-9-14 | Russell | Associate | Compile information for bill of costs, attorney's fees motion; revisions to attorneys fees motion; e-mails to and from M. Labgold re attorney's fees motion | 4.50 | $400.00 | $1,800.00 | | Excessive work; clerical work | 66% | $1,188.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-10-14 | Hoeffner | Partner | Edit and proof draft of Oki's attorney fees motion | 2.75 | $550.00 | $1,512.50 | | Associate work; clerical work; redundant work; excessive time | 75% | $1,134.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-10-14 | Russell | Associate | Draft Attorney's fees motion declaration; revisions to supporting attachments for attorney's fees motion and bill of costs; review of underlying documentation for attorney's fees motion and bill of costs; e-mails and calls to and from M. Labgold re attorney's fees motion, Bill of Costs; review edits to attorney's fees motion; discussions with A Vari re compiling information for attorney's fees motion; e-mails to and from P. Hoeffner re cite checking attorney's fees motion | 11.25 | $400.00 | $4,500.00 | | Excessive time; clerical work | 66% | $2,970.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-10-14 | Fanelli | Paralegal | Review documents and prepare table for use with the request for attorney's fees motion per A. Russell request | 0.75 | $150.00 | $112.50 | | Redundant work | 33% | $37.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-10-14 | MLabgold | Partner | Editing drafts of bill of costs and related; editing motion for attorney fees | 2.50 | $700.00 | $1,750.00 | | Redundant work | 66% | $1,155.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-11-14 | Russell | Associate | Edit and finalize draft fees motion, bill of costs, motion to seal, declarations in support of fees motion and bill of costs, and exhibits for fees motion and bill of costs; e-mails and calls to and from M. Labgold, D. Makman re fees motion and bill of costs; e-mails to and from M. Rigney re preparing documents for filing; discussions with M. Rigney re preparing documents for filing | 12.75 | $400.00 | $5,100.00 | | Excessive time; clerical work | 75% | $3,825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-11-14 | Makman | Attorney | Review backup documents re bill of costs; review declaration, review papers to determine whether comfortable with my declaration, revise my declaration in light of papers, file motions prepare motion to seal. | 4.00 | $425.00 | $1,700.00 | | Excessive time; clerical work; redundant work | 66% | $1,122.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-11-14 | Hoeffner | Partner | Review declaration in support of attorney fees motion; edit attorney fees motion | 2.50 | $550.00 | $1,375.00 | | Excessive time; redundant work | 66% | $907.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-11-14 | Rigney | Paralegal | Multiple correspondence messages and conferences with A Russell re Bill of Costs and Motions for attorneys fees; prepare table of contents and authorities for briefs; draft administrative motion for filing under seal; draft proposed order; cross check exhibits and all costs associated with motions for attorneys fees and bill of costs | 6.25 | $150.00 | $937.50 | | Excessive time; redundant work | 50% | $468.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-11-14 | MLabgold | Partner | Revising declaration in support of motion for attorney fees; discussion with ARussell re cost and fees related issues; review and edit draft motion for attorney fees; review final Bill of Costs; review of Plaintiffs' Rule 50(b) motion; outlining opposition brief | 8.50 | $700.00 | $5,950.00 | | Excessive time; redundant work; associate work | 75% | $4,462.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. Moreover, prior to the Shaw Keller firm joining the litigation team, the firm consisted of only two attorneys—both Partners. It would have been impossible to have an associate perform the task when the firm had no associates. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-12-14 | MLabgold | Partner | Continued revising declaration in support of motion for attorney fees; review and edit draft motion for attorney fees; review final Bill of Costs | 4.00 | $700.00 | $2,800.00 | | Excessive time; redundant work; associate work | 75% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-13-14 | Hoeffner | Partner | Review Navcom's motion to stay briefing re attorney fees | 2.00 | $550.00 | $1,100.00 | | Excessive time | 50% | $550.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-14 | MLabgold | Partner | Draft opposition to Rule 50 motion; outlining draft to administrative motion to stay briefing; work on opposition to Plaintiffs' Rule 50(b) motion; discussions with ARussell and Phloeffner re same | 3.00 | $700.00 | $2,100.00 | | Associate work | 25% | $525.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner that just tried a case to gather and organize the evidence for a post-trial motion and draft opposition briefs to post-trial motions. |
| 6-16-14 | Fry | Associate | Research California contract law issues for Rule 50 motion; draft e-mail memo re same to A. Russell; research caselaw re consideration of non-admitted evidence on a Rule 50 motion; e-mail to A Russell re same | 3.75 | $375.00 | $1,406.25 | | Excessive time; redundant work | 50% | $703.13 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-14 | Hoeffner | Partner | Review Navcom's Rule 50 motion; discussion with MLabgold re same | 2.50 | $550.00 | $1,375.00 | | Excessive time; redundant work | 50% | $687.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-14 | Russell | Associate | Draft response to Rule 50(b) motion; e-mails to and from J. Castellano, S. O'Byrne, D. Fry, J. Shaw, and M. Labgold re research, strategy for Rule 50(b) motion response; review NavCom's Rule 50(b) motion; research re waiver, Rule 50(b), other issues | 12.25 | $400.00 | $4,900.00 | | Excessive time; redundant work | 50% | $2,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-14 | Castellano | Partner | Emails re Rule 50 motion research; legal research re waiver of arguments not included in Rule 50(a) motion at trial; email summary of research to A Russell | 1.75 | $500.00 | $875.00 | | Redundant work; associate work | 66% | $577.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-14 | O'Byrne | Partner | Review research completed by J. Shaw and myself previously on continuing obligation caselaw and statute of limitation arguments; review hearing transcript re court holding on SOL defense; multiple emails from/to A Russell re court holding and scope of drafting assignment | 1.00 | $500.00 | $500.00 | | Redundant work; associate work | 66% | $330.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-17-14 | Shaw | Partner | Meetings with A Russell regarding nominal damages; research same; draft response to Deere brief on whether Deere entitled to nominal damages | 3.25 | $700.00 | $2,275.00 | | Excessive time; associate work; redundant work | 75% | $1,706.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-17-14 | O'Byrne | Partner | Draft response to Navcom motion to stay consideration of Oki's attorneys fees motion; research and review caselaw re same; forward to A Russell for review; review A. Russell changes to brief in opposition to motion to stay; cite-check brief; additional caselaw research re examples to include in brief; revise brief to include additional caselaw; discuss same with A. Russell; draft proposed order denying motion to stay; additional revisions to brief; email brief and proposed order draft to A. Russell for team review | 4.50 | $500.00 | $2,250.00 | | Excessive time; redundant work; associate work | 66% | $1,485.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-17-14 | Russell | Associate | Draft response to Rule 50(b) motion; multiple calls, e- mails to and from M. Labgold, P. Hoeffner, S. O'Byrne, and J. Shaw; discussions with S. O'Byrne, J. Shaw, D. Fry, and J. Castellano; assist in drafting response to Plaintiff's motion to stay briefing on attorney's fees; e-mails to and from S. O'Byrne, M. Labgold, D. Fanelli, and M. Rigney re filing response to Plaintiffs' motion to stay briefing on attorney's fees | 10.75 | $400.00 | $4,300.00 | | Excessive time; redundant work; vague litigation purpose; clerical work | 66% | $2,838.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  None of the work is clerical. |
| 6-17-14 | Hoeffner | Partner | Review trial transcript for support in response to Rule 50 motion; edit opposition to motion to stay briefing re attorney fees; discussion with MLabgold re same | 7.00 | $550.00 | $3,850.00 | | Redundant work; associate work; excessive time | 75% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-17-14 | MLabgold | Partner | Editing and finalizing opposition to Plaintiffs' administrative motion for stay of briefing; work on opposition to Plaintiffs' Rule 50(b) motion; discussions with ARussell and PHoeffner re same; legal research re same | 4.25 | $700.00 | $2,975.00 | | Redundant work; excessive time; associate work | 66% | $1,963.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-18-14 | O'Byrne | Partner | Meet with A. Russell re status of brief and tasks to be completed today; review, cite-check and edit Oki responsive post-trial brief; cite-checking and revising post-trial brief per A. Russell | 4.50 | $500.00 | $2,250.00 | | Excessive time; clerical work; associate work; redundant work | 75% | $1,687.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-18-14 | Russell | Associate | Edit draft Rule 50(b) response; research re draft Rule 50(b) response; discussions with S. O'Byrne re cite checking Rule 50(b) motion; multiple calls and e-mails with M. Labgold, P. Hoeffner re edits to Rule 50(b) response; e-mails to and from D. Makman re filing Rule 50(b) response | 11.50 | $400.00 | $4,600.00 | | Excessive time; clerical work; redundant work | 75% | $3,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-18-14 | Hoeffner | Partner | Edit response to Rule 50 motion; conference call with trial team; review caselaw and distinguish for response to Rule 50 brief; discussion with MLagbold re same | 7.00 | $550.00 | $3,850.00 | | Excessive time; redundant work; associate work | 75% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-18-14 | MLabgold | Partner | Editing opposition Plaintiffs' Rule 50 motion; drafting sub sections for same; legal research | 14.00 | $700.00 | $9,800.00 | | Excessive time; redundant work; associate work | 66% | $6,468.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-19-14 | Rigney | Paralegal | Correspondence from A. Russell re response to renewed motion and a Matter of Law; review response and create table of contents and table of authorities; draft proposed order; proof brief; review admitted trial exhibit list and cross check exhibits; coordinate with A. Russell and M. Labgold re final version and filing with the Court; coordinate courier and copies to Robert F. Peckman Federal Building | 3.25 | $150.00 | $487.50 | | Clerical work; excessive time | 25% | $121.88 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-19-14 | Hoeffner | Partner | Proofread response to Rule 50 motion and proposed order; discussion with MLabgold re same | 3.25 | $550.00 | $1,787.50 | | Clerical work; excessive time; redundant work | 75% | $1,340.63 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-19-14 | O'Byrne | Partner | Cite-checking and revising revised version of post-trial brief per A. Russell | 5.50 | $500.00 | $2,750.00 | | Clerical work; excessive time; redundant work | 75% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-19-14 | Russell | Associate | Edit draft Rule 50(b) response & proposed order; research re draft Rule 50(b) response; multiple calls, e-mails and discussions with M. Labgold, P. Hoeffner, S. O'Byrne, and M. Rigney re draft Rule 50(b) response; cite checking draft Rule 50(b) response | 10.75 | $400.00 | $4,300.00 | | Excessive time; redundant work; clerical work | 75% | $3,225.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-20-14 | Russell | Associate | Research re reply in support of Rule 50(a) motion; review Plaintiffs' response to Rule 50(a) motion | 2.75 | $400.00 | $1,100.00 | | Excessive time; redundant work | 33% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-23-14 | Russell | Associate | Draft reply in support of Rule 50(a) motion; research re reply in support of Rule 50(a) motion; e-mails to and from M. Labgold, P. Hoeffner re reply | 4.75 | $400.00 | $1,900.00 | | Redundant work; excessive time | 33% | $627.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-23-14 | Hoeffner | Partner | Review Order denying motion to stay briefing on attorney fees | 0.25 | $550.00 | $137.50 | | Vague litigation purpose | 33% | $45.38 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-23-14 | Shaw | Partner | Emails with M Labgold regarding Rule 49/50 strategy | 0.25 | $700.00 | $175.00 | | Vague litigation purpose; redundant work | 50% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-24-14 | O'Byrne | Partner | Team emails evening 6.23.14 re waiver issue for draft reply brief in support of 50(b) motion (3x); review draft motion from A. Russell; research re waiver question from M. Labgold emails; review caselaw and forward cases to A. Russell for review | 1.25 | $500.00 | $625.00 | | Associate work; redundant work | 75% | $468.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-24-14 | Russell | Associate | Research re reply in support of Rule 50(a) motion; revisions to draft Rule 50(a) motion; e-mails to and from M. Labgold, P. Hoeffner re reply; attend meet-and-confer re bill of costs | 5.00 | $400.00 | $2,000.00 | | Excessive time; redundant work | 50% | $1,000.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-24-14 | Shaw | Partner | Meeting with A Russell regarding waiver arguments | 0.25 | $700.00 | $175.00 | | Redundant work | 75% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-24-14 | Hoeffner | Partner | Conference call with opposing counsel re Navcom's objections to the Bill of Costs; review Navcom's opposition to Oki's Rule 50 motion; discussion with MLabgold re Rule 50 motion; conference call with trial team re Rule 50 motion and Bill of Costs | 3.50 | $550.00 | $1,925.00 | | Redundant work; excessive time | 33% | $635.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-25-14 | Russell | Associate | Review, proofread, and cite check reply in support of Rule 50(b) motion; review motions filed by Plaintiffs; calls to and from M. Labgold re reply; e-mails to and from M. Labgold, P. Hoeffner re reply, strategies | 4.25 | $400.00 | $1,700.00 | | Excessive time; clerical work; redundant work | 66% | $1,122.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-25-14 | Hoeffner | Partner | Edit Reply in support of Oki's Rule 50 motion; review Navcom's objections to the Bill of Costs and Rule 50 motion | 2.50 | $550.00 | $1,375.00 | | Redundant work | 33% | $453.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-25-14 | MLabgold | Partner | Review and edit reply brief; drafting rule 59 opposition brief; legal research re same | 4.25 | $700.00 | $2,975.00 | | Redundant work; associate work | 50% | $1,487.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-26-14 | Russell | Associate | Review plaintiffs' opposition to fees motion; research re plaintiffs' opposition to fees motion; e-mails and calls to and from M. Labgold re research, strategy; draft opposition to plaintiffs' fees motion; discussions with and e-mails to and from M. Labgold re opposition to plaintiffs' Rule 59 motion | 9.50 | $400.00 | $3,800.00 | | Excessive time; redundant work | 50% | $1,900.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-26-14 | Hoeffner | Partner | Review Navcom's reply in support of its Rule 50 motion; discussion with MLabgold re same | 2.50 | $550.00 | $1,375.00 | | Redundant work; excessive time | 50% | $687.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-26-14 | AV | Paralegal | Motion for a new trial; update docket deadlines | 0.25 | $150.00 | $37.50 | | Vague litigation purpose; redundant work | 75% | $28.13 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-27-14 | Hoeffner | Partner | Review trial transcript for opposition to Navcom Rule 59 motion; review Westinghouse case for Rule 59 opposition brief; review verdict form for opposition to Navcom Rule 59 motion | 3.00 | $550.00 | $1,650.00 | | Clerical work; associate work; excessive time | 66% | $1,089.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-27-14 | Russell | Associate | Draft reply in support of fees motion; research re reply in support of fees motion; calls to and from M. Labgold re reply in support of fees motion, Rule 59 motion opposition; e-mails to and from M. Labgold, P. Hoeffner re reply in support of fees motion; review of transcripts re Rule 59 motion; e-mails to and from M. Labgold, P. Hoeffner re Rule 59 motion | 12.25 | $400.00 | $4,900.00 | | Excessive time; redundant work | 50% | $2,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-27-14 | MLabgold | Partner | Drafting opposition to Rule 59 | 3.50 | $700.00 | $2,450.00 | | Redundant work; associate work | 50% | $1,225.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-28-14 | Russell | Associate | Edits to draft reply in support of fees motion; research re reply; draft declarations in support of fees motion; e-mails to and from M. Labgold, P. Hoeffner, J. Shaw, and J. Castellano re reply in support of fees motion | 10.25 | $400.00 | $4,100.00 | | Excessive time; redundant work | 50% | $2,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-28-14 | MLabgold | Partner | Drafting Rule 59 opposition editing fees reply and research re same | 5.00 | $700.00 | $3,500.00 | | Redundant work; associate work; excessive time | 50% | $1,750.00 | ¥0.00 | In addition to the General Responses, Oki asserts that it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-29-14 | Russell | Associate | Review Plaintiffs' opposition to bill of costs; draft supplemental declaration of Marc R. Labgold in support of Oki Electric's bill of costs; research re responses to objections to bill of costs; procedure for filing objections to bill of costs; call from M. Labgold re status of drafts; draft response to Plaintiffs' Rule 59 motion re breach of sections 1.0, 2.2, and 2.8 | 10.50 | $400.00 | $4,200.00 | | Excessive time; redundant work | 50% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-30-14 | Hoeffner | Partner | Edit Reply in support of attorney fees motion; edit declaration in support of motion; discussion with MLabgold re Reply in support of attorney fees motion | 3.00 | $550.00 | $1,650.00 | | Redundant work; excessive time | 33% | $544.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-30-14 | Russell | Associate | Edits to reply in support of fees motion; edits to declarations in support of reply; e-mails to and from M. Labgold, P. Hoeffner, and D. Makman re drafts, edits; draft § 2.8 portion of opposition to Plaintiffs' Rule 59 motion; research re draft; draft abandonment waiver portions of opposition to Plaintiffs' Rule 59 motion | 8.00 | $400.00 | $3,200.00 | | Redundant work; excessive time | 50% | $1,600.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-30-14 | Waiter | Paralegal | Work re bill of costs and attorneys fees motions | 18.50 | $150.00 | $2,775.00 | | Vague litigation purpose; excessive time | 75% | $2,081.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-1-14 | O'Byrne | Partner | Cite check reply brief in further support for Oki Electric's motion for attorney fees per A Russell request; review cited caselaw and made redline changes to citations, parenthetical's and argument; condensed argument and made revisions to brief; emailed to A Russell for review with explanation of more significant proposed changes to draft | 4.50 | $500.00 | $2,250.00 | | Clerical work; associate work; redundant work; excessive time | 75% | $1,687.50 | ¥0.00 | In addition to the General Responses, Oki asserts that it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-1-14 | Rigney | Paralegal | Conference with A Russell re rules and procedures for filing; review rules, procedures and Judge's preferences concerning filings and filing under seal in Northern District of California; create summary and transmit to M. Makman; draft administrative motion to seal, declaration and proposed order; transmit copies to A Russell and M. Makman | 2.25 | $150.00 | $337.50 | | Excessive time; clerical work | 33% | $111.38 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-1-14 | Hoeffner | Partner | Edit Reply brief and declarations in support of attorney fees motion; discussion with MLabgold re Reply brief | 2.75 | $550.00 | $1,512.50 | | Redundant work; excessive time | 50% | $756.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-1-14 | MLabgold | Partner | Editing fees reply; editing declaration in support of reply; emails wit L&W re draft declaration in support of fees reply; editing Rule 59 opposition | 2.25 | $700.00 | $1,575.00 | | Redundant work; excessive time | 50% | $787.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-1-14 | Russell | Associate | Edits to draft reply in support of fees motion; e-mails to and from S. O'Byrne re cite checking draft reply in support of fees motion; additional research re fees motion reply; edits to declarations in support of fees motion reply; e-mails to and from M. Labgold, P. Hoeffner, A Regoli re declarations, fees motion reply | 6.75 | $400.00 | $2,700.00 | | Redundant work; excessive time; clerical work | 66% | $1,782.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   None of the work is clerical. |
| 7-2-14 | Rigney | Paralegal | Correspondence from M. Makman re Northern District filing procedures; correspondence to and from A Russell re same; phone call with D. Makman; review docket and review local rules; prepare and finalize administrative motion, reply brief and all supporting papers; perform redactions on final versions; Multiple conferences with A Russell re logistics and filing prepare, file and serve reply and supporting papers; correspondence to team transmitting copies; file organization of electronic docket files | 4.75 | $150.00 | $712.50 | | Excessive time; redundant work | 33% | $235.13 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-2-14 | Russell | Associate | Edits to reply in support of fees motion; edits to declarations in support of reply; e-mails to and from M. Labgold, P. Hoeffner, D. Makman, and M. Rigney re drafts, edits, declarations; proofread final fees motion reply, declarations, motion to seal; discussions with M. Rigney re filing documents | 8.50 | $400.00 | $3,400.00 | | Excessive time; redundant work; clerical work | 66% | $2,244.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-2-14 | O'Byrne | Partner | Discuss status of brief and edits with A. Russell re reply brief on fees and costs; review final version of Oki fees brief and declarations per A Russell request re potential revisions needed to same; review declarations in support of fees motion; made revisions to same; email red lines to A Russell for compilation of edits into copies for filing | 1.25 | $500.00 | $625.00 | | Redundant work; clerical work | 75% | $468.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-2-14 | Hoeffner | Partner | Edit Opposition to Rule 59 motion; discussion with MLabgold re Rule 59 motion | 7.50 | $550.00 | $4,125.00 | | Redundant work; excessive time | 66% | $2,722.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-2-14 | MLabgold | Partner | Editing fees reply; editing declarations; discussions with ARussell re same | 2.75 | $700.00 | $1,925.00 | | Redundant work; excessive time | 50% | $962.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-3-14 | Rigney | Paralegal | Prepare Chambers copies per local rule requirements of reply and supporting papers; transmit to vendor and coordinate courier to Robert Peckman federal Courthouse | 1.00 | $150.00 | $150.00 | | Clerical work | 50% | $75.00 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 7-3-14 | MLabgold | Partner | Editing Rule 59 opposition; reviewing cases cited by NavCom to confirm holdings; legal research; record checking | 3.25 | $700.00 | $2,275.00 | | Redundant work; associate work; excessive time | 66% | $1,501.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-3-14 | Hoeffner | Partner | Edit Opposition to Rule 59 motion; discussion with MLabgold re Rule 59 motion | 5.50 | $550.00 | $3,025.00 | | Redundant work; excessive time | 50% | $1,512.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-4-14 | Hoeffner | Partner | Edit Opposition of Navcom's Rule 59 motion | 4.00 | $550.00 | $2,200.00 | | Redundant work; excessive time | 66% | $1,452.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-5-14 | Hoeffner | Partner | Edit Opposition of Navcom's Rule 59 motion; discussion with MLabgold re Rule 59 | 4.25 | $550.00 | $2,337.50 | | Redundant work; excessive time | 66% | $1,542.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-5-14 | MLabgold | Partner | Revising Rule 59 opposition brief | 5.50 | $700.00 | $3,850.00 | | Redundant work; excessive time | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-6-14 | MLabgold | Partner | Editing Rule 59 opposition brief | 1.00 | $700.00 | $700.00 | | Redundant work | 66% | $462.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-6-14 | Hoeffner | Partner | Edit Opposition of Navcom's Rule 59 motion; legal research re Rule 59 motion | 7.00 | $550.00 | $3,850.00 | | Redundant work; excessive time; associate work | 66% | $2,541.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-7-14 | O'Byrne | Partner | Review and cite-check draft response to Rule 59 brief per J. Castellano request; email redline to M. Labgold and J. Castellano for review | 4.25 | $500.00 | $2,125.00 | | Clerical work; associate work; redundant work' excessive time | 75% | $1,593.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-7-14 | Hoeffner | Partner | Review edits to Rule 59 motion | 1.00 | $550.00 | $550.00 | | Redundant work | 66% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-7-14 | MLabgold | Partner | Review revised Rule 59 opposition brief | 1.25 | $700.00 | $875.00 | | Redundant work | 66% | $577.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-7-14 | Castellano | Partner | Emails with S. O'Byrne re cite checking response to Rule 59 motion for new trial | 0.25 | $500.00 | $125.00 | | Redundant work; clerical work; vague litigation purpose | 100% | $125.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.  None of the work is clerical. |
| 7-8-14 | Hoeffner | Partner | Edit and proofread Opposition of Navcom's Rule 59 motion; discussion with MLabgold re Rule 59 motion | 4.00 | $550.00 | $2,200.00 | | Redundant work; clerical work | 75% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-8-14 | MLabgold | Partner | Proofing and Rule 59 opposition brief | 2.00 | $700.00 | $1,400.00 | | Redundant work; clerical work | 75% | $1,050.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-9-14 | Hoeffner | Partner | Edit Opposition of Navcom's Rule 59 motion; legal research re motion; prepare proposed Order for Opposition of Navcom's Rule 59 motion; discussion with MLabgold re Rule 59 motion | 6.75 | $550.00 | $3,712.50 | | Redundant work; associate work; excessive time | 75% | $2,784.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-9-14 | MLabgold | Partner | Drafting and editing remaining section of opposition brief; discussions with PHoeffner re same; review cases re same; finalizing opposition for filing | 2.75 | $700.00 | $1,925.00 | | Redundant work; associate work; excessive time | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-15-14 | Rigney | Paralegal | Correspondence to and from P. Hoeffner re case law | 0.25 | $150.00 | $37.50 | | Vague litigation purpose; redundant work | 50% | $18.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 7-18-14 | Hoeffner | Partner | Review Reply in support of Rule 59 motion | 2.50 | $550.00 | $1,375.00 | | Excessive time; redundant work | 50% | $687.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-3-14 | MLabgold | Partner | Preparation for hearing; reviewing caselaw re issues to be heard | 3.25 | $700.00 | $2,275.00 | | Excessive time | 33% | $750.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-4-14 | MLabgold | Partner | Preparation for hearing | 3.00 | $700.00 | $2,100.00 | | Excessive time | 33% | $693.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-5-14 | MLabgold | Partner | Reviewing motions for hearing; having hearing binders prepared; organizing same | 1.75 | $700.00 | $1,225.00 | | Clerical work; redundant work | 33% | $404.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 9-5-14 | Fanelli | Paralegal | Review pleading and prepare binders of documents for hearing per M. Labgold request | 2.25 | $150.00 | $337.50 | | Excessive time | 33% | $111.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-5-14 | Hoeffner | Partner | Prepare for Hearing; review Renewed Motion for Judgment As A Matter Of Law, Motion For New Trial Plaintiffs Navcom Technology Inc., and Deer & Company's Rule 59 Motion For New Trial; motion for fees; discussion with MLabgold re rehearings | 5.25 | $550.00 | $2,887.50 | | Redundant work; excessive time | 66% | $1,905.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-6-14 | Hoeffner | Partner | Prepare for Hearing; review Renewed Motion for Judgment As A Matter Of Law, Motion For New Trial Plaintiffs Navcom Technology Inc., and Deer & Company's Rule 59 Motion For New Trial; motion for fees | 3.50 | $550.00 | $1,925.00 | | Redundant work; excessive time | 66% | $1,270.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-7-14 | MLabgold | Partner | Preparation for hearing; reviewing caselaw re issues to be heard | 1.25 | $700.00 | $875.00 | | Excessive time | 33% | $288.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-8-14 | Fanelli | Paralegal | Review pleading and prepare binders of documents for hearing per M. Labgold request | 1.25 | $150.00 | $187.50 | | Excessive time | 33% | $61.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-8-14 | MLabgold | Partner | Receipt of email from Court re continuance; discussions with MLB re alternate dates; remaining court to confirm requested dates from offered possibilities | 0.75 | $700.00 | $525.00 | | Excessive time | 33% | $173.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-8-14 | Hoeffner | Partner | Prepare for Hearing; review Renewed Motion for Judgment As A Matter Of Law, Motion For New Trial Plaintiffs Navcom Technology Inc., and Deer & Company's Rule 59 Motion For New Trial; motion for fees; discussion with MLabgold re rehearings | 3.25 | $550.00 | $1,787.50 | | Redundant work; excessive time | 66% | $1,179.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-2-14 | MLabgold | Partner | Preparation for Hearing | 3.75 | $700.00 | $2,625.00 | | Excessive time | 33% | $866.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-3-14 | MLabgold | Partner | Preparation for hearing; discussion with PHoeffner re same | 4.50 | $700.00 | $3,150.00 | | Excessive time; redundant work | 50% | $1,575.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-4-14 | MLabgold | Partner | Preparation for hearing; discussion with PHoeffner re same. | 6.50 | $700.00 | $4,550.00 | | Excessive time; redundant work | 50% | $2,275.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-4-14 | Hoeffner | Partner | Prepare for hearing | 8.00 | $550.00 | $4,400.00 | | Redundant work; excessive time; vague litigation purpose | 75% | $3,300.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 11-5-14 | MLabgold | Partner | Preparation for hearing with PHoeffner; attend hearing; post-hearing discussion of points raised; advising client | 7.00 | $700.00 | $4,900.00 | | Excessive time | 33% | $1,617.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-5-14 | Hoeffner | Partner | Preparation for hearing with MLabgold; attend hearing | 5.00 | $550.00 | $2,750.00 | | Redundant work; excessive time | 75% | $2,062.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 11-26-14 | Makman | Attorney | Prepare for and attend hearing. | 3.00 | $425.00 | $1,275.00 | | Redundant work | 75% | $956.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 9-13-16 | Russell | Partner | Multiple e-mails to and from M. Labgold re: requirements for filing a notice of change in counsel re: D. Makman, local rules; research re: requirements, local rules | 0.50 | $500.00 | $250.00 | | Vague litigation purpose; transition work | 100% | $250.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 9-14-16 | Russell | Partner | Research re: Northern District of California procedure; e- mail to M. Labgold re: procudure | 0.50 | $500.00 | $250.00 | | Vague litigation purpose; transition work | 100% | $250.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. The Court's September 5, 2019 Order (docket nos. 413) provided that the attorney's fees for transitioning to a new firm are recoverable. See Order at 7. |
| 9-26-16 | Makman | Attorney | Make mediation reservation. | 0.20 | $425.00 | $85.00 | | Clerical work | 75% | $63.75 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 5-8-17 | Russell | Partner | E-mails with M. Labgold re collecting copies of pending motions for status conference; discussion with D. Fanelli re collecting files; review docket re pending motions; coordinate collection of files for M. Labgold; review collected files | 1.00 | $500.00 | $500.00 | | Clerical work; vague litigation purpose | 75% | $375.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-8-17 | Rigney | Paralegal | Correspondence and conference with A. Russell re pending motions; coordinate with A. Russell re same | 0.25 | $175.00 | $43.75 | | Redundant work | 50% | $21.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-8-17 | Fanelli | Paralegal | Research and send document to M. Labgold per A. Russell request | 0.90 | $175.00 | $157.50 | | Vague litigation purpose | 75% | $118.13 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-8-17 | Hoeffner | Partner | Email correspondence with ARussell and Jcastellano re law concerning covenants; email correspondence from client re covenant | 0.50 | $550.00 | $275.00 | | Vague litigation purpose | 75% | $206.25 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-8-17 | MLabgold | Partner | Review pending motions for hearing | 3.50 | $700.00 | $2,450.00 | | Vague litigation purpose; excessive time | 100% | $2,450.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-9-17 | Hoeffner | Partner | Email correspondence with ARussell and Jcastellano re law concerning covenants; review Oki brief | 1.50 | $550.00 | $825.00 | | Vague litigation purpose; excessive time | 100% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-10-17 | MLabgold | Partner | Review pending motions and prepare for hearing | 2.75 | $700.00 | $1,925.00 | | Vague litigation purpose; excessive time | 100% | $1,925.00 | ¥1,925.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-16-17 | Hoeffner | Partner | Review Orders re post trial Motions | 1.00 | $550.00 | $550.00 | | Redundant work; excessive time | 50% | $275.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-16-17 | MLabgold | Partner | Review Orders denying Rule 50 an Rule 59 Motions | 1.00 | $700.00 | $700.00 | | Redundant work; excessive time | 50% | $350.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-4-19 | Hoeffner | Partner | Review draft letter to Navcom's counsel re attorney's fees; review draft Request for Status Conference to the Court re attorney's fees; discussion with MLabgold re attorney's fees | 2.75 | $550.00 | $1,512.50 | | Excessive time | 66% | $998.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-4-19 | MeganLabgold | Law Clerk | Legal research on prejudgment and post judgment interest on attorneys fees | 3.50 | $225.00 | $787.50 | | Interest on Fees Not Recoverable | 100% | $787.50 | ¥0.00 | In addition to the General Responses, Oki that the "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 1-4-19 | Russell | Partner | Review docket re: questions from M. Labgold; e-mail to M. Labgold re: docket numbers | 0.25 | $500.00 | $125.00 | | Vague litigation purpose | 100% | $125.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-16-19 | Hoeffner | Partner | Legal research re attorney's fees; prepare analysis of caselaw re attorney's fees | 4.50 | $550.00 | $2,475.00 | | Associate work; excessive time | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-16-19 | MLabgold | Partner | Conference call with opposing counsel re offer to resolve attorneys fees motion; post call discussion and legal research; reporting email; discussion with Nagashima Sensei | 2.50 | $700.00 | $1,750.00 | | Associate work; excessive time | 50% | $875.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-16-19 | Megan Labgold | Law Clerk | Continued research on prejudgment interest on attorneys fees in California | 1.75 | $225.00 | $393.75 | | Interest on Fees Not Recoverable | 100% | $393.75 | ¥0.00 | In addition to the General Responses, Oki that the "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 1-18-19 | MLabgold | Partner | Continued legal research | 3.00 | $700.00 | $2,100.00 | | Associate work; excessive time | 66% | $1,386.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-24-19 | Hoeffner | Partner | Legal research re attorney's fees; edit letter to Navcom's counsel re attorney's fees; discussion with MLabgold attorney's fees | 3.25 | $550.00 | $1,787.50 | | Associate work; excessive time; redundant work | 66% | $1,179.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-24-19 | MLabgold | Partner | Review CA and 9th circuit cases re attorney fees issues; discussion with PHoeffner re same | 2.25 | $700.00 | $1,575.00 | | Associate work; excessive time; vague litigation purpose | 66% | $1,039.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 1-25-19 | MLabgold | Partner | Draft letter to opposing counsel re attorney fees; discussion with PHoeffner re same; comments from ARussell re same | 1.50 | $700.00 | $1,050.00 | | Excessive time; redundant work | 33% | $346.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-25-19 | Russell | Partner | Review draft letter re: settlement; e-mails with M. Labgold re: letter; brief research re: letter | 0.25 | $500.00 | $125.00 | | Redundant work | 50% | $62.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-25-19 | Hoeffner | Partner | Edit letter to Navcom's counsel re attorney's fees | 0.50 | $550.00 | $275.00 | | Redundant work; excessive time | 50% | $137.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-30-19 | Russell | Partner | Review precedent cited by Deere re: interest and fees; e- mails with J. Shaw re: questions from M. Labgold | 0.25 | $500.00 | $125.00 | | Redundant work | 50% | $62.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-30-19 | Shaw | Partner | Emails with A Russell on Navcomm fees; review materials and consider strategy on same | 0.25 | $725.00 | $181.25 | | Redundant work | 75% | $135.94 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-30-19 | Hoeffner | Partner | Review correspondence from opposing counsel re attorney's fees; discussion with MLabgold re same | 1.00 | $550.00 | $550.00 | | Redundant work; excessive time | 66% | $363.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 1-31-19 | Hoeffner | Partner | Email correspondence with local counsel re attorney's fees issue | 0.25 | $550.00 | $137.50 | | Redundant work | 75% | $103.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2-1-19 | Hoeffner | Partner | Email correspondence with Mike Smith re filing of Request for Status Conference; legal research re interest calculations in California | 3.50 | $550.00 | $1,925.00 | | Associate work; excessive time; interest on fees not recoverable; vague litigation purpose | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-1-19 | Shaw | Partner | Review cases from A Russell; email to A Russell re same; discuss with A Russell | 0.25 | $725.00 | $181.25 | | Redundant work; vague litigation purpose | 75% | $135.94 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-4-19 | Hoeffner | Partner | Telephone call with local counsel in California, Mike Smith re filing of Request for Status Conference; discussion with MLabgold re request | 0.50 | $550.00 | $275.00 | | Redundant work | 75% | $206.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-5-19 | Russell | Partner | Research re: settlement discussion issues, including pre- and post-judgment interest and fees | 1.00 | $500.00 | $500.00 | | Redundant work; associate work; interest on fees not recoverable | 100% | $500.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 2-6-19 | Russell | Partner | Additional research re: settlement issues; e-mail to M. Labgold re: research | 1.50 | $500.00 | $750.00 | | Vague litigation purpose; redundant work; associate work | 75% | $562.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 2-12-19 | Hoeffner | Partner | Email correspondence with Mike Smith re filing of Request for Status Conference | 0.25 | $550.00 | $137.50 | | Redundant work | 75% | $103.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 2-15-19 | Hoeffner | Partner | Email correspondence with Mike Smith re filing of Request for Status Conference; telephone call to local counsel, Mike Smith | 0.25 | $550.00 | $137.50 | | Redundant work | 75% | $103.13 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-8-19 | MLabgold | Partner | Discussion with PHoeffner re outline for supplemental coasts filing | 1.50 | $700.00 | $1,050.00 | | Excessive time; redundant work | 75% | $787.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-8-19 | S. Renick | Partner | Telephone conversation with Patrick Hoeffner regarding possible approaches to presenting various attorney fees issues to the district judge following the conclusion of the appeal in the Ninth Circuit. | 0.40 | $295.00 | $118.00 | | Redundant work; excessive time | 75% | $88.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-10-19 | Hoeffner | Partner | Edit Request for Status Conference | 1.75 | $550.00 | $962.50 | | Excessive time; associate work | 50% | $481.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-11-19 | Hoeffner | Partner | Email correspondence with local counsel re Request for Status Conference; coordinate filing of document; discussion with MLabgold re Request; review case law re calculation of interest | 6.25 | $550.00 | $3,437.50 | | Excessive time; redundant work; associate work; interest on fees not recoverable | 75% | $2,578.13 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 3-11-19 | MLabgold | Partner | Review PHoeffner revisions to request for status conference; discussion with PHoeffner re same and additional edits | 2.25 | $700.00 | $1,575.00 | | Redundant work; excessive time | 75% | $1,181.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-12-19 | MLabgold | Partner | Review court order; conference call with PHoeffner and ARussell re same; email to client advising of same | 1.25 | $700.00 | $875.00 | | Excessive time | 33% | $288.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-12-19 | Hoeffner | Partner | Review Order re Request; prepare supplemental filing for attorney's fees; discussion with MLabgold re supplemental filing | 4.50 | $550.00 | $2,475.00 | | Excessive time; associate work | 66% | $1,633.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-19 | Fanelli | Paralegal | Gather motion for fees documents pursuant to court order and A. Russell request | 0.75 | $175.00 | $131.25 | | Excessive time | 33% | $43.31 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-19 | Rigney | Paralegal | Conference with D. Fanelli re: assembly of unredacted versions of chambers copies of all briefs, declarations and exhibits pertaining to Defendant's motion for fees and costs; review pleadings file and assemble pleadings; coordinate with D. Fanelli, A. Russell and P. Hoeffner re: same | 0.75 | $175.00 | $131.25 | | Excessive time | 33% | $43.31 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-19 | Russell | Partner | Review collected materials for Court; e-mails with P. Hoeffner, staff re: Word versions of previous filings | 0.75 | $500.00 | $375.00 | | Excessive time | 33% | $123.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-19 | Hoeffner | Partner | Prepare supplemental filing for attorney's fees; discussion with MLabgold re supplemental filing | 6.50 | $550.00 | $3,575.00 | | Excessive time; redundant work; associate work | 66% | $2,359.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-13-19 | MLabgold | Partner | Review and edit draft supplemental filing; discussion with PHoeffner re same; revise calculations; legal research re same | 6.50 | $700.00 | $4,550.00 | | Excessive time; redundant work; associate work | 66% | $3,003.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-14-19 | Fanelli | Paralegal | Meeting re California vendor with A. Russell; contact vendors | 0.50 | $175.00 | $87.50 | | Clerical work; vague litigation purpose | 100% | $87.50 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-14-19 | Hoeffner | Partner | Prepare supplemental filing for attorney's fees; prepare supplemental declaration of MLabgold; discussion with MLabgold re supplemental filing | 7.75 | $550.00 | $4,262.50 | | Excessive time; redundant work; associate work | 66% | $2,813.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-14-19 | Russell | Partner | Finalize pro hac; coordinate with paralegals re: collected materials for Court; e-mail to M. Smith re filing pro hac, collected materials; e-mails with P. Hoeffner | 1.25 | $500.00 | $625.00 | | Vague litigation purpose; redundant work | 100% | $625.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 3-15-19 | Hoeffner | Partner | Discussion with MLabgold re supplemental filing; prepare supplemental declaration of MLabgold | 5.50 | $550.00 | $3,025.00 | | Excessive time; redundant work; associate work | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-15-19 | MLabgold | Partner | Edit draft filing | 1.50 | $700.00 | $1,050.00 | | Redundant work | 33% | $346.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-15-19 | Russell | Partner | E-mails with M. Smith re filing pro hac; revisions to pro hac | 0.25 | $500.00 | $125.00 | | Vague litigation purpose; clerical work | 100% | $125.00 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 3-18-19 | Russell | Partner | Coordinate with staff re: submitting copies of filings; e-mails with P. Hoeffner re: copies of filings | 0.25 | $500.00 | $125.00 | | Clerical work; redundant work; vague litigation purpose | 100% | $125.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. None of the work is clerical. |
| 3-18-19 | Hoeffner | Partner | Prepare supplemental filing for attorney's fees; prepare supplemental declaration of MLabgold | 3.25 | $550.00 | $1,787.50 | | Excessive time; redundant work; associate work | 75% | $1,340.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-19-19 | Hoeffner | Partner | Prepare joint status conference statement | 6.00 | $550.00 | $3,300.00 | | Associate work; excessive time | 85% | $2,805.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-19-19 | MLabgold | Partner | Edit draft declaration; work on supplemental fees support | 3.50 | $700.00 | $2,450.00 | | Excessive time; redundant work; clerical work | 75% | $1,837.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-19-19 | Russell | Partner | Review spreadsheets and other materials from previous attorneys' fees motion; e-mails with M. Labgold re: spreadsheets | 1.00 | $500.00 | $500.00 | | Redundant work; associate work; clerical work | 75% | $375.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-21-19 | Hoeffner | Partner | Review original attorney's fees motion and declaration in support; prepare supplemental declaration of MLabgold | 5.50 | $550.00 | $3,025.00 | | Excessive time; associate work; redundant work | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 3-21-19 | Fanelli | Paralegal | Draft letter regarding courtesy copies pursuant to court order and A. Russell request; prepare courtesy copies | 1.00 | $175.00 | $175.00 | | Excessive time; clerical work | 66% | $115.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-21-19 | MLabgold | Partner | Compile charts for declaration | 5.25 | $700.00 | $3,675.00 | | Excessive time; clerical work | 75% | $2,756.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-21-19 | Russell | Partner | Work with paralegals re: corrections to courtesy copies; draft cover letter; e-mails with M. Smith re: cover letter | 0.50 | $500.00 | $250.00 | | Excessive time; clerical work | 66% | $165.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-22-19 | MLabgold | Partner | Finish compiling information for exhibits; edit draft declaration | 3.25 | $700.00 | $2,275.00 | | Excessive time; clerical work | 66% | $1,501.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-22-19 | Hoeffner | Partner | Prepare supplemental filing for attorney's fees; prepare supplemental declaration of MLabgold; review spreadsheet of fees and costs | 4.75 | $550.00 | $2,612.50 | | Excessive time; redundant work; associate work | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-23-19 | Hoeffner | Partner | Prepare joint status conference statement; prepare supplemental filing for attorney's fees; prepare supplemental declaration of MLabgold; edit spreadsheet re fees and costs | 6.75 | $550.00 | $3,712.50 | | Excessive time; associate work; clerical work | 75% | $2,784.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   None of the work is clerical. |
| 3-25-19 | Hoeffner | Partner | Review original attorney's fees motion, declaration in support, and bill of costs; discussion with MLabgold re spreadsheet of fees | 2.00 | $550.00 | $1,100.00 | | Excessive time; redundant work | 50% | $550.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-25-19 | MLabgold | Partner | Review and edit draft of supplemental pleading | 1.25 | $700.00 | $875.00 | | Redundant work | 33% | $288.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-26-19 | Hoeffner | Partner | Review and edit draft joint status conference statement; discussion with MLabgold re joint statement | 1.25 | $550.00 | $687.50 | | Excessive time; redundant work; associate work | 75% | $515.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-26-19 | MLabgold | Partner | Edit draft supplement; meet and confer with opposing counsel; draft joint status conference statement | 4.00 | $700.00 | $2,800.00 | | Redundant work; excessive time; associate work | 75% | $2,100.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-27-19 | MLabgold | Partner | Edit draft supplement; discussion with PHoeffner re same | 2.25 | $700.00 | $1,575.00 | | Excessive time; redundant work | 50% | $787.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-27-19 | Hoeffner | Partner | Edit supplemental filing for attorney's fees; review opposing counsel's edits to Joint Status Conference Statement; discussion with MLabgold re fees motion brief | 2.00 | $550.00 | $1,100.00 | | Excessive time; redundant work; associate work | 75% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3-28-19 | Hoeffner | Partner | Edit supplemental filing for attorney's fees; edit supplemental declaration of MLabgold; discussion with MLabgold re fees motion brief | 4.75 | $550.00 | $2,612.50 | | Excessive time; redundant work; associate work | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-28-19 | MLabgold | Partner | Review email from opposing counsel with edits to draft status conference statement | 0.50 | $700.00 | $350.00 | | Redundant work | 50% | $175.00 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-29-19 | Rigney | Paralegal | Correspondence and conference with A. Russell re: status report; finalize status report and transmit to A. Russell; submit joint status report to Court; serve on opposing counsel; coordinate chambers copies to Court | 3.00 | $175.00 | $525.00 | | Excessive time | 50% | $262.50 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-29-19 | Russell | Partner | E-mails and call with P. Hoeffner re status report; discussions with M. Rigney re: status report; review PDF of status report; review docket re: counsel of record | 0.50 | $500.00 | $250.00 | | Redundant work; clerical work | 100% | $250.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-29-19 | Hoeffner | Partner | Edit supplemental filing for attorney's fees; edit supplemental declaration of MLabgold; prepare biographies exhibit for declaration; discussion with MLabgold re fees motion brief | 5.50 | $550.00 | $3,025.00 | | Redundant work; clerical work; excessive time | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 3-30-19 | Rigney | Paralegal | Correspondence from A. Russell re: stand-by for submission of joint status report; submit joint status report to Court; serve on opposing counsel; coordinate chambers copies to Court | 2.25 | $175.00 | $393.75 | | Excessive time | 66% | $259.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 3-30-19 | Russell | Partner | Supervise filing of status report; e-mails with P. Hoeffner, M. Rigney re: filing status report | 0.25 | $500.00 | $125.00 | | Redundant work; clerical work | 100% | $125.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 4-1-19 | Rigney | Paralegal | Coordinate with Parcels Inc. re service copy for Judge Davila; prepare service copy and transmit to Parcels for First Class Mail service; update case docket | 0.25 | $175.00 | $43.75 | | Clerical work | 100% | $43.75 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 4-1-19 | Hoeffner | Partner | Edit supplemental filing for attorney's fees; edit supplemental declaration of MLabgold; discussion with MLabgold re fees motion brief | 4.75 | $550.00 | $2,612.50 | | Excessive time; redundant work; associate work | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-1-19 | MLabgold | Partner | Edit draft supplement; edit and draft declaration; proof exhibits | 3.75 | $700.00 | $2,625.00 | | Excessive time; redundant work; clerical work | 75% | $1,968.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 4-2-19 | MLabgold | Partner | Legal research on interest issue; continued search for cases having same or similar fact pattern | 4.50 | $700.00 | $3,150.00 | | Associate work; excessive time; interest on fees not recoverable | 100% | $3,150.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4-3-19 | Hoeffner | Partner | Legal research re pre-judgment interest; review Order re briefing schedule; discussion with MLabgold re fees motion brief | 5.25 | $550.00 | $2,887.50 | | Associate work; excessive time; interest on fees not recoverable | 100% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 4-3-19 | MLabgold | Partner | Emails to client re interest issue and court's order vacating the status conference and setting schedule | 2.00 | $700.00 | $1,400.00 | | Vague litigaton purpose; excessive time; interest on fees not recoverable | 100% | $1,400.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 4-5-19 | Hoeffner | Partner | Legal research re pre-judgment interest; edit supplemental filing for attorney's fees; edit supplemental declaration of MLabgold; discussion with MLabgold re fees motion brief | 5.50 | $550.00 | $3,025.00 | | Associate work; excessive time; interest on fees not recoverable | 100% | $3,025.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 4-25-19 | Hoeffner | Partner | Edit supplemental briefing documents re costs | 1.00 | $550.00 | $550.00 | | Excessive time; associate work | 75% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-28-19 | Hoeffner | Partner | Edit supplemental briefing documents | 3.75 | $550.00 | $2,062.50 | | Excessive time; associate work | 75% | $1,546.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-29-19 | Hoeffner | Partner | Edit supplemental briefing documents; discussion with MLabgold re fees and costs briefing | 4.00 | $550.00 | $2,200.00 | | Excessive time; associate work | 75% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-30-19 | Russell | Partner | Call with P. Hoeffner re: preparing motion for filing; discussion with M. Rigney re: preparing motion; e-mails to P. Hoeffner, M. Rigney re: draft motion | 0.25 | $500.00 | $125.00 | | Redundant work | 75% | $93.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 4-30-19 | Hoeffner | Partner | Review edits to spreadsheet re costs; discussion with MLabgold re fees and costs briefing | 1.00 | $550.00 | $550.00 | | Redundant work; clerical work | 75% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-1-19 | Hoeffner | Partner | Edit supplemental brief and coordinate with ARussell re administrative motion to seal and filing of supplemental brief; discussion with MLabgold re supplemental briefing | 4.50 | $550.00 | $2,475.00 | | Excessive time; associate work; redundant work | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-2-19 | Russell | Partner | Review draft redacted versions of supplement to attorney's fees brief; e-mails with staff re: redacted versions of filing; e-mails with P. Hoeffner re: consistency with original filings | 0.50 | $500.00 | $250.00 | | Clerical work; excessive time | 75% | $187.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-2-19 | Rigney | Paralegal | Review correspondence from P. Hoeffner; prepare redactions and sealing motion on revised versions of documents; correspondence and conference with A. Russell re: same | 2.50 | $175.00 | $437.50 | | Excessive time | 50% | $218.75 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-2-19 | Hoeffner | Partner | Edit and review supplemental brief | 6.25 | $550.00 | $3,437.50 | | Excessive time; associate work; redundant work | 75% | $2,578.13 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-3-19 | Hoeffner | Partner | Edit supplemental brief and coordinate with ARussell re administrative motion to seal and filing of supplemental brief; discussion with MLabgold re supplemental briefing | 6.75 | $550.00 | $3,712.50 | | Excessive time; associate work; redundant work | 75% | $2,784.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-19 | Hoeffner | Partner | Edit and review supplemental brief; discussion with MLabgold re supplemental briefing | 4.75 | $550.00 | $2,612.50 | | Excessive time; associate work; redundant work | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-6-19 | Russell | Partner | Call with P. Hoeffner re: motion to seal, redactions; work with staff to revise redactions, create exhibits from spreadsheet; review draft materials; e-mail to P. Hoeffner re: draft materials; compare drafts to 2014 sealing materials to ensure consistency | 0.75 | $500.00 | $375.00 | | Redundant work; clerical work | 75% | $281.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-7-19 | Hoeffner | Partner | Edit Exhibits; discussion with MLabgold re supplemental briefing | 1.75 | $550.00 | $962.50 | | Excessive time; clerical work; redundant work | 75% | $721.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-8-19 | Hoeffner | Partner | Email correspondence with local counsel re filing of supplemental brief; discussion with MLabgold re supplemental briefing | 1.00 | $550.00 | $550.00 | | Excessive time; associate work; redundant work | 75% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-9-19 | Rigney | Paralegal | Correspondence from A. Russell re: Supplemental Brief, declarations, exhibits, motion to seal, proposed order; review and finalize pleadings; prepare for submission under seal; submit to Court and serve on opposing counsel; update case docket | 3.25 | $175.00 | $568.75 | | Excessive time | 50% | $284.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-9-19 | Hoeffner | Partner | Email correspondence with ARussell re filing of supplemental brief; discussion with MLabgold re supplemental briefing | 1.00 | $550.00 | $550.00 | | Redundant work; excessive time | 75% | $412.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-9-19 | Russell | Partner | Call and e-mails with P. Hoeffner re: filing brief; review and supervise filing of brief, motion to seal, exhibits | 1.00 | $500.00 | $500.00 | | Redundant work; excessive time; clerical work | 75% | $375.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  None of the work is clerical. |
| 5-10-19 | MLabgold | Partner | Revisions to supplemental costs | 1.25 | $700.00 | $875.00 | | Redundant work; clerical work | 75% | $656.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-11-19 | MLabgold | Partner | Discussions with PHoeffner re service; forward filed documents to OKI | 1.00 | $700.00 | $700.00 | | Clerical work | 100% | $700.00 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 5-12-19 | Rigney | Paralegal | Review correspondence to A. Russell; follow-up on docket; correspondence to A. Russell re: case list and forms | 0.25 | $175.00 | $43.75 | | Vague litigation purpose | 100% | $43.75 | ¥0.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5-23-19 | Hoeffner | Partner | Review Navcom's brief in opposition to motion for attorney fees and costs; legal research re interest on attorney fees award; prepare Reply brief | 6.00 | $550.00 | $3,300.00 | | Excessive time; associate work; interest on fees not recoverable | 75% | $2,475.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-24-19 | Hoeffner | Partner | Legal research re interest on attorney fees award; prepare Reply brief; discussion with MLabgold re Reply brief | 9.25 | $550.00 | $5,087.50 | | Excessive time; associate work; interest on fees not recoverable | 85% | $4,324.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-24-19 | Russell | Partner | Calls with P. Hoeffner re: research needed; review fees motion briefing; coordinate with other attorneys re: research; research re: fees motion; edit draft memo re: research; e-mails with P. Hoeffner re: research | 4.25 | $500.00 | $2,125.00 | | Excessive time; associate work; redundant work; interest on fees not recoverable | 75% | $1,593.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-24-19 | Castellano | Partner | Discussion and emails re: research for supplemental fees briefing; review briefs; research legal issues for reply brief | 4.00 | $550.00 | $2,200.00 | | Excessive time; redundant work; associate work | 85% | $1,870.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-24-19 | Fry | Partner | Research and summarize caselaw re reply in support of supplemental attorneys' fee submission and e-mails with A. Russell and J. Castellano re same | 4.50 | $550.00 | $2,475.00 | | Excessive time; redundant work; associate work | 85% | $2,103.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5-24-19 | MLabgold | Partner | Review Opposition brief; discussion with PHoeffner re strategy of reply | 2.50 | $700.00 | $1,750.00 | | Redundant work; excessive time | 66% | $1,155.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-25-19 | Hoeffner | Partner | Legal research re interest on attorney fees award; prepare Reply brief | 8.75 | $550.00 | $4,812.50 | | Excessive time; associate work; interest on fees not recoverable | 85% | $4,090.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-26-19 | Hoeffner | Partner | Prepare Reply brief | 9.50 | $550.00 | $5,225.00 | | Excessive time; associate work; interest on fees not recoverable | 85% | $4,441.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-26-19 | Castellano | Partner | Review draft reply brief; review citations to cases located during research; review prior emails re: research findings; emails re: reply brief | 0.50 | $550.00 | $275.00 | | Redundant work; associate work; excessive time | 85% | $233.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-26-19 | Russell | Partner | Review draft brief re: fees motion; research re: brief; edits to brief; e-mails with P. Hoeffner re: draft brief | 3.25 | $500.00 | $1,625.00 | | Redundant work; associate work; excessive time | 85% | $1,381.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-27-19 | Hoeffner | Partner | Prepare Reply brief; legal research re Cal. Civil Code 1717 | 8.75 | $550.00 | $4,812.50 | | Excessive time; associate work; interest on fees not recoverable | 85% | $4,090.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-28-19 | Hoeffner | Partner | Prepare Reply brief; discussion with MLabgold re Reply brief; legal research re Cal. Civil Code 1717 | 7.25 | $550.00 | $3,987.50 | | Excessive time; associate work; interest on fees not recoverable | 85% | $3,389.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney's fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-28-19 | Castellano | Partner | Discussion re: legal research; research on attorneys' fees issue; review and revise reply brief; emails re: reply brief | 3.75 | $550.00 | $2,062.50 | | Redundant work; associate work; excessive time | 85% | $1,753.13 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 5-28-19 | Russell | Partner | Calls with P. Hoeffner re: additional research; research re: fees brief; edits to draft fees brief; discussions with J. Castellano re: research, edits; review J. Castellano edits to fees brief | 3.75 | $500.00 | $1,875.00 | | Redundant work; associate work; excessive time | 85% | $1,593.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-28-19 | MLabgold | Partner | Edit draft reply brief | 4.50 | $700.00 | $3,150.00 | | Redundant work; excessive time | 85% | $2,677.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-29-19 | MLabgold | Partner | Edit draft reply brief; finalize declaration | 1.50 | $700.00 | $1,050.00 | | Excessive time; redundant work | 85% | $892.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-29-19 | Castellano | Partner | Cite check reply brief; research for same; discussions re: same | 1.50 | $550.00 | $825.00 | | Redundant work; clerical work; excessive time | 100% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-29-19 | Fry | Partner | Cite-check reply in support of supplemental attorneys' fee submission and e-mails from/to A. Russell re same | 1.50 | $550.00 | $825.00 | | Redundant work; clerical work; excessive time | 100% | $825.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-29-19 | Russell | Partner | Cite check draft reply brief; edits to draft reply brief; e- mails and call with P. Hoeffner re: cite check, sealing brief | 4.50 | $500.00 | $2,250.00 | | Redundant work; clerical work; excessive time | 90% | $2,025.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-29-19 | Hoeffner | Partner | Review and proofread Reply brief; legal research re Gravis case; discussion with ARussell re Reply brief; discussion with MLabgold re Reply brief | 5.00 | $550.00 | $2,750.00 | | Redundant work; clerical work; excessive time; interest on fees not recoverable | 90% | $2,475.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  None of the work is clerical.  The "prevailing party" is entitled to "reasonable attorneys' fees" and when a party has won substantial relief it should not have its attorney fees reduced simply because the court did not adopt each contention raised. Simply, the party seeking fees is not required to show the reasonableness of every failed claim. |
| 5-30-19 | Hoeffner | Partner | Final Proof of Reply brief; discussion with MLabgold re Reply brief | 2.25 | $550.00 | $1,237.50 | | Clerical work; excessive time; redundant work | 90% | $1,113.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 5-30-19 | Rigney | Paralegal | Conference and correspondence with A. Russell re: Supplemental Reply brief and supporting exhibits; review and finalize brief and supporting exhibits; submit supplemental brief to Court and serve on opposing counsel; prepare chambers copies; update case docket | 2.75 | $175.00 | $481.25 | | Excessive time | 50% | $240.63 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 5-30-19 | Russell | Partner | Review and supervise filing of final brief; review and edit declaration, exhibit; edits to sealing papers; calls and e-mails with P. Hoeffner re: sealing; coordinate with opposing counsel re: filing designated documents publicly rather than sealing | 2.75 | $500.00 | $1,375.00 | | Redundant work; excessive time; clerical work | 85% | $1,168.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  None of the work is clerical. |
| 6-5-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in briefing (132 cases cited in briefing); review original briefs-- opening brief, declaration, bill of costs, exhibits, opposition brief, declaration, reply brief, supplemental declaration, exhibits; conference call with MLabgold re attorney's fees; review caselaw re Lodestar calculation | 6.50 | $550.00 | $3,575.00 | | Excessive time | 75% | $2,681.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-6-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in briefing (132 cases cited in briefing); review original briefs | 4.75 | $550.00 | $2,612.50 | | Excessive time | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-6-19 | James | Paralegal | Correspondence with A. Russell re: fees motions; research of case law and statutes cited; preparation of the same for review of co-counsel | 2.75 | $175.00 | $481.25 | | Excessive time; redundant work | 75% | $360.94 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-6-19 | Russell | Partner | Coordinate with paralegals to pull cited cases from briefs; review collected cases and documents; e-mails with P. Hoeffner re: cases | 0.50 | $500.00 | $250.00 | | Redundant work; clerical work | 75% | $187.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-7-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in briefing (132 cases cited in briefing); review original briefs; discussion with MLabgold re attorney's fees motion; legal research re Judge Davila's attorney fee awards | 5.50 | $550.00 | $3,025.00 | | Excessive time; associate work | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-11-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in supplemental briefing; review supplemental briefs--opening brief, declaration, exhibits, opposition brief, reply brief; discussion with MLabgold re attorney's fees motion | 5.50 | $550.00 | $3,025.00 | | Excessive time | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-11-19 | MLabgold | Partner | Detailed review of cases and discussion with PHoeffner re same | 1.50 | $700.00 | $1,050.00 | | Redundant work; excessive time | 50% | $525.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-12-19 | Russell | Partner | Coordinate with P. Hoeffner re attending oral argument on fees motion | 0.25 | $500.00 | $125.00 | | Clerical work | 100% | $125.00 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 6-12-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in supplemental briefing; review supplemental briefs; discussion with MLabgold re attorney's fees motion | 5.75 | $550.00 | $3,162.50 | | Excessive time | 75% | $2,371.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-14-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in supplemental briefing (132 cases cited in briefing); review supplemental briefs; discussion with MLabgold re attorney's fees motion | 6.50 | $550.00 | $3,575.00 | | Excessive time | 75% | $2,681.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-14-19 | MLabgold | Partner | Follow up discussion with PHoeffner re best strategies | 1.50 | $700.00 | $1,050.00 | | Excessive time; redundant work; vague litigation strategy | 75% | $787.50 | ¥0.00 | In addition to the General Responses, Oki that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-17-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in briefing (132 cases cited in briefing); review briefs; review Logtale case decision; conference call with ARussell | 9.50 | $550.00 | $5,225.00 | | Excessive time | 85% | $4,441.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-17-19 | Hoeschen | Associate | Research re California cases awarding at least 7000 hours in fees; email A. Russell re same | 1.50 | $315.00 | $472.50 | | Excessive time; redundant work | 75% | $354.38 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-18-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; review caselaw in briefing (132 cases cited in briefing); review briefs | 10.25 | $550.00 | $5,637.50 | | Excessive time | 85% | $4,791.88 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-19-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; meeting with Andrew Russell to prepare. | 13.50 | $550.00 | $7,425.00 | | Excessive time | 85% | $6,311.25 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-19-19 | Hoeschen | Associate | Research re: contract cases awarding at least 7000 hours in fees | 2.20 | $315.00 | $693.00 | | Excessive time; redundant work | 75% | $519.75 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-19-19 | Russell | Partner | Review materials; prepare for oral argument; meet with P. Hoeffner re: oral argument; research re: oral argument; e-mails with N. Hoeschen re: research; review research from N. Hoeschen | 6.50 | $500.00 | $3,250.00 | | Redundant work; excessive time; assocaite work | 100% | $3,250.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-20-19 | James | Paralegal | Correspondence with A Russell re: deadlines set from hearing; updating calendar with court issued deadlines | 0.20 | $175.00 | $35.00 | | Clerical work | 75% | $26.25 | ¥0.00 | In addition to the General Responses, Oki asserts that as the "prevailing party" in the litigation, it is contractually entitled to all attorney's fees. Further, Plaintiffs' classification of "clerical work" is overbroad and inclusive of recoverable attorney's fees. |
| 6-20-19 | Hoeffner | Partner | Prepare for Hearing on motion for attorney's fees and cost; attend hearing on motion for attorney's fees and cost; discussion with MLabgold re Hearing | 3.75 | $550.00 | $2,062.50 | | Excessive time | 33% | $680.63 | ¥0.00 | In addition to the General Responses, Oki asserts these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-20-19 | Russell | Partner | Prepare for oral argument; meetings with P. Hoeffner re: oral argument; attend oral argument | 2.75 | $500.00 | $1,375.00 | | Redundant work; excessive time; assocaite work | 100% | $1,375.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-21-19 | MLabgold | Partner | Discussion with PHoeffner re hearing; email to client reporting the hearing results | 1.25 | $700.00 | $875.00 | | Redundant work; vague litigation purpose; excessive time | 75% | $656.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.   Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 6-24-19 | Hoeffner | Partner | Legal research re submissions of billing details to Court; prepare chart of legal services provided to Oki | 4.75 | $550.00 | $2,612.50 | | Excessive time; clerical work; associate work | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-24-19 | Russell | Partner | E-mails with P. Hoeffner re: invoices; coordinate with staff re: invoices | 0.50 | $500.00 | $250.00 | | Redundant work; clerical work; excessive time | 75% | $187.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 6-25-19 | Hoeffner | Partner | Legal research re submissions of billing details to Court; prepare chart of legal services provided to Oki | 6.00 | $550.00 | $3,300.00 | | Excessive time; clerical work; associate work | 75% | $2,475.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-26-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 7.00 | $550.00 | $3,850.00 | | Excessive time; clerical work; associate work | 75% | $2,887.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-27-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 5.25 | $550.00 | $2,887.50 | | Excessive time; clerical work; associate work | 75% | $2,165.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 6-28-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices; review transcript of oral Hearing | 4.50 | $550.00 | $2,475.00 | | Excessive time; clerical work; associate work | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-1-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 3.00 | $550.00 | $1,650.00 | | Excessive time; clerical work; associate work | 75% | $1,237.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-2-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices; discussion with MLabgold re descriptive chart | 4.50 | $550.00 | $2,475.00 | | Excessive time; clerical work; associate work | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-3-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 4.50 | $550.00 | $2,475.00 | | Excessive time; clerical work; associate work | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-4-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 3.25 | $550.00 | $1,787.50 | | Excessive time; clerical work; associate work | 75% | $1,340.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-7-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 4.00 | $550.00 | $2,200.00 | | Excessive time; clerical work; associate work | 75% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-8-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices; discussion with MLabgold re descriptive chart | 5.50 | $550.00 | $3,025.00 | | Excessive time; clerical work; associate work | 75% | $2,268.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-8-19 | MLabgold | Partner | Collect additional information for fees filing; discussion with PHoeffner re same | 1.75 | $700.00 | $1,225.00 | | Excessive time; clerical work; associate work | 75% | $918.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-9-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 5.75 | $550.00 | $3,162.50 | | Excessive time; clerical work; associate work | 75% | $2,371.88 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-10-19 | Hoeffner | Partner | Email correspondence fom opposing counsel; prepare chart of legal services provided to Oki; discussion with MLabgold re descriptive chart; parse through legal services invoices | 4.00 | $550.00 | $2,200.00 | | Excessive time; clerical work; associate work | 75% | $1,650.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-11-19 | Hoeffner | Partner | Email correspondence fom opposing counsel; prepare chart of legal services provided to Oki; parse through legal services invoices; prepare declaration of MLabgold; discussion with MLabgold re descriptive chart | 4.75 | $550.00 | $2,612.50 | | Excessive time; clerical work; associate work | 75% | $1,959.38 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-12-19 | Hoeffner | Partner | Email correspondence to opposing counsel; prepare chart of legal services provided to Oki; discussion with MLabgold re descriptive chart | 3.25 | $550.00 | $1,787.50 | | Excessive time; clerical work; associate work | 75% | $1,340.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-14-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices | 1.50 | $550.00 | $825.00 | | Excessive time; clerical work; associate work | 75% | $618.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-15-19 | Hoeffner | Partner | Prepare chart of legal services provided to Oki; parse through legal services invoices; discussion with MLabgold re descriptive chart | 1.25 | $550.00 | $687.50 | | Excessive time; clerical work; associate work | 75% | $515.63 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-15-19 | Russell | Partner | E-mails with P. Hoeffner re: status update, attorneys' fees documents; brief review of attorneys' fees documents | 0.25 | $500.00 | $125.00 | | Redundant work; clerical work | 66% | $82.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-16-19 | MLabgold | Partner | Review and edit draft declaration in support of summary table requested by J. Davila; review and edit draft summary table | 3.00 | $700.00 | $2,100.00 | | Excessive time; redundant work; associate work | 75% | $1,575.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Req. Amount (JPY) | Plaintiffs' Objection and Basis for Objection | Requested Reduction | Reduction (USD) | Reduction (JPY) | Specific Response to Plaintiffs' Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-17-19 | James | Paralegal | Correspondence and conference with A. Russell re: supplemental declaration of Marc Labgold and chart in support of attorney fees and expenses; review and finalize declaration, chart and exhibit; conference with A. Russell re: docketing and docket text; test files and prepare simulated docket entry for A. Russell review; submit Supplemental Declaration, Chart and exhibits; serve on opposing counsel; update case docket and case calendar | 1.50 | $175.00 | $262.50 | | Clerical work; excessive time | 50% | $131.25 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Further, the description sufficiently identifies the general subject matter of the time expenditure. |
| 7-17-19 | Hoeffner | Partner | Edit chart of legal services provided to Oki; prepare cover pleading; discussion with MLabgold re descriptive chart | 4.50 | $550.00 | $2,475.00 | | Excessive time; clerical work; associate work | 75% | $1,856.25 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-17-19 | Russell | Partner | Review and edit chart of attorney's fees, cover pleading, Labgold declaration; e-mails with M. Labgold, P. Hoeffner re: filings | 2.50 | $500.00 | $1,250.00 | | Excessive time; redundant work; associate work | 75% | $937.50 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks.  In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-19-19 | Hoeffner | Partner | Finalize descriptive chart, declaration of MLabgold and cover pleading; discussion with MLabgold re descriptive chart | 3.50 | $550.00 | $1,925.00 | | Excessive time; clerical work; associate work | 75% | $1,443.75 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 7-19-19 | Russell | Partner | Review and supervise filing of attorney's fees chart; e- mails with P. Hoeffner re: chart; discussions with M. Rigney re: filing chart, docket text | 1.00 | $500.00 | $500.00 | | Redundant work; excessive time; clerical work; associate work | 85% | $425.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence.  None of the work is clerical. |
| 7-22-19 | Hoeffner | Partner | Prepare status report; email correspondence with opposing counsel re status report; review transcript of oral hearing; review Order continuing status conference; discussion with MLabgold re descriptive chart | 2.00 | $550.00 | $1,100.00 | | Excessive time; associate work | 50% | $550.00 | ¥0.00 | In addition to the General Responses, Oki asserts it is customary and expected for a partner in a litigation to perform these described tasks. In addition, these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. |
| 7-22-19 | Russell | Partner | Review and supervise filing of status report; e- mails with M. Labgold, P. Hoeffner re: status report | 0.50 | $500.00 | $250.00 | | Redundant work; clerical work | 85% | $212.50 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. None of the work is clerical. |
| 12/4/2013 | Hirofumi Kato | Paralegal | Searching data: corresponding with US attorneys | 0.3 | ¥22,000 | | ¥6,600.00 | Vague litigation purpose | 50% | $0.00 | ¥3,300.00 | In addition to the General Responses, Oki asserts that providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| 5/9/2017 | MLabgold | Partner | Review pending motions for hearing; review local rules and standing orders | 4.75 | $700.00 | $3,325.00 | | Vague litigation purpose; excessive time | 100% | $3,325.00 | ¥0.00 | In addition to the General Responses, Oki asserts that these fees were actually billed to and paid by Oki Electric, which under the Lodestar analysis makes them presumptively reasonable. Plaintiffs have failed to point to the specific items challenged, with a sufficient argument and citations to the evidence. Providing the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. |
| | | | | | Total | $3,457,977.00 | ¥41,970,300.00 | | TOTAL REDUCTION | $1,813,051.01 | ¥28,613,836.00 | |