UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAVCOM TECHNOLOGY, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OKI ELECTRIC INDUSTRY CO, LTD,<br><br>Defendant. | Case No. 5:12-cv-04175-EJD<br><br>**ORDER RE ATTORNEYS' FEES** |

On September 5, 2019, the Court granted in part Defendant Oki Industry Co., Ltd.'s ("Defendant") motion for fees and costs and directed the parties to meet and confer regarding the amount. As a result of the meet and confer process, Plaintiffs no longer contest or request any reduction of Defendant's claim for $136,646.00 USD and ¥2,414,800 JPY fees as reflected in Exhibit GG filed on November 11, 2019. Dkt. No. 423-3. Defendant, however, seeks an additional $3,457,977.00 USD and ¥41,970,300 JPY in attorney fees as reflected in Exhibit FF. Dkt. No. 423-2. Plaintiffs assert several objections to a large portion of these additional fees and request that the fees in Exhibit FF be reduced by $1,813,051.01 USD and ¥28,613,836.00 JPY. Joint Statement at 1 (Dkt. No. 423). Having reviewed the Joint Statement and related Exhibits, the Court orders as follows.

**A.  Clerical Work**

Plaintiffs object to certain billing record entries as "clerical work" that could have been reasonably performed by a paralegal or other non-attorney. The Court overrules nearly all of these objections. Many of the so-called entries for clerical work describe attorney-level legal work such as research, review of documents, discussions of various legal issues, revisions to briefs, draft

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

1

motion, prepare declaration, finalize briefs for filing, review and organize recently filed documents, attend to joint case management statement, attend to document productions, and attention to billing issues.

Some of the entries describe work that could have been performed by a non-attorney such as update calendar, review and organize documents, file exhibits under seal, circulate correspondence, circulate filing notifications, update electronic file, create certificate of service, update case calendar reminder, attention to documents and create binders. The vast majority of this work, however, was performed by a paralegal at a lower hourly fee rate. No reductions are warranted.

Defendant had attorneys translate documents. It was not unreasonable for Defendant to have done so given the nature of this case. *See e.g. Gidding v. Anderson*, No. 07-4755 JSW, 2008 WL 5068524 (N.D. Cal. Nov. 24, 2008) (awarding translation costs because translations were reasonably necessary to the proper determination of the issues).

Paralegals billed at $150/hour to "[b]reak down war room; coordinate with vendors; break down Courtroom and attend jury verdict readings" (10.5 hours on 5/8/14 and 6.0 hours 5/9/14), and for "[t]rial; document preparation; break down war room/court room/break out rooms after trial conclusion; coordinate with vendors" (137.5 hours on 5/30/14). Plaintiffs contend that the "break down" could have been reasonably performed by a legal assistant or other professional at a lower rate, and accordingly request a 75% reduction of each of these billing entries. The Court agrees that this type of work could have been reasonably completed by an employee at a lower hourly rate. Plaintiffs' requested 75% reduction of these fees is appropriate.

B. **Associate Work**

Plaintiffs object to certain billing record entries as work that could have been performed by a less senior attorney. The Court overrules the objection. Although it may have been theoretically possible for a less senior attorney to perform certain tasks (i.e. legal research, document review, document summaries, initial drafts of discovery responses and briefs, search for record citations), the reality was that until the trial preparation and trial phases of this litigation, Defendant's

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

2

litigation team consisted of only two United States-based partners, Labgold and Hoeffner, and no associates. Defendant was entitled to its choice of counsel and, contrary to Plaintiffs' assertion, was not required to hire a law firm with associates. The Court finds the fees charged by partners Labgold and Hoeffner were reasonable.

### C. "Vague" Litigation Purpose

Plaintiffs object to certain entries because the "task described does not appear reasonably necessary to [Defendant's] legal defense." Joint Statement at 3. Plaintiffs point to the following examples of tasks they contend were not reasonably necessary to Defendant's defense: "review trial transcripts" (5/9/14); lengthy "meeting[s] with client" about unspecified topics (9/24/12); "review of files" (3/15/13); and "editing responses" to unspecified requests (9/7/13).

The Court agrees with Plaintiffs that many of Defendant's billing entries are too vague. Under Ninth Circuit law, "'counsel is not required to record in great detail how each minute of [their] time was expended'" as long as "the attorneys have satisfactorily 'identif[ied] the general subject matter of [the] time expenditures.'" *Pollinator Stewardship Council v. United States EPA*, No. 13-72346, 2017 U.S. App. LEXIS 13343, at *22 (9th Cir. June 27, 2017) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)). Each of the tasks identified above— reviewing transcripts, meeting with a client, reviewing files, and editing responses—are common litigation tasks for which Defendant is entitled to some compensation. The entries, however, fail to identify the general subject matter of the transcripts, meeting, files, and responses. The Ninth Circuit has instructed that when a fee applicant's documentation is inadequate, the district court is free to reduce an applicant's fee award. *Trustee of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000); *see also Robinson v. Open Top Sightseeing San Francisco, LLC*, No. 14-852 PJH, 2018 WL 2088392, at *4 (N.D. Cal. May 4, 2019) (reducing hours by 10% to account for vague entries); *Gilead Sciences, Inc. v. Merck & Co., Inc.*, No. 13-4057 BLF, 2017 WL 3007071, at *8 (N.D. Cal. July 14, 2017) (applying percentage reduction to vague entries); *Davis v. Prison Health Services*, No. 09-2629 SI, 2012 WL 4462520, at *12 (N.D. Cal. Sept. 25, 2012) (applying across-the-board 10% reduction for vague billing

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

3

records). Accordingly, this Court exercises its discretion to apply an across-the-board 10 percent reduction to vague entries as specified in section "J" of this Order.

**D.     "Excessive" Time**

Plaintiffs object to certain entries because "[t]he amount of time spent on the task does not appear reasonable for an attorney/professional at this billable rate." Joint Statement at 4. Plaintiffs also contend that certain entries are for work that could have reasonably been performed by fewer timekeepers. Plaintiffs give three examples of purportedly excessive billing by partners: (1) 99.50 hours to research and draft a reply brief in support of Defendant's motion for supplemental attorney fees (5/23/19 – 5/30/19); 11 hours for a single entry of "reviewing case files" (9/23/12); and more than 37.45 hours to draft a set of interrogatory responses (6/20/13 – 6/26/13).

"In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence." *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488 (2014) (*quoting Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008)). "General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Id*.

The Court is unpersuaded by the three examples above that Defendant billed excessive time. First, motions for attorney fees can be time consuming. It is reasonable in this case for Defendant to have spent nearly one hundred hours researching and drafting its reply brief given the scope and complexity of the case, the number of years the parties have been litigating, the number of team members, the volume of billing records, and the amount of fees at issue.

Second, Attorney T. Nagashima billed eleven hours for "reviewing the case files" during his first month working on the case. Although the contents of the case file are not specified in the billing records, it is reasonable to assume the case file included, at a minimum, the key documents that were e-filed from the inception of the case to the date of his review such as the notice of removal,

complaint, briefing for the motion to remand, clerk's notices, and briefing for the motion to dismiss. Eleven hours to review these materials is reasonable.

Third, Plaintiffs contend that it was excessive for Defendant to spend more than 37.45 hours to draft a set of interrogatory responses (6/20/13 – 6/26/13). Plaintiffs, however, do not explain why. The Court has no information about the number of interrogatories in the set, the type of information the interrogatories called for, or whether such information was readily available and incorporated into Defendant's responses. Therefore, the Court rejects Plaintiffs' argument as entirely conclusory.

### E. "Redundant Work"

Plaintiffs propose reductions where a single task was performed by multiple attorneys, asserting that the task should have reasonably been performed by fewer timekeepers. Plaintiffs point to the following examples of purported redundant work: two partners and one associate prepared the same witness for deposition (6/21/13 and 6/25/13); and partner T. Nagashima submitted flat-rate 10-hour time entries to attend every day of trial—in addition to the three U.S. attorneys who tried the case (4/21/14 – 5/8/14).

The Court rejects Plaintiffs' argument. None of these expenditures are unreasonable on their face, and it is entirely speculative on Plaintiffs' part to suggest that the tasks could have reasonably been performed by fewer timekeepers. It is not uncommon or unreasonable for a witness to require significant preparation for deposition. Nor is it uncommon or unreasonable for multiple attorneys to attend each day of trial.

### F. Block Billing

Plaintiffs object to certain entries as block billing. The objection is overruled. Block billing is not per se objectionable and may be acceptable if the descriptions are adequate. *See, e.g., Gilead Scis. v. Merck & Co*, 2017 WL 3007071, at *8. The Court previously instructed Defendant to avoid block billing *disparate or unrelated subject matters*. Order Granting In Part Motion For Award Of Fees And Costs; Directing Parties To Meet And Confer Re Amount; Continuing Status Conference at 5 (Dkt. No. 413). The vast majority of previously problematic block entries with

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

5

disparate or unrelated subject matters have been corrected to the Court's satisfaction, and the entries contain sufficient detail to identify the tasks accomplished.

### G. Transition Work

Plaintiffs object to certain entries because they constitute fees charged for the process of transferring the case from Latham & Watkins to other U.S. attorneys in March of 2013. For example, Plaintiffs object to Defendant's requested fees for "Attention to case transition" (3/28/13); "Attention to files in preparation for transfer to new counsel" (3/28/13); and "Discussion … re strategy and transferring case responsibilities" (3/21/13). Plaintiffs contend that fees for substituting counsel early in the case were not reasonably necessary to Defendant's legal defense.

The Court overrules the objection. It was not unreasonable for Defendant to make a change in counsel early in the case. Furthermore, at the time the transition was made, Defendant's former lead counsel was billing at $1,035 per hour—a rate significantly higher than the $700 and $550 hourly rates charged by Defendant's newly retained lead counsel. The potential savings in legal fees over the life of the litigation justifies the forty hours of transition work.

### H. Interest on Fees

Plaintiffs object to any award of "[f]ees for work related to [Defendant's] efforts to collect unrecoverable prejudgment interest on attorney fees." Joint Statement at 7. The objection is overruled. That Defendant did not prevail on the issue of prejudgment interest on attorney fees does not mean the attorney fees expended in pursuit of the issue are not recoverable. In the Ninth Circuit, a party may recoup fees even for "losing stages" of a case the party eventually wins. *See e.g. Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052-53 (9th Cir. 1991) ("If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim—even though she may have suffered some adverse rulings.").

### I. Exchange Rate For Yen to U.S. Dollars

The parties disagree on the exchange rate for converting the attorneys' fees invoiced in yen to U.S. dollars. Defendant contends that the exchange rate as of the date of each invoice should be applied. In contrast, Plaintiffs cite to *Linley Investments v. Jamgotchian*, No. LA cv 11-724 JAK,

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

6

2014 WL 12665812, at *4 (C.D. Cal. Apr. 16, 2014), aff'd, 670 F. App'x 627 (9th Cir. 2016) and argue that the Court should apply the exchange rate as of June 16, 2017—the day Defendant became the "prevailing party" for purposes of the attorney fee provision in the parties' contract.

In *Linley*, the underlying action arose under foreign law. The prevailing party to an arbitration proceeding in Ireland obtained an arbitration award in Euros. Thereafter, the prevailing party filed a petition in federal court to confirm the arbitration award in U.S. dollars. The *Linley* court recognized that there were two different rules that potentially applied "to determine the applicable exchange rate when converting an award of foreign currency into dollars": the "breach of day rule" and the "judgment day rule." *Id*. at *4. The *Linley* court ultimately applied the so-called "judgment day rule" and held that the final judgment "shall provide for an award in US dollars, based on the prevailing conversion rate as of the date the judgment is entered." *Id*. at *6.

Here, Defendant's entitlement to attorney's fees does not arise under foreign law. Rather, the parties entered into a contract with an attorney's fee provision. Dkt. No. 331-20. Section 22.0 of the contract specified that the contract and the parties' performance thereunder "shall be construed in accordance with and governed by the laws of the State of California." *Id*. The suit was litigated in California, not in a foreign jurisdiction. Therefore, neither the "breach of day rule" nor the "judgment day rule" stated in *Linley* are directly applicable here.

The Court agrees with Defendant that fees invoiced in yen should be converted to U.S. dollars using the exchange rate in effect as of the date of the invoice.

### J. Conclusion

The Court awards attorney's fees to Defendant as the prevailing party as reflected in Exhibit FF and GG, with the reductions indicated in the last column below:

| Date | Team Member | Title | Task/Description | Time | Rate | Req. Amount (USD) | Plaintiffs' Objection and Basis for Objection | Court Ordered Reduction |
|---|---|---|---|---|---|---|---|---|
| 5-8-14 | Rigney | Paralegal | Break down war room; coordinate with vendors; break down Courtroom and attend jury verdict readings | 10.50 | $150.00 | $1,575.00 | Clerical work; excessive time | 75% |
| 5-9-14 | Rigney | Paralegal | Break down war room; coordinate with vendors; break down Courtroom and attend | 6.00 | $150.00 | $900.00 | Clerical work; excessive time | 75% |

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

7

| Date | Name | Title | Description | Hours | Rate | Total | Reason | Reduction |
|---|---|---|---|---|---|---|---|---|
| | | | jury verdict readings | | | | | |
| 5-30-14 | Waiter | Paralegal | Trial; document preparation; break down war room/court room/break out rooms after trial conclusion; coordinate with vendors | 137.50 | $150.00 | $20,625.00 | Block billed; excessive time; clerical work; vague litigation purpose | 75% |
| 8-28-12 | Ladra | Partner | Attend to research issues | 1.10 | $995.00 | $1,094.50 | Vague litigation purpose; excessive time | 10% |
| 8-29-12 | Ladra | Partner | Attention to research issues | 0.80 | $995.00 | $796.00 | Vague litigation purpose; excessive time | 10% |
| 9-14-12 | Hirofumi Kato | Associate | Translating Japanese mails to English | 6.00 | ¥22,000 | ¥132,000.00 | Vague litigation purpose; clerical work | 10% |
| 9-16-12 | TNagashima | Partner | Reviewing documents sent from Oki | 1.10 | ¥50,000 | ¥55,000.00 | Vague litigation purpose | 10% |
| 9-17-12 | Hirofumi Kato | Associate | translating Japanese e-mails into English | 4.20 | ¥22,000 | ¥92,400.00 | Vague litigation purpose; clerical work | 10% |
| 9-19-12 | Kojiro Akashi | Associate | Meeting with Client | 2.20 | ¥30,000 | ¥66,000.00 | Excessive time; vague litigation purpose | 10% |
| 9-19-12 | TNagashima | Partner | Meeting with Client; reviewing documents received from Client | 3.90 | ¥50,000 | ¥195,000.00 | Excessive time; vague litigation purpose | 10% |
| 9-23-12 | TNagashima | Partner | Reviewing case files. | 11.00 | ¥50,000 | ¥550,000.00 | Vague litigation purpose; excessive time | 10% |
| 9-24-12 | Rawlinson | Partner | Prepare for and meet with client regarding Navcom case | 5.20 | $790.00 | $4,108.00 | Vague litigation purpose | 10% |
| 9-24-12 | TNagashima | Partner | Meeting with Client and US attorneys in SF | 10.00 | ¥50,000 | ¥500,000.00 | Vague litigation purpose; excessive time | 10% |
| 11-20-12 | Kojiro Akashi | Associate | Meeting with Client | 1.80 | $30,000 | ¥54,000.00 | Vague litigation purpose | 10% |
| 12-14-12 | Steve Bryan | Associate | Phone call with US attorney; emailing to Client summarizing the phone call | 0.90 | $35,000 | ¥31,500.00 | Vague litigation purpose | 10% |

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

| Date | Name | Title | Description | Hours | Rate | Total | Reason | Reduction |
|---|---|---|---|---|---|---|---|---|
| 12-21-12 | Kojiro Akashi | Associate | Meeting with Client | 2.50 | $30,000 | ¥75,000.00 | Vague litigation purpose | 10% |
| 12-21-12 | TNagashima | Partner | Meeting with Client | 2.60 | ¥50,000 | ¥130,000.00 | Vague litigation purpose | 10% |
| 12-26-12 | Kojiro Akashi | Associate | Meeting with Client | 1.80 | $30,000 | ¥54,000.00 | Vague litigation purpose | 10% |
| 12-26-12 | TNagashima | Partner | Meeting with Client | 1.50 | ¥50,000 | ¥75,000.00 | Vague litigation purpose | 10% |
| 1-17-13 | Steve Bryan | Associate | Meeting with Client; e-mail to US Attorneys | 3.00 | $35,000 | ¥105,000.00 | Vague litigation purpose | 10% |
| 1-17-13 | TNagashima | Partner | Meeting with Client; Correspondence with US Attorneys | 3.20 | ¥50,000 | ¥160,000.00 | Vague litigation purpose | 10% |
| 1-24-13 | TNagashima | Partner | Drafting e-mails to US attorneys | 0.80 | ¥50,000 | ¥40,000.00 | Vague litigation purpose | 10% |
| 3-11-13 | Kojiro Akashi | Associate | Meeting with Client | 1.60 | $30,000 | ¥48,000.00 | Vague litigation purpose | 10% |
| 3-14-13 | TNagashima | Partner | Telephone Conference with US attorneys re strategies | 0.50 | ¥50,000 | ¥25,000.00 | Vague litigation purpose; redundant work | 10% |
| 4-10-13 | Makman | Attorney | Telephone conference with M. Labgold. | 0.20 | $425.00 | $85.00 | Vague litigation purpose | 10% |
| 4-26-13 | Makman | Attorney | Telephone conference with M. Labgold. | 0.50 | $425.00 | $212.50 | Vague litigation purpose | 10% |
| 4-29-13 | TNagashima | Partner | Reviewing past correspondence | 1.00 | ¥50,000 | ¥50,000.00 | Vague litigation purpose; redundant work | 10% |
| 6-17-13 | Makman | Attorney | Review correspondence. | 0.10 | $425.00 | $42.50 | Vague litigation purpose | 10% |
| 6-18-13 | Makman | Attorney | Review correspondence, e-mail to counsel. | 0.30 | $425.00 | $127.50 | Vague litigation purpose | 10% |
| 6-20-13 | Yasutomo | Associate | Meeting with Client | 5.50 | $25,000 | ¥137,500.00 | Vague litigation purpose; excessive time | 10% |
| 7-24-13 | Yasutomo | Associate | Meeting with Client | 0.50 | $25,000 | ¥12,500.00 | Vague litigation purpose | 10% |

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES

9

| 7-26-13 | TNagashima | Partner | Reviewing email from US Counsel | 0.70 | ¥50,000 | ¥35,000.00 | Vague litigation purpose | 10% |
|---|---|---|---|---|---|---|---|---|
| 8-7-13 | Makman | Attorney | Review e-mail and respond. | 0.10 | $425.00 | $42.50 | Vague litigation purpose | 10% |
| 8-7-13 | TNagashima | Partner | Meeting with Client | 1.50 | ¥50,000 | ¥75,000.00 | Vague litigation purpose | 10% |
| 8-22-13 | Matz | Attorney | Teleconference regarding filing and review edits. | 0.30 | $370.00 | $111.00 | Vague litigation purpose | 10% |
| 10-28-13 | TNagashima | Partner | Telephone conference with Client | 0.80 | ¥50,000 | ¥40,000.00 | Vague litigation purpose | 10% |
| 11-4-13 | Hirofumi Kato | Paralegal | Searching documents; corresponding with US attorneys | 0.90 | ¥22,000 | ¥19,800.00 | Vague litigation purpose; redundant work | 10% |
| 11-5-13 | Hirofumi Kato | Paralegal | Searching documents; corresponding with US attorneys | 0.80 | ¥22,000 | ¥17,600.00 | Vague litigation purpose; redundant work | 10% |
| 11-11-13 | Hirofumi Kato | Paralegal | Corresponding with US attorneys | 0.80 | ¥22,000 | ¥17,600.00 | Vague litigation purpose | 10% |
| 2-28-14 | TNagashima | Partner | Meeting with Client | 0.50 | ¥50,000 | ¥25,000.00 | Vague litigation purpose | 10% |
| 3-27-14 | TNagashima | Partner | Meeting with Client | 2.00 | ¥50,000 | ¥100,000.00 | Vague litigation purpose | 10% |

**IT IS SO ORDERED.**

Dated: January 7, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-04175-EJD
ORDER RE ATTORNEYS' FEES